ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-18-00258-EJD |
| Plaintiff, | ) |
| | ) UNITED STATES' *EX PARTE* MOTION FOR |
| | ) ALTERNATIVE VICTIM NOTIFICATION |
| v. | ) PURSUANT TO 18 U.S.C. § 3771(d)(2) |
| | ) |
| ELIZABETH HOLMES and | ) |
| RAMESH "SUNNY" BALWANI, | ) |
| Defendants. | ) |

The United States hereby moves this Court *ex parte* for authorization, pursuant to 18 U.S.C. § 3771(d)(2), to employ the Justice Department's website for large cases in order to provide notice to the large number of potential victims in this case, which as described below, makes it impracticable to accord in an individualized manner all of the crime victims the rights described in § 3771(a).

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings.[1]  Among these rights is the right to "reasonable,

---

[1] This motion addresses the rights of the defendants' potential victims. On August 1, 2018, defense counsel for each defendant stated to the undersigned Government counsel that the defendant takes no position at this time regarding the use of the Justice Department's website for victim notification purposes.

*EX PARTE MOTION FOR ALTERNATIVE VICTIM NOTIFICATION*
CR-18-00258 EJD

accurate, and timely notice" of public court proceedings.  18 U.S.C. § 3771(a).  The Act requires that "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in [§ 3771(a)]," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b).  The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e).  Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings.  Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures that a Court may fashion other than the requirements that the procedures be reasonable to effectuate the Act and that the procedures not unduly complicate or prolong the proceedings.  *Id.*

In this case, the Indictment charges two defendants with a number of offenses related to the business of Theranos, Inc.  As described in the Indictment, alleged victims include both Theranos investors and also doctors and patients who used Theranos's services.  The United States submits that this case falls within the "multiple crime victims" provision of § 3771(d)(2).  As described in Paragraphs 14 through 18 of the Indictment, the government alleges that the defendants defrauded users of Theranos's blood testing services.  This pool of potential victims includes many thousands of individuals in more than one locale.  There is thus a large number of potential victims.  Neither the United States nor the Court has the resources to identify all the victims in this case and to accord them in an individualized manner the notice and the rights described in § 3771(a).

Therefore, the United States intends to use the Justice Department's website for large cases, *i.e.*, https://www.justice.gov/largecases, to provide information through a Justice Department case-specific website to individuals who are victims or who believe they may be victims.  The case-specific website

will also contain the notices required under the Act and provide potential victims the opportunity to complete a victim impact statement in order to relay information about how they were victimized, thereby putting the United States in a better position to communicate directly and individually with potential victims.

Based on the foregoing, the United States respectfully requests that the Court grant the motion for alternative victim notification procedures pursuant to 18 U.S.C. § 3771(a)(2)

DATED: August 3, 2018                     Respectfully submitted,

ALEX G. TSE
Acting United States Attorney


/s/
JEFF SCHENK
Assistant United States Attorney

*EX PARTE MOTION FOR ALTERNATIVE VICTIM NOTIFICATION*
CR-18-00258 EJD