JEFFREY B. COOPERSMITH (CA State Bar No. 252819)
KELLY M. GORTON (CA State Bar No. 300978)
BENJAMIN J. BYER (Admitted *Pro Hac Vice*)
AMANDA MCDOWELL (Admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500 │ Facsimile: (415) 276-6599
Email: jeffcoopersmith@dwt.com; kellygorton@dwt.com
       benbyer@dwt.com; amandamcdowell@dwt.com

Attorneys for Defendant RAMESH BALWANI

JOHN D. CLINE (CA State Bar No. 237759)
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

LANCE A. WADE (Admitted *Pro Hac Vice*)
KEVIN M. DOWNEY (Admitted *Pro Hac Vice*)
MICHELLE CHEN (Admitted *Pro Hac Vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: LWade@wc.com; KDowney@wc.com; MChen@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH A. HOLMES and RAMESH "SUNNY" BALWANI,<br><br>Defendants. | Case No. CR-18-00258-EJD<br><br>**MOTION FOR ORDER DIRECTING THE GOVERNMENT TO CEASE AND DESIST POST-INDICTMENT USE OF THE GRAND JURY PROCESS TO OBTAIN DISCOVERY**<br><br>Date: October 1, 2018<br>Time: 1:30 p.m.<br>CTRM.: 4, 5th Floor<br><br>Hon. Edward J. Davila |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 1, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 4, located at the San Jose Courthouse, 280 South First Street, San Jose, CA 95113, Defendants Ramesh Balwani and Elizabeth Holmes will move this Court for an order directing the government to cease and desist its post-indictment use of the grand jury process to obtain discovery.

Defendants bring this Motion pursuant to Criminal Local Rules 12-1 and 47-1.  The Motion is based on this Notice, Memorandum of Points and Authorities, the Declaration of Jeffrey Coopersmith, the record in this case, oral argument as permitted by the Court, and any other matters that the Court deems appropriate.

DATED: September 7, 2018

DAVIS WRIGHT TREMAINE LLP

By:  */s/ Jeffrey B. Coopersmith*
     Jeffrey B. Coopersmith

Attorney for Defendant
RAMESH BALWANI

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Ramesh Balwani and Elizabeth Holmes move this Court for an order directing the government to cease and desist its post-indictment use of the grand jury to obtain discovery in this case.

Three months after an indictment was returned in this matter, the government is currently seeking to enforce a broad grand jury subpoena (the "Subpoena") issued to Theranos, Inc. ("Theranos") on September 6, 2017, and to cause the production of hundreds of thousands—if not millions—of pages of documents. The indictment in this case was returned on June 14, 2018, and a superseding indictment was returned on September 6, 2018—exactly a year after the Subpoena was issued. The timing, nature, and circumstances of the Subpoena demonstrate that it is being used for purposes of pretrial discovery not permitted by the Federal Rules of Criminal Procedure.

To make any ruling that the Court issues effective, Defendants request that the Court stay compliance with the Subpoena until this motion is decided.

### I.   FACTUAL BACKGROUND

On September 6, 2017, the government caused the grand jury to issue the Subpoena to Theranos. Declaration of Jeffrey Coopersmith ("Coopersmith Decl.") at Ex. A. The Subpoena, calls for exceedingly broad ("All documents regarding the financial health . . . of Theranos"), vague ("All documents regarding Theranos device capabilities . . ."), and argumentative ("All documents regarding fraud . . .") categories of documents maintained over a period of more than 15 years that are not likely to produce information relevant to any second superseding indictment to the extent that is even contemplated. *Id.* The Subpoena had a return date a month later, in October 2017. *Id.* If enforced at this late, post-indictment date, the Subpoena would call for the production of at least hundreds of thousands of pages (if not millions of pages) of additional documents. *Id.* at ¶ 6.

