JOHN D. CLINE (CA State Bar No. 237759)
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
SEEMA MITTAL ROPER (Admitted Pro Hac Vice)
MICHELLE CHEN (Admitted Pro Hac Vice)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; SMRoper@wc.com; MChen@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **JOINT STATUS MEMORANDUM** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | |

The parties in the above-captioned matter hereby file this joint status memorandum proposing a briefing schedule for Defendant Elizabeth Holmes' pending Motion To Compel Production of Rule 16 Discovery and Brady Materials, ECF No. 67 (the "Motion").

**I.     The Motion and the Status Hearing.**

On February 5, 2019, Ms. Holmes requested from the government documents maintained by certain regulatory and law enforcement agencies that are the subject of the Motion. ECF No. 67 at 7-8.

1  The government declined to produce the documents, stating that it had already produced all documents it
2  had obtained from these agencies and that any additional documents that might be held by those
3  agencies were not in the government's possession, custody, or control.  *Id.*  The parties attempted to
4  resolve the issue in the following weeks, including through correspondence and two telephonic
5  conferences.  *Id.*  The government maintains its position that it does not have possession, custody, or
6  control over the requested documents.  *Id.*  Ms. Holmes maintains that the government's position
7  contravenes Ninth Circuit law regarding its discovery obligations.

8  Notwithstanding its position that Ms. Holmes is not entitled to the documents, the government
9  offered to voluntarily request them from the relevant agencies, but at the same time relayed information
10 from the agencies indicating that there was no guarantee all requested documents would be produced.
11 *Id.*  That information—conveyed during an April 5 conference—prompted Ms. Holmes to file the
12 Motion seeking a court order compelling the government to obtain and produce the requested agency
13 documents under Federal Rule of Criminal Procedure 16 and pursuant to the government's *Brady*
14 obligations.  *Id.*

15 The parties and the Court discussed the Motion at the April 22, 2019 status conference in this
16 matter.  The government there stated that it would seek to have "additional conversations with agency
17 counsel to see whether there's some middle ground, some ability to compromise."  4/22/19 Hr'g Tr. at 7.
18 The defense agreed that the government should pursue these conversations, with hope that the agencies
19 (and the government) would reconsider their earlier positions now that there was a pending motion to
20 compel.  *See id.*  The parties further agreed that they would file a joint status memorandum regarding the
21 Motion to inform the Court about the status of the discussions with the agencies and among the parties,
22 and, if no agreement had been reached by that time, to propose a briefing schedule for the Motion.

23 **II.    The Status of the Government's Discussions with the Relevant Agencies**

24 The government has engaged in several additional discussions with the relevant agencies since
25 the April status conference, and believes that those discussions have been informative and productive.
26 Specifically, the government has had further conversations with counsel at the Food and Drug
27 Administration, the Center for Medicare and Medicate Services, and the Securities and Exchange
28 Commission.  The government has not had similar conversations with California Department of Public

Health. Those discussions culminated in the government submitting formal document requests to the FDA and CMS encompassing the categories of documents sought by the defense. The requests were submitted to the agencies on May 9, 2019. The government is informed that the agencies have received those requests and are preparing their responses. The agencies have not indicated when those responses will be transmitted. The government has responded separately to the defense regarding the SEC's position on the defense's request for attorney notes.

The defense believes that it is appropriate at this time to set a briefing schedule for the Motion, and the government does not object.

### III. Proposed Briefing Schedule

The parties agree that the Court should hear argument on the motion during the July 1, 2019 status conference scheduled in this matter. Accordingly, they propose the following briefing schedule:

| | |
|---|---|
| Government's Opposition: | June 12, 2019 |
| Defendant's Reply: | June 24, 2019 |
| Argument: | July 1, 2019 |

DATED: May 24, 2019

Respectfully submitted,

ADAM A. REEVES,
Attorney for the United States

/s/
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
Assistant United States Attorneys

DATED: May 24, 2019

/s/
KEVIN DOWNEY
LANCE WADE
Attorneys for Elizabeth Holmes

DATED: May 24, 2019

/s/
JEFF COOPERSMITH
STEPHEN A. CAZARES
Attorneys for Ramesh "Sunny" Balwani

3

4847-6678-1336V.1 0103509-000002