```
 1                  UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4

 5    UNITED STATES OF AMERICA,      )   CR-18-00258-EJD &
                                     )   CV-18-01603-EJD
 6                   PLAINTIFF,      )
                                     )
 7              VS.                  )   SAN JOSE, CALIFORNIA
                                     )
 8    ELIZABETH A. HOLMES AND RAMESH )   JUNE 28, 2019
      SUNNY BALWANI,                 )
 9                                   )   PAGES 1 - 71
                     DEFENDANTS.     )
10    _____)
                                     )
11    SECURITIES AND EXCHANGE        )
      COMMISSION,                    )
12                                   )
                     PLAINTIFF,      )
13                                   )
                VS.                  )
14                                   )
      RAMESH SUNNY BALWANI,          )
15                                   )
                     DEFENDANT.      )
16    _____)
```

                          TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE EDWARD J. DAVILA
                       UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:    UNITED STATES ATTORNEY'S OFFICE
                      BY:  JOHN BOSTIC
                           ROBERT LEACH
                           JEFFREY SCHENK
                      150 ALMADEN BOULEVARD, SUITE 900
                      SAN JOSE, CALIFORNIA 95113
          (APPEARANCES CONTINUED ON THE NEXT PAGE.)
OFFICIAL COURT REPORTER:
                      IRENE L. RODRIGUEZ, CSR, RMR, CRR
                      CERTIFICATE NUMBER 8074

      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
         TRANSCRIPT PRODUCED WITH COMPUTER

```
1     A P P E A R A N C E S: (CONT'D)

2

3     FOR DEFENDANT HOLMES:   WILLIAMS & CONNOLLY LLP
                              BY:  KEVIN M. DOWNEY
4                                  LANCE WADE
                              725 TWELFTH STREET, N.W.
5                             WASHINGTON, D.C. 20005

6                             LAW OFFICE OF JOHN D. CLINE
                              BY:  JOHN D. CLINE
7                             ONE EMBARCADERO CENTER, SUITE 500
                              SAN FRANCISCO, CALIFORNIA 94111
8
      FOR DEFENDANT BALWANI:  DAVIS, WRIGHT & TREMAINE LLP
9                             BY:  STEPHEN CAZARES
                              505 MONTGOMERY STREET, SUITE 800
10                            SAN FRANCISCO, CALIFORNIA 94111

11                            CORR CRONIN LLP
                              BY:  STEVEN FOGG
12                            1001 FOURTH AVENUE, SUITE 3900
                              SEATTLE, WASHINGTON 98154
13
      FOR THE S.E.C.:         UNITED STATES SECURITIES AND EXCHANGE
14                            COMMISSION
                              BY:  SUSAN F. LAMARCA
15                                 MARC D. KATZ
                              44 MONTGOMERY STREET, SUITE 2600
16                            SAN FRANCISCO, CALIFORNIA 94104

17

18

19

20

21

22

23

24

25
```

```
            1    SAN JOSE, CALIFORNIA                    JUNE 28, 2019

            2                  P R O C E E D I N G S

10:05AM     3         (COURT CONVENED AT 10:05 A.M.)

10:05AM     4         (COURT CONVENED AT 10:05 A.M.)

10:05AM     5              THE COURT:  THIS IS 18-258, UNITED STATES VERSUS

10:05AM     6    ELIZABETH HOLMES AND UNITED STATES VERSUS RAMESH SUNNY BALWANI.

10:05AM     7         THERE'S A COMPANION CASE 18-1603 WHICH IS THE S.E.C. CASE,

10:06AM     8    AND WE'LL TURN TO THAT IN JUST A MOMENT.

10:06AM     9         MAY I HAVE THE APPEARANCES, PLEASE.

10:06AM    10              MR. BOSTIC:  GOOD MORNING, YOUR HONOR.  JOHN BOSTIC,

10:06AM    11    JEFF SCHENK, AND BOB LEACH FOR THE UNITED STATES.

10:06AM    12              THE COURT:  THANK YOU.  GOOD MORNING.

10:06AM    13              MR. DOWNEY:  GOOD MORNING, YOUR HONOR.  KEVIN DOWNEY

10:06AM    14    FROM WILLIAMS & CONNOLLY FOR MS. HOLMES AND WITH ME ARE

10:06AM    15    PARTNER, LANCE WADE, AND OUR CO-COUNSEL, JOHN CLINE.

10:06AM    16              THE COURT:  THANK YOU.  GOOD MORNING.

10:06AM    17              MR. CAZARES:  GOOD MORNING, YOUR HONOR.

10:06AM    18    STEPHEN CAZARES FOR MR. BALWANI.  WITH ME IS MR. STEVEN FOGG

10:06AM    19    WHO ALSO REPRESENTS MR. BALWANI.

10:06AM    20              THE COURT:  THANK YOU.  GOOD MORNING.

10:06AM    21         LET ME JUST THANK COUNSEL FOR -- WE DID RESCHEDULE THIS TO

10:06AM    22    THIS MORNING FROM -- I ADVANCED IT FROM MONDAY, AND LET ME

10:06AM    23    THANK YOU FOR THAT COURTESY.

10:06AM    24         WELL, TODAY WE HAVE A MOTION TO COMPEL REGARDING DISCOVERY

10:06AM    25    MATTERS.  WE HAD SOME DISCUSSIONS ABOUT DISCOVERY WHEN WE WERE
```

10:06AM  1    LAST IN COURT AND THERE WAS SOME REPRESENTATIONS MADE.

10:06AM  2        I SUPPOSE -- LET ME INDICATE WHAT I HAVE REVIEWED HERE.  I

10:06AM  3    HAVE REVIEWED YOUR PLEADINGS IN THIS CASE WHICH INCLUDE

10:07AM  4    DOCUMENT 67, WHICH IS THE MOTION TO COMPEL; DOCUMENT 79, WHICH

10:07AM  5    IS THE GOVERNMENT'S OPPOSITION; DOCUMENT 81, WHICH IS THE

10:07AM  6    REPLY, DEFENSE REPLY, AND ALL OF THE ATTACHMENTS THERETO;

10:07AM  7    DOCUMENT 82 IS MR. BALWANI'S REPLY; DOCUMENT 81-1 IS THE

10:07AM  8    DECLARATION OF MR. WADE IN FURTHER SUPPORT OF THE MOTION TO

10:07AM  9    COMPEL.

10:07AM  10       I'VE LOOKED ALSO AT THE JOINDER FILED BY MR. BALWANI AND

10:07AM  11   THAT WAS DOCUMENT 68; AND DOCUMENT 88, FINALLY, IS THE JOINT

10:07AM  12   SUPPLEMENTAL CASE MANAGEMENT STATEMENT; AND DOCUMENT 80 IS THE

10:07AM  13   JOINT STATEMENT.

10:07AM  14       HAVE I LEFT ANYTHING OUT THAT EITHER PARTY WANTS TO DRAW

10:07AM  15   MY ATTENTION TO?

10:07AM  16           MR. BOSTIC:  NO, YOUR HONOR, NOT FOR THE GOVERNMENT.

10:07AM  17   THANK YOU VERY MUCH.

10:07AM  18           THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

10:08AM  19       WELL, WHY DON'T I GET AN UPDATE, IF I MAY AS TO -- PARDON

10:08AM  20   ME.  BEFORE WE DO THAT, I DO WANT TO DO ONE THING.  I'D LIKE TO

10:08AM  21   SET THE CASE FOR TRIAL.  SO WHY DON'T WE GET OUR CALENDARS OUT

10:08AM  22   AND LET'S LOOK AND SEE WHAT WOULD BE APPROPRIATE FOR THAT.

10:08AM  23       I DID READ IN YOUR STATEMENTS THAT YOU'RE SUGGESTING

10:08AM  24   SEPTEMBER OF NEXT YEAR AS A DATE FOR TRIAL.  I APPRECIATE THAT

10:08AM  25   OFFER.

10:08AM  1      I'M GOING TO SUGGEST SOMETHING DIFFERENT.  THE THOUGHT

10:08AM  2   OCCURS TO ME THAT THE TIME TO SECURE A JURY BEGINNING IN

10:08AM  3   SEPTEMBER FOR THE DURATION THAT YOU'VE INDICATED, I THINK YOU

10:08AM  4   SAID 90 DAYS, 3 MONTHS, PUTS US PERILOUSLY CLOSE TO THE HOLIDAY

10:08AM  5   SEASON.  MY SENSE IS THAT THERE WILL BE PROBABLY SOME

10:08AM  6   DIFFICULTY TO SECURE JURORS WHO WOULD HAVE TIME AND BE CONFLICT

10:08AM  7   FREE AS WE APPROACH THAT HOLIDAY SEASON.  I THINK THAT'S

10:09AM  8   PERHAPS NOT A GOOD PATH TO TAKE.

10:09AM  9      I'M GOING TO SUGGEST SOMETHING ELSE.  I UNDERSTAND THAT

10:09AM 10   YOU NEED SOME TIME TO ACCOMPLISH THIS, WHAT YOU NEED TO DO.

10:09AM 11      MY THOUGHT WAS THAT WE, AND LET ME START WITH THE

10:09AM 12   AMBITIOUS DATE, PERHAPS WE COULD, PERHAPS WE COULD ENGAGE JURY

10:09AM 13   SELECTION SOME TIME THE END OF JUNE AND TAKE A BREAK AFTER WE

10:09AM 14   DO THAT.  THAT MIGHT TAKE A COUPLE OF DAYS.  WE CAN BEGIN THE

10:09AM 15   TRIAL SOME TIME, THAT IS, EVIDENCE BEGINS SOME TIME IN JULY.

10:09AM 16   FOR EXAMPLE, WE COULD BEGIN THE TRIAL SOME TIME ON JULY 7TH,

10:09AM 17   JULY 14TH, AND GO FORWARD.

10:09AM 18      RESTRAIN YOUR ENTHUSIASM, PLEASE.

10:10AM 19      (LAUGHTER.)

10:10AM 20      THE COURT:  LET ME ALSO SUGGEST THEN, GOING FORWARD,

10:10AM 21   WE COULD LOOK -- I'M ALSO LOOKING AT PERHAPS JULY 14TH FOR JURY

10:10AM 22   SELECTION, THE WEEK OF JULY 14TH FOR JURY SELECTION.

10:10AM 23      WE COULD TAKE THE FOLLOWING WEEK OFF, WHICH IS THE 20TH,

10:10AM 24   AND THEN PERHAPS ENGAGE EVIDENCE ON THE 28TH, 29TH, THAT WEEK.

10:10AM 25      IF THAT DOESN'T WORK, I'M GIVING YOU SO MANY OUTS HERE, WE

10:10AM  1      COULD -- I THINK THE 28TH WE COULD, AS I SAID, BEGIN JURY

10:10AM  2      SELECTION AND THEN START EVIDENCE ON THE 4TH OF AUGUST.  I

10:10AM  3      THINK THAT'S -- THAT'S BASICALLY THAT LATTER IS PUSHING IT --

10:10AM  4      ADVANCING US ABOUT A MONTH, BUT I AM -- I DO HAVE SOME CONCERN

10:10AM  5      ABOUT GOING INTO THE HOLIDAY SEASON.  PERHAPS YOU HAVE HOLIDAY

10:10AM  6      PLANS AS WELL.

10:11AM  7                MR. SCHENK:  YOUR HONOR, FROM THE GOVERNMENT'S

10:11AM  8      PERSPECTIVE THE GOVERNMENT IS PREPARED TO TRY THE CASE AT THE

10:11AM  9      CONVENIENCE OF THE COURT.

10:11AM 10           WHEN WE WERE LAST BEFORE YOUR HONOR IN APRIL, THE

10:11AM 11      GOVERNMENT ASKED THE COURT TO SET THE MATTER FOR TRIAL THEN

10:11AM 12      RECOGNIZING THAT DISCOVERY WAS VOLUMINOUS AND THE DEFENSE WOULD

10:11AM 13      NEED A SIGNIFICANT AMOUNT OF TIME TO PREPARE.

10:11AM 14           WE ASKED THE COURT TO SET A TRIAL DATE EVEN A YEAR FROM

10:11AM 15      THAT.  SO AT THAT TIME WE PROPOSED ROUGHLY APRIL OF 2020.

10:11AM 16           SINCE THEN WE HAD A MEET AND CONFER WITH THE DEFENSE AND

10:11AM 17      IN PARTICULAR COUNSEL FOR MS. HOLMES DESCRIBED TO US THE AMOUNT

10:11AM 18      OF WORK THAT THEY HAD LEFT TO DO TO PREPARE FOR TRIAL, AND IT

10:11AM 19      WAS KIND OF WITH THAT UNDERSTANDING THAT IN ORDER TO PREPARE

10:11AM 20      THEY FELT APRIL WAS REALLY TOO SOON.

10:11AM 21           SO I THINK THE COURT HAS GIVEN US ALL FINE SUGGESTIONS

10:11AM 22      FROM THE GOVERNMENT'S PERSPECTIVE, AND WE WOULD LEAVE IT UP TO

10:11AM 23      THE DEFENSE TO HEAR IF ONE OF THOSE DATES IS A POINT AT WHICH

10:11AM 24      THEY WOULD BE PREPARED TO BEGIN THE TRIAL.

10:11AM 25           BUT FROM THE GOVERNMENT'S PERSPECTIVE WE THINK THAT WE

10:11AM  1      WILL BE ABLE TO BEGIN AT ANY OF THOSE DATES.

10:12AM  2          I WOULD ALSO ASK, THOUGH, THAT -- AND I'M SURE THIS IS

10:12AM  3      WHAT THE COURT MEANT -- THAT THIS IS A FIRM TRIAL DATE.  WE'RE

10:12AM  4      NOT GOING TO BE COMING BACK BEFORE YOUR HONOR IN APRIL OF 2020

10:12AM  5      AND SAYING WE NOW NEED SOME ADDITIONAL TIME.  WE'RE GOING TO

10:12AM  6      HAVE SIGNIFICANT SUBPOENAS TO SERVE IN THE CASE, MANY CIVILIAN

10:12AM  7      WITNESSES, AND THERE'S REAL VALUE TO HAVING FIRM TRIAL DATES.

10:12AM  8      SO WHEN WE ASK WITNESSES TO CLEAR THEIR SCHEDULES AND TO BE

10:12AM  9      AVAILABLE FOR COURT, THAT IS A ONE-TIME REQUEST AND WE CAN SAY

10:12AM  10     IT WITH SOME LEVEL OF CERTAINTY, AND I APPRECIATE I'M SURE

10:12AM  11     THAT'S WHAT THE COURT MEANT WHEN IT WAS OFFERING THESE DATES.

10:12AM  12          THE COURT:  WELL, THANK YOU, MS. SCHENK.  THAT IS

10:12AM  13     WHAT I MEAN.  YOU'RE ASKING ME TO SET ASIDE THREE MONTHS OF

10:12AM  14     COURT TIME FOR THIS CASE, AND BOTH SIDES ARE ENTITLED TO THAT.

10:12AM  15          I'LL DO THAT.  I'LL DO THAT.

10:12AM  16          OF COURSE, YOU KNOW THE BUSINESS OF FEDERAL COURTS.  I

10:12AM  17     NEED TO DISAPPOINT OTHER COURT USERS FOR THAT TIME PERIOD.  SO

10:12AM  18     I DO WANT TO SECURE FIRM TRIAL DATES THAT GIVES EVERYONE HERE A

10:13AM  19     FIRM EVENT HORIZON TO FOCUS ON SUCH THAT THERE WON'T BE ANY

10:13AM  20     CHANGES TO THAT.

10:13AM  21          COUNSEL.

10:13AM  22          MR. DOWNEY:  YOUR HONOR, I WOULD SAY WE SHARE -- WE

10:13AM  23     UNDERSTAND THE SITUATION, WE UNDERSTAND THE NEED TO SET A DATE

10:13AM  24     GIVEN THE LENGTH OF THE TRIAL.

10:13AM  25          I WOULD SAY OF THE DATES THAT YOU HAVE SUGGESTED, WE WOULD

10:13AM  1    SUGGEST COMMENCING WITH SELECTION ON THE 28TH OF JULY.

10:13AM  2          THE COURT:  EXPERIENCED DEFENSE COUNSEL ALWAYS LOOKS

10:13AM  3    TO THE LATTER DATE.  NO CRITICISM INVOLVED.

10:13AM  4      WHEN I WAS PRACTICING, THAT WAS SOMETHING THAT I

10:13AM  5    OCCASIONALLY DID AS WELL.

10:13AM  6          MR. DOWNEY:  NO, I UNDERSTAND.  AND I ONLY WANT TO

10:13AM  7    SAY, BECAUSE THESE ISSUES ARE NOT BEFORE THE COURT TODAY, OUR

10:13AM  8    CONCERN IS NOT REALLY ABOUT THE DATE AS AN ABSTRACTION.

10:13AM  9      OUR CONCERN IS THAT THERE ARE ANY NUMBER OF ISSUES IN

10:13AM 10    TERMS OF THE GOVERNMENT'S RULE 26 COMPLIANCE THAT ARE STILL

10:13AM 11    OUTSTANDING.

10:13AM 12      WE ARE CONTINUING TO GET LARGE VOLUMES OF MATERIAL FROM

10:14AM 13    THE GOVERNMENT SO I THINK --

10:14AM 14          THE COURT:  WELL, THAT'S THE PROVERB, YOU ASK AND

10:14AM 15    YOU SHALL RECEIVE.  IT'S NOT A PROVERB BUT SOMEONE SAID THAT

10:14AM 16    ONCE.  SO, YOU KNOW, YOU ASK FOR IT, YOU GET IT, AND THEN OF

10:14AM 17    COURSE YOU HAVE TO DIGEST IT.  SO I APPRECIATE THAT.  THERE'S

10:14AM 18    VOLUMINOUS DISCOVERY HERE.

10:14AM 19      I THINK IF WE SET, AND THAT WAS MY THOUGHT, AND I'M SORRY

10:14AM 20    TO INTERRUPT YOU, BUT MY THOUGHT WAS THE FIRST THING WE DO IS

10:14AM 21    LET'S SET A TRIAL DATE THAT WE CAN ALL FOCUS ON AND THEN YOU

10:14AM 22    CAN ADJUST YOUR WORK SCHEDULES ACCORDINGLY, THE PRODUCTION, AND

10:14AM 23    I'M GOING TO TALK ABOUT THAT IN A MOMENT.

10:14AM 24      JUST TO ADVANCE THAT CONVERSATION, I'LL PROBABLY BE

10:14AM 25    TELLING THE GOVERNMENT, YOU NEED TO TELL THESE FOLKS TO RAMP IT

10:14AM 1   UP BECAUSE WE NOW HAVE A TRIAL DATE.

10:14AM 2           MR. DOWNEY:  YEAH.  AND I EXPECT, YOUR HONOR, THAT

10:14AM 3   WE'LL BE ABLE TO WORK WITH THE GOVERNMENT AND EITHER AGREE ON

10:14AM 4   OR COME CLOSE TO AGREEING ON A PROPOSED SCHEDULE THAT CONFORMS

10:14AM 5   WITH THE TRIAL DATE.

10:14AM 6       AND I WOULD SAY WE'LL LIKELY BE ASKING THE COURT TO BE

10:14AM 7   ATTENTIVE TO THAT RULE 16 CUTOFF.

10:14AM 8           THE COURT:  SURE.  OKAY.

10:14AM 9           MR. DOWNEY:  THANK YOU, YOUR HONOR.

10:15AM 10          THE COURT:  LET ME ASK YOUR COLLEAGUES.

10:15AM 11          MR. CAZARES:  YOUR HONOR, MR. BALWANI AGREES WITH

10:15AM 12  MR. DOWNEY THAT AUGUST IS LIKELY BETTER, LESS FOR OUR SCHEDULE,

10:15AM 13  BUT ALSO I'VE TRIED CASES IN THE SUMMER TIME AND JURORS ALSO

10:15AM 14  HAVE VACATION PLANS.  JULY TENDS TO BE VERY DIFFICULT TO SECURE

10:15AM 15  A LONG-TERM VOIR DIRE IN FEDERAL COURT.

10:15AM 16      SO I WOULD CONCUR THAT AUGUST MAKES SENSE.  IF WE START ON

10:15AM 17  THE 28TH, THAT WOULD AT LEAST AVOID SOME OF THE JUROR VACATION

10:15AM 18  ISSUES THAT OFTEN COME UP.

10:15AM 19          THE COURT:  I'M SORRY.  WHEN YOU SAY, "START," ARE

10:15AM 20  YOU SUGGESTING START EVIDENCE OR START THE JURY SELECTION?

10:15AM 21          MR. CAZARES:  I THINK TO THE EXTENT THAT WE START

10:15AM 22  THE JURY SELECTION AT THE END OF JULY, I DON'T THINK -- I THINK

10:15AM 23  THAT WOULD LIKELY AVOID MOST JUROR VACATION ISSUES.  I THINK

10:15AM 24  THAT'S THE GOAL IN SOME WAYS, TRY TO AVOID THEIR HOLIDAY

10:15AM 25  VACATIONS AND TRY TO AVOID MAYBE SOME OF THEIR SUMMER VACATIONS

10:15AM 1    AND PLANT THE TRIAL SOMEWHERE RIGHT IN BETWEEN.

10:15AM 2            THE COURT:  MS. SCHENK?

10:15AM 3            MR. SCHENK:  THAT IS FINE WITH THE GOVERNMENT.  AS I

10:15AM 4    UNDERSTAND IT JULY 28TH IS JURY SELECTION?

10:15AM 5            THE COURT:  RIGHT, THAT IS THE DATE THAT I WAS

10:16AM 6    PROPOSING JULY 28TH.  MY SENSE IS THAT WE'LL PROBABLY BLEED

10:16AM 7    INTO THE 29TH.

10:16AM 8        BUT WE'LL DO JURY SELECTION THAT WEEK.  THERE WON'T BE ANY

10:16AM 9    RECEIPT OF EVIDENCE OR OPENING STATEMENTS UNTIL THE FOLLOWING

10:16AM 10   WEEK.

10:16AM 11       EVIDENCE AND OPENING STATEMENTS WILL BEGIN AUGUST 4TH,

10:16AM 12   AUGUST 4TH.

10:16AM 13       IS THAT AGREEABLE?

10:16AM 14           MR. SCHENK:  YES.

10:16AM 15           MR. DOWNEY:  YES, YOUR HONOR.

10:16AM 16           MR. CAZARES:  YES, YOUR HONOR.

10:16AM 17           THE COURT:  ALL RIGHT.  THANK YOU.  THEN WE'VE GOT

10:16AM 18   OUR TRIAL DATE SET.

