1                     UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3                         SAN JOSE DIVISION

4

        UNITED STATES OF AMERICA,          )
5                                          )   CR-18-00258-EJD
                         PLAINTIFF,        )
6                                          )   SAN JOSE, CALIFORNIA
                    VS.                    )
7                                          )   JULY 17, 2019
        ELIZABETH A. HOLMES AND RAMESH     )
8       SUNNY BALWANI,                     )   PAGES 1 - 64
                                           )
9                        DEFENDANTS.       )
        _____   )

10

11

12                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE EDWARD J. DAVILA
                     UNITED STATES DISTRICT JUDGE

13

14      A P P E A R A N C E S:

15      FOR THE PLAINTIFF:     UNITED STATES ATTORNEY'S OFFICE
                               BY:  JOHN BOSTIC
16                                  ROBERT LEACH
                                    JEFFREY SCHENK
17                             150 ALMADEN BOULEVARD, SUITE 900
                               SAN JOSE, CALIFORNIA 95113

18

19          (APPEARANCES CONTINUED ON THE NEXT PAGE.)

20

        OFFICIAL COURT REPORTER:
21                             IRENE L. RODRIGUEZ, CSR, RMR, CRR
                               CERTIFICATE NUMBER 8074

22

23

            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
24              TRANSCRIPT PRODUCED WITH COMPUTER

25

1

 <u>A P P E A R A N C E S:</u>  (CONT'D)

2

3     FOR DEFENDANT HOLMES:   WILLIAMS & CONNOLLY LLP
                              BY:  KEVIN M. DOWNEY
4                                  LANCE WADE
                              725 TWELFTH STREET, N.W.
5                             WASHINGTON, D.C. 20005

6                             LAW OFFICE OF JOHN D. CLINE
                              BY:  JOHN D. CLINE
7                             ONE EMBARCADERO CENTER, SUITE 500
                              SAN FRANCISCO, CALIFORNIA 94111

8

      FOR DEFENDANT BALWANI:  DAVIS, WRIGHT & TREMAINE LLP
9                             BY:  STEPHEN CAZARES
                              505 MONTGOMERY STREET, SUITE 800
10                            SAN FRANCISCO, CALIFORNIA 94111

11                            CORR CRONIN LLP
                              BY:  STEVEN FOGG
12                            1001 FOURTH AVENUE, SUITE 3900
                              SEATTLE, WASHINGTON 98154

13

14

15

16

17

18

19

20

21

22

23

24

25

| | | |
|---|---|---|
| | 1 | SAN JOSE, CALIFORNIA                           JULY 17, 2019 |
| 10:03AM | 2 | P R O C E E D I N G S |
| 10:03AM | 3 | (COURT CONVENED AT 10:03 A.M.) |
| 10:03AM | 4 | THE COURT:  SO LET'S CALL OUR MORNING CALENDAR. |
| 10:03AM | 5 | THIS IS 18-258, UNITED STATES VERSUS ELIZABETH HOLMES AND |
| 10:03AM | 6 | RAMESH BALWANI. |
| 10:03AM | 7 | IF I COULD HAVE THE APPEARANCES, PLEASE. |
| 10:03AM | 8 | MR. BOSTIC:  GOOD MORNING, YOUR HONOR.  JOHN BOSTIC, |
| 10:03AM | 9 | JEFF SCHENK, AND ROBERT LEACH FOR THE UNITED STATES. |
| 10:03AM | 10 | THE COURT:  THANK YOU.  GOOD MORNING. |
| 10:03AM | 11 | MR. LEACH:  GOOD MORNING, YOUR HONOR. |
| 10:03AM | 12 | MR. SCHENK:  GOOD MORNING. |
| 10:03AM | 13 | MR. DOWNEY:  GOOD MORNING, YOUR HONOR.  KEVIN DOWNEY |
| 10:03AM | 14 | ON BEHALF OF ELIZABETH HOLMES, AND MY PARTNER, LANCE WADE, IS |
| 10:03AM | 15 | WITH ME AS WELL AS JOHN CLINE. |
| 10:03AM | 16 | THE COURT:  THANK YOU.  GOOD MORNING.  YOUR CLIENT |
| 10:03AM | 17 | IS PRESENT AS WELL. |
| 10:03AM | 18 | MR. DOWNEY:  AND THE CLIENT IS PRESENT AS WELL, YOUR |
| 10:03AM | 19 | HONOR. |
| 10:03AM | 20 | MR. COOPERSMITH:  GOOD MORNING, YOUR HONOR. |
| 10:03AM | 21 | JEFF COOPERSMITH FOR MR. BALWANI.  MY COLLEAGUES, STEVE CAZARES |
| 10:03AM | 22 | AND STEVE FOGG, ARE WITH MR. BALWANI AS WELL, WHO IS PRESENT AS |
| 10:03AM | 23 | WELL. |
| 10:03AM | 24 | THE COURT:  THANK YOU.  GOOD MORNING EVERYONE. |
| 10:03AM | 25 | I DID RECEIVE A LETTER JUST A MOMENT AGO, AND LET ME |

10:03AM 1    INDICATE I DID RECEIVE DOCKET 189, WHICH IS YOUR STATUS

10:03AM 2    MEMORANDUM, AND THANK YOU FOR THAT.  THAT WAS VERY HELPFUL.

10:03AM 3    I ALSO HAVE REVIEWED SOME OTHER DOCUMENTS INCLUDING 6721,

10:04AM 4    WHICH WAS A PROPOSED ORDER BY THE DEFENSE REGARDING A RULE 16

10:04AM 5    REQUEST.

10:04AM 6    I'VE ALSO LOOKED AT THE STIPULATION AND PROPOSED

10:04AM 7    SUPPLEMENTAL PROTECTIVE ORDER THAT WAS REFERENCED IN SOME

10:04AM 8    LETTERS.  I'VE READ THE LETTERS THAT WERE ATTACHED TO THE

10:04AM 9    SUPPLEMENTAL MEMORANDUM, YOUR STATUS MEMORANDUM.

10:04AM 10   AND THEN JUST A MOMENT AGO I WAS HANDED ANOTHER LETTER

10:04AM 11   FROM I THINK IT WAS CMS.

10:04AM 12   MR. BOSTIC, THAT CAME FROM YOU, I BELIEVE.

10:04AM 13   MR. BOSTIC:  YES, YOUR HONOR.  WE RECEIVED THAT JUST

10:04AM 14   A FEW MINUTES BEFORE I SENT IT TO THE COURT.

10:04AM 15   THE COURT:  THANK YOU VERY MUCH.  SO WHY DON'T I GET

10:04AM 16   AN UPDATE, IF THERE IS ANYTHING TO UPDATE, SUPPLEMENTAL TO YOUR

10:04AM 17   MEMORANDUM, YOUR STATUS.

10:04AM 18   MR. WADE:  YOUR HONOR, IF I COULD MAKE AN INQUIRY.

10:04AM 19   I'M NOT SURE I'M AWARE OF THE CMS CORRESPONDENCE THAT YOU

10:04AM 20   REFERRED TO.

10:04AM 21   THE COURT:  OH.

10:05AM 22   MR. BOSTIC:  SO, YOUR HONOR, WHEN CMS SENT THAT BY

10:05AM 23   E-MAIL THIS MORNING, I BELIEVE COUNSEL FOR MS. HOLMES WERE CC'D

10:05AM 24   ON THAT E-MAIL, BUT IT DID JUST COME IN IN THE LAST 45 MINUTES

10:05AM 25   OR SO.

10:05AM  1                      THE CLERK:  I CAN PRINT.

10:05AM  2                      THE COURT:  WE CAN GET A PRINTED COPY FOR YOU.

10:05AM  3                      MR. WADE:  I'LL CHECK MY E-MAIL, YOUR HONOR.

10:05AM  4                      MR. BOSTIC:  I SEE NOW, YOUR HONOR, IT WAS SENT TO

10:05AM  5      MYSELF FOR THE GOVERNMENT, MR. COOPERSMITH FOR MR. BALWANI, AND

10:05AM  6      MR. DOWNEY FOR MS. HOLMES.

10:05AM  7                      MR. COOPERSMITH:  IT TEACHES ME TO TURN OFF MY PHONE

10:05AM  8      FOR COURT I GUESS, YOUR HONOR, BUT I'LL CHECK IT.

10:05AM  9                      THE COURT:  UPDATE YOUR BROWSERS.  WE'LL HAVE COPIES

10:05AM 10      FOR YOU IN JUST A MOMENT OF THE E-MAIL.

10:06AM 11          (PAUSE IN PROCEEDINGS.)

10:06AM 12                      THE CLERK:  (HANDING).

10:06AM 13                      THE COURT:  THIS IS JULY 17TH, 2019, A TWO PAGE

10:06AM 14      LETTER.

10:06AM 15                      MR. WADE:  WE HAVE IT NOW, YOUR HONOR.  THANKS TO

10:06AM 16      THE COURT.  WE'LL TAKE A FEW MOMENTS TO READ.

10:06AM 17                      THE COURT:  OF COURSE.

10:06AM 18          (PAUSE IN PROCEEDINGS.)

10:07AM 19                      MR. WADE:  WE'RE PREPARED TO PROCEED, YOUR HONOR.

10:07AM 20                      THE COURT:  ALL RIGHT.  EVERYONE HAS READ THIS.  HOW

10:07AM 21      ABOUT AN UPDATE, MR. BOSTIC?

10:07AM 22                      MR. BOSTIC:  SO, YOUR HONOR, AS THE COURT KNOWS, AT

10:07AM 23      THE TIME OF THE LAST HEARING THE AGENCIES WERE TELLING THE

10:07AM 24      PARTIES THAT THE MAIN OBSTACLES TO THEIR PRODUCING CERTAIN

10:07AM 25      CATEGORIES OF DOCUMENTS WERE THE REQUIREMENT FOR A PROTECTIVE

10:07AM  1   ORDER IN THIS CASE AND A WAIVER FROM THE ASSIGNEE CONTROLLING

10:07AM  2   THERANOS'S RIGHTS.

10:07AM  3       THOSE TWO OBSTACLES HAVE BEEN OVERCOME AS THE COURT SAW IN

10:07AM  4   THE JOINT STATUS UPDATE.  I'M NOT AWARE OF ANY SIGNIFICANT

10:07AM  5   CHANGES SINCE THE PARTIES MADE THEIR SUBMISSIONS ON MONDAY, BUT

10:07AM  6   IF THE COURT WOULD LIKE, I'M ABLE TO SUMMARIZE THE PROGRESS

10:07AM  7   THAT HAS BEEN MADE OVER THE LAST TWO WEEKS SINCE THE JUNE 28TH

10:07AM  8   HEARING.

10:07AM  9       THE COURT:  WELL, I'VE CAPTURED THAT IN THE MEMO SO

10:07AM  10  THAT'S FINE.  YOU DON'T NEED TO REPEAT ANY OF THAT.

10:07AM  11      I GUESS THE QUESTION THAT COMES TO MIND IMMEDIATELY IS

10:07AM  12  WHETHER OR NOT I SHOULD SIGN THE, I THINK IT'S THE CORRECTIVE

10:07AM  13  PROTECTIVE ORDER.

10:07AM  14      WHAT IS THE POSITION OF THE DEFENSE ON THAT?

10:08AM  15      MR. WADE:  WE'VE CONFERRED WITH THE GOVERNMENT AND

10:08AM  16  WITH COCOUNSEL ON THE PROTECTIVE ORDER AND IT ADDRESSES VARIOUS

10:08AM  17  ISSUES.  THE GOVERNMENT HAS BEEN ACCOMMODATING IN ADDRESSING

10:08AM  18  OURS, AND WE'VE TRIED TO BE EQUALLY AS ACCOMMODATING.

10:08AM  19      WE HAVE NO OBJECTION TO THAT ORDER.

10:08AM  20      THE COURT:  ALL RIGHT.

10:08AM  21      MR. BOSTIC:  AGREED, YOUR HONOR.  I THINK SIGNING OF

10:08AM  22  THE PROTECTIVE ORDER WILL FACILITATE PRODUCTION OF THESE

10:08AM  23  DOCUMENTS.

10:08AM  24      THE COURT:  I HAVE A COPY IN MY HAND THAT I AM GOING

10:08AM  25  TO HAND DOWN TO YOU.  I JUST WANT TO MAKE SURE I AM GOING TO

10:08AM 1    SIGN THE CORRECT DOCUMENT THAT YOU ALL HAVE AGREEMENT TO.

10:08AM 2         MAYBE I'LL GET A CLEAN COPY THAT IS NOT ON THIS.

10:08AM 3              MR. CAZARES:  YOUR HONOR, IF I MAY JUST TO MAKE ONE

10:08AM 4    THING CLEAR.  IT'S MY UNDERSTANDING THAT THE PROTECTIVE ORDER

10:08AM 5    THAT THE PARTIES HAVE AGREED UPON IS ACCEPTABLE TO THE PARTIES

10:08AM 6    AND IS NOT, HOWEVER, YOU KNOW, SIGNED OFF YET BY THE ASSIGNEE.

10:08AM 7    THEY HAVE NOT NECESSARILY AGREED AT THIS POINT TO PRODUCE

10:08AM 8    DOCUMENTS OR AGREED TO THE PRODUCTION PURSUANT TO THE TERMS AS

10:09AM 9    CONTAINED IN THIS PROTECTIVE ORDER.

10:09AM 10             THE COURT:  OKAY.  THANK YOU.

10:09AM 11             MR. BOSTIC:  SO, YOUR HONOR, TO CLARIFY ON THAT

10:09AM 12   POINT.  THE MOST RECENT VERSION, AS I THINK THE COURT IS AWARE,

10:09AM 13   THE GOVERNMENT DRAFTED THIS PROTECTIVE ORDER, NEGOTIATED WITH

10:09AM 14   SEVERAL PARTIES TO MAKE SURE IT WAS ACCEPTABLE TO EVERYBODY,

10:09AM 15   INCLUDING THE TWO SETS OF DEFENSE COUNSEL, THE TWO GOVERNMENT

10:09AM 16   AGENCIES, AS WELL AS COUNSEL FOR THE ASSIGNEE.

10:09AM 17        THE MOST RECENT VERSION THAT THE ASSIGNEE REVIEWED WAS

10:09AM 18   PROBABLY ONE VERSION AGO.  I'LL REPRESENT TO THE COURT AND TO

10:09AM 19   DEFENSE COUNSEL THAT I DON'T BELIEVE THERE HAVE BEEN ANY

10:09AM 20   CHANGES TO THE PROTECTIVE ORDER SINCE THEN THAT WOULD AFFECT

10:09AM 21   THE ASSIGNEE'S AGREEMENT TO ISSUE A WAIVER UNDER THE ORDER.

10:09AM 22             THE COURT:  SO THIS DOCUMENT THAT I HAVE IN MY HAND

10:09AM 23   THAT I'M PREPARED TO SIGN NOW YOU BELIEVE WILL ALLOW ALL OF THE

10:09AM 24   PROCESS WE TALKED ABOUT BACK IN JUNE AND THAT YOU IDENTIFIED IN

10:09AM 25   YOUR MEMORANDUM TO GO FORWARD, THAT IS, THE PRODUCTION AND THE

10:09AM   1      RELEASE OF THE INFORMATION SIMULTANEOUSLY?

10:09AM   2              MR. BOSTIC:  I DO, YOUR HONOR.  TO THE EXTENT THAT A

10:10AM   3      PROTECTIVE ORDER IS ABLE TO OVERCOME THE OBSTACLES THAT THE

10:10AM   4      AGENCIES WERE FACING, THIS IS THE PROTECTIVE ORDER TO DO THAT.

10:10AM   5              MR. WADE:  YOUR HONOR, I'M SURE WE'LL GET TO THIS.

10:10AM   6      SIGNIFICANT OBSTACLES REMAIN.  WE ARE -- THIS ORDER WILL HELP

10:10AM   7      EXPEDITE THE PRODUCTION OF SOME MATERIALS.

10:10AM   8          WE HAVE REVIEWED IT.  WE UNDERSTAND IT'S THE SAME AS THE

10:10AM   9      ORDER THAT WAS SUBMITTED WITH THE STATUS REPORT, AND WE WOULD

10:10AM   10     AGREE THAT IT'S APPROPRIATE TO SIGN THAT.

10:10AM   11             THE COURT:  OKAY.

10:10AM   12             MR. CAZARES:  AGREED, YOUR HONOR.

10:10AM   13             THE COURT:  OKAY.  ANYONE WISH TO BE HEARD FURTHER

10:10AM   14     ON THIS?

10:10AM   15             MR. WADE:  NO.

10:10AM   16             THE COURT:  OKAY.  ALL RIGHT.  WELL, I'LL SIGN THIS,

10:10AM   17     AND WE HOPE IT HAS THE EFFECT INTENDED.

10:11AM   18         ALL RIGHT.  THANK YOU.  LET'S GO THROUGH -- AND WE'LL HAVE

10:11AM   19     THAT FILED ACCORDINGLY.

10:11AM   20         LET ME GO THROUGH SOME OTHER ISSUES THAT REMAIN.  LET ME

10:11AM   21     FIRST ASK THE GOVERNMENT, ARE THERE ANY ISSUES THAT YOU WOULD

10:11AM   22     LIKE TO BRING UP, MR. BOSTIC, YOUR TEAM?

10:11AM   23             MR. BOSTIC:  YOUR HONOR, I THINK I WILL HAVE SOME

10:11AM   24     RESPONSES TO THE POINTS THAT I EXPECT THE DEFENSE TO RAISE, BUT

10:11AM   25     I'LL RESERVE COMMENTS UNTIL THEN.

10:11AM   1          THE COURT:  OKAY.  ALL RIGHT.  LET'S TURN TO THE

10:11AM   2   DEFENSE THEN.

10:11AM   3          MR. WADE:  JUST SO I'M CLEAR WITH THE COURT, WE'RE

10:11AM   4   STILL ON THE RULE 16 ISSUE HERE?  WE'RE NOT MOVING ON TO

10:11AM   5   SCHEDULING AND OTHER ITEMS YET?

10:11AM   6          THE COURT:  CORRECT.  CORRECT.

10:11AM   7          MR. WADE:  YOUR HONOR, WE'RE BEFORE THE COURT FOR

10:11AM   8   THE THIRD TIME ON THIS ISSUE, AND ALTHOUGH A LOT HAS BEEN

10:12AM   9   WRITTEN, I'M NOT SURE MUCH HAS ACTUALLY BEEN SAID TO GIVE

10:12AM  10   ASSURANCES THAT THE CATEGORIES OF DOCUMENTS THAT WE SEEK WILL

10:12AM  11   BE PRODUCED.

10:12AM  12      WE THINK IT'S CLEAR FROM WHAT IS BEFORE THE COURT THAT AN

10:12AM  13   ORDER IS NECESSARY TO ENSURE FULL COMPLIANCE WITH THE ORDER AND

10:12AM  14   TO ENSURE THE TIMELY COMPLIANCE WITH THE ORDER.

10:12AM  15          THE COURT:  SO THE ORDER THAT YOU'RE SEEKING, AND WE

10:12AM  16   TALKED ABOUT THIS LAST TIME --

10:12AM  17          MR. WADE:  YES.

10:12AM  18          THE COURT:  -- IS AN ORDER TO THE GOVERNMENT TO

10:12AM  19   PRODUCE THIS INFORMATION?

10:12AM  20          MR. WADE:  YES.

10:12AM  21          THE COURT:  SO I'M JUST CURIOUS, AND IT JUST SEEMS

10:12AM  22   TO ME, AND PARDON ME FOR THIS ACADEMIC EXERCISE, IT JUST SEEMS

10:12AM  23   TO ME THAT IF THE AGENCIES THEMSELVES WERE PRESENT BEFORE THE

10:12AM  24   COURT OR UNDER THE JURISDICTION OF THE COURT SOMEHOW, THE COURT

10:12AM  25   COULD, AS I SAID LAST TIME WE WERE TOGETHER WHEN I SUGGESTED

10:12AM  1    INVITING THE ATTORNEYS OF THOSE AGENCIES TO SAN JOSE TO TALK TO

10:12AM  2    US ABOUT THE PRODUCTION, THAT SEEMS TO BE MORE FRUITFUL THAN

10:13AM  3    HAVING THE GOVERNMENT, ORDERING THE GOVERNMENT TO ACT AS A

10:13AM  4    CONDUIT TO THOSE TWO LAWYERS.

10:13AM  5         I'M NOT GOING TO ASK YOU WHY OR IF OR WHY NOT OR WHY DON'T

10:13AM  6    YOU ISSUE 17 SUBPOENAS.  THAT'S YOUR PROVINCE.

10:13AM  7         BUT IT SEEMS TO ME THAT TO HAVE -- FOR THE COURT TO

10:13AM  8    EXERCISE JURISDICTION OVER THOSE AGENCIES, THAT MIGHT BE THE

10:13AM  9    MOST EFFICIENT WAY TO GO.

