JEFFREY B COOPERSMITH (STATE BAR NO. 30954)
WALTER F. BROWN (STATE BAR NO. 130248)
MELINDA HAAG (STATE BAR NO. 132612)
RANDY LUSKEY (SBN 240915)
STEPHEN A. CAZARES (SBN 201864)

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1-415-773-5700
Facsimile:    +1-415-773-5759

Email: jcoopersmith@orrick.com; wbrown@orrick.com;
       mhaag@orrick.com; rluskey@orrick.com;
       scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOLMES, et al.,<br><br>Defendants. | Case No. 18-CR-00258-EJD<br><br>**DECLARATION OF JEFFREY B. COOPERSMITH IN SUPPORT OF OPPOSITION TO UNITED STATES' MOTION TO EXTEND DEADLINE BY WHICH TO COMPLY WITH COURT'S NOVEMBER 5, 2019, ORDER**<br><br>Date: January 13, 2020<br>Time: 10:00 a.m.<br>Judge: Honorable Edward J. Davila<br>Courtroom: 4, 5th Floor |
|---|---|

**DECLARATION OF JEFFREY B. COOPERSMITH**

I, Jeffrey B. Coopersmith, declare as follows:

1. I am lead counsel for defendant Ramesh "Sunny" Balwani in this case, an attorney admitted to practice in the State of California, and a partner at the law firm of Orrick, Herrington & Sutcliffe LLP. I submit this declaration in support of Mr. Balwani's opposition to the Government's Motion to Extend Deadline by which to Comply with Court's November 5, 2019, Order. I have personal knowledge of the facts stated herein, and I could and would testify competently to those facts if called as a witness.

2. On November 22, 2019, the parties met and conferred regarding the remaining issues set forth in the Court's Order. During this call, the government requested that the defense provide a list of the custodians to be searched to comply with the Court's November 5. The government also requested that the defense indicate how to prioritize its collection efforts for these custodians. The defense accommodated this request and provided the government with the requested list of custodians on November 27, 2019. The defense, per the government's request, also indicated which custodians should be prioritized, although it is not clear whether the government has in fact prioritized these custodians. Attached as Exhibit A is a true and correct copy of the email I sent to Assistant United States Attorney Robert Leach on November 27, 2019, listing 78 FDA custodians.

3. The list of 78 custodians provided by Mr. Balwani on November 27, provided at the government's request, included the same list of 67 custodians that Assistant United States Attorney Alison Daw, counsel for the FDA, provided the parties on October 4, 2019. Mr. Balwani's list included these same 67 FDA custodians that Ms. Daw had identified as necessary, and added only eleven additional custodians based on his review of the production thus far. Attached as Exhibit B is a true and correct copy of Ms. Daw's October 4, 2019 email to the parties.

4. During the parties' meet and confer, the government also requested that the defense provide guidance on the appropriate search terms that should be used. The government asked whether the defense's position was that terms such as "Laboratory Developed Test" needed

1  to be used as a search term. The defense pointed the government to the fact that the Court ordered
2  this term, among others.

3      5.    Mr. Balwani also requested that the government search for commonly-used
4  variations on the search terms ordered by the Court, such as "Lab-developed test"—which is
5  often used as an alternative to "Laboratory Developed Test."  I do not recall any objection by the
6  government to this minor request.  Mr. Balwani also requested that the search term "Holmes" be
7  added, in order to catch communications about Mr. Balwani's co-defendant, Elizabeth Holmes.  I
8  do not recall any objection to this request either.

9      6.    The government had also previously informed Mr. Balwani that certain search
10 terms (listed at Dkt. No. 215, Mtn., at 3:11-15) were used to collect documents from "certain,"
11 but not all the FDA custodians.  See Exhibit B.  It has never been clear to the defense why these
12 search terms were not used for all of the FDA custodians at issue.  Mr. Balwani requested that the
13 FDA search all of the appropriate FDA custodians using these terms, as the government itself had
14 determined that those terms applied to these custodians' data might yield responsive documents.

15     7.    During the parties' meet and confer, the government informed the defense that it
16 was going to electronically collect from all custodians moving forward.  The defense was never
17 aware of any disagreement on this issue during the meet and confer process after the Court's
18 November 5 Order, and is surprised to be hearing about this for the first time in the government's
19 motion.  The government's motion is also the first time the defense learned that the government,
20 for an unidentified reason, needs to manually collect from twenty-three individuals "under the
21 supervision of FDA attorneys."  The prosecution did not meet and confer with the defense on this
22 issue.

23     8.    Since the Court's Order, the defense worked closely with the government to
24 accommodate their request for an additional protective order.  During these negotiations, the
25 government informed the defense that an additional protective order would expedite the
26 production of FDA documents, but did not indicate that its production would be substantially
27 delayed.  The defense understood that the protective order's purpose was to expedite production
28 by shifting the burden to review for trade secret material to the defense.

1   9. On December 27, 2019, the government requested that the defense overnight 2 TB Addonic Drives because the government anticipated making a large production on December 31, 2019 (the Court's deadline). Attached as Exhibit C is a true and correct copy of this email. The defense was under the impression that this production would contain all of the FDA documents at issue as ordered by the Court, and was surprised to learn of the substantial delay for the first time in the government's motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 6, 2020 at Seattle, Washington.

JEFFREY B COOPERSMITH
Orrick, Herrington & Sutcliffe LLP

By: */s/ Jeffrey B. Coopersmith*
JEFFREY B COOPERSMITH
Attorney for Defendant
RAMESH "SUNNY" BALWANI