JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, <br><br> Defendants. | Case No. CR-18-00258-EJD-SVK <br><br> **MS. HOLMES' MOTION TO DISMISS SUPERSEDING INFORMATION** <br><br> Date:  July 20, 2020 <br> Time:  10:00 AM <br> CTRM: 4, 5th Floor <br><br> Hon. Edward J. Davila |

## MOTION TO DISMISS SUPERSEDING INFORMATION

PLEASE TAKE NOTICE that on July 20, 2020, at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move to dismiss the Superseding Information filed on May 8, 2020.  Ms. Holmes makes this motion pursuant to the Fifth Amendment to the U.S. Constitution and Rule 7 of the Federal Rules of Criminal Procedure.  The Motion is based on the below Memorandum of Points and Authorities, the declaration that accompanies this motion, the record in this case, and any other matters that the Court deems appropriate.

DATED: May 18, 2020

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Fifth Amendment to the U.S. Constitution protects the right of criminal defendants to be tried only upon "a presentment or indictment of a Grand Jury." U.S. Const. amend. V. Rule 7 of the Federal Rules of Criminal Procedure implements this constitutional safeguard. Under Rule 7(a)(1), an offense "punishable . . . by imprisonment for more than one year" "must be prosecuted by an indictment." Fed. R. Crim. P. 7(a)(1). The Rule contains only one exception to this requirement: "An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b). Ms. Holmes, through her counsel, informed the government on April 10, 2020 that she does not waive prosecution by indictment. *See* Joint Status Report, ECF No. 372, at 2, 5 n.2 (Apr. 14, 2020).

These rules apply, of course, to amendments to an indictment: "[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). Notwithstanding this bedrock rule, on May 8, 2020, the government filed a "Superseding Information" in this case (ECF Nos. 390 and 391).

The Superseding Information purports to charge Ms. Holmes with wire fraud and conspiracy to commit wire fraud, both of which are punishable by imprisonment for more than one year. *See* 18 U.S.C. §§ 1343, 1349. It vastly broadens the charges against Ms. Holmes by, among other things, (i) doubling the length of the alleged conspiracy to defraud investors, *see* Superseding Information, ECF Nos. 390, 391, ¶¶10-11, (ii) expanding the scope of the alleged conspiracy to defraud investors by introducing additional categories of alleged victims, *see id.* ¶ 3; and (iii) amending the alleged uses of the wires in furtherance of the alleged scheme to defraud patients, including by adding a new count of wire fraud, *id.* ¶ 26. Because Ms. Holmes has not waived her right to prosecution by indictment, the Superseding Information violates Rule 7 and the Fifth Amendment to the U.S. Constitution. It should be deemed without legal effect and dismissed immediately.

On May 12, 2020, Lance Wade, counsel for Ms. Holmes, spoke to government counsel Robert

MS. HOLMES' MOTION TO DISMISS SUPERSEDING INFORMATION
CR-18-00258 EJD SVK

1

Leach to inquire into the government's rationale for filing a patently unconstitutional information. *See* Wade Decl. ¶ 2. Mr. Leach refused to provide any rationale and expressed his belief that it is necessary for Ms. Holmes to be arraigned on the Superseding Information. *Id.* But Rule 10 contemplates that a defendant will be arraigned on an information charging felonies only when the defendant waives prosecution by indictment. *See, e.g.*, Fed. R. Crim. P. 10 comm. notes on 2002 amendment ("The amendment does not permit waiver of an appearance when the defendant is charged with a felony information. In that instance, the defendant is required by Rule 7(b) to be present in court to waive the indictment."). Because Ms. Holmes does not waive prosecution by indictment, convening an arraignment on this information would be pointless and a waste of the Court's time because no arraignment could actually occur. The Court should dismiss this unconstitutional information without scheduling an arraignment.[1]

DATED: May 18, 2020                         Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[1] Ms. Holmes reserves the right to move to dismiss on substantive grounds the Superseding Information or any superseding indictment, should the grand jury decide to return one, at the appropriate time. Ms. Holmes also reserves the right to object to the propriety of the government's filing this Superseding Information in connection with any motions to dismiss a superseding indictment.

MS. HOLMES' MOTION TO DISMISS SUPERSEDING INFORMATION
CR-18-00258 EJD SVK

2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2020 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' MOTION TO DISMISS SUPERSEDING INFORMATION
CR-18-00258 EJD SVK

3