JEFFREY B. COOPERSMITH (SBN 252819)
WALTER F. BROWN (SBN 130248)
MELINDA HAAG (SBN 132612)
RANDALL S. LUSKEY (SBN 240915)
STEPHEN A. CAZARES (SBN 201864)

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

Email: jcoopersmith@orrick.com; wbrown@orrick.com;
        mhaag@orrick.com; rluskey@orrick.com;
        scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>HOLMES, et al.,<br><br>  Defendants. | Case No. 18-CR-00258-EJD<br><br>**DEFENDANT RAMESH "SUNNY" BALWANI'S JOINDER IN MOTION TO DISMISS SUPERSEDING INFORMATION**<br><br>Judge:   Honorable Edward J. Davila |

1    Defendant Ramesh "Sunny" Balwani joins the motion by defendant Elizabeth Holmes to dismiss the Superseding Information. (Dkt. No. 399). Mr. Balwani respectfully suggests that the Court could hear the motion at the status conference scheduled for June 16, 2020.

The government filed a Superseding Information on May 8, 2020. Dkt. Nos. 390 & 391. At no point before or after filing this purported charging document did the government ask whether Mr. Balwani would waive his grand jury rights. Mr. Balwani's counsel initiated a call with the government the next business day, May 11, 2020. *See* Declaration of Jeffrey B. Coopersmith ¶ 2. During that call, Mr. Balwani's counsel asked why the government had filed the Superseding Information, and followed up in writing summarizing the call and confirming that Mr. Balwani would not waive his constitutional right to be charged by a grand jury. *See id.* ¶ 2 & Ex. A. On May 13, 2020, counsel for the government responded with an email proposing an arraignment of Mr. Balwani on the Superseding Information on June 16, 2020. *See id.* ¶ 3 & Ex. B.

The government's new charging instrument is invalid and should be dismissed. The Fifth Amendment's guarantee is clear—absent a waiver the government cannot charge a felony except on "indictment of a grand jury." U.S. Const. amend. V. This right is sacred in our constitutional tradition. "The basic purpose of the English grand jury was to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes." *Costello v. United States*, 350 U.S. 359, 362 (1956). "Its adoption in our Constitution as the sole method for preferring charges in serious criminal cases shows the high place it held as an instrument of justice." *Id.*

The Federal Rules of Criminal Procedure also bar the government's conduct. Under Rule 7(a), a felony "must be prosecuted by an indictment." Such a charge may only proceed on an information "if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b). Although the government never asked, Mr. Balwani contacted the government and confirmed that he does not consent to waive his right to indictment. There can be no arraignment under these circumstances.

An arraignment culminates in "asking the defendant to plead to the indictment or information." Fed. R. Crim. P. 10(a)(3). That is not possible here. Indeed, federal judges are advised to "[p]roceed to arraignment on [an] information" only *after* the defendant has waived indictment. Federal Judicial Center, Benchbook for U.S. District Court Judges § 1.06(H)(2) (6th ed. 2013). And the guidance in the Department of Justice's Criminal Resource Manual[1] provides that "[t]he prosecuting attorney files the information with the presiding judge or magistrate *but the filing does not occur until the defendant waives prosecution by indictment* pursuant to Fed R.Crim.P. 7(b)." Dep't of Justice, Criminal Resource Manual § 206 (Updated Jan. 22, 2020) (emphasis added).

The government's purported filing attempts to upset this careful system of checks on prosecutorial power rooted in the Constitution and the law. No grand jury has signed off on expanded charges. Without offering any explanation to defense counsel, the government typed up and filed this document and is now insisting that Mr. Balwani should enter a plea to the felony charges contained in it. The government appears to be trying to bypass the grand jury's "historic office . . . to provide a shield against arbitrary or oppressive action, by insuring that serious criminal accusations will be brought only upon the considered judgment of a representative body of citizens acting under oath and under judicial instruction and guidance." *United States v. Mandujano*, 425 U.S. 564, 571 (1976).

Mr. Balwani thus asks the Court to dismiss the government's Superseding Information.[2]

---

[1] The status of the Criminal Resource Manual under the current administration is not clear. It is still available on the DOJ's website, but that website now bears a legend stating: "This is archived content from the U.S. Department of Justice website. The information here may be outdated and links may no longer function. Please contact webmaster@usdoj.gov if you have any questions about the archive site."

[2] Mr. Balwani reserves his right to move to dismiss on substantive grounds the "Superseding Information" or all or part of any superseding indictment that the grand jury may return when appropriate. Mr. Balwani also reserves his right to challenge the government's filing this Superseding Information in connection with any motions to dismiss a superseding indictment.

Dated: May 18, 2020

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
JEFFREY B. COOPERSMITH

Attorney for Defendant
RAMESH "SUNNY" BALWANI