ADAM A. REEVES (NYBN 2363877)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 18-258 EJD |
|---|---|
| Plaintiff, | ) UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |
| v. | ) |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | ) Date: July 20, 2020<br>) Time: 10:00 a.m.<br>) Courtroom: 4, 5th Floor |
| Defendants. | ) |

    The government respectfully submits its Opposition to Defendant Elizabeth Holmes' Motion to Dismiss Superseding Information [Dkt. 399] and Defendant Ramesh Balwani's Joinder in Motion to Dismiss Superseding Information [Dkt. 400]. For the reasons set forth below, the Court should deny the motion or defer ruling until a reasonable time after the suspension of grand jury proceedings is lifted.

    No one questions that, absent a waiver, the Fifth Amendment and Federal Rule of Criminal Procedure 7 require that offenses punishable by imprisonment for more than one year be prosecuted by indictment. It does not follow, however, that the filing of the Superseding Information is "without legal

effect" and must be "dismissed immediately" because defendants will not waive indictment. *See* Dkt. 399 at 2. To the contrary, "Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver." *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998) (citing *United States v. Cooper*, 956 F.2d 960, 962 (10th Cir. 1992)). As the Seventh Circuit has stated, "we do not believe that the absence of [a] waiver makes the filing of an information a nullity." *Id.*

The Superseding Information here accomplishes two important purposes. First, like a criminal complaint, it permits the Court to require the defendant to appear for further proceedings on the specific charges. Second, it provides formal notice of the charges and satisfies the statute of limitations. As several courts have held, "filing a 'waiverless' criminal information with the clerk's office 'institutes' it for purposes of . . . [the] statute of limitations." *United States v. Stewart*, 425 F. Supp. 2d 727, 729 (E.D. Va. 2006); *Burdix-Dana*, 149 F.3d at 742 (same); *United States v. Marifat*, No. 17-CR-189, 2018 WL 1806690, at *2–*3 (E.D. Cal. Apr. 17, 2018) (same); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000) (same); *United States v. Pennant*, No. 04-CR-828, 2009 WL 364974, at *3 n.7 (E.D. Pa. Feb. 11, 2009) (information "arguably valid" under *Burdix-Dana* and related cases); *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. W. Va. 1996) ("an information is 'instituted' when it is filed with the clerk of court"). *But see United States v. Machado*, No. 04-CR-10232, 2005 WL 288621 (D. Mass. Nov. 3, 2015).

As the Court is aware, grand jury proceedings in this District were suspended on March 16, 2020, and will continue to be suspended until at least June 1, 2020. *See* General Order 72, IN RE: Coronavirus Disease Public Health Emergency (adopted Mar. 16, 2020) (providing "[a]ll grand jury proceedings in this district are suspended until May 1, 2020); General Order 72-2, IN RE: Coronavirus Disease Public Health Emergency (adopted Apr. 30, 2020) (providing "[a]ll grand jury proceedings in this district are suspended until June 1, 2020"). But for the Superseding Information, certain charges in the Superseding Information would potentially have implicated the five-year statute of limitations set forth in 18 U.S.C. § 3282.

Defendants' claim that an information must be "dismissed immediately" because it is not the constitutionally required indictment proves too much. Criminal charges are initiated all the time through

preliminary proceedings like a complaint or an information.  They are not "patently unconstitutional" (Dkt. 399 at 2) merely because a defendant has indicated she will not waive her right to be prosecuted by indictment.

For the foregoing reasons, the government respectfully requests that the Court deny Defendant Holmes' motion and Defendant Balwani's joinder without prejudice to refiling and/or defer ruling until a reasonable time after the Court lifts the suspension of grand jury proceedings.[1]

DATED:  May 26, 2020                                      Respectfully submitted,

ADAM A. REEVES
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

___/s/_____
ROBERT S. LEACH
JEFF SCHENK
JOHN C. BOSTIC
VANESSA BAEHR-JONES
Assistant United States Attorneys

---

[1] Although his filing is styled as a "joinder" in Defendant Holmes' motion, which was noticed for July 20, 2020, Defendant Balwani noticed the joinder on ECF for June 16, 2020, and "suggest[ed] the Court could hear the motion at the status conference scheduled for June 16, 2020."  Dkt. 400 at 1.  The Court should hear Defendant Holmes' motion and the joinder on July 20, the date Defendant Holmes noticed, when both defendants will be before the Court.