ADAM A. REEVES (NYBN 2363877)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-258 EJD |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT ELIZABETH HOLMES' MOTION TO STRIKE RULE 404(b) NOTICE OR, IN THE ALTERNATIVE, COMPEL ADEQUATE RULE 404(b) DISCLOSURE |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Date: July 20, 2020<br>Time: 1:30 p.m.<br>Courtroom: 4, 5th Floor |

**INTRODUCTION**

The United States respectfully submits its Opposition to Defendant Elizabeth Holmes' Motion to Strike Rule 404(b) Notice or, in the Alternative, Compel Adequate Rule 404(b) Disclosure [Dkt. 421] and the joinder by co-defendant Ramesh Balwani [Dkt. 422]. Because the government has provided ample notice to the defense, the Court should deny the motion.

## FACTUAL BACKGROUND

On August 7, 2018, the government first produced discovery in this matter. The production letter stated "[t]he government also hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rules 404(b), 608 and/or 609 of the Federal Rules of Evidence." July 7, 2020 Declaration of AUSA Robert S. Leach in Support of United States' Opposition to Defendant Elizabeth Holmes' Motion to Strike Rule 404(b) Notice or, in the Alternative, Compel Adequate Rule 404(b) Disclosure ("Leach Decl") ¶ 2 & Ex. A. Since August 7, 2018, the government has made at least 24 additional productions of discovery, each time "giv[ing] notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rule[] 404(b)." *Id.* ¶ 2.

On March 6, 2020, almost eight months before trial, the government served a 10-page letter describing 22 categories of evidence potentially subject to Rule 404(b) that it intended to introduce. Dkt. 421-1. The letter explained that the cited evidence is "relevant to the charges in this case and is admissible to show, among other things, Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, consciousness of guilt, or absence of mistake or accident." *Id.*

Defendant Holmes objected. On April 3, 2020, almost seventh months before trial, the government served an 18-page supplemental letter. Dkt. 421-8. The letter identified over 440 specific documents the government intended to use and identified specific witnesses who would testify with respect to each category set forth in its March 6, 2020 letter. *Id.*

On June 26, 2020, more than four months before trial, the government served its exhibit and witness lists. Leach Decl. ¶ 3. The government has produced all FBI-302s and government memoranda of interview prepared to date for individuals on the witness list. It likewise has produced all prior statements (such as deposition testimony in parallel proceedings) by such witnesses in its possession, custody, and control. *Id.* ¶ 4.

## ARGUMENT

Federal Rule of Evidence 404(b) is a rule of inclusion. *See United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000); *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). Evidence of a

person's crime, wrong, or other act is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," or any purpose other than "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1) & (2); *Chea*, 231 F.3d at 534 ("'[O]ther acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity.'" (quoting *Mehrmanesh*, 689 F.2d at 830)).[1] Additionally, other acts evidence "may be relevant in conspiracy cases to show the background and development of the conspiracy." *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991) (citing *United States v. McKoy*, 771 F.2d 1207, 1214 (9th Cir. 1985)).

The government is only required to "provide *reasonable* notice of the *general nature* of any such evidence that the prosecutor intends to offer at trial." FED. R. EVID. 404(b)(2)(A) (emphasis added). "[N]o specific form of notice is required." *Id.* advisory committee notes, 1991 Amendment. For example, this Court upheld the sufficiency of a six-page notice in a ten-defendant conspiracy/ counterfeiting case that provided select citations to deposition pages and case numbers as an aide to locating references to certain incidents. *See United States v. Shayota*, No. CR 15-264-LHK, 2016 WL 5791376, at *3 (N.D. Cal. Oct. 4, 2016); Leach Decl. ¶ 5 & Ex. B (attaching government's 404(b) notice in *Shayota*). The drafters of Rule 404(b) "considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument." RULE 404(b) advisory committee notes, 1991 Amendment. "Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts." *Id.* Notice is "designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153, 1155 (9th Cir. 1999) (holding notice

---

[1] Rule 404(b) is not applicable if the "'[o]ther act' evidence" is "'inextricably intertwined' with a charged offense." *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) (quoting *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012)). Inextricably intertwined evidence is "independently admissible and is exempt from the requirements of Rule 404(b)." *Id.* Such evidence includes "evidence constituting 'a part of the transaction that serves as the basis for the criminal charge'" as well as "evidence that is 'necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" *Id.* Accordingly, Rule 404(b) is not applicable "when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less than all of his actions.'" *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (quoting *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979)). The government submits that the vast majority of the evidence disclosed in its notice is not subject to Rule 404(b) at all.

requirement breached where "government lay in wait and sprung 'other acts' evidence on [defendant] in its so-called rebuttal case").

