1   JOHN D. CLINE (CA State Bar No. 237759)
    50 California Street, Suite 1500
2   San Francisco, CA 94111
    Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
3   Email: cline@johndclinelaw.com

4   KEVIN M. DOWNEY (Admitted Pro Hac Vice)
    LANCE A. WADE (Admitted Pro Hac Vice)
5   AMY MASON SAHARIA (Admitted Pro Hac Vice)
    KATHERINE TREFZ (CA State Bar No. 262770)
6   WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
7   Washington, DC 20005
    Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
8   Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9   Attorneys for Defendant ELIZABETH A. HOLMES

10

11                     UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14
    UNITED STATES OF AMERICA,            )   Case No. CR-18-00258-EJD
15                                        )
              Plaintiff,                  )   **MS. HOLMES' MOTION FOR ACCESS TO**
16                                        )   **GRAND JURY SELECTION MATERIALS**
         v.                               )
17                                        )   Date:  August 17, 2020
    ELIZABETH HOLMES and                  )   Time: 1:30 p.m.
18   RAMESH "SUNNY" BALWANI,              )   CTRM:  4, 5th Floor
                                          )
19            Defendants.                 )   Hon. Edward J. Davila
                                          )
20                                        )
                                          )
21   _____)

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 17, 2020, at 1:30 p.m., or on any other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to the Fifth and Sixth Amendments of the United States Constitution; the Jury Selection and Service Act, 28 U.S.C. § 1861 *et seq.*; and this District's General Order No. 6  for an Order allowing Ms. Holmes access to jury selection materials.  The Motion is based on the below Memorandum of Points and Authorities, the Declaration of Amy Mason Saharia, the record in this case, and any other matters that the Court deems appropriate.

DATED: July 30, 2020

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS
CR-18-00258-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

The Sixth Amendment affords every criminal defendant the "constitutional right to a jury drawn from a fair cross section of the community" in which the defendant is tried. *Duren v. Missouri*, 439 U.S. 357, 368 (1979). The Jury Selection and Service Act extends this constitutional requirement to the pool from which federal grand jurors are selected. *See* 28 U.S.C. § 1861 ("[A]ll litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."). This District's Grand Jury Plan also recognizes this requirement. *See* General Order No. 6, Plan for the Random Selection of Grand and Petit Jurors ("General Order No. 6") (stating that all litigants entitled to trial by jury have the right to grand jurors selected at random from a cross section of the community). Due to the ongoing pandemic, however, all grand-jury proceedings in this District were suspended from April 30, 2020 until an undisclosed date in June. General Order No. 72-2 (adopted April 30, 2020); General Order No. 72-3 (adopted May 21, 2020) ("Grand jury proceedings in this district will resume in June on a date and in a manner to be determined."). Once resumed, grand-jury proceedings were conducted in an undisclosed manner. General Order No. 72-3.

On July 14, 2020, a grand jury returned a Second Superseding Indictment charging Ms. Holmes with two conspiracies to commit wire fraud and nine counts of wire fraud. Second Superseding Indictment, ECF No. 449. Ms. Holmes immediately moved for access to the grand jury selection materials in anticipation of a motion to challenge the manner in which the grand jury that returned the Second Superseding Indictment was selected. *See* Mot. For Grand Jury Selection Materials, ECF No. 461 (filed July 21, 2020). One week later, on July 28, 2020, the government obtained a Third Superseding Indictment adding an additional wire fraud count. Third Superseding Indictment, ECF No. 469.[1]

---

[1] In the intervening week, this Court issued a General Order recognizing that the public safety would best be served by "limiting the permissible in-court criminal proceedings to ten people." General Order 72-5 (adopted July 23, 2020). It is unclear what effect this Order had on the composition of the grand jury that returned the Third Superseding Indictment. *See* Fed. R. Crim. P. 6(a)(1) (stating a "grand jury must have 16-23 members").

MOTION FOR ACCESS TO GRAND JURY MATERIALS
CR-18-00258 EJD

1    Ms. Holmes respectfully moves for an Order permitting the defense to access records regarding

2    the constitution of the grand jury (or grand juries) that returned the Second and Third Superseding

3    Indictments in this case, including materials related to the Master Grand Jury Wheels and jury list from

4    which the grand jurors were selected.  *See* General Order No. 6 at 6  ([C]ontents of records or papers

5    used by the Clerk in connection with the Jury Selection Process will not be disclosed, except upon

6    written order of the court.").  Ms. Holmes seeks access to these records in connection with her

7    preparation of an anticipated motion challenging the selection methods under the Jury Selection and

8    Service Act.  *See* 28 U.S.C. § 1867(a).[2]

9    Under the Act, a defendant may move to dismiss an indictment or stay the proceedings on the

10   grounds of substantial failure to comply with the provisions of the Act in selecting a grand jury.  *Id.*

11   Substantial noncompliance occurs when administration of the Act fails to return a grand jury "selected at

12   random from a fair cross section of the community."  *United States v. Hernandez-Estrada*, 749 F.3d

13   1154, 1158 (9th Cir. 2014) (en banc).

