# EXHIBIT P



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*150 Almaden Boulevard, Suite 900*     *(408) 535-5061*
*San Jose, California 95113*     *FAX:(408) 535-5066*

July 23, 2020

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
**VIA USAfx**

Jeffrey B. Coopersmith
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
**VIA USAfx**

Re: United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani
CR-18-00258-EJD

Dear Counsel:

Pursuant to your request for discovery, herewith are copies of the following:

| PREFIX | BATES RANGE | DESCRIPTION |
|---|---|---|
| US-REPORTS- | 0017270-0017508 | Agent Investigative Reports |
| AGENT_NOTES- | 001277-001292 | Agent Notes |
| PROFFER- | 000001-000014 | Proffer Agreements |

These materials are being produced subject to the Stipulation and Second Supplemental Protective Order filed on August 1, 2019. Other documents in this production may be subject to other Protective Orders issued by the Court to the extent they contain personal and private information relating to witnesses and other individuals not charged in the Indictment.

The government will make available for your inspection any item of evidence referred to in the enclosed reports and documents, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief. Please contact me to arrange a mutually convenient time for your inspection of such items.

The enclosed materials and any future discovery provided to you which may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute or relevant case law is provided voluntarily and solely as a matter of discretion. By producing such

materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations. We explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

Notice Re: FRE 404(b), 608, 609

The government also hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rules 404(b), 608 and/or 609 of the Federal Rules of Evidence.

Request for Reciprocal Discovery

With this letter the government requests all reciprocal discovery to which it is entitled under Federal Rules of Criminal Procedure 16(b) and (c) and 26.2, including, but not limited to, the following, as to each defendant:

1. Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in his case-in-chief at trial.

2. Inspection and/or copies of the results of any reports of physical or mental examinations and of scientific tests or experiments made in connection with the above-entitled case within the possession or control of the defendant which the defendant intends to introduce as evidence in his case-in-chief at trial or which have been prepared by a witness whom the defendant intends to call at trial.

3. Inspection and/or copies of all statements made by all witnesses whom the defendant intends to call at trial.

4. A written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial.

Request for Notice of Defenses

The Government also requests notice of any intention of your client to rely on an entrapment defense or a defense involving mental condition or duress, and/or an alibi defense for offenses which occurred on or about the dates alleged in the indictment.

Plea Negotiations

I would also like to take this opportunity to state the United States Attorney's position regarding plea negotiations, if any, in this matter. I do not have the authority to make any binding plea offer in this matter. If you wish to discuss a disposition of this matter, please be advised that all discussions are about a tentative disposition only and will not be final unless and until the final disposition is approved by the United States Attorney or an appropriate designee. Please do not assume that I have received such approval based on discussions between us or the exchange of draft plea agreements. I will advise you in writing if and when our plea negotiations have resulted in a plea agreement approved by the United States Attorney or an appropriate designee.

Please contact me if you have any questions concerning the foregoing.

        Very truly yours,

        ADAM A. REEVES
        Attorney for the United States,
        Acting Under Authority Conferred
        By 28 U.S.C. § 515

        /s/
        JOHN C. BOSTIC
        Assistant United States Attorney



*United States Attorney*
*Northern District of California*

*1301 Clay Street, Suite 340S*  *(510) 637-3680*
*Oakland, California 94612*  *Fax: (510) 637-3724*

August 21, 2020

*By Email*

Lance Wade, Esq.
Kevin Downey, Esq.
Amy Saharia, Esq.
Katie Trefz, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005

    Re:    *United States v. Holmes*, CR 18-258 EJD

Dear Counsel:

    I write in response to your August 4, 2020 letter.

    Our March 6, 2020 letter disclosed our intention to offer evidence that:

    Theranos maintained its clinical test data in a software database it called the Laboratory Information System ("LIS").  In October 2016, Theranos announced that it would cease offering clinical lab testing services.  Following that decision but before the company ceased operation in 2018, Theranos "decommissioned" its LIS, rendering it nonfunctional and converting the data to a format that is not readily retrievable.  This decision had the effect of obscuring or destroying detailed information regarding the specific tests Theranos conducted during the years of its clinical testing operation, hindering the government's investigation of Defendants.  The government may introduce these and similar facts through produced documents as well as through testimony from witnesses including, but not limited to, former Theranos employees and representatives of the Theranos assignee.

That disclosure is accurate and supported by evidence produced to you.  Your accusation that the government failed to preserve and produce evidence is baseless, as is your suggestion that "the government is trying to mask its own failures and other troubling conduct by accusing Ms. Holmes of 'crimes, wrongs, or other acts.'"

    With respect to your discovery requests, we advise as follows:

1

Requests 1 and 2 are based on the false premise the government did not meet its Rule 16 obligation with respect to the database.  To the contrary, on August 2, 2019, the government disclosed to you at US-REPORTS-0010268-71 that Theranos produced a copy of what was purported to be the LIS database.  We also produced a copy of the production letter.  *See* US-REPORTS-0010271.  Our August 2, 2019 letter – like all of our discovery letters – stated:  "The government will make available for your inspection any item of evidence referred to in the enclosed reports and documents, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief."  Put simply, we disclosed to you that we possessed a copy of what was purported to be the LIS database and we made it available to you, which is what Rule 16 requires.  *See* Fed. R. Crim. P. 16(a)(1)(E) (requiring the government to permit inspection and copying or photographing).  In any event, the government's internal deliberations about how it discharges discovery obligations are not themselves discoverable under Rule 16, *Brady*, or *Giglio*.

With respect to Requests 3, 6, 8, 11, 12, 13, 14, 18, 19, and 20, without conceding such documents are discoverable, the government will produce to you any communications through March 6, 2020, between the USAO, FBI, FDA-CI, USPIS, and/or SEC and Theranos, WilmerHale, Fortress and its counsel, and the Assignee and its counsel that are responsive to the requests.  We are reviewing further the government's internal documents, notes, and correspondence for information potentially covered by *Brady* or *Giglio* and will make any appropriate disclosures to you.  Such documents are not subject to disclosure under Rule 16(a)(2).

With respect to Requests 4 and 5, the government produced to you on or before June 26, 2020, all evidence subject to Rule 16 in its possession, custody, and control as of that date.  To the extent we obtain additional responsive evidence from third parties after that date, we will produce it to you.

With respect to Request 7, attached please find a letter from WilmerHale to the government numbered Theranos-DOJ TL000004 to Theranos-DOJ TL000007.

With respect to Requests 9 and 10, attached please find an article from *The Wall Street Journal*, which was distributed to members of the prosecution team around the time of the article.  We further draw your attention to the attached PDF titled "Theranos_Stockholders_Letter_2018.pdf", which was publicly available here: https://online.wsj.com/public/resources/documents/Theranos_Stockholders_Letter_2018.pdf?mod=article_inline.

With respect to Request 15, the email is described in US-REPORTS-0010268, which was produced to you on August 2, 2019.  Attached is a copy of the email.

With respect to Request 16, please see the attached photographs.

With respect to Request 17, we will produce any such documents prepared by the FBI.

Very truly yours,

ADAM A. REEVES
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*/s Robert S. Leach*
_____

ROBERT S. LEACH
JEFFREY SCHENK
JOHN C. BOSTIC
VANESSA BAEHR-JONES
Assistant United States Attorneys

cc     Jeff Coopersmith, Esq. (by email)