# EXHIBIT U

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

LANCE WADE
(202) 434-5755
lwade@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 5, 2020

<u>Via Email</u>

Ms. Vanessa Baehr-Jones, Esquire
Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

> Re:  United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani
>      <u>No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

  We write to follow up on the government's May 28, 2020 production of FDA documents.

  As an initial matter, the production appears to contain almost 4 million of pages of documents from the FDA Office of Chief Counsel. We are surprised that this massive volume of documents would surface this far into the government's rolling production that began six months ago and already included over 1.6 million pages of FDA documents prior to this most recent production (and has averaged about 230,000 pages per tranche). At a minimum, we would have expected the government to provide the defense (and the Court) notice of its intent to more than double the scale of its overall FDA productions at the very end of the window it estimated the production would be complete. This eleventh-hour document dump places immense burdens on the defense as it prepares for trial.

  Separately, the cover letter to the production states that it includes 1.7 Terabytes of unprocessed data in a folder labeled "Tranch09." What is the nature of this massive data dump? Why is the data unprocessed? What documents comprise it? From which custodians was the data collected? Based on prior government representations about the number of gigabytes of data in earlier tranches, we estimate that, once processed, this data could equate to over 3 million pages of additional discovery. Although the government purports to be producing the data "in

WILLIAMS & CONNOLLY LLP

Robert Leach Esq., *et al*.
June 5, 2020
Page 2

this format in the interest of providing" it to us "as soon as possible," the data are unusable in their current form and thus unacceptable to the defense.

If the government needs additional time to process the data so that it can produce the documents in Tranche 9 according to the agreed-upon procedure, then the government should move the Court for that additional time. In any event, please provide the requested information about the nature of this data so that we may move the Court for appropriate relief if necessary.

                        Sincerely,

                        Lance Wade

cc: Jeff Coopersmith, Esq. (by email)



United States Attorney
Northern District of California

*1301 Clay Street, Suite 340S*　　　　　　　*(510) 637-3680*
*Oakland, California 94612*　　　　　　　　*Fax: (510) 637-3724*

July 23, 2020

*By Email*

Katie Trefz, Esq.
Lance Wade, Esq.
Kevin Downey, Esq.
Amy Saharia, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005

　　　Re:　*United States v. Holmes*, CR 18-258 EJD

Dear Counsel:

　　　I write in response to your July 7, 2020 letter.

　　　The government has completed its Rule 16 production.  If we receive additional documents responsive to Rule 16, we will produce them promptly.

　　　Tranche 9 includes documents gathered from local drives (e.g., "C drives"), network drives, and other drives of FDA custodians.  You can identify the custodians in the various subfolders.  We produced the documents as we have them; Rule 16 does not require otherwise.  We do not agree that we are required to process them on your behalf, but in any event, we are undertaking that.  We expect to have it ready for you by the end of this month.  Please return any hard drives you have so that we may load them for you.

　　　On August 2, 2019, the government disclosed to you at US-REPORTS-0010269 that Theranos produced a copy of what was purported to be the LIS database.  We also produced a copy of the production letter.  US-REPORTS-0010271.  With respect to your request for documents "describing the government's efforts, if any, to attempt to access the materials in the LIS database . . . and to locate other sources of the data that resided in that database," attached please find the June 4, 2018 subpoena for the information; a follow-up email with counsel to Theranos dated July 27, 2018; and two reports prepared by the FBI.  We have identified no additional reports prepared by the agents memorializing their efforts to access what was produced to the government.  We further advise you as follows:  After subpoenaing the LIS database from Theranos, government counsel corresponded with counsel representing the company and reiterated that the government required not just the database but also any software

1

needed to access and query it. In late August 2018, Theranos produced a hard drive containing what purported to be a copy of the database, and provided a single alphanumeric encryption key. Despite that key, the government was unable to access the data. Shortly after receiving the hard drive, government counsel corresponded with Theranos counsel by telephone in an effort to gain access to the data. During those calls, Theranos counsel confirmed that they were unaware of any additional information or software that would further facilitate government access to the data. Following selection of an Assignee for Theranos, government counsel has had similar conversations with counsel for the Assignee concerning regaining access to the LIS database. To date, Assignee counsel has confirmed that they do not have the LIS database in any other format and are unaware of any additional information that would facilitate access.

With one exception (Dr. Melissa Pessin, who was interviewed by the government on July 15, 2020), the government has no agent notes, SEC deposition transcripts, and/or interview memoranda with respect to the individuals listed in bullets in Section II. We are producing the interview memorandum for Dr. Pessin today, along with the agent's notes. We will produce any memoranda of witness interviews we subsequently conduct, along with any agent notes. To the best of my knowledge, the SEC did not prepare an interview memorandum for its interview of Mr. Anekal (and as you know the government did not attend). The SEC has made its notes of the interview available to you.

At this time, the government has no interview memoranda or agent notes with respect to Mr. Anderson, Mr. Cook, Mr. Gordon, Mr. Hamilton, or Ms. Ravitz.

The government has produced to you its agent notes of attorney proffers. Attached is a spreadsheet of SEC notes of attorney proffers. The notes are work product of the SEC. They are available for review at the USAO. In light of restrictions in effect because of COVID-19, we are willing to send you a hard-copy set if you agree to treat them under the same conditions as the SEC interview notes. Please let me know.

We have no immunity agreements with witnesses. We will produce all proffer agreements between the government and witnesses in this matter and any proffer agreements between the SEC and witnesses it has interviewed regarding Theranos. We are producing today executed proffer agreements between the government and Jeff Blickman, Dan Edlin, Surekha Gangakhedkar, Christian Holmes, Suarj Saksena, and Daniel Young. The government used the same form proffer agreement for Adam Rosendorff and will produce it in due course. Callie Rosendin's proffer agreement was produced to you at US-REPORTS-0002371.

Very truly yours,

ADAM A. REEVES
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

/s/
_____
ROBERT S. LEACH
JEFFREY SCHENK
JOHN C. BOSTIC
VANESSA BAEHR-JONES
Assistant United States Attorneys

cc   Jeff Coopersmith, Esq. (by email)