# Exhibit B

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 24, 2020

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Ms. Vanessa Baehr-Jones, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

Re:  <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani
No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

Please provide the following information with respect to the proposed Superseding Information you sent to us on April 13, 2020:

1. Please identify the patients in Counts 9 and 10;

2. Please identify the "laboratory or blood test results" at issue in Counts 9 and 10;

3. Please identify all "assays" alleged to be "conducted on Theranos's TSPU version 3.5" in ¶ 16.

4. Please identify all of the following whom you consider to be "investors" within the definition set forth in ¶ 3:

    a. Individuals;

    b. Entities;

    c. Certain business partners;

WILLIAMS & CONNOLLY LLP

Vanessa Baehr-Jones, Esq., *et al*.
April 24, 2020
Page 2

      d. Members of Theranos's Board of Directors; and

      e. Individuals and entities who invested through firms formed for the exclusive or primary purpose of investing in Theranos's securities.

5. For items 4.c (Certain business partners) and 4.b (Members of Theranos's Board of Directors) above, please identify the basis for the allegation that they "invested" in Theranos.

6. Please identify with respect to Count 1, in particular, which "investors" you allege were defrauded, as alleged in the proposed Superseding Information, that were not alleged to have been defrauded under the Superseding Indictment (doc. 39).

7. Please identify with respect to Count 1, in particular, which "materially false and fraudulent representations" are included in the proposed Superseding Information that were not included in the Superseding Indictment (doc. 39).

8. Please identify with respect to Count 1, in particular, which allegedly material omissions, if any, are encompassed within the proposed Superseding Information that were not included in the Superseding Indictment (doc. 39). For each allegedly material omission you identify, please provide the basis for a duty to disclose with respect to that omission.

In addition, given that your changes to the proposed Superseding Information affect Counts 1, 2, 9, and 10 of the prior Superseding Indictment, please update the Bill of Particulars served on March 23. Please also update your answers to the following requests – which we made previously.

9. With respect to Count 1, ¶ 20, please identify each "materially false and fraudulent representation" alleged to have been made by Ms. Holmes or any alleged co-conspirator in the course of "soliciting investments" in Theranos, including for each (a) who made the representation, (b) the precise content of the representation, (c) the form of the representation (i.e., oral or written), (d) the date of the representation, (e) to whom the representation is alleged to have been made, and (f) the manner in which the representation is claimed to be false and fraudulent. Moreover, please clarify the following points.

    a. Regarding each alleged "false and misleading statements to investors" in ¶ 12, please identify (a) who made the statement, (b) the precise content of the statement, (c) the form of the statement (i.e., oral or written), (d) when the statement was made, (e) to whom the statement was made, and (f) the manner in which the statement is claimed to be false and fraudulent. Moreover, please identify the precise allegedly false and misleading "written and verbal

WILLIAMS & CONNOLLY LLP

Vanessa Baehr-Jones, Esq., *et al*.
April 24, 2020
Page 3

> communications", "marketing materials", "financial statements, models, and other information", and "statements to the media" referenced in ¶ 12.

b. Regarding the alleged representation[1] in ¶ 12(A), please identify (a) who made the representation, (b) precisely what is alleged to have been represented concerning which "tasks" Theranos' "proprietary analyzer" was "presently capable of accomplishing," (c) which "proprietary analyzer" the representation pertained to, (d) precisely what is alleged to have been represented concerning the analyzer's ability to "produc[e] results that were more accurate and reliable than those yielded by conventional methods—all at a faster speed that previously possible," (e) the form of the representation (i.e., oral or written), (f) when that representation is alleged to have been made, (g) to whom it was alleged to have been made, and (h) the manner in which the representation is claimed to be false and fraudulent.

c. Regarding the alleged representation in ¶ 12(B), please identify (a) who made the representation, (b) precisely what is alleged to have been represented concerning 2014 and 2015 revenue projections for Theranos, (c) the form of the representation (i.e., oral or written), (d) when that representation is alleged to have been made, (e) to whom it was alleged to have been made, and (f) the manner in which the representation is claimed to be false and fraudulent.

d. Regarding the allegedly misleading demonstrations in ¶ 12(C), please identify for each (a) the date of the demonstration, (b) the audience for the demonstration, (c) Ms. Holmes' alleged role in the demonstration, (d) any statements by Ms. Holmes or any alleged co-conspirators alleged to be false or misleading during the demonstration, and (e) the manner in which the representation is claimed to be misleading.

e. Regarding the alleged representation in ¶ 12(D), please identify (a) who made the representation, (b) precisely what is alleged to have been represented concerning Theranos' "expanding partnership with Walgreens", (c) the form of the representation (i.e., oral or written), (d) when that representation is alleged to have been made, (e) to whom it was alleged to have been made, and (f) the manner in which the representation is claimed to be false and fraudulent.

---

[1] It is unclear whether the allegations in this and other paragraphs in the Indictment purport to cover a single statement by Ms. Holmes, or whether they purport to paraphrase multiple statements. To the extent that the latter is true, Ms. Holmes seeks the requested information for each allegedly false or fraudulent statement.

