JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR-18-00258-EJD |
| Plaintiff, | ) |
| v. | ) **MOTION TO DISMISS IN PART COUNTS TWO AND NINE THROUGH ELEVEN OF SECOND SUPERSEDING INDICTMENT AND COUNTS TWO AND NINE THROUGH TWELVE OF THIRD SUPERSEDING INDICTMENT AND MOTION TO STRIKE** |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | ) |
| Defendants. | ) Date: October 6, 2020<br>) Time: 10:00 AM<br>) CTRM: 4, 5th Floor<br>)<br>) Hon. Edward J. Davila |

## MOTION TO DISMISS

PLEASE TAKE NOTICE that on October 6, 2020, at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to Rules 8 and 12 of the Federal Rules of Criminal Procedure to dismiss Counts Two and Nine through Eleven of the Second Superseding Indictment and Counts Two and Nine through Twelve of the Third Superseding Indictment insofar as they allege a scheme to defraud and/or deceive doctors. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: August 28, 2020

                        /s/ Amy Mason Saharia
                        KEVIN DOWNEY
                        LANCE WADE
                        AMY MASON SAHARIA
                        KATHERINE TREFZ
                        Attorneys for Elizabeth Holmes

## MEMORANDUM OF POINTS AND AUTHORITIES

In its February 11, 2020 Order, this Court dismissed Counts Two and Nine through Eleven of the Superseding Indictment insofar as they alleged that Defendants engaged in a scheme to defraud doctors and non-paying patients. ECF No. 330 at 27–35. The Second Superseding Indictment returned July 14, 2020 and the Third Superseding Indictment returned July 28, 2020 both violate this Court's Order. They depict doctors as victims of the alleged scheme to defraud by alleging that Defendants deceived doctors in order to obtain money from paying patients—thus violating the convergence principle that this Court discussed at length in its Order. The Court should dismiss Counts Two and Nine through Eleven of the Second Superseding Indictment and Counts Two and Nine through Twelve of the Third Superseding Indictment insofar as they allege a scheme to deceive doctors and should strike all offending allegations.

## ARGUMENT

As this Court recognized in its Order, the specific intent that is required under the wire-fraud statute is the intent "to obtain money or property." ECF No. 330 at 28 (quoting *United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989)). Since that ruling, both the Supreme Court and the Ninth Circuit have reaffirmed that articulation of the required intent. *See Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020) (requiring that the government "show not only that [defendants] engaged in deception, but that an 'object of their fraud was property'" (brackets omitted) (quoting *Cleveland v. United States*, 531 U.S. 12, 26 (2000))); *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) (holding that "wire fraud requires the intent to deceive *and* cheat—in other words, to deprive the victim of money or property by means of deception," and abrogating the Ninth Circuit's model jury instruction on wire fraud (emphasis added)).

The (First) Superseding Indictment charged Defendants with engaging in a scheme to defraud doctors and patients who did not pay for their blood tests, but it did not allege that Defendants intended to deprive such individuals of any money or property. Ms. Holmes moved to dismiss that indictment on this ground.[1] The Court correctly granted the motion in relevant part and held that the Superseding

---

[1] *See* ECF No. 206 at 8–9, ECF No. 298 at 3–7. Ms. Holmes expressly reincorporates those arguments here.

MOTION TO DISMISS IN PART COUNTS TWO AND NINE THROUGH ELEVEN OF SECOND SUPERSEDING INDICTMENT AND COUNTS TWO AND NINE THROUGH TWELVE OF THIRD SUPERSEDING INDICTMENT AND MOTION TO STRIKE
CR-18-00258 EJD                                         1

Indictment failed to allege a scheme to defraud such individuals and dismissed the relevant counts in part. *See* ECF No. 330 at 28–35.[2]

Like the prior indictment, *see* ECF No. 330 at 34, the Second and Third Superseding Indictments contain no allegations suggesting that Defendants intended to deprive doctors of money or property. Nevertheless, the Second and Third Superseding Indictments repeatedly allege—restating verbatim the allegations from the prior indictment—that Defendants deceived doctors into referring patients to Theranos. *See, e.g.*:

- Paragraph 14: Defendants "encouraged and induced doctors and patients to use Theranos's blood testing laboratory services."

- Paragraph 15: "Based on these representations, many hundreds of patients paid Theranos, or Walgreens acting on behalf of Theranos, for blood tests and test results, sometimes following referrals from their misled doctors."

- Paragraph 16: "Despite representing to doctors and patients that Theranos could provide accurate, fast, reliable, and cheap blood tests and test results, HOLMES and BALWANI knew—through, among other ways, their involvement in Theranos's day-to-day operations and their knowledge of complaints received from doctors and patients—that Theranos's technology was, in fact, not capable of consistently producing accurate and reliable results."

