1   JOHN D. CLINE (CA State Bar No. 237759)
    50 California Street, Suite 1500
2   San Francisco, CA 94111
    Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
3   Email: cline@johndclinelaw.com

4   KEVIN M. DOWNEY (Admitted Pro Hac Vice)
    LANCE A. WADE (Admitted Pro Hac Vice)
5   AMY MASON SAHARIA (Admitted Pro Hac Vice)
    KATHERINE TREFZ (CA State Bar No. 262770)
6   WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
7   Washington, DC 20005
    Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
8   Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9   Attorneys for Defendant ELIZABETH A. HOLMES

10

11                     UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15  UNITED STATES OF AMERICA,            )  Case No. CR-18-00258-EJD
                                         )
16          Plaintiff,                   )  **MOTION TO DISMISS SECOND AND THIRD**
                                         )  **SUPERSEDING INDICTMENTS AND, IN THE**
17     v.                                )  **ALTERNATIVE, FOR A BILL OF**
                                         )  **PARTICULARS**
18  ELIZABETH HOLMES and                 )
    RAMESH "SUNNY" BALWANI,              )  Date:      October 6, 2020
19                                       )  Time:     10:00 AM
            Defendants.                  )  CTRM:  4, 5th Floor
20                                       )
                                         )  Hon. Edward J. Davila
21  _____ )

22

23

24

25

26

27

28

1

## **MOTION TO DISMISS**

2          PLEASE TAKE NOTICE that on October 6, 2020 at 10:00 a.m., or on such other date and time

3   as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose,

4   CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does

5   respectfully move the Court pursuant to Rules 7 and 12 of the Federal Rules of Criminal Procedure to

6   dismiss the Second and Third Superseding Indictments.  In the alternative, Ms. Holmes moves for an

7   order instructing the government to provide a bill of particulars.  The Motion is based on the below

8   Memorandum of Points and Authorities, the record in this case, and any other matters that the Court

9   deems appropriate.

10

11  DATED: August 28, 2020

12

13                                          /s/ Amy Mason Saharia
                                            KEVIN DOWNEY
14                                          LANCE WADE
                                            AMY MASON SAHARIA
15                                          KATHERINE TREFZ
                                            Attorneys for Elizabeth Holmes
16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS AND, IN THE ALTERNATIVE, FOR
A BILL OF PARTICULARS
CR-18-00258 EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................1

    I.    Ms. Holmes Restates and Incorporates by Reference Her Prior Motions To Dismiss..................................................................................................................1

    II.    The Court Should Dismiss the Indictments Insofar As They Allege That Ms. Holmes Failed To Disclose Material Facts to Investors. ......................................2

    III.    Ms. Holmes Restates and Incorporates by Reference Her Prior Motion for a Bill of Particulars. .................................................................................................7

CONCLUSION..................................................................................................................8

# TABLE OF AUTHORITIES
## CASES

<u>Pages</u>

*United States v. Brunson*, 54 F.3d 673 (10th Cir. 1995)............................................................... 5

*United States v. Dowling*, 739 F.2d 1445 (9th Cir. 1984) ............................................................. 3

*United States v. Laurienti*, 611 F.3d 530 (9th Cir. 2010) .................................................... 3, 4, 7

*United States v. Milovanovic*, 678 F.3d 713 (9th Cir. 2012) .............................................. 4, 5, 7

*United States v. Pappert*, 112 F.2d 1073 (10th Cir. 1997) ................................................. 4, 5, 7

*United States v. Shields*, 844 F.3d 819 (9th Cir. 2016)..................................................... *passim*

*United States v. Skelley*, 442 F.3d 94 (2d Cir. 2006) ............................................................ 3, 4

*United States v. Spanier*, 744 F. App'x 351 (9th Cir. 2018) ..................................................... 2

*United States v. Szur*, 289 F.3d 200 (2d Cir. 2002) ................................................................. 3

*United States v. Williams*, 441 F.3d 716 (9th Cir. 2006) ............................................................ 5

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Elizabeth Holmes moved to dismiss the prior Superseding Indictment on multiple grounds and, in the alternative, moved for a bill of particulars.  ECF Nos. 204, 205, 206.  The Court granted those motions in part and denied them in part.  ECF No. 330.  The government has now returned Second and Third Superseding Indictments ("Indictments"), ECF No. 469, which repeat many of the deficiencies that were the subject of Ms. Holmes' prior motions.  Ms. Holmes thus moves to dismiss these Indictments on the same grounds as in her prior motions.  She also moves for a bill of particulars on the same grounds.

