UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH A. HOLMES,<br><br>Defendant. | Case No. 18-cr-00258-EJD-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION**<br><br>Re: Dkt. No. 382<br><br>REDACTED, PUBLIC VERSION |

Before the Court is the Government's Motion for Examination of Defendant Elizabeth Holmes pursuant to Federal Rule of Criminal Procedure 12.2(c). This order follows full briefing and a sealed hearing, which was conducted on July 8, 2020. For the reasons stated on the record and those set forth below, the Court GRANTS the motion.

**I.   BACKGROUND**

Pursuant to Federal Rule of Criminal Procedure 12.2(b)(1), on December 16, 2019, Defendant Holmes provided notice to the Government of her intent "to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt . . . ." Fed. R. Crim. P. 12.2(b)(1); *see* Dkt. No. 382 ("Mot."). At the Government's request, she supplemented the notice in a letter dated January 17, 2020. *See id.*; Dkt. No. 383, Ex. 1 (copy of letter). The letter discloses the name and CV of Defendant Holmes's expert, Dr. Mindy Mechanic; it also lists the topics of Dr. Mechanic's potential testimony. At a high level, the testimony would cover ███████████████████████████████████████ ████████████████████████████████████████████████████████████████, all during the period of the alleged

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
1

conspiracy. *Id.* at 1-2. The notice further indicates that Dr. Mechanic's testimony would be based on an examination consisting of psychological testing and "structured and semi-structured interviews." Dkt. No. 383, Ex. 1 at 2, Ex. 3 at 1.

On March 24, 2020, the Government requested that Defendant Holmes participate in an examination by the Government's experts pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B). Dkt. No. 383, Ex. 2 (copy of letter). Defendant Holmes responded on March 26, 2020, indicating that she would not submit to a government examination absent an order from the Court. Dkt. No. 383, Ex. 3 (copy of letter).

Accordingly, on March 31, 2020, the Government filed the instant motion for a government examination pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B). Defendant Holmes filed her Opposition on June 8, 2020, Dkt. No. 414 ("Opp."), and the Government replied on June 15, 2020, Dkt. No. 431 ("Reply"). The Court heard oral argument at a sealed hearing on July 8, 2020 at 10 a.m. and GRANTED the motion from the bench. Dkt. No. 444. This Order provides the Court's full reasoning.

## II.   DISCUSSION

In its motion, the Government asks the Court to order Defendant Holmes to submit to an examination by its two experts, under procedures described more fully below. Defendant Holmes opposes an examination; she also objects to the procedures proposed by the Government. The Court first addresses the threshold issue of whether to order an examination; then, because the answer is yes, the Court considers what procedures shall be followed.

### A.   Examination

The Government's motion for an examination is made pursuant to Federal Rule of Criminal Procedure 12.2. Rule 12.2 requires a defendant to give notice if she "intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt." Fed. R. Crim. P. 12.2(b). Once notice is given, "the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." Fed. R. Crim. P. 12.2(c)(1)(B).

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
2

There is little case law regarding when a court should order a defendant to submit to an examination regarding her Rule 12.2(b) defense pursuant to Rule 12.2(c)(1)(B). It is clear, however, that "where a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit an offense, the prosecution may present psychiatric evidence in rebuttal." *Kansas v. Cheever*, 571 U.S. 87, 94 (2013). As the Supreme Court has explained, "[a]ny other rule would undermine the adversarial process, allowing a defendant to provide the jury, through an expert operating as proxy, with a one-sided and potentially inaccurate view of his mental state at the time of the alleged crime." *Id.*

Rule 12.2, in turn, serves this interest in an adversarial presentation on a defendant's Rule 12.2(b) defense. The purpose of the Rule is to enable the Government to effectively "prepare for cross-examination of the defendant's expert witnesses and to present any rebuttal witnesses to counter the defense expert's testimony." *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir. 1986). First, the notice provision "give[s] the government time to prepare to meet the issue, which will usually require reliance upon expert testimony." Fed. R. Crim. P. 12.2 advisory committee's note to 1974 enactment; *see also LeCroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. 2014) (explaining that Rule 12.2 "giv[es] the Government a chance to prepare its own mental-health evidence in rebuttal," as "the preparation of mental-health evidence frequently requires the use of expensive and time-consuming experts"). Then, recognizing that the government may require its own examination of the defendant in order to verify the defendant's claims of a mental disease or defect, the Rule authorizes the Court to order such an examination. Fed. R. Crim. P. 12.2(c)(1)(B). Hence, although an examination is not mandatory in every case, one should be ordered if it is "necessary for the government fairly to rebut the defendant's expert evidence," *United States v. Davis*, 93 F.3d 1286, 1293 (6th Cir. 1996); *cf. Buchbinder*, 796 F.2d at 915 (finding the government had been prejudiced by lack of notice of the defendant's intent to present expert testimony because it "did not have sufficient time prior to trial to have the defendant examined by its own expert witnesses").

