UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELIZABETH A. HOLMES and RAMESH "SUNNY" BALWANI,<br>Defendants. | Case No. 18-cr-00258-EJD<br><br>**ORDER DENYING MOTION TO DISMISS SUPERSEDING INFORMATION**<br><br>Re: Dkt. No. 399 |

Before the Court is Defendants' Motion to Dismiss the Superseding Information, Dkt. No. 391. This order follows full briefing and oral argument. For the following reasons, the Court DENIES Defendants' motion.

**I.   BACKGROUND**

The Government filed a Superseding Information on May 8, 2020, Dkt. No. 391 ("Superseding Inf."), which followed the then-operative Superseding Indictment, Dkt No. 39. In response, on May 18, 2020, Defendant Holmes filed the instant motion to dismiss the Superseding Information. Dkt. No. 399 ("Mot."). There, she contends that the filing of the Superseding Information violates her Fifth Amendment right to be tried only upon "a presentment or indictment of a Grand Jury." U.S. Const. amend. V. *Id.* Defendant Balwani joins the motion in full. Dkt. No. 400. The Government filed their opposition on May 26, 2020, Dkt. No. 408 ("Opp."), and Defendants replied on June 1, 2020, Dkt. No. 409 ("Reply").

Then, on July 14, 2020, the Government filed a Second Superseding Indictment ("SSI"). Dkt. No. 449 ("SSI"). The parties were given the opportunity to address the effect (if any) of the

Case No.: 18-cr-00258-EJD-1
ORDER DENYING MOTION TO DISMISS SUPERSEDING INFORMATION
1

SSI on the motion to dismiss the Superseding Information at the hearing, which the Court held via Zoom on July 20, 2020. Dkt. No. 408. The SSI was subsequently superseded by the Third Superseding Indictment ("TSI"). Dkt. No. 469 ("TSI").

## II. DISCUSSION

Defendants move to dismiss the Superseding Information on the ground that it violates the Fifth Amendment to the U.S. Constitution and Federal Rule of Criminal Procedure Rule 7(a)(1). Mot. at 1. A criminal defendant has a Fifth Amendment right to be tried only upon "a presentment or indictment of a Grand Jury," U.S. Const. amend. V, which neither Defendant has waived. Federal Rule of Criminal Procedure Rule 7(a)(1) similarly provides that any offense "punishable . . . by imprisonment for more than one year" "must be prosecuted by an indictment." Fed. R. Crim. P. 7(a)(1). These protections apply when the Government seeks to amend the charges against a defendant: "[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). Because the Superseding Information was not returned by a grand jury, Defendants argue that it must be "deemed without legal effect and dismissed immediately." Mot. at 1.

The Government opposes dismissal. It acknowledges that the Superseding Information is broader than the Superseding Indictment. The Government also concedes that the Superseding Information does not permit it to prosecute the Defendants on any new charges, and that an indictment is constitutionally required in order to do so. But the Government argues that the Superseding Information here violates neither of those rules. Instead, the Government explains, the Superseding Information "accomplishes two important purposes": (1) "it permits the Court to require the defendant to appear for further proceedings on the specific charges"; and (2) "provides formal notice of the charges and satisfies the statute of limitations." Opp. at 2. According to the Government, the Superseding Information was necessary because grand jury proceedings in this District were suspended on March 16, 2020 until June 2020 due to the COVID-19 public health emergency. *See* General Order 72, IN RE: Coronavirus Disease Public Health Emergency (adopted Mar. 16, 2020); General Order 72-2, IN RE: Coronavirus Disease Public Health

Case No.: 18-cr-00258-EJD-1
ORDER DENYING MOTION TO DISMISS SUPERSEDING INFORMATION
2

Emergency (adopted Apr. 30, 2020).  The Government therefore asks the Court not to dismiss the Superseding Information, and instead to consider its legal effect as those two issues arise.

The Court agrees with the Government.  Again, it is undisputed that "the Fifth Amendment and Federal Rule of Criminal Procedure 7 require that offenses punishable by imprisonment for more than one year be prosecuted by indictment," and that the Superseding Information does not authorize the acceptance of a guilty plea or a trial on the relevant charges.  Opp. at 1.  It does not follow, however, that the Superseding Information is "without legal effect" and must be "dismissed immediately," Mot. at 1.  As the Seventh Circuit put it, Rule 7 "does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver."  *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998); *accord United States v. Cooper*, 956 F.2d 960, 962 (10th Cir. 1992).  In other words, it is the *prosecution* of a defendant without an indictment that violates the Constitution and Rule 7—not the *filing* of an information.

Moreover, the issues of whether the Superseding Information in fact "permits the Court to require the defendant to appear for further proceedings on the specific charges" or "satisfies the statute of limitations" for a later-returned indictment, Opp. at 2, are not currently before the Court.  The Government did not ask the Court to require Defendants to appear for any specific proceedings based on the Superseding Information, and any statute of limitations issue would arise under the SSI or the TSI rather than the Superseding Information.  Consequently, the Court is not prepared to say that the Superseding Information has no legal effect at this time.  The Court will determine the Superseding Information's legal effect when the relevant issues are squarely presented.

Thus, although the Court confirms that the Government may not prosecute the Defendants on the expanded charges in the Superseding Information, dismissal of the document is not warranted at this stage.

### III.   CONCLUSION

For the foregoing reasons, the Court will DENY without prejudice the Defendants' motion

Case No.: 18-cr-00258-EJD-1
ORDER DENYING MOTION TO DISMISS SUPERSEDING INFORMATION
3

to dismiss the Superseding Information.

**IT IS SO ORDERED.**

Dated: September 11, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 18-cr-00258-EJD-1
ORDER DENYING MOTION TO DISMISS SUPERSEDING INFORMATION
4