JEFFREY B. COOPERSMITH (SBN 252819)
WALTER F. BROWN (SBN 130248)
MELINDA HAAG (SBN 132612)
RANDALL S. LUSKEY (SBN 240915)
STEPHEN A. CAZARES (SBN 201864)

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

Email: jcoopersmith@orrick.com; wbrown@orrick.com;
       mhaag@orrick.com; rluskey@orrick.com;
       scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HOLMES, et al., <br><br> Defendants. | Case No. 5:18-cr-00258-EJD <br><br> **DEFENDANT RAMESH "SUNNY" BALWANI'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS BASED ON PRE-INDICTMENT DELAY** <br><br> Date: October 6, 2020 <br> Time: 10:00 a.m. <br> Judge: Honorable Edward J. Davila <br> Ctrm: 4, 5th Floor |

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ............................................................................................................. 1

II.   DISCUSSION .................................................................................................................. 2

    A.   The delay between the original indictment and the Second Superseding Indictment supports dismissal. ................................................................................ 2

    B.   The lack of justification for the government's delay supports dismissal. ............... 3

    C.   The volume of and deficiencies in the government's discovery productions explain why Mr. Balwani has agreed to exclude time under the Speedy Trial Act. ................................................................................................................. 5

    D.   Mr. Balwani has shown that he will likely suffer prejudice if the new indictments are not dismissed. .................................................................................. 5

III.  CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*McNeely v. Blanas*,
   336 F.3d 822 (9th Cir. 2003)......................................................................................................1, 4

*United States v. Cutting*,
   No. 14-CR-00139-SI-1, 2017 WL 66837 (N.D. Cal. Jan. 6, 2017) ................................2, 3, 4, 5

*United States v. Gregory*,
   322 F.3d 1157 (9th Cir. 2003)...................................................................................................2, 3

*United States v. King*,
   483 F.3d 969 (9th Cir. 2007).....................................................................................................1, 3

**Rules**

Fed. R. Crim. P. 48(b) ...................................................................................................................2, 5

## I. INTRODUCTION

Mr. Balwani's motion is about the government's inexcusable delay in bringing new charges in its Second Superseding Indictment ("SSI") and Third Superseding Indictment ("TSI"). *See generally* Mot. (Dkt. 493). In response, the government claims that it "strains credulity to think that [the defendants] have not performed work to understand what happened" in Theranos's relationships with the newly identified alleged victims. Opp'n (Dkt. No. 514) at 16. Indeed, the government proclaims that Mr. Balwani has "had discovery relating to Walgreens, Safeway, and Theranos board members since the government's initial production and could not have failed to appreciate the government's intent to use such evidence." *Id.* Thus, according to the government, the new indictments' dramatic expansion of the length of the alleged conspiracy and the class of victims was knowable from the outset, and it is Mr. Balwani's fault for not combing through the discovery with an eye to determining what else the government could have charged. Putting aside this novel view of how criminal prosecution works, the government's admission that it had the information necessary to bring the new charges all along crystalizes precisely the problem that Mr. Balwani's motion identifies. Not one syllable of the government's brief contests that the government has had the facts needed to press these charges from the start. And nowhere does the government explain how any of the court's earlier rulings relates to the government's "re-evaluat[ion of] the charging language." *Id.*

Those glaring omissions confirm what Mr. Balwani showed in his motion and supporting papers: the government has had all the documents and facts about Walgreens, Safeway, the Theranos Board, and the duration of these relationships from the get-go. It made a tactical choice to withhold those charges. Tactics are allowed in litigation, but not to the point of creating pre-indictment delay in violation of a criminal defendant's Sixth Amendment rights. As the Ninth Circuit has held, the reason for the government's delay in bringing new charges "is the 'focal inquiry'" when deciding whether delay merits dismissal. *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (citation omitted). And the government bears the burden of explaining that reasoning. *See McNeely v. Blanas*, 336 F.3d 822, 827 (9th Cir. 2003). It has not even tried.

Neither the complexity of this case, the volume of discovery, nor the challenges posed by

COVID-19 have anything to do with whether the government could have brought the charges in the SSI and the TSI in 2018, rather than spring them on Mr. Balwani in 2020 after he had expended vast efforts to meet the government's already complex charges. More importantly, the government does not pretend otherwise.

Because of this delay between charging instruments—eighteen months even on the view most generous to the government—the absence of justification for the delay, and the presumptive resulting prejudice to Mr. Balwani, the SSI and TSI must be dismissed.

