# EXHIBIT H

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

LANCE WADE
(202) 434-5755
lwade@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 22, 2020

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Ms. Vanessa Baehr-Jones, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

      Re:    <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani</u>
               <u>No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

      We write in response to your August 6, 2020 letter addressing the inclusion of 16 privileged documents on the government's exhibit list.  As an initial matter, we again ask that you provide the information requested in my August 11, 2020 correspondence.  That information is necessary to assess fully the government's positions.  But as you have not yet responded to that letter, we address now the remainder of the contentions in your August 6 letter.  As explained below, the government's positions and demands are without merit.

      ***First***, your reliance on cases involving fully dissolved companies is wrong on the facts and the law.  Theranos remains a going concern with litigation interests and rights to assert its privileges—all facts that the government understands given that it apparently has sought Theranos' privilege waiver for various documents.  In any event, the Theranos Assignee's right to assert Theranos' privilege appears to remain at least until the dissolution process concludes, which has not yet occurred.  *See, e.g.*, *Wallis v. Centennial Ins. Co.*, No. 2:08-cv-2558, 2013 WL 434441, at *7-9 (E.D. Cal. Feb. 1, 2013).

      ***Second***, your assertions regarding Theranos' multiple productions of privileged documents are not well taken.  We again point the government to the letters from Theranos clawing back documents that the SEC and DOJ appear not to have acted upon.  Indeed, the

**[Header banner]**

Case 5:18-cr-00258-EJD   Document 559-9   Filed 11/20/20   Page 3 of 4

**WILLIAMS & CONNOLLY LLP**

Re: United States v. Holmes and Balwani
September 22, 2020
Page 2

clawed-back documents include those on the government's exhibit list, *see* Gov. Ex. 2835 (THPFM0005266825), and in your August 6 letter, *see* THPFM0002658006, THPFM0002795585, THPFM0001456346, THPFM0001456347, THPFM0001456352, THPFM0001456354, THPFM0004738590, THPFM0001757628, THPFM0003052763.

*Third*, that David Boies and his firm represented Ms. Holmes personally should come as no surprise to the government. Your August 6 letter acknowledges Boies Schiller's representation of Ms. Holmes in 2011 through 2014, but ignores the firm's public representation of her in lawsuits (that you appear to have been actively monitoring) through November 2016. *See, e.g.*, Resp. of Defs. Theranos, Inc. and Elizabeth Holmes to Pls.' Mot. for Lead Counsel, *In re Arizona Theranos Inc. Litig.*, Lead Case No. 16-cv-2138, ECF No. 35 (D. Ariz. Sept. 2, 2016). As the government is aware, the claims in those cases overlap with allegations against Ms. Holmes in the SEC case and this criminal matter. Boies Schiller's representation of Ms. Holmes from 2014 to 2016 is thus a matter of public record, and encompassed advice on issues beyond those reflected in public pleadings. Once begun, a joint representation continues until the "client discharges the lawyer," "the lawyer withdraws," or when "it becomes clear to all parties that the clients' legal interests have diverged too much to justify using common attorneys." *See, e.g.*, *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 362 (3d Cir. 2007). That did not occur until 2016, when Ms. Holmes decided to retain attorneys separate from those who also represented her company. Mot. To Withdraw as Attorneys for Theranos, Inc. and Elizabeth Holmes, *In re Arizona Theranos Inc. Litig.*, Lead Case No. 16-cv-2138, ECF No. 89 (D. Ariz. Nov. 28, 2016).

In light of the above, the government is not entitled to "weigh [Ms.] Holmes's privilege claims." Rather, it is ethically obligated to honor Ms. Holmes' assertions, and when it sees a document that likely meets the privilege criteria we have asserted, *see* Email from L. Wade to B. Leach (June 18, 2020) ("communications involving BSF and Ms. Holmes"), it must cease review and advise us immediately, *see* Rule 4.4 of the California Rules of Professional Conduct. If the government wishes to challenge Ms. Holmes' assertions, the only proper mechanism is to raise the issue with the Court. Nor are you entitled to the documents you request relating to Ms. Holmes's representations. While the burden in litigation may rest with Ms. Holmes to establish the privilege, we have no obligation to prove it to you in the manner of your choosing. We will provide you with the information that the law requires privilege holders to provide to litigation adversaries – a privilege log.

Thank you for your prompt attention to these matters. Should the government continue to ignore its obligations and maintain the privileged documents on its exhibit list, we will have no choice but to raise the issue with the Court.

Sincerely,

*[signature]*

Lance Wade

WILLIAMS & CONNOLLY LLP

Re: United States v. Holmes and Balwani
September 22, 2020
Page 3

cc: Jeff Coopersmith, Esq. (by email)