# EXHIBIT J

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

LANCE WADE
(202) 434-5755
lwade@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 4, 2020

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Ms. Vanessa Baehr-Jones, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

Re: <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani
No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

We write in response to your October 28, 2020 letter addressing the government's treatment of documents over which Ms. Holmes has claimed privilege.

First, your demand that Ms. Holmes "provide the government with information necessary to establish her claims of privilege" is unfounded. While a party to litigation eventually must persuade *the fact-finder* on the existence of privilege when seeking to withhold privileged documents or to exclude privileged material from evidence, you cite no authority for the claim that Ms. Holmes must submit the demanded information *to the government* at the time of the government's choosing so that the government may evaluate whether it believes her privilege "assertions are well-founded." As we have explained in our prior correspondence, that is not the law. Rather, the government is ethically obligated to honor Ms. Holmes' assertions. *See* Calif. R. of Prof'l Conduct 4.4. In any event, Ms. Holmes *has* directed the government to information and case law—much of it publicly available and known to the government—supporting her assertions. *See* Ltr. from L. Wade to J. Bostic (Sept. 22, 2020). And Ms. Holmes encloses here a privilege log for the 13 documents on the government's exhibit list identified in our July 30, 2020 correspondence. That is all that is required at this point.

WILLIAMS & CONNOLLY LLP

Re: United States v. Holmes and Balwani
November 4, 2020
Page 2

      Second, the references in your letter to extensive coordination and communications between the prosecution team and taint team concerning Ms. Holmes' assertions of privilege are deeply concerning – particularly given that the taint team had access to Ms. Holmes' privileged documents and information.  Given that access, the taint team should be completely walled off from the prosecution team on these issues, and should not be engaging in the kinds of discussions referenced in your letter.  Please preserve all communications between prosecution team and taint team members, as well as any notes relating to same, as we consider whether to seek relief from the Court on these issues.

      Third, we do not agree to the government's proposal regarding the Assignee's position on privilege issues, and we reiterate our demand for all communications between the government and the Assignee on privileged or potentially privileged documents.  Among other things, we are entitled to assess whether the Assignee has waived privilege (as government correspondence suggests) or whether they merely did not consider certain communications to be privileged (as certain correspondence from the Assignee we have seen suggests).  The government has no right to unilaterally pressure the Assignee on privilege calls on certain document it believes are favorable to its case, without giving the defense the ability to assess the implications those disclosures may have on its right to present certain evidence.  We will raise this issue with the Court if the government does not revisit its position.

      Finally, neither the government's lackadaisical approach to these issues, nor the unilateral deadline in your recent letter, are well taken.  We received the government's last correspondence on this matter on August 6, 2020.  Ms. Holmes promptly—within five days—requested information necessary to evaluate the government's claims and demands therein, including the revelation that the government had some sort of arrangement with the Theranos Assignee to submit for review documents the government deems helpful to its case and potentially secure a privilege waiver.  We heard nothing from the government for over a month—prompting a follow-up letter from the undersigned on September 22, 2020, to which the government waited over a month to respond.  Unlike the government, Ms. Holmes throughout has acted promptly on her claims of privilege, contrary to the rhetoric in your October 28 letter.

      Sincerely,

      Lance Wade

cc:    Jeff Coopersmith, Esq. (by email)