JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>　　Defendants. | Case No. CR-18-00258-EJD-SVK<br><br>**DEFENDANT HOLMES' RESPONSE TO DOW JONES' MOTION TO UNSEAL**<br><br>Hon. Edward J. Davila |

Defendant Elizabeth Holmes respectfully submits this response to Dow Jones' motion to unseal certain records in this case. Doc. 881. To protect Ms. Holmes' fundamental right to a fair trial before an impartial jury, no unsealing should occur during the few days remaining before her jury is selected, sworn, and instructed to avoid media reports about the case. After that point, Ms. Holmes has no objection to the proposed unsealing, except for the limited redactions she has proposed to the Court.

## ARGUMENT

In determining whether to unseal judicial records, the Court must balance the public right of access to such records against any countervailing interests--here, Ms. Holmes' Fifth and Sixth Amendment right to a fair trial before an impartial jury. *See, e.g., Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986); *In re Granick*, 388 F. Supp. 3d 1107, 1115 (N.D. Cal. 2019).

Waiting to unseal until after the jury is selected, sworn, and instructed to avoid media reports will protect Ms. Holmes' right to a fair trial at very little cost to the public's right of access. Immediate unsealing would expose potential jurors to a spate of media reports about the newly disclosed materials. That media exposure would prolong and complicate jury selection and risk seating jurors influenced by the reports. Withholding any unsealing until after the jury has been selected, sworn, and admonished to avoid media about the case will greatly reduce those dangers. *See, e.g., Sacramento Bee v. United States District Court*, 656 F.2d 477, 482 (9th Cir. 1981) (district court excluded media from hearings at which inadmissible evidence was discussed; court of appeals cites as a "logical and workable alternative" delaying disclosure "until the material withheld from the jury might be printed without prejudice to any defendant and without inconveniencing the jury").

On the other side of the scale, withholding unsealing for a few days will have minimal effect on the public's right of access. Under Ms. Holmes' proposed approach, the public will have a full opportunity to review the sealed materials (subject to very limited redactions) beginning in early September, just a few days later than it would if the materials were unsealed immediately. Protecting Ms. Holmes' right to a fair trial before an impartial jury far outweighs that minimal burden on public access.

Once Ms. Holmes' jury has been selected, sworn, and instructed to avoid media reports about the case, only the limited redactions counsel have proposed to the Court are necessary to protect her fair trial

rights.  Those redactions involve the tiny fraction of material most likely to produce media reports of a kind even conscientious jurors would have difficulty avoiding.

### CONCLUSION

For the foregoing reasons, no unsealing should occur before Ms. Holmes' jury is selected, sworn, and instructed to avoid media reports about the case.  After that point, Ms. Holmes has no objection to the proposed unsealing, except for the limited redactions she has proposed to the Court.

DATED: August 20, 2021

/s/ John D. Cline
JOHN D. CLINE
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

# CERTIFICATE OF SERVICE

Pursuant to 18 U.S.C. § 1746, I hereby certify that copies of this Response were served via ECF on the following attorneys on the same day it was filed with the Court.

Jeffrey B. Coopersmith
Stephen A. Cazares
Amy Walsh
ORRICK, HERRINGTON & SUTCLIFFE LLP
jcoopersmith@orrick.com
scazares@orrick.com
awalsh@orrick.com

*Attorneys for Ramesh "Sunny" Balwani*

Jeffrey Benjamin Schenk
John Curtis Bostic
Robert S. Leach
Kelly I. Volkar
UNITED STATES ATTORNEY'S OFFICE
NORTHERN DISTRICT OF CALIFORNIA
jeffrey.b.schenk@usdoj.gov
john.bostic@usdoj.gov
robert.leach@usdoj.gov
kelly.volkar@usdoj.gov

*Attorneys for United States*

Steven D. Zansberg
LAW OFFICE OF STEVEN D. ZANSBERG, LLC
steve@zansberglaw.com
*Attorneys for Dow Jones & Company, Inc.*

/s/ John D. Cline
JOHN D. CLINE
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes