JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
GUY SINGER (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1-415-773-5700
Facsimile:    +1-415-773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com;
          gsinger@orrick.com; scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>HOLMES, et al.,<br><br>    Defendants. | Case No. 18-CR-00258-EJD<br><br>**DEFENDANT RAMESH "SUNNY" BALWANI'S RESPONSE TO MOTION OF DOW JONES & COMPANY INC. TO INTERVENE FOR LIMITED PURPOSE OF SEEKING TO UNSEAL JUDICIAL RECORDS IN THE COURT'S FILE, INCLUDING THE DOCKET; MOTION TO UNSEAL JUDICIAL RECORDS**<br><br>Date:   August 26, 2021<br>Time:  11:30 a.m.<br>Judge: Honorable Edward J. Davila<br>Ctrm:  4, 5th Floor (via Zoom) |

## I. INTRODUCTION

Dow Jones' motion should be denied. The Court made a careful and studied judgment, after vigorous and repeated arguments from the government seeking disclosure, to keep certain matters under seal to protect the parties' Sixth Amendment right to a fair trial. Nothing has changed simply because Dow Jones is now making the same arguments the government made. Dow Jones' motion also misstates the legal burden that defendants must meet to keep documents under seal at this time. The defendants' trials will not be closed, and Dow Jones thus will have ample ability to report on those proceedings. The Court should not revisit at this time its previous judgment as to what needs to be sealed to preserve the right to a fair trial.

Although Mr. Balwani's position is that nothing currently under seal should be unsealed, in accordance with the Court's directive Mr. Balwani has submitted proposed redactions to the pleadings identified by the Court as responsive to Dow Jones' motion. Given the reasons for the Court's sealing decision in the first instance, and consistent with the Court's prior Orders, Mr. Balwani has submitted a complete explanation of his position under seal.  Mr. Balwani submits that his proposed redactions are the maximum of what could be disclosed consistent with the Sixth Amendment.

## II. PROCEDURAL BACKGROUND

The Court severed the defendants' trials in a public Order issued on March 20, 2020. Dkt. 363. No one sought any pleadings underlying that decision for more than a year and four months. Now, Dow Jones, which publishes the *Wall Street Journal*, seeks access several categories of documents, including those underlying the Court's severance Order. *See* Dkt. 881.

On August 13, 2021, Mr. Balwani—as the Court directed—provided proposed redactions to the documents the Court identified.

## III. ARGUMENT

To start, Mr. Balwani recognizes that both the First Amendment and the common law generally allow public access to court documents. *See* Dow Jones Mot. at 11–12. However, the right of access to judicial records is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978).

1      Here, the Court has already ruled on the propriety of maintaining certain records under
2 seal. The Court did not make this ruling in a vacuum or in response to an undisputed request by
3 Mr. Balwani. Far from it. Instead, and as the government's counsel noted in the parties' meet-
4 and-confer with Dow Jones' counsel, the government has consistently and repeatedly maintained
5 that the documents at issue should be public. Even so, the Court has kept them sealed. No
6 circumstances have changed to justify revisiting that decision. For these reasons, Mr. Balwani
7 opposes all relief sought in Dow Jones' motion.

8      Second, Dow Jones incorrectly states the standard a party must meet to maintain
9 documents under seal. Contrary to Dow Jones' contention, courts—including the Ninth Circuit—
10 routinely seal non-dispositive papers in criminal cases on a showing of good cause. *See, e.g.*,
11 *United States v. Schipke*, 515 Fed. App'x 662, 664 n.1 (9th Cir. 2013) (granting request to file
12 motion to withdraw under seal for "good cause shown"); *United States v. Mahoney*, CR18-0090-
13 JCC, 2019 WL 1040402, at *4 (W.D. Wash. Mar. 5, 2019) (holding that good cause standard
14 applies to non-dispositive motions and sealing government brief on restitution); *United States v.*
15 *Carrasco*, CR 16-41-BLG-SPW, 2018 WL 563153, at *1 (D. Mont. Jan. 25, 2018) (sealing
16 sentencing memorandum for good cause); *United States v. Salyer*, No. 2:10-cr-0061 LKK DAD,
17 2014 WL 1155543, at *2 (E.D. Cal. Mar. 20, 2014) (holding that good cause standard applies to
18 non-dispositive motions and sealing declaration in support of restitution brief); *United States v.*
19 *Suliman*, No. 2:13-CR-0132-LDG-VCF, 2014 WL 176773, at *4 (D. Nev. Jan. 13, 2014)
20 (applying good cause standard to government request to seal brief opposing *Franks* hearing).

21     Each of the documents that Mr. Balwani proposes to maintain under seal—either in whole
22 or in part—is non-dispositive. Mr. Balwani thus need only meet the "good cause" standard.

23     In any event, the circumstances here also meet the heightened "compelling reasons"
24 standard that Dow Jones articulates, as set forth in Mr. Balwani's sealed brief filed
25 contemporaneously with this brief. Moreover, if the Court is inclined to grant any relief sought by
26 Dow Jones, it should limit the unsealing of any documents to track the redactions proposed by
27 Mr. Balwani.

28

## IV. CONCLUSION

For these reasons and those in his sealed submission, Mr. Balwani asks the Court to deny the relief sought by Dow Jones. If the Court determines to grant any relief to Dow Jones, it should accept Mr. Balwani's proposed redactions. Further, the Court should give Mr. Balwani the opportunity to propose redactions to any other documents it is considering in whole or in parts as candidates to unseal in response to Dow Jones' motion.

Dated: August 20, 2021

                              Respectfully submitted,

                              ORRICK, HERRINGTON & SUTCLIFFE LLP

                              JEFFREY B. COOPERSMITH

                              Attorney for Defendant
                              RAMESH "SUNNY" BALWANI