STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 18-CR-00258 EJD NMC |
| Plaintiff, | ) |
| | ) UNITED STATES' OPPOSITION TO |
| | ) DEFENDANT'S MOTION FOR ORDER ISSUING |
| v. | ) RULE 17 SUPBOENA |
| | ) |
| ELIZABETH HOLMES, | ) |
| | ) Date: N/A |
| Defendant. | ) Time: N/A |
| | ) Court: Hon. Nathanael M. Cousins |

U.S.' OPP'N TO RULE 17 MOT.,
CASE NO. 18-CR-258 EJD

The government opposes Defendant Elizabeth Holmes's Motion for an Order Issuing a Rule 17 Subpoena to patient-victim E.T.  ECF No. 922 ("Mot.").

The Crime Victims' Rights Act ("CVRA") states that crime victims, such as E.T., have a "right to be treated with fairness and with respect for the victim's dignity and privacy."  18 U.S.C. § 3771(a)(8).  The government may assert that right on behalf of victims, particularly when the victim requests it, as here.  *United States v. Crutchfield*, No. 5:14-CR-00051-DLJ-PSG, 2014 WL 2569058, at *1 (N.D. Cal. June 6, 2014) (citing 18 U.S.C. § 3771(d)(1)) (government has standing to challenge subpoenas issued to victims); *see also* ECF No. 933 (ordering government to respond to Defendant's Motion).[1]  The CVRA, in turn, prompted the adoption of Federal Criminal Rule of Procedure 17(c)(3), requiring notice and a court order to serve subpoenas seeking personal or confidential information about victims.  *Crutchfield*, 2014 WL 2569058, at *1.  The government thus has the authority to protect the victim's dignity and privacy—especially when requested by the victim herself—and does so here.

Defendant's request in the proposed subpoena is overbroad and unduly invasive of E.T.'s privacy, and the Court should deny Defendant's Motion.  *See* Mot., ECF No. 922 at 2.  Defendant's Motion seeks patient-victim E.T.'s entire medical record file from her treating physician, Dr. Asin, to evaluate "Dr. Asin's opinion that E.T. received a false positive test."  *Id.*  But the government has obtained and is preparing to produce evidence to Defendant establishing that E.T. received a false positive test from Theranos based on a subsequent negative test and other circumstantial evidence.  Nothing further is needed to evaluate the accuracy or inaccuracy of Theranos's result, particularly for the assay in question.  Thus, Defendant's request seeks irrelevant information and is overly broad for its stated purpose.

Moreover, given the nature of the assay, seeking E.T.'s entire medical record is unduly invasive and violates E.T.'s dignity and privacy.  The victim has requested the government object on her behalf to providing her entire medical file, and the government hereby does so pursuant to the CVRA.  *See*, *e.g.*, *Ray*, 337 F.R.D. at 570 ("[T]he Court recognizes [the victim's] individual dignity and

---

[1] *Accord United States v. Ray*, 337 F.R.D. 561, 571 (S.D.N.Y. 2020) ("The Government has the right to assert the victim's right to privacy, provided that the victim herself wants the Government to assert it.").

U.S.' OPP'N TO RULE 17 MOT.,
CASE NO. 18-CR-258 EJD                                   1

autonomy[,] including her right to make her own personal choices whether to ask that her personal information be kept confidential or be publicized.").

Therefore, the government opposes Defendant's Motion and requests that the Court deny issuing the requested subpoena.  Alternatively, if the Court disagrees, the government respectfully requests that the Court conduct an *in camera* review to determine whether the medical file is sufficiently relevant to the issues at trial before producing to Defendant and "place additional limits on defense counsel's use of the documents at trial."  *See In re K.K.*, 756 F.3d 1169, 1170 (9th Cir. 2014).

DATED:  August 24, 2021              Respectfully submitted,

                                     STEPHANIE M. HINDS
                                     Acting United States Attorney


                                      */s/ Kelly I. Volkar*
                                     JEFFREY B. SCHENK
                                     JOHN C. BOSTIC
                                     ROBERT S. LEACH
                                     KELLY I. VOLKAR
                                     Assistant United States Attorneys