1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  JEFFREY B. SCHENK (CABN 234355)
   JOHN C. BOSTIC (CABN 264367)
5  ROBERT S. LEACH (CABN 196191)
   KELLY I. VOLKAR (CABN 301377)
6  Assistant United States Attorneys

7        150 Almaden Boulevard, Suite 900
         San Jose, California 95113
8        Telephone: (408) 535-5061
         Fax: (408) 535-5066
9        Kelly.Volkar@usdoj.gov

10 Attorneys for United States of America

11                          UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT OF CALIFORNIA

13                                  SAN JOSE DIVISION

| | |
|---|---|
| 14 UNITED STATES OF AMERICA, | ) Case No. 18-CR-00258 EJD |
| 15     Plaintiff, | ) UNITED STATES' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION |
| 16     v. | ) FOR ACCESS TO CO-DEFENDANT'S TRIAL |
| 17 RAMESH "SUNNY" BALWANI, | ) Court: Hon. Edward J. Davila |
| 18     Defendant. | ) |
| 19 | ) |

1  The government opposes Defendant Ramesh "Sunny" Balwani's Administrative Motion for Access to the Trial of His Co-Defendant Elizabeth Holmes. ECF No. 936 ("Mot."). Defendant Balwani, along with Co-Defendant Elizabeth Holmes, both filed motions for severance, which were ultimately successful in severing their criminal trials. *See* ECF No. 943 at 5. Absent severance, Defendant Balwani and his counsel would, of course, have had firsthand access to the government's case-in-chief. Instead, his Motion goes beyond any support in precedent and seeks to reserve seats for his counsel during the entirety of his co-defendant's trial (at the expense of all other interested parties), because the government will purportedly have greater access to judging the credibility of witnesses during its case-in-chief against Co-Defendant Holmes.

Defendant has not cited a single case that stands for the proposition that defense counsel—not even Defendant, himself—have a right to be present at a co-defendant's trial after successfully moving to sever, and the government has found none. Rather, Defendant relies on a Supreme Court case that held a defendant's due process rights may be violated if required to disclose details of a defense without receiving reciprocal discovery of potential rebuttal evidence from the prosecution in return. *Wardius v. Oregon*, 412 U.S. 470, 472 (1973); Mot. at 4 (citing *Wardius*). But the Ninth Circuit recently stated that it has "generally limited *Wardius* to cases involving facial or as-applied challenges to discovery statutes or regulations that favor the prosecution." *United States v. Rusnak*, 981 F.3d 697, 706 (9th Cir. 2020); *see also United States v. Jordan*, 964 F.2d 944, 947–48 (9th Cir. 1992) ("Unlike Defendants, we do not interpret *Wardius* as establishing a general reciprocity rule applicable to the legal question before us."). *Wardius* is thus inapposite and does not give rise to any relevant due process rights to Defendant Balwani to have his counsel present at Co-Defendant Holmes's trial. *Contra* Mot. at 4 n.5.

Indeed, in *Rusnak*, the Ninth Circuit held that, even if *Wardius* did apply beyond the narrow circumstances in which it has historically applied, the defendant "would not prevail because he received the lion's share of the benefit" from the alleged error. 981 F.3d at 706. So too here. Defendant Balwani will have access to hundreds of pretrial motions, dozens of pretrial and trial rulings, daily trial transcripts, and a potential seat in one of two courtrooms with access to hearing the government's case-in-chief during Co-Defendant Holmes's trial—which involves extensive and overlapping evidence—all before his trial even begins. Notably, this access is in addition to Defendant's firsthand observation of

witness testimony in the multiple other lawsuits surrounding the same base fact pattern. *See*, *e.g.*, *SEC v. Balwani*, 18-CV-1603-EJD, ECF No. 67 at 7 (N.D. Cal.) (noting Balwani's status as a defendant with discovery rights in an enforcement action by the SEC and three civil cases (*Partner Investments*, *Colman*, and *In re Arizona Theranos, Inc. Litigation*)); *see also* ECF No. 798 at 44–45 (citing litigation between Defendant and PFM, Colman, the SEC, and the Arizona Attorney General, among others). This puts Defendant in a *better* position than the government, which was not a party to those cases, and a better position than most defendants in multiple defendant cases. *See*, *e.g.*, *United States v. Edmonson*, 962 F.2d 1535, 1543–45 (10th Cir. 1992) (affirming a district court's decision to proceed at trial *in absentia* of one of five co-defendants despite denying a motion to sever because evidence against defendants was extensive and overlapping).

Moreover, the Court should not prioritize Defendant's counsel's request for seats over the needs of other interested parties, such as victims, members of the government investigative team, counsel representing testifying witnesses, and other individuals with a direct stake in this trial. *See* 8/16/2021 Hearing Tr. at 18:22–19:18. Rather, Defendant Balwani's request should be viewed as secondary to those individuals with greater entitlement and need to view these proceedings. Contrary to his claim (Mot. at 3, 4 n.5), Defendant's counsel would thus have the same ample opportunity as the press and general public to monitor proceedings from either of the two courtrooms with access to the trial.

Finally, Defendant's assertion that nothing short of "firsthand observation of live testimony" will protect his constitutional rights lacks merit. *Cf.* Mot. at 4–5. While Defendant correctly notes the advantages of in-person observation for making credibility determinations, it is the *finder of fact* who makes credibility determinations—not either of the parties. *See*, *e.g.*, *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574–75 (1985) (district court findings regarding credibility of witnesses "demand[ ] even greater deference" due to in-court observations, but are not wholly insulated from appellate review because "[d]ocuments or objective evidence may contradict the witness' story" or it may be "implausible on its face"); *United States v. Mejia*, 69 F.3d 309, 315–16 (9th Cir. 1995) (reversing district court's denial of one-day continuance to hear live testimony in part because "[t]here can be no doubt that seeing a witness testify live assists *the finder of fact* in evaluating the witness's credibility" (emphasis added)).

Therefore, the government requests the Court deny Defendant Balwani's request to specially reserve two seats for his counsel in the audience at his Co-Defendant Holmes's jury trial.

DATED: August 26, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

*/s/ Kelly I. Volkar*
JEFFREY B. SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
KELLY I. VOLKAR
Assistant United States Attorneys