UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH A. HOLMES,<br><br>Defendant. | Case No. 18-cr-00258-EJD-1<br><br>**ORDER RE DOW JONES'S MOTION TO UNSEAL**<br><br>Dkt. No. 881 |

During the course of these proceedings, Defendants Elizabeth Holmes and Ramesh "Sunny" Balwani filed administrative requests to file certain documents under seal pertaining to their respective motions to sever their trials and the Government's motion for a psychological evaluation of Holmes pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B). The Court granted the administrative requests over the objections of the Government and provisionally sealed these filings to limit the disclosure of (1) information potentially implicating Balwani's right to a fair trial, and (2) Holmes's personal medical information in which she has a protected privacy interest. *See, e.g.*, Dkt. No. 234. The Court indicated the sealings were subject to further consideration and future rulings of the Court. *See* Dkt. No. 268.

Dow Jones and Company, Inc. ("Dow Jones") now moves to intervene for the limited purpose of moving to unseal certain documents in the judicial record. Mot. of Dow Jones & Co. to Intervene for Ltd. Purpose of Seeking to Unseal Judicial Records in the Court's File, Including the Docket, Mot. to Unseal ("Mot."), Dkt. No. 881. Among the documents Dow Jones asks the Court to unseal are: (1) all docket entries presently lacking any identifying information (i.e., those

Case No.: 18-cr-00258-EJD-1
ORDER RE DOW JONES'S MOT. TO UNSEAL
1

appearing only as "Sealed Document"), (2) all submissions associated with the Defendants' motion to sever their trials, and (3) all submissions and the closed hearing transcript associated with the Government's motion for a psychological evaluation of Holmes pursuant to Rule 12.2(c)(1)(B).

No party opposes Dow Jones's intervention. Accordingly, the motion to intervene is GRANTED. As to the motion to unseal, the parties take differing positions. The Government joins Dow Jones's Motion and urges the Court to resolve the motion prior to jury selection. Holmes does not object to unsealing the filings Dow Jones identified, with a few exceptions; however, she requests that the Court wait to unseal judicial records until after the jury is selected, sworn, and instructed to avoid media reports. Dkt. No. 930. Holmes reasons that a brief delay of unsealing will protect her right to a fair trial at very little cost to the public's right of access. *Id*. at 1. Holmes is particularly concerned that immediate unsealing will expose potential jurors to a spate of media reports about the newly unsealed materials and that this anticipated media exposure will prolong and complicate jury selection and risk seating jurors influenced by the media reports. *Id*. Balwani opposes the motion to unseal, asserting that the documents must remain under seal to protect his constitutional right to a fair trial. Dkt. No. 932, 934. At the Court's request, the parties submitted their proposed redactions.

The United States Supreme Court has held that the right to attend criminal proceedings "is implicit in the guarantees of the First Amendment." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 556 (1980). The First Amendment right of public access extends to pretrial proceedings as well as documents filed in connection with those proceedings. *Associated Press v. U.S. Dist. Ct. for Cent. Dist. of Cal*., 705 F.2d 1143, 1145 (9th Cir. 1983); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) ("Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Access to judicial records, however, is "not absolute." *Kamakana*, 447 F.3d at 1178. Criminal proceedings and documents may be closed to the public without violating the First Amendment if:

"(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990) (citing *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13 (1986)). "The first amendment right of access may sometimes conflict with a defendant's sixth amendment right to a fair trial." *Associated Press*, 705 F.2d at 1145.

Dow Jones and Balwani dispute the applicable legal standard. Dow Jones asserts that *Oregonian Publishing* requires Balwani to provide a compelling reason to seal information related to his motion to sever. Mot. at 13–14. Balwani contends that because none of the information sought to be filed under seal is dispositive, the Court need find only good cause for sealing. Dkt. No. 932, at 2. Regardless, Balwani contends that his constitutional right to a fair trial is a compelling interest that satisfies either standard. When the Court first considered the parties' administrative motions to seal, Balwani raised serious concerns that disclosure of the redacted information would compromise his right to a fair trial. Those concerns—particularly concerns regarding the proffered factual basis for Holmes's Rule 12.2 defense—led the Court to grant severance. *See* Dkt. No. 369. Having been granted a severance, Balwani can now be assured that his trial will focus solely on the Government's allegations in the indictment against him. Furthermore, whether any evidence from Holmes's trial will be admissible in Balwani's trial is yet to be determined. Balwani will have the opportunity to oppose the introduction of such evidence at his trial and the opportunity to engage in voir dire of potential jurors.

