UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-18-00258-EJD |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | SAN JOSE, CALIFORNIA |
| VS. | ) | |
| | ) | JANUARY 13, 2020 |
| ELIZABETH A. HOLMES AND RAMESH | ) | |
| SUNNY BALWANI, | ) | PAGES 1 - 46 |
| | ) | |
| DEFENDANTS. | ) | **SEALED PAGES 41 - 44** |
| _____ | ) | |


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S:

FOR THE PLAINTIFF:     UNITED STATES ATTORNEY'S OFFICE
                       BY:  JOHN C. BOSTIC
                            JEFFREY B. SCHENK
                       150 ALMADEN BOULEVARD, SUITE 900
                       SAN JOSE, CALIFORNIA 95113

                       BY:  ROBERT S. LEACH
                            VANESSA BAEHR-JONES
                       1301 CLAY STREET, SUITE 340S
                       OAKLAND, CALIFORNIA 94612

        (APPEARANCES CONTINUED ON THE NEXT PAGE.)


OFFICIAL COURT REPORTER:
                       IRENE L. RODRIGUEZ, CSR, RMR, CRR
                       CERTIFICATE NUMBER 8074

        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
           TRANSCRIPT PRODUCED WITH COMPUTER

```
 1      A P P E A R A N C E S:  (CONT 'D)

 2

 3      FOR DEFENDANT HOLMES:   WILLIAMS & CONNOLLY LLP
                                BY:  KEVIN M. DOWNEY
 4                                   LANCE A. WADE
                                     KATHERINE A. TREFZ
 5                              725 TWELFTH STREET, N.W.
                                WASHINGTON, D.C. 20005
 6
                                LAW OFFICE OF JOHN D. CLINE
 7                              BY:  JOHN D. CLINE
                                ONE EMBARCADERO CENTER, SUITE 500
 8                              SAN FRANCISCO, CALIFORNIA 94111

 9      FOR DEFENDANT BALWANI:  ORRICK, HERRINGTON & SUTCLIFFE LLP
                                BY:  WALTER F. BROWN, JR.
10                                   RANDALL LUSKEY
                                THE ORRICK BUILDING
11                              405 HOWARD STREET
                                SAN FRANCISCO, CALIFORNIA 94105
12
                                BY:  STEPHEN A. CAZARES
13                              SUITE 3200
                                777 SOUTH FIGUEROA STREET
14                              LOS ANGELES, CALIFORNIA 90017

15      FOR THE FDA:            UNITED STATES SECURITIES AND EXCHANGE
                                COMMISSION
16                              BY:  MARCI NORTON
                                     JACKIE MARTINEZ-RESLY
17                                   DOUG WEINFIELD

18      TELEPHONICALLY:         BY:  STACY AMIN
                                     PERHAM GORGI
19

20

21

22

23

24

25
```

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
|       | 1  | SAN JOSE, CALIFORNIA                        JANUARY 13, 2020              |
| 10:05AM | 2  | P R O C E E D I N G S                                                   |
| 10:05AM | 3  | (COURT CONVENED AT 10:05 A.M.)                                          |
| 10:05AM | 4  | THE COURT:  LET'S CALL 18-258, UNITED STATES VERSUS                     |
| 10:06AM | 5  | HOLMES, BALWANI.                                                         |
| 10:06AM | 6  | IF I COULD CAPTURE THE APPEARANCES OF THE PARTIES, PLEASE.              |
| 10:06AM | 7  | MR. LEACH:  THANK YOU, YOUR HONOR.  GOOD MORNING.                       |
| 10:06AM | 8  | ROBERT LEACH FOR THE UNITED STATES.  TO MY LEFT IS                      |
| 10:06AM | 9  | JEFF SCHENK, JOHN BOSTIC, AND I WANTED TO ESPECIALLY INTRODUCE          |
| 10:06AM | 10 | VANESSA BAEHR-JONES WITH MY OFFICE.  SHE FILED A NOTICE OF              |
| 10:06AM | 11 | APPEARANCE A MONTH OR TWO AGO, BUT THIS IS HER FIRST LIVE               |
| 10:06AM | 12 | APPEARANCE BEFORE YOU.                                                   |
| 10:06AM | 13 | THE COURT:  THANK YOU.  GOOD MORNING.                                   |
| 10:06AM | 14 | MS. BAEHR-JONES:  GOOD MORNING, YOUR HONOR.                             |
| 10:06AM | 15 | MR. WADE:  GOOD MORNING, YOUR HONOR.  LANCE WADE                        |
| 10:06AM | 16 | FROM WILLIAMS & CONNOLLY FOR MS. HOLMES.  WITH ME FROM MY FIRM          |
| 10:06AM | 17 | ARE MY COLLEAGUES, KEVIN DOWNEY AND KATHERINE TREFZ.                    |
| 10:06AM | 18 | THE COURT:  THANK YOU.                                                  |
| 10:06AM | 19 | MR. WADE:  AS WELL AS COCOUNSEL, JOHN CLINE.  AND                       |
| 10:06AM | 20 | MS. HOLMES IS PRESENT.                                                   |
| 10:06AM | 21 | THE COURT:  THANK YOU.  GOOD MORNING.                                   |
| 10:06AM | 22 | MR. CAZARES:  GOOD MORNING, YOUR HONOR.                                 |
| 10:06AM | 23 | STEPHEN CAZARES AND WALT BROWN FOR MR. BALWANI WHO IS NOT               |
| 10:06AM | 24 | PRESENT.                                                                 |
| 10:06AM | 25 | THE COURT:  AND REMIND ME AGAIN ABOUT HIS ABSENCE.                      |

10:06AM  1          MR. WADE:  MR. BALWANI IS, ALONG WITH MY COCOUNSEL,

10:06AM  2   MR. COOPERSMITH, ARE ATTENDING DEPOSITIONS IN THE PARALLEL

10:06AM  3   S.E.C. CASE IN WASHINGTON, D.C.

10:06AM  4          THE COURT:  I SEE.  OKAY.  ALL RIGHT.  I THINK THE

10:07AM  5   GOVERNMENT HAD NOTICE OF THIS.  WEREN'T YOU AWARE OF THIS?

10:07AM  6          MR. SCHENK:  WE FOUND OUT FRIDAY AFTERNOON, YOUR

10:07AM  7   HONOR, YES.

10:07AM  8          THE COURT:  THANK YOU.  THIS MATTER IS ON THIS

10:07AM  9   MORNING FOR A STATUS CONFERENCE, AND THERE HAS BEEN SOME

10:07AM  10   FILINGS BY THE GOVERNMENT REGARDING THE DISCOVERY.

10:07AM  11       AND I DID CAPTURE YOU AND I HAVE READ AND REVIEWED YOUR

10:07AM  12   JOINT STATEMENT.  THANK YOU FOR THAT.

10:07AM  13       IS THERE ANYTHING THAT ANYONE WISHES TO ADD TO YOUR JOINT

10:07AM  14   STATEMENT, UPDATE ME ON ANYTHING THAT HAS CHANGED?

10:07AM  15          APPARENTLY NOT.

10:07AM  16          MR. LEACH:  NOTHING THAT HAS CHANGED, YOUR HONOR.

10:07AM  17   THERE WERE SOME ARGUMENTS THAT I WOULD LIKE TO MAKE WITH

10:07AM  18   RESPECT TO THE MOTION, BUT I DON'T THINK WE HAVE ANY UPDATE ON

10:07AM  19   WHAT WAS INCLUDED IN THE JOINT STATUS.

10:07AM  20          THE COURT:  OKAY.  ALL RIGHT.  SO AS I UNDERSTAND

10:07AM  21   IT -- EXCUSE ME.  DO WE HAVE ANY APPEARANCES TELEPHONICALLY?

10:07AM  22   LET'S CAPTURE THOSE.

10:07AM  23       IS ANYONE PARTICIPATING TELEPHONICALLY?  IF YOU COULD,

10:08AM  24   COULD YOU PLEASE STATE YOUR APPEARANCE.

10:08AM  25          MS. AMIN:  YOUR HONOR, MY NAME IS STACY AMIN.  I'M

10:08AM   1       THE CHIEF COUNSEL AT THE FOOD AND DRUG ADMINISTRATION.

10:08AM   2               THE COURT:  THANK YOU.  GOOD MORNING.  THANK YOU FOR

10:08AM   3       JOINING US.

10:08AM   4               MR. GORGI:  HELLO.  THIS IS PERHAM GORGI.  I'M

10:08AM   5       DEPUTY CHIEF COUNSEL FOR LITIGATION AT THE FDA OFFICE OF CHIEF

10:08AM   6       COUNSEL.

10:08AM   7               THE COURT:  THANK YOU.  THANK YOU FOR JOINING US.

10:08AM   8           IS THERE ANYONE ELSE PRESENT TODAY FROM THE FDA?

10:08AM   9               MR. LEACH:  YES, YOUR HONOR.  I INTENDED TO

10:08AM  10       INTRODUCE THEM DURING MY REMARKS, BUT WE ALSO HAVE THREE

10:08AM  11       ATTORNEYS FROM THE FDA IN WASHINGTON, D.C. HERE WITH US:

10:08AM  12       MARCI NORTON, SENIOR COUNSEL; JACKIE MARTINEZ-RESLY, ALSO WITH

10:08AM  13       THE OFFICE OF CHIEF COUNSEL; AND DOUG WEINFIELD, WHO IS AN

10:08AM  14       E-DISCOVERY LAWYER WITHIN THE FDA OFFICE OF CHIEF COUNSEL.

10:08AM  15           THEY'VE COME OUT HERE FROM WASHINGTON FOR THIS HEARING.

10:08AM  16               THE COURT:  WELL, GREAT.  THANK YOU.  GREAT.

10:08AM  17       WELCOME TO CALIFORNIA.  I KNOW YOU'LL ENJOY THE WEATHER HERE.

10:08AM  18           I THINK WE SPOKE TELEPHONICALLY AT OUR LAST HEARING,

10:08AM  19       MS. MARTINEZ-RESLY AND MS. NORTON, IF I AM NOT MISTAKEN?

10:09AM  20               MS. NORTON:  CORRECT.

10:09AM  21               MS. MARTINEZ-RESLY:  CORRECT.

10:09AM  22               THE COURT:  THANK YOU.  LET'S SEE, BEFORE WE MOVE

10:09AM  23       INTO THE MOTION, AND THIS IS THE GOVERNMENT'S MOTION TO EXTEND

10:09AM  24       TIME I BELIEVE IT IS.

10:09AM  25           AND THIS IS -- WELL, I HAD THE DOCKET LIST HERE.

10:09AM  1          MR. LEACH:  YOUR HONOR, THE MOTION IS ECF 215.

10:09AM  2          THE COURT:  THANK YOU.  LET ME -- I DO WANT TO ASK

10:09AM  3    ABOUT WHAT THE STATUS OF THINGS ARE.

10:09AM  4        YOU INDICATED IN YOUR MOTION THAT THERE WAS TRAVEL BY

10:09AM  5    MR. BOSTIC, I THINK, YOURSELF AND MR. SCHENK TO WASHINGTON,

10:09AM  6    D.C. AND BALTIMORE IN EFFORTS TO DISCUSS MATTERS.

10:09AM  7        WHY DON'T YOU COME FORWARD AND UPDATE ME AND UPDATE US ON

10:09AM  8    THAT.

10:10AM  9          MR. LEACH:  THANK YOU, YOUR HONOR.  FIRST, LET ME

10:10AM 10    EXPLAIN A LITTLE BIT WHY YOU'RE HEARING FROM ME AND NOT

10:10AM 11    MR. BOSTIC WHO HAS BEEN LEADING THE CHARGE FOR THE GOVERNMENT

10:10AM 12    ON THIS PREVIOUSLY.

10:10AM 13        MR. BOSTIC WAS IN TRIAL AT THE TIME WHEN THE COURT ISSUED

10:10AM 14    ITS NOVEMBER 5TH ORDER.  HE WAS APPEARING BEFORE JUDGE KOH, SO

10:10AM 15    AT THE TIME THE COURT RULED THAT THE GOVERNMENT HAD KNOWLEDGE

10:10AM 16    AND ACCESS TO THESE FDA DOCUMENTS.  THE TASK FELL TO ME TO WORK

10:10AM 17    TO COMPLY WITH THAT ORDER AS EXPEDITIOUSLY AS POSSIBLE.

10:10AM 18        SO WE'RE ONE TEAM.  WE HAVE THE SAME INFORMATION, BUT I AM

10:10AM 19    NOT JOHN BOSTIC, AND I JUST WANTED TO LET YOU KNOW WHY I'M

10:10AM 20    ADDRESSING THE COURT ON THESE ISSUES TODAY.

10:10AM 21          THE COURT:  OKAY.  WELL, THANK YOU.

10:10AM 22          MR. LEACH:  WE ALSO HAVE ON THE PHONE, I JUST WANT

10:10AM 23    TO MAKE SURE THE COURT UNDERSTANDS, WE HAVE STACY AMIN, WHO IS

10:10AM 24    THE CHIEF COUNSEL FOR THE FOOD AND DRUG ADMINISTRATION, THE

10:10AM 25    SENIOR LAWYER FOR THE FDA, HER DEPUTY CHIEF COUNSEL,

10:10AM  1   PERHAM GORGI, AND THE THREE ATTORNEYS STANDING BEHIND ME WHO I

10:11AM  2   HAVE INTRODUCED.

10:11AM  3         THEY'RE HERE TODAY TO UNDERSCORE THE SERIOUSNESS WITH

10:11AM  4   WHICH THE FDA IS TAKING THIS ISSUE AND TO UNDERSCORE THE

10:11AM  5   EFFORTS THAT THEY ARE TAKING TO COMPLY WITH THE COURT'S

10:11AM  6   NOVEMBER 5TH AND ITS PRIOR ORDERS.

10:11AM  7         AS I MENTIONED, SINCE THE NOVEMBER 5TH ORDER, YOUR HONOR,

10:11AM  8   THE GOVERNMENT HAS SPENT A SIGNIFICANT AMOUNT OF TIME WRESTLING

10:11AM  9   WITH THE QUESTION OF HOW TO GET THESE DOCUMENTS PRODUCED.

