STEVEN D. ZANSBERG (SBN 177528)

Law Office of Steven D. Zansberg, LLC
100 Fillmore Street, Suite 500
Denver, Colorado 80206
Phone Number (303) 385-8698
Fax Number: (720) 650-4763
Email:  steve@zansberglaw.com

Attorney for Proposed Intervenor Media Coalition

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br>Defendants. | Case No. 18-cr-00258-EJD<br><br>**MOTION OF MEDIA COALITION TO INTERVENE FOR LIMITED PURPOSE OF SEEKING THE UNSEALING OF COMPLETED QUESTIONNAIRES OF SEATED JURORS AND ALTERNATES; MOTION TO UNSEAL COMPLETED QUESTIONNAIRES OF SEATED JURORS AND ALTERNATES**<br><br>Date: September 30, 2021<br>Time: 11:30 a.m.<br>Courtroom: 4, 5th Floor<br>Hon. Edward J. Davila |

**MEDIA COALITION'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING TO UNSEAL COMPLETED JUROR QUESTIONNAIRES AND MOTION TO UNSEAL COMPLETED JUROR QUESTIONNAIRES**

PLEASE TAKE NOTICE that on September 30, 2021 at 11:30 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, the "Media Coalition" (described and identified herein) will and hereby does respectfully move the Court to allow it to intervene for the limited purposed of being heard in support of its Motion to Unseal the Completed Questionnaires of the Seated Jurors and Alternates. The Motion is based on the below Memorandum of Points and Authorities, the accompanying exhibit, the record in this case, and any other matters that the Court deems appropriate.

DATED: September 16, 2021.   */s/ Steven D. Zansberg*

STEVEN D. ZANSBERG
Attorney for Media Coalition
(members identified below)

MEDIA COALITION'S MOTION TO INTERVENE   CASE NO. 18-CR-00258-EJD
FOR LIMITED PURPOSE OF SEEKING TO UNSEAL
COMPLETED JUROR QUESTIONNAIRES

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

American Broadcasting Company, Inc. d/b/a ABC News, the Associated Press, Bloomberg L.P., The Daily Mail, Dow Jones and Company, Inc., NBCUniversal Media, LLC, The New York Times Company, Portfolio Media, Inc. – publisher of Law360, Three Uncanny Four LLC, and the Washington Post Company (hereinafter "the Media Coalition"), by and through their undersigned counsel, respectfully move this honorable Court for leave to intervene for the limited purpose of seeking access to judicial records on file in this Court that are presently under seal, without the requisite findings having been entered to warrant such denial of public access. Specifically, the Media Coalition seeks the unsealing of the completed questionnaires of the twelve jurors and five alternate jurors who have been selected and sworn in to render the verdict in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Elizabeth Holmes is presently standing trial on nine counts of wire fraud and two counts of conspiracy to commit wire fraud. *See* Doc. No. 1. Prior to calling the potential jurors into the courtroom for oral voir dire, all summoned potential jurors completed the Juror Questionnaire. Doc. No. 928. On August 31, September 1 and 2, the potential jurors were subject to voir dire questioning in open court. Doc. Nos. 993, 995, 996. Counsel for both parties and the Court had before them the completed Juror Questionnaires in conducting the voir dire. Counsel for both parties relied upon the completed Juror Questionnaires in making decisions about which potential jurors to challenge for cause and/or to strike through the exercise of peremptory challenges. At the conclusion of this voir dire process, on Thursday, September 2, 2021, the Court swore in twelve members of the venire and five alternate jurors. Doc. No. 996.

## ARGUMENT

**I.    The Media Coalition Has Standing To Be Heard Through Limited Intervention**

As was true of the prior limited intervention by Dow Jones and Company, Inc., to which no party objected, (*see* Doc. No. 965), the Media Coalition has a recognized right to be heard with respect

MEDIA COALITION'S MOTION TO INTERVENE                                             CASE NO. 18-CR-00258-EJD
FOR LIMITED PURPOSE OF SEEKING TO UNSEAL
COMPLETED JUROR QUESTIONNAIRES

to any order that closes a judicial proceeding or seals a judicial document in a criminal case.  *See, e.g., Oregonian Publ'g Co. v. U.S. Dist. Ct.,* 920 F.2d 1462, 1464 (9th Cir. 1990); *U.S. v. Index Newspapers LLC*, 766 F.3d 1072, 1083 (9th Cir. 2014); *In re Copley Press, Inc.*, 518 F.3d 1022 (9th Cir. 2008).

