STEPHANIE M. HINDS (CABN 154284)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Vanessa.Baehr-Jones@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' MOTION TO REJOIN THE TRIALS OF DEFENDANTS ELIZABETH HOLMES AND RAMESH "SUNNY" BALWANI PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 8(b) |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Date: December 15, 2020<br>Time: 10:00 a.m.<br>Court: Hon. Edward J. Davila |
| | **[FILED PROVISIONALLY UNDER SEAL PURSUANT TO COURT ORDER OF JANUARY 13, 2020]** |

# NOTICE OF MOTIONS AND MOTIONS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTICE that on December 15, 2020, at 10 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4, 5th Floor, of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, the United States will and hereby does move to rejoin the trials of Defendants Elizabeth Holmes and Ramesh Balwani pursuant to Federal Rule of Criminal Procedure 8(b).

The motion is based upon the instant notice, the attached memorandum of points and authorities, the records in this case, and upon such argument as may be made at the hearing on the motions.

DATED: November 20, 2020    Respectfully submitted,

STEPHANIE M. HINDS
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*/s/ Vanessa Baehr-Jones*
_____
VANESSA BAEHR-JONES
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
Assistant United States Attorneys

**INTRODUCTION**

Since the Court granted in part Defendant Ramesh Balwani's motion to sever on March 30, 2020, two critical facts have changed. First, Defendant Elizabeth Holmes has abandoned her noticed Federal Rule of Criminal Procedure 12.2(b) defense. On October 30, 2020, Holmes notified the government in her Federal Rule of Criminal Procedure 16 disclosure for Dr. Mindy Mechanic that she would <u>not</u> present any evidence of a current or past mental health diagnoses through Dr. Mechanic—even though ███████████████████████████████████████████████████████████████. Holmes has also abandoned her *mens rea* defense. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Holmes's abandonment of these defense only makes sense in the context of Defendants' strategy to obtain severance based on Holmes's Rule 12.2(b) notice alone.

Second, the public health emergency resulting from the coronavirus pandemic has now made holding lengthy trials more difficult and risky. Every extra court day raises the health risks posed to the jurors, Court staff, witnesses, counsel, and the general public. Accordingly, the burden of holding two lengthy fraud trials has grown significantly since the beginning days of the pandemic in March 2020.[1] Balancing the likelihood of Holmes introducing the prejudicial allegations of abuse—which is now very low—with the increased health risks of holding two lengthy jury trials now weighs heavily in favor of rejoining the trials. The Court should therefore order Defendants' joint trial to begin, as currently scheduled, on March 9, 2020.

//

//

---

[1] Although there may be a vaccine available in spring 2021, the government anticipates that social distancing and other public health precautions will likely be necessary for a significant amount of time until the vaccine can be widely distributed.

## RELEVANT FACTS AND PROCEDURAL HISTORY

The government summarized the lengthy procedural history of Holmes's noticed Rule 12.2(b) defense and the Defendants' joint severance strategy in its September 25, 2020, Opposition to Defendant Holmes's Motion for Entry of Her Proposed Schedule for Rule 16 Disclosures Regarding Noticed Rule 12.2(b)(1) Testimony and Rule 12.2(c) Examination.

In brief, Holmes first told the Court about her potential Rule 12.2(b) defense on July 17, 2019, during an *ex parte* proceeding, and explained that she and Balwani might bring severance motions as a result. Relying on a September 18, 2019, letter Holmes sent to his counsel about her abuse allegations, Balwani moved to sever on December 3, 2019. On December 16, 2019, Holmes also moved to sever, asserting that she would be unable to participate and present her defense due to the "likely physical, psychological, and emotional effects" of being in Balwani's presence during trial, and submitting a declaration from Dr. Mechanic. (Dec. 16, 2019, Holmes Mot. to Sever[2] at 4.) She also filed notice under Rule 12.2(b), stating that she "may introduce expert evidence at trial related to a mental condition bearing on guilt" and "regarding present diagnoses of Post-Traumatic Stress Disorder, depression, and anxiety." (Dec. 16, 2019, Holmes Rule 12.2(b) Not.)

