JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

Case 5:18-cr-00258-EJD   Document 1042   Filed 09/27/21   Page 1 of 8

FILED
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>Defendants. | Case No. CR-18-00258-EJD<br><br>**DEFENDANT ELIZABETH HOLMES' OPPOSITION TO UNITED STATES' MOTION TO REJOIN THE TRIALS OF DEFENDANTS ELIZABETH HOLMES AND RAMESH "SUNNY" BALWANI PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 8(b)**<br><br>Date:     December 15, 2020<br>Time:    10:00 a.m.<br>CTRM:  4, 5th Floor<br><br>**FILED UNDER SEAL PURSUANT TO JAN. 13, 2020 ORDER**<br><br>Hon. Edward J. Davila |

**TABLE OF CONTENTS**

I. PROCEDURAL BACKGROUND ................................................................................. 1

II. ARGUMENT .................................................................................................................. 3

    A. Evidence of Mr. Balwani's Abuse Is Still Likely to Be Admitted at Ms. Holmes' Trial. ............................................................................................................. 4

    B. The Government's Public Health Arguments Are Not A Basis for Rejoinder. ................... 4

    C. Rejoinder Would Be Prejudicial to Ms. Holmes. ............................................................. 5

    D. If the Court is Inclined to Rejoin, Ms. Holmes' Separate Severance Motion Should Be Addressed First .................................................................................................. 5

III. CONCLUSION ............................................................................................................... 5

The government's Motion to Rejoin the trials of Ms. Holmes and Mr. Balwani is effectively a motion to reconsider the Court's March 30, 2020 order granting severance. There is no change in circumstances that would justify rejoinder after over eight months of preparation on separate schedules.

The government's Motion rests on the false premise that Ms. Holmes has "abandoned" and will no longer seek to introduce evidence regarding Mr. Balwani's intimate partner abuse. This is in keeping with the government's conspiracy theory that Ms. Holmes raised intimate partner abuse purely as a ploy to gain severance. Neither of those conclusions is true. Ms. Holmes has not abandoned her intimate partner abuse evidence. Ms. Holmes' intentions, and her relevance theory, remain the same as described in Ms. Holmes' February 18, 2020 submission. The government simply misconstrues Ms. Holmes' arguments, either because it continues to misunderstand the relevance theory despite repeated oral and written correction on the record or as a strategic tactic. Ms. Holmes trusts that the Court understands that undersigned counsel do not take their ethical obligations lightly, and that their multiple on-the-record statements that Ms. Holmes intends to present this evidence were made consistent with those obligations. *See* Order Granting in Part and Denying in Part Defendant Balwani's Motion to Sever; Finding Moot Holmes's Motion to Sever 12 (Mar. 30, 2020) ("3/30/2020 Order").

The tragic state of the pandemic also does not justify rejoining the trials. The COVID-19 pandemic was already facing the country when the Court issued its severance order, and the parties and the Court have proceeded with scheduling fully cognizant of the uncertainty it presented. The government's motion should be denied.

## I.  PROCEDURAL BACKGROUND

The government alleges that Ms. Holmes and Mr. Balwani participated in two wire fraud conspiracies related to their work at Theranos. Those alleged conspiracies cover nearly every aspect of Theranos and purportedly spanned seven years, 2010 to 2016. The government has noticed an even broader set of evidence that it will seek to introduce pursuant to Rule of Evidence 404(b). Ms. Holmes was Theranos' founder and Chief Executive Officer during the entire time period of the alleged conspiracies, and Mr. Balwani was Theranos' Vice Chair, President, and Chief Operating Officer. With respect to both conspiracies, the TSI alleges that the wire fraud was committed through false statements

that Ms. Holmes knew to be false. To prove its case, the government will need to prove, among other elements, that Ms. Holmes had the specific intent to defraud.

In December 2019, Ms. Holmes timely provided notice to the government that she intended to offer expert testimony related to Mr. Balwani's intimate partner abuse by serving her Rule 12.2(b)(1) notice. Mr. Balwani moved to sever on the ground that Ms. Holmes' evidence of intimate partner abuse would be so prejudicial to him that it would infringe his right to a fair trial. Separately, Ms. Holmes moved to sever on the basis that her trial rights would be infringed if she were forced to proceed to trial with Mr. Balwani because of currently-existing PTSD as a result of the intimate partner abuse she suffered in the past.