On June 14, 2018, a grand jury sitting in this district returned an indictment against defendants Elizabeth Holmes and Ramesh Balwani. Dkt.1. The indictment charged Ms. Holmes and Mr. Balwani each with two counts of conspiracy to commit wire fraud, in violation of

3

DAVIS WRIGHT TREMAINE LLP

18 U.S.C. § 1349, and nine counts of wire fraud, in violation of 18 U.S.C. § 1342.  *Id.*  The indictment, which relates to topics reflected in the Subpoena's document requests, alleges that Ms. Holmes and Mr. Balwani defrauded investors by making false and misleading statements regarding the capabilities of Theranos's technology, its revenues and revenue forecasts, and its use of third party, commercially available analyzers.  *Id.* at ¶¶ 11-13.  The indictment also alleges that the Defendants defrauded doctors and patients through fraudulent claims about the company's blood tests.  *Id.* at ¶¶ 14-18.  The superseding indictment is nearly identical, as it only adds a reference to an additional investor in Count 4.  Dkt. 39.

Since the original indictment was returned in June 2018, the United States Attorney's Office has been in contact with Theranos seeking voluminous additional documents that fall within the scope of the pre-indictment grand jury Subpoena issued in September 2017.[1]  Coopersmith Decl. at Ex. B.  Defendants understand that Theranos, in response to the government's demands, has recently made arrangements to produce hundreds of thousands of documents in addition to those produced prior to the indictment, most without reviewing them.  *Id.* at ¶ 6.  In effect, the government is seizing many documents in Theranos's possession to have and review as the case proceeds.  A large number of the documents are covered by the company's attorney client privilege, and it is likely that the voluminous material includes documents covered by privileges belonging to the defendants as well.  *Id.* at ¶ 6 & Ex. B.  Theranos has recently announced its plans to dissolve,[2] and Theranos lacks the resources to review the documents to protect material that is privileged, or even to review the documents to ensure that they do not contain documents protected by joint defense or common interest privileges belonging to the defendants.  *Id.* at ¶ 6 & Ex. D.  The government apparently has no plans to form a "taint-team" to screen privileged materials from the government's trial team.  *Id.* at ¶ 6.

---

[1] It is not clear whether the grand jury that issued the September 2017 subpoena is still empaneled or whether it is a different grand jury that returned the indictments in this matter.

[2] https://www.wsj.com/articles/blood-testing-firm-theranos-to-dissolve-1536115130.

DAVIS WRIGHT TREMAINE LLP

On August 31, 2018, counsel for Mr. Balwani wrote a letter to the United States Attorney's Office to request the government "cease its post-indictment subpoena enforcement efforts." *Id.* at Ex. B.  The letter stated, in part:

> Here, we understand that the grand jury subpoena was issued in 2017, long before the grand jury returned an indictment of Ms. Holmes and Mr. Balwani.  Accordingly, by definition any further production pursuant to the subpoena is not tied to the functions of the grand jury—to indict or return a no-bill. The document requests in the subpoena of which we are aware are broad, strongly suggesting that the subpoena is not tied to any plan to supersede the indictment.

*Id.*  In an email to Theranos's counsel on September 1, the government informed Theranos that it would continue its enforcement efforts relating to the pre-indictment grand jury Subpoena and was "conscious of the fact that the company's dwindling resources leave us with limited time." *Id.* at Ex. C.  The government has declined to forego production under the Subpoena until the Court could rule on this dispute.  *Id.* at ¶ 6.

On September 6, 2018—exactly a year after the government issued the Subpoena—the grand jury returned a superseding indictment in this case, adding only a reference to an additional investor in Count 4.  *See* Dkt. 39.  Undersigned counsel has communicated with counsel for the government on numerous occasions over the last several months.  Government counsel did not mention the potential for a superseding indictment prior to its receipt of the August 31, 2018 letter objecting to the government's misuse of the grand jury.  *Id.* at ¶ 8.

## II.   ARGUMENT

"Grand juries are not licensed to engage in arbitrary fishing expeditions."  *United States v. R. Enters., Inc.*, 498 U.S. 292, 299 (1991).  While the grand jury may be used after indictment if the investigation is related to a superseding indictment, it is also well-established that "the government should not use the grand jury for the sole purpose of pretrial discovery in cases in which an indictment has already been returned."  *United States v. Star*, 470 F.2d 1214, 1217 (9th Cir. 1972); *In re Grand Jury Proceedings*, 1990 WL 116870, at *2 (9th Cir. 1990) (grand jury subpoena cannot be used "to conduct discovery or to prepare the pending indicted cases for trial"); *In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels)*, 767 F.2d 26, 29 (2d Cir. 1985) ("The law is settled in this circuit and elsewhere that it is improper to utilize a

DAVIS WRIGHT TREMAINE LLP

1  Grand Jury for the sole or dominating purpose of preparing an already pending indictment for
2  trial."). As the United States Attorney's Manual instructs, "[t]he grand jury's power . . . is
3  limited by its function toward possible return of an indictment." *See* U.S.A.M. § 9-11.120
4  (citing *Costello v. United States*, 350 U.S. 359, 362 (1956)). Moreover, "[c]ourts have general
5  supervisory powers over the grand jury to prevent or correct abuse of its process." *In re Grand*
6  *Jury Proceedings*, 632 F.2d 1033, 1040 (3d Cir. 1980).