10:16AM 19       I WON'T SET A PRETRIAL CONFERENCE DATE YET.  WHAT I'D LIKE

10:16AM 20   TO DO IS HAVE OUR CONVERSATION ABOUT DISCOVERY, AND THEN IF I

10:16AM 21   SET AN INTERIM STATUS DATE, AT WHICH POINT I'LL THEN SET AN

10:16AM 22   INTERIM STATUS CONFERENCE DATE DEPENDING ON THE DISCOVERY AS

10:16AM 23   YOU SUGGESTED.

10:16AM 24       OKAY.  MADAM CLERK, LET'S RESERVE THAT TIME FOR TRIAL IN

10:16AM 25   THIS MATTER.  I THINK COUNSEL SAID THREE MONTHS?

10:16AM  1          MR. SCHENK:  YES, YOUR HONOR.

10:16AM  2          MR. DOWNEY:  YOUR HONOR, WE, WE -- THAT'S OUR BEST

10:16AM  3   ESTIMATE.  OBVIOUSLY WE'RE LARGELY DEPENDENT ON THE LENGTH OF

10:17AM  4   THE GOVERNMENT'S PRESENTATION WHICH WE DON'T YET KNOW, BUT

10:17AM  5   BASED ON WHAT THEY'VE REPRESENTED TO US, IT SOUNDS LIKE A GOOD

10:17AM  6   ESTIMATE.

10:17AM  7          THE COURT:  OKAY.

10:17AM  8          MR. CAZARES:  YES, YOUR HONOR.

10:17AM  9          THE COURT:  OKAY.  WE'LL DO THAT.

10:17AM  10      MADAM CLERK, AUGUST, SEPTEMBER, AND OCTOBER.

10:17AM  11         THE CLERK:  YES, YOUR HONOR.

10:17AM  12         THE COURT:  WE'LL SET, AS I SAID, A PRETRIAL

10:17AM  13  CONFERENCE DATE.  WE'LL ADJUST THE DATES PROPER.  I THINK YOU

10:17AM  14  PROBABLY HAVE OR MAY HAVE SOME FAMILIARITY.  WE TYPICALLY GO

10:17AM  15  THREE DAYS A WEEK FOR TRIAL, SOMETIMES MORE, SOMETIMES LESS,

10:17AM  16  BUT WE CAN ADJUST THAT SCHEDULE AS WE GO FORWARD.

10:17AM  17      ALL RIGHT.  THANK YOU.  ANYTHING FURTHER ON THE TRIAL DATE

10:17AM  18  THEN?

10:17AM  19         MR. SCHENK:  NO, YOUR HONOR.

10:17AM  20         MR. DOWNEY:  NO, YOUR HONOR.

10:17AM  21         MR. CAZARES:  NO, YOUR HONOR.

10:17AM  22         THE COURT:  ALL RIGHT.  THANK YOU.  LET'S LOOK THEN

10:17AM  23  TO THE MOTION THAT IS BEFORE US.  NOW, WHY DON'T I HEAR -- CAN

10:17AM  24  I GET AN UPDATE ON THE STATUS OF DISCOVERY?

10:17AM  25      MR. BOSTIC, DO YOU WANT TO SPEAK TO THAT?

10:17AM  1          MR. BOSTIC:  YES, YOUR HONOR.

10:17AM  2          THE COURT:  AND I REALIZE THIS IS THE DEFENSE

10:17AM  3   MOTION, BUT I WANTED TO GET AN UPDATE FROM THE GOVERNMENT IF

10:18AM  4   YOU DON'T MIND.

10:18AM  5          MR. BOSTIC:  I'LL COME UP TO THE PODIUM SO I CAN

10:18AM  6   LOOK AT MY NOTES.  LARGELY THE CURRENT STATUS OF DISCOVERY IN

10:18AM  7   THIS MATTER AS TO THE AGENCY'S FDA AND CMS, THAT STATUS IS

10:18AM  8   REFLECTED IN THE GOVERNMENT'S OPPOSITION.

10:18AM  9          AS TO LARGER DISCOVERY IN THE CASE, I UNDERSTAND THE

10:18AM  10  COURT'S QUESTION IS ABOUT DISCOVERY GENERALLY.

10:18AM  11          AS I'VE PREVIOUSLY TOLD THE COURT, DISCOVERY IN THIS CASE

10:18AM  12  IS SUBSTANTIALLY COMPLETE.  THE VAST MAJORITY OF THE

10:18AM  13  GOVERNMENT'S PRODUCTION HAS BEEN SENT OVER TO THE DEFENSE.

10:18AM  14          THERE ARE STILL SOME OUTSTANDING LARGE BATCHES OF

10:18AM  15  DISCOVERY THAT ARE STILL ON THEIR WAY OVER.  WE'RE MAKING EVERY

10:18AM  16  EFFORT TO GET THOSE TO THE DEFENSE AS SOON AS POSSIBLE.

10:18AM  17          THE TWO SIGNIFICANT BATCHES OF DISCOVERY THAT ARE STILL

10:18AM  18  OUTSTANDING OR WERE RECENTLY OUTSTANDING, ONE WAS A PORTION OF

10:18AM  19  A BATCH OF ABOUT 250,000 DOCUMENTS PRODUCED BY THERANOS SHORTLY

10:18AM  20  BEFORE IT CEASED OPERATIONS.

10:18AM  21          THE GOVERNMENT HAS BEEN UNDERGOING A FILTER TEAM OR TAINT

10:19AM  22  REVIEW OF THOSE DOCUMENTS, AND WE'VE PRODUCED HALF OF THOSE

10:19AM  23  DOCUMENTS A FEW WEEKS AGO TO THE DEFENSE AND MORE RECENTLY

10:19AM  24  WE'VE PRODUCED THE OTHER HALF SO THE DEFENSE NOW HAS ALL OF

10:19AM  25  THOSE MATERIALS.

10:19AM 1    I SHOULD NOTE THAT THE SECOND HALF THAT WE PRODUCED THE

10:19AM 2    GOVERNMENT HAS NOT COMPLETED ITS FILTER REVIEW YET SO THE TRIAL

10:19AM 3    TEAM DOES NOT HAVE ACCESS TO ANY OF THESE DOCUMENTS YET, BUT

10:19AM 4    WE'VE PROVIDED THEM TO THE DEFENSE IN THE INTEREST OF

10:19AM 5    EFFICIENCY AND SO THAT THEY CAN BEGIN REVIEWING IN TRIAL

10:19AM 6    PREPARATION.

10:19AM 7        THE OTHER OUTSTANDING LARGE BATCH OF DISCOVERY IS

10:19AM 8    SOMETHING THAT HAS RECENTLY COME INTO THE GOVERNMENT'S

10:19AM 9    POSSESSION.  IT'S A LARGE HARD DRIVE.  I UNDERSTAND THAT A LOT

10:19AM 10   OF THE CONTENT WILL CONSIST OF VIDEO FILES, MARKETING MATERIALS

10:19AM 11   MADE BY OR AT THE DIRECTION OF THERANOS.  WE ARE PREPARING TO

10:19AM 12   PRODUCE THAT TO THE DEFENSE AS WELL.  THE ONLY HOLDUP THERE IS

10:19AM 13   OBTAINING THE HARDWARE NECESSARY TO LOAD IT AND ACTUALLY

10:19AM 14   PROVIDE IT TO THE DEFENSE.

10:19AM 15       SO THERE AGAIN OUR PLAN IS TO GIVE IT TO THE DEFENSE

10:19AM 16   BEFORE WE'VE HAD A CHANCE TO REVIEW IT TO MAKE SURE THAT THEY

10:20AM 17   HAVE IT AS SOON AS POSSIBLE.

10:20AM 18           THE COURT:  AND IS THIS COPY, IS THAT GOING TO BE

10:20AM 19   JUST A COPY, IF YOU WILL, AS OPPOSED TO GOING THROUGH ANY

10:20AM 20   PROPRIETARY SOFTWARE THAT THE GOVERNMENT USES TO DOWNLOAD OR

10:20AM 21   DISCOVERY?

10:20AM 22       I ASK THAT QUESTION BECAUSE YOU KNOW THERE ARE SOMETIMES

10:20AM 23   ISSUES ABOUT, WELL, YOU KNOW, THE GOVERNMENT PROTOCOL IS

10:20AM 24   DIFFERENT THAN WHAT A DEFENDANT MIGHT HAVE.

10:20AM 25           MR. BOSTIC:  CORRECT, YOUR HONOR.  SO IN THIS CASE

10:20AM 1    THE FILES THEMSELVES CAME FROM A THIRD PARTY SO THEY'RE IN

10:20AM 2    WHATEVER FORMAT THAT THIRD PARTY USED.  I DON'T KNOW STANDING

10:20AM 3    HERE TODAY WHAT FORMAT THAT IS.

10:20AM 4        WE'LL LOOK AT IT WHEN WE GET IT AND MAKE A DETERMINATION

10:20AM 5    AS TO WHETHER IT'S MORE EFFICIENT FOR THE GOVERNMENT TO PROCESS

10:20AM 6    IT AND PRODUCE IT TO THE DEFENSE WITH METADATA AS WE WOULD WITH

10:20AM 7    OTHER PRODUCTIONS OR TO SIMPLY COPY THE DATA AND GIVE IT TO

10:20AM 8    THEM IN THE SAME FORM THAT WE HAVE, AND WE WILL ALSO CONFIRM

10:20AM 9    WITH THEM TO DETERMINE THEIR PREFERENCES.

10:20AM 10       THE COURT:  OKAY.  THANK YOU FOR THE UPDATE.

10:20AM 11       WHAT SHOULD I KNOW FROM THE DEFENSE ABOUT YOUR MOTION?

10:20AM 12       MR. WADE:  WELL, YOUR HONOR, GIVEN THAT THE COURT

10:21AM 13   HAS MADE A DECISION TO EXPEDITE OUR JOINT RECOMMENDATION TO

10:21AM 14   TRIAL, MAYBE THEN AN ORDER IS NEEDED TO TRY TO MOVE THINGS

10:21AM 15   ALONG AND TO HELP THE GOVERNMENT IN OBTAINING THE AGENCY

10:21AM 16   MATERIALS THAT WE NEED.

10:21AM 17       THE DOCUMENTS THAT WE'RE SEEKING ARE AT THE CORE OF THE

10:21AM 18   CASE.  THE -- AND THEY'RE NECESSARY FOR OUR PREPARATION FOR

10:21AM 19   TRIAL.

10:21AM 20       A SIGNIFICANT ALLEGATION IN THE INDICTMENT IS THE

10:21AM 21   GOVERNMENT'S ALLEGATION THAT THERANOS'S TESTS WERE UNRELIABLE

10:21AM 22   AND INACCURATE.

10:21AM 23       THE GOVERNMENT APPEARS TO WANT TO BUILD ITS CASE ON

10:21AM 24   INFORMATION THAT IT RECEIVED FROM CMS AND FROM CMS WITNESSES.

10:21AM 25       THEY'VE SOUGHT TESTIMONY FROM THREE WITNESSES, AND THEY

1    RECEIVED HUNDREDS OF THOUSANDS OF PAGES OF DOCUMENTS AND

2    TERABYTES OF DATA.

3         ANOTHER CENTRAL ALLEGATION IN THE CASE RELATES TO ALLEGED

4    MISREPRESENTATIONS BY MS. HOLMES AND MR. BALWANI REGARDING THE

5    NEED FOR FDA APPROVAL OF THERANOS TECHNOLOGY.

6         HERE AGAIN THE GOVERNMENT APPEARS POISED TO BUILD ITS CASE

7    ON INFORMATION AND TESTIMONY IT OBTAINED FROM THE FDA.

8         THE GOVERNMENT BY ALL ACCOUNTS HAD NEARLY UNFETTERRED

9    ACCESS TO THOSE AGENCIES.  THEY OBTAINED INFORMATION WITHOUT A

10   SUBPOENA, SEEMINGLY AT WILL.

11        THERE'S NO INDICATION IN THE RECORD THAT IS BEFORE THE

12   COURT THAT THERE WAS EVER ANY RESISTANCE TO ANY REQUEST MADE BY

13   THE GOVERNMENT AND THAT RESISTANCE DIDN'T MANIFEST ITSELF UNTIL

14   DEFENSE REQUEST FOR INFORMATION THAT THE GOVERNMENT DID NOT

15   GATHER WERE PASSED THROUGH.

16        THEN SUDDENLY THE REGULATORY HAZE SORT OF APPEARS IN FRONT

17   OF ALL OF THESE REQUESTS AND THE OBSTACLES ARE PRESENTED AND

18   DELAY RESULTS.

19        AS THE COURT KNOWS, BECAUSE YOU NOTED AT THE START OF THE

20   HEARING, THE MOUNTAIN OF PAPER THAT YOU'VE REVIEWED IN ADVANCE

21   OF THIS HEARING.  FRANKLY, WE ARE SURPRISED YOU DIDN'T WANT THE

22   WEEKEND TO REVIEW IT AND WANTED TO ADVANCE THE HEARING.

23        BUT AS YOU KNOW FROM THAT, THERE HAVE BEEN SUBSTANTIAL

24   DELAYS IN OUR ABILITY TO ACCESS THAT MATERIAL.  MR. BALWANI'S

25   PLEADING SETS FORTH TEN MONTHS OF EFFORTS TO TRY AND GET THAT

10:23AM 1    MATERIAL IN THE RELATED PROCEEDING.

10:23AM 2        WE'RE NOT A PARTY TO THE S.E.C. PROCEEDING.  WE'VE BEEN

10:23AM 3    TRYING TO GET IT FOR SIX MONTHS.

10:23AM 4        THE GOVERNMENT, THANKFULLY RECENTLY, ON THE EVE OF OUR

10:23AM 5    INDICATION THAT WE WERE GOING TO FILE A MOTION RELAYED THESE

10:23AM 6    REQUESTS TO CMS AND THE FDA AND AS VOLUNTARILY REQUESTS.

10:23AM 7        THE LAW REQUIRES MORE.  THIS IS AN OBLIGATION.  SANTIAGO

10:23AM 8    AND BRYAN ARE CLEAR.  THE NINTH CIRCUIT LAW IS CLEAR.  WHEN THE

10:23AM 9    GOVERNMENT IS ABLE TO GO IN AND GET ACCESS TO AGENCY DOCUMENTS

10:24AM 10   IN THIS WAY, THEY'RE WITHIN THE CUSTODY, POSSESSION, AND

10:24AM 11   CONTROL OF THE PROSECUTION TEAM, AND THEY HAVE TO GET MATERIALS

10:24AM 12   THAT ARE NECESSARY TO THE PREPARATION OF THE DEFENSE AND BRADY

10:24AM 13   MATERIAL.  THE LAW IS UNAMBIGUOUS IN THAT REGARD.

10:24AM 14       SO WE APPRECIATE THE GOOD FAITH EFFORTS OF THE GOVERNMENT

10:24AM 15   TO RECOGNIZE THE VALIDITY OF OUR SIX REQUESTS.

10:24AM 16           THE COURT:  AND THOSE SIX REQUESTS, I THINK, WERE

10:24AM 17   ADVANCED TO THE AGENCIES?

10:24AM 18           MR. BOSTIC:  CORRECT, YOUR HONOR.

10:24AM 19           THE COURT:  VERBATIM REQUESTS AS I UNDERSTAND IT.

10:24AM 20           MR. BOSTIC:  THAT'S CORRECT, YOUR HONOR.

10:24AM 21           MR. WADE:  THEY WERE, AND WE APPRECIATE THAT.  AND

10:24AM 22   WE ALSO APPRECIATE THAT THE GOVERNMENT MAY NOT BE RECEIVING AS

10:24AM 23   GOOD A CUSTOMER SERVICE WITH RESPECT TO THE DEFENSE REQUEST AS

10:24AM 24   THEY RECEIVED WITH RESPECT TO THEIR OWN.

10:24AM 25           THAT'S WHY A COURT ORDER IS NEEDED HERE TO PROMPT THE

10:24AM 1    AGENCIES TO MEET THE OBLIGATIONS AND LET THE GOVERNMENT SATISFY

10:24AM 2    THEIR RULE 16 REQUIREMENTS.

10:24AM 3            THE COURT:  SO LET ME ASK -- PARDON ME FOR

10:25AM 4    INTERRUPTING YOU.  BUT LET ME ASK, I'M CURIOUS ABOUT A COUPLE

10:25AM 5    OF THINGS.

10:25AM 6        FIRST OF ALL, PARALLEL PROCEEDINGS HERE, WE KNOW THAT,

10:25AM 7    MR. BALWANI'S S.E.C. PROCEEDING, AND I THINK SOME OF THE

10:25AM 8    RESPONSES FROM THE AGENCIES SEEM TO SUGGEST, AND I'M GETTING A

10:25AM 9    LITTLE AHEAD HERE, SEEM TO SUGGEST THAT IN RESPONSE TO

10:25AM 10   MS. HOLMES'S REQUEST, I ALMOST READ IT, MR. BOSTIC, YOU CAN

10:25AM 11   HELP ME ON THIS, I ALMOST READ THE RESPONSE, I THINK IT'S A

10:25AM 12   JUNE 10TH AND A JUNE 7 LETTER FROM FDA AND CMS RESPECTIVELY,

10:25AM 13   THEY ALSO SEEM TO SAY THAT WE'RE GOING TO PROVIDE MR. BALWANI

10:25AM 14   INFORMATION PURSUANT TO HIS CIVIL S.E.C. RESPONSES.

10:25AM 15       AND THE RESPONSE TO MS. HOLMES'S REQUEST ALMOST SEEMS TO

10:25AM 16   SAY SEE BALWANI.  MY SENSE IS YOU HAVE SOME OBJECTION TO THAT

10:26AM 17   BECAUSE YOU TOLD ME IN YOUR PLEADINGS YOU'RE NOT A PARTY TO

10:26AM 18   THAT AND YOU WOULD LIKE SOME ANSWERS SPECIFICALLY TO YOUR

10:26AM 19   REQUEST.

10:26AM 20           MR. WADE:  OUR POSITION IS SIMPLE.  IF YOU BACK UP A

10:26AM 21   STEP, YOUR HONOR, AT THE START OF THE INVESTIGATION THE

10:26AM 22   GOVERNMENT SENT A PRESERVATION NOTICE TO THESE TWO AGENCIES AND

10:26AM 23   SAID PRESERVE EVERYTHING --

10:26AM 24           THE COURT:  NO, I UNDERSTAND.

10:26AM 25           MR. WADE:  -- RELATING TO THERANOS.

10:26AM 1      IF IT'S EASIER TO GIVE US EVERYTHING RELATING TO THERANOS

10:26AM 2   AND AVOID ALL OF THE REVIEW THAT THEY COMPLAIN ABOUT, WE'RE

10:26AM 3   HAPPY TO TAKE THAT AND DO THE WORK.

10:26AM 4      BUT NOW THEIR POSITION -- THE POSITIONS OF THE FDA AND CMS

10:26AM 5   DIFFER SOMEWHAT, BUT THEY DON'T TAKE OUR REQUEST AND SAY WE'LL

10:26AM 6   COMPLY WITH THEM.  THEY TAKE OUR REQUESTS AND SAY WE'LL DO

10:26AM 7   EFFORTS THAT WE CONSIDER TO BE REASONABLE.  WE'LL DECIDE WHAT

10:26AM 8   WE THINK IS RELEVANT, AND WE WILL RESPOND TO THOSE REQUESTS

10:26AM 9   ACCORDINGLY.

10:26AM 10      IN FACT, IF YOU LOOK AT THE FDA REQUEST, IT MAKES -- THE

10:26AM 11   FDA LETTER OF JUNE 7TH, IT MAKES CLEAR THAT IT DOESN'T THINK

10:26AM 12   THAT MUCH OF WHAT WE SEEK IS RELEVANT, IT'S NOT CLEAR WHAT

10:27AM 13   THEY'RE GATHERING, IT'S NOT CLEAR WHICH CUSTODIANS THEY'RE

10:27AM 14   LOOKING AT.

10:27AM 15      FRANKLY, IT'S NOT CLEAR THAT THEY'RE EVEN GOING TO RESPOND

10:27AM 16   TO MANY OF OUR REQUESTS.

10:27AM 17           THE COURT:  WELL, LET'S START WITH THE FDA.  THEY

10:27AM 18   TALK ABOUT THAT THEY NEED EITHER A WAIVER OR A PROTECTIVE ORDER

10:27AM 19   OR BOTH FROM THERANOS, THE ASSIGNEE OF THERANOS.

10:27AM 20      WHAT IS THE LATEST ON THAT?

10:27AM 21           MR. BOSTIC:  SO, YOUR HONOR, NOT TO INTERRUPT.

10:27AM 22           THE COURT:  YES.  NO, PLEASE.

10:27AM 23           MR. BOSTIC:  MY UNDERSTANDING OF THE STATUS THERE IS

10:27AM 24   THAT MR. BALWANI'S COUNSEL HAS BEEN ABLE TO OBTAIN A WAIVER

10:27AM 25   THAT PERMITS THE AGENCY TO PRODUCE IN THE CIVIL CASE.

10:27AM 1    I HAVE NOT HEARD THAT MR. BALWANI'S COUNSEL HAS BEEN ABLE

10:27AM 2 TO OBTAIN THAT WAIVER APPLYING TO THE CRIMINAL CASE.  I WOULD

10:27AM 3 IMAGINE THAT IT MIGHT BE THE SAME ANALYSIS FOR THE ASSIGNEE,

10:27AM 4 BUT I HAVE NOT HAD THOSE CONVERSATIONS WITH THE ASSIGNEE.

10:27AM 5    THE COURT:  IT SOUNDS LIKE PER THEIR LETTER THAT

10:27AM 6 MIGHT BE HELPFUL.

10:27AM 7    MR. WADE:  YOUR HONOR, THE DEFENSE HAS NO OBLIGATION

10:27AM 8 TO DO ANYTHING FOR THE GOVERNMENT TO MEET ITS RULE 16

10:27AM 9 OBLIGATIONS.  THEY HAVE AN OBLIGATION TO MEET THEIR RULE 16

10:28AM 10 OBLIGATIONS.  WE WANT TO DO WHATEVER WE CAN TO MEET AND CONFER.

10:28AM 11    THE COURT:  HOW CAN I HELP YOU?

10:28AM 12    MR. WADE:  AN ORDER FROM THE COURT.

10:28AM 13    THE COURT:  CAN I ORDER THEM TO DO A WAIVER?

10:28AM 14    MR. WADE:  YOU CAN ORDER THEM TO PRODUCE THE

10:28AM 15 DOCUMENTS.

10:28AM 16    THE COURT:  THAT'S NOT MY QUESTION.  MY QUESTION WAS

10:28AM 17 IF THEY NEED A WAIVER, LET'S GET THE WAIVER.  LET'S JUST GET IT

10:28AM 18 DONE.

10:28AM 19    MR. WADE:  THEY WON'T NEED A WAIVER, YOUR HONOR,

10:28AM 20 RESPECTIVELY.