10:13AM 10         AND THE QUESTION IS CAN I DO THAT NOW?  THAT IS, INSTEAD

10:13AM 11    OF ORDERING THE GOVERNMENT TO PRODUCE, CAN I ORDER THE AGENCIES

10:13AM 12    DIRECTLY, WITHOUT THEM BEING ACTIVELY INVOLVED IN THIS CASE

10:13AM 13    PURSUANT TO A 17 SUBPOENA, FOR EXAMPLE?

10:13AM 14         MR. WADE:  I THINK YOU COULD ISSUE THAT ORDER OF THE

10:13AM 15    COURT, AND IN A SENSE WHAT THE GOVERNMENT, AS I WERE TO

10:13AM 16    UNDERSTAND THEIR PLEADING, IS ESSENTIALLY SAYING THAT THE

10:13AM 17    ASSISTANCE OF THE COURT AND THE AUTHORITY OF THE COURT IS

10:13AM 18    NECESSARY TO ENSURE FULL AND PROMPT COMPLIANCE.

10:13AM 19         THE COURT:  HE DIDN'T SAY THAT.

10:13AM 20         MR. WADE:  WELL, THEY SUGGESTED THAT A RULE 17

10:14AM 21    SUBPOENA --

10:14AM 22         THE COURT:  -- MAY BE NECESSARY, RIGHT.

10:14AM 23         MR. WADE:  -- MAY BE NECESSARY ISSUED FROM THE

10:14AM 24    GOVERNMENT TO THE AGENCIES, WHICH IS A PRETTY EXTRAORDINARY

10:14AM 25    ASSERTION OF THE KIND THAT I'VE NEVER SEEN BEFORE, YOUR HONOR.

10:14AM  1    BUT IF YOU STEP BACK AND FOCUS ON THE LEGAL ISSUE THAT IS

10:14AM  2    REALLY BEFORE THE COURT AS TO WHO HAS THIS OBLIGATION, THE

10:14AM  3    NINTH CIRCUIT LAW IS CLEAR THAT THAT OBLIGATION RESTS WITH THE

10:14AM  4    GOVERNMENT IN THIS CASE.

10:14AM  5        THE COURT:  YOU KNOW, I'M TRYING TO -- YOU KNOW, I

10:14AM  6    APPRECIATE THAT.  WHAT I'M SAYING IS HOW CAN I MOST EFFICIENTLY

10:14AM  7    GET THIS DONE FOR YOU?

10:14AM  8        I'M CURIOUS WHETHER OR NOT -- WE HAVE THIS CORRESPONDENCE

10:14AM  9    FROM MS. NORTON WHERE SHE INDICATES ON THE SECOND PAGE AS SHE

10:14AM 10    PREVIOUSLY CONVEYED IN HER JULY 9TH LETTER, FDA IS AND HAS BEEN

10:14AM 11    WORKING DILIGENTLY TO COLLECT, PROCESS, REVIEW, AND ULTIMATELY

10:14AM 12    PRODUCE ALL DOCUMENTS, AND I KNOW THERE WAS A QUESTION ABOUT

10:14AM 13    THAT, AND SHE SAYS IN THIS LETTER, AND THIS IS THE JULY 16TH,

10:15AM 14    LETTER, ALL DOCUMENTS RESPONSIVE TO ALL SIX CATEGORIES

10:15AM 15    REQUESTED BY THE PARTIES.

10:15AM 16        WHEN I LOOKED AT THIS LETTER, I WAS CURIOUS, DO YOU THINK

10:15AM 17    THIS OPENS THE DOOR FOR THIS COURT TO HAVE JURISDICTION OVER

10:15AM 18    HER TO HOLD HER TO HER WORD?  IS THAT ENOUGH?

10:15AM 19        MR. WADE:  I WOULD THINK AN ORDER THAT COMPELS THEM

10:15AM 20    TO PRODUCE THESE MATERIALS --

10:15AM 21        THE COURT:  PURSUANT TO HER REPRESENTATION.

10:15AM 22        MR. WADE:  -- PURSUANT TO HER REPRESENTATIONS WOULD

10:15AM 23    BE HONORED BY THE FDA.

10:15AM 24        I THINK AS A PRACTICAL MATTER AS OFFICERS BEFORE THE COURT

10:15AM 25    WE HAVE OBLIGATIONS TO THE COURT AND COUNSEL FOR THE GOVERNMENT

10:15AM  1    HAS DONE AN EXCELLENT JOB DISPATCHING THE OBLIGATIONS OF THE

10:15AM  2    UNITED STATES IN THIS CASE, AND SO WE WOULD SUGGEST THAT THE

10:15AM  3    ORDER REALLY BELONGS WITH THEM.  THE OBLIGATION BELONGS WITH

10:15AM  4    THEM, AND THE ORDER SHOULD BE DIRECTED TO THEM.

10:15AM  5         I'M CONFIDENT THAT THE UNITED STATES WILL ADHERE TO AN

10:15AM  6    ORDER FROM THIS COURT, WHETHER THE BEST WAY TO FACILITATE

10:15AM  7    COMPLIANCE WITH THAT I THINK IS INVOLVING THE GOVERNMENT AND

10:16AM  8    THE AGENCIES AND THAT PROCESS.  THAT WORKED WELL TO GET THEM

10:16AM  9    THE MATERIALS BEFORE, AND I THINK WHEN THE COURT ISSUES THAT

10:16AM  10   ORDER, IT WILL PROMPT THE APPROPRIATE RESOURCES NECESSARY TO

10:16AM  11   KEEP THIS ON TRACK AT ALL LEVELS.

10:16AM  12        BUT WHAT WE'VE HAD HERE, YOUR HONOR, IS THEY'VE HAD THIS

10:16AM  13   OBLIGATION SITTING WITH THEM FOR OVER A YEAR AND WE'VE SEEN

10:16AM  14   VERY LITTLE PROGRESS.

10:16AM  15              THE COURT:  OKAY.  YOU KNOW, LET'S --

10:16AM  16              MR. WADE:  YOU DON'T WANT TO RELITIGATE THIS ISSUE.

10:16AM  17              THE COURT:  YES.  LET'S GO FORWARD.  LET'S GO

10:16AM  18   FORWARD TO MAKE SOME PROGRESS HERE.  NO, I APPRECIATE YOUR

10:16AM  19   CONCERNS ON THAT.

10:16AM  20        SO IF THE COURT WERE TO ISSUE AN ORDER TO THE FDA AND TO

10:16AM  21   MS. NORTON SOMEHOW, AND I'M ASKING YOUR ADVICE ON THIS, HOW

10:16AM  22   WOULD THAT READ?  WHAT TYPE OF ORDER SHOULD BE ISSUED TO

10:16AM  23   MS. NORTON?  PURSUANT TO HER JULY 16TH AND JULY 9TH LETTER, THE

10:16AM  24   COURT COULD ORDER HER TO PRODUCE.  AND LET ME JUST SAY THIS, MY

10:17AM  25   SENSE IS THAT I AGREE SIX MONTHS IS TOO, TOO LONG.

10:17AM 1      MY THOUGHT WAS, COMING OUT HERE, WAS THAT I WOULD ORDER A

10:17AM 2   PRODUCTION WITHIN 60, 75 DAYS, AND THEN WE WOULD HEAR FROM THEM

10:17AM 3   PROBABLY WHY THEY CAN'T DO THAT.  THAT'S MY GUESS OF HOW --

10:17AM 4   IT'S JUST A SUGGESTION OF HOW HUMAN NATURE SEEMS TO OPERATE.

10:17AM 5   WE'LL GIVE THEM A TIMELINE AND HOPEFULLY THEY CAN COMPLETE IT

10:17AM 6   IN 75 DAYS, 60 DAYS.  SOMETHING LIKE THAT.

10:17AM 7      BUT WE'LL HEAR FROM THEM WHY THEY CAN'T IF THEY CAN'T.

10:17AM 8         MR. WADE:  MIGHT I SUGGEST, YOUR HONOR, IF WE SET AN

10:17AM 9   EVIDENTIARY HEARING ON THIS MOTION FOR 60 DAYS HENCE, AND WE

10:17AM 10  HAVE THE AUTHORITY TO ISSUE A RULE 17 SUBPOENA OR THE COURT

10:17AM 11  ISSUES A SUBPOENA TO BRING THESE DOCUMENTS TO THAT HEARING, AND

10:17AM 12  WE HAVE THE WITNESSES PREPARED TO BE EXAMINED WITH RESPECT TO

10:17AM 13  THEIR COMPLIANCE WITH THAT ORDER OR SUBPOENA, EITHER ONE, IT

10:18AM 14  SEEMS THE GOVERNMENT IS WILLING TO ISSUE A SUBPOENA, THEY CAN

10:18AM 15  ISSUE A SUBPOENA FOR THOSE CATEGORIES OF DOCUMENTS.

10:18AM 16         THE COURT:  YOU COULD HAVE DONE THAT.

10:18AM 17         MR. WADE:  YEAH.  WELL, I WOULD ANTICIPATE HAVING

10:18AM 18  SEEN THIS MOVIE, YOUR HONOR, THAT WERE WE TO ISSUE A RULE 17

10:18AM 19  SUBPOENA THEY WOULD QUASH IT UNDER NIXON OR SEEK TO QUASH IT

10:18AM 20  UNDER NIXON, AND THEN WE'D BE IN A DIFFERENT ARGUMENT.

10:18AM 21     THE REALITY IS THE OBLIGATION OF THE DISCLOSURE OF THE

10:18AM 22  UNITED STATES IN THIS CASE IS MUCH BROADER, AND THAT'S WHY RULE

10:18AM 23  17 IS NOT NECESSARILY THE APPROPRIATE MECHANISM FOR THAT.

10:18AM 24         THE COURT:  I THINK WE'RE ALL OF COMMON PURPOSE TO

10:18AM 25  GET -- TO KEEP THE CASE MOVING SO WE CAN SECURE AND MAINTAIN

10:18AM 1    THE TRIAL DATE THAT MR. SCHENK, LAST TIME WE WERE TOGETHER, WAS

10:18AM 2    VERY EAGER TO PUT IN CONCRETE.

10:18AM 3            MR. WADE:  AND THAT IS -- I KNOW WE HAVE AN AGREED

10:18AM 4    TO SCHEDULE.  THAT'S A PRETTY PACKED SCHEDULE THAT IS BEFORE

10:18AM 5    THE COURT AS PART OF OUR STATUS REPORT.

10:18AM 6        MANY OF THOSE DATES ARE SORT OF TIED TO PROMPT COMPLIANCE

10:19AM 7    WITH DISCOVERY OBLIGATIONS, AND HAVING JUST PROPOSED THE ORDER

10:19AM 8    I HESITATE TO SAY IT'S GOING TO BE HARD TO MEET IT, BUT IF THE

10:19AM 9    AGENCIES ARE NOT ABLE TO MOVE WITH GREATER DISPATCH, THE WHOLE

10:19AM 10   CASCADING SERIES OF EVENTS IS IN JEOPARDY.

10:19AM 11           THE COURT:  OH, I HAVE GREAT FAITH IN THE GOVERNMENT

10:19AM 12   AGENCIES.

10:19AM 13           MR. WADE:  I DO, TOO, YOUR HONOR, WHEN GIVEN

10:19AM 14   ASSISTANCE AND DIRECTION FROM THE COURT.

10:19AM 15           THE COURT:  SURE.

10:19AM 16           MR. WADE:  A LOT HAS BEEN DONE HERE ALREADY.

10:19AM 17           THE COURT:  LET ME ASK MR. BOSTIC.  PARDON ME.

10:19AM 18       MR. BOSTIC, MY THOUGHT ABOUT WORRYING THE AGENCIES IN SOME

10:19AM 19   MANNER, ISSUING AN ORDER PURSUANT TO HER LETTER AND GIVING HER

10:19AM 20   75 DAYS TO PRODUCE THE DOCUMENTS, DO YOU HAVE ANY THOUGHTS ON

10:19AM 21   THAT, YOU OR YOUR TEAM?

10:19AM 22           MR. BOSTIC:  SO, YOUR HONOR, I DON'T HAVE ANY

10:19AM 23   SPECIAL INSIGHT INTO HOW EFFECTIVE THAT ORDER WILL BE.  I'M IN

10:19AM 24   THE SAME POSITION AS THE COURT AND THE DEFENSE.  I HAVE EVERY

10:19AM 25   REASON TO BELIEVE THAT THE AGENCIES WILL DO THEIR BEST TO HONOR

10:19AM 1    ANY ORDER THAT THE COURT ISSUES AS THE GOVERNMENT HAS BEEN

10:20AM 2    DOING.

10:20AM 3        I AM INCLINED TO TAKE AT FACE VALUE THE REPRESENTATIONS

10:20AM 4    FROM THE AGENCIES THAT THEIR CURRENT TIME ESTIMATES ARE THE

10:20AM 5    BEST THAT THEY CAN DO GIVEN THE SCOPE OF THE REQUESTS AND WHAT

10:20AM 6    THEY HAVE IDENTIFIED AS THE BATCH OF DOCUMENTS THAT NEED TO BE

10:20AM 7    REVIEWED.  I THINK THEY'RE PUTTING IN CONSIDERABLE EFFORTS TO

10:20AM 8    SPEED THAT UP.  I THINK AN ORDER FROM THE COURT WOULD OBVIOUSLY

10:20AM 9    PROVIDE ADDITIONAL IMPETUS FOR THAT TO HAPPEN.

10:20AM 10       SO I WOULDN'T OBJECT OR THE GOVERNMENT WOULDN'T OBJECT TO

10:20AM 11   AN ORDER DIRECTED AT THE AGENCIES.  I'M IN NO POSITION TO MAKE

10:20AM 12   THAT OBJECTION.

10:20AM 13       WHAT I WOULD OBJECT TO, RESPECTFULLY, YOUR HONOR, IS THE

10:20AM 14   ORDER THAT THE DEFENSE IS REQUESTING, WHICH WOULD BE DIRECTED

10:20AM 15   INSTEAD AT THE PROSECUTION IN THIS CASE RATHER THAN THOSE

10:20AM 16   AGENCIES, AND I THINK THE DEFENSE RIGHTLY POINTS OUT THAT THE

10:20AM 17   PROSECUTION HAS OBLIGATIONS UNDER RULE 16, BUT I THINK THE MORE

10:20AM 18   IMPORTANT QUESTION HERE IS WHAT IS THE EXTENT OF THOSE

10:20AM 19   OBLIGATIONS IN THIS SITUATION.

10:20AM 20       AND I THINK THE CASE LAW IS VERY CLEAR THAT THE

10:21AM 21   GOVERNMENT'S OBLIGATIONS UNDER RULE 16 AND UNDER BRADY ONLY GO

10:21AM 22   AS FAR AS THE GOVERNMENT'S ACCESS TO GETTING MATERIALS.

10:21AM 23       I THINK OVER THE LAST FEW WEEKS WE'VE HAD AMPLE

10:21AM 24   DEMONSTRATION AND PROOF THAT THE GOVERNMENT DOES NOT HAVE

10:21AM 25   COMPLETE ACCESS TO THE INFORMATION AND MATERIALS THAT THE

10:21AM  1    DEFENSE IS SEEKING.

10:21AM  2         WE'VE DONE EVERYTHING WE CAN, AND WE'RE EVEN CONSIDERING,

10:21AM  3    LIKE MR. WADE SAID, THE REMARKABLE STEP OF ISSUING A RULE 17

10:21AM  4    SUBPOENA.

10:21AM  5         BUT I SHOULD POINT OUT THAT ONCE WE'RE IN THAT TERRITORY,

10:21AM  6    ONCE WE'RE TALKING ABOUT THE PROSECUTION NEGOTIATING WITH THESE

10:21AM  7    AGENCIES AND TRYING TO PERSUADE THEM AND COORDINATING

10:21AM  8    REQUIREMENTS WITH OTHER PARTIES AND DISAGREEING WITH POSITIONS

10:21AM  9    TAKEN BY THE AGENCIES AND EVEN CONSIDERING RULE 17 SUBPOENAS,

10:21AM 10    WE'RE WELL BEYOND THE KIND OF ACCESS THAT IS CONTEMPLATED BY

10:21AM 11    EITHER BRADY OR RULE AND WE'RE IN NEW TERRITORY, AND THAT'S

10:21AM 12    WHAT THE SALYER CASE SAYS.

10:21AM 13         THE SALYER CASE SPECIFICALLY SAYS THAT THE NEED FOR FORMAL

10:22AM 14    PROCESS AND THE ACQUISITION OF DOCUMENTS IS THE ANTITHESIS OF

10:22AM 15    ACCESS AS DEFINED BY THE CASE LAW DISCUSSING THIS TOPIC.

10:22AM 16         SO I THINK IT'S IMPORTANT TO KEEP THAT IN MIND.  THAT'S

10:22AM 17    THE REASON WHY ANY COURT ORDER IN THE GOVERNMENT'S OPINION

10:22AM 18    SHOULD NOT BE DIRECTED AT THE PROSECUTION, BUT IF THERE IS

10:22AM 19    GOING TO BE AN ORDER, IT WOULD BE MORE EFFECTIVELY DIRECTED AT

10:22AM 20    THE AGENCIES THEMSELVES.

10:22AM 21         THE COURT:  THANK YOU.

10:22AM 22         SO I'M CONTEMPLATING ISSUING AN ORDER TO THE FDA.  IT

10:22AM 23    SEEMS LIKE THE FDA IS REALLY THE AGENCY THAT HAS INDICATED

10:22AM 24    DIFFICULTY COMPLYING WITH ANY REQUEST.  I'M NOT SAYING CMS HAS

10:22AM 25    NOT INDICATED DIFFICULTY AS WELL, BUT I AM CONTEMPLATING

10:22AM 1   ISSUING AN ORDER TO THE AGENCIES, MR. WADE, PURSUANT TO THEIR

10:22AM 2   REPRESENTATIONS IN THE LETTERS THAT THEY HAVE PROVIDED, THAT

10:22AM 3   THEY WILL PROVIDE THIS INFORMATION.

10:22AM 4        MY SENSE IS THAT I WOULD ORDER A PRODUCTION IN 75 DAYS,

10:22AM 5   AND WE'LL SEE WHAT DEVELOPS, AND THAT MAY GIVE US A FURTHER

10:23AM 6   TALKING POINT ABOUT THEIR TIMELINE.

10:23AM 7        MY SENSE IS, AND I'M JUST THINKING ABOUT THIS AS I SIT

10:23AM 8   HERE, THAT THE ORDER WOULD ALSO ORDER THEM TO KEEP IN

10:23AM 9   COMMUNICATION WITH THE GOVERNMENT AND PROVIDE THE GOVERNMENT

10:23AM 10  REGULAR UPDATES IN THAT TIME PERIOD ABOUT THE PRODUCTION.

10:23AM 11       MY CONCERN IS THIS:  THAT I DON'T WANT ANYTHING TO COME UP

10:23AM 12  AND IMPEDE THE PROGRESS THAT HAS BEEN MADE.  I KNOW THAT'S A

10:23AM 13  WORD THAT YOU PROBABLY WOULDN'T USE TO CHARACTERIZE HOW FAR WE

10:23AM 14  HAVE GONE HERE, MR. WADE.

10:23AM 15       BUT AGAIN, THIS COULD RAISE AN ISSUE WHERE THEIR LEGAL

10:23AM 16  TEAM, FDA, CMS MIGHT DECIDE TO COME IN AND DO A MOTION TO QUASH

10:23AM 17  THE COURT'S ORDER OR SOMETHING LIKE THAT.  I HOPE THAT DOESN'T

10:23AM 18  HAPPEN.  I HOPE THESE LETTERS TRULY EXPRESS THE FEELING OF

10:23AM 19  COOPERATION THAT THESE AGENCIES ARE GOING TO ACCOMPLISH AS THEY

10:24AM 20  SAID.

10:24AM 21       YOU'RE ON YOUR FEET, SIR.

10:24AM 22           MR. CAZARES:  YOUR HONOR, COULD I ADDRESS THE ISSUE

10:24AM 23  BEFORE THIS CONTEMPLATED ORDER GETS ISSUED?

10:24AM 24           THE COURT:  SURE.  YOU WANT TO BE HEARD?

10:24AM 25           MR. CAZARES:  YEAH, I WOULD LIKE TO BE HEARD.  THANK

| 10:24AM | 1 | YOU. |

10:24AM 1    YOU.

10:24AM 2             THE COURT:  SURE.  OF COURSE.

10:24AM 3             MR. WADE:  I HAVE A COUPLE OF POINTS TO ADDRESS AS

10:24AM 4    WELL, YOUR HONOR.

10:24AM 5             MR. CAZARES:  OKAY.