Local Criminal Rule 16-1(c)(3) does not require more. It calls for "[a] *summary* of any evidence of other crimes, wrongs or acts which the government intends to offer under F. R. Evid. 404(b), and which is supported by documentary evidence or witness statements *in sufficient detail* that the Court may rule on the admissibility of the proffered evidence." (emphasis added).

The government's notice exceeds these standards. The government's March 6, 2020 letter describes in detail the general nature of the evidence it intends to offer at trial. Rule 404(b)(2) requires "reasonable notice," not exhaustion and not a treatise. The government's April 3, 2020 letter went even further, listing specific Bates numbers for hundreds of documents it intended to offer. The two letters, individually and collectively, provide sufficient detail for the parties to assess and the Court to determine admissibility issues. Indeed, Defendant concedes that she already is preparing to "move in limine to exclude or limit the vast majority of the 'evidence' in these notices." Dkt. 421 at 1.

Defendant Holmes' claim of lack of notice is also belied by the fact that the government now has served its exhibit and witness lists. The defendant thus knows which documents the government presently intends to offer. The defendant also knows which witnesses the government may call. She likewise has the summaries of all government interviews to date and all prior witness statements in its possession, custody, and control. The reasonableness of the government's disclosure is further underscored by the fact that they were made many months before trial. *Compare United States v. Aguilar*, No. CR 07-030-SBA, 2007 WL 4219370, at *4 (N.D. Cal. Nov. 28, 2007) ("Courts have generally found that providing a defendant with between one and three weeks['] notice prior to the start of trial of any evidence the government intends to introduce under Rule 404(b) is reasonable.") (collecting cases); *United States v. De Anda*, No. CR 18-538-TSH, 2019 WL 2863602, at *2 (N.D. Cal. July 2, 2019) ("Three weeks has been found to be reasonable.").

Defendant's argument that the government's 28-pages of disclosure do not describe the "who, what, where, when, and why for particular 'other acts'" (Dkt. 421 at 2) mistakes Rule 404(b)'s requirement of reasonable notice of the general nature of evidence with the other, more exacting pleading requirements. *See, e.g.*, *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir.

2019) (holding Federal Rule of Civil Procedure 9 requires that a civil fraud complaint be alleged "with particularity"; include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations"; and "identify the *who, what, when, where*, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, *and why* it is false") (emphasis added, internal quotations and citations omitted). The drafters of Rule 404(b), however, expressly rejected the particularity requirement Defendant Holmes seeks to impose. *See* RULE 404(b) advisory committee notes, 1991 Amendment.

Defendant's reliance on a handful of non-binding, unpublished, pretrial orders is misplaced. For example, Judge Illston's pretrial order on motions in limine in *Dejarnette* provides little guiding analysis for the conclusion that the government's notice in that sex offender registration case was overly broad. In any event, the government's letters here are more comprehensive and detailed than the second *Dejarnette* notice, which, as Defendant Holmes concedes, "provided sufficient details." Dkt. 421 at 7. The government's notice also exceeds the detail of the notice in *Shayota*.

Finally, the government at this time has no further 404(b) evidence to disclose for rebuttal, but it reserves the right to do so based on expert and other disclosures the defense has not yet made. *See* Dkt. 421 at 9 & *Vega*, 188 F.3d at 1154. And, the Defendant cites no basis to require the government to meet the standards of amendments to Rule 404(b) that will not go into effect until December 1, 2020.

## CONCLUSION

For these reasons, the Court should deny the motion. To the extent the Court finds the government's notice inadequate, it should decline to strike the notice and permit the government to supplement it by a reasonable date prior to trial.

///
///
///
///
///
///
///

| | |
|---|---|
| 1    DATED: July 7, 2020 | Respectfully submitted, |

ADAM A. REEVES
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*/s Robert S. Leach*
_____
ROBERT S. LEACH
JEFF SCHENK
JOHN C. BOSTIC
VANESSA BAEHR-JONES
Assistant United States Attorneys