14   The selection procedures for the grand jurors that returned the Second and Third Superseding

15   Indictments raise several concerns.  First, the jury-selection procedures apparently were revised from

16   past procedures in light of the ongoing pandemic, and it is unclear what effect these changes had on the

17   constitution of the grand jury that returned the Indictments.  *See* General Order No. 77, In Re:

18   Provisional Modifications of Jury Plan Due To COVID-19 Public Health Emergency (adopted June 9,

19   2020).  Second, although General Order No. 72-3 provided that grand-jury proceedings would resume

20   "in a manner to be determined," no further information was provided as to whether the grand-jury

21   proceedings complied with General Order No. 6, the Jury Selection and Service Act, or the Constitution.

22   Lastly, there are serious concerns as to whether the grand jurors that returned the Second and Third

23   Superseding Indictments were representative of the community in the district and division wherein this

24

25   _____

26   [2] Although the Ninth Circuit has not considered what constitutes a timely motion under Section 1867(f), some courts have required such a motion to be filed within seven days from the date of the Indictment.  *See United States v. Dean*, 487 F.3d 840, 849 (11th Cir. 2007).  Although Ms. Holmes

27   disagrees with such a reading of the statute, in an abundance of caution, counsel has filed this motion within seven days of the Third Superseding Indictment.

28   MOTION FOR ACCESS TO GRAND JURY MATERIALS
     CR-18-00258 EJD

                                      2

1 Court convenes, particularly in light of the disproportionate medical and economic impact that the

2 COVID-19 crisis has had on certain populations. *See* National Jury Project Litigation Consulting/West

3 Survey Findings June 2020: COVID-19 and Jury Service, available at http://www.njp.com/covid-19-

4 and-jury-service/ (June 12-18 survey of more than 400 jury-eligible residents in Los Angeles and the six

5 Bay Area counties finding difficulties in "select[ing] juries throughout 2020 which are diverse and

6 represent a cross section of the public without imposing undue hardship").

7        Section 1867(f) allows a defendant to "inspect, reproduce, and copy such records or papers at all

8 reasonable times during the preparation and pendency of" a motion to dismiss under Section 1867(a).

9 Inspection of such materials is essential to a defendant's ability to determine whether she has a

10 potentially meritorious challenge. *Test v. United States*, 420 U.S. 28, 30 (1975) (stating that, "without

11 inspection, a party almost invariably would be unable to determine whether he has a potentially

12 meritorious jury challenge"). Accordingly, "[t]he right to inspect jury lists is essentially unqualified."

13 *United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (citing *Test*, 420 U.S. at 30). This

14 "unqualified right to inspection is required not only by the plain text of the statute, but also by the

15 statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section

16 of the community.'" *Test*, 420 U.S. at 30 (quoting 28 U.S.C. § 1861).

17        A defendant need not prove that her claim under the Act will be successful to gain access to the

18 grand-jury records. "To avail [herself] of this right of access to otherwise nonpublic jury selection

19 records, a litigant need only allege that [she] is preparing a motion challenging the jury selection

20 procedures." *United States v. Layton*, 519 F. Supp. 946, 958 (N.D. Cal. 1981). If inspection reveals

21 grounds upon which to challenge the jury selection, a defendant may file a motion to dismiss the

22 indictment under Section 1867(a). *United States v. Beaty*, 465 F.2d 1376, 1381 (9th Cir. 1972). The

23 court shall then grant the motion if it determines that the jury selection procedure violated the Act. *Id.* at

24 1382.

25        Should the Court grant Ms. Holmes' motion to inspect, the defense intends to review the records

26 and, depending on their contents, to retain the services of an expert to analyze whether the procedures in

27 selecting the grand jury violated Ms. Holmes' right to a jury selected at random from a fair cross section

28 MOTION FOR ACCESS TO GRAND JURY MATERIALS
CR-18-00258 EJD

1 | of the community.  Ms. Holmes anticipates that such an analysis would compare the grand-jury records

2 | to appropriate census data to determine whether grounds for a challenge under Section 1867(a) exist.

3 | The categories of documents required for this analysis are attached hereto as Exhibit A.[3]

4 |

5 | **CONCLUSION**

6 | For the foregoing reasons this Court should grant Ms. Holmes' motion to inspect the grand-jury

7 | selection records.

8 | DATED:  July 30, 2020                              Respectfully submitted,

9 |

10 |                                                          /s/ Amy Mason Saharia
   |                                                          KEVIN DOWNEY

11 |                                                         LANCE WADE
    |                                                         AMY MASON SAHARIA

12 |                                                         KATHERINE TREFZ
    |                                                         Attorneys for Elizabeth Holmes

---

[3] Similar documents have been requested in several cases invoking the right to inspect jury selection materials under the 28 U.S.C. § 1867(f).  *See, e.g.,* Letter Motion to Inspect, ECF No. 10, *United States v. Corbett*, 1:20-cr-00213-KAM (S.D.N.Y. Jun. 25, 2020).

MOTION FOR ACCESS TO GRAND JURY MATERIALS
CR-18-00258 EJD

1

## **CERTIFICATE OF SERVICE**

2         I hereby certify that on July 30, 2020, a copy of this filing was delivered via ECF on all counsel

3  of record.

4

5                                                   /s/ Amy Mason Saharia

6                                                   AMY MASON SAHARIA
                                                    Attorney for Elizabeth Holmes
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  MOTION FOR ACCESS TO GRAND JURY MATERIALS
    CR-18-00258 EJD