WILLIAMS & CONNOLLY LLP

Vanessa Baehr-Jones, Esq., *et al.*
April 24, 2020
Page 4

    f.  Regarding the alleged representation in ¶ 12(E), please identify (a) who made the representation, (b) precisely what is alleged to have been represented concerning Theranos' relationship with the United States Department of Defense and the deployment of Theranos' technology to the battlefield, (c) the form of the representation (i.e., oral or written), (d) when that representation is alleged to have been made, (e) to whom it was alleged to have been made, and (f) the manner in which the representation is claimed to be false and fraudulent.

    g.  Regarding the alleged representation in ¶ 12(F), please identify (a) who made the representation, (b) precisely what is alleged to have been represented concerning the need for FDA "approval", (c) the form of the representation (i.e., oral or written), (d) when that representation is alleged to have been made, (e) to whom it was alleged to have been made, and (f) the manner in which the representation is claimed to be false and fraudulent. In addition, please identify the date and content of any communication from the FDA that it "was requiring Theranos to apply for clearance or approval for its analyzer and tests."

    h.  Regarding the alleged representation in ¶ 12(G), please identify (a) who made the representation, (b) precisely what is alleged to have been represented concerning the use of "Theranos-manufactured analyzers" for patient tests, (c) the form of the representation (i.e., oral or written), (d) when that representation is alleged to have been made, (e) to whom it was alleged to have been made, and (f) the manner in which the representation is claimed to be false and fraudulent.

    i.  Regarding the alleged representation in ¶ 12(H), please identify (a) who made the representation, (b) precisely what is alleged to have represented concerning the examination, use, and validation of Theranos' technology by third parties, (c) the form of the representation (i.e., oral or written), (d) when that representation is alleged to have been made, (e) to whom it was alleged to have been made, and (f) the manner in which the representation is claimed to be false and fraudulent.

    j.  Regarding the allegations in ¶ 12(I), please identify (a) the representations to the media that are alleged to contain false and misleading statements, (b) who made the representations, (c) the form of the representations (i.e., oral or written), (d) when the representations are alleged to have been made, (e) to whom it is alleged to have been made, and (f) the manner in which the representation is claimed to be false and fraudulent. Moreover, for each alleged instance when Ms. Holmes or any alleged co-conspirator allegedly shared media articles with investors and/or potential investors, please identify

WILLIAMS & CONNOLLY LLP

Vanessa Baehr-Jones, Esq., *et al*.
April 24, 2020
Page 5

>    (a) the shared article, (b) the date it was shared, (c) by who it was shared, and (d) with whom it was shared.

10. With respect to Count 1, ¶ 20, please clarify whether the government maintains that the charged conspiracy featured allegedly material omissions. If so, please identify each alleged omission, including (a) who made the alleged omission, (b) precisely what is alleged to have omitted, (c) when that omission is alleged to have occurred, (d) the nature of the alleged duty to disclose, (e) to whom that duty allegedly was owed and to whom the omission is alleged to have been directed, and (f) the manner in which the omission is claimed to be fraudulent.

11. With respect to Count 2, ¶ 22, please identify any alleged co-conspirators of Ms. Holmes in addition to Mr. Balwani.

12. With respect to Count 2, ¶ 22, please identify each and every "false and fraudulent representation" alleged to have been made by Ms. Holmes or any alleged co-conspirator to solicit, encourage, or otherwise induce doctors to refer patients and patients to pay for and use Theranos' tests, including for each (a) who made the representation, (b) the precise content of the representation, (c) the form of the representation (i.e., oral or written), (d) the date of the representation, (e) to whom the representation is alleged to have been made, and (f) the manner in which the representation is claimed to have been false and fraudulent.

13. With respect to Count 2, ¶ 22, please clarify whether the government maintains that the charged conspiracy featured allegedly material omissions. If so, please identify each alleged omission, including (a) who made the alleged omission, (b) precisely what is alleged to have omitted, (c) when that omission is alleged to have occurred, (d) the nature of the alleged duty to disclose, (e) to whom that duty allegedly was owed and to whom the omission is alleged to have been directed, and (f) the manner in which the omission is claimed to be fraudulent.

14. Please identify the allegedly false and misleading representations in "advertising and marketing materials" or on the Theranos website and other false and misleading misrepresentations referenced in ¶¶ 14-15 and 17, including (a) the precise content of all such representations, (b) the date of the representations, (c) the person who made the representations, (d) the recipients of the representations, (e) the manner in which the representations was conveyed to doctors and patients, and (f) the manner in which the representations are alleged to have been false and misleading.

15. With respect to Counts 9-10, ¶ 26, please identify (a) the name of each referenced patient and his or her doctor (if the patient consulted a doctor), (b) the identity of the person or entity that paid for Theranos testing in connection with such patient, (c) which allegedly false or fraudulent representations each patient or associated doctor is alleged to have been aware of, and, to the extent those representations are different

WILLIAMS & CONNOLLY LLP

Vanessa Baehr-Jones, Esq., *et al.*
April 24, 2020
Page 6

from those subject to the prior requests, (d) the manner in which those representations are alleged to have been false and fraudulent.

16. With respect to Counts 9-10, ¶ 26, to the extent the Indictment alleges that the patients and doctors referenced in these counts were defrauded by "material omissions with a duty to disclose," please identify each alleged omission, including (a) who made the alleged omission, (b) precisely what Ms. Holmes is alleged to have omitted, (c) when that omission is alleged to have occurred, (d) the nature of the alleged duty to disclose, (e) to whom that duty allegedly was owed and to whom the omission is alleged to have been directed, and (f) the manner in which the omission is claimed to be fraudulent.

We would appreciate your prompt response to these requests.

Sincerely,

Lance Wade