- Paragraph 17(A): Defendants "transmitted, caused to be transmitted, or otherwise delivered to doctors and patients, including in the form of marketing materials and advertisements, materially false and misleading information concerning the accuracy and reliability of Theranos's blood testing services[.]"

- Paragraph 17(B): Defendants "posted on the Theranos website, or otherwise represented to a broad audience including doctors and patients, materially false and misleading information concerning the accuracy and reliability of Theranos's blood testing services[.]"

---

[2] Of course that ruling also prohibits the government from proceeding to trial on a theory that Defendants engaged in a scheme to defraud nonpaying patients.

MOTION TO DISMISS IN PART COUNTS TWO AND NINE THROUGH ELEVEN OF SECOND SUPERSEDING INDICTMENT AND COUNTS TWO AND NINE THROUGH TWELVE OF THIRD SUPERSEDING INDICTMENT AND MOTION TO STRIKE
CR-18-00258 EJD                         2

- Paragraph 17(C): Defendants "transmitted, caused to be transmitted, or otherwise delivered to doctors and patients Theranos blood test results[.]"

- Paragraph 22: Defendants engaged in a scheme to defraud by "soliciting, encouraging, or otherwise inducing doctors to refer and patients to pay for and use its laboratory and blood testing services under the false and fraudulent pretense that Theranos technology produced reliable and accurate blood test results."

These allegations violate the convergence principle that governs wire fraud in the Ninth Circuit. In its prior Order, this Court correctly recognized that, under binding Ninth Circuit case law, the victim of the deceit and the intended deprivation of money or property must converge—that is, "the indictment must show that the defendant intended to deprive the alleged victim of their money or property." ECF No. 330 at 29 (citing *Lew*, 875 F.2d at 221; *United States v. Ali*, 620 F.3d 1062, 1071 (9th Cir. 2010)). In opposing Ms. Holmes' prior motion, the government argued that doctors were victims of the alleged scheme to defraud because they were "unwilling participants in the scheme and passed along fraudulent information to their patients in recommending Theranos." ECF No. 330 at 34. This Court rejected that argument as violating the convergence principle. *See id.* at 35 ("[H]ere, there is no showing that doctors lost money or property or that Defendants intended for them to lose money or property."); *see also* Ms. Holmes' Reply in Supp. of Mot. to Dismiss Counts Two and Nine Through Eleven, ECF No. 298 at 7.

The allegations quoted above violate the convergence principle in at least two ways:

*First*, they improperly depict both doctors and patients as independent victims of the alleged scheme to defraud. Paragraph 15, for example, refers to "misled doctors." Paragraph 22 (Count Two) is most problematic in this regard: it describes the alleged scheme to defraud as the use of false pretenses to induce doctors to refer *and* patients to pay, suggesting that both are victims. Under this Court's prior ruling, however, directing (allegedly) false representations at doctors is simply not wire fraud.

*Second*, even if the Second and Third Superseding Indictments could be read to allege only that patients were victims of the alleged scheme, the convergence principle bars the government from alleging that Defendants deceived one group of individuals (here, doctors) in order to deprive another

MOTION TO DISMISS IN PART COUNTS TWO AND NINE THROUGH ELEVEN OF SECOND SUPERSEDING
INDICTMENT AND COUNTS TWO AND NINE THROUGH TWELVE OF THIRD SUPERSEDING INDICTMENT
AND MOTION TO STRIKE
CR-18-00258 EJD                                              3

group of individuals (here, patients) of money or property. Critically, under *Lew*, the defendant must intend "to obtain money or property *from the one who is deceived*." 875 F.2d at 221 (emphasis added). The Third Superseding Indictment does not allege that patients were "deceived" by alleged misrepresentations to doctors. For example, it does not allege that doctors repeated allegedly false statements to their patients and thus unwittingly deceived patients; to the contrary, it alleges only that deceived doctors referred patients to Theranos. Under *Lew* and its progeny, that is not wire fraud because it does not involve deception of the person from whom money or property is obtained. As a result, this theory of liability flouts the convergence principle.

The Court should (again) dismiss Counts Two and Nine Through Eleven of the Second Superseding Indictment and Counts Two and Nine Through Twelve of the Third Superseding Indictment "to the extent they depend on doctor-victims." ECF No. 330 at 35. And because the Second and Third Superseding Indictments' allegations about deceiving doctors violate the convergence principle and/or will confuse and mislead the jury into believing that doctors are victims of the alleged scheme, the Court should strike all offending language from the Indictments.

DATED: August 28, 2020                                             Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2020 a copy of this filing was delivered via ECF on all counsel of record.

                                      /s/ Amy Mason Saharia
                                      AMY MASON SAHARIA
                                      Attorney for Elizabeth Holmes