### I.    Ms. Holmes Restates and Incorporates by Reference Her Prior Motions To Dismiss.

Ms. Holmes moved to dismiss the Superseding Indictment on the following grounds:

1. The indictment was unconstitutionally vague because it failed to identify the allegedly fraudulent representations.  ECF No. 204 at 2-8; ECF No. 296 at 1-6.  The Court denied this motion in relevant part.  ECF No. 330 at 6-12.

2. Paragraphs 12(D), 12(E), and 16 of the indictment failed to allege the essential element of material falsity.  ECF No. 205 at 3-6; ECF No. 297 at 1-7.  The Court denied this motion.  ECF No. 330 at 20-23.

3. The indictment failed to allege a duty to disclose sufficient to support a fraud-by-omission theory.  ECF No. 205 at 6-8; ECF No. 7-9.  The Court denied this motion.  ECF No. 330 at 23-26.  As discussed in more detail below, the Court held that the indictment alleged facts giving rise to a duty to disclose to investors on account of a relationship of trust.  *Id.* at 24-25.

4. Counts Two and Nine through Eleven failed to allege intent to defraud doctors or nonpaying patients.  ECF No. 206 at 8-9; ECF No. 298 at 3-8.  The Court granted this motion in relevant part.  ECF No. 330 at 27-35.  Ms. Holmes addresses the government's failure to comply with this aspect of the Court's prior ruling in a separate motion to dismiss filed contemporaneously herewith.

5. Counts Two and Nine through Eleven failed to allege intent to defraud any patients because they did not allege a misrepresentation going to the benefit of the bargain between Theranos

and patients.  ECF No. 206 at 10-13; ECF No. 298 at 8-10.  The Court denied this motion in relevant part.  ECF No. 330 at 35-38.

Because the arguments previously denied by the Court apply with full force to the Second and Third Superseding Indictments, in an abundance of caution, and to preserve any and all arguments, Ms. Holmes restates and incorporates by reference these prior arguments.

## II.     The Court Should Dismiss the Indictments Insofar As They Allege That Ms. Holmes Failed To Disclose Material Facts to Investors.

Ms. Holmes respectfully submits that one aspect of the Court's prior ruling in particular warrants reconsideration.  Ms. Holmes moved to dismiss the prior indictment insofar as it alleged that Defendants committed fraud by omission, arguing that the indictment did not allege facts giving rise to a duty to disclose.  ECF No. 205 at 6-8.  In response, the government argued that Defendants owed a duty to disclose to investors because the alleged misrepresentations "misled investors and led them to trust Defendants."  ECF No. 266 at 8-9.  This Court agreed with the government, holding that the indictment sufficiently alleged that Defendants had "a duty of trust with investors."[1]  ECF No. 330 at 26.  Ms. Holmes respectfully submits that that ruling was erroneous because the Court failed to consider whether Ms. Holmes acted *for the benefit of* investors.  *See United States v. Shields*, 844 F.3d 819, 823 (9th Cir. 2016) (holding informal fiduciary relationship may exist when "one party acts for the benefit of another *and* induces the trusting party to relax the care and vigilance which it would ordinarily exercise").

In the Ninth Circuit, an omission may "form the basis of a scheme to defraud only when there exists an independent duty (either fiduciary or derived from an explicit and independent statutory requirement) and such a duty has been breached."  *United States v. Dowling*, 739 F.2d 1445, 1450 (9th Cir. 1984), *rev'd on other grounds*, 473 U.S. 207 (1985).  As relevant here, a fiduciary relationship may be either a formal fiduciary relationship (which plainly did not exist here) or an "informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the

---

[1] The Court also held that the indictment alleged "half-truths" that required Defendants to disclose the "whole truth" to both investors and patients.  ECF No. 330 at 26.  Half-truths and pure omissions are separate theories of falsity.  *See United States v. Spanier*, 744 F. App'x 351, 353-54 (9th Cir. 2018).  The arguments herein focus on the pure omission theory.

1  care and vigilance which it would ordinarily exercise." *Shields*, 844 F.3d at 822  (internal quotation

2  marks omitted).  Therefore, the inquiry is twofold: (1) did the defendant act for the benefit of another,

3  and, if so, (2) did the defendant induce the trusting party to relax ordinary vigilance and care.

4          The Ninth Circuit first recognized the informal fiduciary concept in *United States v. Laurienti*,

5  611 F.3d 530 (9th Cir. 2010), which presented the question whether the securities laws require brokers

6  to disclose their bonus commissions to clients.  *Id.* at 537.  Adopting the Second Circuit's reasoning in

7  *United States v. Szur*, 289 F.3d 200 (2d Cir. 2002) and *United States v. Skelley*, 442 F.3d 94 (2d Cir.