Of particular import here, the Supreme Court has recognized that where the defense

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
3

expert's evidence is based upon an examination of the defendant, "the only effective means of challenging that evidence [is] testimony from an expert who has also examined him." *Cheever*, 571 U.S. at 94; *accord Hess v. Macaskill,* 67 F.3d 307 (9th Cir. 1995) ("The only way the state may rebut the defense [based on battered woman syndrome] is to conduct its own examination and present its own expert testimony."); *United States v. Haworth*, 942 F. Supp. 1406, 1407–08 (D.N.M. 1996) ("The Government's expert cannot meaningfully address the defense expert's conclusions unless the Government's expert is given similar access to . . . an independent interview with and examination of the defendant."). The Ninth Circuit has likewise held that, "[b]ecause the government has the burden of proof, it should have access to the same type and quality of evidence as the defense." *United States v. July*, 958 F.2d 379 (9th Cir. 1992) (considering an examination ordered pursuant to the district court's inherent powers, because the prior version of Rule 12.2(c) covered only claims of mental incompetency and insanity); *see also Hess,* 67 F.3d at 307 ("The state should be entitled to the same quality of evidence as the defense."). In *July*, the defense expert "gave an opinion, based on psychological testing and a personal interview, that [the] defendant had symptoms consistent with [battered woman syndrome ("BWS")]"; the government's experts "were therefore entitled to examine July and conduct their own evaluation of her BWS claim." *Id.*

Applying these principles, the Court finds that an examination is warranted in this case. Dr. Mechanic does not propose merely to speak "generally" about "the effects of a particular condition," *Davis*, 93 F.3d at 1293; rather, she intends to offer an opinion as to whether Defendant Holmes ███████████████████████████████████████ Furthermore, Dr. Mechanic's testimony will be based on an examination of Defendant Holmes. Under these circumstances, the Court agrees with the Government that its experts must be permitted to conduct their own examination of Defendant Holmes in order to mount an effective rebuttal. The Government's request is, therefore, GRANTED, subject to the procedures described below.

### B. Procedures

Having concluded that the Government is entitled to an examination of Defendant Holmes,

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
4

United States District Court
Northern District of California

the Court now turns to the appropriate procedures for the examination.

### i. Length

The Government proposes an examination of not more than 14 hours, to be conducted over two consecutive days from 9 a.m. to 4 p.m. each day with an hour break for lunch. Mot. at 9. The defense does not object, and the Court agrees that the proposal is reasonable. As noted at the hearing, the Court also expects that there will be other breaks throughout the day, as appropriate.

### ii. Location

The examination will occur in a hotel conference room, or other neutral location, to be determined by the parties.

### iii. Experts

The Government proposes that two experts divide the two days of examination: Dr. Daniel Martell will conduct psychological testing during the first day of the examination, and Dr. Renee Binder will conduct a psychiatric evaluation during the second day of the examination. *See* Mot. at 9.

Defendant Holmes objects the Government's use of two experts, arguing that the Government "has presented no justification for this approach." Opp. at 7. She contends that the Government is simply attempting "to conduct multiple examinations by multiple examiners" with "apparently similar qualifications." *Id.*

The objection is overruled. The Court sees no problem with the Government's decision to divide its 14 hours of examination across two experts instead of using a single expert. The Government explains that Dr. Martell, a psychologist, and Dr. Binder, a psychiatrist, will work together in a "team approach." Reply at 10. "Much as a physician might order bloodwork as part of a medical work-up," Dr. Martell will first administer "nationally normed," "objective psychological testing," the results of which will "help to inform Dr. Binder's opinions." Dkt. No. 434 ("Martell Decl.") ¶¶ 4-6. Dr. Binder will then conduct a "psychiatric examination by talking with the individual." Dkt. No. 432 ("Binder Decl.") ¶ 5. She will also "incorporate the findings on the psychologic testing into [her] overall assessment." *Id.* ¶ 6.

Based on the foregoing, the Court is persuaded that the two examinations "are not duplicative, but rather complementary." Martell Decl. ¶ 4. Moreover, Defendant Holmes has not claimed that she would be prejudiced by the Government's approach, which does not affect the length of the examination. The Court therefore overrules Defendant Holmes's objection and approves the Government's proposal.