## II. DISCUSSION

Dismissal is appropriate here after considering the four key factors that govern Sixth Amendment speedy trial analysis: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights under the Speedy Trial Act; and (4) the prejudice to the defendant. *See United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003). Here, three of those factors favor dismissal, while one—whether Mr. Balwani has asserted his statutory speedy trial rights—is explained by the voluminous and still ongoing discovery and the complexity to which the government itself points in trying to explain its delays.[1]

### A. The delay between the original indictment and the Second Superseding Indictment supports dismissal.

The Ninth Circuit has held that delays between indictment and trial "approaching one year are presumptively prejudicial." *Gregory*, 322 F.3d at 1162. Indeed, even a six-month delay may be a "borderline case," depending on its complexity, though there is a "general consensus among the courts of appeals that eight months constitutes the threshold minimum." *Id.* at 1162 n.3.

And as Mr. Balwani explained in his motion, this factor would weigh in his favor regardless of how the court measures the relevant time. *See* Mot. at 9–10. Despite the government's extensive focus on the delays flowing from COVID-19, more than 20 months passed between the original indictment and the government's May 2020 service of a draft

---

[1] Based on Judge Illston's decision in *United States v. Cutting*, No. 14-CR-00139-SI-1, 2017 WL 66837 (N.D. Cal. Jan. 6, 2017), a similar analysis would also support dismissal under Federal Rule of Criminal Procedure 48(b).

1  superseding information on *Ms. Holmes*. Opp'n at 7. Even giving the government the benefit of
2  every possible doubt and assuming that a grand jury would have returned the SSI before grand
3  jury proceedings were suspended in March 2020, the delay is presumptively prejudicial. *See*
4  *Gregory*, 322 F.3d at 1162; *Cutting*, 2017 WL 66837, at *7 n.10.

5        The government's only counter to this timeline is to point out that this case is complex,
6  and to cite a string of cases rejecting Sixth Amendment challenges to lengthy delays in other
7  complex cases. *See* Opp'n at 11 (citing cases). Yet—as discussed below—this rote analysis
8  misses the mark because the complexity here has nothing to do with the government's deliberate
9  decision to hold back expanded charges in violation of the Sixth Amendment.

10  **B.  The lack of justification for the government's delay supports dismissal.**

11        The government's tactical delay means that the second factor weighs heavily in favor of
12  dismissal. As Mr. Balwani has shown, the government has had information about Theranos's
13  relationships with Walgreens and Safeway, and with its Board, since 2016—two years before it
14  brought the original indictment in this case. *See* Mot. at 3–5. And it had lab reports and other
15  information for one patient in the TSI (M.E.) before the original indictment and for the another
16  (B.B.) since October 2018, shortly after the First Superseding Indictment ("FSI"). *Id.* at 5. The
17  government disputes none of this. The Court would examine the opposition in vain looking for
18  any explanation for not earlier charging a conspiracy twice as long as the original Indictment or
19  the FSI alleges, or for adding two massive corporations as alleged victims, along with two patient
20  counts the government could have raised earlier but did not.

21        That information is simply not in the government's papers. The government's self-serving
22  procedural history is long on dates and block quotations but short on discussion of which facts
23  informing the SSI or TSI were unknown to the government long before those charging documents
24  were filed. *See* Opp'n at 2–9. Instead of responding to the "focal inquiry" in speedy trial analysis,
25  *see King*, 483 F.3d at 976, the government ducks it. It first notes the Supreme Court's observation
26  that delay may be "wholly justifiable. The government may need time to collect witnesses against
27  the accused, oppose his pretrial motions, or, if he goes into hiding, track him down." Opp'n at 10
28  (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)). Next, it asserts that the delays in

1    this case are "attributable to (1) the complexity of the case and the voluminous discovery, (2)
2    extensive pretrial motion practice, and (3) COVID-19." *Id.* at 12. But the government is zero for
3    three on these points.

4        The government had everything it needed to bring the charges in the SSI and TSI literally
5    years before it ultimately filed them in July 2020. So this time was not used to "collect witnesses"
6    or "oppose pretrial motions" with no bearing on the expanded charges. And Mr. Balwani
7    certainly did not flee. Nothing in the voluminous discovery explains the delay in these charges,
8    whose underlying facts were known to the government long ago. And COVID-19 did not present
9    a challenge here until March 2020. When the record does not show reason for the delay and the
10   government has offered no reasonable explanation, courts assume that no justifiable reason exists,
11   and "**weigh this factor heavily against the state**." *McNeely*, 336 F.3d at 827 (emphasis added).
12   That is the right course here.

13       The government spends space in its brief blaming Mr. Balwani for its own failure to
14   produce documents under its control without motions practice, and for the temerity of Mr.
15   Balwani's objecting to charging theories that the Court has ruled legally deficient. *See* Opp'n at 3
16   (noting the defendants' successful motion to compel) and 13 (arguing that Mr. Balwani could
17   have moved to dismiss the prior FSI earlier, and claiming that he should not be surprised that the
18   government "evaluated the charging document through the lens of the ruling on the motions to
19   dismiss and the defense motion practice"). Yet the government declines to raise even a single
20   argument about what connection exists between the charging theories that the Court rejected and
21   the new charges in the SSI and the TSI. There is none.