Despite the severance and procedural safeguards described above, Balwani continues to maintain that public disclosure of the sealed materials will trigger publicity regarding Holmes's Rule 12.2 defense that will nevertheless impact his right to a fair trial. Balwani's interests, however, do not control or override those of Holmes in her separate trial. Holmes has indicated that she does not oppose unsealing nearly all the materials identified in Dow Jones's motion. Instead, she requests only that the unsealing be deferred until after the jury is selected, sworn, and admonished.

Case No.: 18-cr-00258-EJD-1
ORDER RE DOW JONES'S MOT. TO UNSEAL
3

Nor do Balwani's interests override the First Amendment issues Dow Jones raises. There is a possibility that media coverage of Holmes's Rule 12.2 defense might reach the potential jury pool for Balwani's trial and influence a potential juror's perceptions of Balwani and his case. However, Balwani has not made the requisite showing of a "substantial probability" of prejudice resulting from that media coverage and that no other "less restrictive means" can adequately protect that right. *See, e.g.*, *Skilling v. United States*, 561 U.S. 358, 398 (2010) (finding no presumption of prejudice arising from pervasive negative pre-trial publicity and approving of trial court's voir dire to empanel an impartial jury); *Columbia Broad. Sys., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 729 F.2d 1174, 1179 (9th Cir. 1984) ("[E]ven when exposed to heavy and widespread publicity[,] many, if not most, potential jurors are untainted by press coverage.").

Upon consideration of the parties' written submissions and oral arguments, the Court finds it appropriate to unseal (a) all sealed entries on the docket (i.e., those appearing only as "Sealed Document"), and (b) the following documents in their entirety:

| Docket No. | Document |
|---|---|
| 191 | [Proposed] Order Granting Defendant Ramesh "Sunny" Balwani's Motion to Sever |
| 192 | Defendant Ramesh "Sunny" Balwani's Proof of Electronic Service of Sealed Documents |
| 292 | Transcript of Proceedings, January 13, 2020 |
| 301 | Declaration of Jeffrey B. Coopersmith in Support of Defendant Ramesh "Sunny" Balwani's Supplemental Memorandum in Support of Motion to Sever and Administrative Motion to Seal |
| 326 | Supplemental Declaration of Jeffrey B. Coopersmith in Support of Defendant Ramesh "Sunny" Balwani's Reply in Support of Motion to Sever |
| 343 | Declaration of Vanessa Baehr-Jones in Support of United States' Supplemental Brief in Opposition to Defendant Ramesh Balwani's Motion to Sever |
| 384 | United States' Motion for Examination of Defendant Elizabeth Holmes Pursuant to Federal Rule of Criminal Procedure 12.2(c) (Government Redacted Version) |

Case No.: 18-cr-00258-EJD-1
ORDER RE DOW JONES'S MOT. TO UNSEAL

4

| | |
|---|---|
| 413 | Declaration of Kevin M. Downey in Support of Opposition to Government's Motion for an Examination of Defendant Elizabeth Holmes Pursuant to Federal Rule of Criminal Procedure 12.2(c) |
| 430 | United States' Reply in Support of Motion for Examination of Defendant Elizabeth Holmes Pursuant to Federal Rule of Criminal Procedure 12.2(c) (Government Redacted Version) |

The Court finds it appropriate to partially unseal the following documents related to Defendants' motions to sever and Holmes's Rule 12.2 defense, with minimal redactions[1]:

| Docket No. | Document |
|---|---|
| 189 | Defendant Ramesh "Sunny" Balwani's Notice of Motion and Motion to Sever |
| 190 | Declaration of Jeffrey B. Coopersmith in Support of Defendant Ramesh "Sunny" Balwani's Motion to Sever |
| 237 | Defendant Elizabeth A. Holmes' Notice Pursuant to Federal Rule of Criminal Procedure 12.2(b) |
| 238 | Motion for Severance |
| 293 | Transcript of Sealed Proceedings, January 13, 2020, 2:30 p.m. |
| 299 | Defendant Ramesh "Sunny" Balwani's Supplemental Memorandum in Support of Motion to Sever and Administrative Motion to Seal |
| 313 | United States' Opposition to Defendant Ramesh "Sunny" Balwani's Motion to Sever |
| 324 | Elizabeth Holmes's Reply to Government's Opposition to Mr. Balwani's Motion to Sever |
| 325 | Defendant Ramesh "Sunny" Balwani's Reply in Support of Motion to Sever |
| 342 | United States' Supplemental Brief in Opposition to Defendant Ramesh Balwani's Motion to Sever |
| 351 | Defendant Ramesh "Sunny" Balwani's Surreply in Support of Motion to Sever |

---

[1] The Court finds that maintaining these minimal redactions are necessary to protect certain privacy interests of Holmes as a victim of a crime and medical information unrelated to these criminal proceedings, as well as her Fifth and Six Amendment interests as described further below. The Court finds that there are no less restrictive means available to protect those interests.