10:11AM  10        AS YOU ALLUDED TO, MR. SCHENK AND I TRAVELLED BACK TO

10:11AM  11   WASHINGTON, D.C. TO MEET BOTH THE FDA, TO MEET WITH CMS TO COME

10:11AM  12   UP WITH A PLAN TO MAKE SURE THAT THESE DOCUMENTS ARE GETTING

10:11AM  13   PRODUCED.

10:11AM  14        AND AS PREPARING FOR THE HEARING TODAY, WHAT WAS STRIKING

10:11AM  15   TO ME IS THE AMOUNT OF COMMON GROUND THERE ACTUALLY IS WITH THE

10:11AM  16   PARTIES ON THIS ISSUE.

10:11AM  17        THE GOVERNMENT REQUESTED THESE DOCUMENTS BE PRODUCED

10:11AM  18   VOLUNTARILY.  THE DEFENDANT REQUESTED THESE DOCUMENTS BE

10:11AM  19   PRODUCED.  THE FDA IS SAYING THAT IT WANTS TO PRODUCE THESE

10:12AM  20   DOCUMENTS, AND THE ONLY ISSUE NOW IS A MECHANICAL ONE, I THINK,

10:12AM  21   HOW WE CAN GET THIS DATA AS QUICKLY AS WE CAN OUTSIDE OF THE

10:12AM  22   FDA TO THE DEFENDANTS.

10:12AM  23             THE COURT:  SOME TIME BEFORE APRIL 30TH, IS THAT

10:12AM  24   WHAT YOU'RE GOING TO CONCLUDE?

10:12AM  25             MR. LEACH:  THAT'S WHERE I'M GOING, YOUR HONOR.

10:12AM 1          THE COURT:  GREAT.

10:12AM 2          MR. LEACH:  AND I WANT TO EXPLAIN A LITTLE BIT ABOUT

10:12AM 3   WHY THAT IS THE CASE.

10:12AM 4       I THINK THE ISSUE HERE IS WITH -- THE COURT'S ORDER

10:12AM 5   REQUIRES ESSENTIALLY A RECOLLECTION OF DOCUMENTS BY THE FDA.

10:12AM 6       WHEN THE FDA STARTED TO PRODUCE DOCUMENTS IN RESPONSE TO

10:12AM 7   THE S.E.C. SUBPOENA IN THE S.E.C. CASE, AND THEN THE MOTION TO

10:12AM 8   COMPEL, FOR REASONS THAT I THINK ARE PERFECTLY DEFENSIBLE, IT

10:12AM 9   DID NOT INCLUDE THIS TERM CALLED LDT.  THERE WAS GOOD REASON

10:12AM 10  FOR THAT.  IT WASN'T LISTED IN THE SIX CATEGORIES.  ALL OF THE

10:12AM 11  DOCUMENTS APPEAR TO BE RELATED TO THERANOS.

10:12AM 12      SO WHEN THEY WERE GOING TO THEIR CUSTODIANS AND COLLECTING

10:13AM 13  DOCUMENTS, THEY ARE NOT LOOKING FOR DOCUMENTS WITH THE TERM

10:13AM 14  LDT.

10:13AM 15      THEY WERE LOOKING FOR DOCUMENTS RELATING TO THERANOS.

10:13AM 16  THEY WERE LOOKING FOR DOCUMENTS RESPONSIVE TO THE SIX

10:13AM 17  CATEGORIES, BUT THIS TERM "LDT" WAS NOT SOMETHING THAT THEY

10:13AM 18  WERE LOOKING FOR IN THE FIRST INSTANCE.

10:13AM 19      THE COURT'S ORDER RESOLVED THAT ISSUE.  WE ACKNOWLEDGED

10:13AM 20  THE COURT'S ORDER.  WE ACKNOWLEDGE THESE DOCUMENTS ARE -- THAT

10:13AM 21  THE PROSECUTION OF KNOWLEDGE AND ACCESS TO THEM, BUT

10:13AM 22  ESSENTIALLY WHAT WE'VE BEEN DOING IS RECOLLECTING FROM OVER 88

10:13AM 23  CUSTODIANS TO TRY TO GET THE RIGHT UNIVERSE OF DOCUMENTS TO

10:13AM 24  MAKE SURE THAT THEY'RE BEING PRODUCED, AND THAT IS NO SMALL

10:13AM 25  FEAT, YOUR HONOR.

10:13AM 1      THAT REQUIRES, YOU KNOW, A TECHNICAL EXTRACTION FROM THE

10:13AM 2   FDA'S E-MAIL SYSTEM.  THEY HAD A LIMITED LICENSE CAPACITY IN

10:13AM 3   ORDER TO DO THAT.  THAT HAS BEEN FIXED, AND NOW THINGS ARE

10:13AM 4   MOVING A LITTLE BIT MORE QUICKLY.

10:13AM 5      IN ADDITION, WITH RESPECT TO NETWORK FILES, THERE'S A

10:13AM 6   PARTICULAR SOFTWARE THAT THE FDA USES THAT HAS ITS OWN LIMITS,

10:14AM 7   AND ON OUR TRIP BY MR. SCHENK AND BACK TO THE FDA WE ASKED,

10:14AM 8   WELL, ARE THERE RESOURCES THAT THE DOJ CAN GIVE TO HELP YOU

10:14AM 9   SOLVE THIS PROBLEM OR ARE THERE MORE PEOPLE THAT WE CAN SEND?

10:14AM 10      AND THE RESPONSE I'M GETTING IS NO, THAT THIS IS

10:14AM 11   COMPLICATED SOFTWARE, THAT IT REQUIRES A LENGTHY INSTALLATION

10:14AM 12   THAT IS INTEGRATED WITH THE FDA SYSTEM, THE FDA HAS ITS OWN

10:14AM 13   NETWORK CAPACITY.

10:14AM 14      AND I --

10:14AM 15      THE COURT:  PARDON ME FOR INTERRUPTING YOU,

10:14AM 16   MR. LEACH.

10:14AM 17      SO YOU HAD OFFERED BODIES --

10:14AM 18      MR. LEACH:  I DID, YOUR HONOR.

10:14AM 19      THE COURT:  -- TO GO TO THE FDA AND ASSIST IN

10:14AM 20   CULLING THIS INFORMATION?

10:14AM 21      MR. LEACH:  I DID, YOUR HONOR, YES.

10:14AM 22      THE COURT:  OKAY.  THANK YOU.

10:14AM 23      MR. LEACH:  IN ADDITION, THE DOJ IS THROWING A LOT

10:14AM 24   OF BODIES, INCLUDING ME, INCLUDING MR. SCHENK, AND INCLUDING

10:14AM 25   MR. BOSTIC, AND ACTUALLY DOING SOME OF THE REVIEW OF THE DATA

10:14AM 1    THAT WE ARE GETTING FROM THE FDA.

10:14AM 2        SO I DON'T WANT TO STAND UP HERE AND LEAVE THE IMPRESSION

10:14AM 3    THAT THE DOJ IS NOT THROWING TREMENDOUS RESOURCES AT THIS.  WE

10:15AM 4    ARE.  BUT THERE ARE SOME TECHNICAL ISSUES AT THE HEART OF THIS

10:15AM 5    WHERE IN ORDER FOR DOJ TO REVIEW THIS, WE NEED TO EXTRACT IT

10:15AM 6    FROM THE E-MAIL SYSTEM USING THE TERMS THAT WERE NOW AGREED

10:15AM 7    UPON WITH THE DEFENSE.  AND EVERY DAY I ASK THE QUESTION, WHY

10:15AM 8    CAN'T THAT GO FASTER?  AND THE ANSWER, UNFORTUNATELY, IS SIMPLY

10:15AM 9    NOT ENOUGH LICENSES WITHIN THE FDA, INSTALLATION OF MORE WILL

10:15AM 10   TAKE A LOT OF TIME AND IS INTERTWINED WITH THE FDA NETWORK.

10:15AM 11       AND THERE JUST WAS NOT A GOOD TECHNOLOGICAL SOLUTION TO

10:15AM 12   THAT.

10:15AM 13       THE GOOD NEWS, YOUR HONOR, IS WE'VE RECEIVED -- DOJ HAS

10:15AM 14   RECEIVED THREE TRANCHES OF DATA FROM FDA FROM THE E-MAIL

10:15AM 15   COLLECTION.  I'VE LOST TRACK OF THE EXACT NUMBER OF CUSTODIANS,

10:15AM 16   BUT I THINK IT'S SOMEWHERE IN THE NEIGHBORHOOD OF 25 TO 30, AND

10:15AM 17   I THINK AN ADDITIONAL 10 WILL BE COMPLETED SOME TIME WITHIN THE

10:15AM 18   NEXT WEEK OR SO.

10:15AM 19       THERE'S ALSO NETWORK DATA THAT NEEDS TO BE EXTRACTED, AND

10:16AM 20   THERE'S ALSO THESE ARCHIVED CUSTODIANS THAT NEED TO BE RESTORED

10:16AM 21   AND THEN DELIVERED TO DOJ FOR REVIEW.

10:16AM 22       AND I WANT TO EMPHASIZE, THIS IS A RESULT OF IN PART

10:16AM 23   RE-COLLECTING FOR THIS TERM LDT, WHICH I THINK THE FDA HAD

10:16AM 24   DEFENSIBLE REASONS FOR NOT INCLUDING IN ITS INITIAL COLLECTION,

10:16AM 25   BUT WE ARE WHERE WE ARE ON THAT ISSUE, YOUR HONOR, AND THE

10:16AM 1    COURT HAS RULED ON IT AND WE'VE ACCEPTED THAT.

10:16AM 2        WE'RE TRYING AS QUICKLY AS WE CAN TO MAKE THAT

10:16AM 3    RE-COLLECTION HAPPEN AS QUICKLY AS IT CAN HAPPEN.

10:16AM 4        WE'VE PRODUCED OVER 130,000 DOCUMENTS TO THE DEFENDANTS

10:16AM 5    PRIOR TO -- ON DECEMBER 21ST, 2019, IN COMPLIANCE WITH THE

10:16AM 6    COURT'S ORDER.  I NOW HAVE SOMETHING IN THE MAGNITUDE OF 400

10:16AM 7    GIGABYTES OF DATA AT THE DOJ THAT WE ARE LOOKING THROUGH AND

10:16AM 8    ANTICIPATING MAKING ANOTHER PRODUCTION IN THE NEXT WEEK OR TWO.

10:17AM 9        SO WE ARE MOVING JUST ABSOLUTELY AS FAST AS WE CAN.  AND I

10:17AM 10   WANT TO EMPHASIZE THAT THERE IS AN ELEMENT OF DIMINISHING

10:17AM 11   RETURNS ON THESE DOCUMENTS THAT WE'RE PRODUCING.  I DON'T WANT

10:17AM 12   TO MINIMIZE THE IMPORTANCE OF DOING THE SEARCH RIGHT, BECAUSE

10:17AM 13   WE ARE DOING THE SEARCH RIGHT.

10:17AM 14       BUT THERE ARE 88 CUSTODIANS THAT WE'RE LOOKING FOR HERE,

10:17AM 15   YOUR HONOR.  A HANDFUL OF THESE WITNESSES AT BEST ARE EVER

10:17AM 16   GOING TO STEP FOOT IN THIS COURTROOM.  IT IS NOT OUR INTENTION

10:17AM 17   TO DROP HUNDREDS OF THOUSANDS OF DOCUMENTS ON THE DEFENDANTS ON

10:17AM 18   APRIL 30TH.  THAT IS NOT WHAT WE ARE TRYING TO DO.

10:17AM 19       WE ARE TRYING TO MOVE AS QUICKLY AS WE CAN AND BUILD IN A

10:17AM 20   REALISTIC TIMETABLE WHERE I HOPE BY APRIL 30TH, OR SHORTLY

10:17AM 21   AFTER THAT, IT'S THE LAST FEW CUSTODIANS THAT ARE COMING IN,

10:17AM 22   BUT THESE ARE NOT DOCUMENTS THAT HAVEN'T BEEN IN SOMEBODY

10:17AM 23   ELSE'S FILE OR SEEN SOMEWHERE ELSE, AND I AM NOT

10:17AM 24   REVOLUTIONIZING THE CASE FOR LACK OF A BETTER WORD.

10:17AM 25       BUT THAT'S WHAT WE'RE DOING.

10:18AM 1     THE DEFENSE RESPONSE TO THIS IS ESSENTIALLY MOVE FASTER,

10:18AM 2   AND THE GOVERNMENT HAS MET AND SPENT A LOT OF TIME TRYING TO

10:18AM 3   MAKE THIS MOVE AS QUICKLY AS WE CAN.

10:18AM 4     AS I HAVE EMPHASIZED, WE HAVE ALREADY PRODUCED 130,000

10:18AM 5   DOCUMENTS BETWEEN NOVEMBER 5TH AND DECEMBER 31ST.

10:18AM 6         THE COURT:  APPARENTLY THEY'RE SPEED READERS AND

10:18AM 7   THEY FINISHED GOING THROUGH THAT AND THEY NEED MORE WORK.

10:18AM 8         MR. LEACH:  I'M DOING WHAT I CAN THERE.

10:18AM 9         THE COURT:  WE'LL HEAR FROM THEM A MOMENT.

10:18AM 10    I APPRECIATE THAT.  BUT YOU ALSO INDICATE IN YOUR

10:18AM 11  PLEADINGS THAT IN AN EFFORT TO GAIN EFFICIENCY IN THE

10:18AM 12  PRODUCTION, YOU HAVE WORKED, I THINK, WITH THE DEFENSE TO

10:18AM 13  IDENTIFY MORE CRITICAL WITNESSES AND INFORMATION AND YOU HAVE

10:18AM 14  FOCUSSED ON ACCOMPLISHING AND RELEASING THAT IN A PRIORITY TYPE

10:18AM 15  OF MANNER.

10:18AM 16        MR. LEACH:  I THINK QUITE COLLABORATIVELY, YOUR

10:18AM 17  HONOR.  I'LL LET THEM SPEAK TO THAT.  BUT THERE'S AGREEMENT ON

10:18AM 18  THE TERMS THAT SHOULD BE USED TO DO THIS RE-COLLECTION.

10:19AM 19    THE DEFENSE HAS AGREED TO AN ORDER REQUIRING THE FDA TO

10:19AM 20  PRODUCE CERTAIN DOCUMENTS AND NOTWITHSTANDING STATUTORY

10:19AM 21  PROHIBITIONS ON US DOING THAT; AND, THEREFORE, ENABLING THE DOJ

10:19AM 22  TO CONDUCT THE REVIEW.  SO I THINK THERE HAS BEEN COLLABORATION

10:19AM 23  ON THAT.