**II.    Because the Completed Juror Questionnaires Were An Integral Part of Voir Dire, They Are Subject to the First Amendment Right of Public Access**

It is firmly settled that under the First Amendment the public enjoys a strong presumptive right to observe the entire process by which jurors in a criminal case are selected.  *See, e.g., Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508-10 (1984) (holding that public's First Amendment right to attend criminal trials includes the voir dire portion thereof: "the primacy of the accused's right [to a fair trial] is difficult to separate from the right of everyone in the community to attend the voir dire which promotes fairness"); *Presley v. Georgia,* 558 U.S. 209, 214 (2010); *see also ABC, Inc. v. Stewart,* 360 F.3d 90, 99-100, 106 (2d Cir. 2004) (order barring press from attending oral voir dire violated the First Amendment).  The public's right to observe the entire process of jury selection is premised on the universally accepted proposition that "the public-at-large has a valid interest in 'learning whether the seated jurors are suitable decision-makers.'"  *In re Jury Questionnaires*, 37 A.3d 879, 885 (D.C. 2012) (quoting *United States v. Blagojevich*, 612 F.3d 558, 561 (7th Cir. 2010)) (internal brackets omitted).

Accordingly, to deny the public's presumptive right to observe any portion of the process of jury selection requires a stringent showing (a/k/a "strict scrutiny"):

> Where the State [or the defendant] attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest.
>
> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

MEDIA COALITION'S MOTION TO INTERVENE                                                     CASE NO. 18-CR-00258-EJD
FOR LIMITED PURPOSE OF SEEKING TO UNSEAL
COMPLETED JUROR QUESTIONNAIRES

*Press-Enterprise Co.*, 464 U.S. at 509–10 (citations omitted); *Presley*, 558 U.S. at 216 (holding, with respect to voir dire, that it is "incumbent upon [the trial court] to consider *all reasonable alternatives* to closure" even if the parties do not offer any) (emphasis added).

Here, as in practically all criminal cases, the written juror questionnaires were an integral component of the voir dire process, allowing the parties and the Court to dispense with oral questioning as to the matters that were asked and answered in writing. For this reason, numerous courts, including this one, have concluded that the same First Amendment right of the public to observe the *oral* questioning of potential jurors extends with full force to the written questioning in the completed juror questionnaires. *See, e.g.,* Order Re: Access to Completed Juror Questionnaires in *United States v. Bonds*, at 4 Case No. C-07-00732-SI (N.D. Cal. Mar. 14, 2011) ("Written jury questionnaires are meant to help facilitate the jury selection process by assisting the attorneys and the Court during oral voir dire and the actual selection of the jury.") (courtesy copy attached hereto as Exhibit 1); *In re Jury Questionnaires*, 37 A.3d at 886 ("Every court that has decided the issue has treated jury questionnaires as part of the voir dire process and thus subject to the presumption of public access.") (collecting cases); *Stephens Media, LLC v. Eighth Judicial District Court*, 221 P.3d 1240, 1245 (Nev. 2009) (holding that "The First Amendment's guarantee of public access to criminal proceedings extends to juror questionnaires"; "use of the questionnaires is merely a part of the overall voir dire process, subject to public access and the same qualified limitations as applied to oral voir dire"); *Forum Commc'ns Co. v. Paulson*, 752 N.W.2d 177, 182–83 (N.D. 2008) (holding that "right of public access articulated in *Press-Enterprise* [applies] to preliminary jury questionnaires"); *Ohio ex rel. Beacon Journal Publ'g Co. v. Bond*, 781 N.E.2d 180, 187-89 (Ohio 2002) (because juror questionnaires are used "merely to expedite the examination of prospective jurors . . . it follows that such questionnaires are part of the voir dire process" entitled to the same presumptive right of public access); *United States v. King*, 140 F.3d 76, 80 (2d Cir. 1998) (affirming order releasing

MEDIA COALITION'S MOTION TO INTERVENE                             CASE NO. 18-CR-00258-EJD
FOR LIMITED PURPOSE OF SEEKING TO UNSEAL
COMPLETED JUROR QUESTIONNAIRES

- 5 -

questionnaires when jury is impaneled); *United States v. McDade*, 929 F. Supp. 815, 817 n.4 (E.D. Pa. 1996) (recognizing First Amendment right of access to voir dire extends to both oral and written questioning of prospective jurors); *In re Wash. Post*, Misc. No. 92-301, 1992 WL 233354, at *2 (D.D.C. July 23, 1992) (holding that the First Amendment grants the public a right of access to completed jury questionnaires); *Copley Press, Inc. v. San Diego Superior Court*, 228 Cal. App. 3d 77, 89 (1991) ("The fact that the questioning of jurors was largely done in written form rather than orally is of no constitutional import."); *Lesher Commc'ns, Inc. v. Superior Court*, 224 Cal. App. 3d 774, 778-779 (1990) (holding that "the public access mandate of *Press-Enterprise[I]* applies to voir dire questionnaires as well as to oral questioning"). Under the precedents set forth above, the completed juror questionnaires of the twelve seated jurors and five alternates cannot be kept from public view without the entry of specific judicial findings required to close the courtroom to the public during voir dire.