The government objected to severance because it did not appear Holmes could present a viable Rule 12.2(b) defense to the six-year fraud and the government had concerns that Holmes's Rule 12.2(b) notice was part of a coordinated severance strategy. The government therefore requested that its own expert have a chance to evaluate Holmes's claims. (*See* Dec. 30, 2019, Govt. Admin. Mot. to Set Deadlines and Schedules for Rule 12.2(b) Defense.) The government also retained Dr. Renee Binder to consider Holmes's noticed Rule 12.2(b) defense and provided Dr. Binder with the same materials the defense had given Dr. Mechanic, as well as Dr. Mechanic's Declaration, and the relevant filings. (*See* Jan. 31, 2020, Govt. Opp. to Balwani Mot. to Sever, Binder Decl., Appendix A.) Based on this evidence, ████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[2] Citations to under seal filings refer to the date and title of the filing.

The Court heard argument on Balwani's motion for severance on February 10, 2020, and ordered the parties to submit additional briefing on the issue of whether Holmes's own testimony would be sufficient to establish a *mens rea* defense at trial regardless of the admissibility of Dr. Mechanic's testimony.

On March 30, 2020, the Court issued its order granting in part and denying in part Balwani's motion to sever. The Court acknowledged the government's argument that "if Dr. Mechanic was found not qualified as an expert, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ might lack relevance and be inadmissible." (March 30, 2020, Sealed Order at 11.) And, although the Court granted severance relying on the representation of Holmes's counsel that it "was highly likely Holmes would testify," the Court also explained that "Ms. Holmes will eventually have to connect the alleged abuse to the charged conduct for the abuse to be relevant and admissible." (*Id.* at 12–14.)

The government then moved for a government exam of Holmes under Rule 12.2(c). (Mar. 31, 2020, Govt. Mot. for Exam.) On September 9, 2020, the Court granted the government's request and ordered the parties to submit a proposed schedule no later than September 18, 2020. (Dkt. 507.) The government attempted to work with defense counsel to set a date for the exam, but Holmes ultimately filed a motion seeking a schedule for the government's exam and resulting litigation that drew out the rule 12.2 process and delayed a final ruling on admissibility until the eve of trial. At this point, the government understood Holmes's strategy to be one of delay—a strategy that was consistent with Defendants' goal of obtaining severance without allowing the government to test Holmes's Rule 12.2(b) defense.

On October 2, 2020, the Court denied Holmes's proposed schedule. (Oct. 2, 2020, Sealed Order re Mot. for Entry of Proposed Schedule.) The Court noted it was "sympathetic to the Government's desire to move forward with the examination—which the Government originally requested in December 2019." (*Id.* at 2.) Accordingly, the Court set a schedule for the government's Rule 12.2(c) exam and resulting litigation over Holmes's Rule 12.2(b) defense that would allow the Court to concurrently consider rejoinder. (*Id.* 2–3.) The Court instructed the parties "to be ready for trial as soon as practicable." (*Id.* at 2.)

//

1     The government's exam of Holmes occurred over two days with Dr. Martell conducting

2 ▇▇▇▇▇▇▇▇▇▇ on October 20, 2020, and Dr. Binder conducting ▇▇▇▇▇▇▇▇▇▇ on

3 October 21, 2020. As set forth at length in the government's concurrently filed Motion to Exclude the

4 Testimony of Dr. Mechanic, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

5 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Instead, the defense

6 Holmes presented was identical to the defense presented during her sworn SEC testimony. ▇▇▇▇

7 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

8 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

9 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

10 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

11 ▇▇▇▇▇▇▇▇▇▇▇▇

12     Because this defense is inconsistent with a *mens rea* defense, the government is concurrently

13 moving to exclude Dr. Mechanic's testimony about ▇▇▇▇▇▇▇▇▇▇ under Federal Rules

14 of Evidence 401, 402, and 403. This evidence has no relevance since Holmes has abandoned her Rule

15 12.2(b) and *mens rea* defenses and it is otherwise highly prejudicial. *See United States v. Gonzalez*, 599

16 F. App'x 727, 728 (9th Cir. 2015). The government is alternatively moving to exclude Dr. Mechanic's

17 testimony under Federal Rule of Evidence 702, because Holmes failed to provide Dr. Mechanic with

18 critical evidence—including Holmes's SEC testimony—necessary for Dr. Mechanic to render a reliable

19 and relevant opinion. Moreover, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

20 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

21 ▇▇▇▇▇▇▇▇▇▇▇▇

22 **ARGUMENT**

23 **I.    Legal Standard**

24     The general rule is that defendants jointly charged are jointly tried. *See United States v. Gay*,

25 567 F.2d 916, 919 (9th Cir. 1978), *cert. denied*, 435 U.S. 999 (1978). This rule applies particularly in