Focused on Mr. Balwani's motion to sever, in January and February 2020 the parties engaged in hearings and briefing addressing the nature of Ms. Holmes' noticed *expert* testimony pursuant to Rule 12.2(b)(1), as well as Ms. Holmes' likely presentation of *lay* testimony about her own experience and perspective (not subject to Rule 12.2(b)(1)). Ms. Holmes made clear that the abusive context of the relationship would help explain her good-faith belief that the statements the government claims were false were in fact true—thus negating the government's proof that she had the intent to defraud. As she explained in her February 18, 2020 Submission Regarding Admissibility of Certain Fact Testimony ("Feb. 18, 2020 Submission"):

> During the period of the charged conspiracy, and throughout Ms. Holmes' and Mr. Balwani's relationship, she deferred to and relied on what she perceived to be Mr. Balwani's business acumen. She relied on Mr. Balwani to provide her with accurate information about the state of the company's operations. She believed that what Mr. Balwani was telling her was true. To be clear, Ms. Holmes does not concede the falsity of the representations about Theranos alleged in the Indictment that the government has characterized as false. But if the government convinces the jury that some representations were incorrect, Ms. Holmes is still entitled to acquittal if the jury finds that she lacked specific intent to defraud. If Ms. Holmes in good faith believed that what she was saying was true because she relied on and deferred to Mr. Balwani, she did not commit wire fraud.

Feb. 18, 2020 Submission 1; *id.* at 13-14. Ms. Holmes explained that both fact testimony, including her own, and expert testimony would be offered and should be admitted. She distinguished between her arguments and an affirmative defense to excuse criminal conduct. *Id.* at 6-8.

On March 30, 2020, the Court granted Mr. Balwani's Motion to Sever. The Court found that Mr. Balwani would be prejudiced by the introduction of intimate partner abuse evidence by Ms. Holmes and

1  that no less drastic measure than severance would be an effective remedy or mitigation for the potential
2  prejudice. In coming to its ruling, the Court indicated that it understood how Ms. Holmes intended to
3  use the intimate partner abuse evidence. Comparing Ms. Holmes' relevance arguments to those at issue
4  in *United States v. Haischer*, 780 F.3d 1277 (9th Cir. 2015), the Court reasoned that "even without
5  expert testimony, Ms. Holmes might testify as a lay witness to conduct by Mr. Balwani that is the
6  foundation of her *mens rea* defense." 3/30/2020 Order at 14. The Court denied as moot Ms. Holmes'
7  separate Motion to Sever, which had not been fully briefed. *Id.* at 16.

8        Pursuant to Federal Rule of Criminal Procedure 12.2(c), the Court ordered that Ms. Holmes
9  submit to a psychological examination by the government's experts. Because the examination was "for
10 rebuttal purposes only," the scope of the examination was limited to "'whether and how Ms. Holmes'
11 relationship with Mr. Balwani was consistent with intimate partner abuse; whether and how Ms.
12 Holmes' psychological responses during and after the relationship were and are consistent with the
13 typical reactions of victims of an abusive relationship; and Ms. Holmes' particular vulnerability to an
14 abusive relationship, ▇▇▇▇▇▇▇▇▇▇▇▇." ECF No. 507 at 8-9. That examination proceeded
15 on October 20-21, 2020. As described in more detail in Ms. Holmes' concurrently-filed Opposition to
16 the United States' Motion to Exclude the Testimony of Dr. Mechanic and her previously-filed Motion to
17 Exclude Testimony of Dr. Renee Binder (ECF No. 599) (filed 11/20/2020), the government's
18 examination of Ms. Holmes was problematic in a number of ways. Ms. Holmes did not abandon her
19 intimate partner abuse evidence in the examination, the topics and questioning of which were driven and
20 limited by the government's examiner.

21 **II.     ARGUMENT**

22       The government's motion should be denied. No salient circumstances have changed justifying
23 rejoinder. First, the government's primary argument in support of rejoinder is based on the false
24 premise that Ms. Holmes has "abandoned" her intimate partner abuse allegations. She has done no such
25 thing. Lay and expert testimony regarding intimate partner abuse by Mr. Balwani is likely to be
26 admitted in Ms. Holmes' trial. Second, the COVID-19 pandemic was already facing the country when
27 the Court ordered severance. Third, the government overlooks the substantial prejudice to Ms. Holmes
28

from rejoining the cases after eight months of severance, as well as Ms. Holmes' separate severance motion, which should be fully briefed, argued, and considered before any rejoinder were ordered.

### A. Evidence of Mr. Balwani's Abuse Is Still Likely to Be Admitted at Ms. Holmes' Trial.

The government's primary argument is that Ms. Holmes' intentions regarding evidence of abuse have changed and that such evidence is now unlikely to be admitted. The government refers the Court to its Motion to Exclude Testimony From Dr. Mechanic (filed 11/20/2020). As discussed in more detail in Ms. Holmes' Opposition to that Motion, this argument is simply incorrect. The government mischaracterizes Ms. Holmes' stated relevance theory. It misconstrues what happened in the examination. And it wrongly suggests that a defendant cannot challenge the government's proof of the element of specific intent to defraud unless the defendant admits the separate element of falsity. The government has the burden to prove both elements, and a defendant can challenge the government's proof as to each.