7  Because Defendants have standing to challenge the Subpoena, and because the timing
8  and circumstances of the Subpoena show that any documents produced at this stage of the
9  proceeding would be used predominately for pretrial discovery, the Court should direct the
10 government to cease and desist use of the grand jury process to obtain documents under the
11 Subpoena.

12 **A.   Defendants Have Standing to Challenge the Subpoena.**

13 Defendants have standing to challenge a grand jury subpoena issued to a third-party on
14 the grounds that the grand jury subpoena is being used "for the sole or dominating purpose of
15 preparing an already pending indictment for trial." *See Simels*, 767 F.2d at 29-30. For example,
16 the Second Circuit in *Simels* found that the defendant's motion to quash a grand jury subpoena
17 issued to a third-party should be granted because the post-indictment subpoena was an "abuse of
18 the grand jury process." *Id.* Other courts have similarly found that "the case for letting . . . a
19 victim of grand jury abuse be heard is stronger, rather than weaker" than many other cases where
20 courts routinely accept "third party standing." *In re Grand Jury*, 619 F.2d 1022, 1026-27 (3d
21 Cir. 1980); *see also In re Grand Jury Subpoena, No. 16-03-217*, 875 F.3d 1179, 1183 n.2 (9th
22 Cir. 2017) (website user had third-party standing to challenge grand jury subpoena). Further,
23 because the voluminous Theranos material sought by the government could contain documents
24 covered by joint defense or common interest privileges belonging to Defendants, it is crucial for
25 Defendants to be able to challenge the government's post-indictment use of the grand jury
26 process.

27 Moreover, the voluminous documents Theranos would produce pursuant to the Subpoena
28 likely include documents protected from disclosure by joint attorney-client privileges and/or

6

common interest/joint defense privileges that belong to the Defendants.  Coopersmith Decl. ¶ 6.  Theranos has tried to erect mechanical "filters" to address certain privilege concerns.  However, we do not believe those filters could adequately protect against disclosure of material covered by Defendants' privileges.  *See id.*  Compliance with the Subpoena would therefore result not only in misuse of the grand jury process but also could result in the government's invasion of the Defendants' privileges.

**B.     The Post-Indictment Enforcement of the Grand Jury Subpoena Is Not Within the Scope of the Grand Jury's Investigative Powers.**

The timing and circumstances of the Subpoena demonstrate that any documents produced in response to the Subpoena would now be used predominately for "pretrial discovery."  *Star*, 470 F.2d 1 at 1217 (finding that government offered "no other justification" for the grand jury subpoena other than for "pretrial discovery").

The grand jury Subpoena does not relate to any superseding indictment—which has already been returned in this case.  The grand jury Subpoena was issued to Theranos in September 2017—almost nine months before the indictment and exactly a year before the superseding indictment.  Coopersmith Decl. at Ex. A.  The Subpoena requested a broad array of documents that are within the same subject matter as the indictment and superseding indictment.  *Id.*  Mr. Balwani's counsel challenged the government's post-indictment efforts to obtain material pursuant to the Subpoena in an August 31, 2018 letter, and a superseding indictment was returned within the week—showing definitively that the documents in the Subpoena were not needed for, or related to, the superseding indictment.  *Id.* at Ex. B.