10:28AM 21   MANY OF THE BARRIERS THEY'RE ERECTING ARE BECAUSE THEY

10:28AM 22 DON'T HAVE A COURT ORDER THAT IS REQUIRING THEM.  IT'S NOT

10:28AM 23 CLEAR TO US THAT THEY ACTUALLY -- THAT THE BASES THAT THEY'RE

10:28AM 24 PROVIDING ARE A PROPER BASIS TO NOT MEET RULE 16 OBLIGATIONS,

10:28AM 25 WHICH CLEARLY THESE AGENCIES FALL WITHIN RULE 16 GIVEN HOW

10:28AM 1    CENTRAL THEY ARE AND THE ACCESS AND KNOWLEDGE OF THE GOVERNMENT

10:28AM 2    WITH RESPECT TO THIS.  BUT IF THE COURT ISSUES AN ORDER THAT --

10:28AM 3              THE COURT:  I UNDERSTAND THAT.  LET'S PARSE THROUGH

10:28AM 4    THIS THEN, LET'S PARSE THROUGH THIS.

10:28AM 5              MR. WADE:  YES.

10:28AM 6              THE COURT:  THEY'RE SAYING, THE FDA, -- I'M LOOKING

10:28AM 7    AT THE LETTER, AND THIS IS 79-4, DOCUMENT 79-4, ECF PAGE 4 OF

10:29AM 8    5, THE SECOND PARAGRAPH IN THE MIDDLE, IT TALKS ABOUT -- AND

10:29AM 9    THIS IS A LETTER AUTHORED FROM MARCI, M-A-R-C-I, V. NORTON,

10:29AM 10   N-O-R-T-O-N, SENIOR COUNSEL, AND SHE SAYS IN THE LETTER THAT

10:29AM 11   THE FDA IS PROHIBITED FROM RELEASING TRADE SECRET AND

10:29AM 12   CONFIDENTIAL, COMMERCIAL AND FINANCIAL INFORMATION, CCI,

10:29AM 13   REGARDING DEVICES OBTAINED, ET CETERA, ET CETERA.  TRADE

10:29AM 14   SECRETS.

10:29AM 15       SHE SUGGESTS THAT AN ASSIGNEE PROVIDE A WRITTEN WAIVER

10:29AM 16   PERMITTING THEM TO DO THAT.

10:29AM 17       THAT SEEMS PRETTY SIMPLE TO DO.  MAYBE I'M MISSING

10:29AM 18   SOMETHING.  CAN'T WE GET THAT?

10:29AM 19              MR. WADE:  WE HAVE NO ABILITY TO GET THAT, YOUR

10:29AM 20   HONOR.

10:29AM 21              THE COURT:  HAVE YOU MADE A REQUEST FOR THAT?

10:29AM 22              MR. WADE:  AGAIN, WE HAVE NOT MADE A REQUEST.

10:29AM 23   PREVIOUSLY WHEN THE GOVERNMENT OBTAINED ALL OF THE MATERIALS IT

10:29AM 24   WANTED DURING THE INVESTIGATION, THE GOVERNMENT WENT TO

10:29AM 25   THERANOS AND GOT SUCH A WAIVER, AND IF THE GOVERNMENT FEELS

10:30AM 1    THAT'S THE GATEWAY TO MEETING ITS RULE 16 OBLIGATIONS AND

10:30AM 2    CUTTING THROUGH THIS, IT'S WELCOME TO DO SO.

10:30AM 3        YOUR HONOR, I WOULD RESPECTFULLY SAY AN ORDER FROM THIS

10:30AM 4    COURT THAT REQUIRES THEM TO PRODUCE DOCUMENTS THAT ARE

10:30AM 5    RESPONSIVE TO THESE REQUESTS WOULD OBVIATE THE NEED FOR SUCH A

10:30AM 6    WAIVER FROM THERANOS.  WE COULD ALSO AGREE TO A PROTECTIVE

10:30AM 7    ORDER THAT COULD BE IN PLACE IN THIS CASE.  I'M SURE WE CAN

10:30AM 8    EASILY MEET AND CONFER WITH THE GOVERNMENT TO FIND SOMETHING.

10:30AM 9            THE COURT:  I THOUGHT A PROTECTIVE ORDER WOULD BE IN

10:30AM 10   PLACE SPECIFICALLY IN REGARDS TO CMS.  THEY WANT A PROTECTIVE

10:30AM 11   ORDER FOR SOME OF THAT MATERIAL, AND THAT WAS GOING TO BE MY

10:30AM 12   NEXT QUESTION WHETHER OR NOT THERE HAD BEEN A MEET AND CONFER

10:30AM 13   TO ACCOMPLISH THIS.

10:30AM 14       I RECOGNIZE YOU'RE SAYING IT'S BEEN MONTHS, IT'S BEEN SIX

10:30AM 15   MONTHS SINCE WE RECEIVED THIS, BUT I'D LIKE TO HELP YOU OUT AND

10:30AM 16   GET SOME JOINT EFFORT HERE.  YOU'RE ALL OF COMMON PURPOSE TO

10:30AM 17   GET THIS DONE.

10:30AM 18           MR. WADE:  WE APPRECIATE THAT, YOUR HONOR.

10:30AM 19           THE COURT:  LET'S GET IT DONE.

10:30AM 20           MR. WADE:  AND WE WOULD LIKE TO GET IT DONE, TOO.

10:31AM 21       AGAIN, TO BE CLEAR, WE THINK THAT THE BEST WAY TO DO THAT

10:31AM 22   IS TO GET AN ORDER FROM THE COURT.

10:31AM 23       RESPECTFULLY, WE'VE DEALT WITH MANY FEDERAL AGENCIES IN

10:31AM 24   OUR PRACTICE.  AS YOU KNOW, WE SIT IN OUR NATION'S CAPITOL, AND

10:31AM 25   OBSTACLES REMAIN IF A COURT DOES NOT MAKE CLEAR THAT IT'S A

10:31AM  1    LEGAL OBLIGATION OF THE UNITED STATES GOVERNMENT TO PROVIDE

10:31AM  2    THESE MATERIALS.

10:31AM  3         I WILL REPRESENT TO THE COURT WE WILL MEET AND CONFER

10:31AM  4    DILIGENTLY AND PROVIDE WHATEVER FLEXIBILITY IS WITHIN OUR

10:31AM  5    CONTROL TO GET ACCESS TO THESE DOCUMENTS.  PROTECTIVE DOCUMENTS

10:31AM  6    ARE WITHIN OUR CONTROL.  WE'RE HAPPY TO PROVIDE A PROTECTIVE

10:31AM  7    ORDER THAT COVERS THE CMS MATERIALS, THE FDA MATERIALS OR ANY

10:31AM  8    OF THE OTHER MATERIALS THAT WE NEED WITHIN RULE 16.

10:31AM  9         BUT THAT DOESN'T RELIEVE THE GOVERNMENT OF ITS OBLIGATION

10:31AM 10    TO GET THE MATERIALS.  THE GOVERNMENT RIGHT NOW REFUSES TO

10:31AM 11    ACCEPT THAT OBLIGATION.  THEY'VE GOT ALL OF THE MATERIALS THAT

10:31AM 12    THEY WANTED.

10:31AM 13              THE COURT:  YOU'RE REFUSING YOUR OBLIGATION, YOUR

10:32AM 14    RULE 16 OBLIGATION?

10:32AM 15              MR. BOSTIC:  I WOULD DISAGREE WITH THAT

10:32AM 16    CHARACTERIZATION, YOUR HONOR.

10:32AM 17              MR. WADE:  WELL, I THINK THE FACTS HERE SUGGEST

10:32AM 18    OTHERWISE.  BRYAN AND -- AGAIN, THE GOVERNMENT IS TRYING TO DO

10:32AM 19    WHAT THE COURT SUGGESTS, WHICH IS THAT THEY ARE TRYING TO DO

10:32AM 20    WHATEVER THEY CAN ON A VOLUNTARY BASIS TO GET THE MATERIAL THAT

10:32AM 21    THEY WANT.

10:32AM 22         WHEN THE GOVERNMENT ON A VOLUNTARY BASIS WENT TO GET

10:32AM 23    INFORMATION, THAT WAS -- THAT IT WANTED FOR ITS INVESTIGATION,

10:32AM 24    THE DOORS WERE WIDE OPEN AND THE SHELVES WERE FULL AND THEY

10:32AM 25    COULD TAKE WHATEVER THEY WANTED.

10:32AM 1        THERE'S NO INDICATION THAT THERE WERE ANY OBSTACLES THAT

10:32AM 2    WERE MEANINGFUL THAT PREVENTED THEM FROM GETTING INFORMATION.

10:32AM 3        THERE SHOULD BE NO REASON THAT THE SAME ISN'T THE -- SAME

10:32AM 4    ISN'T TRUE FOR THESE REQUESTS.

10:32AM 5        THE ONLY REASON THAT THAT IS TRUE IS BECAUSE THESE

10:32AM 6    AGENCIES KNOW THAT THESE ARE DEFENSE REQUESTS.  THEY'RE NOT

10:32AM 7    WILLING TO PROVIDE THE SAME LEVEL OF COOPERATION, WHICH IS NOT

10:32AM 8    FAIR, YOUR HONOR.

10:32AM 9        THE COURT:  I APPRECIATE THAT.  SO ONE THOUGHT I HAD

10:32AM 10   AFTER I READ YOUR INFORMATION AND THE GOVERNMENT'S INFORMATION

10:32AM 11   AND RECOGNIZING THAT MR. BOSTIC AND HIS TEAM HAS PUT FORWARD

10:33AM 12   THESE REQUESTS PURSUANT, VERBATIM TO THE SIX CATEGORIES THAT

10:33AM 13   THE DEFENSE HAS REQUESTED, AND I APPRECIATE THAT.  I'M SURE YOU

10:33AM 14   DO, TOO.

10:33AM 15       MR. WADE:  WE DO.

10:33AM 16       THE COURT:  AND I GUESS THE RESULT IS AT LEAST THE

10:33AM 17   JUNE 7TH, THE JUNE 10TH LETTER FROM THESE TWO AGENCIES.

10:33AM 18       A THOUGHT I HAD ABOUT GOING FORWARD WAS TO GIVE THE

10:33AM 19   GOVERNMENT, YOU, PERHAPS 60, 70 DAYS TO SEE WHAT IS FORTHCOMING

10:33AM 20   AND IF -- AND HAVE ANOTHER STATUS.  AND IF THERE'S

10:33AM 21   INSUFFICIENCY, DEFICIENCY OF THE MATERIAL, THEN MAYBE WE SET AN

10:33AM 22   EVIDENTIARY HEARING AND ASK MS. NORTON -- LET'S SEE, WHO IS THE

10:33AM 23   AUTHOR OF THIS CMS LETTER? -- KAREN DYER, D-Y-E-R, TO COME TO

10:33AM 24   COURT AND TELL US WHY THEY HAVEN'T COMPLIED.

10:34AM 25       IT TAKES A LITTLE MORE TIME, AND I REALIZE TIME IS

10:34AM  1    PRECIOUS WHEN YOU'RE PREPARING THE DEFENSE.  BUT MY SENSE WAS

10:34AM  2    THAT THERE WAS AN ENGAGEMENT OF AT LEAST A DELIVERY OF THE SIX

10:34AM  3    CATEGORIES.  THE FDA, CMS HAVE SAID, OKAY, WE'RE GOING TO START

10:34AM  4    ROLLING THIS OUT.  I HAVE SOME QUESTIONS ABOUT -- I THINK FDA

10:34AM  5    SAID IT WILL TAKE US A MONTH TO GET THAT OUT.  THE DATE OF

10:34AM  6    THEIR LETTER WAS JUNE 7TH, AND SO WE SHOULD EXPECT DELIVERY IF

10:34AM  7    WE HOLD THEM TO THAT TO JULY 7, NEXT WEEK.

10:34AM  8         BUT I HAD A NOTE TO MYSELF HERE THAT SEEMS TOO LONG.  EASY

10:34AM  9    FOR ME TO SAY BECAUSE WE'RE HERE AND WE'RE NOT IN THEIR

10:34AM 10    ARCHIVES.  BUT I DO WANT TO ADVANCE THIS, THE DISCOVERY, IN

10:34AM 11    SOME MANNER.

10:34AM 12         THE EASIEST THING I COULD DO TODAY IS TO JUST SIGN A PIECE

10:34AM 13    OF PAPER, SCRATCH SOMETHING OUT AND SAY GIVE IT TO ME.  I

10:34AM 14    APPRECIATE THAT.

10:34AM 15         THEY'VE RAISED SOME CONCERNS THAT I THINK HAVE SOME

10:34AM 16    LEGITIMACY.  THEY HAVE SOME ATTORNEY-CLIENT PRIVILEGE QUESTIONS

10:34AM 17    ABOUT SOME DOCUMENTS.  THEY HAVE SOME OTHER ISSUES ABOUT

10:35AM 18    PRIVILEGED INFORMATION THAT I THINK THEY'RE ENTITLED TO ASSERT

10:35AM 19    AT LEAST A FACIAL OBJECTION TO, AND WE SHOULD HOLD THEM TO THAT

10:35AM 20    AND ALLOW THEM THAT OPPORTUNITY.

10:35AM 21         THEN IF NEEDED, WE CAN COME BACK AND THEY CAN TELL US SO

10:35AM 22    THAT THEY CAN DEVELOP A PRIVILEGE LOG OR WHATEVER THEY NEED TO

10:35AM 23    DO TO SEGREGATE INFORMATION AS TO WHY THEY'RE NOT GIVING IT TO

10:35AM 24    THE DEFENSE.  I APPRECIATE THAT.

10:35AM 25         LET ME JUST TELL YOU THAT'S JUST AN OVERALL THOUGHT I HAD

10:35AM  1    TO GIVE THEM THAT TIME TO GET IT DONE.  AND MR. BOSTIC AND

10:35AM  2    MR. SCHENK AND MR. LEACH WOULD TELL THEM THAT THE COURT IS

10:35AM  3    ADVISING THEM TO PROCEED WITH AS MUCH SPEED AS THEY CAN GIVE

10:35AM  4    BECAUSE I EXPECT THEM AND I'LL GIVE THEM AN OPPORTUNITY TO

10:35AM  5    VOLUNTARILY TO PRODUCE THE INFORMATION.  AND IN THE INTERIM THE

10:35AM  6    COURT IS GOING TO WORK ON AN ORDER THAT WOULD BE FORTHCOMING,

10:35AM  7    AND IT WOULD PROBABLY HAVE A SHORT TIMELINE THEREAFTER IF I'M

10:35AM  8    GOING TO GIVE THEM 60 DAYS.  IT WOULD PROBABLY BE A SHORT LEASH

10:36AM  9    AFTER THAT TO COMPLY WITH THE BALANCE OF THINGS.  THAT'S AN

10:36AM  10   OVERALL THOUGHT THAT I JUST HAD.

10:36AM  11          MR. WADE:  YOUR HONOR, I APPRECIATE THE IMPULSE TO

10:36AM  12   WANT TO GIVE THE AGENCY SOME FLEXIBILITY TO BE COMPLIANT, AND I

10:36AM  13   APPRECIATE -- AND I APPRECIATE THE HESITATION IN WANTING TO

10:36AM  14   JUST IMPOSE AN ORDER ON A CO-EQUAL BRANCH OF GOVERNMENT, I

10:36AM  15   UNDERSTAND THAT.

10:36AM  16          THE COURT:  YOU KNOW -- NO, I HAVE NO HESITATION

10:36AM  17   ABOUT THAT.

10:36AM  18          MR. WADE:  EVEN BETTER, YOUR HONOR.

10:36AM  19          THE COURT:  BUT THERE IS AN ENGAGEMENT GOING ON

10:36AM  20   HERE.  THEY SAID THEY WERE GOING TO ROLL SOME THINGS OUT.  I

10:36AM  21   UNDERSTAND YOUR POSITION WHEN THEY SAID I THINK IT'S A

10:36AM  22   REASONABLE RESPONSE TO THE REQUEST.  I DON'T KNOW WHAT THAT

10:36AM  23   MEANS.

10:36AM  24       I UNDERSTAND YOU SAY, WELL, THIS ISN'T RELEVANT, THIS

10:36AM  25   ISN'T MATERIAL.  WELL, THAT'S NOT THEIR CALL, AND THEY DON'T

10:36AM 1    GET TO SAY THAT.  I APPRECIATE THAT, AND I'M NOT TAKING THEM AT

10:36AM 2    PERHAPS -- PERHAPS I'M JUST TAKING IT FACIALLY THAT THEY'RE

10:37AM 3    OPINING THAT WE DON'T THINK IT'S RELEVANT.  WE DON'T THINK IT'S

10:37AM 4    MATERIAL.

10:37AM 5         THEY DON'T GET TO MAKE THAT CALL.  THEY CAN EXPRESS THEIR

10:37AM 6    OPINION ABOUT IT, BUT THEY CAN'T WITHHOLD SOMETHING JUST

10:37AM 7    BECAUSE THEY THINK IT'S NOT HELPFUL.  THEY HAVE TO PROVIDE IT,

10:37AM 8    AND THEN WE HAVE A CONVERSATION, AND I THINK THE JUDGE IS THE

10:37AM 9    PERSON THAT GETS TO MAKE THAT CALL LAST TIME I CHECKED SO

10:37AM 10   THAT'S HOW THAT SHOULD PROCEED.

10:37AM 11        THAT'S WHY I'M SAYING THIS PROCESS HAS BEEN ENGAGED NOW,

10:37AM 12   AND I CAN ISSUE AN ORDER TODAY, MR. BOSTIC, BUT I'D LIKE TO

10:37AM 13   GIVE YOU AN OPPORTUNITY TO SHARE MY THOUGHTS WITH THE AGENCIES

10:37AM 14   TO TELL THEM I EXPECT PRODUCTION.  THEY'RE ENTITLED TO IT.  TO

10:37AM 15   WHATEVER THEY'RE ENTITLED TO, THEY SHOULD GET IT AS SOON AS

10:37AM 16   POSSIBLE.

10:37AM 17        DO WE NEED -- IS THERE ANY OBJECTION TO -- FROM THE

10:37AM 18   PARTIES SPECIFICALLY ABOUT SPECIFIC INFORMATION?  I'M TRYING TO

10:37AM 19   PARSE THAT OUT WHAT THEY'RE SAYING.

10:38AM 20        MR. WADE:  TO BE HONEST, IT'S A LITTLE OPAQUE HERE,

10:38AM 21   YOUR HONOR.

10:38AM 22        THE COURT:  RIGHT.  I AGREE.  I AGREE.

10:38AM 23        MR. WADE:  AND WE RECEIVED THESE LETTERS JUST A

10:38AM 24   SHORT TIME AGO.  WE HAVE BEEN MEETING AND CONFERRING ON AN

10:38AM 25   ONGOING BASIS FOR MONTHS.  WE RECEIVED THE GOVERNMENT'S

10:38AM 1    POSITION JUST A FEW WEEKS AGO, AND IN RECEIVING THAT IT'S

10:38AM 2    REALLY HARD TO UNDERSTAND EXACTLY WHAT THEY'RE NECESSARILY

10:38AM 3    AGREEING TO DO.

10:38AM 4        A FEW THINGS STAND OUT, YOUR HONOR.  IT APPEARS FROM US,

10:38AM 5    BASED ON THE READING OF THE FDA LETTER, THAT THEY'RE ACTUALLY

10:38AM 6    AGREEING TO PRODUCE DOCUMENTS IN RESPONSE TO ONE OF THE

10:38AM 7    REQUESTS, REQUEST 4.  THAT'S OBVIOUSLY IN OUR VIEW NOT

10:38AM 8    SUFFICIENT.

10:38AM 9        TO THE EXTENT THAT THEIR POSITION IS ALL OF THE OTHER

10:38AM 10   CATEGORIES ARE IRRELEVANT, WE SHOULD JUST RESOLVE THOSE ISSUES,

10:38AM 11   PROVIDE THE CLARITY THAT IS NEEDED, AND KEEP THIS ON TRACK.  WE

10:38AM 12   HAVE THE SAME GOAL, YOUR HONOR.  WE WANT TO BE IN A POSITION TO

10:38AM 13   GET THIS INFORMATION AS QUICKLY AS POSSIBLE.  THAT'S WHY WE --

10:38AM 14   WHEN WE SAW THE SIGNIFICANCE OF IT, WE RAISED IT PROMPTLY WITH

10:39AM 15   THE COURT IN THE SPRING SO THAT WE COULD GET THIS RESOLVED

10:39AM 16   BECAUSE WE KNOW THIS MAY TAKE SOME TIME, AND OUR HOPE WOULD BE

10:39AM 17   THAT THE DIRECTION FROM THE COURT THAT THESE SIX REQUESTS ARE

10:39AM 18   MATERIAL TO THE PREPARATION OF THE DEFENSE, THAT THAT DIRECTION

10:39AM 19   FROM THE COURT AND THAT ENCOURAGEMENT OF AN EXPEDITIOUS

10:39AM 20   RESPONSE WOULD BE SUFFICIENT.

10:39AM 21       THEIR LETTER SUGGESTS OTHERWISE.  AGAIN, NOT -- THROUGH NO

10:39AM 22   FAULT OF THE GOVERNMENT AS REPRESENTED BY THE LAWYERS WHO ARE

10:39AM 23   SITTING IN THIS ROOM WHO RELAYED THOSE SIX REQUESTS FAITHFULLY

10:39AM 24   THROUGH TO THE AGENCIES.

10:39AM 25       THE AGENCIES HAVE COME BACK WITH A FAIR AMOUNT OF

10:39AM 1    AMBIGUITY.  SO I JUST -- MY FEAR ON YOUR APPROACH, WHICH I

10:39AM 2    APPRECIATE, IS WE'RE GOING TO FIND OURSELVES BACK HERE IN

10:39AM 3    60 DAYS IN THE SAME SPOT THAT WE'RE IN NOW.

10:39AM 4         THE COURT:  THAT WOULD BE DISAPPOINTING, WOULDN'T

10:39AM 5    IT?

10:39AM 6         MR. WADE:  IT WOULD BE VERY DISAPPOINTING.  AND IF

10:40AM 7    THAT 60 DAYS CAME WITH THE SUBPOENA POWER OF JUST TO BRING IN

10:40AM 8    THE APPROPRIATE WITNESSES AND TO EXPLORE IN AN EVIDENTIARY

10:40AM 9    HEARING WHY THESE MATERIALS HAVE NOT BEEN GATHERED, FRANKLY,

10:40AM 10   ASSURANCES -- I'M SURE THE COURT SAW IT APPEARS THAT SOME

10:40AM 11   MATERIALS FROM THE CDPH WERE NOT PRESERVED AND MAY HAVE BEEN

10:40AM 12   DESTROYED.  THOSE ARE EXCULPATORY MATERIALS FOR MS. HOLMES AND

10:40AM 13   MR. BALWANI.  SO WE WANT TO MAKE SURE THAT --

10:40AM 14        THE COURT:  WELL, ARE THEY?  WE DON'T KNOW IF

10:40AM 15   THEY'RE EXCULPATORY BECAUSE WE DON'T KNOW WHAT THEY ARE.  THEY

10:40AM 16   COULD VERY WELL BE.  BUT I UNDERSTAND THAT NOTES ARE NOT

10:40AM 17   AVAILABLE NOW, THEY'RE GONE.