10:24AM 6             MR. WADE:  MAYBE WE'RE GOING TO GET TO THIS CMS

10:24AM 7    ORDER BECAUSE I THINK THE FDA OR THE CMS ISSUE, THE FDA IS MORE

10:24AM 8    TRANSPARENT IN EXPRESSING THAT THEY NEED SIX MONTHS OF TIME TO

10:24AM 9    ADDRESS THIS, AT LEAST SIX MONTHS OF TIME.

10:24AM 10       CMS IS SLIGHTLY MORE ARTFUL IN HOW THEY DRAFT THEIR

10:24AM 11   LETTER, BUT I THINK IF YOU LOOK AT THE RELEVANT PARAGRAPH IN

10:24AM 12   THE CMS LETTER, IN PARTICULAR IF YOU LOOK AT -- I'M LOOKING AT

10:24AM 13   EXHIBIT C TO THE STATUS CONFERENCE REPORT.

10:25AM 14       AND IF YOU LOOK AT THE LAST BULLET ON PAGE -- WELL, THE

10:25AM 15   LETTER IS NOT PAGINATED.  IT'S PAGE -- I BELIEVE IT'S THE THIRD

10:25AM 16   PAGE, YOUR HONOR, THE LAST BULLET THAT STARTS "IN ADDITION TO

10:25AM 17   THE E-MAIL PREVIOUSLY COLLECTED."

10:25AM 18            THE COURT:  RIGHT.

10:25AM 19            MR. WADE:  IT'S DOCUMENT 89-3, PAGE 4 OF 6.  THAT'S

10:25AM 20   THE HEADER THAT I HAVE ON MINE.

10:25AM 21            THE COURT:  RIGHT.  THAT'S THE ECF PAGE.

10:25AM 22            MR. WADE:  YES.  IF YOU LOOK AT THAT, THEY PROVIDE

10:25AM 23   NO ASSURANCES TO THE TIMING OF WHEN THEY'RE GOING TO PRODUCE

10:25AM 24   THESE MATERIALS AND IN FACT --

10:25AM 25            THE COURT:  WELL, THEY SAY THE DATA WILL BE

10:25AM 1    IDENTIFIED AND LOADED IN THEIR REVIEW DATABASE IN AUGUST.

10:25AM 2            MR. WADE:  THAT THEY WILL BE LOADED IN AUGUST.

10:25AM 3    THAT'S -- IN OTHER WORDS, YOUR HONOR, THAT'S WHEN THE REVIEW OF

10:25AM 4    THE DOCUMENTS WILL BE --

10:25AM 5            THE COURT:  NO, I UNDERSTAND.  AND THEN THEY SAY

10:26AM 6    THEY WILL THEN BE ABLE TO DETERMINE HOW LONG IT TAKES.

10:26AM 7            MR. WADE:  RIGHT.

10:26AM 8            THE COURT:  RIGHT.

10:26AM 9            MR. WADE:  SO WHEN YOU LOOK AT THAT AND PARTICULARLY

10:26AM 10   WHEN COMBINED WITH THE LETTER OF TODAY WHICH WE RECEIVED JUST

10:26AM 11   BEFORE COURT BEGAN, OR AS COURT BEGAN, THAT SORT OF CREATES A

10:26AM 12   LITTLE MORE AMBIGUITY AS TO THE TIMING OF THE CMS DOCUMENTS AS

10:26AM 13   WELL.  I'M GLAD WE HAD THAT AND IT WAS BROUGHT TO THE ATTENTION

10:26AM 14   OF THE COURT BEFORE ANY ACTION WAS TAKEN, BUT THERE'S NO MORE

10:26AM 15   ASSURANCE FROM CMS.

10:26AM 16      FDA WAS CANDID IN SAYING IT WILL BE SIX MONTHS OR MORE.

10:26AM 17   CMS WAS NOT SPECIFIC, BUT IT COULD BE SIX MONTHS OR MORE AT THE

10:26AM 18   RATE THAT THEY'VE --

10:26AM 19           THE COURT:  WELL, I'M GOING TO SAY 75 DAYS.

10:26AM 20           MR. WADE:  FOR CMS AS WELL, YOUR HONOR.

10:26AM 21           THE COURT:  YES.

10:26AM 22           MR. WADE:  OH, OKAY.  I AM SORRY, I THOUGHT YOU WERE

10:26AM 23   SPEAKING JUST TO ISSUING AN ORDER WITH --

10:26AM 24           THE COURT:  NO.  WE'RE GOING TO START WITH 75 DAYS

10:26AM 25   WITH BOTH, AND THEN WE'LL SEE WHAT IS YIELDED.

10:27AM 1       MR. WADE:  AND, YOUR HONOR, THAT APPROACH SOUNDS

10:27AM 2  SENSIBLE TO TRY AND LIGHT A FIRE, IF YOU WILL, AND MAKE SURE

10:27AM 3  THAT WE KEEP THINGS ON TRACK HERE.  THAT HELPS DEAL WITH THE

10:27AM 4  WHEN, WHICH WAS PART -- ONE OF THE TWO INQUIRIES THE COURT

10:27AM 5  MADE, BUT IT DOESN'T NECESSARILY DEAL WITH THE WHAT, WHICH IS

10:27AM 6  ARE THEY PRODUCING ALL DOCUMENTS COVERED BY THESE REQUESTS?

10:27AM 7       THE CMS LETTER IN PARTICULAR, WHEN YOU LOOK AT THAT, AND

10:27AM 8  THAT WAS ESSENTIALLY CONFIRMED TO US IN OUR DEALINGS WITH THE

10:27AM 9  GOVERNMENT ON THIS, THEY ARE SAYING THAT THEY WILL PRODUCE

10:27AM 10  DOCUMENTS THAT ARE RESPONSIVE TO ALL REQUESTS BUT NOT ALL

10:27AM 11  DOCUMENTS THAT ARE RESPONSIVE TO THE REQUEST.

10:27AM 12       IN OTHER WORDS, YOUR HONOR, IF YOU WERE TO TELL ME TO

10:27AM 13  PRODUCE ALL OF THE FRUIT IN MY REFRIGERATOR AND I WERE TO

10:27AM 14  DESCRIBE MY REFRIGERATOR AND DESCRIBE THE COMPLEXITY AND THE

10:27AM 15  REGULATIONS OVER A NUMBER OF PAGES, AND THEN I WERE TO TELL

10:28AM 16  YOU, YOUR HONOR, TO COMPLY WITH THE ORDER I OPEN THE

10:28AM 17  REFRIGERATOR DOORS, I OPEN THE FRUIT, AND I OPEN THE BOTTOM

10:28AM 18  PRODUCE DRAWER, AND I PULL OUT THE APPLES AND THE ORANGES AND

10:28AM 19  I'VE GIVEN YOU THOSE, AND THEY'RE RESPONSIVE TO YOUR ORDER,

10:28AM 20  THAT'S SORT OF WHAT CMS HAS DONE.

10:28AM 21       WE DON'T KNOW IF THEY'RE STRAWBERRIES OR MAYBE THE BOWL

10:28AM 22  FULL OF CHERRIES ARE SITTING UP ON THE TOP SHELF BECAUSE THE

10:28AM 23  WAY THAT THEY'VE MADE REPRESENTATIONS TO THE COURT IS NOT

10:28AM 24  COMPREHENSIVE.  IN FACT, IT SEEMS ARTFUL.  IT'S VERY CAREFUL TO

10:28AM 25  SAY THAT THEY'RE NOT AGREEING TO PRODUCE ALL DOCUMENTS.

| | | |
|---|---|---|
| 10:28AM | 1 | THAT'S HOW WE READ IT.  WE HAD AN EXCHANGE WITH THE |
| 10:28AM | 2 | GOVERNMENT IN CONNECTION WITH THIS -- THE PREPARATION OF THE |
| 10:28AM | 3 | STATUS REPORT WHERE THE GOVERNMENT HAD INITIALLY SUGGESTED THAT |
| 10:28AM | 4 | ALL DOCUMENTS WERE BEING PRODUCED, AND THEN UPON OUR RAISING |
| 10:28AM | 5 | THE ISSUE THEY NOTED THAT THEY COULDN'T ACTUALLY MAKE THAT |
| 10:28AM | 6 | REPRESENTATION BECAUSE CMS HAS NOT MADE THAT REPRESENTATION. |
| 10:28AM | 7 | SO I HOPE THAT THE ORDER AS CONTEMPLATED BY THE COURT |
| 10:29AM | 8 | WOULD INCLUDE ALL DOCUMENTS RESPONSIVE TO THE REQUESTS, NOT |
| 10:29AM | 9 | SOME DOCUMENTS RESPONSIVE TO THE REQUEST, BECAUSE THERE ARE |
| 10:29AM | 10 | SIGNIFICANT MATERIALS THAT ARE NOT COVERED BY THE DESCRIPTION |
| 10:29AM | 11 | OF ACTIONS THAT THE CMS HAS LAID OUT THAT WE THINK ARE CRITICAL |
| 10:29AM | 12 | TO THE DEFENSE. |
| 10:29AM | 13 | I'D PREFER NOT TO GO THROUGH THEM LINE BY LINE.  WE CAN |
| 10:29AM | 14 | START THAT PROCESS, BUT I THINK A CLEAR ORDER AS TO IT BEING |
| 10:29AM | 15 | ALL DOCUMENTS AND THAT THEY DON'T GET TO DECIDE THE PARAMETERS |
| 10:29AM | 16 | WOULD GET US WHERE WE NEED TO GO, YOUR HONOR. |
| 10:29AM | 17 | THE COURT:  OKAY.  THANK YOU. |
| 10:29AM | 18 | ONE CONCERN I HAD ABOUT, AND I'M LOOKING AT THE |
| 10:29AM | 19 | PROSECUTION HERE, I THINK THE FDA INDICATED THEY INTEND TO |
| 10:29AM | 20 | PRODUCE ALL DOCUMENTS, BUT THEY WON'T PRODUCE DOCUMENTS THAT |
| 10:29AM | 21 | HAVE BEEN PUBLICLY RELEASED IN SOME MANNER. |
| 10:29AM | 22 | I UNDERSTAND, I THINK I UNDERSTAND THEIR THOUGHT PROCESS |
| 10:29AM | 23 | THERE, BUT SHOULDN'T THERE BE SOME CATEGORIZATION OR SOME |
| 10:30AM | 24 | NOTIFICATION OF WHAT THEY'RE NOT GIVING BECAUSE THEY BELIEVE |
| 10:30AM | 25 | IT'S IN THE PUBLIC DOMAIN? |

10:30AM 1         MR. BOSTIC:  SO THE COURT, OF COURSE, IS FREE TO

10:30AM 2  ORDER THAT STEP.  MY UNDERSTANDING OF THAT EXCLUSION IS THAT IT

10:30AM 3  WOULD COVER THINGS LIKE NEWSLETTER, E-MAILS, THINGS SENT TO

10:30AM 4  WIDE DISTRIBUTION LISTS, BLOOMBERG UPDATES, ASSOCIATED PRESS

10:30AM 5  BULLETINS, THINGS THAT ARE EASILY TARGETED AND ISOLATED FROM

10:30AM 6  THE PRODUCTION TO REDUCE THE LOAD ON THE AGENCY TO REVIEW THOSE

10:30AM 7  DOCUMENTS.

10:30AM 8     THE AGENCY WAS CAREFUL TO SAY THAT THEY WOULD STILL

10:30AM 9  PRODUCE ANY SUCH DOCUMENT THAT INCLUDED COMMENTARY FROM AN FDA

10:30AM 10  EMPLOYEE.  SO, FOR EXAMPLE, IF THERE IS A RELEVANT NEWS ARTICLE

10:30AM 11  AND AN FDA EMPLOYEE FORWARDS IT TO ANOTHER, THAT WOULD STILL BE

10:30AM 12  PRESERVED, REVIEWED, AND TURNED OVER TO THE DEFENSE.  IT'S ONLY

10:30AM 13  THE PUBLIC BULLETIN, IT'S THE MASS E-MAILS THAT SHOULDN'T

10:30AM 14  REALLY BE OF ANY VALUE IN THIS CASE.

10:31AM 15        THE COURT:  SURE.

10:31AM 16        MR. BOSTIC:  AND THAT AS WE ALL KNOW TAKES UP A

10:31AM 17  LARGE VOLUME OF ANYONE'S INBOX THAT THE AGENCY IS SEEKING TO

10:31AM 18  AVOID HAVING TO REVIEW AND PRODUCE.  AGAIN, ALL WITH THE AIM OF

10:31AM 19  SPEEDING UP THIS ROSTER AND GETTING THE DOCUMENTS TO THE

10:31AM 20  DEFENSE.

10:31AM 21        THE COURT:  WELL, I AGREE WITH THAT, AND I'M JUST

10:31AM 22  CURIOUS IF THERE ARE SOME -- IF THEY CAN IDENTIFY, IF THE FDA

10:31AM 23  CAN IDENTIFY WHAT IT IS, THE DOCUMENT IS, AND JUST KEEP A LOG

10:31AM 24  OF THAT SUCH THAT IT'S AVAILABLE FOR THE DEFENSE OR BOTH SIDES

10:31AM 25  IF THEY -- IF YOU WANT TO LOOK AT IT.

| | | |
|---|---|---|
| 10:31AM | 1 | MR. WADE:  THERE'S A GOOD EXAMPLE, YOUR HONOR.  ONE |
| 10:31AM | 2 | OF THE PARTICULAR ISSUES THAT WE WERE CONTEMPLATING -- BECAUSE, |
| 10:31AM | 3 | OF COURSE, IF IT'S JUST SPAM, WE DON'T CARE, IF IT HAPPENS TO |
| 10:31AM | 4 | MENTION SOMETHING AND NO ONE FOCUSES ON IT. |
| 10:31AM | 5 | BUT THE WAY THAT THEY'VE TALKED ABOUT LIMITING IT TO THOSE |
| 10:31AM | 6 | MATERIALS WHERE THERE'S COMMENTARY MAYBE IT'S NOT QUITE |
| 10:31AM | 7 | SUFFICIENT BECAUSE IF YOU THINK ABOUT IT, IF THERE'S A |
| 10:31AM | 8 | SIGNIFICANT MEDIA ARTICLE THAT RELATED TO THE COMPANY IN THIS |
| 10:31AM | 9 | CASE AND THAT WAS FORWARDED AROUND WITHOUT COMMENTS TO KEY |
| 10:32AM | 10 | DECISION MAKERS OR KEY POLICY MAKERS AT A PARTICULAR TIME, THAT |
| 10:32AM | 11 | COULD BE A SIGNIFICANT FACTOR IN THE CASE. |
| 10:32AM | 12 | SO AGAIN -- |
| 10:32AM | 13 | THE COURT:  WELL, CAPTURING THE LOG OF THAT, WHAT |
| 10:32AM | 14 | THEY HAVEN'T SENT. |
| 10:32AM | 15 | MR. WADE:  I THINK THAT WOULD ADDRESS THAT |
| 10:32AM | 16 | PARTICULAR POINT, YOUR HONOR. |
| 10:32AM | 17 | THE COURT:  IT SEEMS LIKE IT WOULD. |
| 10:32AM | 18 | MR. WADE:  YEAH. |
| 10:32AM | 19 | MR. BOSTIC:  AND BECAUSE AS I UNDERSTAND IT THIS |
| 10:32AM | 20 | PROPOSITION, THIS PROPOSAL FROM THE AGENCY WAS DESIGNED TO |
| 10:32AM | 21 | STREAMLINE THINGS AND SPEED THINGS UP, THEY MAY REACT TO THAT |
| 10:32AM | 22 | REQUIREMENT BY SIMPLY PRODUCING THOSE MATERIALS RATHER THAN |
| 10:32AM | 23 | LOGGING THEM IF THAT'S ACCEPTABLE TO THE COURT. |
| 10:32AM | 24 | THE COURT:  OF COURSE. |
| 10:32AM | 25 | MR. WADE:  AS WE HAVE SAID THROUGHOUT, YOUR HONOR, |

10:32AM 1    OUR GOAL IN IDENTIFYING SPECIFIC CATEGORIES WAS TO EASE THE

10:32AM 2    BURDEN, NOT INCREASE THE BURDEN.

10:32AM 3        WE UNDERSTAND THE GOVERNMENT HAS TOOK STEPS YEARS AGO TO

10:32AM 4    PRESERVE ALL DOCUMENTS THAT RELATE TO THERANOS WITHIN THESE

10:32AM 5    AGENCIES.

10:32AM 6        IF IT'S EASIER TO PRODUCE ALL DOCUMENTS RELATING TO

10:32AM 7    THERANOS AND AVOID ALL OF THIS REVIEW, WE'RE HAPPY TO TAKE ALL

10:32AM 8    OF THEM, YOUR HONOR, AND DO THE WORK FOR THEM.

10:33AM 9        WE WANT WHAT THE COURT WANTS.  WE WANT A PROMPT

10:33AM 10   PRODUCTION.

10:33AM 11       SO IF ANY OF THESE PARTICULARS ARE HOLDING THINGS UP, THEY

10:33AM 12   SHOULD ERR ON THE SIDE OF GIVING US EVERYTHING AND WE'LL DO THE

10:33AM 13   WORK.

10:33AM 14           MR. BOSTIC:  YOUR HONOR, IF I COULD ADDRESS THIS

10:33AM 15   ISSUE ABOUT ALL DOCUMENTS AND WHAT THAT MEANS HERE.  I THINK

10:33AM 16   IT'S VERY EASY FOR THE DEFENSE TO SEND REQUESTS THAT REQUIRE

10:33AM 17   THE PRODUCTION OF ALL DOCUMENTS.  IT'S EQUALLY EASY FOR THE

10:33AM 18   PROSECUTION TO PASS THOSE REQUESTS ON TO THESE AGENCIES, BUT

10:33AM 19   FOR A LARGE ORGANIZATION RECEIVING REQUESTS LIKE THIS AND

10:33AM 20   HAVING TO COMPLY WITH THEM IS A MORE COMPLICATED PROCESS, AND

10:33AM 21   THAT'S TRUE NOT JUST FOR AGENCIES BUT FOR LARGE CORPORATIONS AS

10:33AM 22   EVERYONE IN THIS COURTROOM KNOWS.

10:33AM 23       WHEN LARGE ORGANIZATIONS RECEIVE REQUESTS LIKE THIS,

10:33AM 24   THEY'RE REQUIRED TO, AS A FIRST STEP, FIGURE OUT WHERE THE

10:33AM 25   RESPONSIVE DOCUMENTS ARE LIKELY TO BE, WHO ARE THE MOST

10:33AM 1    RELEVANT CUSTODIANS, WHAT ARE THE DATE LIMITATIONS, HOW CAN WE

10:33AM 2    FIND THESE DOCUMENTS SO THAT WE CAN THEN REVIEW AND PRODUCE

10:33AM 3    THEM.

10:33AM 4        BEAR WITH ME, I HAVE A COUPLE OF FIGURES THAT I JUST

10:34AM 5    GATHERED FROM INTERNET SEARCHING THAT THE FDA, ACCORDING TO MY

10:34AM 6    INFORMATION, HAS 17,000 EMPLOYEES IN THE CENTER FOR DEVICES,

10:34AM 7    AND RADIOLOGICAL HEALTH THERE ARE 1800, AND IN THE OFFICE OF

10:34AM 8    REGULATORY AFFAIRS THERE ARE 4900.

10:34AM 9        JUST IN THOSE SUBGROUPS IF EVERY ONE OF THOSE EMPLOYEES

10:34AM 10   RECEIVES, SAY, 25 E-MAILS PER DAY, WE'RE TALKING ABOUT 160,000

10:34AM 11   E-MAILS PER DAY, AND THAT MEANS MORE THAN 40 MILLION E-MAILS

10:34AM 12   PER YEAR.  SO JUST IN THAT GROUP WE'RE TALKING 40 MILLION

10:34AM 13   E-MAILS PER YEAR.  THAT'S THE VOLUME, THAT'S THE UNIVERSE OF

10:34AM 14   DOCUMENTS THAT THE AGENCY HAS TO SEARCH AND PRODUCE TO RESPOND

10:34AM 15   TO REQUESTS LIKE THESE.

10:34AM 16       SO I THINK AS ANY ORGANIZATION WOULD, THEY IDENTIFY

10:34AM 17   CUSTODIANS, THEY'RE BEING TRANSPARENT ABOUT WHICH CUSTODIANS

10:34AM 18   THEY'RE SEARCHING.

10:34AM 19       I UNDERSTAND THE DEFENSE HAS COMPLAINTS ABOUT THE SCOPE OF

10:34AM 20   THAT SEARCH.  I THINK RECENTLY MR. CAZARES SENT A LETTER TO FDA

10:35AM 21   COUNSEL DISCUSSING SOME OF THOSE POINTS, SOME OF THOSE STEPS

10:35AM 22   THAT THE AGENCY HAS TAKEN.