8  2006), the Ninth Circuit held that "if a broker and a client have a trust relationship, as described by the

9  Second Circuit, then the broker has an obligation to disclose all facts material to that relationship."

10  *Laurienti*, 611 F.3d at 541.  The Second Circuit described such a relationship as one "includ[ing] 'the

11  elements of reliance and de facto control and dominance.'"  *Id.* at 540 (quoting *Skelley*, 442 F.3d at 99);

12  *see also id.* ("[W]hile there is no general fiduciary duty inherent in an ordinary broker/customer

13  relationship, a relationship of trust and confidence does exist between a broker and a customer with

14  respect to those matters that have been entrusted to the broker.  Most commonly, this relationship exists

15  in situations in which a broker has discretionary authority over the customer's account, but we have

16  recognized that particular factual circumstances may serve to create a fiduciary duty between a broker

17  and his customer even in the absence of a discretionary account." (quoting *Skelley*, 442 F.3d at 99)).

18  Accordingly, the Ninth Circuit held, "persons in trust relationships have greater duties to each other than

19  do persons involved in arms-length transactions" and thus owe a duty to disclose material facts under the

20  securities laws.  *Id.* at 540.

21          The Ninth Circuit returned to the subject of informal fiduciaries in *United States v. Milovanovic*,

22  678 F.3d 713 (9th Cir. 2012) (en banc), which involved a prosecution for honest-services fraud under 18

23  U.S.C. §§ 1341 and 1346.  The defendants in *Milovanovic* were independent contractors who provided

24  services to a government agency and helped applicants cheat on examinations to receive a license issued

25  by that agency.  *Id.* at 718.  The defendants argued that they could not be convicted of honest-services

26  fraud because they were neither employees nor agents of the agency.  *Id.* at 719.  Surveying other

27  circuits' case law, the Ninth Circuit held that a breach of fiduciary duty is required for honest-services

28

MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE
AND, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS

1   fraud but that a "trust relationship" can give rise to such a duty.  *Id.* at 721-23.  As the Ninth Circuit

2   explained, those circuits recognized that informal fiduciary relationships may exist in various

3   circumstances, but cautioned that courts "'must carefully distinguish between those arms-length

4   commercial relationships where trust is created by the defendant's personality or the victim's credibility

5   and relationships in which the victim's trust is based on defendant's position in the transaction.'"  *Id.*

6   (quoting *United States v. Pappert*, 112 F.2d 1073, 1080 (10th Cir. 1997)).[2]

7          The court concluded that it saw "no reason" why honest-services fraud could not exist in the case

8   of an informal fiduciary relationship, such as where a person "assumed a duty of loyalty comparable to

9   that owed by an officer or employee to a private entity."  *Id.* at 724 (quoting *United States v. Williams*,

10  441 F.3d 716, 723-24 (9th Cir. 2006)).  The court further explained that such a relationship would exist

11  where:

12          one person—the client—places special trust and confidence in another person—the
            fiduciary—in reliance that he will exercise his discretion and expertise with the utmost
13          honesty and forthrightness in the interests of the client such that the client relaxes the care
            and vigilance which he would ordinarily exercise, and the fiduciary knowingly accepts that
14          special trust and confidence and thereafter undertakes to act on behalf of the client based
            on such reliance. . . . [I]t is only when one party places, and the other accepts, a special
15          trust and confidence—usually involving the exercise of professional expertise and
            discretion—that a fiduciary relationship arises.
16

17  *Id.* at 723 n.9.

18         Distilling the case law, the Ninth Circuit held that a fiduciary duty for purposes of the mail-fraud

19  statute "is not limited to a formal 'fiduciary' relationship well-known in the law, but also extends to a

20  trusting relationship in which one party acts for the benefit of another and induces the trusting party to

21  relax the care and vigilance which it would ordinarily exercise."  *Id.* at 724.  Applying this definition,

22  the court held that a relationship of trust existed between the agency and the defendants because the

23

24         [2] In *Pappert*, the Tenth Circuit considered whether a defendant had abused a position of trust for
    purposes of a sentencing enhancement under § 3B1.3 of the Sentencing Guidelines, an inquiry that
25  turned on whether the defendant had an informal fiduciary relationship with his victim.  112 F.3d at
    1080.  The court emphasized that an informal fiduciary relationship arises when the "victim's trust is
26  based on defendant's *position* in the transaction."  *Id.* (quoting *United States v. Brunson*, 54 F.3d 673,
    677 (10th Cir. 1995)) (emphasis added).  In that case, the defendant's *position* as "the middleman"
27  between customers and financing sources allowed him to gain "a position of trust with respect to the
    customers."  *Id.*