### iv. Access to Counsel

Pursuant to the parties' agreement, no counsel will be present during the examination; no one but Defendant Holmes and one forensic examiner will be present at any given time during the examination. *See* Mot. at 9; Opp. at 8.

Defendant Holmes requests that her counsel be available for consultation during the examination, either physically nearby or via phone. Opp. at 8. The Government does not object. Reply at 11. The request is therefore granted. *Hess v. Macaskill*, 67 F.3d 307 (9th Cir. 1995) (approving of a similar procedure). The Court leaves the development of specific protocols to the parties, though the Court expects that the defense will endeavor to avoid frequent interruptions.

### v. Recording

The Government asks that the examination be video recorded, with a transcript to be prepared. Mot. at 9; Reply at 5-6. The Government has agreed for the video to capture the examiner as well as Defendant Holmes and for the video to be simultaneously produced to both the Government and the defense. Mot. at 9.

The Government makes four arguments in support of its request. The Government first explains that video recording alleviates the burden of notetaking by the examiner while ensuring an accurate record of questions and answers. Reply at 5. This allows for a "more natural, time-efficient, and comfortable examination" and aids the experts in preparing their report. Martell Decl. ¶ 8. Second, the Government emphasizes that the video recording protects all parties, especially the Defendant. As another district court put it, the recording "provides the defense with the tools necessary to act if a government evaluation intrudes upon [the defendant's] rights." *United States v. Fell*, 2015 WL 13781291, at *2 (D. Vt. Oct. 9, 2015). Third, the Government

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
6

points out that admissibility issues are likely to be litigated before and during trial, and that a comprehensive and accurate record would greatly aid the Court's determinations. Reply at 6. Finally, the Government notes that the American Bar Association's Criminal Justice Standards on Mental Health[1] recommend audio or video recording of examinations, and that such recording has been ordered by other courts. *See, e.g.*, *Fell*, 2015 WL 13781291, at *2; *United States v. Sampson*, 335 F. Supp. 2d 166, 247 (D. Mass. 2004).

The defense objects to recording the examination. It argues that although a defendant may request recording to protect her interests, the Government is not similarly entitled to recording. *Id.* (citing *United States v. Christensen*, No. 17-CR-20037-JES-JEH, 2019 WL 1569348, at *2 (C.D. Ill. Apr. 11, 2019); *Nelson v. United States*, No. 4:04-CV-8005-FJG, 2010 WL 2010520, at *3 (W.D. Mo. May 18, 2010)). The defense also raises the concern that the recording would negatively affect the tenor of the interview. Opp. at 6 (citing *Christensen*, 2019 WL 1569348, at *2).

The Court holds that, under the circumstances of this case, video recording the examination is warranted. It is true that the Government "has no right to insist" on recording the examination, *Nelson v. United States*, 2010 WL 2010520, at *3. The Court nevertheless concludes that, for the reasons given by the Government, recording the examination would serve all the parties' interests and the interests of justice. In particular, Defendant Holmes has argued vehemently in her motion papers that the examination raises Fifth Amendment concerns and will only be admissible for certain purposes. *See, e.g.*, Opp. at 3-4. The recording will facilitate her bringing any such issues to the Court, as well as an efficient and fair adjudication of those issues. The Court also acknowledges that the presence of a recording device can be stressor. But again, for the reasons already given, that risk is outweighed by the many benefits of video recording. Accordingly, the Government's request to video record the examination is granted.

---

[1] American Bar Association, Criminal Justice Standards on Mental Health 7-3.5(d) (August 8, 2016 version), available at https://www.americanbar.org/content/dam/aba/publications/criminal_justice_standards/mental_health_standards_2016.authcheckdam.pdf.

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
7

### vi. Disclosure of Topics of Inquiry

The defense requests that the Court require the Government to give "[a]dvance notice of the details of the proposed examination"—specifically, the "tests to be administered," the "structured interview methods," and the "topics of inquiry" during the interview—so that the defense may object in advance of the examination. Opp. at 4-5. Defendant Holmes believes this procedure is necessary to ensure that the examination does not extend beyond rebuttal of her Rule 12.2(b) defense or otherwise violate her Fifth and Sixth Amendment rights. Opp. at 3-4.