22       As with *Cutting*, the government "acted deliberately and intentionally with regard to
23   charging the new crimes added in the superseding indictment." 2017 WL 66837, at *10. As with
24   *Cutting*, "the government simply chose to seek indictment on some of the charges of which it was
25   aware, while holding back on others." *Id.* As with *Cutting*, the superseding charges should be
26   dismissed. The issue here is pre-indictment delay, not the time needed for Mr. Balwani to proceed
27   to trial. And on that analysis, there is no basis for the Court to reward tactics designed to hold
28   back charges in case certain theories were dismissed, only to spring them on a defendant if those

defeats came to pass. Whether under the Sixth Amendment or under Rule 48(b)—as the *Cutting* court ultimately ruled on reconsideration—these tactics should be stopped in their tracks.

### C. The volume of and deficiencies in the government's discovery productions explain why Mr. Balwani has agreed to exclude time under the Speedy Trial Act.

Mr. Balwani has never claimed to have asserted his rights under the Speedy Trial Act, or that this factor weighed in his favor. Instead, he has contended that agreeing "to certain continuances in order to have adequate time to attempt to review the voluminous discovery" does not preclude him from asserting his Sixth Amendment rights. *Cutting*, 2017 WL 66837, at *10. He is right.

The government does not contest that the volume of discovery in this case has been extraordinary. In fact, it trumpets it in trying to justify its own delays. But while extensive and deficient discovery productions do not justify the government's decision not to bring the charges in the SSI and TSI that it knew about for two years or more, it does explain Mr. Balwani's agreement to various exclusions of time when he had no realistic alternative.[2]

### D. Mr. Balwani has shown that he will likely suffer prejudice if the new indictments are not dismissed.

The government also understates the ways in which Mr. Balwani's' defense has been impaired by this avoidable delay. Mr. Balwani—like any defendant—would have allocated resources and approached the complex trial preparation for this case differently had the government's true intentions been clear from the start. At this late date—almost three years into preparing for a months-long trial—Mr. Balwani must now pivot to focus on the centrality of the newly alleged victims to the alleged conduct. The government blithely observes that Mr. Balwani has "performed work to understand what happened in those relationships." Opp'n at 16. But its emphasis is misplaced; the issue is not whether Mr. Balwani has had *access* to information about these new alleged victims, but that he learned of their alleged victimhood in a criminal case two

---

[2] The government also seems to want credit for correcting one of the deficiencies in its discovery productions emblematic of the slipshod document production that Judge Illston found problematic in *Cutting*. *See* Opp'n at 5 n.2. Yet the government completed this supposedly above-and-beyond work on September 8, 2020, after Mr. Balwani filed this motion. *See id.*

1  years after the original indictment.

2  Discovery here has exceeded 20 million pages. This volume of discovery and the gravity
3  of the charges require deciding the key areas of concern, prioritizing indicted conduct, focusing
4  on alleged victims, and strategizing resource allocation. The government is wrong to conflate Mr.
5  Balwani's receiving discovery on Walgreens, Safeway, and Theranos Board members with his
6  being on notice that Walgreens, Safeway, and Theranos Board members are alleged victims of an
7  alleged criminal conspiracy. The government's emphasis on how obvious it should have been to
8  Mr. Balwani from its investigation that Walgreens, Safeway, and Theranos Board members might
9  someday become alleged victims in a future iteration of an indictment merely highlights the lack
10 of justification for failing to bring these charges years earlier. If the government's intent to use the
11 evidence about these entities and individuals should "not be surprising" to Mr. Balwani, then it
12 should be no surprise to the government to have to account for its unjustifiable delay here. Opp'n
13 at 16.

14 Finally, Mr. Balwani cannot let pass the government's claim that "[t]he changes in the
15 Third Superseding Indictment are modest." *Id.* It strains credulity that the government continues
16 to maintain that expanding an alleged conspiracy by three years and adding two giant
17 corporations and sophisticated Board members as victims does "not radically change the case."
18 *Id.* at 17. Similarly, the government contends that the superseding indictments "do not involve
19 substantial new discovery"—more evidence that no intervening discovery or revelation justifies
20 the government's delay in bringing these charges. *Id.* at 16. The government has not denied and
21 cannot deny that these charges could have been brought much sooner.

22 **III.   CONCLUSION**

23 For these reasons, Mr. Balwani requests that the Court dismiss the Second and Third
24 Superseding Indictments.

| | |
|---|---|
| Dated: October 2, 2020 | Respectfully submitted,<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>_____<br>JEFFREY B. COOPERSMITH<br><br>Attorney for Defendant<br>RAMESH "SUNNY" BALWANI |