Case No.: 18-cr-00258-EJD-1
ORDER RE DOW JONES'S MOT. TO UNSEAL

5

| | | |
|---|---|---|
| | 369 | Order Granting in Part and Denying in Part Defendant Balwani's Motion to Sever; Finding Moot Holmes's Motion to Sever |
| | 382 | United States' Motion for Examination of Defendant Elizabeth Holmes Pursuant to Federal Rule Of Criminal Procedure 12.2(c) |
| | 383 | Declaration of Vanessa Baehr-Jones in Support of United States' Motion for Examination of Defendant Elizabeth Holmes Pursuant to Federal Rule of Criminal Procedure 12.2(c) |
| | 414 | Opposition to Government's Motion for an Examination of Defendant Elizabeth Holmes Pursuant to Federal Rule of Criminal Procedure 12.2(c) |
| | 431 | United States' Reply in Support of Motion for Examination of Defendant Elizabeth Holmes Pursuant to Federal Rule of Criminal Procedure 12.2(c) |
| | 434 | Declaration of Daniel A. Martell, Ph.D. |

These documents shall be unsealed in full once a jury has been impaneled and admonished (except for portions citing to documents constituting direct evidence of Holmes's proposed Rule 12.2 defense, as described below).

As the parties have observed, information relating to Holmes's Rule 12.2 defense will likely be subject of media and public scrutiny. *See* Dkt. No. 929 at 1; 930 at 1. The Supreme Court has observed:

> The Court has long recognized that adverse publicity can endanger the ability of a defendant to receive a fair trial. To safeguard the due process rights of the accused, a trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity. And because of the Constitution's pervasive concern for these due process rights, a trial judge may surely take protective measures even when they are not strictly and inescapably necessary.

*Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979)) (internal citations omitted). Bearing this directive in mind, the Court finds it appropriate to temporarily maintain the sealed status of portions of a few documents constituting direct evidence of Holmes's proposed Rule 12.2 defense to protect Holmes's Fifth and Sixth Amendment rights, as well as portions of other documents that cite to those documents. Introduction of Rule 12.2 evidence is Holmes's prerogative, and she may ultimately choose not to rely on that evidence and instead rely entirely on evidence the Government puts forward. Unsealing these documents prior to her introduction of the Rule 12.2 defense would pose a substantial probability of harming her constitutional interests where the

anticipated adverse publicity could prejudice the jury against her and/or prematurely compelling Holmes to testify when she might choose otherwise.  Maintaining the sealed status of the Rule 12.2 defense evidence at this early juncture is consistent with the constitutional concerns evident in Rule 12.2.  *See* Fed. R. Crim. P 12.2(c)(4)(A) (prohibiting the admission into evidence of defendant's Rule 12.2 examination statements, expert testimony, and fruits thereof "in any criminal proceeding except on an issue regarding mental condition on which the defendant has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1) . . . .").  The Court finds that there are no alternatives to sealing these documents that would adequately protect Holmes's Fifth and Sixth Amendment interests.  The Court will revisit this provisional sealing upon Holmes's introduction of this evidence at trial, at which time the Rule 12.2 defense and her mental state will be fully at issue.

Accordingly, the following document portions will remain provisionally partially sealed unless and until Holmes introduces evidence of her Rule 12.2 defense at trial:

| Docket No. | Document |
|---|---|
| 238 | December 5, 2019 Declaration of Dr. Mindy Mechanic (attached to Holmes's Motion for Severance) |
| 288 | Holmes' Notice of Submission in Response to January 13, 2020 Sealed Hearing |
| 313 | January 31, 2020 Declaration of Renee Binder, M.D. (attached to United States' Opposition to Defendant Ramesh "Sunny" Balwani's Motion to Sever) |
| 314 | Declaration of Vanessa Baehr-Jones in Support of United States' Opposition to Defendant Ramesh "Sunny" Balwani's Motion to Sever |
| 432 | Declaration of Renee Binder, M.D. |

As the Court described on the record at the August 10, 2021 hearing, the Clerk's Office has instituted new procedures that permit the parties to file administrative motions to seal through ECF.[2]  Going forward, the parties shall follow those procedures.  The parties may not submit any

---

[2] *See* https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal-in-criminal-cases/.

Case No.: 18-cr-00258-EJD-1
ORDER RE DOW JONES'S MOT. TO UNSEAL
7

further requests to seal material based on the Court's January 14, 2020 order provisionally sealing materials (Dkt. No. 268).

**IT IS SO ORDERED.**

Dated: August 27, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 18-cr-00258-EJD-1
ORDER RE DOW JONES'S MOT. TO UNSEAL
8