10:19AM 24    I WOULD ALSO EMPHASIZE THAT THEY VERY HELPFULLY GAVE US A

10:19AM 25  LIST OF THE 22 MOST IMPORTANT CUSTODIANS IN THEIR MIND, AND WE

10:19AM 1   HAVE PRIORITIZED THOSE.  I THINK THE E-MAIL FILES FOR ALL OF

10:19AM 2   THE ACTIVE ONES ARE AT LEAST NOW IN DOJ'S POSSESSION AND WILL

10:19AM 3   BE GOING OUT SHORTLY.

10:19AM 4         THE COURT:  SO GOING OUT SHORTLY MEANING YOU'LL BE

10:19AM 5   ABLE TO RELEASE THOSE 22?

10:19AM 6         MR. LEACH:  I NEED TO BE CAREFUL, YOUR HONOR,

10:19AM 7   BECAUSE THERE ARE SOME FORMER EMPLOYEES THAT I DON'T THINK I

10:19AM 8   HAVE YET.  WHEN I SIT DOWN I CAN CHECK ON THAT DETAIL.

10:19AM 9      BUT IF THEY'RE A CURRENT FDA EMPLOYEE, WE WILL HAVE ALL OF

10:19AM 10   THE E-MAIL DATA.  IF I DON'T ALREADY HAVE IT, IT'S GOING TO BE

10:19AM 11   THIS WEEK, AND THAT WILL BE GOING OUT VERY SHORTLY.

10:19AM 12         THE COURT:  TO THEM?

10:19AM 13         MR. LEACH:  YES.  OH, YES.

10:19AM 14         THE COURT:  SO LET ME ASK YOU A LARGE OVERARCHING

10:20AM 15   QUESTION PERHAPS, WHICH IS IF WE WAIT UNTIL APRIL 30TH, THE

10:20AM 16   COURT SAYS I APPRECIATE YOUR EFFORTS, AND I DO, LET ME JUST SAY

10:20AM 17   THAT, I DO APPRECIATE.  SENDING LAWYERS OUT TO WASHINGTON, D.C.

10:20AM 18   IN JANUARY IS A REMARKABLE THING TO DO.  AND YOU'VE MET YOUR

10:20AM 19   DECLARATION.

10:20AM 20      YOUR BRIEFING TELLS US THAT YOU'VE MET IN BALTIMORE AND IN

10:20AM 21   WASHINGTON, D.C. WITH THE APPROPRIATE PARTIES.  MY SENSE IS

10:20AM 22   THAT YOU'VE URGED THEM, YOU'VE EXPRESSED THE URGENCY OF THIS

10:20AM 23   COURT'S ORDER AND WHAT THAT MEANS AND THE NEED FOR THIS

10:20AM 24   INFORMATION FOR THIS PARTICULAR LITIGATION.

10:20AM 25      MY QUESTION IS IF WE WAIT UNTIL APRIL 30TH, WHAT IS YOUR

10:20AM  1    POSITION ON WHETHER OR NOT THAT WILL DISTURB THE TRIAL DATE?

10:20AM  2            MR. BOSTIC:  IT WILL NOT DISTURB THE TRIAL DATE FROM

10:20AM  3    THE GOVERNMENT'S PERSPECTIVE, YOUR HONOR.  WE ARE NOT ASKING

10:20AM  4    FOR MORE TIME.

10:20AM  5        THESE ARE NOT DOCUMENTS THAT THE GOVERNMENT EXPECTS TO BE

10:21AM  6    USING IN ITS CASE-IN-CHIEF, AND WE WILL BE PREPARED TO HAVE

10:21AM  7    REVIEWED THEM AND DIGESTED THEM WITHIN THE TIME ALLOTTED FOR

10:21AM  8    THE TRIAL DATE.  I DON'T KNOW WHAT THE DEFENSE'S POSITION IS.

10:21AM  9            THE COURT:  WELL, YOU CAN ANTICIPATE THAT THEY'RE

10:21AM 10    GOING TO SAY THAT GIVES US 90 DAYS TO GO THROUGH WHATEVER

10:21AM 11    TERABYTES THIS INFORMATION IS, AND WE CAN'T POSSIBLY DO THAT.

10:21AM 12        AND THEY'LL START TALKING ABOUT THE CONSTITUTION AND THE

10:21AM 13    SIXTH AMENDMENT AND THE FIFTH AMENDMENT AND OTHERS.  AND

10:21AM 14    THEY'LL SAY, JUDGE, WE NEED MORE TIME TO GO THROUGH THIS.  IT'S

10:21AM 15    NOT FAIR TO UNLOAD THIS WHEELBARROW OF INFORMATION ON US WHILE

10:21AM 16    WE'RE TRYING TO PREPARE.

10:21AM 17        BUT WHAT YOU'VE SAID IS THAT'S NOT WHAT'S HAPPENING.  IT

10:21AM 18    SOUNDS LIKE THERE'S A ROLLING RELEASE OF INFORMATION AND THE

10:21AM 19    INFORMATION THAT THEY'RE GETTING IS SUFFICIENT FOR THEM TO

10:21AM 20    REVIEW NOW.

10:21AM 21        IF YOU GAVE THEM A WHOLE DUMP TRUCK OF INFORMATION NOW, IT

10:21AM 22    WOULD PROBABLY TAKE THEM BEYOND APRIL 30TH JUST TO READ IT MY

10:21AM 23    SENSE IS.

10:22AM 24            MR. LEACH:  IT ABSOLUTELY IS A ROLLING PRODUCTION,

10:22AM 25    YOUR HONOR.  THE POINT I WOULD LIKE TO MAKE THERE IS THIS IS

10:22AM 1    NOT A SITUATION WHERE IT'S ANYBODY'S INTENTION TO WAIT UNTIL

10:22AM 2    APRIL 30TH AND SAY, HERE YOU GO, THIS IS THE UNIVERSE OF FDA

10:22AM 3    DOCUMENTS, REVIEW THEM.

10:22AM 4        WE'RE GETTING AS MUCH AS WE CAN TO THEM AS QUICKLY AS WE

10:22AM 5    CAN TO THEM.

10:22AM 6        BUT WHEN YOU ASK ME WHEN CAN I BE DONE REVIEWING THE FILES

10:22AM 7    OF 88 CUSTODIANS AND GOING THROUGH ALL OF THE MECHANICAL ISSUES

10:22AM 8    THAT WE HAVE TO GO THROUGH TO EXTRACT THAT DATA, GET IT TO DOJ,

10:22AM 9    GET THE REVIEW DONE, THE BEST I CAN PROMISE ON THAT IS

10:22AM 10   APRIL 30TH.

10:22AM 11       BUT IT IS NOT OUR INTENTION AT ALL TO WAIT UNTIL THEN TO

10:22AM 12   PRODUCE AS LARGE A CHUNK AS WE CAN.

10:22AM 13            THE COURT:  OKAY.  TELL ME WHAT YOU MEAN BY "A

10:22AM 14   MANUAL SEARCH" FOR MARGINALLY RELEVANT CUSTODIANS?

10:22AM 15       IS THERE A DISCUSSION OR DISPUTE ABOUT A MANUAL SEARCH AS

10:23AM 16   OPPOSED TO AN ELECTRONIC OR OTHER SEARCH?

10:23AM 17            MR. LEACH:  WHAT I MEAN BY THAT, YOUR HONOR, IS IT'S

10:23AM 18   A SELF-COLLECTION.  SO WHAT THE GOVERNMENT'S INTENTION WITH

10:23AM 19   THOSE 23 INDIVIDUALS IS THAT WE WOULD GIVE THEM THE 6

10:23AM 20   CATEGORIES OF DOCUMENTS, WE WOULD GIVE THEM A LIST OF SEARCH

10:23AM 21   TERMS.  THOSE SEARCH TERMS WOULD INCLUDE THERANOS, LDT,

10:23AM 22   FRANKLY, WHATEVER THE DEFENSE WANTS TO INCLUDE ON THAT AND HAS

10:23AM 23   INCLUDED ON THAT, AND WE WOULD ASK THOSE CUSTODIANS TO PERFORM

10:23AM 24   THE SEARCH ON THEIR COMPUTER, SO GO INTO YOUR E-MAIL FILE AND

10:23AM 25   LOOK FOR THE WORD "THERANOS."

10:23AM  1      IF YOU HAVE AN E-MAIL FILE FOR THERANOS, COPY THAT TO THIS

10:23AM  2  DRIVE SO THE I.T. PROFESSIONALS CAN PROCESS THAT.

10:23AM  3      THE COURT:  AND THIS WOULD BE SUPERVISED BY DOJ

10:23AM  4  INDIVIDUALS?

10:23AM  5      MR. LEACH:  DOJ -- WE WILL DO WHATEVER THE COURT

10:23AM  6  REQUIRES OF US ON THAT POINT, AND I THINK THERE'S SOME, YOU

10:23AM  7  KNOW, WE'RE NOT -- WE HAVE ACCESS AND KNOWLEDGE OF THESE

10:24AM  8  DOCUMENTS.  I'M NOT HERE TO SAY ANYTHING OTHERWISE.

10:24AM  9      BUT I DON'T WORK IN THE FDA.  WHEN I GO TO THE FDA, YOUR

10:24AM  10  HONOR, I WALK THROUGH THE SECURITY GATE JUST LIKE ANYBODY ELSE.

10:24AM  11  THEY'RE STATUTORILY PROHIBITED FROM GIVING ME ACCESS TO CERTAIN

10:24AM  12  INFORMATION, AND SO I WILL NOT BE SITTING OVER THE COMPUTER AS

10:24AM  13  SOMEBODY DOES THAT, BUT DOJ WILL HAVE SIGNIFICANT INPUT ON THE

10:24AM  14  SCRIPT OR THE INSTRUCTIONS OR THE DIRECTION THAT THEY WILL BE

10:24AM  15  GIVEN.

10:24AM  16      AND I NEED TO EMPHASIZE, HALF OF THIS GROUP IS LAWYERS WHO

10:24AM  17  ARE AS CAPABLE, IF NOT MORE CAPABLE, THAN ME FOR FINDING THESE

10:24AM  18  DOCUMENTS.

10:24AM  19      I REALLY THINK THAT IN THE DIALOGUE THAT WE WERE HAVING

10:24AM  20  BEFORE ABOUT DEFICIENCIES IN THE SEARCH, YOU KNOW, I HAVE NO

10:24AM  21  REASON TO THINK THAT THESE LAWYERS AREN'T PERFECTLY CAPABLE OF

10:24AM  22  FINDING THE RESPONSIVE DOCUMENTS WITH VERY PRECISE DIRECTIONS

10:24AM  23  FROM DOJ, SOMETHING IN WRITING, AND SO THAT'S WHAT WE MEAN BY

10:24AM  24  SELF-COLLECTION AS OPPOSED TO THE ELECTRONIC COLLECTION, WHICH

10:25AM  25  WE'VE BEEN DOING, WHERE THE FDA'S I.T. TEAM IS GOING INTO

10:25AM 1    OUTLOOK THEMSELVES, RUNNING THE SEARCH TERMS THEMSELVES, TAKING

10:25AM 2    THAT DATA, AND GIVING IT TO DOJ.

10:25AM 3         SO THERE'S NO REAL JUDGMENT IN ANY OF THAT.  BUT THE

10:25AM 4    SELF-COLLECTION IS, FOR EXAMPLE, IF I GIVE ONE SHEET OF

10:25AM 5    INSTRUCTIONS TO YOUR HONOR TO GO BACK TO YOUR CHAMBERS AND LOOK

10:25AM 6    FOR YOUR THERANOS FILE, AND PUT IT HERE, THAT'S WHAT WE MEAN BY

10:25AM 7    SELF-COLLECTION.

10:25AM 8         THE COURT:  ARE YOU SUGGESTING THAT THAT WILL

10:25AM 9    EXPEDITE THE MANUAL SELF-SELECTION?  WILL THAT BE QUICKER OR

10:25AM 10   WILL THAT BE FASTER THAN THE ELECTRONIC VERSION, OR IS THAT IN

10:25AM 11   ADDITION TO?

10:25AM 12        MR. LEACH:  IT WILL BE QUICKER, IT WILL BE FASTER,

10:25AM 13   BUT THAT THE -- THAT WITH ELECTRONIC COLLECTION IS STILL GOING

10:25AM 14   TO TAKE TO BE DONE, DONE, APRIL 30TH.

10:25AM 15        IF THE COURT REQUIRES US TO DO SOMETHING DIFFERENT FOR

10:26AM 16   THOSE 23, WE'RE LOOKING AT A TIMEFRAME THAT IS EVEN LONGER.

10:26AM 17        THE COURT:  I SEE.

10:26AM 18        SO THE QUESTION THAT A PERSON MIGHT ASK IS, WELL, THAT'S

10:26AM 19   FINE, YOU CAN ASK PEOPLE TO GO TO THEIR COMPUTERS AND DO THIS,

10:26AM 20   BUT HOW DO WE KNOW?  HOW DO WE VERIFY THAT THEY'RE ACTUALLY

10:26AM 21   DOING THAT?

10:26AM 22        IF A FILE COMES UP AND IT'S SOMETHING THAT THEY MISS OR

10:26AM 23   THEY MIGHT HAVE SOME QUALMS ABOUT, HOW DO WE KNOW WE'RE GETTING

10:26AM 24   EVERYTHING?

10:26AM 25        I EXPECT THE DEFENSE MIGHT SAY THERE'S NO ASSURANCE AS FAR

10:26AM 1     AS -- WE'RE JUST RELYING ON THE INDIVIDUAL AS OPPOSED TO AN

10:26AM 2     ACTUAL REAL ELECTRONIC RECORD OF WHAT WAS DONE.

10:26AM 3          MR. LEACH:  THOSE ARE PROBLEMS THAT ARE INHERENT IN

10:26AM 4     ANY DOCUMENT COLLECTION BY ANYBODY.

10:26AM 5          IF YOU HAVE A CLIENT, YOUR HONOR, AND YOU SAY -- THE

10:26AM 6     RELATIONSHIP BETWEEN ME AND THE FDA IS DIFFERENT THAN THIS, BUT

10:26AM 7     I'M USING THIS AS A HYPOTHETICAL FOR YOU.