The Media Coalition is aware that the Juror Questionnaires stated, on page 2:

> Your answers are confidential. It is important that you understand that the Court is sensitive to your privacy. They will be reviewed by the Judge and the lawyers in this case. After a jury has been selected the original questionnaire will be returned to the Clerk of the Court and kept under seal and will only be disclosed, if at all, with names and other identifying information removed.

Doc. No. 928 at 2. Nevertheless, a judge cannot, consistent with the First Amendment, promise all prospective jurors in open court, that she will exclude the public from *all oral questioning* (including discussion of mundane and non-personal facts such as their occupation, age, place of birth, place of residence, experience with the judicial system or securities or the medical system, etc.) in order to "protect their privacy" *See, e.g., Press Enterprise Co,.* 464 U.S. at 511 ("The jury selection process may, *in some circumstances*, give rise to a compelling interest of a prospective juror *when interrogation touches on deeply personal matters* that person has legitimate reasons for keeping out of the public domain.") (emphasis added). In that case, the Supreme Court made explicit that even

MEDIA COALITION'S MOTION TO INTERVENE    CASE NO. 18-CR-00258-EJD
FOR LIMITED PURPOSE OF SEEKING TO UNSEAL
COMPLETED JUROR QUESTIONNAIRES

- 6 -

when potential jurors are to be questioned about their own personal experience with rape, it is unconstitutional to close all such questioning premised on the assumption that all prospective jurors will object to doing so in public:

> [A] trial judge . . . should inform the array of prospective jurors, once the general nature of sensitive questions is made known to them, that those individuals believing public questioning will prove damaging because of embarrassment, may properly request an opportunity to present the problem to the judge in camera but with counsel present and on the record.
>
> By *requiring the prospective juror to make an affirmative request*, the trial judge can ensure that there is in fact a valid basis for a belief that disclosure infringes a significant interest in privacy. This process will minimize the risk of unnecessary closure.

*Press-Enterprise Co*., 464 U.S. at 512 (emphasis added); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607-08 (1982) (striking down as unconstitutional, in violation of the First Amendment, a Massachusetts statute that required courtroom closure any time a minor victim of sexual assault testified in court; "safeguarding the physical and psychological well-being of a minor is a compelling one. But as compelling as that interest is, it does not justify a mandatory closure rule, for it is clear that *the circumstances of the particular case* may affect the significance of the interest."); *id*. at 609 ("That interest could be served just as well by requiring the trial court to determine *on a case-by-case basis* whether the State's legitimate concern for the well-being of the minor victim necessitates closure. Such an approach ensures that the constitutional right of the press and public to gain access to criminal trials will not be restricted except where necessary to protect the State's interest.") (emphasis added). By the same token, no showing can be made that the answers to such routine and innocuous voir dire questions can be shielded from public view merely because the voir dire was conducted in writing.

As the Court is well aware, *see* Doc. No. 965, one "less restrictive alternative" to blanket sealing – which must be considered and expressly found inadequate to protect any "overriding interest" that is advanced and found present – is the release of the questionnaires in redacted form,

MEDIA COALITION'S MOTION TO INTERVENE                                    CASE NO. 18-CR-00258-EJD
FOR LIMITED PURPOSE OF SEEKING TO UNSEAL
COMPLETED JUROR QUESTIONNAIRES

- 7 -

in which only the discrete pieces of information found to meet the constitutional standard for closure are withheld. *See, e.g., Phoenix Newspapers, Inc. v. U.S. Dist. Ct.,* 156 F.3d 940, 947, 951 (9th Cir. 1998) ("[e]ven where denial of access is appropriate, it must be no greater than necessary to protect the interest justifying it" and "redaction [of the hearing transcript] would have safeguarded the jurors' anonymity") (quoting *United States v. Brooklier*, 685 F.2d 1162, 1172 (9th Cir. 1982)); *U.S. v. Index Newspapers LLC*, 766 F.3d 1072, 1095 (9th Cir. 2014) ("Redactions shall be limited . . . and should sweep no more broadly than necessary to protect [the compelling state interest]").

## CONCLUSION

For the reasons set forth above, the Media Coalition respectfully asks the Court to grant it leave to intervene for the limited purpose of seeking unsealing and to forthwith unseal the completed juror questionnaires for the twelve members of the venire and the five alternate jurors who have been sworn in.

DATED: September 16, 2021

*/s/ Steven D. Zansberg*

STEVEN D. ZANSBERG
Attorney for The Media Coalition

(American Broadcasting Company, Inc. d/b/a ABC News, the Associated Press, Bloomberg L.P., The Daily Mail, Dow Jones and Company, Inc., NBCUniversal Media, LLC, The New York Times Company, Portfolio Media, Inc. – publisher of Law360, Three Uncanny Four LLC, and the Washington Post Company)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2021, a copy of this filing was delivered via ECF to all counsel of record.

/s/ Steven D. Zansberg
STEVEN D. ZANSBERG