26 conspiracy cases such as this. *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *see also*

27 *Fernandez*, 388 F.3d at 1242 (noting that "a joint trial is particularly appropriate where the co-

28 defendants are charged with conspiracy"). Federal Rule of Criminal Procedure 14 provides that a

1  district court, in its discretion, may grant a severance when it appears that a joint trial would prejudice a
2  defendant. However, "[t]here is a preference in the federal system for joint trial of defendants who are
3  indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Severance is to be granted only if
4  there is a "serious risk that a joint trial would compromise a specific trial right of [a properly joined
5  defendant] or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.
6     Because severance is disfavored, "defendants bear a heavy burden when attempting to obtain
7  reversal of a district court's denial of a motion to sever." *United States v. Johnson*, 297 F.3d 845, 858
8  (9th Cir. 2002). "Such decisions will be reversed only when 'the joint trial was so manifestly prejudicial
9  as to require the trial judge to exercise his discretion [on the motion to sever] in just one way, by
10 ordering a separate trial.'" *Id.* (quoting *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999)).

## II. The Likelihood that Holmes Will Introduce Prejudicial Testimony Is Now Low

12    As set forth in the government's concurrently filed Motion to Exclude the Testimony of Dr.
13 Mechanic, Holmes has abandoned her Rule 12.2(b) and *mens rea* defenses. Holmes has instead
14 committed to a defense of factual innocence, *i.e.*, "what I said was true; there was no fraud." The
15 likelihood that Holmes will take the stand at trial and testify in a way that could be impeached by her
16 prior sworn SEC testimony ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is now very low.

17    Accordingly, the facts on which the Court relied in granting severance have changed. Although
18 it is still "highly likely" that Holmes will testify, her testimony is highly <u>unlikely</u> to involve prejudicial
19 allegations of abuse. Instead, the testimony will very likely resemble the defense she presented to the
20 SEC ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. In the context of this defense—as the government
21 argues in its Motion to Exclude Dr. Mechanic—Holmes's allegations of abuse are exactly the type of
22 highly prejudicial and irrelevant evidence that is properly excluded under Rules 401, 402, and 403. *See*
23 *Gonzalez*, 599 F. App'x 727.

## III. The Increased Public Health Risks of Two Separate Trials Weigh in Favor of Rejoinder

25    The Court may properly consider the interests of judicial efficiency—including the burdens that
26 two lengthy trials will place on Court staff, witnesses traveling from out of state, potential jurors,
27 counsel, and the public—in deciding whether severance is appropriate. Indeed, the Supreme Court has
28 recognized that one of the purposes of joint trials is to "promote efficiency." *Zafiro v. United States*,

506 U.S. 534, 537 (1993) ("[t]here is a preference in the federal system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts"). In general, the balance weighs "in favor of joint trials." *United States v. Manner*, 887 F.2d 317, 324 (D.C. Cir.1989).

The government is hard-pressed to conceive of a more dramatic change in circumstances than that which has occurred since March 2020 as a result of the global pandemic. The burden of conducting criminal jury trials safely during this pandemic is tremendous. And, even though the Court has created careful plans for conducting trials, every court day brings some amount of risk to all the parties involved. Indeed, this Court only started conducting criminal jury trials again in September 2020, and just last week, a jury trial set to begin this month was continued in light of the surge of coronavirus cases. Although the government is confident that it is possible to hold the trial in *United States v. Holmes, et al.* based on the safety precautions the Court has put in place, the trial will still involve risk and will still require a huge amount of effort and sacrifice from all parties involved. To provide just one example, the government expects that a large number of its witnesses will be traveling from out of state and may need to quarantine after giving their testimony and traveling back home.

Inadmissible evidence is not an adequate justification for severing a conspiracy case which otherwise should be tried jointly. The health crisis compounds the need for efficiency in these proceedings. The trials in this case should accordingly be rejoined.

## CONCLUSION

For the foregoing reasons, the Court should rejoin Defendants' trials.

DATED: November 20, 2020                    Respectfully submitted,

STEPHANIE HINDS
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*/s/ Vanessa Baehr-Jones*
_____
VANESSA BAEHR-JONES
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
Assistant United States Attorneys