Ms. Holmes laid out her relevance theory and the types of evidence she would seek to admit in her February 18, 2020 submission, and they remain the same. Ms. Holmes intends to introduce evidence of Mr. Balwani's abuse to negate the government's proof that she had the specific intent to defraud. Her argument is that she deferred to, relied on, trusted, and believed Mr. Balwani, and the abusive context of the relationship explains why she did so—even if others think, or the government suggests, that such an approach was unreasonable, not credible, or reflects deliberate ignorance. Ms. Holmes intends to introduce lay testimony, including her own testimony, and expert testimony of Dr. Mechanic.

The Court's severance order neither conditioned severance on the future admission of Ms. Holmes' abuse evidence nor suggested that rejoinder would be appropriate if the Court later found Ms. Holmes' abuse evidence inadmissible. To the contrary, the Court contemplated that it would be making admissibility determinations in the future, and found severance appropriate in March anyway.

### B. The Government's Public Health Arguments Are Not A Basis for Rejoinder.

The government's pandemic-related arguments are not a sufficient basis to rejoin the trials. The pandemic has been an issue facing this case since before the Court issued its severance order: by the time the Court issued its order on March 30, 2020, the COVID-19 pandemic was already shutting down

operations and presented extreme uncertainty. The government, Ms. Holmes, and the Court have addressed the schedule for Ms. Holmes' trial against the backdrop of the uncertainty posed by the pandemic. The Court has been clear that it has managed its docket with two separate trials in mind, including in light of the challenges brought by the pandemic.

### C. Rejoinder Would Be Prejudicial to Ms. Holmes.

Rejoinder at this stage would be extremely prejudicial to Ms. Holmes. Since the Court's March 30, 2020 Order granting severance, counsel for Ms. Holmes has spent eight months of important trial preparation time preparing for a trial of Ms. Holmes alone. The logistical, legal, and evidentiary issues raised in a joint trial are distinct from those raised in a trial with a single defendant, and requiring Ms. Holmes to re-do that work is unfair, expensive, and inefficient. It is not clear to Ms. Holmes whether there is a current pretrial schedule governing Mr. Balwani's trial, but she has not been served with Mr. Balwani's Rule 16(b) productions, expert disclosures, witness lists, or exhibit lists, not to mention motions addressed to such evidence and arguments.

### D. If the Court is Inclined to Rejoin, Ms. Holmes' Separate Severance Motion Should Be Addressed First.

In December 2019, Ms. Holmes filed a separate severance motion on a different basis—i.e., that a joint trial presents a serious risk that Ms. Holmes' rights to participate in her defense, receive effective assistance of counsel, testify on her own behalf, and present a defense, as well as the jury's ability reliably to judge Ms. Holmes' guilt or innocence, would be compromised. That motion was never fully briefed, and the Court denied the motion as moot when it granted Mr. Balwani's severance motion. If the Court is inclined to rejoin the cases, Ms. Holmes requests that her motion be fully briefed and heard.

## III. CONCLUSION

For the foregoing reasons, the Court should deny the government's motion.

DATED: December 4, 2020

                                       */s/ Kevin Downey*
                                       KEVIN DOWNEY
                                       LANCE WADE
                                       AMY MASON SAHARIA
                                       KATHERINE TREFZ
                                       JOHN D. CLINE
                                       Attorneys for Elizabeth Holmes

# CERTIFICATE OF SERVICE

Pursuant to 18 U.S.C. § 1746, I hereby certify that copies of this Opposition were served via email to the attorneys at the following addresses on the same day it was filed with the Court under Local Civil Rule 7-11.

>Jeffrey Benjamin Schenk
John Curtis Bostic
Robert S. Leach
Vanessa Ann Baehr-Jones
UNITED STATES ATTORNEY'S OFFICE
NORTHERN DISTRICT OF CALIFORNIA
jeffrey.b.schenk@usdoj.gov
john.bostic@usdoj.gov
robert.leach@usdoj.gov
vanessa.baehr-jones@usdoj.gov

*Attorneys for United States*

>Jeffrey B. Coopersmith
Walter F. Brown
Melina Haag
Randall S. Luskey
Stephen A. Cazares
ORRICK, HERRINGTON & SUTCLIFFE LLP
jcoopersmith@orrick.com
wbrown@orrick.com
mhaag@orrick.com
rluskey@orrick.com
scazares@orrick.com

*Attorneys for Ramesh "Sunny" Balwani*

>/s/ Katherine Trefz
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
JOHN D. CLINE
Attorneys for Elizabeth Holmes

MS. HOLMES' OPPOSITION TO UNITED STATES' MOTION TO REJOIN
CR-18-00258 EJD