Theranos has announced it will dissolve, and the government therefore appears to be eager to obtain possession of the documents in the event that it decides later that some material among them is relevant in response to the defenses offered in this matter.  This purpose smacks of a desire to obtain pretrial discovery using the grand jury process, or perhaps simply to storehouse documents that could conceivably be needed later, not to obtain the materials as part of an ongoing investigation.  Undersigned counsel understands that Theranos offered to place the documents on a hard drive that would remain in the possession of its counsel, WilmerHale, in the

7

MOTION FOR CEASE AND DESIST ORDER
Case No. CR-18-00258 EJD
4844-5742-7569v.7 0103509-000002

event that those materials might become properly discoverable in the future. *Id.* at ¶ 7. The government has demanded to take possession of the documents, but it should not be permitted to do so based on a grand jury subpoena unrelated to any genuine investigative purpose.

The extremely broad and vague document requests in the Subpoena further demonstrate that post-indictment use of the Subpoena is not consistent with the purpose and function of the grand jury. *Id.* at Ex. A. Based on its September 1 email, *id.* at Ex. C, the government's theory seems to be that it can continue to use the grand jury subpoena process, regardless of whether the requests in the Subpoena relate to a contemplated superseding indictment, so long as the government can say that it did not have every scrap of information relevant to the case prior to obtaining an indictment and superseding indictment. If this were the law, there would be no limit to the government's ability to use the grand jury process after indictment, because the government could always claim that it is entitled to use the grand jury process just in case it might find something useful with which it might seek a superseding indictment (or in this case, a second superseding indictment).

In its September 1 email, *id.*, the government cites to cases that articulate the principle that "the duties of the grand jury are not performed until every clue and all witnesses are examined in order to charge the proper person with the appropriate crime." *In re Grand Jury Proceedings*, 586 F.2d 724, 725 (9th Cir. 1978). But this rule does not change the well-established rule that the government may not use the grand jury process to prepare for trial, and the cases cited by the government acknowledge as such. Coopersmith Decl. at Ex. C (cases cited by government); *see In re Grand Jury Proceedings*, 586 F.2d at 725 ("[I]t may be improper to call a grand jury witness solely to prepare a previously-indicted case for trial . . . ."); *In re Grand Jury Proceedings*, 632 F.2d at 1041 ("It is a firmly entrenched rule that once a defendant has been indicted, a prosecutor may not use a grand jury's investigative powers for the purpose of securing additional evidence against the defendant for use in the upcoming trial.").

In *Simels*, the court reversed a district court's denial of a motion to quash issued a few weeks after the return of a superseding indictment. 767 F.2d at 29-30. There, the Second Circuit considered the "timing of the subpoena" and found that the circumstances surrounding the

subpoena suggested that the grand jury process was being used to prepare the "pending indictment for trial." *Id.* In reversing, the Second Circuit also recognized that the rule barring the misuse of the grand jury process "is difficult . . . to enforce" but if the rule "is to have any meaning" then a grand jury subpoena "must be quashed" when it is being used predominately for trial preparation. *Id.* Similarly, upon consideration of a motion to suppress evidence, the court in *United States v. Jeter*, found that the government's "post-indictment acceptance of property targeted by the pre-indictment subpoena" was "improper," as the "sole or dominant purpose" of the enforcement of the pre-indictment subpoena was to obtain "evidence against [the defendant] for use in the criminal proceeding against him." *United States v. Jeter*, 2015 WL 114118, at *2-3 (D. Md. Jan. 7, 2015).

The government was well able to insist on full compliance with the Subpoena on the terms that it now demands for nine months prior to indictment. It did not. Now, with Theranos out of resources, the government seeks to force compliance in a manner that will grant it ongoing access to what may be the entirety of the electronic documents in Theranos's possession. The Court should not countenance this misuse of a grand jury subpoena.

### III.   CONCLUSION

Defendants acknowledge that the grand jury's investigative powers are broad, but they are not unlimited. The grand jury power is not so broad that it would allow the government to continue to use the grand jury process until it can absolutely rule out any need to supersede, because otherwise there would be no limitation. Accordingly, the Court should order the government to cease and desist its post-indictment Subpoena enforcement efforts, especially now that the government has filed a superseding indictment, to prevent use of the grand jury process predominately for pretrial discovery and to prepare the already-indicted case for trial.

DATED: September 7, 2018                              Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  */s/ Jeffrey B. Coopersmith*
     Jeffrey B. Coopersmith

Attorneys for Defendant
RAMESH BALWANI

WILLIAMS &CONNOLLY LLP

By:  */s/ Kevin M. Downey*
     Kevin M. Downey

Attorneys for Defendant
ELIZABETH A. HOLMES