10:40AM 18        MR. WADE:  WELL, WHAT WE DO KNOW, YOUR HONOR, IS

10:40AM 19   THAT THE LAB INSPECTORS CAME IN AND AUDITED THE LAB AND

10:40AM 20   BASICALLY GAVE A CLEAN BILL OF HEALTH, WHICH WAS KNOWN TO BOTH

10:40AM 21   OF THE DEFENDANTS IN THIS CASE AND IS CLEARLY VERY RELEVANT TO

10:40AM 22   THEIR INTENT AND BELIEF THAT EVERYTHING WAS GOING WELL IN THE

10:40AM 23   LAB.

10:40AM 24        THE COURT:  SO THAT'S A FACT THAT THERE'S NOT GOING

10:40AM 25   TO BE MUCH DISPUTE ABOUT, BUT WHAT YOU'RE SAYING IS THAT THE

10:40AM 1  NOTES OF THAT INSPECTION WOULD HAVE BEEN HELPFUL TO DRILL DOWN.

10:40AM 2  MR. WADE:  ABSOLUTELY.

10:41AM 3  THE COURT:  SURE.  OKAY.

10:41AM 4  MR. WADE:  AND BRADY MATERIAL WE THINK, YOUR HONOR.

10:41AM 5  THE COURT:  WELL, IT SOUNDS LIKE THE EVIDENCE IS NOT

10:41AM 6  GOING TO BE, AND I DON'T WANT TO GET INTO THE EVIDENCE, BUT IT

10:41AM 7  SOUNDS LIKE THERE'S NOT GOING TO BE MUCH DISPUTE THAT THAT

10:41AM 8  AGENCY CAME IN AND GAVE A CLEAN BILL OF HEALTH FOR WHATEVER

10:41AM 9  REASON.  THE NOTES THEMSELVES MIGHT HAVE BEEN PART OF

10:41AM 10  ADDITIONAL INFORMATION, BUT ANYHOW, I UNDERSTAND YOUR POINT.

10:41AM 11  LET ME JUST MOVE TO ONE SPECIFIC AREA, AND THIS IS WITH

10:41AM 12  THE S.E.C.  APPARENTLY, AS TO THE S.E.C. THE GOVERNMENT HAS

10:41AM 13  AGREED TO MAKE AVAILABLE TO THE DEFENSE THE AGENT NOTES OF

10:41AM 14  WITNESS INTERVIEWS I THINK.  I THINK THAT'S WHAT I READ FROM

10:41AM 15  YOUR PLEADINGS.

10:41AM 16  MR. BOSTIC:  SO, YOUR HONOR, AS TO AGENT NOTES, FOR

10:41AM 17  EXAMPLE, FBI AGENT NOTES, POSTAL INSPECTOR AGENT NOTES, THE

10:41AM 18  GOVERNMENT'S PLAN AND THE OFFER TO THE DEFENSE IS TO MAKE THOSE

10:41AM 19  AVAILABLE FOR THE DEFENSE'S REVIEW.  THE DEFENSE CAN THEN BRING

10:41AM 20  TO OUR ATTENTION ANY MATERIAL FROM THOSE NOTES THAT THEY

10:41AM 21  BELIEVE IS BRADY, AND THEN WE CAN TALK ABOUT PRODUCTION.

10:41AM 22  AS TO THE S.E.C., THE GOVERNMENT, THE PROSECUTION DOESN'T

10:41AM 23  HAVE THE SAME ACCESS TO THE S.E.C.'S NOTES THAT WE DO TO, SAY,

10:42AM 24  THE FBI'S NOTES.  FOR THAT REASON WHAT WE'RE IN A POSITION TO

10:42AM 25  OFFER THERE IS THAT WE WILL UNDERTAKE A REVIEW OF THOSE S.E.C.

10:42AM  1    NOTES AS IS TRADITIONALLY OUR OBLIGATION UNDER BRADY, AND TAKE

10:42AM  2    APPROPRIATE STEPS IF BRADY MATERIAL IS IDENTIFIED.

10:42AM  3            THE COURT:  AND I THINK THE DEFENSE AGREES WITH

10:42AM  4    THAT?

10:42AM  5            MR. WADE:  WE DID.  WE'VE MET AND CONFERRED

10:42AM  6    EXTENSIVELY WITH THE GOVERNMENT ON THIS.  WE HAVE SOME

10:42AM  7    HESITATION BECAUSE THE GOVERNMENT'S ABILITY TO SPOT A LOT OF

10:42AM  8    MATERIAL, THEIR ABILITY TO SPOT WHAT IS APPROPRIATELY

10:42AM  9    CONSIDERED BRADY BY THE DEFENSE SEEMS TO ME TO BE A PRETTY

10:42AM 10    PRECARIOUS ENDEAVOR.

10:42AM 11            THE COURT:  THEY GET EXTENSIVE TRAINING ON THAT.

10:42AM 12    THEY GET EXTENSIVE TRAINING AT THEIR SCHOOLS ON THAT.  AND THEY

10:42AM 13    KNOW -- I AM SMILING HERE AND WE ARE ALL SMILING ABOUT THAT,

10:42AM 14    BUT LET ME JUST BE CLEAR, BRADY IS A SERIOUS MATTER.  IT'S

10:42AM 15    SOMETHING THAT AT LEAST, AND I KNOW THESE COUNSEL, THEY'VE

10:42AM 16    APPEARED IN FRONT OF ME AND THEY'VE TRIED CASES IN FRONT OF ME,

10:42AM 17    AND MY EXPERIENCE IS THAT THEY KNOW THE BRADY RESPONSIBILITY IS

10:43AM 18    ONGOING AND THEY KNOW THAT, THEY KNOW THAT THE COURTS,

10:43AM 19    PARTICULARLY THIS COURT, TAKE THAT VERY SERIOUSLY, AND THEY

10:43AM 20    RECOGNIZE, AS ALL PROSECUTORS DO, THEY PROCEED AT THEIR OWN

10:43AM 21    PERIL WITH BRADY.  IT'S TYPICALLY, AND I'M JUST COMMENTING,

10:43AM 22    IT'S TYPICALLY BETTER TO PROCEED OUT OF AN ABUNDANCE OF CAUTION

10:43AM 23    IN THAT REGARD BECAUSE THEY KNOW, AND NOT JUST THESE LAWYERS,

10:43AM 24    BUT PROSECUTORS ACROSS THE COUNTRY KNOW THAT A BRADY VIOLATION

10:43AM 25    COULD PUT IN JEOPARDY THEIR CASE, AND I THINK THEY'RE TAUGHT

10:43AM 1     THAT AND THEY KNOW THAT FROM EXPERIENCE.

10:43AM 2         I'M SAYING IT ON THE RECORD BECAUSE I JUST WANT EVERYONE

10:43AM 3     TO KNOW IT'S A SERIOUS MATTER.

10:43AM 4             MR. WADE:  WE APPRECIATE THAT, YOUR HONOR, AND I IN

10:43AM 5     NO WAY MEANT TO SUGGEST OTHERWISE.  WE APPRECIATE THAT THE

10:43AM 6     GOVERNMENT AGREED IN NARROWING THE DISPUTES TO TAKE ON THAT

10:43AM 7     OBLIGATION, AND I THINK IN THE FIRST INSTANCE WE'RE WILLING TO

10:43AM 8     ACCEPT THAT FOR THE MOST PART.

10:43AM 9         THERE IS ONE SPECIFIC SET OF WITNESSES, TWO WITNESSES.

10:44AM 10            THE COURT:  YES, YOU'RE GOING TO SPEAK ABOUT

10:44AM 11    CRAIG HALL, BRYAN TOLBERT?

10:44AM 12            MR. WADE:  YES.  THE ISSUE THAT WE THINK WE'VE MADE

10:44AM 13    A NECESSARY SHOWING THAT BRADY WOULD EXIST WITHIN THOSE NOTES

10:44AM 14    AND COMMUNICATIONS WITH COUNSEL SUCH THAT THAT SHOULD BE

10:44AM 15    PROVIDED TO THE DEFENSE AT THIS TIME.

10:44AM 16            THE COURT:  YOU WANT AGENT NOTES, S.E.C. AGENT NOTES

10:44AM 17    AND INTERVIEW OF MEMORANDUM REGARDING THEIR INTERVIEWS AND YOU

10:44AM 18    SUGGEST THAT AFTER REVIEWING THE DEPOSITION TESTIMONY OF THOSE

10:44AM 19    WITNESSES THAT THERE'S SOME INCONSISTENCY THAT YOU THINK MIGHT

10:44AM 20    RAISE AN ISSUE OF BRADY.

10:44AM 21            MR. WADE:  AND WANTING TO BE SOMEWHAT DISCRETE AND

10:44AM 22    FAIR TO THE PARTICULAR PEOPLE, I WILL SAY THAT HIGHLY PROBATIVE

10:44AM 23    MATERIAL THAT GOES -- THAT IS CENTRAL TO ONE OF THE COUNTS IN

10:44AM 24    THE INDICTMENT.

10:44AM 25        I THINK WE'VE MADE THE NECESSARY SHOWING, AND IT'S SET

10:44AM 1    FORTH IN THE PLEADINGS, AND THERE'S CLEARLY A DISCREPANCY.  IN

10:44AM 2    ONE -- ON ONE OCCASION SOMEONE ADMITTED TO A CRIME UNDER

10:44AM 3    CALIFORNIA LAW.  ON ANOTHER OCCASION THEY SAID THE OPPOSITE.

10:45AM 4    THAT'S ABOUT AS DIRECT OF A CONTRADICTION AS CAN EXIST.

10:45AM 5              THE COURT:  AND YOU WANT S.E.C. COMMUNICATIONS WITH

10:45AM 6    THEM, THAT IS, EITHER OF THESE WITNESSES AND/OR THEIR COUNSEL?

10:45AM 7              MR. WADE:  CORRECT.

10:45AM 8              THE COURT:  YOU'RE SUGGESTING E-MAILS OR LETTERS

10:45AM 9    THAT PERHAPS MIGHT SCHEDULE INTERVIEWS OR FOLLOWUP, THAT TYPE

10:45AM 10   OF THING?  YOU'RE NOT SEEKING PRIVILEGED INFORMATION.

10:45AM 11             MR. WADE:  WE'RE NOT SEEKING PRIVILEGED INFORMATION

10:45AM 12   EXCEPT THAT WE ARE SEEKING NOTES.  SO WHETHER -- WE'RE

10:45AM 13   REVIEWING OTHER NOTES IN THE CASE SO I AM ASSUMING THAT THE

10:45AM 14   GOVERNMENT IS NOT TAKING THE POSITION THAT NOTES OF THEIR

10:45AM 15   MEETING WITH THE WITNESSES WOULD BE PRIVILEGED OR AREN'T

10:45AM 16   AVAILABLE FOR PRODUCTION.

10:45AM 17        SO WE'RE NOT SEEKING ANYTHING THAT WE DON'T THINK WE'RE

10:45AM 18   ENTITLED TO UNDER RULE 16 AND BRADY.

10:45AM 19             THE COURT:  OKAY.

10:45AM 20             MR. WADE:  EVEN IF IT WAS PRIVILEGED, FRANKLY, YOUR

10:45AM 21   HONOR, GIVEN THAT IT'S BRADY, I THINK UNDER NINTH CIRCUIT LAW

10:45AM 22   THOSE CLAIMS WOULD -- THE PRIVILEGE ASSERTIONS WOULD YIELD TO

10:45AM 23   THE GOVERNMENT'S BRADY OBLIGATION.

10:46AM 24        BUT I THINK THE GOVERNMENT HASN'T TAKEN THE POSITION

10:46AM 25   NECESSARILY THAT THOSE MATERIALS ARE PRIVILEGED.

10:46AM  1          IF IT WANTS TO MAKE SOME OFFERING AS TO SOME ALTERNATIVE

10:46AM  2     MEANS TO PROVIDE THAT, WE'RE OPEN TO BEING REASONABLE, BUT IT

10:46AM  3     SEEMS LIKE THE CLEAREST WAY IS TO PROVIDE THE NOTES IN --

10:46AM  4          THE COURT:  WELL, YOU'RE ALWAYS GOING TO BE

10:46AM  5     REASONABLE, I KNOW THAT.

10:46AM  6          SO LET ME JUST ADD, MR. BOSTIC, WHAT ABOUT GETTING THAT

10:46AM  7     INFORMATION?  CAN YOU SECURE THAT?

10:46AM  8          MR. BOSTIC:  YOUR HONOR, I'LL ADDRESS THAT.  I DO

10:46AM  9     HAVE SOME POINTS TO MAKE ABOUT THE FDA AND CMS DOCUMENTS AS

10:46AM 10     WELL.

10:46AM 11          THE COURT:  WE'LL GET BACK TO THAT.

10:46AM 12          MR. BOSTIC:  BUT WHILE WE'RE ON THIS TOPIC, I THINK

10:46AM 13     THE DEFENSE'S PROPOSAL STILL SKIPS A STEP FOR NO REASON.  I

10:46AM 14     THINK IT SKIPS A STEP OF THE PROSECUTION REVIEWING THOSE

10:46AM 15     MATERIALS AND REACHING A POSITION AS TO WHETHER THOSE MATERIALS

10:46AM 16     CONTAIN BRADY INFORMATION OR NOT.

10:46AM 17          I THINK IN IDENTIFYING THE ISSUE THAT THE DEFENSE HAS

10:46AM 18     IDENTIFIED IT WILL INFORM THAT PROCESS, IT WILL ALLOW THE

10:46AM 19     GOVERNMENT TO CONDUCT THAT REVIEW WITH A KNOWLEDGE OF WHAT THE

10:47AM 20     DEFENSE IS CONCERNED ABOUT AND THAT WILL ONLY SERVE TO INCREASE

10:47AM 21     THE RELIABILITY OF THE GOVERNMENT'S REVIEW.

10:47AM 22          BUT I DON'T --

10:47AM 23          THE COURT:  HOW WOULD THOSE -- I'M SORRY TO

10:47AM 24     INTERRUPT YOU.

10:47AM 25          HOW IS THAT ANALYSIS DIFFERENT THAN YOUR AGREEMENT TO GIVE

10:47AM   1   AGENT NOTES REGARDING WITNESS INTERVIEWS?  IS THERE A

10:47AM   2   DISTINCTION?

10:47AM   3            MR. BOSTIC:  THE DISTINCTION -- AT LEAST ONE

10:47AM   4   DISTINCTION, YOUR HONOR, IS THE LEVEL OF THE PROSECUTION'S

10:47AM   5   ACCESS TO THE MATERIALS THAT WE'RE TALKING ABOUT.

10:47AM   6       WHEN IT COMES TO FBI AGENT NOTES, POSTAL INSPECTOR AGENT

10:47AM   7   NOTES, THE PROSECUTION HAS NEEDED ONLY TO REQUEST THOSE

10:47AM   8   MATERIALS FROM THE AGENCIES, AND WE'VE OBTAINED THEM.

10:47AM   9       WHEN IT COMES TO THE S.E.C., WE DON'T HAVE THAT SAME

10:47AM  10   RELATIONSHIP WITH THEM.  WE DON'T HAVE THAT LEVEL OF CONTROL,

10:47AM  11   THE ABILITY TO DIRECT THEM TO SHARE THOSE MATERIALS WITH US,

10:47AM  12   AND --

10:47AM  13            THE COURT:  I WONDER IF THERE'S AN S.E.C. ATTORNEY

10:47AM  14   IN THE ROOM THAT MIGHT ACCEDE TO THAT REQUEST?

10:47AM  15            MR. BOSTIC:  YOUR HONOR, MY UNDERSTANDING, I DON'T

10:47AM  16   WANT TO SPEAK FOR THE S.E.C., BUT BASED ON OUR CONVERSATIONS

10:47AM  17   WITH THEM THE OFFER THAT THEY HAVE MADE AND THAT WE APPRECIATE

10:48AM  18   IS TO ALLOW US ACCESS TO CONDUCT THAT REVIEW OURSELVES AND

10:48AM  19   DETERMINE WHETHER THERE IS BRADY INFORMATION PRESENT IN THOSE

10:48AM  20   MATERIALS.

10:48AM  21       I THINK IT'S UNDERSTANDABLE THAT THE S.E.C. MIGHT BE

10:48AM  22   RESISTANT TO THE IDEA OF TURNING OVER THOSE MATERIALS TO THE

10:48AM  23   DEFENSE, PARTLY BECAUSE MR. BALWANI IS CURRENTLY ENGAGED IN

10:48AM  24   ACTIVE LITIGATION AGAINST THE S.E.C. IN A CIVIL MATTER.

10:48AM  25       SO GIVEN THAT THE STANDARD APPROACH WITH BRADY MATERIALS

10:48AM  1    IS FOR THE PROSECUTION TO UNDERTAKE THAT REVIEW, THAT IS AN

10:48AM  2    OBLIGATION THAT RESTS ON THE PROSECUTION, IT'S SELF-EXECUTING,

10:48AM  3    IT DOESN'T REQUIRE A COURT ORDER.  THE CASES ARE VERY CLEAR ON

10:48AM  4    THAT.

10:48AM  5         TO ECHO THE COURT'S EARLIER COMMENTS, IT'S ABSOLUTELY

10:48AM  6    SOMETHING THAT THE PROSECUTORS IN THIS CASE TAKE VERY

10:48AM  7    SERIOUSLY.  GIVEN THAT THAT OBLIGATION IS ALREADY ON US, WE'VE

10:48AM  8    TAKEN THE STEP TO GO BEYOND THAT AS TO THE FBI POSTAL INTERVIEW

10:48AM  9    NOTES AND TO ACTUALLY LET THE DEFENSE PARTICIPATE IN THAT

10:48AM 10    REVIEW.

10:48AM 11         AS TO THE S.E.C., WE'RE NOT IN A POSITION TO MAKE THAT

10:48AM 12    OFFER, AND I DON'T THINK THE DEFENSE IS ENTITLED TO ANYTHING

10:49AM 13    MORE THAN HAVING US CONDUCT THAT REVIEW IN GOOD FAITH, YOUR

10:49AM 14    HONOR.

10:49AM 15              THE COURT:  WELL, THIS IS A BRADY REQUEST FOR THESE

10:49AM 16    NOTES FROM THESE WITNESSES.

10:49AM 17              MR. WADE:  IT IS A VERY SPECIFIC BRADY REQUEST BASED

10:49AM 18    ON VERY SPECIFIC INFORMATION AND A VERY SPECIFIC OFFERING.

10:49AM 19         THE GOVERNMENT HAS BEEN AWARE OF THIS REQUEST FOR

10:49AM 20    TWO MONTHS NOW AND WE HAVE NOT RECEIVED ANYTHING SO -- AND

10:49AM 21    RESPECTFULLY, WE'RE ALL BUSY SO I, I KNOW THAT THEY DON'T JUST

10:49AM 22    GO AND READ OUR PLEADINGS AND THEN IMMEDIATELY RESPOND TO

10:49AM 23    EVERYTHING THAT WE WRITE.

10:49AM 24              THE COURT:  SURE.

10:49AM 25              MR. WADE:  BUT THERE'S A LITTLE BIT OF A PATTERN

10:49AM 1    HERE, YOUR HONOR, WHERE WE'RE KIND OF KICKING THE CAN DOWN THE

10:49AM 2    ROAD EXCEPT THE END OF THE ROAD HAS NOW BEEN SET AND IT'S

10:49AM 3    COMING FAST.

10:49AM 4        SO TO THE EXTENT THAT WE ARE CONTINUING TO DEFER THESE

10:49AM 5    ISSUES THAT BRING HUGE AMOUNTS OF WORK AND CHALLENGES FOR THE

10:49AM 6    DEFENSE TO BE PREPARED, TO KEEP THE ROAD METAPHOR, IT'S A

10:50AM 7    LITTLE BIT OF A COLLISION COURSE.

10:50AM 8            THE COURT:  I SHOULD ASK MR. BOSTIC HOW QUICKLY HE

10:50AM 9    CAN GET THIS MATERIAL AND GET IT REVIEWED.  MAYBE THAT WOULD BE

10:50AM 10   HELPFUL.

10:50AM 11           MR. BOSTIC:  THAT'S A GOOD QUESTION, YOUR HONOR.  IT

10:50AM 12   WILL DEPEND ON THE SPEED OF WHICH THE S.E.C. CAN PROVIDE IT,

10:50AM 13   BUT THE GOVERNMENT IS HAPPY TO MOVE FORWARD WITH THAT AS

10:50AM 14   QUICKLY AS POSSIBLE.

10:50AM 15           THE COURT:  SO SHOULD I GIVE YOU OR TELL YOU I WANT

10:50AM 16   THIS DONE IN X DAYS AND THEN YOU CAN PRESENT THAT TO THE S.E.C.

10:50AM 17   AND THAT WILL GET THEM OFF THEIR SEATS PERHAPS?

10:50AM 18           MR. BOSTIC:  WE'LL COMPLY WITH ANY COURT ORDER OF

10:50AM 19   COURSE, YOUR HONOR.  I DON'T THINK THAT'S NECESSARY.  I DON'T

10:50AM 20   THINK THE S.E.C. HAS BEEN DRAGGING ITS FEET ON THIS.  I DON'T

10:50AM 21   WANT TO IMPLY THAT OR GIVE THE COURT THAT IMPRESSION.

10:50AM 22           THE COURT:  NOR DO I.  BUT I WANT TO GIVE A SIGNAL

10:50AM 23   HERE, AND I HOPE MY COMMENTS ARE NOT OPAQUE.  I HOPE THEY'RE

10:50AM 24   CLEAR THAT I REALLY DO WANT THIS PROCESS FOR BOTH OF YOUR

10:50AM 25   BENEFITS, ALL THREE OF YOUR BENEFITS, TO GET FORWARD.  LET'S

10:50AM  1    GET THROUGH THIS SO YOU CAN GET ABOUT THE BUSINESS OF TRYING

10:50AM  2    YOUR CASE AND PREPARING YOUR CASES.

10:50AM  3              MR. BOSTIC:  LET ME PROVIDE SOME MORE FACTS TO THE

10:51AM  4    COURT IN CONNECTION WITH THESE TWO WITNESSES IN PARTICULAR,

10:51AM  5    MR. TOLBERT AND MR. HALL.

10:51AM  6              THE COURT:  SURE.