10:35AM 23       I THINK THAT HAS BEEN THE ONLY COMMUNICATION BETWEEN THE

10:35AM 24   DEFENSE AND THE AGENCIES RELATING TO THESE REQUESTS IN THE

10:35AM 25   CRIMINAL CASE, BUT I THINK THAT IS THE BEST WAY TO ADDRESS

10:35AM 1     THESE ISSUES.

10:35AM 2          IF THE DEFENSE HAS COMPLAINTS OR CONCERNS ABOUT THE STEPS

10:35AM 3     THAT THE AGENCIES ARE TAKING TO NARROW THE UNIVERSE OF WHAT

10:35AM 4     THEY NEED TO REVIEW SO THAT THEY'RE NOT LOOKING AT 40 MILLION

10:35AM 5     E-MAILS PER YEAR, THEN I THINK THOSE CONVERSATIONS SHOULD TAKE

10:35AM 6     PLACE BETWEEN THE DEFENSE AND THE AGENCIES.

10:35AM 7               MR. WADE:  YOUR HONOR, WE UNDERSTAND THE GOVERNMENT

10:35AM 8     IS LARGE AND THAT A LOT OF PEOPLE HAVE E-MAIL AND SEND E-MAIL.

10:35AM 9          WE ALSO UNDERSTAND THAT THERE ARE SOME ARBITRARY CUTOFFS

10:35AM 10    THAT ARE PUT IN THE REPRESENTATIONS OF THE GOVERNMENT THAT

10:35AM 11    CLEARLY MISS THE MARK IN TERMS OF GATHERING ALL DOCUMENTS.

10:35AM 12    I'LL GIVE THE COURT ONE EXAMPLE.

10:35AM 13         THEY TALK ABOUT HOW THEIR MEDIA INTERACTIONS, THE MEDIA

10:36AM 14    INTERACTIONS AT CMS TOGETHER WITH THE DOCUMENTS RESPONSIVE TO

10:36AM 15    THAT REQUEST, THEY HAVE A FORMAL OFFICE OF COMMUNICATIONS OF

10:36AM 16    CMS, THE COMPONENT OF CMS THAT ISSUES PRESS RELEASES AND DEALS

10:36AM 17    WITH FORMAL MEETING INQUIRIES.

10:36AM 18         IT'S CLEAR TO EVERYONE HERE, YOUR HONOR, THAT THERE WERE

10:36AM 19    LEAKS THAT WERE COMING OUT OF CMS OF INFORMATION RELATING TO

10:36AM 20    THERANOS AND INTERACTIONS WITH PEOPLE OF AUTHORITY WITHIN THE

10:36AM 21    AGENCY DEALING WITH SOME OF THE REPORTERS IN THIS CASE.

10:36AM 22         THAT'S NOT GOING TO BE FOUND IN SOME FORMAL INQUIRY TO THE

10:36AM 23    OFFICE OF COMMUNICATIONS.  IT'S GOING TO BE FOUND WITHIN THE

10:36AM 24    AGENCY WITH THE PEOPLE WHO ARE INTERACTING WITH THERANOS OR WHO

10:36AM 25    ARE KNOWLEDGEABLE ABOUT THERANOS, OR SENIOR PEOPLE WITHIN CMS

10:36AM  1    WHO HAVE THAT KNOWLEDGE AND MAY BE DEALING WITH REPORTERS.

10:36AM  2         SO TO SAY THAT THE WAY THAT WE'RE GOING TO RESPOND TO THIS

10:37AM  3    REQUEST, WHICH THEY CLEARLY UNDERSTAND BECAUSE THEY HAVE ALL OF

10:37AM  4    OUR PLEADINGS, THEY'RE A MATTER OF PUBLIC RECORD AND THEY'VE

10:37AM  5    BEEN DEALING WITH THE GOVERNMENT, WHAT WE'RE LOOKING FOR TO TRY

10:37AM  6    AND DO THAT BY GOING TO THE ONE FORMAL PRESS RELEASE MACHINE IS

10:37AM  7    JUST NOT SOMETHING THAT IS DONE IN GOOD FAITH.

10:37AM  8         BUT I THINK THAT THE WAY TO ADDRESS THIS CONSISTENT WITH

10:37AM  9    THE APPROACH THAT IS ADVOCATED BY THE COURT IS NOT TO IMPOSE

10:37AM 10    AN -- YOU KNOW, A FURTHER BURDEN ON THE GOVERNMENT.

10:37AM 11         MR. CAZARES WHEN HE STANDS CAN SPEAK TO THE IMPENETRABLE

10:37AM 12    COMMUNICATIONS THAT HE'S BEEN HAVING WITH THESE AGENCIES FOR

10:37AM 13    NINE MONTHS, TEN MONTHS NOW AND IT'S GOTTEN US TO EXACTLY THE

10:37AM 14    SAME PLACE THAT WE'RE IN HERE.

10:37AM 15         I THINK THE BEST WAY TO ENSURE THAT THERE'S GOOD FAITH

10:37AM 16    COMPLIANCE WITH IT IS THAT AT THE END OF 75 DAYS WE HAVE A

10:37AM 17    HEARING AND WE ASK THOSE PEOPLE WHO ARE GATHERING DOCUMENTS TO

10:37AM 18    BE HERE TO EXPLAIN WHAT THEY DID TO GATHER THE DOCUMENTS.

10:37AM 19         I WILL SAY THAT AS SOMEONE WHO HAS REPRESENTED A LOT OF

10:38AM 20    CORPORATIONS WHO HAS RECEIVED SUBPOENAS OF THE KIND THAT

10:38AM 21    MR. BOSTIC OR REQUESTS OF THE KIND THAT MR. BOSTIC REFERS TO,

10:38AM 22    IF I WERE EVER TO COMPLY WITH THE REQUEST IN RESPONSE TO A

10:38AM 23    GRAND JURY SUBPOENA IN THE WAY THAT THE GOVERNMENT HAS HERE AND

10:38AM 24    THAT -- AND AN ENFORCEMENT ORDER IS BROUGHT BEFORE THE COURT, I

10:38AM 25    MIGHT GO OUT THE SIDE DOOR RATHER THAN THE BACK DOOR WHEN WE'RE

10:38AM 1   DONE.  IT'S NOT TRANSPARENT.  IT'S NOT -- IT'S VERY OPAQUE, AND

10:38AM 2   IT'S CLEARLY NOT COMPREHENSIVE AS CURRENTLY FRAMED BY THE

10:38AM 3   AGENCY.

10:38AM 4       WE'RE JUST WANTING TO AVOID HAVING TO SPEND ANOTHER SIX

10:38AM 5   MONTHS LITIGATING THIS, ALL OF THE EFFORT WHICH WILL DETRACT

10:38AM 6   FROM OUR ABILITY TO PREPARE THE CASE FOR TRIAL, AND KEEP ON THE

10:38AM 7   SCHEDULE THAT IS A TOUGH SCHEDULE FOR THE DEFENSE.

10:38AM 8           THE COURT:  OKAY.  THANK YOU.

10:38AM 9           MR. CAZARES:  THANK YOU, YOUR HONOR.

10:38AM 10  STEPHEN CAZARES FOR MR. BALWANI.

10:38AM 11      YOUR HONOR, THERE ARE A COUPLE OF ISSUES WITH THE PROPOSED

10:39AM 12  ORDER AND FRAMEWORK THAT I THINK THE COURT WANTS TO PROCEED

10:39AM 13  WITH, AND IT RAISES REALLY TWO ISSUES:  EFFICIENCY AND

10:39AM 14  ACCOUNTABILITY.

10:39AM 15      I THINK THAT FIRST ISSUE THE FRAMEWORK AND THE PROPOSED

10:39AM 16  ORDER TO THE AGENCIES TO HAVE THEM CONTINUE TO MAYBE FACILITATE

10:39AM 17  THE PRODUCTION THAT THEY'RE REFERENCING IN THEIR LETTERS THAT

10:39AM 18  MAY OR MAY NOT BE 100 PERCENT RESPONSIVE TO THE REQUESTS IN THE

10:39AM 19  MOTION TO COMPEL, THAT APPEARS ANYWAY TO MAYBE ADVANCE THE

10:39AM 20  EFFICIENCY ISSUE.

10:39AM 21      IT MAYBE WILL PROD THE AGENCIES FORWARD TO ADDRESS THE

10:39AM 22  DOCUMENTS REVIEW MORE QUICKLY, WHICH THE FDA IS NOW SAYING SIX

10:39AM 23  MONTHS DOING A PAGE BY PAGE AND IN SOME WAYS MANUAL REVIEW

10:39AM 24  BECAUSE THEY SAY THEY DON'T HAVE TECHNICAL CAPABILITIES.

10:39AM 25           THE COURT:  I'VE READ THAT.

10:39AM 1          MR. CAZARES:  I KNOW THAT, YOUR HONOR.

10:39AM 2          SO WHAT A RULE 16 ORDER DOES THAT AN ORDER FROM THIS COURT

10:39AM 3     THAT ISN'T TIED TO THE FEDERAL RULES OF CIVIL PROCEDURE OR THE

10:40AM 4     CIVIL RULES OF CRIMINAL -- FEDERAL RULES OF CIVIL PROCEDURE OR

10:40AM 5     THE FEDERAL RULES OF CRIMINAL PROCEDURE IS WHAT IS THE

10:40AM 6     ACCOUNTABILITY TO THAT ORDER OTHER THAN OBVIOUSLY THE OFFICERS

10:40AM 7     BEFORE THIS COURT, THE AUSA'S, DEFENSE COUNSEL, MAYBE COUNSEL

10:40AM 8     TO THE AGENCIES, WHAT IS THE ACCOUNTABILITY AND WHO IS

10:40AM 9     RESPONSIBLE FOR THE OUTPUT OF THAT DOCUMENT PRODUCTION?

10:40AM 10         THE WAY THIS IS BEING FRAMED RIGHT NOW THE DEFENSE AND THE

10:40AM 11    FDA AND CMS ARE ENGAGED IN THIS BACK AND FORTH THAT WE, FOR

10:40AM 12    MR. BALWANI, HAVE BEEN ENGAGED WITH THE AGENCIES NOW FOR

10:40AM 13    11 MONTHS.  IT WAS TEN MONTHS BEFORE.  WE'RE ALMOST 11 MONTHS

10:40AM 14    IN NOW IN TRYING TO GET DOCUMENTS OUT OF THE TWO AGENCIES.

10:40AM 15         HERE IN THE CRIMINAL CASE THE OTHER PARTY TO THE CASE, THE

10:40AM 16    DEPARTMENT OF JUSTICE, IS ESSENTIALLY STANDING BACK LIKE A

10:40AM 17    THIRD PARTY FACILITATING LETTERS AND RESPONSES BACK BETWEEN THE

10:40AM 18    TWO PARTIES.

10:40AM 19         BUT THE WAY IT'S FRAMED RIGHT NOW, EVEN WITH AN ORDER BY

10:40AM 20    THIS COURT TO THOSE AGENCIES, THE DEPARTMENT OF JUSTICE ISN'T

10:41AM 21    RESPONSIBLE FOR THE OUTPUT OF THOSE PRODUCTIONS.

10:41AM 22         TO THE EXTENT THAT THOSE AGENCIES FAIL TO PRODUCE

10:41AM 23    SOMETHING, RIGHT NOW THIS COURT IS NOT MAKING A FINDING THAT

10:41AM 24    THE GOVERNMENT HAS KNOWLEDGE AND ACCESS TO THOSE DOCUMENTS --

10:41AM 25         THE COURT:  IF THEY DON'T, IF THEY DON'T,

10:41AM 1     MR. CAZARES, IF THEY DON'T THEY WILL STAND AT THE LECTERN WHERE

10:41AM 2     YOU ARE AND THEY'LL TELL ME WHY, WON'T THEY?

10:41AM 3          MR. CAZARES:  I HOPE SO, YOUR HONOR.

10:41AM 4          THE COURT:  RIGHT.  RIGHT.

10:41AM 5          MR. CAZARES:  BUT THAT ASSUMES THAT WE CAN FIND WHAT

10:41AM 6     WAS MISSING.  I MEAN, THAT'S THE PROBLEM.  WHEN UNDER RULE 16

10:41AM 7     ORDER, BECAUSE THE GOVERNMENT IN THE PAST HAS GOTTEN 300,000

10:41AM 8     DOCUMENTS FROM THESE 2 AGENCIES AND INTERVIEWED 17 WITNESSES,

10:41AM 9     AND THE COURT FINDS THAT THEY HAVE ACCESS TO THE DOCUMENTS,

10:41AM 10    THEY HAVE THE RESPONSIBILITY TO MAKE SURE THAT EVERYTHING THAT

10:41AM 11    IS RESPONSIVE TO THE REQUEST THAT THE DEFENSE IS ENTITLED TO

10:41AM 12    UNDER RULE 16 GETS PRODUCED.  NOT THE AGENCIES.  NOT MS. NORTON

10:41AM 13    AND THE ATTORNEYS FOR THE AGENCIES.

10:41AM 14        THE GOVERNMENT HAS THE RESPONSIBILITY TO INTERACT WITH THE

10:41AM 15    AGENCIES, MAYBE PROVIDE THE DEPARTMENT OF JUSTICE RESOURCES

10:42AM 16    POST LITIGATION, THERE ARE BUDGETS TO FACILITATE MAYBE THIS

10:42AM 17    REVIEW THAT THE FDA IS HAVING SO MUCH DIFFICULTY DOING BECAUSE

10:42AM 18    THEY DON'T HAVE THE TECHNICAL CAPABILITIES.

10:42AM 19        THE DEPARTMENT OF JUSTICE DOES.  THEY ALSO HAVE HIRED

10:42AM 20    EXPERTS.  MY GUESS IS WHEN WE DO THIS TRIAL THERE WILL BE AN

10:42AM 21    EXPERT WITNESS OR TWO PAID BY THE DEPARTMENT OF JUSTICE TO HELP

10:42AM 22    FACILITATE THE PRESENTATION OF THEIR CASE.  THEY CAN DO THE

10:42AM 23    SAME TO HELP FACILITATE THIS DOCUMENT PRODUCTION, AND I THINK A

10:42AM 24    RULE 16 ORDER WOULD FACILITATE THAT BECAUSE IT WOULD BE

10:42AM 25    INCUMBENT UPON THEM TO GET THE DOCUMENTS AND PRODUCE THEM.

10:42AM 1      THAT'S THE ISSUE, YOUR HONOR.  IT'S NOT THE EFFICIENCY ISSUE.

10:42AM 2          BUT ON THE ACCOUNTABILITY SIDE, I STILL DON'T SEE HOW THE

10:42AM 3      AGENCIES ARE RESPONSIBLE FOR MAKING SURE THAT WE ON THE DEFENSE

10:42AM 4      SIDE GET ALL DOCUMENTS THAT ARE SUBJECT TO RULE 16 THAT ARE

10:42AM 5      HELPFUL TO THE DEFENSE.

10:42AM 6          HOW ARE THEY EVEN IN A POSITION TO KIND OF WEIGH THAT?

10:42AM 7      SOME OF THE ITEMS THAT THEY ARE CONCERNED ABOUT REDACTING OF

10:42AM 8      THIRD PARTY TRADE SECRET AND CONFIDENTIAL COMMERCIAL

10:42AM 9      INFORMATION, TO THE EXTENT THAT THAT IS EMBEDDED IN, LET'S SAY,

10:43AM 10     INTERNAL COMMUNICATIONS RELATING TO THERANOS AND THE DEFENSE

10:43AM 11     HERE, MAYBE THAT'S A DIFFERENT CONTEXT AND MAYBE THAT'S

10:43AM 12     IMPORTANT TO OUR ANALYSIS OF WHAT IS SAID ABOUT THERANOS AND

10:43AM 13     THE REGULATIONS BY THE AGENCIES OF THE DEVICES AND THE

10:43AM 14     LABORATORIES.

10:43AM 15         IT'S NOT CLEAR TO ME THAT REPRESENTATIVES OF THE AGENCIES,

10:43AM 16     MAYBE PARALEGALS THERE, WHO ARE DOING THESE REVIEWS ARE IN A

10:43AM 17     POSITION TO REALLY MEASURE THAT.

10:43AM 18         THE DEPARTMENT OF JUSTICE IS AT LEAST IN A BETTER POSITION

10:43AM 19     TO DO THAT.  THAT'S AGAIN WHY RULE 16 PLACES THE IMPETUS ON

10:43AM 20     THEM, NOT ON THE CUSTODIANS WHO HAVE THESE DOCUMENTS.  THAT'S

10:43AM 21     BRYAN AND THAT'S SANTIAGO, YOUR HONOR.

10:43AM 22         I MEAN, THOSE AGENCIES -- AND IN THE GRACE CASE, THE THIRD

10:43AM 23     PARTY AGENCY, THE EPA, NOT THE DEPARTMENT OF JUSTICE CRIMINAL

10:43AM 24     AGENCY.  IT'S A THIRD PARTY REGULATORY AGENCY THAT WAS A PART

10:43AM 25     OF THE INVESTIGATION AND THAT COURT ISSUED THE ORDER AND

10:43AM  1      REQUIRED THE GOVERNMENT TO GET THE DOCUMENTS FROM THE EPA.

10:43AM  2          I WOULD HOPE THAT THE COURT WOULD DO SO HERE TODAY AND IF

10:43AM  3      IT DOESN'T, I JUST HOPE THAT WE'RE NOT BACK HERE IN TWO OR

10:44AM  4      THREE MONTHS HAVING TO RELITIGATE ALL OF THIS, YOUR HONOR.

10:44AM  5              THE COURT:  OKAY.  THANK YOU.

10:44AM  6              MR. BOSTIC:  YOUR HONOR, MAY I RESPOND TO A COUPLE

10:44AM  7      OF HIS POINTS?

10:44AM  8              THE COURT:  YES.

10:44AM  9              MR. BOSTIC:  SO I CAN TELL THE DEFENSE, AND

10:44AM  10     CERTAINLY FOR MR. BALWANI, WANTS THE COURT'S ORDER TO BE

10:44AM  11     DIRECTED AT THE PROSECUTION.

10:44AM  12         THAT ORDER, THOUGH, WOULD COMPEL THE GOVERNMENT TO TAKE

10:44AM  13     THE STEPS THAT IT HAS ALREADY BEEN TAKING, THE STEPS THAT HAVE

10:44AM  14     ALREADY ACHIEVED SOME SUCCESS IN RETRIEVING THESE DOCUMENTS

10:44AM  15     FROM THE AGENCIES, BUT NOT COMPLETE SUCCESS, AND THAT'S THE

10:44AM  16     PROBLEM.

10:44AM  17         I THINK THE FACT THAT THE GOVERNMENT, AND BY THE

10:44AM  18     GOVERNMENT I MEAN THE PROSECUTION HERE, HAS DONE EVERYTHING IT

10:44AM  19     CAN DO IS NOT IN DISPUTE.

10:44AM  20         DEFENSE COUNSEL HAS REPEATEDLY SAID THEY BELIEVE THE

10:44AM  21     PROSECUTION IS ACTING IN GOOD FAITH ON THIS ISSUE.  THEIR

10:44AM  22     SECTION OF THE JOINT STATUS MEMO SAID THAT DESPITE THE

10:44AM  23     GOVERNMENT 'S EFFORTS, QUOTE, "THE GOVERNMENT HAS BEEN UNABLE

10:44AM  24     TO OBTAIN ASSURANCE FROM THE AGENCIES THAT THEY WILL PRODUCE

10:44AM  25     ALL DOCUMENTS."  WE'VE TALKED ABOUT WHAT THAT "ALL DOCUMENTS"

10:45AM 1    PHRASE MEANS AND SHOULD MEAN.

10:45AM 2         BUT THE POINT HERE IS THAT THE GOVERNMENT HAS TRIED AND

10:45AM 3    HAS BEEN UNABLE TO ACHIEVE MORE THAN IT HAS ACHIEVED.

10:45AM 4         SO THAT'S WHY I THINK THAT WE ARE BEYOND THE RULE 16 SCOPE

10:45AM 5    IN THIS CASE, BECAUSE, AGAIN, THOSE OBLIGATIONS DO REST WITH

10:45AM 6    THE GOVERNMENT, BUT THEY ONLY COVER DOCUMENTS THAT THE

10:45AM 7    GOVERNMENT HAS ACCESS TO, AND WE'VE SHOWN THE EXTENT OF THAT

10:45AM 8    ACCESS HERE.

10:45AM 9         IT'S ONLY FAIR TO APPLY THAT RULE AND TO IMPOSE THAT

10:45AM 10   ACCOUNTABILITY ON THE GOVERNMENT IF THE GOVERNMENT DOES HAVE

10:45AM 11   ACCESS TO THE DOCUMENTS.