28  MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE
    AND, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
    CR-18-00258 EJD                                    4

1   agency "entrusted" the defendants to honestly perform his services and the defendants "knew that the

2   State relied on their fidelity in administering and translating the tests in order to grant [licenses] to

3   applicants." *Id.*

4          The Ninth Circuit later applied this definition of a fiduciary relationship in the context of alleged

5   omissions. *See Shields*, 844 F.3d at 819.  *Shields* involved wire-fraud charges based on an allegedly

6   fraudulent investment scheme.  The defendants recruited "clients" to invest money from their savings

7   accounts, home equity loans, and retirement accounts, and promised their "clients" "contractual" and

8   "predictable" rates of return on various real estate investments.  *See* U.S. Br. at 8, *United States v.*

9   *Shields*, Nos. 14-10561, 14-10562 (9th Cir. filed Apr. 8, 2016).  On appeal, the defendants argued that

10  the district court had plainly erred "in not instructing the jury that in order to find defendants guilty

11  based on a material non-disclosure, it must first find that defendants had a duty to disclose the omitted

12  information." 844 F.3d at 822.  Discussing *Laurienti* and *Milovanovic*, the Ninth Circuit held that the

13  district court had erred.  Adopting the *Milovanovic* formulation, the Ninth Circuit held that "the

14  relationship creating a duty to disclose may be a formal fiduciary relationship, or an 'informal,' 'trusting'

15  relationship in which one party acts for the benefit of another and induces the trusting party to relax the

16  care and vigilance which it would ordinarily exercise.'" *Id.* at 823 (quoting *Milovanovic*, 678 F.3d at

17  723-24).

18         Because the defendants had not raised the instructional issue in the district court, however, the

19  Ninth Circuit reviewed the error for plain error.  It concluded that the court's error was not plain because

20  the court had applied the model instructions and there was no controlling case law on point at the time of

21  trial.  *Id.*  The Ninth Circuit further noted that it was unlikely that the outcome affected the verdict

22  because a properly instructed jury "would most likely have" found a relationship of trust between the

23  defendants and their investors.  *Id.*

24         In its ruling on Ms. Holmes' prior motion to dismiss, this Court held that the government's

25  allegations satisfy the *Shields* standard, reasoning that "Defendants['] alleged misrepresentations were

26  sufficient to relax an investor['s] ordinary duty of care because they purposefully caused an investor to

27  believe that Theranos was successful, profitable, and a secure investment."  ECF No. 330 at 25.  Ms.

28  MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE
AND, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS

1  Holmes respectfully submits that this conclusion fails to account for the entirety of the

2  *Shields*/*Milovanovic* standard.  An informal fiduciary relationship does not exist under those cases

3  simply because a defendant's alleged representations cause an investor to believe that an investment is

4  secure and the investor thus relaxes his or her ordinary standard of care.  If that were so, nearly every

5  arms-length investment relationship would be converted into an informal fiduciary relationship merely

6  because the investor believed the alleged misrepresentation.  *See Pappert*, 112 F.3d at 1080 (cautioning

7  against finding an informal fiduciary relationship where "trust is created by the defendant's personality

8  or the victim's credulity" in an arms-length commercial relationship).

9       *Shields* and its predecessors require more than an inducement to relax the ordinary standard of

10  care.  *Shields* also requires that the defendant is "'act[ing] for the benefit of another.'"  844 F.3d at 823

11  (quoting *Milovanovic*, 678 F.3d at 723).  In *Shields* and its predecessors, the defendants stood in a client-

12  type relationship with their victims, in which the victims reasonably believed that the defendants were

13  acting *on their behalves*.  *See Shields*, U.S. Br. at 8 (defendants described investors as their "clients");

14  *Milovanovic*, 678 F.3d at 724 (defendants providing services on behalf of government agency as

15  independent contractors); *Laurienti*, 611 F.3d at 540 (broker-client relationship).  In each case, therefore,

16  the victims were led to believe that—by virtue of the defendants' *positions* in their relationships—the

17  defendants were acting for their benefits.  That fact distinguishes a "trust relationship[]" from an

18  ordinary "arms-length transaction."  *Laurienti*, 611 F.3d at 540.

19       Nothing in the Second and Third Superseding Indictments suggests that Ms. Holmes (or Mr.

20  Balwani) were acting "for the benefit of" investors.  The Indictments do not allege any *relationship*,

21  such as a client or agency relationship between Defendants and investors, for example, that might have

22  led investors to believe that Defendants were acting on their behalves.  Nothing in the Indictments

23  suggests anything other than an arms'-length relationship between Ms. Holmes and Theranos' investors.