The Government opposes the defense's proposal. The Government agrees that its examination is limited to rebuttal, but emphasizes that its rebuttal is naturally "tied to the scope of Holmes's defense." Reply at 7. That is, Holmes's claims "regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" span many years; furthermore those claims purport to form a defense against a fraud alleged to have spanned at least 6 years. Reply at 7. Because this defense is so broad, the Government says, its examination will need to be similarly broad in order to adequately rebut the defense. *Id.*; *see* Binder Decl. ¶ 8 ("In order to evaluate Ms. Holmes' [sic] claims regarding her emotional and mental condition at the time of the criminal acts, I will need information regarding her level of functioning and her state of mind prior to, during, and after the conduct."). Moreover, as its experts explain, "the exact tests to be administered will . . . be determined based upon" "clinical indications at the time of the examination itself," as determined through "[a] brief history" and "a mental status examination." Martell Decl. ¶ 5. The Government therefore contends that advance screening of questions or tests would not be practicable.

As the parties agree, the examination is for rebuttal purposes only. Accordingly, the scope of the examination is limited to the topics identified in Defendant Holmes's Rule 12.2(b) notice, namely: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
8

1   ▮▮▮▮▮▮▮▮▮▮ Dkt. No. 383, Ex. 1 (copy of letter); Opp. at 5.  However, the Court is
2   persuaded that, in light of the breadth and complexity of the noticed defense, litigating the
3   proposed testing or topics of inquiry in advance of the examination would not be practicable or
4   productive.  The Government's experts will be permitted to administer any tests and ask any
5   questions they deem necessary to form an expert opinion on the above topics.  If, after the
6   examination has been conducted, Defendant Holmes believes the Government has gone beyond
7   what is reasonably necessary for rebuttal, she will have the opportunity to bring an appropriate
8   motion to the Court.

### vii.   Discovery

The Government moves to compel discovery of (1) all psychological and/or mental health records for Defendant Holmes currently in her custody or control, and (2) all reports, test results, raw testing data, and notes, for any and all examinations and interviews completed by Dr. Mechanic (and any other retained Rule 12.2 mental health expert).  Mot. at 7-8, 10.  The Government asks that the defense produce both sets of discovery in advance of the examination.

As to the first request, Defendant Holmes responds that she will "produce medical records prepared or considered by Dr. Mechanic or those on which Ms. Holmes will rely in her case-in-chief at trial," but that the Government is not entitled to any mental health records not relied upon by Dr. Mechanic.  Opp. at 9.  The Court agrees with Defendant Holmes.  The Government has not cited any authority for the proposition that Ms. Holmes must produce records beyond those relied upon by Dr. Mechanic or to be introduced at trial in support of her Rule 12.2(b) defense.  In particular, the Government has not shown that such records would be "relevant" to Ms. Holmes's Rule 12.2(b) defense, or that the Government might otherwise need the records "to effectively contest or impeach" the defense.  Reply at 11 (quoting *United States v. Wilson*, No. 04-CR-1016 NGG, 2012 WL 3890951, at *5 (E.D.N.Y. Sept. 7, 2012)).  The Court therefore finds that Defendant Holmes's proposed discovery is sufficient and will not compel additional discovery at this time.  However, the Government may renew its motion as to specific categories of documents, as such issues arise.

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
9

As to the second request, Defendant Holmes acknowledges that she is obligated to produce such information pursuant to Federal Rules of Criminal Procedure 16(b). Opp. at 8. The Government's request for all reports, test results, raw testing data, and notes, for any and all examinations and interviews completed by Dr. Mechanic (and any other retained Rule 12.2 mental health expert) is therefore granted.

The only remaining dispute is the deadline for the discovery granted above. The Government would like to receive it in advance of the examination; Defendant Holmes would like to defer "until after the charging document is settled and the government has made any intended or required updates to its own expert and Rule 404(b) disclosures." Opp. at 10. Defendant Holmes is correct that neither Rule 12.2 nor Rule 16 requires disclosure of the defendant's expert discovery in advance of any government examination. On the other hand, it is not clear that discovery must be deferred until the parties' litigation regarding the charging document—which may extensive—is complete; moreover, the case schedule has shifted significantly since the parties submitted their briefing. Accordingly, the Court will deny the Government's request for discovery in advance of its examination; the Court will otherwise defer its decision regarding the deadline for the defense's disclosures. The parties shall prepare a proposed schedule for Rule 16 disclosures by **September 18, 2020.**

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government motion for an examination, pursuant to the procedures laid out in detail above.

Because this Order contains sealable information,[2] a redacted version shall be filed on the public docket and an unredacted version shall be filed under seal.

**IT IS SO ORDERED.**

---

[2] The Court has held in prior orders that there are compelling reasons justifying sealing of the relevant information. *See, e.g.*, Dkt. No. 271 (January 13, 2020 hearing).

Case No.: 18-cr-00258-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION FOR EXAMINATION
10

Dated: September 9, 2020

_____
EDWARD J. DAVILA
United States District Judge