10:26AM 8          YOU KNOW, IF YOU SAY THE OTHER SIDE HAS ASKED FOR THESE

10:26AM 9     FIVE DOCUMENTS, I NEED TO GO LOOK THROUGH YOUR FILES TO FIND

10:27AM 10    THIS, AND THEY SHOW YOU THE FILES, BUT THEN THEY REMEMBER THAT

10:27AM 11    THEY HAVE SOME IN THE GARAGE, LIKE ALL OF THIS IS INHERENTLY

10:27AM 12    DEPENDENT ON SOME INDIVIDUAL AT THE END OF THE DAY RECEIVING

10:27AM 13    THIS REQUEST.

10:27AM 14         BUT I'M CONFIDENT ABOUT WHAT THE GOVERNMENT'S RULE 16

10:27AM 15    OBLIGATION IS THAT IF, WITH THE HELP OF THE DEFENSE WITH THE

10:27AM 16    FDA'S I.T. PROFESSIONALS, THE FACT THAT THESE ARE VERY

10:27AM 17    SOPHISTICATED LAWYERS WORKING WITHIN THE OFFICE OF CHIEF

10:27AM 18    COUNSEL, IF I SAY GO LOOK HERE, GO LOOK THERE, RUN THESE

10:27AM 19    SEARCHES, NO DISCRETION IN THE SEARCH TERMS, NO DISCRETION IN

10:27AM 20    WHERE THEY'RE WORKING, THE LIKELIHOOD OF A MATERIAL DOCUMENT

10:27AM 21    BEING MISSED GOES WAY, WAY DOWN.

10:27AM 22         SO, YOU KNOW, NO SYSTEM IS PERFECT, YOUR HONOR.

10:27AM 23         THE COURT:  SURE.  EVERYTHING IS SUBJECT TO HUMAN

10:27AM 24    FOIBLE.

10:27AM 25         BUT I'M JUST CURIOUS, AND I'LL ASK THE DEFENSE ABOUT THIS,

10:27AM 1    IT MAY BE THAT THIS COURT -- AND I'LL ASK MS. AMIN HER OPINION

10:27AM 2    ABOUT THIS AS WELL -- IT MAY BE THAT THE COURT COULD HAVE THAT

10:28AM 3    GO FORWARD, THAT MANUAL SEARCH GO FORWARD WITH THIS COURT'S

10:28AM 4    ORDER TO THE ATTORNEYS WHO ARE DOING THE SEARCH TO DO CERTAIN

10:28AM 5    THINGS TO MAKE SURE THAT THEY TURN OVER EVERY DOCUMENT, NO

10:28AM 6    QUESTION ABOUT IT.

10:28AM 7        IN OTHER WORDS, THERE'S NO -- HOW SHALL I SAY? -- JUDGMENT

10:28AM 8    INVOLVED.  IT'S THEY ARE PUSH THE BUTTON, AND PUSH PRINT, OR

10:28AM 9    WHATEVER IT IS, AND THAT'S IT, AND THEY HAVE NO DISCRETION ON

10:28AM 10   THAT.

10:28AM 11       DO YOU THINK YOU AND YOUR COLLEAGUE OPPOSITES COULD COME

10:28AM 12   UP WITH AN ORDER THAT MIGHT SATISFY MS. AMIN, AND MS. NORTON,

10:28AM 13   AND MS. MARTINEZ-RESLY, AND MR. WEINFIELD ABOUT THOSE THINGS?

10:28AM 14              MR. LEACH:  YES, YOUR HONOR.

10:28AM 15              THE COURT:  OKAY.

10:28AM 16              MR. LEACH:  BEFORE I PASS THE MIKE, YOUR HONOR, WE

10:28AM 17   DID INVITE THE CHIEF COUNSEL FROM THE FDA TO BE PRESENT FOR

10:28AM 18   THIS HEARING.  SHE WANTED VERY MUCH TO BE HERE IN PERSON, BUT

10:28AM 19   SOME OTHER VERY IMPORTANT DEMANDS GOT IN THE WAY.

10:28AM 20       BUT I DO THINK IT'S IMPORTANT THAT THE COURT HEAR DIRECTLY

10:28AM 21   FROM MS. AMIN --

10:29AM 22              THE COURT:  SURE.

10:29AM 23              MR. LEACH:  -- ABOUT THE EFFORTS THAT THE FDA IS

10:29AM 24   TAKING.

10:29AM 25              THE COURT:  WELL, THANK YOU.  I'M HAPPY TO DO THAT.

10:29AM  1      MS. AMIN, THANK YOU FOR JOINING US TELEPHONICALLY.  YOU'VE

10:29AM  2  HEARD OUR DISCUSSION AND SOME OF THE QUESTIONS THAT I'VE HAD.

10:29AM  3  I'M HAPPY TO HEAR FROM YOU NOW IF YOU WOULD LIKE TO SHARE ANY

10:29AM  4  ITEM WITH US.

10:29AM  5      MS. AMIN:  YOUR HONOR, THANK YOU TO GIVING ME THE

10:29AM  6  OPPORTUNITY TO ADDRESS THE COURT.  AND I WANT TO ASSURE YOU

10:29AM  7  THAT THE FDA IS MAKING EXTRAORDINARY EFFORTS TO COMPLY WITH THE

10:29AM  8  DOCUMENT PRODUCTION SCHEDULE.

10:29AM  9      THIS IS AN UNPRECEDENTED SITUATION FOR THE FDA.  WE HAVE

10:29AM  10  NEVER BEFORE BEEN SUBJECT TO A DOCUMENT PRODUCTION OF THIS

10:29AM  11  SCOPE ON THIS TIMEFRAME WHERE WE'RE PRODUCING HUNDREDS OF

10:29AM  12  THOUSANDS OF PAGES OF DOCUMENTS IN A MATTER OF MONTHS, AND MANY

10:29AM  13  OF THOSE DOCUMENTS DETAIL SENSITIVE AGENCY DELIBERATIONS AND

10:29AM  14  CONFIDENTIAL AND COMMERCIAL TRADE SECRET INFORMATION PROTECTED

10:29AM  15  BY STATUTE.

10:29AM  16      SO IT'S BEEN VERY CHALLENGING AND UNPRECEDENTED THE

10:29AM  17  SITUATION THAT WE ARE TASKED WITH.

10:30AM  18      AND I WANT TO ASSURE YOU THAT THE LEADERSHIP AT THE

10:30AM  19  AGENCY, ACROSS THE WHOLE AGENCY AND AT THE HIGHEST LEVEL OF THE

10:30AM  20  AGENCY ARE ENGAGED IN REGULAR DISCUSSIONS ABOUT HOW TO COMPLY

10:30AM  21  WITH THE COURT'S SCHEDULE.

10:30AM  22      WE HAVE DEDICATED CAREER CIVIL SERVANTS THAT ARE WORKING

10:30AM  23  200 PERCENT OF THEIR NORMAL CAPACITY ON THIS, AND WE HAVE

10:30AM  24  DIVERTED STAFF AND RESOURCES AWAY FROM OTHER HIGH MAJORITY

10:30AM  25  MISSIONS, SUPPORTIVE TASKS, INCLUDING CRIMINAL INVESTIGATIONS,

10:30AM 1    INJUNCTION REFERRALS, WARNING LETTERS AS EXAMPLES.  I CAN'T GET

10:30AM 2    INTO SPECIFIC PROJECTS, BUT IT'S THE KIND OF WORK THAT SUPPORTS

10:30AM 3    OUR CRITICAL PUBLIC HEALTH MISSION TO ENSURE THE SAFETY OF THE

10:30AM 4    FOOD WE EAT AND THE MEDICAL PRODUCTS THAT WE USE, AND SOME OF

10:30AM 5    THAT WORK HAS TAKEN A BACK SEAT TO THIS DISCOVERY, AND I JUST

10:30AM 6    TELL YOU THAT TO ILLUSTRATE HOW SERIOUSLY WE ARE TAKING THIS

10:30AM 7    AND HOW HARD WE ARE TRYING TO MEET THE SCHEDULE.

10:30AM 8        BUT EVEN DESPITE THE EXTRA STAFF AND RESOURCES THAT WE

10:30AM 9    HAVE DEVOTED AND WE HAVE TAKEN ADVANTAGE OF EVERY OFFER OF

10:31AM 10   SUPPORT AND RESOURCES THAT DOJ HAS PROVIDED THAT WOULD HELP

10:31AM 11   SPEED THE PROCESS ALONG, EVEN WITH ALL OF THAT, THERE ARE

10:31AM 12   TECHNICAL LIMITATIONS TO WHAT WE CAN DO.

10:31AM 13       AND I CAN GO INTO MORE DETAIL ABOUT WHAT THOSE TECHNICAL

10:31AM 14   LIMITATIONS ARE.  THE GOVERNMENT'S COUNSEL HAS HIGHLIGHTED A

10:31AM 15   FEW OF THEM, BUT I CAN GET INTO MORE DETAIL, AND THERE ARE

10:31AM 16   REALLY THREE MAJOR LIMITATIONS.

10:31AM 17       FIRST, OUR SOFTWARE HAS LIMITATIONS FOR DOCUMENTS FROM

10:31AM 18   NETWORK DRIVES.  FDA MUST USE THE NK SOFTWARE TO COLLECT,

10:31AM 19   SEARCH, AND EXPORT THOSE DOCUMENTS AND NK'S CONTRACTORS MUST

10:31AM 20   HAVE THE SOFTWARE INSTALLED AND BE LICENSED AND TRAINED TO USE

10:31AM 21   IT.

10:31AM 22       FDA HAS TWO NK LICENSE FOR LITIGATION AND COMPLIANCE.  AND

10:31AM 23   WHAT WE HAVE FOUND IS THAT THE SOFTWARE IS PROHIBITIVELY SLOW

10:31AM 24   WHEN RUNNING SEARCH STRINGS AT THE SAME TIME THAT WE ARE

10:31AM 25   COLLECTING.

10:31AM 1    OUR I.T. STAFF BELIEVES IT WOULD TAKE TOO MUCH TIME TO

10:31AM 2    ONBOARD AND TRAIN MORE CONTRACTORS WITHIN THE TIMEFRAME THAT

10:31AM 3    THIS DISCOVERY NEEDS TO OCCUR, SO WE HAVE ADDRESSED THIS

10:32AM 4    LIMITATION BY EXPORTING DOCUMENTS WITHOUT CONCURRENTLY RUNNING

10:32AM 5    THE SEARCH TERMS, AND INSTEAD DOJ IS NOW GETTING THE NATIVE

10:32AM 6    FILES THEMSELVES AND RUNNING THE SEARCHS THEMSELVES.

10:32AM 7    AS THE GOVERNMENT COUNSEL JUST EXPLAINED, FOR A SET OF

10:32AM 8    CUSTODIANS WILL BE SELF-COLLECTING SO THAT WE CAN CONCURRENTLY

10:32AM 9    DO BOTH SETS AT THE SAME TIME.

10:32AM 10   SIMILARLY, WE HAVE LIMITATIONS WITH OUR CONTRACT WITH

10:32AM 11   MICROSOFT OR OUTLOOK 365 WHICH LIMITED HOW MUCH DATA A DAY WE

10:32AM 12   COULD DOWNLOAD AND HOW MANY CONCURRENT SEARCHES WE COULD RUN.

10:32AM 13   BUT REALLY THE BIGGEST PROBLEM IN OUTLOOK 365 WERE THE

10:32AM 14   ERRORS THAT OCCUR WHEN WE PERFORM CONCURRENT SEARCHES.  SO WE

10:32AM 15   ARE NO LONGER PERFORMING SEARCHES IN OUTLOOK AND AS INSTEAD, AS

10:32AM 16   WAS MENTIONED, WE'RE GIVING DOJ THE NATIVE FILES AND DOJ IS

10:32AM 17   RUNNING THE SEARCHES, AND MY UNDERSTANDING IS THAT THEY ARE

10:33AM 18   PUTTING A SIGNIFICANT AMOUNT OF RESOURCES INTO THAT.

10:33AM 19   AND WE HAVE ALSO ADDRESSED OUR DOWNLOAD LIMITATIONS BY

10:33AM 20   INCREASING OUR CAPACITY WITH MICROSOFT.  ALL OF THAT HAS TAKEN

10:33AM 21   TIME TO DO.

10:33AM 22   THE SECOND MAJOR LIMITATION IS OUR NETWORK BANDWIDTH,

10:33AM 23   WHICH LIMITS HOW MUCH DATA CAN BE EXPORTED AT ANY GIVEN TIME.

10:33AM 24   WHILE WE CONTINUE TO EXAMINE THE CAUSES OF ANY LIMITATIONS

10:33AM 25   THAT WE HAVE, WE'VE FOUND THAT AS WE HAVE IMPROVED THE

10:33AM  1   EFFICIENCY OF OUR SOFTWARE AND WE CAN MANAGE MORE DOWNLOADS AT

10:33AM  2   A TIME THROUGH THAT SOFTWARE, WE BELIEVE OUR NETWORK MAY BE

10:33AM  3   LIMITING HOW MUCH DATA WE CAN EXPORT IN A DAY.  OUR NETWORK HAS

10:33AM  4   TO MANAGE ALL OF THE AGENCY'S TRAFFIC, AND THERE ARE LIMITS ON

10:33AM  5   HOW MUCH TOTAL TRAFFIC IT CAN ACCOMMODATE BEFORE NETWORK

10:33AM  6   FUNCTIONS ARE DISRUPTED.

10:33AM  7        SO AT THE HIGHEST LEVEL OF THE AGENCY WE ARE COMMITTED TO

10:33AM  8   ADDRESSING THIS ISSUE SO THAT GOING FORWARD WE ARE NEVER IN

10:33AM  9   THIS POSITION AGAIN OF NOT BEING ABLE TO MEET A COURT ORDERED

10:33AM  10  DEADLINE.

10:33AM  11       THE ADDING NETWORK CAPACITY IS SOMETHING THAT OUR

10:34AM  12  TECHNICAL EXPERTS HAVE SAID IT CAN'T BE DONE OVERNIGHT OR EVEN

10:34AM  13  IN A MATTER OF MONTHS.  IT'S A MAJOR ENDEAVOR THAT I'VE BEEN

10:34AM  14  TOLD CAN TAKE 12 TO 18 MONTHS.  SO WE'RE WORKING TOWARDS THAT

10:34AM  15  LONG-TERM SOLUTION, BUT IT'S NOT SOMETHING THAT RIGHT NOW ANY

10:34AM  16  MONEY OR PEOPLE CAN FIX.