10:51AM  7              MR. BOSTIC:  MY UNDERSTANDING FROM RECENT

10:51AM  8    CONVERSATIONS WITH THE S.E.C. IS THAT AS TO ONE OF THOSE

10:51AM  9    WITNESSES THERE ARE NO INTERVIEW NOTES AT ALL.

10:51AM  10       AS TO THE OTHER, I BELIEVE THERE ARE SOMETHING ON THE

10:51AM  11   ORDER OF FOUR PAGES OF NOTES THAT WE'RE TALKING ABOUT.

10:51AM  12       SO WE'RE TALKING ABOUT A RELATIVELY SMALL UNIVERSE OF

10:51AM  13   MATERIAL THAT NEEDS TO BE REVIEWED.  I THINK ONCE WE GET ACCESS

10:51AM  14   TO IT, IT WON'T TAKE LONG FOR US TO GO THROUGH IT.

10:51AM  15       I THINK THE CHANCES OF US MISSING SOMETHING IN THAT VERY

10:51AM  16   SMALL DOCUMENT, I THINK IT'S A SMALL CHANCE OR ACTUALLY NO

10:51AM  17   CHANCE AT ALL.  SO I THINK THE PREFERRED APPROACH WOULD STILL

10:51AM  18   BE TO LET THE GOVERNMENT UNDERTAKE THAT REVIEW.  I DON'T THINK

10:51AM  19   IT WILL TAKE LONG.

10:51AM  20       IN TURN, THE SMALL AMOUNT OF MATERIAL MEANS THAT IF THERE

10:51AM  21   IS SOMETHING THAT NEEDS TO GO OVER TO THE DEFENSE, IT WON'T BE

10:51AM  22   A MOUNTAIN OF MATERIAL THAT WILL TAKE THEM MONTHS TO REVIEW.

10:51AM  23   IT WILL BE SOMETHING VERY CIRCUMSCRIBED, SOMETHING VERY

10:51AM  24   DISCRETE THAT WON'T THREATEN THE TRIAL PREPARATION PROCESS.

10:51AM  25              THE COURT:  THANK YOU.  THANK YOU.  IT SOUNDS

10:51AM 1      LIKE -- THAT'S VERY REVEALING AND HELPFUL.  IT SOUNDS LIKE THIS

10:52AM 2      CAN BE ACCOMPLISHED IN ABOUT TWO WEEKS.

10:52AM 3                  MR. BOSTIC:  I WOULD HOPE SO, YOUR HONOR.

10:52AM 4                  THE COURT:  IT SOUNDS LIKE.  SO MAY I GIVE YOU

10:52AM 5      TWO WEEKS TO GET THAT DONE AND YOU CAN LET THE S.E.C. KNOW THAT

10:52AM 6      THEY'RE ON THAT DEADLINE?

10:52AM 7                  MR. BOSTIC:  THAT'S FINE, YOUR HONOR.

10:52AM 8                  THE COURT:  AND WE CAN GET THAT ACCOMPLISHED.  IF

10:52AM 9      IT'S FOUR PAGES, THEN IT'S FOUR PAGES.  THEN THEY'LL PROVIDE AN

10:52AM 10     ANSWER, IF THEY DON'T HAVE NOTES AS TO ONE OF THEM, THEY'LL

10:52AM 11     PROVIDE AN AFFIRMATIVE ANSWER THAT THEY DON'T HAVE THE MATERIAL

10:52AM 12     OR SOMETHING AND THAT WOULD ADVISE ALL OF US AS TO THAT

10:52AM 13     MATERIAL.

10:52AM 14                 MR. WADE:  THAT SEEMS REASONABLE, YOUR HONOR.

10:52AM 15                 THE COURT:  OKAY.  GREAT.  THANK YOU.

10:52AM 16        YOU WANTED TO GO BACK TO CMS AND FDA.

10:52AM 17                 MR. BOSTIC:  YES.  THANK YOU, YOUR HONOR.  I WON'T

10:52AM 18     TALK LONG ABOUT THE IMPORTANCE OF THESE DOCUMENTS.  THE

10:52AM 19     GOVERNMENT IS NOT ARGUING THAT DOCUMENTS HELD BY FDA AND CMS

10:52AM 20     ARE RELEVANT.  WE DID GO THROUGH THE STEP OF COLLECTING

10:52AM 21     SIGNIFICANT AMOUNTS OF DOCUMENTS FROM THOSE AGENCIES.

10:52AM 22        I DO WANT TO MAKE SURE THAT THE CONTEXT IS NOT LOST,

10:52AM 23     THOUGH.

10:52AM 24        THE INDICTMENT ALLEGES, I BELIEVE, NINE DIFFERENT

10:53AM 25     CATEGORIES OF FALSE STATEMENTS THE DEFENDANTS MADE IN

10:53AM 1    FURTHERANCE OF THEIR SCHEMES TO DEFRAUD.

10:53AM 2         THERE ARE MISREPRESENTATIONS ABOUT THE FDA'S APPROVAL OR

10:53AM 3    WHAT WAS REQUIRED BY WAY OF FDA APPROVAL IS ONLY ONE OF THOSE

10:53AM 4    NINE CATEGORIES.

10:53AM 5         THE GOVERNMENT COLLECTED AND PRODUCED TO THE DEFENSE, I

10:53AM 6    BELIEVE, APPROXIMATELY 300,000 PAGES OF DOCUMENTS FROM THOSE

10:53AM 7    AGENCIES.  THAT REPRESENTS ABOUT 2 PERCENT OF THE GOVERNMENT'S

10:53AM 8    PRODUCTION IN THIS CASE.

10:53AM 9         SO I WOULD PUSH BACK ON THE DEFENSE'S CHARACTERIZATION

10:53AM 10   THAT THE GOVERNMENT'S CASE HERE RESTS ON DOCUMENTS FROM THOSE

10:53AM 11   AGENCIES.  I THINK THAT'S OVERSTATING IT BY QUITE A BIT.

10:53AM 12        BUT THAT SAID, THESE AGENCIES DO HAVE RELEVANT

10:53AM 13   INFORMATION.  OUR ORIGINAL REQUESTS TO THE AGENCIES WERE

10:53AM 14   TAILORED TO CAPTURE THE MOST RELEVANT INFORMATION THAT THOSE

10:53AM 15   AGENCIES HAD.

10:53AM 16        THERE'S NO SHOWING HERE, DESPITE THE DEFENSE'S

10:53AM 17   IMPLICATIONS, THAT THE GOVERNMENT CHERRY PICKED DOCUMENTS FROM

10:53AM 18   THESE AGENCIES, THAT WE CRAFTED OUR REQUESTS TO CAPTURE

10:54AM 19   INCULPATORY MATERIAL ONLY AND TOLD THEM TO KEEP THE EXCULPATORY

10:54AM 20   MATERIAL SO THAT WE DIDN'T HAVE TO TURN IT OVER.  THERE'S NO

10:54AM 21   HINT OF THAT, AND, INDEED, I'LL REPRESENT TO THE COURT THAT OF

10:54AM 22   COURSE THAT'S NOT WHAT HAPPENED.

10:54AM 23        THE GOVERNMENT'S CONVERSATIONS WITH THOSE AGENCIES

10:54AM 24   DEFINING WHAT NEEDED TO BE COLLECTED AGAIN FOCUSSED ON THE GOAL

10:54AM 25   OF OBTAINING THE THINGS THAT WERE MOST IMPORTANT, THE THINGS

10:54AM 1    THAT HELPED US SHOW WHAT, IN FACT, HAPPENED, WHETHER THAT WAS

10:54AM 2    EXCULPATORY OR INCULPATORY.

10:54AM 3        THE DEFENSE'S DEMAND FOR ADDITIONAL DOCUMENTS FROM THOSE

10:54AM 4    AGENCIES, THE GOVERNMENT IS NOT OPPOSING THIS MOTION BECAUSE WE

10:54AM 5    DON'T WANT THEM TO HAVE THOSE DOCUMENTS.  I THINK THE RECORD

10:54AM 6    SHOULD ESTABLISH THAT.

10:54AM 7        OUR GENERAL APPROACH TO DISCOVERY IN THIS CASE HAS BEEN WE

10:54AM 8    COLLECT MATERIALS FROM A THIRD PARTY, WE TURN EVERYTHING OVER

10:54AM 9    TO THE DEFENSE.  WE PRODUCED 20 MILLION PAGES.  WE'RE PRODUCING

10:54AM 10   ADDITIONAL PAGES, SOME THAT WE HAVEN'T EVEN HAD A CHANCE TO

10:54AM 11   REVIEW YET.

10:54AM 12       IT IS NOT A GOAL OF OURS TO KEEP THE DEFENSE FROM HAVING

10:54AM 13   THE DOCUMENTS THAT IT THINKS IT NEEDS TO PREPARE ITS DEFENSE AT

10:55AM 14   TRIAL.

10:55AM 15       THE REASON WE'RE OPPOSING AND THE REASON THE GOVERNMENT

10:55AM 16   HAS CONCERNS ABOUT THE COURT'S PROPOSAL TO POTENTIALLY ISSUE AN

10:55AM 17   ORDER DOWN THE ROAD FOCUSES ON THE GOVERNMENT'S ACCESS TO THESE

10:55AM 18   AGENCY MATERIALS AND THAT'S REALLY WHAT THIS ALL COMES DOWN TO.

10:55AM 19       AS MENTIONED IN THE GOVERNMENT'S BRIEFING, THE GOVERNMENT

10:55AM 20   IS NOT CONCEDING MATERIALITY OF THESE MATERIALS.  PARTLY THAT'S

10:55AM 21   BECAUSE WE DON'T KNOW WHAT THEY CONTAIN AND THAT AGAIN JUST

10:55AM 22   UNDERSCORES THE POINT THAT WE DON'T HAVE ACCESS TO THEM.

10:55AM 23       IN OTHER CASES THE DEFENSE CITES COURTS HAVE ATTEMPTED TO

10:55AM 24   DETERMINE WHETHER THE PROSECUTION HAS ACCESS TO AN AGENCY'S

10:55AM 25   DOCUMENTS BY EFFECTIVELY ANSWERING THE HYPOTHETICAL QUESTION

10:55AM  1    WHAT WOULD HAPPEN IF THE PROSECUTION TRIED TO OBTAIN THESE

10:55AM  2    DOCUMENTS FROM THE AGENCY?  WOULD THEY BE SUCCESSFUL IN GETTING

10:55AM  3    THEM OR NOT?

10:55AM  4         AND IN ANSWERING THAT QUESTION COURTS CAN LOOK TO THINGS

10:55AM  5    LIKE WHAT HAPPENED THE LAST TIME THE PROSECUTION ASKED FOR

10:55AM  6    DOCUMENTS?  HOW CLOSELY RELATED ARE THESE AGENCIES IN GENERAL

10:56AM  7    IN CONNECTION WITH THAT SPECIFIC INVESTIGATION?  AND THEY CAN

10:56AM  8    USE THOSE FACTS TO REACH A CONCLUSION ABOUT WHAT WOULD HAPPEN

10:56AM  9    IF THE GOVERNMENT SOUGHT DOCUMENTS FROM THE OTHER AGENCY.

10:56AM  10        HERE IT'S NOT A HYPOTHETICAL QUESTION BECAUSE THE

10:56AM  11   PROSECUTION ACTUALLY TOOK THE STEP OF MAKING THOSE FORMAL

10:56AM  12   REQUESTS FOR THE DOCUMENTS TO THE AGENCIES, AND WE HAVE THE

10:56AM  13   RESPONSES BACK FROM THE AGENCIES THAT INDICATE WHAT THEY'RE

10:56AM  14   WILLING TO PRODUCE, WHAT ISSUES NEED TO BE ADDRESSED BEFORE

10:56AM  15   THEY CAN PRODUCE CERTAIN CATEGORIES OF DOCUMENTS.

10:56AM  16        THE DEFENSE IS QUICK TO POINT OUT EVERY QUALIFICATION IN

10:56AM  17   THOSE LETTERS, EVERY TIME THE AGENCIES GAVE SOMETHING OTHER

10:56AM  18   THAN AN UNQUALIFIED AGREEMENT TO PRODUCE, AND THAT'S WHAT

10:56AM  19   THEY'RE HERE COMPLAINING ABOUT.

10:56AM  20        BUT THE VERY FACT THAT THE AGENCIES DIDN'T SIMPLY

10:56AM  21   AUTOMATICALLY AGREE TO GIVE US EVERYTHING CONCLUSIVELY

10:56AM  22   ESTABLISHES THAT WE DON'T HAVE FULL ACCESS TO THOSE MATERIALS.

10:56AM  23        IF WE HAD ACCESS TO THOSE MATERIALS, WE WOULD HAVE

10:56AM  24   REQUESTED THEM, WE WOULD HAVE RECEIVED THEM AS A MATTER OF

10:57AM  25   COURSE, AND WE WOULD BE PRODUCING THEM TO THE DEFENSE AS A

10:57AM 1     MATTER OF COURSE.

10:57AM 2          I ALSO GET THE SENSE FROM THE DEFENSE'S ARGUMENT THAT

10:57AM 3     THEY'RE CONCERNED THAT THE AGENCIES ARE NOT PERCEIVING THESE

10:57AM 4     REQUESTS AS GENUINELY COMING FROM THE GOVERNMENT.

10:57AM 5          ON THAT POINT ALL I CAN SAY IS I WANT TO ASSURE THE

10:57AM 6     DEFENSE AND THE COURT THAT IN MAKING THESE REQUESTS WE DIDN'T

10:57AM 7     MAKE THEM WITH A WINK.  WE WEREN'T CROSSING OUR FINGERS WHEN WE

10:57AM 8     PASSED THEM ALONG.  IN FACT, WE EXPRESSLY MADE IT CLEAR TO THE

10:57AM 9     AGENCIES THAT ALTHOUGH THEY KNEW THAT THE DEFENSE HAD COME UP

10:57AM 10    WITH THESE CATEGORIES, THAT WE WANTED THEM TO VIEW THESE

10:57AM 11    REQUESTS AS COMING DIRECTLY FROM THE U.S. ATTORNEY'S OFFICE AND

10:57AM 12    THAT WE WANTED THEM TO TREAT THEM AS SUCH REGARDLESS OF THE

10:57AM 13    FACT THAT THEY ORIGINATE WITH THE DEFENSE.

10:57AM 14         AND I HAVE NO REASON TO THINK THAT THE AGENCIES ARE DOING

10:57AM 15    ANYTHING OTHER THAN WHAT HAS BEEN REQUESTED IN THAT REGARD.

10:57AM 16         WHEN IT COMES TO THE SEQUENCE OF EVENTS HERE, AGAIN, I

10:57AM 17    THINK IT UNDERSCORES THE POINT THAT WE AREN'T WORRIED ABOUT THE

10:57AM 18    DEFENSE HAVING THESE DOCUMENTS; THAT WE MADE THIS REQUEST,

10:58AM 19    DESPITE THE FACT THAT WE DON'T BELIEVE THAT WE'RE REQUIRED TO

10:58AM 20    COLLECT THESE DOCUMENTS; THAT WE DID NOT WAIT FOR A COURT

10:58AM 21    ORDER; THAT EVEN AFTER WE OFFERED TO MAKE THAT REQUEST AND THE

10:58AM 22    DEFENSE REJECTED THAT OFFER, WE STILL WENT AHEAD AND MADE THE

10:58AM 23    REQUEST TO THE AGENCIES TO SEE WHAT WE COULD OBTAIN.

10:58AM 24         I THINK GENERALLY THE NEWS FROM THOSE AGENCIES, THE

10:58AM 25    RESPONSES, ARE FAVORABLE TO THE DEFENSE.  I THINK THERE'S

10:58AM   1    REASON TO BE OPTIMISTIC IS THAT A LOT OF THE REQUESTED

10:58AM   2    DOCUMENTS WILL BE HEADED THE DEFENSE'S WAY ONCE WE OVERCOME THE

10:58AM   3    REASONABLE ISSUES THAT THE AGENCIES HAVE RAISED.

10:58AM   4        THE PROCEDURAL PROBLEM, I THINK, WITH GRANTING THE MOTION

10:58AM   5    AND ISSUING AN ORDER RELATES TO KIND OF WHO THE ORDER WOULD

10:58AM   6    AFFECT AND WHO THE ORDER TARGETS.  THERE'S BEEN A LOT OF

10:58AM   7    DISCUSSION HERE TODAY ABOUT POSITIONS THAT THEY HAVE TAKEN AND

10:58AM   8    THEIR OBLIGATIONS, BUT I THINK WE NEED TO DEFINE WHO THOSE

10:58AM   9    PRONOUNS REFER TO.  I THINK THE DEFENSE'S REAL QUARREL HERE IS

10:59AM  10    WITH THE AGENCIES AND THE POSITIONS THAT THEY HAVE TAKEN ON

10:59AM  11    RESPONDING TO THE GOVERNMENT'S REQUEST.

10:59AM  12        I DON'T THINK THERE'S ANY LEGITIMATE CRITICISM OF THE

10:59AM  13    PROSECUTION'S ACTIONS HERE BECAUSE WE HAVE PASSED ALONG

10:59AM  14    VERBATIM THE SAME REQUESTS THAT THE DEFENSE MADE.

10:59AM  15        SO REALLY, REALLY THE DISPUTE REMAINING IS ABOUT WHETHER

10:59AM  16    THE AGENCIES ARE CORRECT IN TAKING THE POSITIONS THAT THEY HAVE

10:59AM  17    TAKEN.

10:59AM  18        THE PROBLEM WITH THAT IS THAT THE DEFENSE HAS RAISED THIS

10:59AM  19    ISSUE IN A WAY THAT DOESN'T PUT THOSE AGENCIES IN FRONT OF THE

10:59AM  20    COURT.

10:59AM  21        I AM NOT COUNSEL FOR THOSE AGENCIES.  I REPRESENT THE

10:59AM  22    PROSECUTION HERE.  BUT I'M NOT A LAWYER FOR THE FDA OR CMS.

10:59AM  23    I'M UNABLE TO SPEAK TO THEM.

10:59AM  24        THE DEFENSE HAS NOT FILED OR SERVED RULE 17 SUBPOENAS ON

10:59AM  25    THOSE AGENCIES.  SUBPOENAS LIKE THAT WOULD MAKE THE AGENCIES

10:59AM 1    DIRECTLY ACCOUNTABLE TO THE DEFENSE, WOULD BRING THE AGENCIES

10:59AM 2    BEFORE THE COURT SO THAT ANY ORDER ON A MOTION TO COMPEL WOULD

11:00AM 3    BE BINDING ON THEM, BUT THEY HAVE NOT DONE THAT.  THEY HAVE

11:00AM 4    CHOSEN TO RECRUIT THE PROSECUTION TO ACT AS A MIDDLEMAN IN

11:00AM 5    TRYING TO OBTAIN THESE DOCUMENTS.  WE'VE DONE EVERYTHING WE CAN

11:00AM 6    IN THAT REGARD BY SERVING THAT REQUEST, AND WE'RE COMMITTED TO

11:00AM 7    CONTINUING TO DO WHATEVER WE CAN TO FACILITATE THE DISCLOSURE

11:00AM 8    OF THOSE DOCUMENTS.

11:00AM 9         BUT AN ORDER GRANTING THIS MOTION IT SEEMS TO ME WOULD

11:00AM 10   BIND THE PROSECUTION AND REQUIRE ACTION THAT WE HAVE ALREADY

11:00AM 11   TAKEN.

11:00AM 12        IT SEEMS LIKE IT WOULD NOT BE BINDING ON THE AGENTS -- OR

11:00AM 13   I'M SORRY, ON THE AGENCIES BECAUSE THE AGENCIES ARE NOT BEFORE

11:00AM 14   THE COURT IN THIS MATTER.

11:00AM 15        AGAIN, THAT'S A CHOICE THAT THE DEFENDANTS MADE TO IGNORE

11:00AM 16   THE MECHANISM THAT THEY HAVE TO ACTUALLY BRING THOSE AGENCIES

11:00AM 17   WITHIN THE JURISDICTION OF THE COURT.

11:00AM 18          THE COURT:  I THINK THAT'S A FAIR OBSERVATION.  I'LL

11:00AM 19   HEAR FROM THE DEFENSE, OF COURSE.  BUT IT SOUNDS LIKE WHAT THE

11:00AM 20   DEFENSE IS SAYING IS THAT, WELL, YOU CAN USE YOUR OFFICE AS A

11:01AM 21   CONDUIT, IF YOU WILL, AND I DON'T MEAN THAT PEJORATIVELY.  BUT

11:01AM 22   IF YOU JUST FOLLOW SANTIAGO AND THE OTHER CASES THAT SUGGEST

11:01AM 23   THAT THE GOVERNMENT DOES HAVE AUTHORITY THROUGH THAT CASE LINE

11:01AM 24   AND THOSE THEORIES IN THAT CASE, AND, THEREFORE, YOU DO STAND

11:01AM 25   IN THE SHOES, IF YOU WILL, AND THEY'RE IN YOURS OR YOU'RE IN

11:01AM  1    THEIRS TO MAKE THAT ORDER.  I THINK THAT'S PART OF THEIR

11:01AM  2    ARGUMENT IF NOT THEIR ENTIRE ARGUMENT SAYING, JUDGE, YOU CAN

11:01AM  3    ISSUE THE ORDER TODAY.

11:01AM  4         I SUGGESTED EARLIER, WELL, I'LL GIVE YOU SOME TIME, AND IF

11:01AM  5    WHEN THAT TIME COMES UP IT'S INSUFFICIENT, THAT MAYBE I INVITE

11:01AM  6    AND EXTEND AN INVITATION TO MS. DYER AND MS. NORTON TO COME TO

11:01AM  7    THIS COURTROOM AND ENJOY SAN JOSE AND TELL US WHAT THE STATUS

11:01AM  8    OF THINGS ARE.

11:01AM  9         I THINK WE CAN, I THINK WE CAN DO SOMETHING -- SOME

11:01AM 10    ALTERNATIVE TO HAVING THEM APPEAR, AND I'M NOT AT ALL ADVERSE

11:01AM 11    TO HAVE THEM DO THAT.  I WANT THE DEFENSE TO GET WHAT THEY'RE

11:01AM 12    ENTITLED TO.  I BELIEVE YOU DO, TOO, THAT'S MY SENSE, SO WE CAN

11:02AM 13    GET THE TRIAL GOING.

11:02AM 14         AS WE ALL KNOW, SOMETIMES THE HARDEST THING IS JUST

11:02AM 15    GETTING STARTED.

11:02AM 16         MR. BOSTIC:  WE DO HAVE THE SAME GOAL, YOUR HONOR.

11:02AM 17    BUT WHAT THE DEFENSE IS ENTITLED TO CAN GO NO FURTHER THAN WHAT

11:02AM 18    THE PROSECUTION HAS ACCESS TO.

11:02AM 19         THE COURT:  SURE.