10:45AM 12        OF COURSE THAT SHOULD GO WITHOUT SAYING.

10:45AM 13        THE MOST DIRECT APPROACH IT WOULD SEEM IS TO DIRECT AN

10:45AM 14   ORDER AT THE AGENCIES THEMSELVES, THE CUSTODIANS WHO CONTROL

10:45AM 15   THOSE DOCUMENTS WHO CONTROL THEIR OWN POSITIONS ABOUT WHAT

10:45AM 16   THEY'RE GOING TO DO IN RESPONSE TO THESE REQUESTS.

10:45AM 17        DIRECTING THAT ORDER AT THE GOVERNMENT IS NOT MORE

10:45AM 18   EFFICIENT.  IT'S LESS DIRECT.  IT DOES SET UP A POTENTIAL

10:45AM 19   PITFALL FOR THE GOVERNMENT THAT I THINK THE DEFENSE HAS

10:46AM 20   IDENTIFIED WHICH IS THAT IF AND WHEN THE AGENCIES FAIL TO

10:46AM 21   PRODUCE A CERTAIN DOCUMENT OR TWO THE GOVERNMENT CAN THEN BE

10:46AM 22   BLAMED FOR THAT, THE PROSECUTION CAN BE BLAMED FOR THAT.  AND I

10:46AM 23   THINK THAT SITUATION CONFERS AN ADVANTAGE ON THE DEFENSE, BUT I

10:46AM 24   DON'T THINK IT'S AN ADVANTAGE THAT THE COURT SHOULD CONFER

10:46AM 25   BECAUSE I DON'T THINK THAT'S A FAIR SITUATION TO PUT US IN.

10:46AM  1          THE COURT:  THANKS.  LET ME ASK, MR. BOSTIC, JUSTICE

10:46AM  2   HAS A -- I THINK IN NORTH CAROLINA IS THERE A REPOSITORY FOR

10:46AM  3   MASS RELEASE FOR LARGE VOLUMES OF DISCOVERY?

10:46AM  4          MR. BOSTIC:  THERE'S A PROCESSING CENTER, YES.

10:46AM  5          THE COURT:  AND IS THAT SOMETHING THAT THE JUSTICE

10:46AM  6   WOULD MAKE AVAILABLE TO THESE AGENCIES?  IS THAT SOMETHING THAT

10:46AM  7   WOULD ASSIST THIS PROCESS?

10:46AM  8          MR. BOSTIC:  IN FACT, YOUR HONOR, AS I UNDERSTAND IT

10:46AM  9   CMS, I BELIEVE, IS ALREADY BEING AFFORDED THE USE OF THAT

10:46AM  10  FACILITY.  SO THE CMS DOCUMENTS ARE BEING HOSTED AND PROCESSED

10:46AM  11  FROM THE DEPARTMENT OF JUSTICE'S LITIGATION TECHNOLOGY SUPPORT

10:47AM  12  CENTER.

10:47AM  13     SO, YES, THAT RESOURCE IS AVAILABLE.

10:47AM  14         THE COURT:  AND THAT'S AVAILABLE TO THE FDA AS WELL?

10:47AM  15         MR. BOSTIC:  I BELIEVE THE FDA HAS ITS OWN

10:47AM  16  EQUIVALENT PROCESSING SYSTEM.  SO MY UNDERSTANDING FROM THEM IS

10:47AM  17  THAT THEY HAVE NO NEED OF IT, BUT I WOULD BE HAPPY TO HAVE A

10:47AM  18  CONVERSATION WITH THEM ABOUT WHETHER IT WOULD BE HELPFUL TO

10:47AM  19  PROVIDE THEM ACCESS.

10:47AM  20         THE COURT:  IF JUSTICE'S IS MORE EFFICIENT, I THINK

10:47AM  21  THAT WOULD BE A RESOURCE THAT MIGHT BE SUGGESTED TO THE FDA TO

10:47AM  22  USE.

10:47AM  23     MR. CAZARES.

10:47AM  24         MR. CAZARES:  YOUR HONOR, JUST TO RETURN BACK TO

10:47AM  25  MR. BOSTIC'S POINT REGARDING ACCESS AND THE CONTINUED CLAIM

10:47AM 1    THAT THE GOVERNMENT DOESN'T HAVE ACCESS TO THESE DOCUMENTS, THE

10:47AM 2    LETTERS THEMSELVES REQUESTING THAT THE AGENCIES PRODUCE

10:47AM 3    MATERIALS AND THE AGENCY'S RESPONSE EVEN IF IT'S READ AS

10:47AM 4    THEY'LL PRODUCE SOME MATERIALS AND NOT ALL OF THEM, THAT'S

10:47AM 5    ACCESS.  THEY'RE SAYING, YES, YOU MAY HAVE THESE DOCUMENTS.

10:47AM 6        YOU KNOW, AT THIS POINT WHEN YOU GO BACK TO THE HISTORY OF

10:47AM 7    ALL OF THE DOCUMENTS ALREADY PRODUCED AND THE WILLINGNESS

10:47AM 8    REFLECTED BY THE AGENCIES THAT THEY'RE WILLING TO PRODUCE SOME

10:48AM 9    AT LEAST RESPONSIVE DOCUMENTS, THAT'S NOW UPON THE DEPARTMENT

10:48AM 10   OF JUSTICE.  THE AGENCY HAS NOW REPRESENTED TO THIS COURT WE

10:48AM 11   WILL PRODUCE SOME MATERIALS.

10:48AM 12       WE DON'T THINK THAT THEY'VE NECESSARILY BEEN CLEAR ABOUT

10:48AM 13   EXACTLY THE SCOPE OF EVERYTHING THAT THEY PLAN TO PRODUCE AND

10:48AM 14   WHO THOSE CUSTODIANS ARE, FOR EXAMPLE, AT CMS, AND WE HAVE A

10:48AM 15   LOT OF OTHER QUESTIONS.

10:48AM 16       UNDER A RULE 16 ORDER WE COULD POSE THOSE QUESTIONS TO THE

10:48AM 17   DEPARTMENT OF JUSTICE AND THEY COULD THEN GET THOSE ANSWERS.

10:48AM 18       AS, AGAIN, THIS IS BEING SET UP, WE'RE GOING TO BE

10:48AM 19   BRINGING IN THE AGENCIES AND ASKING THESE QUESTIONS OF THEM,

10:48AM 20   AND I'M NOT SURE THAT IS GOING TO BE AN EFFICIENT METHOD TO GET

10:48AM 21   US TO THE POINT WHERE WE, THE DEFENSE, RECEIVE THE MATERIALS

10:48AM 22   WE'RE ENTITLED TO.

10:48AM 23       MR. COOPERSMITH:  YOUR HONOR, IF I COULD ADD, I

10:48AM 24   UNDERSTAND WHY MR. BOSTIC IS MAYBE TRYING TO DISTANCE HIMSELF

10:48AM 25   FROM THE AGENCIES, BUT THE DEPARTMENT OF JUSTICE IS THE UNITED

10:48AM 1     STATES'S LAW FIRM.  IT'S REALLY THE SAME THING.  I WANT TO

10:48AM 2     BORROW MR. WADE'S GRAND JURY SUBPOENA ANALOGY.  SO IF I GET A

10:49AM 3     GRAND JURY SUBPOENA -- THANK YOU, YOUR HONOR.  IF I GET A GRAND

10:49AM 4     JURY SUBPOENA FOR A CORPORATE CLIENT, SO I'VE GOT INHOUSE

10:49AM 5     COUNSEL OF THE CORPORATE CLIENT, THAT'S THE EQUIVALENT OF THESE

10:49AM 6     AGENCY LAWYERS.

10:49AM 7          IF SOMEONE DIRECTED AN ORDER OR A REQUEST TO MOST OF MY

10:49AM 8     CORPORATE INHOUSE COUNSELS, THAT'S NOT WHAT THEY DO.  THEY

10:49AM 9     WOULD BE LOST.

10:49AM 10         WHAT I WOULD DO IN THE FACE OF A SUBPOENA, AND I'M SURE

10:49AM 11    MR. BOSTIC IN OTHER CASES PROBABLY APPRECIATES THIS, IS I GO IN

10:49AM 12    THERE WITH MY TEAM, WITH MY RESOURCES, WITH MY CONSULTANT, WITH

10:49AM 13    MY FORENSIC PEOPLE, MY IMAGING PEOPLE, AND I MAKE SURE BECAUSE

10:49AM 14    I FEEL LIKE AT THAT POINT THAT I'M RESPONDING TO THE SUBPOENA,

10:49AM 15    AND IT'S MY OBLIGATION.  I MAKE SURE THAT EVERY SINGLE DOCUMENT

10:49AM 16    THAT IS RESPONSIVE TO THE SUBPOENA IS PRODUCED.  THAT'S ON ME,

10:49AM 17    AND THAT'S WHAT I DO EVERY SINGLE DAY IN THESE ROUTINE MATTERS.

10:49AM 18         SO MR. BOSTIC IS NO DIFFERENT.  SO THE DEPARTMENT OF

10:49AM 19    JUSTICE HAS VAST LITIGATION RESOURCES.  WHAT WOULD HAPPEN IF A

10:49AM 20    COURT ISSUED A RULE 16 ORDER TO THE GOVERNMENT, NOT TO THE

10:49AM 21    AGENCIES, IS THAT MR. BOSTIC AND HIS COLLEAGUES AT THE

10:49AM 22    DEPARTMENT OF JUSTICE WOULD TELL THE AGENCIES THE LITIGATION

10:50AM 23    TEAM IS HERE TO MAKE SURE THAT EVERY DOCUMENT IS PRODUCED.  IT

10:50AM 24    WOULD BE A SEAMLESS THING.  THE GOVERNMENT IS VERY USED TO

10:50AM 25    WORKING WITH AGENCIES.  THAT'S WHAT THE DEPARTMENT OF JUSTICE

10:50AM  1    DOES.  THEY WORK WITH AGENCIES EVERY SINGLE DAY IN VARIOUS

10:50AM  2    CONTEXTS.

10:50AM  3        SO A RULE 16 ORDER, YOUR HONOR, WOULD PUT ACCOUNTABILITY

10:50AM  4    ON THE GOVERNMENT.  IT WOULD FREE UP THE DEPARTMENT OF JUSTICE

10:50AM  5    RESOURCES TO MAKE SURE EVERY DOCUMENT IS PRODUCED.  IT WOULD

10:50AM  6    MAKE SURE THESE ARE PRODUCED IN THE TIMEFRAME THAT THE COURT IS

10:50AM  7    CONTEMPLATING, AND I THINK WE WOULD QUICKLY GET PAST THIS ISSUE

10:50AM  8    AND MOVE ON WITH THE REST OF THE CASE, AND I THINK THAT'S WHAT

10:50AM  9    IS REQUIRED HERE.

10:50AM 10        THIS IS A DEPARTMENT OF JUSTICE OBLIGATION UNDER THE CASE

10:50AM 11    LAW.  IT'S NOT AN AGENCY OBLIGATION.

10:50AM 12            THE COURT:  THANK YOU.  I APPRECIATE IT.

10:50AM 13            MR. BOSTIC:  YOUR HONOR, ON THAT POINT MAY I?

10:50AM 14            THE COURT:  YES.

10:50AM 15            MR. BOSTIC:  I DON'T THINK THAT'S CORRECT.  WHAT I

10:50AM 16    JUST HEARD MR. COOPERSMITH SAY IS THAT IF THE COURT DIRECTED AN

10:50AM 17    ORDER AT THE PROSECUTION, THAT I AND MY COLLEAGUES WOULD GO TO

10:50AM 18    THE AGENCIES, HANDLE THE COLLECTION AND REVIEW EFFORTS

10:50AM 19    OURSELVES AND PRODUCE THE DOCUMENTS.

10:50AM 20        THAT DESCRIBES ACCESS TO THOSE DOCUMENTS, ACCESS THAT WE

10:51AM 21    DON'T HAVE, THAT WE'VE SHOWN THAT WE DON'T HAVE.

10:51AM 22        COMPONENTS OF THE DEPARTMENT OF JUSTICE REPRESENT THESE

10:51AM 23    AGENCIES IN DIFFERENT CAPACITIES.  THAT'S NOT THE TRIAL TEAM IN

10:51AM 24    THIS CASE.  THAT'S NOT THE CRIMINAL SIDE OF THE UNITED STATES

10:51AM 25    ATTORNEY'S OFFICE.  AND IF IT WERE AS SIMPLE AS ME OR SOMEONE

10:51AM   1     IN MY POSITION SIMPLY GOING TO THOSE AGENCIES DEMANDING ACCESS

10:51AM   2     TO THE DOCUMENTS, GETTING THEM OURSELVES AND PRODUCING THEM, OF

10:51AM   3     COURSE THAT'S WHAT WE WOULD HAVE DONE.  THAT'S JUST NOT A

10:51AM   4     PRACTICAL SOLUTION.

10:51AM   5          THE COURT:  MR. WADE.

10:51AM   6          MR. WADE:  WE UNDERSTAND.  THE COURT HAS PROBABLY

10:51AM   7     HEARD ENOUGH AND IS READY TO RULE.  I WOULD SAY THAT IN HEARING

10:51AM   8     WHAT THE GOVERNMENT SAID, WE NEED TO BE MINDFUL THAT AN ORDER

10:51AM   9     THAT DIRECTS THE GOVERNMENT TO FULFILL AN OBLIGATION CARRIED

10:51AM  10     INTO ONE OF THESE AGENCIES WILL BE HONORED.

10:51AM  11          WHAT WE DON'T WANT TO DO IS TO CREATE A CIRCUMSTANCE WHERE

10:51AM  12     THE LAW IN ANY WAY SUGGESTS THAT A CONTRIVANCE CAN HELP AVOID

10:52AM  13     AN OBLIGATION.  SO WE'RE GOING TO SEND YOU A LETTER AND YOU

10:52AM  14     TELL US YOU WON'T PRODUCE IT, EVEN THOUGH YOU'VE GIVEN US

10:52AM  15     EVERYTHING THAT WE HAVE WANTED, HUNDREDS OF THOUSANDS OF PAGES

10:52AM  16     OF DOCUMENTS MONTH AFTER MONTH THROUGHOUT THE INVESTIGATION,

10:52AM  17     NOW TELL US THAT YOU WON'T GIVE IT TO US AND THEN WE WON'T HAVE

10:52AM  18     AN OBLIGATION.

10:52AM  19          I KNOW THAT'S NOT WHAT THE SPIRIT OF SANTIAGO AND SOME OF

10:52AM  20     THE NINTH CIRCUIT CASES ON THIS THAT HAVE MENTIONED WHAT MY

10:52AM  21     COLLEAGUE SUGGESTS, AND I KNOW THAT'S NOT WHAT THE GOVERNMENT

10:52AM  22     HAS BEEN DOING HERE AND I ACCEPT THEIR REPRESENTATIONS.

10:52AM  23          BUT I DON'T WANT US TO BE NAIVE HERE IN FAILING TO

10:52AM  24     RECOGNIZE THAT THE REASON THAT THEY HAVE NOT RESPONDED TO THOSE

10:52AM  25     REQUESTS AT THIS POINT --

10:52AM  1          THE COURT:  THE AGENCY'S?

10:52AM  2          MR. WADE:  THE AGENCY'S -- IS BECAUSE THEY KNOW THAT

10:52AM  3   THE GOVERNMENT HAS NO OBLIGATION ON THEM TO PROVIDE THOSE

10:52AM  4   MATERIALS.  THAT IS THE REASON THOSE AGENCIES AREN'T PROVIDING

10:52AM  5   THEM.

10:52AM  6      EVERY OTHER REQUEST THAT THEY MADE AS BEST WE CAN TELL

10:53AM  7   THROUGH THE CORRESPONDENCE WAS HONORED.

10:53AM  8      THESE ARE DEFENSE REQUESTS AND THAT'S ONLY WHEN WE HIT --

10:53AM  9   THAT'S THE POINT AT WHICH WE HIT THE ROADBLOCK.

10:53AM 10      SO AGAIN, WE ALL WANT THE SAME THING, AND WE DO WANT

10:53AM 11   ACCOUNTABILITY AS OUR COLLEAGUES HAVE SUGGESTED.  THERE ARE A

10:53AM 12   VARIETY OF WAYS TO GET ACCOUNTABILITY.  WE JUST NEED TO AVOID

10:53AM 13   FURTHER DELAY.

10:53AM 14          THE COURT:  WELL, I AGREE WITH YOU.  THE ORDER THAT

10:53AM 15   IS CONTEMPLATED BY THE COURT IS NOT A CONTRIVANCE.

10:53AM 16          MR. WADE:  OF COURSE.

10:53AM 17          THE COURT:  YOU WEREN'T SUGGESTING THAT.  I

10:53AM 18   APPRECIATE THAT, MR. WADE.

10:53AM 19      BUT RATHER IT'S A DEVICE THAT AFTER HEARING FROM YOU,

10:53AM 20   READING THE PLEADINGS AND UNDERSTANDING THE DEFENSE FRUSTRATION

10:53AM 21   ABOUT NOT HAVING ACCESS TO THESE AND YOUR DISAGREEMENT WITH THE

10:53AM 22   GOVERNMENT AS TO WHETHER OR NOT THEY HAVE ACCESS UNDER THE

10:53AM 23   JUSTICE UMBRELLA, IF YOU WILL, THE COURT FEELS THAT IT SEEMS

10:53AM 24   THAT THE MOST DIRECT METHOD IS TO GO TO THE AGENCIES.

10:53AM 25      WE'VE HAD THESE LETTERS FROM THESE LAWYERS REPRESENTING

10:54AM  1    AT LEAST TO THE COURT THROUGH THE GOVERNMENT THAT THEY INTEND

10:54AM  2    TO FULFILL THEIR OBLIGATION TO PROVIDE THIS INFORMATION.  I'M

10:54AM  3    GOING TO CALL THEM TO TASK ON THAT, AND I'M GOING TO ORDER THAT

10:54AM  4    THEY PRODUCE PURSUANT TO THEIR REPRESENTATIONS TO THE COURT.

10:54AM  5        IT SEEMS TO ME THAT'S THE MOST DIRECT WAY AND EFFECTIVE

10:54AM  6    WAY NOTWITHSTANDING RULE 16.  I APPRECIATE THAT, AND I

10:54AM  7    APPRECIATE THE DEFENSE CONCERN THAT THERE IS A RESPONSIBILITY,

10:54AM  8    A CONSTITUTIONAL RESPONSIBILITY UNDER RULE 16, AND I RECOGNIZE

10:54AM  9    THAT.

10:54AM  10       BUT I WANT TO GO TO THE AGENCIES BECAUSE I BELIEVE AT THIS

10:54AM  11   POINT IN OUR DISCUSSION THAT IS THE MOST EFFECTIVE WAY TO GET

10:54AM  12   THE INFORMATION THAT YOU AND YOUR COLLEAGUES WANT AND YOU'RE

10:54AM  13   ENTITLED TO AND THAT'S WHY I'M GOING DOWN THIS AVENUE, IF YOU

10:54AM  14   WILL.

10:54AM  15       I'M NOT SAYING THAT THE GOVERNMENT IS OFF FREE FROM

10:54AM  16   ANYTHING, AND THIS DOES NOT SAY IN ANY WAY THAT THERE IS NO

10:54AM  17   RULE 16 OBLIGATION ON THE GOVERNMENT.  NO.  NO.  THAT REMAINS.

10:55AM  18       BUT AT THIS POINT HAVING THIS CORRESPONDENCE AND YOU AND

10:55AM  19   YOUR TEAMS HAVE EQUALLY CORRESPONDED WITH THESE AGENCIES TO

10:55AM  20   DEVELOP SOME TYPE OF TRACTION ON THIS, NOT AS MUCH AS YOU WOULD

10:55AM  21   LIKE, BUT AT LEAST THERE'S A PATH TO THIS, AND I'D LIKE TO TAKE

10:55AM  22   ADVANTAGE OF YOUR GOOD EFFORTS, GO DIRECTLY TO THE AGENCIES AND

10:55AM  23   TELL THEM TO PRODUCE.

10:55AM  24       AS I'VE SAID, 75 DAYS IS WHAT I'M GOING TO GIVE THEM.  I

10:55AM  25   HOPE THEY CAN DO IT IN 75 DAYS.  I HOPE THEY CAN RISE TO THE

10:55AM   1    OCCASION TO PRODUCE THAT.

10:55AM   2        IF NOT, THEY WILL TELL US WHY THEY CAN'T.  MY SENSE IS IN

10:55AM   3    THE ORDER I'LL INSTITUTE SOME TYPE OF A STATUS DATE WHERE

10:55AM   4    THEY'LL UPDATE US, AND PERHAPS IT MIGHT BE THROUGH THE

10:55AM   5    GOVERNMENT ALSO, THE PROSECUTION, AS TO WHAT THE STATUS IS AND

10:55AM   6    WHY NOT.