24  Even if one could infer from the Indictments that investors may have relaxed their ordinary standards of

25  care as a result of alleged misrepresentations (which is implausible given the sophistication of

26  Theranos's investors), that does not establish that Ms. Holmes was acting for their benefits.  The

27  problem is even more stark with respect to those entities the government newly includes in its re-

28

MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE
AND, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
CR-18-00258 EJD                                    6

definition of investors.  To take one example, a business "partner" is by definition not a "client." *Shields*, U.S. Br. at 8.

Absent allegations giving rise to an inference that Ms. Holmes was acting for investors' benefits, the government cannot proceed on a theory of material omissions.  The Court should dismiss the investor counts insofar as they rest on the theory of material omissions.[3]

**III.   Ms. Holmes Restates and Incorporates by Reference Her Prior Motion for a Bill of Particulars.**

Finally, Ms. Holmes previously moved for a bill of particulars requesting the following information:  (1) details concerning the alleged false or fraudulent representations, (2) names of investors, doctors, or patients who may testify to having been deceived by an alleged false or fraudulent representation or pretense, (3) names of all known co-conspirators, and (4) facts giving rise to an alleged duty to disclose and any material omissions that are alleged to have violated that duty.  ECF No. 204 at 8-13; ECF No. 296 at 6-14.  The Court granted the motion in part and denied it in part, and ordered the government to disclose: "(1) the specific implicit and explicit false and fraudulent misrepresentations in the advertisements and marketing materials, (2) what about them is false, (3) who made them, and (4) how Defendants caused them to be made . . includ[ing] the particular tests that the Government claims Theranos was not capable of consistently producing."  ECF No. 330 at 16.  The Court also ordered the government to produce the identities of persons alleged to be co-conspirators as part of the alleged scheme to defraud investors.  *Id.* at 18-19.

The Court ordered the government to identify "the particular tests that the Government claims Theranos was not capable of consistently producing" after finding that the Superseding Indictment failed to provide sufficient notice of the tests.  Despite the Court's order, the Indictments again use expansive "including but not limited to" language when defining the alleged tests at issue.  *See e.g.*, TSI, ECF No. 469 ¶ 16.  Ms. Holmes should not have to guess which tests are at issue in this case, nor should she have to respond on the fly to an ever-changing list of at-issue tests.  The Court should again compel the government to identify the tests at issue.

---

[3] The government has never claimed that Ms. Holmes owed a duty to disclose to patients.

1    Ms. Holmes restates and incorporates by reference her prior motion for a bill of particulars and

2    the arguments in support thereof.  ECF No. 204 at 8-13; ECF No. 296 at 6-14.  The Court should require

3    full disclosure of all previously requested information.  In addition, and at a minimum, because the

4    government has substantially expanded the scope of the charged conspiracy to defraud investors (both in

5    length and scope),[4] the government should be required to amend its prior bill of particulars to include

6    any additional co-conspirators that it claims to be part of the expanded scheme to defraud investors.[5]

7                                              **CONCLUSION**

8    For the foregoing reasons, and for the reasons set forth in Ms. Holmes' prior motions to dismiss

9    (ECF Nos. 204, 205, and 206), the Court should dismiss the Second and Third Superseding Indictments

10   and should instruct the government to provide a bill of particulars.

11

12   DATED:  August 28, 2020                        Respectfully submitted,

13                                                  /s/ Amy Mason Saharia
                                                    KEVIN DOWNEY
14                                                  LANCE WADE
                                                    AMY MASON SAHARIA
15                                                  KATHERINE TREFZ
                                                    Attorneys for Elizabeth Holmes
16

17

18

19

20

21

22

23

24   [4] The Indictments expand the scope of the alleged scheme by defining "investors" to include
25   "individuals, entities, certain business partners, members of its board of directors, and individuals and
     entities who invested through firms formed for the exclusive or primary purpose of investing in
26   Theranos's securities."  *See, e.g.*, TSI, ECF No. 469 ¶ 3.  It also lengthens the charged scheme to
     defraud investors from 3 to 6 years.  *Id.* ¶ 10.

27   [5] Ms. Holmes is contemporaneously moving for a bill of particulars for information related to the
     government's new definition of "investors."

28   MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE
     AND, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
     CR-18-00258 EJD                              8

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2020, a copy of this filing was delivered via ECF on all

counsel of record.


/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE
AND, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
CR-18-00258 EJD