10:34AM  17       SO WHAT WE'RE DOING IN THE MEANTIME IS ADDRESSING THIS, AS

10:34AM  18  THE GOVERNMENT'S COUNSEL EXPLAINED, CONCURRENTLY HAVING LOWER

10:34AM  19  PRIORITY CUSTODIANS MANUALLY PULL THEIR RESPONSIVE DOCUMENTS,

10:34AM  20  AND I CAN PROVIDE A LITTLE BIT MORE DETAIL ABOUT OUR PLAN FOR

10:34AM  21  DOING THIS.  THIS WILL BE DONE IN ACCORDANCE WITH A

10:34AM  22  SUBCOLLECTION PROTOCOL THAT WILL BE DEVELOPED BY FDA AND DOJ

10:34AM  23  TOGETHER.

10:34AM  24       WE WILL HAVE AN ATTORNEY FROM FDA WHO WILL LEAD THIS

10:34AM  25  PROCESS FOR THE AGENCY, AND WE'LL HAVE A TEAM STAFFED BY FOUR

10:34AM 1      OTHER ATTORNEYS AND OTHER COMPLIANCE PROFESSIONALS IN THE

10:34AM 2      AGENCY, AND THIS TEAM WILL HAND HOLD CUSTODIANS THROUGH THE

10:34AM 3      PROCESS OF THE MANUAL DOCUMENT COLLECTION SO THAT THEY'RE DONE

10:34AM 4      IN ACCORDANCE WITH THE PROTOCOL.

10:34AM 5          I CAN TELL YOU THAT THIS IS SOMETHING THAT THE AGENCY HAS

10:35AM 6      NEVER DONE BEFORE, AND FOR MANY DECADES THE WAY THAT WE

10:35AM 7      RESPONDED TO SUBPOENAS AND OVERSIGHT REQUESTS AND FOIA AND

10:35AM 8      DISCOVERY LITIGATION WAS THROUGH MANUAL COLLECTION, AND THIS IS

10:35AM 9      AN EXTRA LAYER OF ASSURANCE THAT WE'LL PROVIDE THE PROCESS BY

10:35AM 10     HAVING THAT TEAM HAND HOLD THE CUSTODIANS.

10:35AM 11         AND AS THE GOVERNMENT'S COUNSEL SAID, TEN OF THOSE

10:35AM 12     CUSTODIANS ARE ATTORNEYS IN THE OFFICE OF CHIEF COUNSEL WHO

10:35AM 13     ARE, YOU KNOW, BARRED AND PRACTICING ATTORNEYS.

10:35AM 14         I CAN SURELY TELL YOU THEY CAN BE TRUSTED TO DO IT

10:35AM 15     ACCURATELY AND CORRECTLY.

10:35AM 16         SO THE THIRD CHALLENGE THAT WE HAVE HAD ARE WITH ARCHIVED

10:35AM 17     DOCUMENTS, AND THOSE ARE FROM FORMER EMPLOYEES.  THEY POSE

10:35AM 18     SIGNIFICANT TECHNICAL CHALLENGES FOR US.  THE FILES ARE

10:35AM 19     COMPRESSED TO SAVE STORAGE, SO THEY HAVE TO BE DECOMPRESSED TO

10:35AM 20     BE READABLE, AND THAT HAS BEEN A RESOURCE INTENSIVE PROCESS.

10:35AM 21         AND ALSO THE WAY THE FILES ARE ARCHIVED, THEY LOSE THEIR

10:36AM 22     ATTACHMENTS IN THE ARCHIVING PROCESS SO THEY HAVE TO GO THROUGH

10:36AM 23     A PROCESS THAT IS CALLED REHYDRATION TO ENSURE THAT THE E-MAILS

10:36AM 24     ARE MATCHED WITH THEIR ATTACHMENT.

10:36AM 25         THE FDA IS USING A SOFTWARE CALLED SOURCE ONE FOR THIS

10:36AM  1    PROCESS.  WE HAVE FOUND THAT THE SOURCE ONE SOFTWARE MAKES A

10:36AM  2    BIG DIFFERENCE HOW MUCH EXPERIENCE PEOPLE HAVE WITH THE

10:36AM  3    SOFTWARE AND HOW QUICKLY THEY CAN USE IT, AND THAT EXPERIENCE

10:36AM  4    IS SOMETHING THAT CAN'T HAPPEN OVERNIGHT, BUT WE HAVE DIVERTED

10:36AM  5    STAFF TO WORK WITH THE SOFTWARE AND TO GET TRAINED WHILE USING

10:36AM  6    IT.

10:36AM  7        WE HAVE ALSO UPGRADED THE PROCESSING AND MEMORY ON THE

10:36AM  8    SOURCE ONE SERVERS WHICH WAS EFFECTIVE AT THE END OF DECEMBER,

10:36AM  9    AND LAST WEEK WE COMPLETED A STORAGE CAPACITY UPGRADE, AND

10:36AM  10   WE'RE ALSO UPGRADING THE SOURCE ONE SOFTWARE THAT WILL BE

10:36AM  11   COMPLETE BY THE END OF JANUARY.

10:36AM  12       AND I CAN TELL YOU THAT OUR I.T. STAFF IS VERY EXCITED

10:36AM  13   ABOUT ALL OF THESE ENHANCEMENTS WE HAVE MADE AND UPGRADES THAT

10:36AM  14   WE ARE MAKING, AND THEY BELIEVE IT WILL PROVIDE ADDITIONAL

10:37AM  15   CAPACITY AND EFFICIENCY.

10:37AM  16       AGAIN, WITH THESE FILES, AS WITH THE OTHER FILES, WE'RE

10:37AM  17   GOING TO GIVE THE DOJ THE NATIVE FILES, AND THEY'RE GOING TO

10:37AM  18   RUN THE SEARCHS ON THEIR SOFTWARE.

10:37AM  19       SO WE ARE WORKING ON LONG-TERM IMPROVEMENTS THROUGH OUR

10:37AM  20   DOCUMENT COLLECTION AND SEARCH CAPABILITIES, AND IT'S A HIGH

10:37AM  21   AGENCY PRIORITY TO GET OUR E-DISCOVERY CAPABILITIES ON A STRONG

10:37AM  22   FOOTING, AND THIS HAS GARNERED SIGNIFICANT AGENCY LEADERSHIP

10:37AM  23   ATTENTION, BUT THERE ARE MANY LONG-TERM FIXES THAT REQUIRE A

10:37AM  24   SIGNIFICANT INVESTMENT OF MONEY AND TALENT AND THEY CAN'T TAKE

10:37AM  25   EFFECT ON THE TIMELINE THAT THE COURT HAS ORDERED.  IT'S JUST

10:37AM 1       NOT TECHNICALLY POSSIBLE.

10:37AM 2            SO IN THE MEANTIME WE ARE BRINGING EVERY RESOURCE TO BEAR

10:37AM 3       THAT WOULD BE HELPFUL TO THE PRODUCTION.

10:37AM 4            THE DOJ IS CUTTING DOWN ON A TREMENDOUS AMOUNT OF

10:37AM 5       PRODUCTION TIME BY TAKING POSSESSION OF THE DOCUMENTS AND

10:37AM 6       RUNNING THE SEARCHES, AND WE ARE NOT AWARE OF ANY OTHER

10:37AM 7       RESOURCES THAT DOJ COULD OFFER AT THIS TIME OR THAT THE FDA

10:37AM 8       COULD BRING TO BEAR THAT WOULD ALLOW US TO OVERCOME THE

10:37AM 9       TECHNICAL LIMITATIONS THAT WE HAVE TO WORK WITHIN.

10:37AM 10           SO I APOLOGIZE TO THE COURT THAT I WAS NOT ABLE TO ATTEND

10:38AM 11      THE HEARING IN PERSON, BUT WE DID SEND THREE ATTORNEYS FROM FDA

10:38AM 12      TO BE THERE IN PERSON, INCLUDING OUR VERY EXPERIENCED ATTORNEY

10:38AM 13      WE HIRED FROM ONE OF THE BIG D.C. LAW FIRMS TO OVERSEE OUR

10:38AM 14      E-DISCOVERY WORK, AND THEY COULD ANSWER ANY QUESTIONS THAT THE

10:38AM 15      COURT HAS OR I WOULD BE HAPPY TO.

10:38AM 16           AND I DO APPRECIATE THE OPPORTUNITY TO ADDRESS YOU.

10:38AM 17                THE COURT:  WELL, THANK YOU, MS. AMIN.  I APPRECIATE

10:38AM 18      YOU JOINING THE CONVERSATION.  I KNOW YOU HAVE A BUSY SCHEDULE.

10:38AM 19      THIS IS AN IMPORTANT MATTER, AND I'M GRATEFUL FOR THE ATTENTION

10:38AM 20      THAT YOU'VE PLACED TO THIS.

10:38AM 21           I WAS GOING TO ASK YOU WHETHER OR NOT -- WE HEARD

10:38AM 22      MR. LEACH SAY THAT JUSTICE IS READY AND ABLE TO PROVIDE BODIES

10:38AM 23      AND ABLE ASSISTANCE, BUT WHAT I HEARD YOU SAY IS -- I THINK I

10:38AM 24      HEARD YOU SAY THAT ANYTHING THAT JUSTICE COULD DO AS FAR AS

10:38AM 25      MORE BODIES IS NOT -- WOULD NOT BE HELPFUL.

10:38AM  1          MS. AMIN:  AND THEY'RE PROVIDING BODIES ON THE

10:39AM  2    SEARCHES, AND THAT HAS BEEN A HUGE HELP.  I CAN -- OUR ORIGINAL

10:39AM  3    ESTIMATES FOR HOW LONG IT WOULD TAKE TO COMPLY WITH THIS WERE A

10:39AM  4    NUMBER OF MONTHS THAT YOU WON'T EVEN WANT TO HEAR US MENTION IN

10:39AM  5    THIS COURT, BUT DOJ HAS PROVIDED THE RESOURCES TO RUN THE

10:39AM  6    SEARCH WHICH HAS BROUGHT US TO THE POINT OF BEING ABLE TO

10:39AM  7    COMMIT TO APRIL, AND THAT HAS BEEN A TREMENDOUS HELP.

10:39AM  8          BUT THERE ARE NOT ANY OTHER RESOURCES THAT THEY COULD

10:39AM  9    OFFER THAT WOULD CHANGE THESE FUNDAMENTAL LIMITATIONS THAT WE

10:39AM  10   HAVE.

10:39AM  11          THE COURT:  IF YOU OBTAINED THE INFORMATION AND GAVE

10:39AM  12   IT TO, AS THEY'RE DOING, I GUESS THE NATIVE DOCUMENTS TO

10:39AM  13   JUSTICE NOW, AND THEY'RE DOING THE SEARCH WITH THEIR BODIES,

10:39AM  14   THEIR TEAM, IS THAT SOMETHING THAT CAN BE ENHANCED, THAT IS,

10:39AM  15   THE DELIVERY OF THE NATIVE DOCUMENTS, OR IS THAT TIED INTO THIS

10:39AM  16   OTHER SOFTWARE ISSUE?

10:39AM  17          MS. AMIN:  YEAH, IT'S THAT AND WE CONTINUE -- YOU

10:39AM  18   KNOW, EVERY DAY WE'RE LOOKING FOR WAYS THAT WE CAN MAKE THAT

10:39AM  19   DELIVERY OF THE NATIVE DOCUMENTS GO FASTER, BUT AS OF RIGHT NOW

10:40AM  20   WE'RE NOT AWARE OF ANYTHING ELSE THAT WE COULD -- WE'VE TAKEN

10:40AM  21   EVERY STEP THAT WE CAN IDENTIFY THAT WE CAN TAKE WITHIN THE

10:40AM  22   TIME PERIOD THAT WE HAVE.

10:40AM  23          BUT WE CONTINUE TO HAVE LEADERSHIP CONVERSATIONS ABOUT

10:40AM  24   THIS WITH OUR LEADERSHIP AND THE I.T. EXPERTS, AND CERTAINLY IF

10:40AM  25   WE IDENTIFY ADDITIONAL WAYS THAT WE CAN MAKE THIS MOVE FASTER,

10:40AM 1    IF ANY OF IT WOULD INVOLVE ANY RESOURCES FROM DOJ, WE WOULD NOT

10:40AM 2    HESITATE TO ASK.

10:40AM 3            THE COURT:  OKAY.  THANK YOU.  I'M CURIOUS, HOW WAS

10:40AM 4    THE APRIL 30TH DATE ARRIVED AT?  HOW WAS THAT REACHED?

10:40AM 5            MS. AMIN:  I CAN DEFER TO MY COLLEAGUES WHO ARE

10:40AM 6    THERE IN THE COURTROOM IF THEY'RE ABLE TO WALK THROUGH STEP BY

10:40AM 7    STEP, BUT IT'S JUST A MATTER OF 88 CUSTODIANS AND GAMING OUT

10:40AM 8    HOW MUCH TIME THE SYSTEM IS TAKING TO ELECTRONICALLY DOWNLOAD

10:40AM 9    COMBINED WITH HOW MUCH TIME WOULD IT TAKE TO VISIT TO MANUALLY

10:40AM 10   COLLECT.

10:40AM 11           THE COURT:  OKAY.  WELL, MAYBE I'LL TURN TO --

10:41AM 12   MR. WEINFIELD, ARE YOU THE BEST TO ANSWER THAT QUESTION, SIR?

10:41AM 13           MR. WEINFIELD:  YES.

10:41AM 14           THE COURT:  SURE, WHY DON'T YOU COME FORWARD.  I'M

10:41AM 15   CURIOUS, IS THERE AN APP?  IS THERE AN ALGORITHM OR SOMETHING?

10:41AM 16   HOW IS THAT REACHED?

10:41AM 17           MR. WEINFIELD:  THANK YOU, YOUR HONOR.  THANK YOU,

10:41AM 18   YOUR HONOR.  THAT WAS BASED ON MY PROJECTION OF THE DOCUMENTS

10:41AM 19   THAT WE HAD PRODUCED TO -- HAD TRANSMITTED TO DOJ TO DATE AT

10:41AM 20   THE TIME I CAME UP WITH THE PROJECTION, PLUS THE INFORMATION

10:41AM 21   THAT I WAS GIVEN FROM OUR I.T. STAFF ABOUT HOW LONG IT WOULD

10:41AM 22   TAKE PER CUSTODIAN FOR EACH OF THE E-MAILS AND THE NETWORK

10:41AM 23   DRIVES AND THE ARCHIVED CUSTODIANS.