11:02AM 20         MR. BOSTIC:  AND I THINK WE HAVE DEMONSTRATED THE

11:02AM 21    EXTENT OF OUR ACCESS BY MAKING THESE REQUESTS FORMALLY IN GOOD

11:02AM 22    FAITH AND GETTING THESE RESPONSES BACK FROM THE AGENCIES.

11:02AM 23         LIKE I SAID, WE'LL CONTINUE TO PUT IN EFFORTS TO TRY TO

11:02AM 24    SECURE THESE DOCUMENTS AND OVERCOME THE ISSUES THAT HAVE BEEN

11:02AM 25    RAISED BY THE AGENCIES, BUT RULE 16 AND BRADY CANNOT ENCOMPASS

11:02AM  1    THINGS THAT WE CAN'T GET OUR HANDS ON.

11:02AM  2            THE COURT:  SURE.  AND YOU'RE NOT SAYING THIS, AND

11:02AM  3    I'M NOT TRYING TO PUT YOU IN A POSITION WHERE YOU ARE,

11:02AM  4    MR. BOSTIC, BUT IT ALMOST SEEMS LIKE, WELL, GEE, JUDGE, IF YOU

11:02AM  5    JUST ISSUE THE ORDER THAT WOULD BE HELPFUL TO US BECAUSE THEN

11:02AM  6    IT IS OUT OF OUR HANDS AND WE CAN GO TO MS. DYER AND MS. NORTON

11:02AM  7    AND SAY THIS IS WHAT THAT MEAN JUDGE IN SAN JOSE TOLD US TO DO

11:03AM  8    AND YOU BETTER COMPLY.

11:03AM  9            MR. BOSTIC:  QUITE -- IT'S ACTUALLY I BELIEVE THE

11:03AM  10   OPPOSITE, YOUR HONOR.  I THINK THAT WOULD PUT US IN A MORE

11:03AM  11   DIFFICULT POSITION BECAUSE WE WOULD BE SET UP TO HAVE TO COMPLY

11:03AM  12   WITH THE COURT ORDER THAT WAS IN A WAY OUT OF OUR HANDS.

11:03AM  13       IF THE COURT ORDERS US TO OBTAIN AND PRODUCE THESE

11:03AM  14   MATERIALS, WELL, WE'VE ALREADY TAKEN STEPS TOWARDS THAT AND

11:03AM  15   HOPEFULLY WE CAN ACCOMPLISH IT, BUT ULTIMATELY IT IS NOT UP TO

11:03AM  16   US WHETHER WE CAN GET THESE MATERIALS, AT LEAST NOT ALL OF

11:03AM  17   THEM, AND THAT'S WHAT I'VE BEEN SAYING TO THE DEFENSE ALL

11:03AM  18   ALONG.  THAT'S THE REASON WHY HAVING THAT ORDER DIRECTED AT THE

11:03AM  19   PROSECUTION WOULD MAKE US NERVOUS.

11:03AM  20           THE COURT:  NO, I APPRECIATE THAT.  I THINK WHEN I

11:03AM  21   CAME OUT AND TOLD YOU MY COMMENTS ABOUT GIVING THIS 60 DAYS,

11:03AM  22   WHATEVER IT IS, FORWARD TO LET THIS, WHAT HAS ALREADY BEEN

11:03AM  23   ENGAGED BEFORE, THAT WAS THE THOUGHT I HAD IN MIND, COUNSEL,

11:03AM  24   WAS DISRUPT THAT WITH AN ORDER NOW BUT PERHAPS THE THREAT OF AN

11:03AM  25   ORDER, IF THAT IS WHAT IT IS, THE PROMISE OF AN ORDER COMING

11:03AM 1    FORWARD AND MR. BOSTIC WOULD GO TO HIS OTHER AGENCIES, OR NOT

11:03AM 2    HIS BUT THE OTHER AGENCIES, IN THE CASE AND INFORM THEM OF

11:04AM 3    THAT, THE COURT'S FIRM THOUGHTS ABOUT THIS.

11:04AM 4            MR. WADE:  YOUR HONOR, WITH ALL DUE RESPECT TO MY

11:04AM 5    COLLEAGUE, I'M NOT ENCOURAGED BY WHAT I'M HEARING.  THE LAW IS

11:04AM 6    CLEAR.  THIS ISN'T VOLUNTARY AND HISTORY DIDN'T START WHEN WE

11:04AM 7    MADE THESE REQUESTS, OKAY?  THE GOVERNMENT WAS ABLE TO ACT WITH

11:04AM 8    THESE AGENCIES FOR YEARS.  THE GOVERNMENT WAS ABLE TO GET

11:04AM 9    ACCESS TO THESE DOCUMENTS FOR YEARS.

11:04AM 10       THE ONLY TIME THERE'S ANY INDICATION OF ANY RESISTANCE TO

11:04AM 11   THAT IS WHEN THE DEFENSE MAKES THE REQUEST.

11:04AM 12       SANTIAGO, BRYAN, THE W.R. GRACE CASE, THE LIBBY CASE IN

11:04AM 13   THE D.D.C., ALL OF THESE CASES ARE DESIGNED TO ADDRESS EXACTLY

11:04AM 14   THIS SITUATION WHERE THE GOVERNMENT HAS THE DOORS OPEN TO IT

11:04AM 15   BUT WHEN THE DEFENSE COMES AND MAKES THE REQUEST FOR ITS

11:04AM 16   DOCUMENTS THAT ARE MATERIAL TO THE PREPARATION OF THE DEFENSE,

11:05AM 17   THOSE DOORS CLOSE.  THAT -- THE LAW MAKES CLEAR AND IN THE

11:05AM 18   NINTH CIRCUIT THEY'RE NOT CLOSED.  THAT ACCESS REMAINS.

11:05AM 19       AND I HEAR THE GOVERNMENT SUGGESTING THAT THAT'S NOT THE

11:05AM 20   CASE AND THAT THEY DON'T HAVE THAT ACCESS WHEN THE HISTORY OF

11:05AM 21   THEIR INTERACTIONS WITH THESE AGENCIES MAKES CLEAR OTHERWISE

11:05AM 22   AND THE LAW MAKES CLEAR THAT THERE SHOULD BE AN OBLIGATION THAT

11:05AM 23   RESTS WITH THIS PROSECUTION TEAM.  THAT'S WHY I SHARE THE

11:05AM 24   COURT'S INCLINATION THAT AN ORDER MAY HELP THEM BECAUSE I

11:05AM 25   ACCEPT THEIR WORD THAT THEY WANT US TO HAVE THESE MATERIALS,

11:05AM 1    AND THAT'S WHY I WONDER WHETHER AN ORDER WILL JUST HELP MOVE

11:05AM 2    THINGS ALONG BECAUSE WHILE YOUR -- WHILE THE COURT WAS CLEAR IN

11:05AM 3    GIVING SOME GUIDANCE AND SOME THOUGHTS ON APPROPRIATE NEXT

11:05AM 4    STEPS AND THE TIMING OF THOSE STEPS, WHAT WE HEARD IN RESPONSE

11:06AM 5    TO A DEGREE WAS, BUT IT'S BEYOND OUR CONTROL.  IT NEEDS TO BE

11:06AM 6    RECOGNIZED THAT THERE IS AN OBLIGATION HERE, NOT A COURTESY.

11:06AM 7    THAT'S WHAT THE LAW REQUIRES.

11:06AM 8            MR. BOSTIC:  AND, YOUR HONOR, THAT'S TRUE ONLY IF

11:06AM 9    THE GOVERNMENT HAS ACCESS TO THOSE MATERIALS.  THE OBLIGATION

11:06AM 10   IS COEXTENSIVE WITH THE ACCESS, AND I THINK THE EXTENT OF OUR

11:06AM 11   ACCESS IS BEST DEMONSTRATED BY THE AGENCY'S RESPONSES, AT LEAST

11:06AM 12   THAT'S THE BEST AND MOST RELIABLE EVIDENCE THAT WE HAVE.

11:06AM 13       I THINK ON THE CASE LAW MAYBE THE DEFENSE MISUNDERSTANDS

11:06AM 14   THE GOVERNMENT'S POINT.  THE POINT IS THAT IN EACH OF THOSE

11:06AM 15   CASES AS I READ THEM, NONE OF THEM INVOLVE A SITUATION LIKE

11:06AM 16   THIS WHERE THE GOVERNMENT HAS ACTUALLY TAKEN THE STEP OF

11:06AM 17   REQUESTING THE DOCUMENTS IN QUESTION AND THE AGENCIES HAVE

11:06AM 18   TAKEN THE POSITIONS THAT THEY HAVE TAKEN.

11:06AM 19       IN THOSE CASES THERE WAS A REQUEST AS TO WHETHER THE

11:06AM 20   GOVERNMENT SHOULDN'T BE REQUIRED TO TAKE THAT STEP, BUT HERE

11:07AM 21   WE'VE ALREADY TAKEN IT.

11:07AM 22       I ALSO JUST WANT TO CORRECT THE RECORD ON THE GOVERNMENT'S

11:07AM 23   PREVIOUS ACCESS TO THOSE MATERIALS.  THE DEFENSE IS SIMPLY

11:07AM 24   WRONG WHEN IT IMPLIES THAT WE HAD CARTE BLANCHE OR FULL ACCESS

11:07AM 25   TO THE AGENCY'S MATERIALS BEFORE THIS.

11:07AM  1        THE DEFENSE SUBMITS WITH ITS BRIEFING THE HOLD NOTICES

11:07AM  2   THAT WERE SERVED ON THOSE AGENCIES.  THEY'RE VERY BROAD.  THE

11:07AM  3   DOCUMENTS THAT WE ENDED UP OBTAINING FROM THOSE AGENCIES IS A

11:07AM  4   NARROWER SET, AND PART OF THE REASON FOR THAT IS THAT THE

11:07AM  5   AGENCY'S FILES WERE NOT COMPLETELY OPEN TO US.  IT HAS NOT BEEN

11:07AM  6   THE CASE THAT WE CAN WALK IN AND TAKE WHATEVER WE WANTED.  THE

11:07AM  7   AGENCY'S JOB IS TO CONSERVE ITS RESOURCES AND MAKE REASONABLE

11:07AM  8   RESPONSES TO REQUESTS FOR DOCUMENTS, AND IT'S CONTINUING TO DO

11:07AM  9   THAT NOW.

11:07AM 10        TO THE EXTENT THAT THE AGENCIES ARE TAKING DIFFERENT

11:07AM 11   POSITIONS NOW FROM THE POSITIONS THAT THEY TOOK EARLIER, MY

11:07AM 12   UNDERSTANDING IS THAT PART OF IT IS THAT THEY DID PREVIOUSLY

11:07AM 13   ALREADY UNDERTAKE THE WORK TO PRODUCE THOSE LARGE BATCHES OF

11:07AM 14   DOCUMENTS AND THEY NEED TO CONSERVE AGENCY RESOURCES GOING

11:08AM 15   FORWARD.

11:08AM 16             THE COURT:  IN THE CIVIL CASE?

11:08AM 17             MR. BOSTIC:  IN -- SO NOT ONLY IN THE CIVIL CASE,

11:08AM 18   YOUR HONOR, BUT ALSO IN RESPONSE TO THE GOVERNMENT'S EARLIER

11:08AM 19   REQUEST.

11:08AM 20        THEY EXPENDED THE RESOURCES NECESSARY TO PRODUCE WHAT WE

11:08AM 21   ALL BELIEVED WERE THE MOST RELEVANT DOCUMENTS BACK WHEN WE MADE

11:08AM 22   THOSE ORIGINAL REQUESTS, AND THEY ARE UNDERSTANDABLY CAUTIOUS

11:08AM 23   ABOUT UNDERTAKING ANOTHER BIG COLLECTION EFFORT THAT WOULD

11:08AM 24   DUPLICATE A LOT OF THAT PREVIOUS WORK.

11:08AM 25        IN ADDITION, THERE ARE LEGAL RESTRICTIONS THAT APPLY I

11:08AM 1    BELIEVE AT LEAST TO THE FDA THAT RESTRICT ITS DISCLOSURE OF

11:08AM 2    DOCUMENTS IN CRIMINAL CASES THAT AREN'T BROUGHT UNDER THE ACT

11:08AM 3    THAT THE AGENCY IS DIRECTED TO ENFORCE.

11:08AM 4        SO THESE ARE THINGS, AGAIN, THAT I'M NOT BEST SITUATED TO

11:08AM 5    ADDRESS.  THEY'RE BEST ADDRESSED BY COUNSEL FOR THOSE AGENCIES,

11:08AM 6    BUT THE DEFENSE HAS MADE THE DECISION NOT TO SERVE A RULE 17

11:08AM 7    SUBPOENA THAT WOULD ALLOW THOSE AGENCIES TO MAKE THOSE

11:08AM 8    ARGUMENTS TO THE COURT.

11:08AM 9        SO I THINK THAT'S THE PROCEDURAL PROBLEM.

11:09AM 10          THE COURT:  NO, I APPRECIATE THAT.  AND THERE IS A

11:09AM 11   DISTINCTION.

11:09AM 12       YOU HAVE, AS YOU HAVE SAID, YOU HAVE ADVANCED THE SIX

11:09AM 13   CATEGORIES TO THE AGENCIES INITIALLY ON THEIR OWN OR AFTER YOUR

11:09AM 14   ASKING, I SHOULD SAY THE DEFENSE ASKED FOR THE CATEGORIES,

11:09AM 15   THOSE HAVE BEEN ADVANCED.  THERE HAVEN'T BEEN ANY 17 SUBPOENAS

11:09AM 16   BY THE DEFENSE.  YOU'VE BEEN RELYING ON THE PROSECUTION TO

11:09AM 17   PROVIDE THIS INFORMATION ON <u>SANTIAGO</u> AND <u>BRYAN</u> AND THE OTHER

11:09AM 18   CASES THAT YOU CITE.

11:09AM 19          MR. WADE:  YES, YOUR HONOR.  WE SEE IT AS A LEGAL

11:09AM 20   OBLIGATION.  AND JUST SO WE'RE CLEAR, THOSE REQUESTS CAME AFTER

11:09AM 21   THE GOVERNMENT REPEATEDLY SAID NO.  AND THEN WE SAID, OKAY,

11:09AM 22   WELL, WE FEEL SUFFICIENTLY STRONGLY ABOUT THE NEED FOR THESE

11:09AM 23   MATERIALS, AND WE'RE GOING TO FILE THE MOTION, AND THEN THE

11:09AM 24   PROMISE OF THE REQUEST CAME, AND THEN A HEARING HAPPENED, AND

11:09AM 25   THEN THE REQUEST CAME IN MAY, THE LETTER WAS SENT.

| | | |
|---|---|---|
| 11:09AM | 1 | THE LAW CANNOT BE -- THE LAW CAN'T ENCOURAGE A CONTRIVANCE |
| 11:09AM | 2 | IN A SITUATION LIKE THIS WHERE, OH, NOW THE DEFENSE REQUESTS |
| 11:10AM | 3 | COME, WE'RE GOING TO PASS THESE THROUGH TO THE AGENCIES, AND |
| 11:10AM | 4 | YOU JUST SEND US A LETTER BACK THAT SAYS WE DON'T HAVE ACCESS, |
| 11:10AM | 5 | AND THEN WE DON'T HAVE THE ACCESS.  THAT'S SPECIFICALLY WHAT |
| 11:10AM | 6 | THESE CASES THAT HAVE BEEN CITED TO THE COURT THAT ARE SET |
| 11:10AM | 7 | FORTH IN THE BRIEF ARE DESIGNED TO PROTECT AGAINST. |
| 11:10AM | 8 | THE COURT:  I UNDERSTAND THAT.  THE GOVERNMENT, |
| 11:10AM | 9 | AGAIN, IT'S NOT WHAT HAPPENED IN THIS CASE, BUT YOU'RE |
| 11:10AM | 10 | SUGGESTING THAT THE GOVERNMENT CAN'T JUST MAKE A REQUEST AFTER |
| 11:10AM | 11 | WE SUGGEST WE NEED MORE AND THEN THAT REQUEST BECOMES |
| 11:10AM | 12 | PROPHYLACTIC AS TO ANYTHING ELSE THAT THEY HAVE TO DO.  THAT'S |
| 11:10AM | 13 | NOT THE WAY IT WORKS. |
| 11:10AM | 14 | MR. WADE:  RIGHT.  I APPRECIATE THAT. |
| 11:10AM | 15 | THE COURT:  AND HERE THE GOVERNMENT HAS MADE THIS |
| 11:10AM | 16 | REQUEST.  WE DO HAVE SOME, CANDIDLY, OPAQUE RESPONSES FROM THE |
| 11:10AM | 17 | AGENCIES INVOLVED HERE, AND I WOULD LOVE TO HAVE MS. DYER AND |
| 11:10AM | 18 | MS. NORTON HERE TO CLEAR UP SOME OF THIS "FOGGINESS" AS YOU PUT |
| 11:10AM | 19 | IT. |
| 11:10AM | 20 | I JUST -- I COMMENTED EARLIER ABOUT MY TAKE IN READING ONE |
| 11:10AM | 21 | OF THE LETTERS.  IT SEEMED TO SAY THAT WE HAVE ALREADY PROVIDED |
| 11:10AM | 22 | THIS IN THE BALWANI CIVIL CASE, SO LOOK AT THAT, THAT SHOULD |
| 11:11AM | 23 | SUFFICE THE REQUEST.  THAT'S HOW I -- ONE INTERPRETATION OF |
| 11:11AM | 24 | THAT. |
| 11:11AM | 25 | MR. BOSTIC:  I MIGHT BE ABLE TO CLARIFY THAT. |

| | |
|---|---|
| 11:11AM | 1 |

THE COURT:  YES, PLEASE.

MR. BOSTIC:  SO MY UNDERSTANDING FROM CONVERSATIONS WITH THE AGENCIES IS THAT THE SIX DOCUMENT CATEGORIES IDENTIFIED BY THE DEFENSE HERE ARE SUBSETS.  THEY'RE INCLUDED WITHIN THE CATEGORIES OF DOCUMENTS THAT MR. BALWANI REQUESTED IN HIS SUBPOENA IN THE S.E.C. CASE.  I HAVE NOT HEARD EITHER DEFENDANT DISAGREE WITH THAT, BUT THEY CAN LET US KNOW IF THERE'S SOMETHING THAT IS NOT INCLUDED, BUT THAT'S THE AGENCY'S READING.

THEY HAVE ALREADY UNDERTAKEN EFFORTS TO COLLECT RESPONSIVE DOCUMENTS IN RESPONSE TO THE CIVIL SUBPOENA SO THAT WILL IN A WAY FACILITATE THEIR PRODUCTION OF THESE SIX CATEGORIES IN THE CRIMINAL CASE.  THEY'RE NOT SAYING THAT MS. HOLMES NEEDS TO RELY ON MR. BALWANI TO SHARE THOSE DOCUMENTS.

THEY'RE NOT SAYING I'M NOT GOING TO DO THIS WORK TWICE.  THEY'RE SIMPLY POINTING OUT THAT THOSE COLLECTION EFFORTS ARE ALREADY UNDERWAY.  WE'RE TALKING ABOUT A SUBSET.

THE COURT:  WELL, THANK YOU.  THAT WAS MY CONCERN THAT THEY WERE SAYING SEE BALWANI.

MR. WADE:  WELL, YOUR HONOR, WE DO HAVE COUNSEL FOR MR. BALWANI PRESENT IN THE COURTROOM, BUT WE ALSO HAVE THE BENEFIT OF THE PLEADING THAT THEY SUBMITTED IN THIS CASE AND THE FACTS ARE THE FACTS.  CMS HAS PRODUCED 43 DOCUMENTS IN RESPONSE TO THE SUBPOENA, AND I DON'T THINK THAT THE FDA HAS AGREED TO PRODUCE MANY OF THE KEY CATEGORIES.

11:12AM  1        MAYBE THEY'RE -- AND I DON'T READ THEIR LETTER AS

11:12AM  2    SUGGESTING OTHERWISE.  MAYBE THEIR POSITION WILL CHANGE GIVEN

11:12AM  3    SOME OF THE DIRECTION THAT HAS BEEN PROVIDED BY THE COURT, BUT,

11:12AM  4    AGAIN, I WILL REMAIN OPEN MINDED, YOUR HONOR, BUT I FEAR THAT

11:12AM  5    THE LACK OF AN ORDER IS JUST GOING TO RESULT IN FURTHER DELAY

11:12AM  6    HERE.

11:12AM  7        THE COURT:  OKAY.

11:12AM  8        MR. WADE:  I DO WANT TO MAKE CLEAR, THE COURT TALKED

11:12AM  9    ABOUT THE IMPORTANCE OF THE BRADY OBLIGATION.  THE BRADY

11:13AM 10    OBLIGATION DOES EXTEND TO MATERIALS THAT ARE WITHIN THE -- THAT

11:13AM 11    THE GOVERNMENT HAS ACCESS TO THAT ARE IN CONTROL OF THE

11:13AM 12    GOVERNMENT.

11:13AM 13        UNDER THE NINTH CIRCUIT LAW WE THINK IT'S CLEAR THAT THESE

11:13AM 14    ARE SUCH MATERIALS.  SO WE'RE CONFIDENT THAT COUNSEL FOR THE

11:13AM 15    GOVERNMENT WILL MEET ITS BRADY OBLIGATIONS WITH RESPECT TO THE

11:13AM 16    FDA AND CMS, BUT I JUST DON'T WANT ANYTHING TO BE PERCEIVED AS

11:13AM 17    SOME EFFORT TO AVOID UNDERTAKING LEGAL OBLIGATIONS THAT EXIST.

11:13AM 18    WE'RE HAPPY TO CONFER, WE'RE HAPPY TO BE REASONABLE, BUT IN THE

11:13AM 19    JOINTS OF REASONABLENESS I DON'T WANT TO BE -- I DON'T WANT

11:13AM 20    JUSTICE AND FAIRNESS TO BE LOST.

11:13AM 21        THE COURT:  OKAY.

11:13AM 22        MR. CAZARES:  YOUR HONOR, MAY I ADDRESS SOME OF THE

11:13AM 23    ISSUES?

11:13AM 24        THE COURT:  PLEASE.

11:13AM 25        MR. CAZARES:  THANK YOU VERY MUCH.  STEPHEN CAZARES

11:13AM 1    FOR MR. BALWANI.

11:13AM 2        YOUR HONOR, UNLIKE COUNSEL FOR MS. HOLMES WE'VE HAD, I

11:14AM 3    GUESS, THE BENEFIT OF TRYING TO GET DOCUMENTS FROM THE FDA AND

11:14AM 4    FROM CMS SINCE SEPTEMBER OF 2018.