10:55AM   7        AND THEN IT MAY BE THAT WE'LL EXTEND AN INVITATION TO THE

10:55AM   8    RESPONSIBLE PARTIES FROM THE AGENCIES TO COME TO THE COURT AND

10:55AM   9    EXPLAIN THEIR LACK OF ATTENTION OR THEIR LACK OF ABILITY TO

10:55AM   10   COMPLY.  I DON'T KNOW.  I HOPE WE DON'T.  I HOPE THEY GIVE

10:55AM   11   EVERYTHING THAT YOU'RE ASKING FOR.

10:56AM   12        MR. WADE:  HOPEFULLY THAT'S EFFECTIVE, YOUR HONOR.

10:56AM   13   I AM SURE THE GOVERNMENT DOES REMAIN INVESTED TO THE EXTENT

10:56AM   14   THAT IT HAS TO COME BACK TO THE COURT REPRESENTING THE UNITED

10:56AM   15   STATES AND IT'S TRIAL DATE HANGS IN THE BALANCE AS WELL.

10:56AM   16        THE COURT:  YES.

10:56AM   17        MR. WADE:  SO UNDERSTANDING THAT IT WANTS TO MOVE

10:56AM   18   THIS FORWARD, I'M CONFIDENT THAT THEY'LL CONTINUE TO RECOGNIZE

10:56AM   19   THE DIRECTION PROVIDED BY THE COURT AND WHAT THE COURT WISHES

10:56AM   20   AND INCURS FULL COMPLIANCE WITH THAT ORDER AND PROMPT

10:56AM   21   COMPLIANCE.

10:56AM   22        THE COURT:  YES.  THANK YOU.  AND THIS IS NOT GIVING

10:56AM   23   THE GOVERNMENT A PASS ON THIS.  MY SENSE IS THAT YOU AND YOUR

10:56AM   24   TEAM, YOUR COLLEAGUES SEEM TO FEEL THAT IT IS.  IT IS NOT.

10:56AM   25        IT IS A MORE DIRECT OFF RAMP, IF YOU WILL, IN MY JUDGMENT

10:56AM 1    TO GET THE INFORMATION SOONER THAN LATER.  THAT'S WHAT I WANT

10:56AM 2    TO ACCOMPLISH.

10:56AM 3              MR. WADE:  I HOPE THAT'S RIGHT, YOUR HONOR.  THE

10:56AM 4    ONLY FEAR I HAVE IS THAT GIVING THEM FURTHER OPPORTUNITY TO

10:56AM 5    COME IN AND AVOID OBLIGATIONS JUST HAS THE POTENTIAL TO DELAY

10:56AM 6    THINGS FURTHER, THE AGENCIES.  AND WE MAY -- AS THE COURT SAID,

10:57AM 7    WE MAY HEAR THAT, WHICH WILL JUST HAVE THE EFFECT OF DELAYING

10:57AM 8    THESE MATERIALS TO ANOTHER HEARING 75 DAYS HENCE THAT WOULD BE

10:57AM 9    REGRETFUL.  I KNOW THAT THE GOVERNMENT WOULD SHARE THAT FEELING

10:57AM 10   AND HOPEFULLY THEY WILL BE ABLE TO URGE THE AGENCIES TO BE MORE

10:57AM 11   EXPEDITIOUS AND IN MEETING THE COURT'S WISHES AND ULTIMATELY, I

10:57AM 12   GUESS, EVERYONE SUFFERS THE CONSEQUENCES IF THEY DON'T.

10:57AM 13             THE COURT:  OKAY.  THANK YOU.

10:57AM 14        LET ME MOVE TO THE NEXT ISSUE.

10:57AM 15        ANYTHING FURTHER ON THAT?

10:57AM 16             MR. CAZARES:  TWO SMALL POINTS IN THAT ARGUMENT,

10:57AM 17   YOUR HONOR.  REGARDING THE LANGUAGE OF THE PROPOSED ORDER, I

10:57AM 18   THINK WE WOULD REQUEST THAT IT INCLUDE THE SCOPE OF THE

10:57AM 19   DOCUMENT REQUEST CONTAINED IN THE MOTION RATHER THAN THE

10:57AM 20   DESCRIPTION BY THE AGENCIES OF THE DOCUMENTS THAT THEY ARE

10:57AM 21   PLANNING TO PRODUCE BECAUSE I'M NOT SURE THAT THOSE TWO

10:57AM 22   DESCRIPTIONS OF THE REQUEST AND DOCUMENTS AT ISSUE HERE ARE

10:57AM 23   NECESSARILY 100 PERCENT CONSISTENT.  SO THAT'S ONE REQUEST.

10:57AM 24        AND THEN THE SECOND, AND I'M NOT SURE IF I'M HEARING THE

10:58AM 25   COURT CORRECTLY ON THIS, SO IS THE COURT PLANNING TO ISSUE A

10:58AM 1    RULE 16 ORDER DIRECTED TO THE AGENCIES SO IT WILL BE UNDER RULE

10:58AM 2    16 BUT DIRECTED TO THE AGENCIES?

10:58AM 3         THE COURT:  I DON'T THINK SO.

10:58AM 4         MR. CAZARES:  OKAY.  I'M TRYING TO CLARIFY THAT,

10:58AM 5    YOUR HONOR.  THANK YOU.

10:58AM 6         THE COURT:  YOU'RE WELCOME.

10:58AM 7    LET ME MOVE TO THE NEXT ISSUE WHICH IS, AS I SEE IT, IS

10:58AM 8    THIS ISSUE ABOUT AGENT NOTES.  THE DEFENSE HAS APPARENTLY BEEN

10:58AM 9    GIVEN ACCESS TO REVIEW NOTES IT SOUNDS LIKE.  THE GOVERNMENT

10:58AM 10   HAS ALLOWED THE DEFENSE TO GO TO THEIR OFFICE IN SAN FRANCISCO

10:58AM 11   AND REVIEW NOTES, MAKE NOTES OF THOSE, BUT NOT -- THE

10:58AM 12   GOVERNMENT HASN'T PROVIDE HARD COPIES OF THOSE NOTES.

10:58AM 13   I GUESS JUST TO CUT TO THE CHASE HERE, MY QUESTION IS WHY

10:58AM 14   NOT GIVE THEM, IF THEY'RE LOOKING AT IT, WHY NOT GIVE THEM THE

10:58AM 15   HARD COPIES WITH A PROTECTIVE ORDER "ATTORNEYS EYES ONLY,"

10:58AM 16   WHATEVER NEEDS TO BE PUT ON IT?  WHY NOT DO THAT?

10:58AM 17        MR. BOSTIC:  BECAUSE, YOUR HONOR, THE STEP THAT THE

10:58AM 18   GOVERNMENT HAS ALREADY TAKEN IS -- IT REPRESENTS ALREADY

10:59AM 19   EXCEEDING THE REQUIREMENTS OF BRADY AND THE ASSOCIATED CASE

10:59AM 20   LAW.

10:59AM 21   AS THE COURT KNOWS, THE BRADY OBLIGATIONS, AS WELL AS THE

10:59AM 22   JENCKS OBLIGATIONS ON THE GOVERNMENT, THOSE ARE SELF-EXECUTING.

10:59AM 23   THEY DON'T REQUIRE A COURT ORDER.  THEY IMPOSE AN OBLIGATION ON

10:59AM 24   THE PROSECUTORS THEMSELVES TO IDENTIFY, LOCATE, REVIEW, AND

10:59AM 25   PRODUCE MATERIAL THAT COULD BE USEFUL TO THE DEFENSE.  WE TAKE

10:59AM 1    THAT OBLIGATION VERY SERIOUSLY.

10:59AM 2        THE USUAL APPROACH IN ALMOST EVERY CASE IS FOR THE

10:59AM 3    GOVERNMENT TO HANDLE THAT OBLIGATION DIRECTLY, TO REVIEW THOSE

10:59AM 4    NOTES, TO REVIEW OTHER MATERIALS THAT MAY CONTAIN BRADY

10:59AM 5    INFORMATION, AND TO PRODUCE WHAT IT IDENTIFIES AS BRADY

10:59AM 6    INFORMATION TO THE DEFENSE ERRING ON THE SIDE OF PRODUCTION IF

10:59AM 7    THERE'S A QUESTION.

10:59AM 8        THAT WOULD BE THE GOVERNMENT'S APPROACH IN THIS CASE.

10:59AM 9        BUT AFTER THE DEFENSE RAISED AN ISSUE, WE OFFERED TO GO

10:59AM 10   ONE STEP FURTHER AND TO ACTUALLY ALLOW THE DEFENSE TO BE

10:59AM 11   INVOLVED IN THAT PROCESS.  THAT'S AN EXCEPTION.  THAT'S NOT THE

11:00AM 12   USUAL APPROACH.  USUALLY, AS I SAID, THAT RESPONSIBILITY LIES

11:00AM 13   WITH THE GOVERNMENT.

11:00AM 14       HERE ALLOWING THE DEFENSE TO REVIEW THOSE NOTES TAKES THE

11:00AM 15   JUDGMENT CALLS OUT OF THE GOVERNMENT'S HANDS AND ALLOWS THE

11:00AM 16   DEFENSE TO MAKE UP ITS OWN MIND ABOUT WHAT IT THINKS IT NEEDS

11:00AM 17   IN TERMS OF BRADY INFORMATION.

11:00AM 18       BECAUSE THAT ALREADY REPRESENTS A SIGNIFICANT DEPARTURE

11:00AM 19   FROM WHAT THEY'RE ENTITLED TO UNDER BRADY, THE GOVERNMENT FEELS

11:00AM 20   THAT IT'S -- THAT THAT STEP IS SUFFICIENT TO SATISFY ITS

11:00AM 21   OBLIGATIONS.

11:00AM 22           THE COURT:  SURE.  AND I APPRECIATE THAT.  YOU KNOW,

11:00AM 23   LET ME JUST EXPRESS, ANYTHING THAT ALL OF YOU DO TO ENHANCE,

11:00AM 24   AND I HATE TO USE THE WORD "EFFICIENCY" IN A CRIMINAL CASE

11:00AM 25   BECAUSE IT'S NOT ABOUT THAT, BUT AT THE PRETRIAL STAGE ANYTHING

11:00AM 1    THAT YOU DO TO ENHANCE THE ABILITY TO MORE EFFICIENTLY

11:00AM 2    REPRESENT YOUR RESPECTIVE PARTIES I'M GRATEFUL FOR THAT.

11:00AM 3         BUT IT SEEMS TO ME THAT IF THEY'VE LOOKED AT IT AND YOU'RE

11:00AM 4    GIVING THEM ACCESS TO LOOK AT IT, BUT NOT MAKE PHOTOCOPIES OR

11:01AM 5    ANYTHING LIKE THAT, COULDN'T YOU -- AND WE'VE READ THE

11:01AM 6    DECLARATIONS.  IT'S DIFFICULT FOR THEM TO COME FROM SEATTLE,

11:01AM 7    LOS ANGELES, THIS IS AS TO MR. BALWANI, AND SPEND FOUR OR

11:01AM 8    FIVE HOURS ON GOLDEN GATE AND REVIEW DOCUMENTS.

11:01AM 9         WHY NOT GIVE THEM -- PROVIDE HARD COPIES SO THAT THEY CAN

11:01AM 10   DO THIS IN THEIR OFFICE WITH AN "ATTORNEYS EYES ONLY" WITH AN

11:01AM 11   ORDER THAT SAYS THAT THEY MAY NOT REPRODUCE.  THEY HAVE TO KEEP

11:01AM 12   A LOG OF WHO -- WHATEVER AND WHOEVER SEES IT AND WHATEVER AND

11:01AM 13   EVEN GIVE THEM A CERTAIN TIME PERIOD?  YOU CAN HAVE THESE FOR A

11:01AM 14   WEEK.  YOU CAN HAVE THESE FOR WHATEVER.  I'M JUST GENERATING

11:01AM 15   OPTIONS,  JUST TO ALLOW THAT EFFICIENCY, AND THEN YOU CAN

11:01AM 16   RETURN THE HARD COPIES, OR IF THEY KEEP IT, THEY KEEP IT AGAIN

11:01AM 17   WITH A PROTECTIVE ORDER OF SOME SORT.

11:01AM 18        IT SEEMS THAT -- AND I DON'T MEAN TO PUNISH YOU FOR

11:01AM 19   BEING -- YOU KNOW, PUNISH THE PROSECUTION FOR BEING GENEROUS

11:02AM 20   HERE, BUT IT SEEMS LIKE IF THEY'VE SEEN IT AND THEY'RE GOING TO

11:02AM 21   CONTINUE TO REVIEW IT, WHY NOT JUST LET THEM HAVE COPIES OF IT

11:02AM 22   SO THAT THEY CAN LOOK AT IT AND WE CAN SOMEHOW PROTECT THE

11:02AM 23   DISSEMINATION OF IT?  I'M SURE THEY WOULD AGREE TO SOMETHING

11:02AM 24   LIKE THAT.

11:02AM 25        MR. BOSTIC:  SO, YOUR HONOR, AS I TAKE THE COURT'S

11:02AM 1    POINT, A LOT OF THIS RELATES TO THE INCONVENIENCE SUFFERED BY

11:02AM 2    THE DEFENSE COUNSEL AND HAVING TO TRAVEL OUT TO REVIEW THE

11:02AM 3    NOTES.

11:02AM 4        I THINK AS A COMPROMISE POSITION THE GOVERNMENT WOULD BE

11:02AM 5    WILLING TO MAKE THOSE NOTES AVAILABLE IN LOCAL U.S. ATTORNEY'S

11:02AM 6    OFFICES IN SEATTLE OR LOS ANGELES AND D.C. FOR MS. HOLMES'S

11:02AM 7    COUNSEL.  THAT WOULD AVOID THE TRAVEL OBLIGATIONS.

11:02AM 8            THE COURT:  SURE.

11:02AM 9            MR. BOSTIC:  I THINK THE COURT IS ACKNOWLEDGING THE

11:02AM 10   FACT THAT THESE ARE SENSITIVE MATERIALS, THAT THEY WOULD NEED

11:02AM 11   TO BE PROTECTED BY AN "ATTORNEYS EYES ONLY" PROTECTIVE ORDER OR

11:02AM 12   SOMETHING SIMILAR.

11:02AM 13       THE GOVERNMENT WOULD STILL PREFER NOT TO RELINQUISH

11:03AM 14   CUSTODY OF THOSE MATERIALS FOR THAT REASON, AND I THINK IT IS

11:03AM 15   SUFFICIENT TO ALLOW THE DEFENSE TO VISIT A U.S. ATTORNEY'S

11:03AM 16   OFFICE AND REVIEW THOSE NOTES, AND THEN, AGAIN, THE OFFER IS TO

11:03AM 17   PRODUCE ANY NOTES THAT THEY IDENTIFY AS CONTAINING BRADY

11:03AM 18   INFORMATION.

11:03AM 19       SO I THINK THAT SATISFIES THEIR NEEDS.

11:03AM 20           THE COURT:  SURE.  WHAT IS THE VOLUME OF MATERIAL?

11:03AM 21   IS IT BINDERS?  I READ SOMETHING ABOUT BINDERS.  ARE THERE

11:03AM 22   BINDERS OF THOSE?

11:03AM 23           MR. BOSTIC:  YOUR HONOR, THE DEFENSE MAY BE ABLE TO

11:03AM 24   SPEAK TO THAT BETTER THAN I HAVE BECAUSE THEY'VE BEEN IN THE

11:03AM 25   ROOM WITH IT.

11:03AM 1      BUT I CAN TELL THE COURT THAT, OF COURSE, DOZENS OF

11:03AM 2  WITNESSES HAVE BEEN INTERVIEWED.

11:03AM 3      ONE MOMENT, YOUR HONOR.

11:03AM 4          MR. LEACH:  YOUR HONOR, IT'S THREE BINDERS AND

11:03AM 5  APPROXIMATELY 800 PAGES.

11:03AM 6          THE COURT:  OKAY.  THANK YOU, MR. LEACH.  I

11:03AM 7  APPRECIATE THAT.

11:03AM 8      DO YOU HAVE FACILITIES TO -- IF THE COURT ORDERS THAT THE

11:03AM 9  GOVERNMENT PROVIDE YOU COPIES AND THE COURT ORDERS YOU TO MEET

11:03AM 10 AND CONFER ON AN ATTORNEYS EYES ONLY AGREEMENT, DO YOU HAVE IN

11:03AM 11 YOUR LAW OFFICES SAFES WHERE THESE COPIES CAN BE LOCKED UP?

11:04AM 12         MR. COOPERSMITH:  YES, YOUR HONOR.  I'VE HAD CASES

11:04AM 13 IN OUR OFFICE WHERE WE'VE HANDLED NATIONAL SECURITY

11:04AM 14 INFORMATION, AND WE HAVE ALL KINDS OF WAYS TO KEEP IT.  I'M NOT

11:04AM 15 SURE THAT THIS RISES TO THAT LEVEL, BUT WE HAVE THAT ABILITY.

11:04AM 16     LET ME ADDRESS A FEW POINTS TO CLARIFY SOMETHING.  I HAVE

11:04AM 17 NOT HEARD ANYTHING FROM MR. BOSTIC A REAL REASON NOT TO GIVE US

11:04AM 18 COPIES, BUT HERE'S SOME OF THE PRACTICAL CONSIDERATIONS I WOULD

11:04AM 19 LIKE THE COURT TO CONSIDER.

11:04AM 20     FIRST OF ALL, THERE ARE 848 PAGES OF NOTES THAT WE'VE SEEN

11:04AM 21 SO FAR.  THERE MAY BE MORE AS THE CASE PROCEEDS IN THE NEXT

11:04AM 22 YEAR.

11:04AM 23     THESE ARE VERY DENSE, YOU KNOW, VERY SOMETIMES

11:04AM 24 HARD-TO-READ HANDWRITING AND THE ISSUE, AS THE GOVERNMENT

11:04AM 25 ITSELF IDENTIFIED IN THE MOTION TO COMPEL, IS THAT YOU HAVE TO

11:04AM 1   LOOK FOR MATERIAL INCONSISTENCIES BETWEEN THE 302 REPORT, THE

11:04AM 2   INTERVIEW MEMO, AND THE NOTES.  AND WE'VE ALREADY FOUND MANY OF

11:04AM 3   THOSE INSTANCES WHERE THE NOTES ARE FAVORABLE TO THE DEFENSE IN

11:04AM 4   A WAY THAT THE 302 DOES NOT QUITE CAPTURE.  SO WE'VE SEEN IT

11:04AM 5   OVER AND OVER AGAIN AND EVEN IN THE TIME WE HAVE.

11:05AM 6       WE'VE GOT THROWN A HANDFUL OF THESE IN A SIX HOUR SESSION.

11:05AM 7       ONE OF THE PROBLEMS, YOUR HONOR -- AND BY THE WAY, THE

11:05AM 8   "ATTORNEYS EYES ONLY" I'M NOT SURE IS THE RIGHT NOMENCLATURE.

11:05AM 9   WE'RE PERFECTLY HAPPY TO KEEP THEM CONFIDENTIAL AND PROTECTED

11:05AM 10  IN LOCKED CABINETS OR WHATEVER THE REQUIREMENT IS.

11:05AM 11      "ATTORNEYS EYES ONLY" IS A DIFFERENT THING.  THAT MEANS

11:05AM 12  OUR CLIENT COULD NOT SEE IT, AND MR. BALWANI IS A PART OF THE

11:05AM 13  DEFENSE TEAM.  HE WAS THERE WITH THE GOVERNMENT'S FULL

11:05AM 14  KNOWLEDGE AT THE SESSION.  WE HAD THE U.S. ATTORNEY'S OFFICE

11:05AM 15  LAST WEEK REVIEWING THE NOTES.  SO HE HAS A RIGHT TO

11:05AM 16  PARTICIPATE IN HIS OWN DEFENSE.

11:05AM 17      SO I DON'T KNOW THAT THE GOVERNMENT HAS AN OBJECTION TO

11:05AM 18  MR. BALWANI SEEING IT, IT'S MORE OF A CONFIDENTIALITY CONCERN.

11:05AM 19          THE COURT:  THIS IS WHY I SAID I MIGHT ASK YOU TO

11:05AM 20  MEET AND CONFER ON AN APPROPRIATE ORDER --

11:05AM 21          MR. COOPERSMITH:  YES, YOUR HONOR.

11:05AM 22          THE COURT:  -- THAT EXPRESSES THE CONCERNS THAT I

11:05AM 23  HAVE THAT THESE DOCUMENTS AND THE INFORMATION SHOULD NOT BE

11:05AM 24  REPRODUCED, IT SHOULD NOT BE DISTRIBUTED OUTSIDE OF COUNSEL'S

11:05AM 25  OFFICE, AND IT'S FOR COUNSEL'S USE.