10:41AM 24           THE COURT:  SO HAS YOUR ESTIMATE CHANGED IN LIGHT OF

10:41AM 25   WHAT WE LEARNED FROM MS. AMIN AND MR. LEACH ABOUT THE

10:41AM   1   PRODUCTION?

10:41AM   2       IT SOUNDS LIKE IT HAS BEEN ALL HANDS ON DECK AND THERE HAS

10:41AM   3   BEEN SOME EFFICIENCIES THAT HAVE BEEN CAPTURED.  HAS THAT

10:41AM   4   CHANGED YOUR ESTIMATE?

10:41AM   5               MR. WEINFIELD:  I HAVEN'T CREATED A FORMAL ESTIMATE,

10:41AM   6   YOUR HONOR, BUT I AM -- I WOULD BE DELIGHTED IF WE WERE ABLE TO

10:41AM   7   PRODUCE ALL OF THE DOCUMENTS PRIOR TO APRIL 30TH.

10:42AM   8       I WOULDN'T GO SO FAR AS TO SAY THAT I'M HOPEFUL OF THAT,

10:42AM   9   BUT I THINK THERE IS A POSSIBILITY OF THAT.  I CERTAINLY WOULD

10:42AM  10   NOT WANT TO COMMIT TO THAT AT THIS TIME.

10:42AM  11       IF IT PLEASE THE COURT, WE ARE ENGAGED IN QUITE A COMPLEX

10:42AM  12   PROCESS.  WE'VE DESCRIBED IT AS BUILDING A BOAT WHILE YOU'RE IN

10:42AM  13   THE WATER.

10:42AM  14       SO EVERY DAY WE'RE TRYING TO FIND NEW EFFICIENCIES AND SO

10:42AM  15   IT WOULD BE IMPRUDENT TO COME UP WITH A SPECIFIC ESTIMATE NOW.

10:42AM  16       NOW, IF THE COURT WISHES ONE, I'D BE HAPPY TO GET BACK IN

10:42AM  17   TOUCH WITH MY COLLEAGUES AND COME UP WITH ONE.

10:42AM  18               THE COURT:  I WAS CURIOUS, THIS DATE WAS SELECTED

10:42AM  19   AND I'VE HEARD THE REASONS PERHAPS NOW.

10:42AM  20               MR. WEINFIELD:  DRILLING DOWN JUST A LITTLE BIT, IT

10:42AM  21   HAD TO DO WITH HOW MANY CUSTODIANS WE COULD COLLECT

10:42AM  22   CONCURRENTLY, HOW LONG IT MIGHT TAKE TO PROCESS THAT DATA, HOW

10:42AM  23   LONG IT WOULD TAKE TO, AS MS. AMIN COMMENTED EARLIER, REHYDRATE

10:42AM  24   THE CUSTODIANS.  THAT'S A PARTICULARLY DIFFICULT PROCESS THAT

10:42AM  25   REQUIRES SOMEONE WITH EXPERTISE AND EXPERIENCE IN THAT AREA.

10:42AM   1          SO I PUT THOSE NUMBERS TOGETHER AND CAME UP WITH THAT

10:43AM   2     BASED ON A VERY GRANULAR ANALYSIS.

10:43AM   3          THE PLACES WHERE WE MIGHT GAIN SPEED MIGHT BE IN THE

10:43AM   4     E-MAIL COLLECTION, PERHAPS A BIT OF SPEED ON THE NETWORK

10:43AM   5     COLLECTION.

10:43AM   6          BUT BEING PRUDENT, APRIL 30TH IS A DEADLINE THAT WE CAN

10:43AM   7     CERTAINLY MEET.

10:43AM   8               THE COURT:  GREAT.  THANK YOU VERY MUCH.  THANK YOU

10:43AM   9     FOR BEING HERE.

10:43AM  10               MR. WEINFIELD:  YOU'RE VERY WELCOME.

10:43AM  11          MR. LEACH, ANYTHING ELSE YOU WOULD LIKE TO ADD?

10:43AM  12               MR. LEACH:  NO, YOUR HONOR.  THANK YOU VERY MUCH.

10:43AM  13               THE COURT:  ALL RIGHT.  THANK YOU.  WHO IS GOING TO

10:43AM  14     SPEAK FOR THE DEFENSE?

10:43AM  15               MR. WADE:  LANCE WADE ON BEHALF OF THE DEFENSE.

10:43AM  16     HAPPY NEW YEAR.  IT'S NICE TO BE BACK IN CALIFORNIA.

10:43AM  17               THE COURT:  THANKS.  HAPPY NEW YEAR.

10:43AM  18               MR. WADE:  THE -- WE DON'T WANT TO -- WE HEAR

10:43AM  19     EVERYTHING THAT'S BEEN SAID HERE, AND WE DON'T WANT TO APPEAR

10:43AM  20     UNREASONABLE OR UNAPPRECIATIVE.

10:43AM  21               THE COURT:  BUT.

10:43AM  22               MR. WADE:  THERE'S A TREMENDOUS AMOUNT OF WORK.  THE

10:43AM  23     BUT WILL COME IN A SECOND.  THERE'S A TREMENDOUS AMOUNT OF WORK

10:44AM  24     BEING DONE, AND I DON'T WANT TO BE DISRESPECTFUL OF THAT GIVEN

10:44AM  25     THE HARD WORK THAT IS BEING PUT IN BY PEOPLE -- THE OPPOSING

10:44AM 1     COUNSEL AND PEOPLE WITH THE GOVERNMENT.

10:44AM 2          THE COURT:  IT SEEMS LIKE IT'S A SIGNIFICANT EFFORT

10:44AM 3     THAT HAS BEEN CALLED UPON, AND WHAT WE'VE HEARD TODAY AND IN

10:44AM 4     THE DECLARATIONS SUGGESTS THAT THEY'VE RISEN TO THE CHALLENGE

10:44AM 5     AS BEST THEY CAN WITH THE TOOLS THAT THEY HAVE AVAILABLE.

10:44AM 6          MR. WADE:  IT WOULD SEEM LIKE THERE IS SOME

10:44AM 7     BOTTLENECKS IN THE PROCESS BASED ON THE TECHNOLOGY THAT THEY

10:44AM 8     EMPLOY AT THE AGENCY THAT ARE LIMITING THE CAPACITY HERE AND

10:44AM 9     WITHOUT -- I DON'T HAVE THE TECHNICAL CAPACITY TO TELL THE

10:44AM 10    COURT THAT THERE IS SOME ALTERNATIVE TO FIX THAT BOTTLENECK.

10:44AM 11    IT'S POSSIBLE THAT SOME OUTSIDE VENDOR CAN BE BROUGHT IN, BUT

10:44AM 12    IT SOUNDS LIKE THEY'RE MAKING GREAT EFFORTS TO TRY TO DO THAT

10:44AM 13    AND TO DEVELOP WHATEVER RESOURCES THEY CAN BRING TO THIS

10:44AM 14    MATTER.  WE'RE APPRECIATIVE OF THAT.

10:44AM 15         OUR POSITION ON THIS MOTION IS NOT GUIDED BY OUR LACK OF

10:45AM 16    APPRECIATION OF THOSE EFFORTS.

10:45AM 17         IT'S JUST GUIDED BY A PRACTICAL REALITY OF THE CALENDAR,

10:45AM 18    WHICH IS THE VOLUME OF DOCUMENTS HERE, AND THERE'S A LOT OF

10:45AM 19    DISCUSSION THAT HAS BEEN -- THAT HAS OCCURRED WITH RESPECT TO

10:45AM 20    THE SEARCH TERMS AND THE NUMBER OF CUSTODIANS.

10:45AM 21         THE PROOF IS IN THE PUDDING HERE, YOUR HONOR.  ONE HUNDRED

10:45AM 22    AND FORTY THOUSAND DOCUMENTS HAVE COME TO THE DEFENSE THAT ARE

10:45AM 23    RESPONSIVE TO THOSE SIX CATEGORIES OF DOCUMENTS.

10:45AM 24         I REVIEWED A STACK OF THEM ON THE PLANE RIDE OUT HERE, THE

10:45AM 25    MORE RECENT MATERIALS.  THESE ARE DOCUMENTS THAT ARE MATERIAL

10:45AM 1    TO THE PREPARATION OF THE DEFENSE AND SIGNIFICANT DOCUMENTS.

10:45AM 2         SO WE NEED THE MATERIAL.  WE NEED TIME TO DIGEST THE

10:45AM 3    MATERIAL, AND WE CAN'T DO THAT AND BE READY TO MEET THE VARIOUS

10:45AM 4    DEADLINES THAT HAVE BEEN IMPOSED BY THE COURT OR THAT WE HAVE

10:45AM 5    PREVIOUSLY AGREED TO WITH THE ASSUMPTION THAT WE WOULD HAVE

10:45AM 6    THIS MATERIAL EARLIER.

10:45AM 7         THE COURT:  WELL, DID YOU RECEIVE 136,092 DOCUMENTS

10:46AM 8    BY DECEMBER 31ST?

10:46AM 9         MR. WADE:  WE DID.  I USED THE NUMBER OF ABOUT

10:46AM 10   140,000 BECAUSE I THINK THERE IS ANOTHER SMALL PRODUCTION THAT

10:46AM 11   WAS MADE BEFORE THEN.  THE PRECISE NUMBER MIGHT BE --

10:46AM 12        THE COURT:  RIGHT.  RIGHT.  HAVE YOU COMPLETED YOUR

10:46AM 13   WORK?

10:46AM 14        MR. WADE:  NO.

10:46AM 15        THE COURT:  RIGHT.

10:46AM 16        MR. WADE:  AND TO THAT POINT, YOUR HONOR, WHICH IS

10:46AM 17   EXACTLY WHY WE TAKE THE POSITION THAT WE'RE TAKING BEFORE THE

10:46AM 18   COURT, I DID SOME MATH ON THIS LAST NIGHT AS I WAS GOING

10:46AM 19   THROUGH IT, AND USING, USING THE AVERAGE RETURN, AVERAGE REVIEW

10:46AM 20   RATES FOR DOCUMENTS OF THIS TYPE AND BASED ON THE REVIEW RATE

10:46AM 21   OF THE PREVIOUS DOCUMENTS THAT WE'VE RECEIVED, IT WOULD TAKE A

10:46AM 22   REVIEW TEAM TEN -- OF TEN PEOPLE, ABOUT THREE MONTHS JUST TO

10:46AM 23   GET THROUGH JUST THE FIRST TRANCHE OF DOCUMENTS WITH A

10:46AM 24   COMPREHENSIVE FIRST LEVEL REVIEW.

10:46AM 25        THAT'S TO SAY NOTHING OF THE FOLLOW-ON ANALYSIS THAT IS

10:46AM 1  DONE BY ASSOCIATES AND PARTNERS TO INTEGRATE THAT INTO OUR

10:46AM 2  EXPERT WORK, TO INTEGRATE THAT INTO THE WORK THAT WE'RE DOING

10:47AM 3  TO BE PREPARED TO EXAMINE WITNESSES, THE INVESTIGATIVE WORK

10:47AM 4  THAT WE WANT TO DO TO DETERMINE WHETHER WE CALL ADDITIONAL

10:47AM 5  WITNESSES.

10:47AM 6      SO WE'RE, WE'RE -- LIKE THE GOVERNMENT AND THE FDA, WE'RE

10:47AM 7  PREPARED TO WORK VERY HARD ON THIS, BUT THERE'S JUST A

10:47AM 8  PRACTICAL REALITY BASED UPON THE VOLUME HERE TO BE IN A

10:47AM 9  POSITION WHERE WE CAN PROPERLY DEFEND OUR CLIENT, WE CAN'T

10:47AM 10  AGREE TO THIS DEADLINE.

10:47AM 11      OF COURSE, WE WISH THESE RESOURCES HAD BEEN DEDICATED

10:47AM 12  SOONER.  WE WISHED THAT THIS HAPPENED BACK IN -- WHEN WE FILED

10:47AM 13  THE MOTION IN APRIL OR AT THE PRIOR HEARINGS.

10:47AM 14      THE COURT:  WELL, MS. AMIN TELLS US THIS IS A CASE

10:47AM 15  OF FIRST IMPRESSION TO HER AGENCY, THE SIZE OF THE REQUEST.

10:47AM 16      MR. WADE:  I CERTAINLY CAN'T SPEAK TO THE FDA'S

10:47AM 17  EXPERIENCE ON THESE MATTERS.  I CAN REPRESENT TO THE COURT, AS

10:47AM 18  WE HAVE MENTIONED BEFORE, WE HAVE DONE A LOT OF CRIMINAL

10:47AM 19  LITIGATION INVOLVING VARIOUS GOVERNMENT AGENCIES, GIVEN OUR

10:48AM 20  PRACTICE AND THE LOCATION OF OUR PRACTICE, AND RECEIVING A

10:48AM 21  VOLUME OF THIS SIZE FROM A GOVERNMENT AGENCY IN CONNECTION WITH

10:48AM 22  A CRIMINAL CASE IS NOT UNPRECEDENTED IN OUR EXPERIENCE.

10:48AM 23      NOW --

10:48AM 24      THE COURT:  WITH THE FDA IN YOUR EXPERIENCE?

10:48AM 25      MR. WADE:  NOT WITH -- I HAVE NOT HAD THAT WITH THE

10:48AM 1    FDA BUT OTHER AGENCIES WE HAVE SEEN SIMILAR VOLUME.

10:48AM 2        NOW, TO BE CLEAR, A LOT OF TIMES THOSE MATERIALS ARE

10:48AM 3    GATHERED AS PART OF THE INVESTIGATION, AND A BROADER SET OF

10:48AM 4    RELEVANT MATERIALS IS GATHERED DURING THE INVESTIGATION STAGE

10:48AM 5    AND TURNED OVER.

10:48AM 6        IT WAS CLEAR TO US AT THE OUTSET THAT THE UNIVERSE OF

10:48AM 7    MATERIAL THAT WAS GATHERED HERE WAS VERY NARROW AND TO A DEGREE

10:48AM 8    CURATED TO THE GOVERNMENT'S CASE, THE CASE THAT IT WANTED TO

10:48AM 9    PRESENT, WHICH IS FINE.  THE GOVERNMENT HAS ITS JOB.  WE HAVE

10:48AM 10   OURS.