11:14AM 5        I THINK THAT HISTORY THAT WE'VE RECOUNTED SOMEWHAT IN OUR

11:14AM 6    BRIEF I THINK PROVIDES CONTEXT TO THE OFFERS THAT THE AGENCIES

11:14AM 7    HAVE PROVIDED TO THE COURT HERE THAT YOU HAVE FOCUSSED ON IN

11:14AM 8    TRYING TO COME UP WITH SOME SORT OF MIDDLE GROUND, SOME SORT OF

11:14AM 9    RESOLUTION TO AVOID ISSUING AN ORDER HERE.

11:14AM 10        THE COURT:  WELL, I'M NOT AVOIDING AN ORDER.  I CAN

11:14AM 11    DO THAT.  I'M TRYING TO SEE IF THERE'S SOME CONSTRUCTIVE WAY TO

11:14AM 12    GET THE INFORMATION THAT YOUR TEAMS NEED.

11:14AM 13        MR. CAZARES:  THAT'S WHAT I WANT TO ADDRESS BECAUSE

11:14AM 14    I THINK IT'S REALLY IMPORTANT TO UNDERSTAND THE DISTINCTION

11:14AM 15    HERE.  RULE 16 ISN'T SOME EQUIVALENT TO CIVIL DISCOVERY.  IT'S

11:14AM 16    NOT EQUIVALENT TO RULE 17 SUBPOENA IN A CRIMINAL CASE.

11:14AM 17        RULE 16 RELATES TO A DEFENDANT'S CONSTITUTIONAL RIGHT TO

11:14AM 18    PREPARE A DEFENSE.  SO THIS IS NOT SOMETHING THAT COULD BE LEFT

11:14AM 19    TO THE DISCRETION OF AGENCY ATTORNEYS, AGENCY REPRESENTATIVES

11:14AM 20    WHETHER OR NOT THEY FEEL IN THEIR DISCRETION THAT THEY WOULD

11:15AM 21    LIKE TO WITHHOLD SOME MATERIALS BECAUSE IT SOMEHOW INVOLVES

11:15AM 22    THEIR INTERNAL DELIBERATIONS ABOUT THEIR REGULATORY OVERSIGHT

11:15AM 23    OF FAIRNESS.  THAT'S NOT RULE 16, YOUR HONOR.

11:15AM 24        THE GOVERNMENT IS TRYING TO PUT A WALL BETWEEN THEMSELVES

11:15AM 25    AND CMS AND FDA.

11:15AM  1          NOW, UNDERSTAND, FOR EXAMPLE, IN THE S.E.C. CASE

11:15AM  2     MR. BALWANI ISSUED SUBPOENAS TO THE FDA AND CMS IN SEPTEMBER OF

11:15AM  3     2018.  THEY'VE PRODUCED COLLECTIVELY 126 DOCUMENTS.  NO

11:15AM  4     INTERNAL COMMUNICATIONS AT ALL.

11:15AM  5          IN THE CRIMINAL INVESTIGATION, FDA PRODUCED INTERNAL

11:15AM  6     E-MAILS TO THE GOVERNMENT IN RELATION TO THEIR CRIMINAL

11:15AM  7     INVESTIGATION, BUT THEY WERE SELECT, YOUR HONOR.

11:15AM  8          MR. BOSTIC REPRESENTS, AND I DON'T FAULT HIM FOR THIS,

11:15AM  9     THAT THEY OBTAINED ALL RELEVANT MATERIAL TO THE CASE AND

11:15AM  10    WEREN'T JUST LOOKING FOR INCULPATORY MATERIALS.

11:15AM  11         MAYBE SO.

11:15AM  12         BUT WHAT THE AGENCY GAVE TO THE GOVERNMENT, THE FDA, WERE

11:15AM  13    INTERNAL E-MAIL COMMUNICATIONS ONLY RELATING TO THE SEPTEMBER

11:16AM  14    2015 INSPECTION THAT RESULTED IN ADVERSE FINDINGS AND ACTIONS

11:16AM  15    BY THE AGENCY, BOTH FDA AND CMS, THAT WOUND UP SHUTTING DOWN

11:16AM  16    THE BUSINESS.

11:16AM  17         THE FDA HAD YEARS OF INTERACTION WITH THERANOS RELATING TO

11:16AM  18    THEIR DEVICES AND OVERSIGHT, EXCHANGES BACK AND FORTH, AND

11:16AM  19    LIKELY SIMILAR INTERNAL DELIBERATIONS BY FDA REGULATORS IN

11:16AM  20    THEIR OVERSIGHT OF THE COMPANY.  NONE OF THAT WAS PRODUCED IN

11:16AM  21    THE DISCOVERY.

11:16AM  22         THEY'VE ONLY PRODUCED SOME OF THE INTERNAL COMMUNICATIONS

11:16AM  23    RELATING TO AN INSPECTION THAT THEY SUBMIT WAS THE RESULT OF A

11:16AM  24    COMPLAINT THAT RESULTED IN ADVERSE -- BASICALLY ACTION BY THE

11:16AM  25    AGENCY.  THE RESULTS OF THAT INSPECTION ARE NOW GOING TO BE

11:16AM 1    USED BY THE GOVERNMENT IN THE CRIMINAL CASE TO SUGGEST

11:16AM 2    WRONGDOING BY THE DEFENDANTS.  THAT'S SELECTIVE DISCOVERY, YOUR

11:16AM 3    HONOR.  THAT'S NOT OPEN FILE.  THAT'S ALSO NOT RULE 16.

11:16AM 4        BECAUSE THE PROBLEM HERE IS THE DEPARTMENT OF JUSTICE

11:16AM 5    REPRESENTS ALL FEDERAL AGENCIES.

11:16AM 6        THESE ARE NOT INDEPENDENT AGENCIES THAT HAVE THESE WALLS

11:17AM 7    BETWEEN THEM.

11:17AM 8        IN THE S.E.C. ACTION IN RESPONSE TO THE SUBPOENAS THAT WE

11:17AM 9    ISSUED TO THE FDA AND CMS, THEY PRODUCED LIMITED DOCUMENTS.  WE

11:17AM 10   REACHED A POINT AFTER WE OBTAINED SIMILAR LETTERS TO WHAT THE

11:17AM 11   FDA, FOR EXAMPLE, SUBMITTED ATTACHED TO THE GOVERNMENT'S MOTION

11:17AM 12   HERE.

11:17AM 13       WE'RE GOING TO PRODUCE DOCUMENTS WITHIN A MONTH BUT WITH

11:17AM 14   THIS LAUNDRY LIST OF EXCEPTIONS INCLUDING TRADE SECRET,

11:17AM 15   CONFIDENTIAL COMMERCIAL INFORMATION, DELIBERATIVE PROCESS,

11:17AM 16   CRIMINAL LAW ENFORCEMENT PRIVILEGE, ON TOP OF ATTORNEY-CLIENT

11:17AM 17   PRIVILEGE.

11:17AM 18       NOW, NO ONE HAS AN ISSUE WITH ATTORNEY-CLIENT PRIVILEGE.

11:17AM 19   THE AGENCIES OBVIOUSLY CAN LEGITIMATELY RAISE THAT AND WITHHOLD

11:17AM 20   THOSE DOCUMENTS.

11:17AM 21       ALL OF THESE OTHER CLAIMS THAT THEY'VE RAISED IN THE

11:17AM 22   S.E.C. CASE THAT THE FDA NOW WANTS TO WITHHOLD HERE.  A RULE 16

11:17AM 23   ORDER CUTS RIGHT THROUGH THAT BECAUSE NOW YOU'RE GOING TO HAVE

11:17AM 24   AN ORDER FROM THE FEDERAL COURT THAT WILL PERMIT THE AGENCY TO

11:17AM 25   RELEASE THE INFORMATION.  THAT IS THE WHOLE POINT.  THESE

11:18AM  1    LIMITATIONS ON THE CMS AND FDA IN RELEASING TRADE SECRET, WHICH

11:18AM  2    THEY'RE BRINGING UP, COMMERCIAL INFORMATION AND OTHER

11:18AM  3    CONFIDENTIAL BUSINESS INFORMATION, THOSE RELATE TO THEIR KIND

11:18AM  4    OF PROVIDING INFORMATION LIKE SUBJECT TO FOIA OR OTHER REQUESTS

11:18AM  5    OR EVEN CIVIL LITIGATION.  THAT'S NOT AT ISSUE HERE.

11:18AM  6        HERE YOU HAVE A CRIMINAL CASE UNDER RULE 16 A DEFENDANT'S

11:18AM  7    CONSTITUTIONAL RIGHT TO PUT ON A DEFENSE.

11:18AM  8            THE COURT:  HOW DO WE PROTECT THEIR INTEREST, IF AT

11:18AM  9    ALL, IF THEY INDICATE THAT THEY, THE AGENCIES, HAVE INTERNAL

11:18AM  10   REGULATIONS OR THEY HAVE RULES WHERE THEY CANNOT, THEY CAN --

11:18AM  11   THEY'RE FORBIDDEN TO RELEASE CERTAIN --

11:18AM  12           MR. CAZARES:  BUT THEY'RE NOT.  THAT'S GREAT --

11:18AM  13           THE COURT:  I BEG YOUR PARDON.  LET ME FINISH MY

11:18AM  14   QUESTION SO YOU'LL BE FULLY INFORMED.

11:18AM  15           MR. CAZARES:  I APOLOGIZE.

11:18AM  16           THE COURT:  SO HOW DO THEY PROTECT THEMSELVES?  HOW

11:18AM  17   DO THEY PROTECT THEMSELVES FROM SOMEONE ELSE, THE CLIENT

11:18AM  18   PERHAPS SUING THEM, OR WHOEVER IT IS?  HOW DO THEY DO THAT?

11:18AM  19   HOW CAN THEY RESPOND?

11:18AM  20           MR. CAZARES:  THEY'D POINT TO THEIR COUNSEL, WHO

11:18AM  21   WOULD BE THE DEPARTMENT OF JUSTICE, AND THE COURT ORDER ISSUED

11:19AM  22   FROM THIS COURT.  FOR EXAMPLE, AND I WAS GOING TO GET TO THIS,

11:19AM  23   IN THE S.E.C. CASE THE BACK AND FORTH DELIBERATIONS RESULTED IN

11:19AM  24   ONLY 166 DOCUMENTS BEING PRODUCED.

11:19AM  25        IN APRIL -- THIS PAST APRIL IT REACHED A POINT WHERE WE

11:19AM   1      PROPOSED MOTIONS TO COMPEL TO BOTH AGENCIES.  WE SUBMITTED

11:19AM   2      DRAFT MOTIONS TO COUNSEL.

11:19AM   3          NOW, THOSE MOTIONS DON'T GO DIRECTLY TO THE AGENCIES.

11:19AM   4      THEY GO TO THE CIVIL DIVISION OF THE SAME U.S. ATTORNEY'S

11:19AM   5      OFFICE BECAUSE THE U.S. ATTORNEY'S OFFICE REPRESENTS THE

11:19AM   6      AGENCIES IN RESPONSE TO THOSE SUBPOENAS.

11:19AM   7          AGAIN, WE ENGAGED IN AGAIN SOME MEET AND CONFERS AND

11:19AM   8      BROUGHT THE AGENCIES BACK TO THE TABLE TO AT LEAST DISCUSS THE

11:19AM   9      ISSUE, BUT AGAIN, IT'S BEEN A COUPLE OF MONTHS.  WE DON'T HAVE

11:19AM  10      ADDITIONAL DOCUMENTS AS A RESULT OF THOSE DISCUSSIONS AND

11:19AM  11      ADDITIONAL MEET AND CONFERS EVEN AFTER A PROPOSAL ABOUT MOTIONS

11:19AM  12      TO COMPEL AND BRING THE AGENCIES TO COURT IN THE CIVIL CASE.

11:19AM  13          THAT'S MY POINT, AND I THINK THAT'S COUNSEL'S POINT FOR

11:19AM  14      MS. HOLMES.  THIS PROCESS OF DISCUSSION, MEET AND CONFER, TRY

11:19AM  15      TO REACH AGREEMENT OVER THIS LITANY OF CONCERNS THE AGENCIES

11:20AM  16      RAISE, WHICH ARE LEGITIMATE CONCERNS BUT NOT LEGITIMATE

11:20AM  17      CONCERNS IN A CRIMINAL CASE AT LEAST BROUGHT IN PART ON BEHALF

11:20AM  18      OF THE FDA.

11:20AM  19          THE GOVERNMENT DOESN'T DISCLAIM THE FACT THAT THE FDA OIG

11:20AM  20      WERE PART OF THE CRIMINAL PROSECUTION TEAM.  THEY DID

11:20AM  21      INTERVIEWS OF 17 EMPLOYEES FROM THE FDA AND CMS IN THE COURSE

11:20AM  22      OF THE CRIMINAL INVESTIGATION, AND, OF COURSE, AS THE COURT

11:20AM  23      KNOWS, 300,000 OR SO DOCUMENTS PRODUCED BY THE TWO AGENCIES.

11:20AM  24          THAT'S ACCESS.  IT'S NOT WHETHER OR NOT YOU HAVE ACCESS TO

11:20AM  25      ANY DOCUMENT THAT THE AGENCIES HAVE, INCLUDING ATTORNEY-CLIENT

11:20AM  1      PRIVILEGE.  OF COURSE THEY HAVE A PRIVILEGE THEY CAN WITHHOLD

11:20AM  2      EVEN IN RESPONSE TO A RULE 16 ORDER.

11:20AM  3           BUT THAT CAN BE ADDRESSED FAIRLY EASILY AND MECHANICALLY,

11:20AM  4      YOUR HONOR.  BOTH AGENCIES HAVE GENERAL COUNSEL'S OFFICES.

11:20AM  5      ATTORNEYS CAN BE IDENTIFIED.

11:21AM  6           THE COURT:  PARDON ME FOR INTERRUPTING YOU.  I

11:21AM  7      WONDER IF IT MAKES SENSE FOR THIS COURT TO ISSUE AN ORDER THAT

11:21AM  8      INDICATES TO THESE AGENCIES AND THESE GOOD LAWYERS WHO

11:21AM  9      REPRESENT THEIR AGENCIES TO PLEASE TELL THE COURT AND INFORM

11:21AM 10      THE COURT IN WRITING WHAT THEIR INTENT IS AS TO THESE SIX

11:21AM 11      CATEGORIES AND RELEASING THIS INFORMATION?  AND THEN WE CAN

11:21AM 12      BE -- CUT THROUGH THE OPACITY OF WHATEVER IT IS THAT IS HERE

11:21AM 13      AND FIND OUT WHAT IT IS THAT THEY'RE GOING TO RELEASE AND WHY

11:21AM 14      NOT.

11:21AM 15           MR. BOSTIC, THAT MIGHT BE HELPFUL TO US AND GET THEM TO

11:21AM 16      RESPOND TO US IN TEN DAYS, OR SOMETHING LIKE THAT, SO AT LEAST

11:21AM 17      WE CAN UNDERSTAND AND THEY UNDERSTAND THAT AT LEAST THE COURT'S

11:21AM 18      FOCUS IS I WANT TO KNOW WHAT YOU'RE GOING TO DO WITH THESE SIX

11:21AM 19      REQUESTS AND THEY'RE RESPONDING NOW.  IF WE GET THE SAME THINGS

11:21AM 20      BACK, THEY PROBABLY WILL BE TEMPTING THE COURT TO ISSUE AN

11:21AM 21      ORDER.

11:21AM 22           MR. WADE:  YOUR HONOR, IF I MIGHT.  WE MIGHT ALSO

11:21AM 23      INQUIRE IN SUCH AN ORDER WHETHER THE OBSTACLES THAT ARE SET

11:21AM 24      FORTH IN THIS CORRESPONDENCE ARE REMOVED BY AN ORDER FROM THE

11:22AM 25      COURT TO COUNSEL'S POINT.

11:22AM 1          THE COURT:  WELL, THEY'LL TELL US THAT.

11:22AM 2          MR. WADE:  YEAH.

11:22AM 3          THE COURT:  WHY CAN'T YOU RESPOND TO THIS?  AND WHEN

11:22AM 4   CAN YOU EXPECT?

11:22AM 5       THAT GETS YOU OFF THE HOOK, MR. BOSTIC.  NOT THAT YOU'RE

11:22AM 6   AFRAID OF BEING ON THE HOOKS.  I KNOW YOU'RE COURAGEOUS, BUT AT

11:22AM 7   LEAST IT PROVIDES AN OPPORTUNITY TO HAVE SOME DIRECT

11:22AM 8   COMMUNICATION FROM MS. DYER, MS. NORTON.

11:22AM 9          MR. BOSTIC:  I APPRECIATE THE COURT'S PRAGMATIC

11:22AM 10  THINKING.

11:22AM 11      MY CONCERN WITH THAT APPROACH IS THAT I THINK IT STILL

11:22AM 12  ALLOWS THE DEFENSE IMPROPERLY TO END RUN AROUND RULE 17.  AND

11:22AM 13  THE COURT ASKED A VERY GOOD QUESTION, HOW DO WE PROTECT THE

11:22AM 14  AGENCY'S INTEREST HERE?  HOW DO WE ALLOW THEM TO SPEAK UP FOR

11:22AM 15  THEMSELVES?  TO DEFEND THEIR POSITIONS?

11:22AM 16      THE RULE THAT ALLOWS FOR THAT IS RULE 17.  THAT'S THE RULE

11:22AM 17  THAT DEFENDANTS USE TO BRING THIRD PARTIES BEFORE THE COURT

11:22AM 18  WHEN NECESSARY TO COMPEL THEM TO PRODUCE DOCUMENTS.

11:22AM 19      THE DEFENSE HERE HAS DECIDED NOT TO PURSUE THAT ROUTE.

11:22AM 20  THAT LEAVES US WITHOUT A MECHANISM TO BRING THOSE AGENCIES HERE

11:22AM 21  TO ANSWER FOR THEMSELVES.

11:23AM 22      MY CONCERN IS THAT, AGAIN USING THE PROSECUTION AS AN

11:23AM 23  INTERMEDIARY THAT WAY, WE'RE HAPPY TO DO WHAT WE CAN, AS I

11:23AM 24  SAID, TO FACILITATE THE PRODUCTION OF THOSE DOCUMENTS

11:23AM 25  VOLUNTARILY, BUT TO USE US TO ORDER THE AGENCIES TO DO

11:23AM  1     SOMETHING THROUGH US, MY CONCERN IS THAT IT'S -- THAT IT'S NOT

11:23AM  2     WHAT THE LAW INTENDED WHEN IT CAME UP WITH THE SCHEME THAT

11:23AM  3     INCLUDES RULE 17.

11:23AM  4              THE COURT:  I APPRECIATE THAT.  AND I THINK COUNSEL,

11:23AM  5     AS YOU KNOW, IS SUGGESTING, JUDGE, YOU KNOW, THE SHORT ROAD TO

11:23AM  6     ALL OF THIS IS FOR THE COURT TO FIND THAT THE GOVERNMENT IS

11:23AM  7     APPROPRIATELY SITUATED IN A POSITION TO PROVIDE THIS

11:23AM  8     INFORMATION GIVEN THE GUIDANCE OF SANTIAGO AND OTHER CASES, AND

11:23AM  9     THE COURT SHOULD MAKE THAT FINDING TODAY, AND THEN ORDER THE

11:23AM  10    GOVERNMENT TO PROCEED, AND THEN WE'LL SEE WHAT OBJECTIONS

11:23AM  11    HAPPEN.

11:23AM  12       YOU KNOW, THAT HAS SOME CURRENCY.  THAT DOES HAVE SOME

11:23AM  13    ARGUMENT GOING ITS WAY.

11:23AM  14       I'M PAUSING HERE NOT BECAUSE THERE'S ANY RELUCTANCE TO

11:24AM  15    ISSUE SUCH AN ORDER, BUT THE ONLY PAUSE I HAVE IS THAT YOU HAVE

11:24AM  16    ENGAGED A PROCESS NOW.  WE HAVE SOME LETTERS THAT SUGGEST THAT

11:24AM  17    THIS IS ONGOING.  I'D LIKE TO KEEP THAT ONGOING IF I CAN BUT

11:24AM  18    NOT TO THE EXTENT THAT IT, THAT IT JEOPARDIZES ANYBODY'S

11:24AM  19    PREJUDICES, ANYBODY'S RIGHTS HERE TO A FAIR AND JUST AND SPEEDY

11:24AM  20    TRIAL.  THAT INCLUDES THE GOVERNMENT AS WELL.  I WANT TO MAKE

11:24AM  21    SURE THAT THIS INFORMATION IS, IF IT'S RELEVANT, IF IT'S

11:24AM  22    LEGALLY AVAILABLE TO THE DEFENSE, THAT THEY HAVE IT.

11:24AM  23       YOUR EFFORTS TO ADVANCE THAT, NOTWITHSTANDING ANY 17

11:24AM  24    MOTION OR ANYTHING ELSE, I APPRECIATE THAT.  I THOUGHT WHEN YOU

11:24AM  25    DID THIS A MONTH AGO WHEN WE WERE TALKING THAT, WELL, THIS

11:24AM   1    LOOKS GOOD.  THIS IS THE GOVERNMENT ENGAGING THIS AND HOPEFULLY

11:24AM   2    WE'LL GET SOMETHING BACK.  I DID NOT -- I'M NOT IN THE BELTWAY

11:24AM   3    SO I'M NOT USED TO THESE TYPE OF LETTERS.  YOU MIGHT BE.

11:25AM   4         MR. WADE:  SOMETIMES PROSECUTORS ARE STRENGTHENED BY

11:25AM   5    ORDERS FROM THE COURT AND IT CAN HELP CUT THROUGH --

11:25AM   6         THE COURT:  MY SENSE IS EVERYONE IS WHO RECEIVES

11:25AM   7    ONE.

11:25AM   8         MR. WADE:  I'VE SENSED THAT PATTERN AS WELL, YOUR

11:25AM   9    HONOR.

11:25AM  10         THE COURT:  THANK YOU.  ANYTHING FURTHER?  I DIDN'T

11:25AM  11    MEAN TO CUT YOU OFF, MR. CAZARES.

11:25AM  12         MR. CAZARES:  YOUR HONOR, UNLESS YOU HAVE A QUESTION

11:25AM  13    AGAIN, I DON'T THINK THAT ENGAGING THE AGENCIES IN A DEBATE

11:25AM  14    REGARDING WHETHER OR NOT THEY FEEL THAT THEY CAN PRODUCE

11:25AM  15    MATERIALS LAWFULLY OR REFUSE TO PRODUCE MATERIALS LAWFULLY IN

11:25AM  16    RESPONSE TO A RULE 16 ORDER IN A CRIMINAL CASE IS APPROPRIATE.

11:25AM  17    I UNDERSTAND WE MAY BE THERE ANYWAY, BUT TO ME THAT'S NOT WHAT

11:25AM  18    HAPPENED IN BRYAN.  BRYAN WAS DEALING WITH THE I.R.S., NOT THE

11:25AM  19    DEPARTMENT OF JUSTICE.  THAT'S NOT WHAT HAPPENED IN GRACE.