11:05AM  1          MR. COOPERSMITH:  YES, YOUR HONOR, THAT'S PERFECTLY

11:06AM  2     ACCEPTABLE, AND I'M HAPPY TO TALK TO MR. BOSTIC ABOUT THAT.

11:06AM  3          THE OTHER ISSUE I WANT TO MAKE SURE THE COURT IS AWARE AND

11:06AM  4     IT'S IN STATUS REPORT AND AS WELL AS THE LETTER ATTACHED IS

11:06AM  5     THAT WHAT HAS HAPPENED HERE IS THE GOVERNMENT, AND I'M NOT SURE

11:06AM  6     I WOULD USE THE WORD "GENEROUS" TO DESCRIBE IT, BUT WE DO

11:06AM  7     APPRECIATE THE ACCESS, I THINK WHAT HAS HAPPENED HERE IS

11:06AM  8     WITHOUT KNOWING THE DEFENSE THEORIES AND HAVING MANY, MANY

11:06AM  9     PAGES OF HARD-TO-READ NOTES, THERE'S A REAL RISK THAT THE

11:06AM  10    PROSECUTION TRYING TO DO THEIR OWN REVIEW WOULDN'T CAPTURE ALL

11:06AM  11    OF THE BRADY MATERIAL.

11:06AM  12         SO THEY'VE GIVEN THAT, AND WE'RE HAPPY TO ACCEPT THAT

11:06AM  13    OBLIGATION.

11:06AM  14         THE PROBLEM IS HAVING DONE THAT AND NOW THAT WE ARE

11:06AM  15    LOOKING AT THIS, AND WE'RE HOPING TO GET COPIES OBVIOUSLY SO WE

11:06AM  16    DON'T KEEP GOING TO THE CONFERENCE ROOM AT THE U.S. ATTORNEY'S

11:06AM  17    OFFICE.

11:06AM  18         BUT NOW THAT THEY'VE DONE THAT, IT'S NOT APPROPRIATE FOR

11:06AM  19    US TO HAVE TO IDENTIFY TO THE PROSECUTION WE THINK THESE 10

11:06AM  20    SETS OF NOTES OR THESE 30 SETS OF NOTES ARE BRADY MATERIAL

11:06AM  21    BECAUSE THEY HAVE EXCULPATORY INFORMATION.  THAT'S DEFENSE

11:06AM  22    STRATEGY.  THAT'S DEFENSE WORK PRODUCT.  IT'S OUR SELECTION OF

11:07AM  23    WHAT IS IMPORTANT.  THEY'RE NOT ENTITLED TO KNOW THAT.  THERE

11:07AM  24    HAS TO BE A MECHANISM IF WE GET COPIES WHERE WE'RE ABLE TO COPY

11:07AM  25    THINGS SO WE CAN USE IT AND PREPARE FOR TRIAL AND

11:07AM 1    CROSS-EXAMINATION AND ESPECIALLY AGENTS.

11:07AM 2         THE COURT:  WELL, THAT'S A SECOND STEP.  MAY I

11:07AM 3    SUGGEST, AND IF YOU FEEL THAT YOU NEED TO DO THAT AND I

11:07AM 4    UNDERSTAND THE SIXTH AMENDMENT AND ALL OF THAT AND IT IS

11:07AM 5    IMPORTANT TO THE DEFENSE.  IT MAY BE THAT WE CAN DEVELOP A

11:07AM 6    MECHANISM WHERE YOU CAN SEPARATE THOSE AND IDENTIFY THOSE AND

11:07AM 7    BRING THOSE TO THE COURT IN SOME MANNER THAT PROTECTS YOU FROM

11:07AM 8    OTHERWISE DISCLOSING THE DEFENSE STRATEGIES.

11:07AM 9         MR. COOPERSMITH:  THAT'S POSSIBLE.  IT PUTS THE

11:07AM 10   ACTUAL BURDEN ON THE COURT BUT --

11:07AM 11        THE COURT:  I HEAR THE SURF, COUNSEL.

11:07AM 12        MR. COOPERSMITH:  -- COULDN'T APPRECIATE THAT MORE,

11:07AM 13   YOUR HONOR.  I REALIZE THAT -- I JUST THINK THAT THE GOVERNMENT

11:07AM 14   IS OVERPLAYING HOW TOP SECRET THESE MATERIALS ARE.  I THINK

11:07AM 15   WITH A SIMPLE LIKE THEY'RE NOTES, OKAY, THEY'RE NOTES THAT

11:07AM 16   UNDERLIE INTERVIEWS.  THIS IS NOT NATIONAL SECURITIES

11:08AM 17   INFORMATION.  THIS IS NOT THE CROWN JEWELS.

11:08AM 18        THE COURT:  DON'T SNATCH DEFEAT FROM THE JAWS OF

11:08AM 19   VICTORY.

11:08AM 20        MR. COOPERSMITH:  NO, I AM NOT.  I HOPE THAT IS NOT

11:08AM 21   HAPPENING, YOUR HONOR.  BUT I THINK THEY'RE IMPORTANT TO THE

11:08AM 22   DEFENSE BECAUSE OF THE MATERIAL DISCREPANCIES WHERE IT'S MORE

11:08AM 23   FAVORABLE TO THE DEFENSE.  BUT WE HAVE COPIES, AND WE WERE ABLE

11:08AM 24   ABLE TO MAKE A FEW COPIES.  WE WILL AGREE TO USE IT FOR TRIAL

11:08AM 25   PREPARATION AND TRIAL.  I DON'T SEE HOW THAT AFFECTS THE

11:08AM 1    GOVERNMENT.  I HAVE NOT REALLY HEARD A GOOD REASON WHY IT HAS

11:08AM 2    TO BE --

11:08AM 3            THE COURT:  WELL, THE CONCERN I HAVE IS -- AND I

11:08AM 4    DON'T THINK THE GOVERNMENT HAS THIS, BUT I DO -- IS THAT

11:08AM 5    INFORMATION LIKE THIS WOULD BE DISSEMINATED IN THE PUBLIC OR

11:08AM 6    OTHERWISE BE MADE AVAILABLE WHERE IT'S NOT SUPPOSED TO BE.

11:08AM 7            MR. COOPERSMITH:  WE WOULDN'T DO THAT, YOUR HONOR.

11:08AM 8            THE COURT:  BUT IF YOU'RE GOING TO USE IT FOR

11:08AM 9    IMPEACHMENT PURPOSES OR SOMETHING LIKE THAT, THAT'S A DIFFERENT

11:08AM 10   STORY.

11:08AM 11           MR. COOPERSMITH:  BUT, YOUR HONOR, WE HAVE NO WISH

11:08AM 12   TO MAKE ANY OF THOSE NOTES PUBLIC.  WE'RE ABSOLUTELY AGREEABLE

11:08AM 13   TO A CONFIDENTIALITY ORDER, PROTECTIVE ORDER WHERE WE CAN'T DO

11:08AM 14   ANYTHING OTHER THAN USE IT FOR TRIAL PREP, AND THEN OBVIOUSLY

11:08AM 15   AT TRIAL ITSELF IF THE NEED ARISES.  THAT'S FINE WITH US, YOUR

11:09AM 16   HONOR.  WE'RE NOT GOING TO TRY TO PUBLICLY DISSEMINATE THESE

11:09AM 17   MATERIALS, ABSOLUTELY.

11:09AM 18       IT'S JUST THAT WE NEED TO BE ABLE TO DO OUR TRIAL PREP

11:09AM 19   WITHOUT REVEALING WHAT WE THINK IS IMPORTANT TO THE GOVERNMENT.

11:09AM 20           THE COURT:  NO.  I UNDERSTAND.

11:09AM 21       MR. WADE.

11:09AM 22           MR. WADE:  IF I MIGHT BRIEFLY, YOUR HONOR.  AT THE

11:09AM 23   TIME THE STATUS REPORT WAS FILED WE HADN'T YET HAD THE BENEFIT

11:09AM 24   OF REVIEWING THE NOTES.  UNLIKE DEFENSE COUNSEL, I JUST HAD TO

11:09AM 25   TAKE THEM UP ON THE OFFER TO DO IT HERE IN SAN JOSE, BEAUTIFUL

11:09AM 1    SAN JOSE, SO I WALKED ACROSS AND HAD THE CHANCE TO DO THAT

11:09AM 2    YESTERDAY.

11:09AM 3        THERE IS A PRACTICAL ISSUE AS IT RELATES TO THIS.  I

11:09AM 4    DIDN'T SPEND SIX HOURS.  I SPENT ABOUT TWO OR THREE YEARS WITH

11:09AM 5    A KIND YOUNG FBI AGENT MAKING SURE I DIDN'T DO WHAT

11:09AM 6    SANDY BERGER WAS ACCUSED OF A NUMBER OF YEARS AGO.

11:09AM 7        BUT AS A PRACTICAL MATTER IN WORKING WITH THE MATERIALS,

11:09AM 8    WHAT COUNSEL FOR MR. BALWANI SAID IS VERY MUCH REAL, BUT THE

11:09AM 9    SECOND POINT IS WHERE I WANT TO FOCUS WHICH IS THE USE OF THOSE

11:09AM 10   MATERIALS.

11:09AM 11       I SPENT CONSIDERABLE TIME GOING THROUGH A COUPLE OF

11:10AM 12   WITNESSES, AND I'M COMFORTABLE REPRESENTING TO THE COURT THAT

11:10AM 13   WERE THOSE WITNESSES TO TESTIFY AT TRIAL, I WOULD CROSS-EXAMINE

11:10AM 14   THEM USING THOSE NOTES.

11:10AM 15       THERE IS, BASED UPON MY QUICK REVIEW, BRADY IN ALMOST

11:10AM 16   EVERY SET OF NOTES THAT I SAW OR THAT I READ CAREFULLY.

11:10AM 17       UNLIKE COUNSEL FOR MR. BALWANI, I'M NOT COMFORTABLE

11:10AM 18   LETTING THIS TEMPORARY ACCESS MEET A BRADY OBLIGATION BECAUSE I

11:10AM 19   NEED TO HAVE THE INFORMATION IN BRADY THAT I CAN USE TO DEFEND

11:10AM 20   MY CLIENT.  TO JUST HAVE ACCESS TO IT AND NOT BE ABLE TO USE IT

11:10AM 21   IN THE DEFENSE, TO HAVE SOME LIMITED WINDOW WHICH I CAN MAKE

11:10AM 22   THE ASSESSMENT OF HOW TO USE IT IS JUST NOT REALLY WORKABLE AND

11:10AM 23   IT WOULD NOT ALLOW US TO PREPARE FOR THE DEFENSE.

11:10AM 24       I THINK THIS, LIKE ALL OF THE ISSUES THAT HAVE BEEN BEFORE

11:10AM 25   THE COURT --

11:10AM 1          THE COURT:  I'M SORRY, SIR.  IF YOU WERE GIVEN -- IF

11:10AM 2     I ORDER THE GOVERNMENT TO PROVIDE YOU COPIES OF THE 800 PAGES.

11:10AM 3          MR. WADE:  THAT WOULD MEET THE OBLIGATION, YES.  AND

11:10AM 4     THE ONLY RESTRICTION ON USE BEING WE WOULD USE IT TO PREPARE

11:11AM 5     THE DEFENSE AND POTENTIALLY TO EXAMINE WITNESSES IN AN OPEN

11:11AM 6     COURTROOM, BUT APART FROM THAT, BELIEVE ME, NO ONE ELSE IS

11:11AM 7     REALLY GOING TO WANT TO LOOK AT THESE NOTES, AND THIS IS NOT A

11:11AM 8     FUN EXERCISE.  IT'S LABORIOUS.

11:11AM 9      BUT THAT WOULD -- IF WE'RE ABLE TO GET AND KEEP THE NOTES,

11:11AM 10    NOT JUST HAVE ACCESS BUT KEEP THEM THROUGH TRIAL, AND THEN WE

11:11AM 11    CAN GIVE THEM BACK IMMEDIATELY, THAT WOULD MEET OUR ISSUES.

11:11AM 12         THE COURT:  OKAY.  SO, MR. BOSTIC, I THINK YOU SEE

11:11AM 13    WHERE I'M HEADED.  I HOPE YOU DO.  I'M INCLINED TO ORDER THE

11:11AM 14    GOVERNMENT TO PROVIDE DEFENSE COPIES OF THIS MATERIAL.  I'M

11:11AM 15    GOING TO ASK YOU, ALL OF YOU, TO SEE IF YOU CAN MEET AND CONFER

11:11AM 16    ON AN AGREED UPON PROTECTIVE ORDER, WHATEVER, HOWEVER YOU WANT

11:11AM 17    TO CALL THAT, THAT WOULD ENCOMPASS ALSO USE.  I DON'T WANT THIS

11:11AM 18    INFORMATION DISTRIBUTED IN ANY WAY TO THE PUBLIC.  IT'S NOT

11:12AM 19    PUBLIC INFORMATION.  IT'S FOR TRIAL PREPARATION AND POTENTIAL

11:12AM 20    TRIAL USE ONLY.

11:12AM 21     IF THERE'S CONCERN ABOUT, AS THE DEFENSE INDICATED, ABOUT

11:12AM 22    BRADY ISSUES OR ISSUES THAT YOU DON'T WANT THE GOVERNMENT TO

11:12AM 23    USE, YOU CAN ALWAYS COME TO THE COURT AGAIN TO PROVIDE

11:12AM 24    INFORMATION ABOUT WHATEVER IT IS THAT YOU FEEL YOU NEED TO DO

11:12AM 25    IN EX PARTE, NOT EX PARTE, BUT AN IN CAMERA OR SOME OTHER TYPE

11:12AM  1    OF PROCESS.

11:12AM  2         AGAIN, I WANT SUFFICIENT PROTECTION THAT THE DEFENSE WILL

11:12AM  3    PUT THIS INFORMATION AND KEEP IT UNDER LOCK AND KEY AND REVEAL

11:12AM  4    IT ONLY TO A DEFENSE TEAM.  I'LL INVITE YOU TO MEET AND CONFER

11:12AM  5    ON ANY LIMITATIONS THAT THE GOVERNMENT FEELS WOULD BE

11:12AM  6    APPROPRIATE ON THAT, AND THAT ALSO THAT THE DEFENSE FEELS WOULD

11:12AM  7    BE APPROPRIATE ON THAT, WHETHER OR NOT THAT INFORMATION WOULD

11:12AM  8    BE AT THE LAW OFFICES, WHETHER OR NOT THERE SHOULD BE A LOG

11:13AM  9    KEPT OF ANY -- FIRST OF ALL, I DON'T THINK YOU NEED TO MAKE

11:13AM  10   COPIES OF IT, BUT --

11:13AM  11        MR. WADE:  I THINK ONE COPY WOULD BE SUFFICIENT.  I

11:13AM  12   WILL NOTE FOR THE COURT I HAVE RECEIVED NOTES IN TWO OR THREE

11:13AM  13   RECENT INDICTED CASES WITHOUT A PROTECTIVE ORDER, BUT WE'VE

11:13AM  14   DONE ALL OF THE WORK TO PUT A PROTECTIVE ORDER IN PLACE THAT

11:13AM  15   PROTECTS EVERYBODY'S INTEREST.  WE MIGHT AS WELL JUST APPEND

11:13AM  16   THESE ONTO THAT AND GIVE THEM THE PROTECTION --

11:13AM  17        THE COURT:  WELL, I HAVE CONCERNS.

11:13AM  18        MR. WADE:  YES.

11:13AM  19        MR. BOSTIC:  YOUR HONOR, JUST BRIEFLY.  I UNDERSTAND

11:13AM  20   THE COURT IS VIEWING THIS ISSUE PRAGMATICALLY.  IT WANTS THE

11:13AM  21   DEFENSE TO HAVE THE INFORMATION IT NEEDS TO TRY ITS CASE.

11:13AM  22        THE GOVERNMENT, OF COURSE, WANTS THE DEFENSE TO HAVE THE

11:13AM  23   INFORMATION IT'S ENTITLED TO UNDER BRADY AND THAT CASE LAW.

11:13AM  24        IF I COULD JUST MAKE A COUPLE OF POINTS.

11:13AM  25        THE COURT:  PLEASE.

11:13AM  1          MR. BOSTIC:  AND MAYBE TRY TO DISSUADE THE COURT

11:13AM  2  FROM ORDERING PRODUCTION OF THOSE NOTES OR AT LEAST MAKE A

11:13AM  3  RECORD.

11:13AM  4          I THINK THE PROBLEM HERE IS WE'RE TALKING ABOUT NOTES THAT

11:13AM  5  ARE GENERALLY NOT DISCOVERABLE.  GOVERNMENT NOTES, AGENT NOTES

11:13AM  6  ARE NOT GENERALLY SOMETHING THAT NEEDS TO BE TURNED OVER.  THEY

11:14AM  7  NEED TO BE TURNED OVER ONLY WHEN THEY CONTAIN BRADY INFORMATION

11:14AM  8  OR, SAY, A JENCKS STATEMENT THAT WAS NOT REFLECTED IN A

11:14AM  9  SUBSEQUENT REPORT PRODUCED TO THE DEFENSE.

11:14AM 10          SO HOW DO WE HANDLE MAKING SURE THAT THE BRADY INFORMATION

11:14AM 11  GOES TO THE DEFENSE?

11:14AM 12          WELL, AS I SAID, USUALLY THE GOVERNMENT MAKES THAT

11:14AM 13  DETERMINATION.  IN FACT, IT'S NOT JUST TRADITION THAT SUGGESTS

11:14AM 14  THAT APPROACH, IT'S THE CASE LAW.

11:14AM 15          IN PARTICULAR, UNITED STATES VERSUS LUCAS, I BELIEVE THIS

11:14AM 16  WAS CITED IN THE GOVERNMENT'S BRIEFING, THIS IS A NINTH CIRCUIT

11:14AM 17  CASE FROM 2016.  THE CITE IS 841 F.3D 796.  AND IT SAYS, "IT IS

11:14AM 18  THE GOVERNMENT, NOT THE DEFENDANT OR THE TRIAL COURT, THAT

11:14AM 19  DECIDES PROSPECTIVELY WHAT INFORMATION, IF ANY, IS MATERIAL AND

11:14AM 20  MUST BE DISCLOSED UNDER BRADY."

11:14AM 21          SKIPPING A COUPLE OF SENTENCES IT SAYS, "BRADY DOES NOT

11:14AM 22  PERMIT A DEFENDANT TO SIT THROUGH INFORMATION HELD BY THE

11:14AM 23  GOVERNMENT TO DETERMINE MATERIALITY," AND THAT CITES A SUPREME

11:14AM 24  COURT CASE PENNSYLVANIA V. RITCHIE.

11:15AM 25          THAT'S EXACTLY WHAT WE'RE TALKING ABOUT HERE, AND THAT'S

11:15AM 1   THE OFFER THAT THE GOVERNMENT MADE TO THE DEFENSE TO ACTUALLY

11:15AM 2   ALLOW THE DEFENSE TO COME, QUOTE, "SIFT THROUGH INFORMATION

11:15AM 3   HELD BY THE GOVERNMENT AND MAKE THAT MATERIALITY

11:15AM 4   DETERMINATION."

11:15AM 5       SO THE GOVERNMENT TOOK THAT ADDITIONAL STEP.  THE FURTHER

11:15AM 6   STEP OF JUST TURNING OVER ALL OF THOSE MATERIALS, MATERIALS

11:15AM 7   THAT GO BEYOND WHAT CONTAINS BRADY AND DISCOVERABLE

11:15AM 8   INFORMATION, THAT'S WHAT REPRESENTS AN EVEN GREATER DEPARTURE

11:15AM 9   FROM THE CASE LAW AND THE NINTH CIRCUIT LAW HERE.  THAT'S WHAT

11:15AM 10  THE GOVERNMENT IS RESISTANT TO.

11:15AM 11      AND AGAIN, NOT TO RELY ON TRADITION, BUT THIS IS NOT

11:15AM 12  TYPICALLY DONE IN CASES.  THE THINGS ABOUT THIS CASE THAT MAKE

11:15AM 13  IT UNIQUE, THE MEDIA ATTENTION, THE LOSS AMOUNT, THE NUMBER OF

11:15AM 14  VICTIMS, NONE OF THESE THINGS ENHANCE THE DEFENDANT'S BRADY

11:15AM 15  RIGHTS.  THEY'RE ENTITLED TO WHAT THEY'RE ENTITLED TO, AND

11:15AM 16  THAT'S DEFINED BY THE CASE LAW.