10:48AM 11       OUR JOB IS TO DEFEND OUR CLIENT, AND, THEREFORE,

10:48AM 12   ADDITIONAL MATERIALS ARE RELEVANT TO THOSE EFFORTS.

10:48AM 13       I MIGHT BE IN A DIFFERENT POSITION IF THESE ROLLING

10:49AM 14   PRODUCTIONS THAT HAD OCCURRED TO DATE WERE NOT YIELDING RESULTS

10:49AM 15   THAT WE WOULD REPRESENT TO THE COURT TO BE HIGHLY SIGNIFICANT

10:49AM 16   DOCUMENTS, EXHIBIT LIST TYPE DOCUMENTS.  AND WE HAVE EVERY

10:49AM 17   REASON TO ANTICIPATE THAT THAT WILL CONTINUE.

10:49AM 18       NOW, THAT BEING SAID, WE'VE, WE'VE -- WE'RE LEARNING NEW

10:49AM 19   INFORMATION, SOME OF THE INFORMATION THAT HAS BEEN SHARED BY

10:49AM 20   FDA COUNSEL AND HAS BEEN SHARED BY THE GOVERNMENT TODAY WE'RE

10:49AM 21   ACTUALLY LEARNING FOR THE FIRST TIME IN THE COURTROOM WITH

10:49AM 22   RESPECT TO SOME OF THE ISSUES, AND THE TYPE OF PROPOSAL THAT

10:49AM 23   THEY'RE MAKING WITH RESPECT TO SOME OF THOSE CUSTODIANS WHO ARE

10:49AM 24   LOWER PRIORITY CUSTODIANS, MANY OF WHOM ARE LAWYERS, AND I'M

10:49AM 25   CONFIDENT THAT IN AN EFFORT TO TRY TO EXPEDITE THIS WE PROBABLY

10:49AM 1    COULD COME UP WITH A PROCESS THAT WOULD ALLOW FOR A MANUAL

10:49AM 2    SEARCH WITH THE TYPES OF PROCEDURES THAT MS. AMIN WAS REFERRING

10:49AM 3    TO WITH SOME FDA ATTORNEY SUPERVISION, DOJ ATTORNEY

10:50AM 4    SUPERVISION, MAYBE A CERTIFICATION FROM THE PERSON THAT THEY

10:50AM 5    DID WHAT THEY SAID THEY COULD DO.  I THINK WE CAN COME UP WITH

10:50AM 6    A PROTOCOL TO HELP EXPEDITE IT.

10:50AM 7        BUT MY UNDERSTANDING OF WHAT THE GOVERNMENT'S POSITION IS,

10:50AM 8    EVEN WITH THAT EFFICIENCY, WE'RE STILL LOOKING AT THE END OF

10:50AM 9    APRIL, WHICH IS A DEADLINE THAT I THINK, AS THE COURT KNOWS,

10:50AM 10   INCLUDES -- THE VERY DATE IS THE DATE ON WHICH OUR EXPERT

10:50AM 11   DISCLOSURES ARE DUE, IT'S JUST A DAY BEFORE OUR RULE 16

10:50AM 12   DISCOVERY IS DUE.  IT'S JUST --

10:50AM 13           THE COURT:  WELL, WE CAN MAKE SOME ADJUSTMENT, OF

10:50AM 14   COURSE, AS NEEDED ON THINGS.  COURTS DO THAT.

10:50AM 15       BUT I APPRECIATE YOUR ATTENTION TO RESPECTING THE

10:50AM 16   DEADLINES.

10:50AM 17           MR. WADE:  AND WE HAVE MADE EVERY EFFORT TO TRY TO

10:50AM 18   PUSH TOWARDS THAT.

10:50AM 19       YOUR HONOR MAY RECALL THAT AS FAR BACK AS JUNE AND JULY

10:50AM 20   WHEN WE WERE IN OUR FIRST AND SECOND HEARING ON THESE MATTERS

10:51AM 21   AND WERE AT THE SAME TIME TALKING ABOUT THE TRIAL, WE

10:51AM 22   ARTICULATED, BECAUSE THE COURT ADVANCED THE TRIAL DATE SLIGHTLY

10:51AM 23   OVER WHAT THE PARTIES HAD OFFERED TO THE COURT, WE TRIED TO

10:51AM 24   MAKE CLEAR TO THE COURT THAT WE SAW LITTLE ROOM FOR ERROR IN

10:51AM 25   CONNECTION WITH SOME OF THESE DISCOVERY ISSUES GIVEN HOW TIGHT

10:51AM   1    THIS IS.

10:51AM   2        THIS IS A -- THIS CASE AND IN THE PROCESS THE FDA IS GOING

10:51AM   3    THROUGH IS IN SOME WAYS A MICROCOSM OF THE WHOLE CASE.  IT'S A

10:51AM   4    HIGHLY COMPLEX CASE, AND IT'S GOING TO BE A LENGTHY TRIAL AND

10:51AM   5    IT INVOLVES A LOT OF WITNESSES.  THERE IS ONLY SO MUCH WE CAN

10:51AM   6    DO AND BE IN A POSITION TO FULLY AND FAIRLY REPRESENT OUR

10:51AM   7    CLIENT BEFORE THE COURT AT TRIAL AND EFFICIENTLY BEFORE THE

10:51AM   8    COURT.  WE DON'T WANT TO -- WE WANT TO DO IT IN A WAY THAT IS

10:51AM   9    RESPECTFUL OF THE COURT OBVIOUSLY IN ITS TIME AS WELL.

10:51AM  10        SO THAT IS THE GENISIS OF OUR OPPOSITION.

10:51AM  11            THE COURT:  WELL, I APPRECIATE IT.  I'VE OFTEN

10:52AM  12    COMMENTED IT'S -- I'VE DONE THIS, I'VE USED THE WORD

10:52AM  13    "EFFICIENT" WITH A CRIMINAL CASE, AND IT'S PROBABLY NOT

10:52AM  14    APPROPRIATE TO DO THAT, RESPECTING ALL PARTIES' INTERESTS IN

10:52AM  15    THE CASE.  EFFICIENCY IS IMPORTANT, BUT RESPECTING BOTH

10:52AM  16    PARTIES' RIGHTS TO A FAIR TRIAL IS PARAMOUNT, SO I APPRECIATE

10:52AM  17    THAT.

10:52AM  18            MR. WADE:  YOUR HONOR, TO BE CLEAR, I THINK THAT ALL

10:52AM  19    PARTIES HERE, ESPECIALLY AFTER THE NOVEMBER ORDER, PARTICULARLY

10:52AM  20    AFTER THE NOVEMBER ORDER, HAVE BEEN WORKING DILIGENTLY TO TRY

10:52AM  21    TO BE, IF NOT EFFICIENT, EXPEDITIOUS TO HELP GET -- KEEP THIS

10:52AM  22    CASE ON TRACK, AND I'M NOT BELITTLING THOSE EFFORTS, I'M JUST

10:52AM  23    REFLECTING THE REALITY.

10:52AM  24        WE NEED TO BE -- AS YOUR HONOR KNOWS, WE NEED TO BE

10:52AM  25    THOROUGH AND ZEALOUS, I BELIEVE, IN OUR REPRESENTATION OF OUR

10:52AM 1    CLIENT, AND TO DO THAT WE WOULD NOT BE ABLE TO DO THAT ON THE

10:52AM 2    SCHEDULE.

10:52AM 3              THE COURT:  OKAY.  ALL RIGHT.  THANK YOU.

10:52AM 4         MR. BROWN, MR. CAZARES.

10:53AM 5              MR. CAZARES:  THANK YOU.  THANK YOU.

10:53AM 6         STEPHEN CAZARES FOR MR. BALWANI.  I WON'T REITERATE WHAT

10:53AM 7    COUNSEL HAS ALREADY MENTIONED WITH RESPECT TO THE NEED FOR

10:53AM 8    THESE IMPORTANT MATERIALS.  I THINK THAT HAS ALREADY BEEN MADE

10:53AM 9    CLEAR.

10:53AM 10        BUT THE CIRCUMSTANCE THAT WE'RE NOW IN FROM THE DEFENSE

10:53AM 11   PERSPECTIVE, OUT OF KIND OF NO FAULT OF OUR OWN, YOU KNOW, THE

10:53AM 12   GOVERNMENT CHOSE TO BRING THIS CASE 19 MONTHS AGO NOW.

10:53AM 13             THE COURT:  WELL, I WOULD -- I'M MORE INTERESTED IN

10:53AM 14   NOT CASTING BLAME BUT FINDING SOLUTIONS.

10:53AM 15             MR. CAZARES:  AND I'M NOT CASTING BLAME.  MY POINT,

10:53AM 16   THOUGH, IS THAT WE'RE NOW AT THIS STAGE WITH TRIAL APPROACHING

10:53AM 17   AND VOLUMINOUS MATERIALS ARE NOW BEING PRODUCED TO THE DEFENSE,

10:53AM 18   WHICH WE REALLY APPRECIATE.  AND AS COUNSEL MENTIONED, YOU

10:53AM 19   KNOW, WE'RE PUT IN THIS TIME PRESSURE WHERE WE NEED TO REVIEW

10:53AM 20   THESE MATERIALS TO PREPARE FOR TRIAL, BUT THERE'S THE

10:53AM 21   COUNTERVAILING INTEREST, WE WANT TO GET THIS CASE DONE.  WE

10:53AM 22   WOULD LIKE TO GO TO TRIAL.  MR. BALWANI WOULD LIKE TO CLEAR HIS

10:54AM 23   NAME.  THAT'S THE SPEEDY TRIAL ACT ISSUE.

10:54AM 24        THE PROBLEM NOW IS THAT WE'RE BEING PUT IN THE SITUATION

10:54AM 25   THROUGH -- OUT OF NO INTENT I DON'T BELIEVE BY THE GOVERNMENT,

10:54AM 1    WE'RE BEING PUT IN THE POSITION OF KIND OF WEIGHING OUR NEED TO

10:54AM 2    PREPARE FOR TRIAL VERSUS OUR DESIRE TO GET TO TRIAL AND TO TRY

10:54AM 3    TO CLEAR MR. BALWANI'S NAME, AND THAT'S WHAT IS HAPPENING HERE

10:54AM 4    IN THE COURT, AND THEN THERE ARE OTHER COUNTERVAILING ISSUES

10:54AM 5    THAT WE ON THE DEFENSE HAVE TO CONSIDER AS WELL.  THAT'S,

10:54AM 6    UNFORTUNATELY, YOU KNOW, THE MEDIA COVERAGE OF THE CASE, PUBLIC

10:54AM 7    PERCEPTIONS.  THERE'S APPARENTLY A MOVIE THAT IS GOING TO BE

10:54AM 8    COMING OUT SOME TIME ABOUT THESE EVENTS, WHICH I'M SURE AREN'T

10:54AM 9    GOING TO CAST MY CLIENT IN A POSITIVE LIGHT AND MAY HAVE SOME

10:54AM 10   IMPACT ON THE JURY POOL AS WELL.

10:54AM 11       AND THESE ARE -- I KNOW THE COURT CAN'T CONTROL THAT, BUT

10:54AM 12   THESE ARE ALL THINGS THAT WE HAVE TO CONSIDER WHEN TRYING TO

10:54AM 13   MAKE OUR DECISIONS GOING FORWARD WITH RESPECT TO, YOU KNOW,

10:54AM 14   REVIEWING THIS DISCOVERY AND ULTIMATELY THE DIFFICULT CALENDAR

10:54AM 15   WE'RE IN RIGHT NOW.

10:55AM 16            THE COURT:  OKAY.  THANK YOU.

10:55AM 17            MR. CAZARES:  THANK YOU, YOUR HONOR.

10:55AM 18            THE COURT:  THANK YOU FOR THOSE OBSERVATIONS.

10:55AM 19       MR. LEACH, ANYTHING FURTHER?

10:55AM 20            MR. LEACH:  VERY BRIEFLY, YOUR HONOR.  THIS IS -- I

10:55AM 21   DON'T WANT TO LOSE SIGHT OF THE FACT THAT, FIRST OF ALL,

10:55AM 22   MR. BALWANI IS NOT HERE BECAUSE HE'S DEPOSING TEN FDA WITNESSES

10:55AM 23   BACK IN WASHINGTON, D.C.  I THINK MR. BALWANI HAS A VERY GOOD

10:55AM 24   UNDERSTANDING OF THE FDA ISSUES AND WAS PREPARED ENOUGH TO GO

10:55AM 25   FORWARD WITH THOSE DEPOSITIONS IN THE CIVIL CASE, SO I DON'T

10:55AM 1    WANT TO LOSE SIGHT OF THE FACT THAT THIS IS ONE ISSUE IN THE

10:55AM 2    INDICTMENT.

10:55AM 3         THERE ARE AT LEAST TEN OTHER CATEGORIES OF

10:55AM 4    MISREPRESENTATIONS HERE.  THIS IS NOT A CASE ABOUT THE FDA

10:55AM 5    INVOLVING THE FDA CHARGES.  I DON'T WANT TO MINIMIZE THE

10:55AM 6    IMPORTANCE OF THESE DOCUMENTS, AND WE ARE RESPONDING TO THE SIX

10:55AM 7    CATEGORIES IN THE MOTION TO COMPEL.  I'M NOT TRYING TO MINIMIZE

10:56AM 8    THEM.  I'M JUST TRYING TO PUT THEM IN PERSPECTIVE OF A MUCH

10:56AM 9    LARGER CASE.  THIS IS NOT A CASE ABOUT THE FDA.  THIS IS A CASE

10:56AM 10   ABOUT MISREPRESENTATIONS TO INVESTORS AND REPRESENTATIONS --

10:56AM 11             THE COURT:  IT'S A WIRE FRAUD CASE.

10:56AM 12             MR. LEACH:  IT'S A WIRE FRAUD CASE AS I UNDERSTAND

10:56AM 13   IT, TOO, YOUR HONOR.

10:56AM 14        SO I ALSO -- I TAKE THE DEFENSE AT THEIR WORD THAT THEY

10:56AM 15   NEED THE TIME TO PREPARE.  THEY'RE BEST ABLE TO SPEAK TO

10:56AM 16   THOSE -- BETTER ABLE TO SPEAK TO THOSE THAN I AM.