11:25AM  20    AGAIN, YOU'RE DEALING WITH THIRD PARTY FEDERAL AGENCIES.

11:25AM  21    THAT'S MY CONCERN, YOUR HONOR.

11:25AM  22         THE COURT:  OKAY.  THANK YOU VERY MUCH.

11:25AM  23         MR. WADE:  THANK YOU, YOUR HONOR.

11:25AM  24         THE COURT:  WHAT ELSE WOULD YOU LIKE ME TO KNOW?

11:25AM  25         MR. WADE:  NOTHING.

11:25AM  1        IF THERE'S ONE SMALL POINT THAT I COULD ADDRESS ON --

11:26AM  2   SETTING ASIDE THE MOTION AND COMING BACK TO SOME OF THE INITIAL

11:26AM  3   COMMENTS THAT WERE MADE WITH REGARD TO DISCOVERY ISSUES BECAUSE

11:26AM  4   THEY, TOO, RELATE TO THE, YOU KNOW, THE TRIAL DATE THAT IS

11:26AM  5   BEFORE US, I JUST WANT TO MAKE SURE THAT THE RECORD HERE IS

11:26AM  6   CLEAR THAT SOME OF THESE REMAINING OBLIGATIONS -- I DON'T EVEN

11:26AM  7   KNOW WHAT A GIGABYTE OF DATA IS, YOUR HONOR.

11:26AM  8        MY GUESS IS THAT IF YOU PRINTED IT OUT IT WOULD FILL THIS

11:26AM  9   ROOM.  WE HAVE A LOT OF MATERIAL LEFT TO GO.  I KNOW THE

11:26AM 10   GOVERNMENT HAS BEEN WORKING DILIGENTLY.  THIS TAINTING PROCESS

11:26AM 11   IS ONGOING.

11:26AM 12        JUST TO MAKE CLEAR TO THE COURT, IT APPEARS THAT THERE

11:26AM 13   COULD BE MONTHS OF THAT STILL AHEAD.  THE NUMBER OF DOCUMENTS

11:26AM 14   THAT THEY IDENTIFIED WERE IN THE HUNDREDS OF THOUSANDS.  THE

11:26AM 15   PAGES ARE I THINK TWO AND A HALF MILLION PAGES OF DOCUMENTS.

11:26AM 16        SO WE WILL CONFER WITH THE GOVERNMENT.  WE WILL COME BACK.

11:26AM 17   WE'LL FIND A SCHEDULE THAT WE THINK WILL KEEP THIS CASE ON

11:26AM 18   TRACK FOR THE TRIAL DATE THAT THE COURT HAS SET FOR THE MATTER,

11:26AM 19   BUT WE HAVE A LOT OF WORK TO DO.

11:27AM 20        TO THE EXTENT THAT THE COURT CONTINUES TO ENCOURAGE PROMPT

11:27AM 21   AND EXPEDITIOUS FULFILLMENT OF OBLIGATIONS, BY ALL MEANS,

11:27AM 22   THAT'S NEWS TO THE EARS OF THE DEFENSE.

11:27AM 23        WE WANT TO BE READY AND ORGANIZED TO PRESENT A COHERENT

11:27AM 24   DEFENSE TO THIS COURT AND IN AN EXPEDITIOUS WAY WHEN THIS TRIAL

11:27AM 25   OCCURS, AND WE HAVE A LOT OF WORK TO DO TO GET THERE.

| | | |
|---|---|---|
| 11:27AM | 1 | THE COURT:  THANK YOU VERY MUCH.  MR. BOSTIC. |
| 11:27AM | 2 | MR. BOSTIC:  ONLY TO SAY THAT THE GOVERNMENT WANTS |
| 11:27AM | 3 | THE SAME THINGS.  WE WANT THINGS TO PROCEED EXPEDITIOUSLY. |
| 11:27AM | 4 | ON THE TAINTING REVIEW, LET ME JUST CLARIFY THAT THE |
| 11:27AM | 5 | DEFENSE -- MY UNDERSTANDING IS THAT THE DEFENSE NOW HAS ALL OF |
| 11:27AM | 6 | THE DOCUMENTS ENCOMPASSED BY THAT FILTER REVIEW.  SO THE |
| 11:27AM | 7 | ONGOING REVIEW IS ONLY DELAYING THE TRIAL TEAM, THE |
| 11:27AM | 8 | GOVERNMENT'S TRIAL TEAM'S ACCESS TO THOSE MATERIALS AND NOT |
| 11:27AM | 9 | DELAYING THE DEFENSE'S ACCESS. |
| 11:27AM | 10 | ON THE -- |
| 11:27AM | 11 | MR. WADE:  I'M SORRY. |
| 11:27AM | 12 | MR. BOSTIC:  ON THE FDA AND CMS DOCUMENTS, I AGREE |
| 11:27AM | 13 | WITH THE COURT THAT I THINK PROVIDING SOME ADDITIONAL TIME FOR |
| 11:28AM | 14 | THE PROCESS TO PLAY OUT MAKES SENSE.  I THINK THAT THE ISSUES |
| 11:28AM | 15 | RAISED IN THE RESPONSE LETTERS FROM THE FDA AND CMS ARE |
| 11:28AM | 16 | SURMOUNTABLE.  I THINK WE CAN FIND SOLUTIONS TO THOSE ISSUES. |
| 11:28AM | 17 | AND LIKE I SAID BEFORE, I'M OPTIMISTIC ABOUT BEING ABLE TO |
| 11:28AM | 18 | OBTAIN THE VAST MAJORITY OF THOSE DOCUMENTS FOR THE DEFENSE. |
| 11:28AM | 19 | THE COURT:  WELL, THANK YOU.  I HOPE YOUR OPTIMISM |
| 11:28AM | 20 | WAS WELL PLACED WITH THOSE AGENCIES. |
| 11:28AM | 21 | SO WHILE YOU WERE SPEAKING -- YOU DON'T HAVE TO LEAVE THE |
| 11:28AM | 22 | LECTERN YET BECAUSE I MIGHT WANT YOUR THOUGHTS ON THIS -- I DID |
| 11:28AM | 23 | OPINE THAT THE COURT COULD ISSUE AN ORDER ASKING MS. NORTON AND |
| 11:28AM | 24 | MS. DYER TO GIVE SOME CLARITY AS TO THEIR LETTERS. |
| 11:28AM | 25 | I DON'T WANT TO HAVE ANY DIRECT CONTACT OR COMMUNICATION |

11:28AM   1   WITH THEM, IF YOU WILL, THOSE TWO LAWYERS.  I DON'T THINK

11:28AM   2   THAT'S APPROPRIATE AT THIS POINT.

11:28AM   3        BUT I DO IN SOME MEASURE WANT TO GET THAT MESSAGE TO THEM.

11:28AM   4   I WANT TO -- WHAT I'D LIKE TO DO IS TO ALLOW THIS ENGAGEMENT

11:28AM   5   THAT MR. BALWANI AND HIS TEAM HAS PUT TOGETHER TO GO FORWARD

11:29AM   6   FOR A BRIEF PERIOD OF TIME JUST TO ALLOW IT TO COME TO FRUITION

11:29AM   7   OR IF IT CAN HAPPEN IN SHORT ORDER.

11:29AM   8        BUT I DO WANT TO CONVEY TO THESE AGENCIES MY CONCERN ABOUT

11:29AM   9   THE OBJECTIONS THAT THEY RAISE, AND I THINK COUNSEL IS

11:29AM  10   ABSOLUTELY RIGHT THAT THE BEST WAY TO ACCOMPLISH THAT IS

11:29AM  11   THROUGH A DIRECT ORDER TO HAVE THEM PRODUCE THE DOCUMENTS AND

11:29AM  12   THEN THEY CAN OBJECT OR THEY CAN SAY WHATEVER IT IS.  MAYBE

11:29AM  13   THAT'S WHEN THEIR LAWYERS COME IN.

11:29AM  14        AND THEN YOU CAN THROW YOUR HANDS UP, MR. BOSTIC, YOU AND

11:29AM  15   MS. SCHENK, AND CAN SAY, YOU KNOW, THAT'S WHAT THE JUDGE SAID

11:29AM  16   SO PUT YOUR OBJECTIONS IN NOW.  I CAN DO THAT.

11:29AM  17        BUT AS I'VE TOLD YOU, I WILL GIVE YOU AN OPPORTUNITY TO

11:29AM  18   HAVE YOUR GOOD EFFORTS GO FORWARD AND YOU COMMUNICATE WITH

11:29AM  19   THESE INDIVIDUALS AND IF THEY WANT TO TELL US WHAT THEIR

11:30AM  20   OBJECTIONS ARE IN SOME SHORT ORDER, AND BY THAT I MEAN IF WE

11:30AM  21   CAN GET SOMETHING FROM THEM IN TWO WEEKS THAT TELL US WHAT

11:30AM  22   THEY'RE GOING TO DO OR WHY THEY'RE NOT GOING TO DO IT, THAT

11:30AM  23   WOULD INFORM ALL OF US, AND IT WOULD INFORM ME AS TO WHAT I

11:30AM  24   SHOULD DO NEXT AND HOW WE SHOULD PROCEED NEXT.  THAT WOULD BE

11:30AM  25   VERY INSTRUCTIVE TO ME.

11:30AM 1      I UNDERSTAND RULE 16.  MR. CAZARES EDUCATED US A LITTLE

11:30AM 2  BIT MORE ON THAT THIS MORNING.  I UNDERSTAND IT.  I UNDERSTAND

11:30AM 3  THE SANTIAGO CASES THAT WERE PRESENTED BY THE DEFENSE.  I THINK

11:30AM 4  THERE IS SOME GOOD MERIT TO THEM, CANDIDLY.

11:30AM 5      LET ME JUST TURN TO YOU, MR. BOSTIC, AND YOUR TEAM AND

11:30AM 6  JUST TELL YOU I THINK THEY'RE ON SOME SOLID FOOTING IN THOSE

11:30AM 7  CASES.

11:30AM 8      HE'S GOING TO SAY, WELL, ISSUE THE ORDER, JUDGE, AND I

11:30AM 9  THINK I'VE TOLD YOU WHY I'M NOT GOING TO DO THAT.  I'M GOING TO

11:30AM 10  ALLOW THIS PROCESS TO GO FORWARD AND SEE WHAT YOU CAN REVEAL IN

11:31AM 11  A COUPLE OF WEEKS AND HOPEFULLY THAT WILL BE FRUITFUL.

11:31AM 12      WHY DON'T WE SET A STATUS HEARING, AND I'VE ASKED YOU TO

11:31AM 13  STAY AT THE LECTERN TO GIVE ME YOUR THOUGHTS ON WHEN THAT

11:31AM 14  SHOULD BE JUST TO FOLLOW UP ON THIS.

11:31AM 15      WHAT I'LL DO IS I'LL CONTINUE THE HEARING ACTUALLY, LET'S

11:31AM 16  JUST CONTINUE THE HEARING, I'LL CALL IT THAT, BECAUSE THE COURT

11:31AM 17  HASN'T MADE A DECISION AS TO WHETHER OR NOT IT IS GOING TO

11:31AM 18  ISSUE AN ORDER, BUT I THINK I'VE TOLD YOU WHAT MY THOUGHT IS.

11:31AM 19      SO WHAT WOULD WORK FOR YOU?  AND I WANT TO GIVE YOU SOME

11:31AM 20  CONTROL, MR. BOSTIC, BECAUSE YOU HAVE TO DEAL WITH THE

11:31AM 21  BUREAUCRACY, IF YOU WILL.

11:31AM 22          MR. BOSTIC:  THANK YOU, YOUR HONOR.  WE'RE HAPPY TO

11:31AM 23  PASS ALONG THE COURT'S THOUGHTS TO THE AGENCIES AND SEE WHAT

11:31AM 24  PROGRESS WE CAN MAKE.

11:31AM 25          THE COURT:  GREAT.

11:31AM  1      MR. BOSTIC:  AT THE SAME TIME WE WILL WORK WITH THE

11:31AM  2  DEFENSE ON A PROTECTIVE ORDER THAT WILL ADDRESS THE AGENCY'S

11:31AM  3  CONCERNS.

11:31AM  4      THE COURT:  GREAT.

11:31AM  5      MR. BOSTIC:  AND THE POSSIBILITY OF GETTING A WAIVER

11:31AM  6  THAT WILL ADDRESS THE AGENCY'S CONCERNS AND THE POSSIBILITY OF

11:31AM  7  GETTING A WAIVER THAT WILL ADDRESS OTHER AGENCY CONCERNS.  TO

11:31AM  8  ALLOW TIME FOR THOSE THINGS TO TAKE PLACE I WOULD ASK FOR

11:32AM  9  THREE WEEKS IF THE COURT IS WILLING TO GIVE IT.

11:32AM  10     MR. WADE:  I FEEL LIKE I'M LOOKING AT FAMILY FEUD

11:32AM  11 HERE, YOUR HONOR, WITH THE RED X'S ON THE BOARD.

11:32AM  12     THE COURT:  OH, IGNORE THOSE.  THEY DON'T MEAN A

11:32AM  13 THING.  HOW ABOUT THE WEEK OF THE 16TH OR THE 29TH?

11:32AM  14     MR. BOSTIC:  EITHER WORKS FOR THE GOVERNMENT, YOUR

11:32AM  15 HONOR.  THE LATER IT IS, THE MORE WE'LL BE ABLE TO ACCOMPLISH

11:32AM  16 IN THE MEANTIME, BUT I UNDERSTAND THE COURT AND THE DEFENSE

11:32AM  17 WANT THINGS TO MOVE QUICKLY.

11:32AM  18     MR. WADE:  IT WOULD SEEM TO ME THE 16TH IS PROBABLY

11:32AM  19 THE BEST DATE, YOUR HONOR.

11:32AM  20     THE COURT:  DO YOU WANT TO CONSULT WITH YOUR

11:32AM  21 COLLEAGUES?

11:32AM  22     MR. WADE:  YEAH, LET ME CONSULT WITH MY COLLEAGUES

11:32AM  23 AND MY CALENDAR.

11:32AM  24     THE COURT:  THAT'S FINE.

11:32AM  25      (PAUSE IN PROCEEDINGS.)

| 11:33AM | 1 | THE COURT:  LET ME OFFER THE 17TH, THE 18TH, OR THE |

11:33AM   1    THE COURT:  LET ME OFFER THE 17TH, THE 18TH, OR THE

11:33AM   2    19TH, OR AGAIN THE 30TH OR 31ST.

11:33AM   3    MR. WADE:  HAVING SEEN SOME LAWYERS HAD THEIR PHONES

11:33AM   4    RING OUT THERE, I MADE THE DECISION TO TURN MINE OFF.  SO WITH

11:33AM   5    THE COURT'S INDULGENCE, I'M JUST LOGGING ON TO MY SCHEDULE.  I

11:33AM   6    THINK THE 17TH WOULD WORK FOR THE DEFENSE.

11:34AM   7    MR. CAZARES:  YES, YOUR HONOR.

11:34AM   8    MR. BOSTIC:  AND THAT'S FINE FOR THE GOVERNMENT.

11:34AM   9    THANK YOU.

11:34AM   10   THE COURT:  OKAY.  NOW, LET ME ASK TIMING FOR TRAVEL

11:34AM   11   TIME.  WHAT IS BEST FOR YOU ALL?

11:34AM   12   MR. WADE:  I THINK IN AN AFTERNOON HEARING, AN EARLY

11:34AM   13   AFTERNOON HEARING.  WITH THE COURT'S INDULGENCE.

11:34AM   14   THE COURT:  SURE.

11:34AM   15   (DISCUSSION AMONGST COUNSEL OFF THE RECORD.)

11:34AM   16   MR. WADE:  ACTUALLY, YOUR HONOR, 10:00 A.M. LIKE THE

11:34AM   17   HEARING TODAY WOULD WORK WELL.

11:34AM   18   MR. BOSTIC:  THAT'S FINE.

11:34AM   19   MR. CAZARES:  THAT'S FINE.

11:34AM   20   THE COURT:  LET'S DO THAT.

11:34AM   21   MR. WADE:  YOUR HONOR, IF I MAY MAKE ONE MORE

11:34AM   22   SUGGESTION JUST FOR CASE MANAGEMENT PURPOSES.

11:34AM   23   MAYBE IF WE WERE TO HAVE A DATE BY WHICH WE SUBMIT A

11:34AM   24   PROPOSED SCHEDULED TO THE COURT IN ADVANCE OF THAT AND THAT WAY

11:34AM   25   AT THAT HEARING WE CAN HAVE THE CALENDARS OUT AND TRY AND

| | | |
|---|---|---|
| 11:34AM | 1 | RESOLVE ANY DISPUTES THAT WE MAY HAVE. |
| 11:34AM | 2 | THE COURT:  THAT'S HELPFUL.  THANK YOU FOR THAT. |
| 11:34AM | 3 | THAT WOULD BE HELPFUL. |
| 11:34AM | 4 | MR. BOSTIC:  ARE WE TALKING ABOUT A PROPOSED |
| 11:34AM | 5 | PRETRIAL CALENDAR? |
| 11:34AM | 6 | MR. WADE:  YES. |
| 11:34AM | 7 | MR. BOSTIC:  I THINK THAT'S A GOOD IDEA. |
| 11:34AM | 8 | THE COURT:  OKAY.  THANK YOU.  I APPRECIATE YOU |
| 11:34AM | 9 | ADVANCING THAT.  ALSO, AFTER YOU HAVE YOUR MEET AND CONFER, AND |
| 11:35AM | 10 | I ANTICIPATE IT'S GOING TO BE JUST EMINENTLY SUCCESSFUL, SHOULD |
| 11:35AM | 11 | YOU NEED TO ADJUST THE 17TH, THAT IS, TO MOVE IT TO TAKE IT OFF |
| 11:35AM | 12 | CALENDAR BECAUSE EVERYONE IS SATISFIED, JUST LET MS. KRATZMANN |
| 11:35AM | 13 | KNOW AND WE CAN MAKE ANY ADJUSTMENTS THAT WE NEED ON THAT. |
| 11:35AM | 14 | THAT'S ALWAYS OPEN. |
| 11:35AM | 15 | MR. WADE:  OPTIMISM SPRINGS ETERNAL, YOUR HONOR. |
| 11:35AM | 16 | THE COURT:  IT DOES.  IT DOES.  EVEN BOSTON WINS A |
| 11:35AM | 17 | WORLD SERIES NOW AND THEN.  ANYTHING CAN HAPPEN.  ANYTHING |
| 11:35AM | 18 | FURTHER? |
| 11:35AM | 19 | MR. BOSTIC:  JUST ONE HOUSEKEEPING MATTER. |
| 11:35AM | 20 | THE COURT:  YES. |
| 11:35AM | 21 | MR. BOSTIC:  I BELIEVE, OF COURSE, THE PARTIES ARE |
| 11:35AM | 22 | EACH CONTINUING THEIR INVESTIGATIONS AND REVIEW OF DISCOVERY. |
| 11:35AM | 23 | IT MIGHT BE APPROPRIATE TO EXCLUDE TIME THROUGH THE TRIAL DATE. |
| 11:35AM | 24 | THE COURT:  THANK YOU.  I WAS GOING TO DO THAT.  WE |
| 11:35AM | 25 | HAVE A TRIAL DATE SET.  IT'S THE COURT'S INTENT THEN, BASED ON |

11:35AM  1    OUR DISCUSSION HERE, AND WE'RE ONLY AT DISCOVERY, BUT I WILL

11:36AM  2    EXCLUDE TIME TO ALLOW FOR EFFECTIVE PREPARATION OF COUNSEL.

11:36AM  3    TIME IS EXCLUDED TO OUR TRIAL DATE FOR BOTH DEFENDANTS IN THIS

11:36AM  4    MATTER.

11:36AM  5         ALL RIGHT.  THANK YOU VERY MUCH.

11:36AM  6              MR. BOSTIC:  THANK YOU, YOUR HONOR.

11:36AM  7              MR. WADE:  THANK YOU, YOUR HONOR.

11:36AM  8              MR. CAZARES:  THANK YOU.

11:36AM  9              THE COURT:  AND WE HAVE AN S.E.C. CASE.  SHOULD WE

11:36AM  10   CALL THAT NOW BEFORE EVERYONE LEAVES?

11:36AM  11              MS. LAMARCA:  SURE.

11:36AM  12              THE COURT:  THANK YOU FOR YOUR PATIENCE.

11:36AM  13              MS. LAMARCA:  SUSAN LAMARCA WITH THE S.E.C.

11:36AM  14              THE COURT:  THANK YOU.  GOOD MORNING.

11:36AM  15              MR. KATZ:  GOOD MORNING, YOUR HONOR.  MARC KATZ FOR

11:36AM  16   THE S.E.C.

11:36AM  17              THE COURT:  THANK YOU.  NICE TO SEE YOU AGAIN.

11:36AM  18              MR. CAZARES:  GOOD MORNING AGAIN, YOUR HONOR,

11:36AM  19   STEPHEN CAZARES FOR THE MR. BALWANI.

11:36AM  20              THE COURT:  THANK YOU.  GOOD MORNING.  SO WHAT

11:36AM  21   SHOULD WE DO IN THIS CASE?

11:36AM  22              MS. LAMARCA:  I THINK THE ONLY MATTER THAT WE HAVE

11:36AM  23   IN OUR JOINT STATEMENT WAS THE CONFIRMATION OF DATES THAT WE

11:36AM  24   AGREED COULD BE PUSHED OUT ANOTHER I THINK IT WAS 120 DAYS THE

11:36AM  25   COURT SET FOR THE CUTOFF OF REGULAR DISCOVERY, AND WE CAN HAD

11:36AM  1     HAD A LATTER EXPERT DISCOVERY DATE AND SO WE WANTED TO MAKE

11:36AM  2     SURE THAT THE COURT WENT AHEAD AND ORDERED THAT DATE.

11:36AM  3               MR. CAZARES:  THAT'S ACCEPTABLE, YOUR HONOR, YES.

11:37AM  4               MS. LAMARCA:  GREAT.  THANK YOU, YOUR HONOR.

11:37AM  5               THE COURT:  THANK YOU VERY MUCH.  GOOD SEEING YOU

11:37AM  6     ALL.  THANK YOU.

11:37AM  7               MR. DOWNEY:  THANK YOU, YOUR HONOR.

11:37AM  8               THE CLERK:  COURT IS ADJOURNED.

11:37AM  9          (COURT CONCLUDED AT 11:37 A.M.)

         10

         11

         12

         13

         14

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25

1

2

3                    CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16       IRENE RODRIGUEZ, CSR, RMR, CRR
         CERTIFICATE NUMBER 8074

17

18       DATED:  JULY 2, 2019

19

20

21

22

23

24

25