11:15AM 17      SO THE GOVERNMENT IS HAPPY TO MEET AND CONFER WITH THE

11:15AM 18  DEFENSE, BUT I WOULD URGE THE COURT NOT TO --

11:15AM 19          THE COURT:  THANK YOU, MR. BOSTIC.  THANK YOU FOR

11:15AM 20  MAKING THAT RECORD REGARDING THE NINTH CIRCUIT CASES AND ALSO

11:16AM 21  THE UNIQUENESS OF THIS CASE AS YOU POINT OUT.

11:16AM 22      I SUPPOSE WHEN I LOOK AT THIS PARTICULAR ISSUE, AND AGAIN,

11:16AM 23  I DON'T MEAN TO -- THIS IS NOT PUNISHMENT FOR THE GOVERNMENT

11:16AM 24  BECAUSE OF THEIR GENEROSITY -- AND I'LL USE THAT WORD.  YOU'VE

11:16AM 25  ALLOWED THEM TO LOOK AT IT ALREADY, AND THEY'VE SEEN IT, AND

11:16AM 1    THEY'VE HAD ACCESS TO IT.  OKAY.

11:16AM 2        BECAUSE THEY'VE LOOKED AT IT NOW, THEY -- IT'S THE COURT'S

11:16AM 3    FINDING THAT THEY HAVE ALREADY LOOKED AT IT, AND THEY HAVE SEEN

11:16AM 4    IT, THEY SHOULD HAVE COPIES OF IT AVAILABLE TO THEM FOR THEIR

11:16AM 5    USE.  OSTENSIBLY THE PROCESS THAT THE GOVERNMENT ENGAGED IN WAS

11:16AM 6    WE WON'T LOOK FOR BRADY.  WE'LL LET YOU HAVE ACCESS TO THIS,

11:16AM 7    AND YOU CAN TELL US WHAT YOU THINK IS MATERIAL BRADY

11:16AM 8    INFORMATION.  MATERIAL AS OPPOSED TO, WELL, THIS WITNESS SAID

11:16AM 9    IT HAPPENED AT 1:00 O'CLOCK OR THE OTHER WITNESS SAID IT

11:16AM 10    HAPPENED AT 1:15.

11:16AM 11    YOU KNOW, WE HAVE JURY INSTRUCTIONS ABOUT TWO PEOPLE

11:16AM 12    SEEING THE SAME EVENT AND REMEMBERING IT DIFFERENTLY.  THAT'S

11:17AM 13    NOT NECESSARILY BRADY INFORMATION.  THAT'S NORMAL HUMAN BEING

11:17AM 14    COGNITIVE RESPONSES TO OBSERVATIONS AND JURY INSTRUCTIONS SO

11:17AM 15    INFORM.

11:17AM 16    BUT THE GOVERNMENT HERE HAS PROVIDED THE DEFENSE AN

11:17AM 17    OPPORTUNITY TO LOOK AT THIS INFORMATION.  WHEN I LOOKED AT

11:17AM 18    THIS, AND, AGAIN, I KNOW ONE OF THE CONCERNS I HAD WAS, WELL,

11:17AM 19    IS THE DEFENSE USING THIS AS A TOOL TO JUST GAIN ADDITIONAL

11:17AM 20    INFORMATION THAT IS BEYOND BRADY?

11:17AM 21    MY SENSE IS THAT SOME OF THIS INFORMATION PROBABLY EXTENDS

11:17AM 22    BEYOND BRADY.  NOT ALL OF IT IS BRADY INFORMATION AND, YOU

11:17AM 23    KNOW, YOU'RE GOING TO HAVE COPIES OF THIS WHICH MAY OR MAY NOT

11:17AM 24    ENHANCE YOUR ABILITY TO EXAMINE WITNESSES BEYOND BRADY REASON.

11:17AM 25    THE GOVERNMENT HAS ENGAGED THIS, THEY HAVE ALLOWED YOU TO

11:17AM  1    LOOK AT IT, AND YOU'RE HERE ASKING FOR THIS INFORMATION BASED

11:17AM  2    ON BRADY, BUT WE ALL RECOGNIZE THAT NOT ALL OF THIS INFORMATION

11:18AM  3    IS BRADY.  IT GOES BEYOND THAT.

11:18AM  4            MR. WADE:  I THINK THAT'S FAIR, YOUR HONOR.

11:18AM  5    OBVIOUSLY IF THERE'S A PERFECTLY CONSISTENT STATEMENT IN NOTES

11:18AM  6    AND IT SHOWS UP IN THE 302 THAT'S NOT BRADY, AND WE WOULD NOT

11:18AM  7    NEED THE NOTES.

11:18AM  8        WE'RE HERE BECAUSE WE'RE FOCUSSED ON MATERIAL

11:18AM  9    INCONSISTENCIES IN THE INFORMATION AND NOT HAVING -- AND THE

11:18AM  10   PRACTICAL ISSUES OF NOT HAVING TO BE IN SOME REVOLVING DOOR

11:18AM  11   BEFORE THE COURT TO TRY TO DEAL WITH THIS ISSUE IN A WAY THAT

11:18AM  12   DOESN'T REVEAL DEFENSE STRATEGY.  THAT'S REALLY, I THINK, AS A

11:18AM  13   PRACTICAL MATTER WHY WE'RE HERE.

11:18AM  14       I THINK THAT AN ORDER OR MAYBE A DIRECTION FROM THE COURT

11:18AM  15   TO DO THIS WITH THE APPROPRIATE PROTECTIONS THAT IT'S JUST --

11:18AM  16   LIKE YOU SAY, YOUR HONOR SAID, WE ALREADY REVIEWED THE

11:18AM  17   MATERIAL.  I DIDN'T FLIP THROUGH NEARLY EVERY PAGE ALTHOUGH I

11:18AM  18   DIDN'T CAREFULLY REVIEW EVERY PAGE.

11:18AM  19        AND WHAT WE DON'T WANT IS WE DON'T WANT TO GET INTO SOME

11:18AM  20   GAME OF JUDICIAL GOTCHA WITH THE GOVERNMENT.  I NOW KNOW THAT

11:19AM  21   THERE ARE SOME SIGNIFICANT STATEMENTS IN THE NOTES THAT WERE

11:19AM  22   NOT IN THE MEMOS.  A DIFFERENT WAY TO PLAY THIS IS SAY, WELL, I

11:19AM  23   CAN'T MEET THE BRADY OBLIGATIONS SO IT REMAINS WITH THE

11:19AM  24   GOVERNMENT BECAUSE I DON'T HAVE THE INFORMATION AND SEE IF THEY

11:19AM  25   MEET THEIR OBLIGATION.

11:19AM 1   I MEAN, IT DOESN'T MAKE SENSE.  IT'S NOT THE WAY WE SHOULD

11:19AM 2   PROCEED AS LAWYERS BEFORE THE BAR.

11:19AM 3   I THINK THAT WE CAN DO THIS IN A WAY THAT IS PROTECTIVE OF

11:19AM 4   THE GOVERNMENT'S INTEREST AND HELP KEEP THIS CASE ON TRACK.

11:19AM 5   THE COURT:  OKAY.

11:19AM 6   MR. BOSTIC:  YOUR HONOR, IN LIGHT OF THE COURT'S AND

11:19AM 7   THE DEFENSE'S ACKNOWLEDGEMENT THAT SOME OF THIS INFORMATION

11:19AM 8   WILL NOT BE BRADY, IS THE GOVERNMENT CONTEMPLATING OR WOULD

11:19AM 9   THE -- EXCUSE ME, IS THE GOVERNMENT CONTEMPLATING OR WOULD THE

11:19AM 10  -- EXCUSE ME.  IS THE COURT CONTEMPLATING OR WOULD THE COURT BE

11:19AM 11  OPEN TO AN ORDER THAT ALLOWS THE DEFENSE TO CONTINUE REVIEWING

11:19AM 12  THESE MATERIALS AT ITS OFFICES, IF NECESSARY, BUT TO RETAIN

11:19AM 13  COPIES PERMANENTLY ONLY OF BRADY MATERIALS?

11:19AM 14  THE COURT:  WELL, THAT I THINK MAKES GOOD SENSE, I

11:19AM 15  DO.  THIS IS A BRADY SEARCH, IF YOU WILL, AND ONE OF THE THINGS

11:20AM 16  THAT COULD HAPPEN IS THE GOVERNMENT WOULD RELEASE THE BINDERS,

11:20AM 17  THE 800 PAGES, WHATEVER THEY ARE, AND YOU WOULD HAVE THEM IN

11:20AM 18  YOUR OFFICE.  YOU WOULD BE ABLE TO REVIEW THEM FOR YOUR BRADY

11:20AM 19  PURPOSES, AND I'M SURE YOU'LL TAKE NOTES OF OTHER INFORMATION

11:20AM 20  CONTAINED IN THERE.

11:20AM 21  BUT IF IT'S BRADY THAT YOU WANT, THEN YOU SHOULD BE ABLE

11:20AM 22  TO KEEP THE BRADY INFORMATION.

11:20AM 23  MR. WADE:  AS A PRACTICAL MATTER, AND, AGAIN, THAT'S

11:20AM 24  REALLY WHAT THIS COMES DOWN TO, WE'RE NOT GOING TO PREPARE ALL

11:20AM 25  OF OUR CROSS-EXAMINATIONS IN THE NEXT 30 DAYS, 60 DAYS,

11:20AM 1      90 DAYS.

11:20AM 2                  THE COURT:  WHY NOT?

11:20AM 3            (LAUGHTER.)

11:20AM 4                  MR. WADE:  WE'RE TOO BUSY FIGHTING FOR AGENCY

11:20AM 5      DOCUMENTS IT TURNS OUT AND HAVING TO REVIEW THOSE.

11:20AM 6            SO IT WILL BE QUITE SOME TIME BEFORE WE'RE IN A WINDOW,

11:20AM 7      ALTHOUGH THERE WILL BE SOME WITNESSES WHO WE START TO WORK

11:20AM 8      THROUGH AND THERE WILL BE OTHER WITNESSES WHO, YOU KNOW, MAYBE

11:20AM 9      WE DEAL WITH CLOSER TO TRIAL OR IN TRIAL BECAUSE WE DON'T KNOW

11:20AM 10     WHO THE GOVERNMENT WITNESSES ARE.

11:20AM 11           SO I THINK WE CAN ACCOMMODATE THAT AND ACCOMMODATE ANY

11:21AM 12     PRIVACY CONCERNS BY RETURNING THE MATERIALS IMMEDIATELY AFTER

11:21AM 13     TRIAL OR AFTER THE CASE IS RESOLVED.  I DON'T REALLY SEE THE

11:21AM 14     DIFFERENCE.

11:21AM 15           IF THERE'S NOT BRADY IN THERE, I'M NOT GOING TO USE THE

11:21AM 16     NOTES ANYWAY.  I HAVE THE 302.  I CAN USE THE 302.  IF IT'S NOT

11:21AM 17     IN THE 302 AND IT'S INCONSISTENT, THEN I'LL USE THE NOTES.

11:21AM 18           AGAIN -- AND I WANT TO BE RESPECTFUL OF THE FACT THAT WE

11:21AM 19     WERE GIVEN ACCESS.  I'VE GOTTEN NOTES OF THIS KIND IN MANY

11:21AM 20     CASES, AND THESE ARE NOT STATE SECRETS.  THIS IS THE MOST

11:21AM 21     SENSIBLE WAY TO DO IT TO AVOID THAT BRADY OBLIGATION.  IT'S A

11:21AM 22     HUGE BURDEN FOR THE GOVERNMENT AND ONE THAT THEY CAN'T

11:21AM 23     POSSIBLY, I WOULD SUGGEST, COMPLY WITH FULLY OR IT'S VERY

11:21AM 24     DIFFICULT TO.  SO LET'S RELIEVE THEM OF THAT OBLIGATION.

11:21AM 25                 MR. BOSTIC:  AND WHILE I APPRECIATE THAT, YOUR

11:21AM 1    HONOR, THAT'S NOT WHAT MOTIVATED THIS OFFER THAT THE GOVERNMENT

11:21AM 2    MADE.

11:21AM 3        THE GOVERNMENT IS NOT SEEKING RELIEF FROM ITS BRADY

11:21AM 4    OBLIGATIONS AND WOULD HAPPILY BE RESPONSIBLE FOR THAT REVIEW

11:22AM 5    AND PRODUCTION AS IT DOES IN MOST CASES.

11:22AM 6            THE COURT:  OKAY.  WELL, THANK YOU VERY MUCH.  THANK

11:22AM 7    YOU FOR THIS.

11:22AM 8        I AM GOING TO -- I GUESS I'LL ISSUE A SEPARATE ORDER ON

11:22AM 9    THIS, MR. BOSTIC, FOR YOUR TEAM TO PROVIDE TO THE DEFENSE

11:22AM 10   COPIES OF THIS MATERIAL, THIS 800 SOME PAGES.

11:22AM 11       I'LL LEAVE IT TO YOU AND GOOD COUNSEL TO MEET AND CONFER

11:22AM 12   ON ANY PROTECTIVE ORDERS, I'LL JUST CALL IT, THAT YOU THINK ARE

11:22AM 13   APPROPRIATE TO SECURE THE RELEASE THAT WOULD INCLUDE SOME OF

11:22AM 14   THE THINGS THAT WE'VE TALKED ABOUT THIS MORNING WITH COUNSEL,

11:22AM 15   SOME OF THE CONCERNS THAT I HAVE EXPRESSED ABOUT THIS

11:22AM 16   INFORMATION.

11:22AM 17       IT SEEMS TO ME THAT IT'S DIFFICULT TO -- IT WOULD BE

11:22AM 18   DIFFICULT FOR ME TO ORDER THE DEFENSE TO GET SOMETHING DONE

11:22AM 19   WITHIN A CERTAIN PERIOD OF TIME.  GOD FORBID I WOULD ORDER

11:22AM 20   SOMEBODY TO PRODUCE SOMETHING IN 75 DAYS.  THAT'S AN INCREDIBLE

11:23AM 21   FEAT.

11:23AM 22       BUT FOR THE TIME BEING I'LL ALLOW THE DEFENSE TO MAINTAIN,

11:23AM 23   MAINTAIN THESE BINDERS SUCH THAT THEY'RE SECURE ACCORDING TO

11:23AM 24   THE CONCERNS THAT I HAVE.

11:23AM 25       SHOULD THAT CHANGE, I CAN ALWAYS CHANGE THAT ORDER AS

11:23AM 1    NEEDED.  BUT YOU'LL REVIEW THIS FOR THE BRADY MATERIAL AS

11:23AM 2    YOU'VE INDICATED, MR. WADE.

11:23AM 3              MR. WADE:  WE WILL, YOUR HONOR.

11:23AM 4              MR. COOPERSMITH:  YES, YOUR HONOR.  THANK YOU.

11:23AM 5              THE COURT:  OKAY.

11:23AM 6              MR. BOSTIC:  THANK YOU, YOUR HONOR.

11:23AM 7              THE COURT:  ANYTHING FURTHER THAT WE HAVEN'T TOUCHED

11:23AM 8    ON?

11:23AM 9              MR. DOWNEY:  YOUR HONOR, THERE WAS ONLY THE QUESTION

11:23AM 10   OF WE HAD PROPOSED A PRETRIAL SCHEDULE THAT INCLUDED SOME

11:23AM 11   GUESSES AS TO DATES.  WE OBVIOUSLY DID NOT CONSULT WITH THE

11:23AM 12   COURT ABOUT HEARING DATES THAT WE SUGGESTED BUT OTHERWISE

11:23AM 13   AGREED ON ALL ASPECTS OF AN ORDER, AND I THINK SUBJECT TO THE

11:23AM 14   COURT'S CHECKING FOR ITS AVAILABILITY ON DATES AND THE COURT'S

11:23AM 15   REVIEW IT'S PREPARED TO BE ENTERED.

11:24AM 16             THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.  I'LL

11:24AM 17   LOOK AT THIS, AND I'LL SEE IF THERE'S ANY CONFLICTS WITH

11:24AM 18   ANYTHING WE HAVE PRESENTLY SET, AND I'LL ISSUE AN ORDER ON THIS

11:24AM 19   ACCORDINGLY.

11:24AM 20             MR. DOWNEY:  YOUR HONOR, ONE OTHER MATTER.

11:24AM 21             THE COURT:  YES.

11:24AM 22             MR. DOWNEY:  THE COURT NEED NOT HAVE ANY CONCERN

11:24AM 23   THAT ANY MATERIAL ON ANY SUBJECT SHARED WITH MS. HOLMES OR HER

11:24AM 24   COUNSEL WILL BE DISCLOSED TO THE PRESS.  WE WILL NOT BE HAVING

11:24AM 25   CONVERSATIONS WITH THE PRESS ON ANY SUBJECT DISCLOSING ANY

11:24AM 1      MATERIAL OR OTHERWISE BEING IN COMMUNICATION WITH THEM.

11:24AM 2          SO WE WILL WORK OUT THE ANTICIPATED PROTECTIVE ORDER AS WE

11:24AM 3      HAVE IN THE PAST, AND I WANT TO JUST GIVE THE COURT THAT

11:24AM 4      ASSURANCE.

11:24AM 5          THE COURT:  THANK YOU VERY MUCH.

11:24AM 6          MR. BALWANI'S COUNSEL, DO YOU WISH TO --

11:24AM 7          MR. COOPERSMITH:  NO, YOUR HONOR.  WE WON'T, AS I'VE

11:24AM 8      SAID BEFORE, BE SHARING ANY OF THE INFORMATION UNDER THE

11:24AM 9      PROTECTIVE ORDER WITH THE PRESS OF COURSE.

11:24AM 10         THE COURT:  YOU JOIN YOUR COLLEAGUE'S COMMENTS ABOUT

11:24AM 11     HIS INTENT AND THEIR INTENT NOT TO SHARE ANY OF THIS

11:25AM 12     INFORMATION WITH THE PRESS OR IN ANY TYPE OF PRESS CONFERENCE?

11:25AM 13         MR. COOPERSMITH:  YES, YOUR HONOR.

11:25AM 14         THE COURT:  OR ANYTHING LIKE THAT?

11:25AM 15         MR. COOPERSMITH:  YES, YOUR HONOR.

11:25AM 16         THE COURT:  OKAY.  THANK YOU VERY MUCH.

11:25AM 17         ANYTHING FURTHER FROM THE GOVERNMENT?

11:25AM 18         MR. SCHENK:  NO.  THANK YOU.

11:25AM 19         MR. DOWNEY:  NO.  THANK YOU.

11:25AM 20         THE COURT:  WE CAN ADJOURN TODAY.  THERE WAS A

11:25AM 21     REQUEST, I THINK, TODAY TO HAVE AN IN CAMERA HEARING.

11:25AM 22         MR. DOWNEY:  THERE WAS, YOUR HONOR, YES, BY COUNSEL

11:25AM 23     FOR MS. HOLMES.

11:25AM 24         THE COURT:  RIGHT.  OKAY.  I'LL GRANT THAT REQUEST.

11:25AM 25     WE'LL TAKE A RECESS NOW.  THE COURT DID RECEIVE A REQUEST FROM

11:25AM 1    COUNSEL FOR AN IN CAMERA HEARING REGARDING THE MATTER, AND

11:25AM 2    I'LL -- WE'LL TAKE THAT UP AFTER WE CLEAR THE COURTROOM AND

11:25AM 3    TAKE A BRIEF RECESS.

11:25AM 4              MR. DOWNEY:  THANK YOU, YOUR HONOR.

11:25AM 5              THE COURT:  THANK YOU.  TIME REMAINS EXCLUDED AS TO

11:25AM 6    BOTH DEFENDANTS TO THE TRIAL DATE THAT WE HAVE SET FOR NEXT

11:25AM 7    YEAR.  SO TIME REMAINS EXCLUDED TO ALLOW FOR EFFECTIVE

11:25AM 8    PREPARATION OF COUNSEL.

11:25AM 9         ALL RIGHT.  THANK YOU.

11:26AM 10             MR. BOSTIC:  THANK YOU, YOUR HONOR.

11:26AM 11             MR. LEACH:  THANK YOU, YOUR HONOR.

11:26AM 12             MR. COOPERSMITH:  THANK YOU, YOUR HONOR.

11:26AM 13             MR. WADE:  THANK YOU, YOUR HONOR.

11:26AM 14             THE CLERK:  COURT IS ADJOURNED.

11:26AM 15        (COURT CONCLUDED AT 11:26 A.M.)

16

17

18

19

20

21

22

23

24

25

1
2
3                        CERTIFICATE OF REPORTER
4
5
6
7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED
8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,
9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
10    CERTIFY:
11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS
12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE
13    ABOVE-ENTITLED MATTER.
14
15
16         IRENE RODRIGUEZ, CSR, RMR, CRR
           CERTIFICATE NUMBER 8074
17
18
19         DATED:  JULY 19, 2019
20
21
22
23
24
25