10:56AM 17        I WOULD ENCOURAGE THE MORE SPECIFICS THAT WE CAN HAVE ON

10:56AM 18   THAT.  YOU KNOW, I KEEP HEARING REFERENCES TO HIGHLY RELEVANT

10:56AM 19   EVIDENCE THAT THEY FOUND IN THE 130-PLUS THOUSAND DOCUMENTS,

10:56AM 20   AND I'M NOT SURE WHAT THEY'RE REFERRING TO.  I WOULD ENCOURAGE

10:56AM 21   THE COURT TO LOOK AT THE SPECIFICITY OF THAT.

10:56AM 22        AND WE WANT TO KEEP THIS TRIAL DATE.  WE'RE WORKING TO

10:56AM 23   KEEP THIS TRIAL DATE.

10:56AM 24        THE DEFENSE, YOU KNOW, WE TAKE THEM AT THEIR WORD FOR WHAT

10:56AM 25   THEY NEED, AND WE'RE WORKING AS QUICKLY AS WE CAN TO GET IT TO

10:57AM  1    THEM.

10:57AM  2         THANK YOU, YOUR HONOR.

10:57AM  3              THE COURT:  ALL RIGHT.  I THINK OUR NEXT COURT DATE

10:57AM  4    IS FEBRUARY 10TH.

10:57AM  5              MR. LEACH:  YES, YOUR HONOR.

10:57AM  6              THE COURT:  THAT IS FOR MOTIONS.

10:57AM  7         LET ME INVITE COUNSEL TO SIDE-BAR, AND IF YOU COULD BRING

10:57AM  8    YOUR CALENDARS, PLEASE.  I JUST WANT TO GO OVER SOME SCHEDULING

10:57AM  9    QUESTIONS.

10:57AM  10         **(SIDE-BAR CONFERENCE ON A SEALED RECORD PAGES 41-44)**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
| 10:57AM  | 1  | **(SEALED SIDE-BAR CONFERENCE.)**                        |
| 10:57AM  | 2  | THE COURT:  ARE WE ALL GOING TO FIT?  WE'RE AT          |
| 10:57AM  | 3  | SIDE-BAR WITH COUNSEL.  I JUST WANT TO TALK ABOUT SOME  |
| 10:57AM  | 4  | SCHEDULING MATTERS WITH YOUR CALENDARS, AND YOU'RE ALL GOING TO |
| 10:57AM  | 5  | LOOK AT YOUR CALENDARS NOW SO EVERYBODY OUT IN THE AUDIENCE CAN |
| 10:57AM  | 6  | SEE YOU SEARCHING YOUR CALENDARS.                       |
| 10:57AM  | 7  | WHAT I HAVE SOME QUESTIONS ABOUT, THERE ARE SO MANY SEALED |
| 10:57AM  | 8  | DOCUMENTS IN THIS CASE, AND WE'RE HAVING SOME DIFFICULTY |
| 10:57AM  | 9  | TRACKING THOSE.  I SAID "DIFFICULTY."  WE'VE PUT TOGETHER A |
| 10:57AM  | 10 | LIST THAT I WANT TO SHARE WITH ALL OF YOU TO MAKE SURE THAT YOU |
| 10:57AM  | 11 | HAVE WHAT WE HAVE, AND I'VE ASKED OUR STAFF TO DO THAT, AND |
| 10:58AM  | 12 | THEY'VE PUT THAT TOGETHER.                              |
| 10:58AM  | 13 | I WANT TO GIVE YOU THAT.                                |
| 10:58AM  | 14 | MS. KRATZMANN WILL GIVE YOU THAT AT THE CLOSE WHEN WE   |
| 10:58AM  | 15 | LEAVE TODAY.  I'M NOT GOING TO HAND YOU ANYTHING FROM THE BENCH |
| 10:58AM  | 16 | HERE.                                                    |
| 10:58AM  | 17 | WHAT I WANT TO DO IS TO TALK ABOUT A SCHEDULING FOR THIS |
| 10:58AM  | 18 | 12.2(B).  ONE OF THE ISSUES THAT COMES UP IS BECAUSE EVERYTHING |
| 10:58AM  | 19 | IS UNDER SEAL, I CAN'T HAVE THAT INFORMATION ON THE RECORD |
| 10:58AM  | 20 | HERE.                                                    |
| 10:58AM  | 21 | WHAT I WANT TO PROPOSE TO YOU IS THAT I'M GOING TO LEAVE |
| 10:58AM  | 22 | THE FEBRUARY 10TH DATE, I'M NOT GOING TO DISTURB THAT.  I'M |
| 10:58AM  | 23 | GOING TO ANNOUNCE THAT WHEN I GO BACK.                  |
| 10:58AM  | 24 | BUT I'M GOING TO INVITE YOU TO COME BACK EITHER AT 1:00 |
| 10:58AM  | 25 | O'CLOCK OR 2:30 TODAY, AND WE'LL HAVE A SEALED DISCUSSION ABOUT |

10:58AM 1    SCHEDULING AND SOME OTHER ISSUES IF THAT -- DOES THAT WORK FOR

10:58AM 2    YOU, MR. SCHENK?

10:58AM 3            MR. SCHENK:  YOUR HONOR, IT WORKS FINE FOR OUR

10:58AM 4    SCHEDULE.  I'M CONCERNED THAT ONE OF THE ISSUES IS SEVERANCE,

10:58AM 5    AND MR. BALWANI IS NOT PRESENT.

10:58AM 6            THE COURT:  RIGHT.  AND THAT PRESENTS A PROBLEM TO

10:59AM 7    ME, AND I WAS TOLD THAT THERE WAS AN E-MAIL THAT SUGGESTED HE

10:59AM 8    WOULDN'T BE PRESENT, AND I DO WANT TO TALK ABOUT THAT.  THAT'S

10:59AM 9    ONE OF THE THINGS THAT I DO WANT TO TALK ABOUT.

10:59AM 10           MR. CAZARES:  STEPHEN CAZARES FOR MR. BALWANI.  TO

10:59AM 11   THE EXTENT THAT THE DISCUSSION IS ABOUT THE CALENDARING ISSUE

10:59AM 12   OR THE DATES, I THINK WE CAN ADDRESS THAT.  TO THE EXTENT THAT

10:59AM 13   SOME FINAL DECISIONS NEED TO BE MADE, WE NEED TO SPEAK WITH

10:59AM 14   MR. BALWANI.

10:59AM 15           THE COURT:  WELL, PART OF MY CONVERSATION IS GOING

10:59AM 16   TO BE -- CANDIDLY, I HAVE SOME QUESTIONS ABOUT THE STATUS OF

10:59AM 17   THAT MOTION, YOUR SEVERANCE, YOUR SEVERANCE, AND ALSO ABOUT

10:59AM 18   MS. HOLMES AND THAT THE NOTICE OF 12.2(B), WHAT DOES THAT

10:59AM 19   REALLY MEAN?

10:59AM 20       SO THOSE ARE THINGS THAT WE WILL TALK ABOUT THIS

10:59AM 21   AFTERNOON.

10:59AM 22           MR. CAZARES:  MAY I SUGGEST, I DON'T THINK THERE ARE

10:59AM 23   ANY DEPOSITIONS TODAY.  CAN MR. BALWANI CALL IN TO THE HEARING?

10:59AM 24           THE COURT:  MR. CAZARES WILL CHECK IN AND LET US

11:00AM 25   KNOW.

| | | |
|---|---|---|
| 11:00AM | 1 | MR. CAZARES:  HE MAY BE ABLE TO. |
| 11:00AM | 2 | THE COURT:  LET ME -- I HAVE A 1:30 CRIMINAL |
| 11:00AM | 3 | CALENDAR.  SO IF WE MEET AT 1:00 O'CLOCK, I THINK WE'RE GOING |
| 11:00AM | 4 | TO BE COMPRESSED INTO THAT.  MY SUGGESTION IS THAT THE 2:30 |
| 11:00AM | 5 | WOULD PROBABLY GIVE US THE BALANCE OF THE AFTERNOON.  IF YOU |
| 11:00AM | 6 | CAN DELAY YOUR FLIGHTS FOR THAT LONG. |
| 11:00AM | 7 | THEN WHAT WE'LL DO IS WE'LL COME BACK -- AS I SAID, I'M |
| 11:00AM | 8 | GOING TO SEAL THE TRANSCRIPT OF THIS CONVERSATION AS WELL, AND |
| 11:00AM | 9 | THEN WE CAN FINISH THE CONVERSATION ABOUT WHAT TO DO ABOUT |
| 11:00AM | 10 | THESE OTHER ISSUES BECAUSE I DO HAVE SOME QUESTIONS ABOUT IT. |
| 11:00AM | 11 | AND WE NEED TO ALSO DECIDE ABOUT WHEN DO WE, WHEN DO WE |
| 11:00AM | 12 | STOP SEALING DOCUMENTS, AND WHAT DO WE ACTUALLY HAVE PUBLIC |
| 11:00AM | 13 | CONVERSATIONS ABOUT THINGS? |
| 11:00AM | 14 | AND I'VE SEALED THINGS NOW BECAUSE OF OBVIOUSLY -- I'VE |
| 11:00AM | 15 | LOOKED AT YOUR DECLARATIONS, AND I CAPTURE THAT.  IT'S |
| 11:00AM | 16 | NECESSARY TO DO IT. |
| 11:00AM | 17 | AT SOME POINT WE'RE GOING TO HAVE TO GO ON THE RECORD |
| 11:01AM | 18 | ABOUT THIS.  SO THOSE ARE THINGS THAT WE'LL TALK ABOUT THIS |
| 11:01AM | 19 | AFTERNOON. |
| 11:01AM | 20 | SHOULD WE SAY 2:30 THEN? |
| 11:01AM | 21 | MR. CAZARES:  THAT'S FINE, YOUR HONOR. |
| 11:01AM | 22 | MR. SCHENK:  YES. |
| 11:01AM | 23 | THE COURT:  SO WHAT I'M GOING TO DO THEN, IS I'M NOT |
| 11:01AM | 24 | GOING TO DISTURB OUR FEBRUARY 10TH DATE.  THAT'S GOING TO BE |
| 11:01AM | 25 | THE NEXT COURT DATE THAT I ANNOUNCE, AND THEN I'LL SEE YOU BACK |

11:01AM  1          HERE AT 2:30.

11:01AM  2                    MR. CAZARES:  THANK YOU, YOUR HONOR.

11:01AM  3                    MR. WADE:  THANK YOU, YOUR HONOR.

11:01AM  4                    MR. LEACH:  THANK YOU VERY MUCH.

11:01AM  5               **(END OF SEALED DISCUSSION AT SIDE-BAR.)**

         6

         7

         8

         9

        10

        11

        12

        13

        14

        15

        16

        17

        18

        19

        20

        21

        22

        23

        24

        25

| | | |
|---|---|---|
| 11:01AM | 1 | (IN OPEN COURT.) |
| 11:01AM | 2 | THE COURT:  ALL RIGHT.  THANK YOU, COUNSEL.  THEN |
| 11:01AM | 3 | THE COURT IS NOT GOING TO DISTURB THE FEBRUARY 10TH DATE.  I |
| 11:01AM | 4 | THINK THAT'S BEEN SET, AND THAT WILL REMAIN AS SET FOR FURTHER |
| 11:01AM | 5 | HEARING. |
| 11:01AM | 6 | I'M NOT GOING TO DECIDE THE GOVERNMENT'S MOTION NOW.  I'M |
| 11:01AM | 7 | GOING TO TAKE THAT MATTER UNDER SUBMISSION.  I MAY HAVE MORE |
| 11:01AM | 8 | QUESTIONS, AND I MAY ASK THE PARTIES FOR ADDITIONAL INFORMATION |
| 11:01AM | 9 | ABOUT THIS. |
| 11:01AM | 10 | MS. AMIN, MR. GORGI, I APPRECIATE YOUR APPEARANCE |
| 11:01AM | 11 | TELEPHONICALLY. |
| 11:02AM | 12 | IS THERE ANYTHING ELSE YOU WOULD LIKE TO ADD BEFORE WE END |
| 11:02AM | 13 | THIS MORNING'S SESSION? |
| 11:02AM | 14 | MS. AMIN:  NOTHING FROM ME.  THANK YOU, YOUR HONOR. |
| 11:02AM | 15 | THE COURT:  ALL RIGHT.  MR. GORGI, ANYTHING? |
| 11:02AM | 16 | MR. GORGI:  NO, YOUR HONOR.  THANK YOU. |
| 11:02AM | 17 | THE COURT:  ALL RIGHT.  THANK YOU.  LET ME TURN TO |
| 11:02AM | 18 | THE FDA LAWYERS WHO ARE HERE.  ANYTHING ELSE YOU WOULD LIKE ME |
| 11:02AM | 19 | TO KNOW OR ANYTHING YOU WOULD LIKE TO ADD? |
| 11:02AM | 20 | MR. WEINFIELD:  NOTHING FURTHER, YOUR HONOR. |
| 11:02AM | 21 | THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.  THANK |
| 11:02AM | 22 | YOU FOR BEING HERE.  I APPRECIATE YOU COMING OUT.  IT'S NICE TO |
| 11:02AM | 23 | PUT A FACE WITH A VOICE, SO THANK YOU.  IT'S NICE TO SEE YOU. |
| 11:02AM | 24 | ALL RIGHT.  FEBRUARY 10TH, FEBRUARY 10TH. |
| 11:02AM | 25 | THE CLERK:  10:00 A.M. |

11:02AM   1              THE COURT:  ALL RIGHT.  10:00 A.M.  THANK YOU.

11:02AM   2              MR. LEACH:  THANK YOU, YOUR HONOR.

11:02AM   3              MR. DOWNEY:  THANK YOU, YOUR HONOR.

11:02AM   4              THE CLERK:  COURT IS IN RECESS.

11:05AM   5          (COURT ADJOURNED 11:05 A.M.)

          6

          7

          8

          9

         10

         11

         12

         13

         14

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25

1

2

3                      <u>CERTIFICATE OF REPORTER</u>

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16       IRENE RODRIGUEZ, CSR, RMR, CRR
         CERTIFICATE NUMBER 8074
17

18       DATED:  JANUARY 21, 2020
19

20

21

22

23

24

25