1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

UNITED STATES OF AMERICA,

Plaintiff,

9

v.

10

ELIZABETH A. HOLMES, and RAMESH
"SUNNY" BALWANI,

11
12

Defendants.

Case No.  5:18-cr-00258-EJD

**ORDER DENYING
GOVERNMENT'S MOTION TO
EXCLUDE EXPERT TESTIMONY
OR, IN THE ALTERNATIVE, FOR
A *DAUBERT* HEARING AND FOR
DISCOVERY; DENYING
DEFENDANT'S MOTION TO
EXCLUDE TESTIMONY OF DR.
RENEE BINDER AND GRANTING
REQUEST FOR *DAUBERT*
HEARING; DENYING
GOVERNMENT'S MOTION TO
REJOIN**

13
14
15
16

Re: Dkt. Nos. 590, 591, 599

17

Defendants Elizabeth Holmes ("Defendant" or "Holmes") and Ramesh "Sunny" Balwani

18

("Balwani") are charged with wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to

19

commit wire fraud in violation of 18 U.S.C. § 1349.  The charges stem from Defendants' allegedly

20

deceptive representations about their company, Theranos, and its technology.  Pending before the

21

Court are the Government's and Defendant's related motions to exclude testimony from

22

competing experts.  The Government has filed its motion to exclude testimony from Dr. Mechanic

23

pursuant to Federal Rules of Evidence 401, 402, 403, and 702, or in the alternative, for a *Daubert*

24

Hearing and for discovery relating to Defendant's Federal Rule of Criminal Procedure 12.2(b)

25

defense ("Gov't Mot. to Exclude"), while Defendant has filed a motion to exclude testimony of

26

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN

27
28

United States District Court
Northern District of California

1   Dr. Renee Binder pursuant to Federal Rules of Evidence 702, 704, 401 and 403, as well as Rule

2   12.2 of the Federal Rules of Criminal Procedure, or in the alternative to conduct a *Daubert* hearing

3   ("Def.'s Mot. to Exclude").  Dkt. Nos. 590, 599.  In addition, the Government has filed a motion

4   to rejoin the trials of Defendant and Balwani pursuant to Federal Rule of Criminal Procedure 8(b).

5   Dkt. No. 591.

6       Having had the benefit of oral argument and having considered the parties' papers, the

7   Court **DENIES** the Government's motion to exclude, and **GRANTS IN PART AND DEFERS**

8   **IN PART** Defendant's motion to exclude Dr. Binder's testimony.  Specifically, the Court will

9   exclude Dr. Binder's proffered opinion ███████████████████████████████, and

10  will defer ruling on the balance of Defendant's motion to exclude pending a *Daubert* hearing.  The

11  Court also **DENIES** the Government's motion to rejoin the trials.

12  **I.      BACKGROUND**

13      **A.      Defendant's Rule 12.2(b)(1) Notice**

14      In December of 2019, Defendant provided notice to the Government of her intent "to

15  introduce expert evidence relating to a mental disease or defect or any other mental condition of

16  the defendant bearing on . . . the issue of guilt. . . ."  Fed. R. Crim. P. 12.2(b)(1); *see generally*

17  Government's Motion for Examination, Dkt. No. 382.  At the Government's request, she

18  supplemented the notice in a letter dated January 17, 2020.  *See id.* Ex. 1, Dkt. No. 383.  The

19  January 17, 2020 letter discloses the name and CV of Defendant's expert, Dr. Mindy Mechanic; it

20  also lists the topics of Dr. Mechanic's potential testimony.  Defendant informed the Government

21  that ████████████████████████████████████████.  In January

22  and February of 2020, the parties engaged in hearings and briefing addressing the nature of

23  Defendant's noticed expert testimony pursuant to Rule 12.2(b)(1), as well as Defendant's likely

24  presentation of lay testimony about her own experience.  Defendant explained in her February

25  2020 submission:

26  Case No.: 5:18-cr-00258-EJD-1
    ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
27  IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
    DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
28  GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
    TO REJOIN

2

1
2
3
4
5
6
7

> During the period of the charged conspiracy, and throughout Ms.
> Holmes' and Mr. Balwani's relationship, she deferred to and relied
> on what she perceived to be Mr. Balwani's business acumen. She
> relied on Mr. Balwani to provide her with accurate information about
> the state of the company's operations. She believed that what Mr.
> Balwani was telling her was true. To be clear, Ms. Holmes does not
> concede the falsity of the representations about Theranos alleged in
> the Indictment that the government has characterized as false. But if
> the government convinces the jury that some representations were
> incorrect, Ms. Holmes is still entitled to acquittal if the jury finds that
> she lacked specific intent to defraud. If Ms. Holmes in good faith
> believed that what she was saying was true because she relied on and
> deferred to Mr. Balwani, she did not commit wire fraud.

Elizabeth Holmes' Submission Regarding Admissibility of Certain Fact Testimony 1 ("Feb. 2020

Submission") at 13-14.  Moreover, Defendant indicated that both fact testimony, including her

own, and expert testimony based on an examination consisting of psychological testing and

"structured and semi-structured interviews" would be offered.  *Id*. at 6-8; *see also* Ex. 1 at 2, Ex. 3,

Dkt. No. 383 at 1.

### B.   Defendant's Rule 16(b)(1)(C)(ii) Disclosure and Dr. Mechanic's Report

In October of 2020, Defendant served her Rule 16(b)(1)(C)(ii) disclosure (hereinafter

"Rule 16 disclosure") and the examination report by Dr. Mindy Mechanic.  ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

According to Defendant's Rule 16 disclosure, Dr. Mechanic would be prepared to testify

and offer her opinions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* Declaration of Katherine Trefz ("Trefz Decl."), Ex.1 Dkt.

No. 600.  In particular, these opinions would be aimed at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN
3

Further, the Rule 16 disclosure outlines Dr. Mechanic's potential opinions specific to her evaluation of Defendant.  *See id.* at 3-4.  These include

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION TO REJOIN

4

United States District Court
Northern District of California

1    ████████ Defendant revealed in her Rule 16 disclosure that she does not presently intend to elicit

2    those diagnoses as mental conditions that may have affected her guilt during the time period of the

3    alleged conspiracy.  Trefz Decl., Ex. 1 at 5.

4         **C.    Dr. Martell's Examination and Report**

5         The Government's examinations followed.  ████████████████████████

6    ████████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████████

8    ████████████████████████████████████  Trefz Decl., Ex. 3 at 8, 11.  Dr.

9    Martell's findings were provided to Dr. Renee Binder, who the Government anticipates calling in

10   rebuttal to Dr. Mechanic.

11        **D.    Dr. Binder's Examination and Report**

12        Dr. Binder examined Defendant in October of 2020 and submitted a "Rebuttal Forensic

13   Psychiatry Report on Elizabeth Holmes" (hereinafter "Binder Report") to the Government on

14   November 6, 2020.  Trefz Decl., Ex. 4 at 117-63.  ████████████████████

15   ████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████

26   Case No.: 5:18-cr-00258-EJD-1
     ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
27   IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
     DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
28   GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
     TO REJOIN
                                          5



Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN

United States District Court
Northern District of California

1    *Id.*

## II.    STANDARDS

### A.    Legal Standard for Expert Evidence

Under Rule 702 of the Federal Rules of Evidence, an expert may testify in the form of an opinion, if his or her "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. A district court determining whether to admit expert testimony under Rule 702 is required to conduct a two-step inquiry. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591-92 (1993). First, the court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. Second, the court must ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. *Id.*

The second prong of the analysis, the "fit" requirement, requires the court to ensure that the proposed expert testimony is "relevant to the task at hand," i.e., that it "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (''*Daubert* II"). The second prong is not merely a reiteration of the general relevancy requirement of Rule 402. *Daubert II*, 43 F.3d at 1321 n.17. Because scientific expert testimony can be both powerful and quite misleading due to the difficulty in evaluating it, federal judges must "exclude proffered scientific evidence under Rules 702 and 403 unless they are convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury." *Id.* (internal quotation marks and citations omitted).

In addition, "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone." Fed. R. Evid. 704(b).

1    Moreover, to be admissible, proposed expert testimony must rest on a proper foundation.  *See* Fed.

2    R. Evid. 703 & 705.  "The rationale for precluding ultimate opinion testimony applies . . . 'to any

3    ultimate mental state of the defendant that is relevant to the legal conclusion sought to be proven,'

4    such as premeditation in a homicide case or lack of predisposition in an entrapment case."  *United*

5    *States v. Campos*, 217 F.3d 707, 711 (9th Cir. 2000).

6        **B.    Legal Standard for Expert Mental State Evidence**

7        The starting point in evaluating proffered expert psychological evidence is the Insanity

8    Defense Reform Act of 1984 (the "IDRA"), enacted in 1984.  The IDRA states, in relevant part

9    that:

> It is an affirmative defense to a prosecution under any Federal statute
> that, at the time of the commission of the acts constituting the offense,
> the defendant, as a result of a severe mental disease or defect, was
> unable to appreciate the nature and quality or the wrongfulness of his
> acts. Mental disease or defect does not otherwise constitute a defense.

13   18 U.S.C § 17(a).  It further mandates that "[t]he defendant has the burden of proving the defense

14   of insanity by clear and convincing evidence."  *Id*. § 17(b).  In enacting this legislation, Congress

15   sought to achieve several principal objectives, including: (1) the elimination of any form of legal

16   excuse based on a defendant's lack of volitional control, (2) the preclusion of defenses based on

17   "diminished responsibility" and similar theories through which defendants had previously sought

18   to excuse or justify their conduct by relying on evidence of a mental impairment, and (3) the

19   reduction of dangers posed by expert testimony regarding inherently malleable psychological

20   concepts, which could be misused to mislead and confuse juries in criminal cases.  *See, e.g.,*

21   *United States v. Cameron*, 907 F.2d 1051, 1061-62 (11th Cir. 1990).  The defenses eliminated by

22   the IDRA include "diminished capacity," "diminished responsibility," "mitigation," and

23   "justification."  *See id*. at 1061-62, 1066-67; *United States v. Pohlot*, 827 F.2d 889, 890, 905 (3d

24   Cir. 1987).

25       Although the IDRA restricts a criminal defendant's ability to utilize mental health evidence

26   Case No.: 5:18-cr-00258-EJD-1
     ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
27   IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
     DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
     GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
28   TO REJOIN

United States District Court
Northern District of California

as an affirmative defense, courts have consistently held that "the IDRA does not preclude a defendant from submitting evidence of mental health for the purpose of negating the intent element of a crime." *United States v. Dupre*, 462 F.3d 131, 137 n.8 (2d Cir. 2006); *see also Cameron*, 907 F.2d at 1067; *Pohlot*, 827 F.2d at 897; *United States v. Brown*, 880 F.2d 1012, 1017 (9th Cir. 1989). Relying on text, structure, legislative history, and the purposes of the IDRA, courts have concluded that the IDRA "bar[s] only alternative 'affirmative defenses' that 'excuse' misconduct," but "not evidence that disproves an element of the crime itself." *Pohlot*, 827 F.2d at 897. In other words, the IDRA bars use of expert testimony to support an affirmative defense excusing the defendant's conduct based on theories that he either could not control his actions "because of a supposed psychiatric compulsion" or could not understand the wrongness of his actions because of an "inability or failure to engage in normal reflection." *United States v. Worrell*, 313 F.3d 867, 873 (4th Cir. 2002). However, the IDRA "does not preclude a defendant from submitting mental health evidence for the purpose of rebutting the prosecution's proof of the *mens rea* element of a specific intent crime." *Dupre*, 462 F.3d at 137.

Accordingly, in determining whether evidence of a mental impairment is admissible for this purpose, a defendant is required to clearly demonstrate, that there is a direct link between such evidence and the specific *mens rea* that the Government must prove. *See United States v. Dupre*, 339 F. Supp. 2d 534, 539 (S.D.N.Y. 2004) ("Given that defendants are not foreclosed from presenting mental disease evidence towards the *mens rea* element of a charged offense, it is necessary to identify whether any elements of the charged offenses require the Government to prove intent in a way that could be meaningfully refuted by the type of mental disease evidence [the defendant] seeks to present"); *United States v. Brown*, 326 F.3d 1143, 1147 (10th Cir. 2003) ("The admission of such evidence will depend upon whether the defendant clearly demonstrates how such evidence would negate intent rather than 'merely present a dangerously confusing theory of defense more akin to justification and excuse'") (quoting *Cameron*, 907 F.2d at 1067).

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION TO REJOIN

United States District Court
Northern District of California

1    Even if the mental health evidence could be offered for a legitimate purpose under the

2    IDRA, the court must also determine whether the evidence's potential to "mislead the jury into

3    concluding[-] that the defendant was temporarily insane, that the disease caused the defendant to

4    commit the crime or otherwise impaired her ability to exert volitional control, or that the disease

5    impaired the defendant's ability to reflect on the consequences of her conduct" substantially

6    outweighs its probative value under Rule 403.  *Dupre*, 339 F. Supp. 2d at 540-41.  That is, if the

7    risk that the jury will interpret the evidence to support an affirmative defense that is impermissible

8    under the IDRA rather than to negate the *mens rea* element of the offense substantially outweighs

9    the probative value of the evidence, it must be excluded.  *See id.*; Fed. R. Evid. 403.

10   **III.    DISCUSSION**

11       **A.    Government's Motion to Exclude Testimony from Dr. Mechanic**

12       The Government puts forth three reasons why Dr. Mechanic's testimony and opinions

13   should be excluded.  First, the Government argues Dr. Mechanic's opinions are irrelevant because

14   Defendant, in its view, has abandoned her Rule 12.2(b) and *mens rea* defenses.  Next, the

15   Government argues Dr. Mechanic's testimony regarding ████████████ on Defendant is

16   insufficiently tied to or specific to the charged conduct.  Lastly, the Government argues that Dr.

17   Mechanic should have considered and explicitly discussed additional evidence, and the failure to

18   do so undermines the reliability of Dr. Mechanic's opinions.

19           **1.    Defendant Has Not Abandoned Her IPA-Based Mental State Defense**

20       The Government first contends that Dr. Mechanic's proffered expert opinions related to

21   IPA and its effects on Defendant should be excluded because Defendant has abandoned her Rule

22   12.2(b) and *mens rea* defenses and thus, Dr. Mechanic's testimony ████████████████ is

23   irrelevant.  The Government's abandonment argument is based on Defendant's representation in

24   her Rule 16 disclosure that Defendant no longer intended to have ████████████████

25   ████████████████████████████████████████

26   Case No.: 5:18-cr-00258-EJD-1
     ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
27   IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
     DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
28   GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
     TO REJOIN

████████████████████████████████████████████████████████████

████████. Trefz Decl. Ex. 1 at 5.  According to the Government, Defendant's withdrawal of ████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████. Gov't Mot. to

Exclude at 10-11.  The Government also contends that Defendant has abandoned her *mens rea*

defense because she stated, both to the SEC and ██████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████. *Id.* at 11.  The Government's arguments, however,

misconstrue Defendant's IPA-based mental state defense.

Defendant is not arguing that she suffered from PTSD or other mental conditions during

the relevant charge period that rendered her incapable of forming intent to deceive as a categorical

matter.  Feb. 2020 Submission at 13-14.  Instead, the Rule 12.2(b)(1) notice made clear that the

abusive context of Defendant's relationship with Balwani would help explain her good-faith belief

in the allegedly fraudulent statements she made, thereby negating the Government's proof that she

had the requisite intent to defraud.  Defendant's withdrawal of Dr. Mechanic's testimony about

████████████████████████████████████████████████████████ does not

represent a change in approach or abandonment of the defense put forth in Defendant's 12.2(b)(1)

notice.  Defendant clearly informed the Government in her January and February 2020 submission

letters that the anticipated expert testimony bearing on guilt █████████████████████.

*See* Trefz Decl., Ex. 1 at 1.  Nothing in the Rule 16 disclosure suggests a departure from or

abandonment of this IPA-based mental state evidence.

Further, Defendant is entitled to present IPA-based mental state evidence to negate *mens*

*rea*, notwithstanding the Government's argument to the contrary.  Although IPA is not a

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN
11

United States District Court
Northern District of California

recognized DSM-5 mental disorder, the Ninth Circuit case law suggests that the admission of psychological testimony does not require the diagnosis of a mental disorder. *United States v. Rahm*, 993 F.2d 1405, 1410-11 (9th Cir. 1993). As the Ninth Circuit noted in *Rahm*, "[i]f admission of psychological testimony under Fed. R. Evid. 702 required mental disorder, the reference in Rule 12.2(b) to 'other mental condition' would be entirely superfluous. It is not." *Id.* at 1411. Rather, as stated above, "the proper ultimate inquiries are whether evidence of a defendant's mental condition has a 'bearing upon the issue of guilt,' Fed. R. Crim. P. 12.2, and whether expert testimony as to that condition 'will assist the trier of fact to understand the evidence or to determine a fact in issue,' Fed. R. Evid. 702." *Id.* Moreover, courts have regularly permitted the introduction of expert testimony regarding IPA. *See, e.g.*, *United States v. Lopez*, 913 F.3d 807, 820-23 (9th Cir. 2019) (cataloguing the ways in which expert testimony on IPA may be helpful to a jury's evaluation of the facts and defendant's credibility); *United States v. Johnson*, 956 F.2d 894, 899 (9th Cir. 1992) (expert testimony, based on "interviews" of defendant, that defendant "fitted the profile of a battered woman"); *United States v. Santos*, 932 F.2d 244, 246-47 (3d Cir. 1991) (expert opinion, based on examination, admitted to show that defendant suffered from battered woman syndrome).

Accordingly, the Court finds no basis to conclude that Defendant has abandoned her 12.2(b) defense.

### 2. Dr. Mechanic's Testimony Satisfies Federal Rules of Evidence 401, 403, and 702

With respect to Dr. Mechanic's opinions formed from her forensic evaluation, the Government raises two arguments. First, the Government suggests that Dr. Mechanic's testimony

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION TO REJOIN

United States District Court
Northern District of California

█████████████████████████████████████████ Gov't Mot. to Exclude at 15.  The Government argues that without presenting a minimal connection between Defendant's claims of IPA and the facts of the alleged crime, Dr. Mechanic's testimony is not sufficiently reliable and relevant, as is required under Rule 702.

As discussed above, it is proper to exclude proposed psychiatric evidence when a defendant is not able to establish a link or relationship between the evidence and the *mens rea* at issue in the case.  *See United States v. Boykoff*, 186 F. Supp. 2d 347, 349 (S.D.N.Y. 2002); *United Sates v. Mezvinsky*, 206 F. Supp. 2d 661, 674 (E.D. Pa. 2002).  In *United States v. Scholl*, for example, the defendant was convicted of filing false tax returns due to his failure to accurately report gambling wins and losses.  166 F.3d 964, 969 (9th Cir. 1999).  In support of his theory that he lacked the requisite intent to be convicted of filing false tax returns, the defendant sought to introduce testimony from a psychological expert that compulsive gamblers, like himself, "have distortions in thinking and 'denial,' which impact their ability and emotional wherewithal to keep records." *Id*. at 970.  In affirming the district court's exclusion, the Ninth Circuit noted that there was no evidence presented at the *Daubert* hearing that addicted gamblers were incapable of truthfully reporting their gambling income. *Id*.  "[E]vidence that compulsive gamblers are in denial . . . would not tend to show that Scholl did not believe his tax return to be correct." *Id*. at 971.

Because *Scholl* is distinguishable from this case, it does not govern.  In *Scholl*, there was no evidence that an addiction to gambling could cause a person to believe that a false tax return omitting winnings was true.  By contrast, ████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

United States District Court
Northern District of California

United States District Court
Northern District of California

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ███████████████████████████████████████████

5 ██████, this does not preclude her from offering her proffered testimony at this time.  The Court

6 finds that Defendant has made a sufficient showing of a nexus between Dr. Mechanic's proffered

7 expert testimony about ███████████████████ and the issue of specific intent to

8 commit wire fraud in general such that pretrial exclusion of Dr. Mechanic's testimony is

9 unwarranted.

10       In addition, Dr. Mechanic's testimony ███████████████ on Defendant is

11 properly admitted under Rule 702 because it will aid the jury in understanding a material fact at

12 trial.  *See* Fed. R. Evid. 702.  Such expert testimony is also consistent with the Ninth Circuit's case

13 law.  In *Rahm*, the Ninth Circuit reversed the defendant's conviction because the district court had

14 excluded testimony that would have contextualized the defendant's claim that she did not have

15 knowledge, the *mens rea* required for the charge.  993 F.2d at 1413.  The defendant had been

16 charged with possession of counterfeit currency and attempting to pass off counterfeit currency.

17 In order to convict, the government had to prove that the defendant knew that the currency was

18 counterfeit.  Her defense was that she did not know the currency was counterfeit.  The defendant

19 sought to admit the testimony of a psychologist who had administered standardized testing to her

20 and concluded that she had difficulty with visual perception.  The Ninth Circuit held that expert

21 testimony about the defendant's "perceptual difficulties" may have assisted the jury in determining

22 whether the defendant could recognize the counterfeit currency she used in her purchase.  *Id*. at 1413.

23 Here, the Court finds that Dr. Mechanic's proffered testimony may assist the jury in

24 contextualizing Defendant's behavior and thinking.

25       The Government's concerns about Dr. Mechanic usurping the role of the jury are

26 Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,

27 IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND

28 GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN

1    unfounded.  Even if the jury accepts that Defendant's experiences of IPA at the hands of

2    Defendant Balwani affected her autonomy, decision-making, and emotional functioning, the jury

3    must still decide whether Defendant lacked the intent to defraud.  And even if the jury accepts the

4    testimony of Dr. Mechanic, the jury may ultimately conclude that Defendant had the specific

5    intent to make misleading statements to investors and patients.  Admitting Dr. Mechanic's

6    testimony will not usurp the role of the jury.

7          The Government also argues that Dr. Mechanic's opinions are unreliable because Dr.

8    Mechanic did not review the testimony Defendant gave to the SEC or consider media interviews

9    of Defendant.  Neither of the Government's complaints render Dr. Mechanic's opinions

10   unreliable.  The Government does not cite to any professional standard that required Dr. Mechanic

11   to consider Defendant's SEC and media interviews.  Relatedly, the Government has not shown

12   that Dr. Mechanic "employed unsound methodology or failed to assiduously follow an otherwise

13   sound protocol" by failing to consider Defendant's SEC testimony and media interviews.

14   *Daubert*, 43 F.3d at 1318 n.10.  Even if the Government is correct that Dr. Mechanic should have

15   reviewed and discussed this additional information, that failure to do so does not warrant

16   excluding all of her proffered testimony.  The Court finds that the Government's arguments go to

17   the weight, and not the admissibility, of Dr. Mechanic's testimony.  *See Primiano v. Cook*, 598

18   F.3d 558, 564 (9th Cir. 2010) (recognizing that the admissibility inquiry is a "flexible" one, and

19   that "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence,

20   and attention to the burden of proof, not exclusion").

21          In sum, Dr. Mechanic is equipped to present reliable and relevant opinions based on her

22   qualifications and methodologies.  The proffered testimony satisfies all threshold requirements.

23   Moreover, the Court finds that no pretrial *Daubert* hearing is required.

24          **3.  The Government is Not Entitled to the Additional Discovery It Requests**

25          The Government also moves for an order requiring Defendant to produce (1)

26   Case No.: 5:18-cr-00258-EJD-1
     ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
27   IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
     DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
28   GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
     TO REJOIN

United States District Court
Northern District of California

1  communications between Defendant and Balwani and (2) psychological and medical records.  The

2  Government is seeking ███████████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████████.  Defendant now

4  asserts, however, that the Government misunderstood Defendant's statement and that ██████████

5  ███████████████████████████████████████████████████████.  *See*

6  Def.'s Opp'n to Gov't Mot. to Exclude at 20 n.13.  Rule 16(b)(1)(A) governs the "documents and

7  objects" a defendant must produce.  Those documents are limited to documents "within the

8  defendant's possession, custody, or control" that "the defendant intends to use . . . in the

9  defendant's case-in-chief at trial."  Because it does not appear that Defendant is currently in

10  possession of additional emails, the Government's request is denied.

11       The Government's request for the production of records of Defendant's treating

12  psychologists and internists is also denied.  The Government and ████████████████████████

13  █████████████████████████████████████████████████████████████

14  ███████████████████████████████.  Because Defendant's Rule 16 disclosure indicates that she

15  no longer intends to present evidence of any current psychological conditions at trial and the

16  charging period runs only from 2010 through 2016, the Court finds there is no reason to compel

17  the requested discovery.

18       **B.**      **Defendant's Motion to Exclude Testimony of Dr. Renee Binder**

19       Defendant retained an expert, Dr. Mary Ann Dutton, to provide an opinion regarding the

20  forensic evaluation conducted by Dr. Binder.  *See* Decl. of Mary Ann Dutton in Support of Def.

21  Elizabeth Holmes' Mot. to Exclude Testimony of Dr. Renee Binder ("Dutton Decl."), Dkt. No.

22  601.  Based on Dr. Dutton's assessment, Defendant raises two primary challenges to the

23  admissibility of Dr. Binder's report and anticipated testimony.  First, Defendant contends that Dr.

24  Binder's report fails to articulate any methodology or to explain how she applied the unstated

25  methodology.  Moreover, Defendant contends that Dr. Binder conducted the examination in

26  Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
27  IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
28  GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN

violation of professional guidance and standards and without an appropriate substantive assessment of IPA.  Second, Defendant argues that Dr. Binder's report includes opinions that are not appropriate for rebuttal and the admission of which would run contrary to Federal Rule of Criminal Procedure 12.2(c)(4) and Federal Rules of Evidence 401 and 403.  In particular, Defendant takes issue with Dr. Binder's opinion ████████████████████████████████ ████████████████.  Defendant explains that she does not claim she lacked the capacity to form intent to commit wire fraud; rather, Defendant claims that although she had the capacity to form intent, she did not in fact have the requisite intent.  Defendant contends that she lacked the intent to commit wire fraud "because, among other things, she believed, trusted, relied on, and deferred to Mr. Balwani—sometimes over other individuals that the government likely will claim were more qualified or for reasons that the government may claim are not credible—and the circumstances of the relationship explain why."  Def.'s Mot. to Exclude at 2.

### 1.  Defendant's Challenges to Dr. Binder's Methodology

"As a prerequisite to making the Rule 702 determination that an expert's methods are reliable, the court must assure that the methods are adequately explained.  *See Daubert*, 43 F.3d at 1319 (holding that the expert must "explain the methodology . . . followed to reach [his or her] conclusions"); *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994) ("[T]he district court repeatedly ordered the experts to explain the reasoning and methods underlying their conclusions. . . . [Because the experts'] affidavits are devoid of any such explanation . . . the district court could not make the findings required by Rule 702[.]"

Here, ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████  Without such

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION TO REJOIN

United States District Court
Northern District of California

United States District Court
Northern District of California

1    an explanation, the Court cannot assess whether Dr. Binder's expert opinions are based on reliable

2    methods.  *See United States v. Hermanek*, 289 F.3d 1076, 1093-94 (9th Cir. 2002).

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████

18   ████████████████████████████    In short, Dr. Mechanic's report and Dr. Binder's report suggest

19   that the two experts applied entirely different methodologies for ████████████████████ on

20   Defendant.

21   ████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████[1]  The Court has

23

24   [1] Indeed, the record suggests that prior to the examination, ████████████████████████

25   ████████████  *See* Def.'s Mot. to Exclude at 10. ████████████████████████ may be
     a basis to exclude her opinions.  *See Claar*, 29 F.3d at 503 ("[Scientists whose conviction about

26
     ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,

27   IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
     DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND

28   GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
     TO REJOIN

United States District Court
Northern District of California

1    reviewed the full videos of the examination and agrees with Defendant's characterization of the

2    examination:

3    ████████████████████████████████████████████

4    ████████████████████████████████████████████

5    ████████████████████████████████████████████

6    ████████████

7    Def's Mot. to Exclude at 3-4. ██████████████████████

8    ██████████████████████████████████████████

9    ████████████████   The only attempt the Government makes to explain Dr. Binder's

10   methodology is to assert that she was performing a rebuttal examination focused on Defendant's

11   decision-making and thought process in making the statements at issue in the case, and on

12   Balwani's alleged control over Defendant.  In Dr. Dutton's view, however, a "[f]orensic

13   examination, regardless of which party in the legal matter has retained the expert and for what

14   purpose the examination is being conducted, should strive to be unbiased, impartial and objective

15   in their [sic] work."  Dutton Decl. ¶ 26.

16        The Court recognizes that it may be appropriate for Dr. Binder, as a rebuttal expert, to have

17   ████████████████████████████████████████.  Nevertheless,

18   as the proponent of Dr. Binder's report and opinions, the burden is on the Government to show

19   that ████████████████████████████████████

20   ████████████████████████████.  Defendant contends that they are not.

21   Moreover, Dr. Dutton faults Dr. Binder for ██████████████████████

22   ████████████████████████████████████████

23

24   _____

25   the ultimate conclusion of their research is so firm that they are willing to aver under oath that it is
     correct prior to performing the necessary validating tests could properly be viewed by the district
     court as lacking the objectivity that is the hallmark of the scientific method.").

26   Case No.: 5:18-cr-00258-EJD-1

27   ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
     IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
     DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
28   GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
     TO REJOIN

1 ███████████████████████████████████████████████

2 ██████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████

4 ███████████████████████████████████████████████████

5 ████████████████████████████████████████

6        Where a party "raises a material dispute as to the admissibility of expert scientific

7 evidence, the district court must hold an in limine hearing (a so-called *Daubert* hearing) to

8 consider the conflicting evidence and make findings about the soundness and reliability of the

9 methodology employed by the scientific experts." *Daubert II*, 43 F.3d at 1319 n.10 (citing Fed. R.

10 Evid. 104(a)).  In light of the inconsistent approaches taken by Drs. Mechanic and Binder, as well

11 as the opinions of Dr. Dutton, the Court is inclined to conduct a *Daubert* hearing to assess the

12 reliability of Dr. Binder's methodology, as well as her objectivity, for assessing whether

13 Defendant was the victim of IPA at the hands of Balwani, and if so, in what ways the abuse

14 affected Defendant's functioning during the relevant period.

15          **2.   Defendant's Challenges to Dr. Binder's Opinions Regarding Intent**

16        Even if Dr. Binder's report and opinions satisfy Rule 702, Defendant contends that Dr.

17 Binder should be precluded from offering the opinions captured in Section IV of her report, ██████

18 ████████████████████ as well as introductory and summary statements of those opinions.

19 Defendant contends these opinions and statements are irrelevant and not appropriate rebuttal,

20 usurp the role of the factfinder, and are unreliable.  Def.'s Mot. to Exclude at 21-22.  In particular,

21 Defendant seeks exclusion of Dr. Binder's opinions ██████████████████████████████████

22 ████████████████ *Id*. at 22.  The Court agrees.  Even if the *Daubert* hearing persuades the

23 Court that Dr. Binder's report and opinions satisfy Rule 702, several of the opinions in Section IV

24 of Dr. Binder's report ██████████████████████████████████████████ are

25 irrelevant.  Defendant has never argued she did not have the capacity to form intent, and ████

26 Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
27 IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
28 GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN

United States District Court
Northern District of California

████████████████████████████.  Defendant's counsel has repeatedly explained,

"Ms. Holmes is not arguing that she suffered from 'mental conditions that rendered her incapable

of forming intent to deceive as a categorical matter.  She is arguing . . . that she did not intend to

deceive anyone in part because, within an abusive context, she believed what Mr. Balwani told her

about the company's operations and finances were true.'"  Def.'s Mot. to Exclude at 22 (quoting

Defendant's Submission re: Admissibility (2/18/2020) at 13-14; *see also* Ms. Holmes' Mot. for

Entry of Proposed Schedule (9/18/2020) at 3; Ms. Holmes' Reply In Support of Mot. for Entry of

Proposed Schedule (9/29/2020) at 3 & n.3).

   Moreover, opinions in Section IV of Dr. Binder's report ███████████████████

███████████████████ must be excluded pursuant to Federal Rule of Evidence

704(b).  Specifically, the following opinions must be excluded pursuant to Rule 704(b):

- ████████████████████████████████████████
  ██████████████████████████

- ████████████████████████

- ████████████████████████████████

████████████   Each of these opinions are "about whether the defendant did or did not have a

mental state or condition that constitutes an element of the criminal crime charged or of a

defense."  Fed. R. Evid. 704(b).  Accordingly, regardless of the outcome of the *Daubert* hearing,

Dr. Binder is precluded from offering the opinions specified above at trial.  *See Campos,* 217 F.3d

at 711 ("A prohibited 'opinion or inference' under Rule 704(b) is testimony from which it

necessarily follows, if the testimony is credited, that the defendant did or did not possess the

requisite *mens rea*.") (quoting *U.S. v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 2000)).[2]

---

[2] Federal Rule of Criminal Procedure 12.2(c)(4) also requires exclusion of Dr. Binder's opinions regarding Defendant's capacity to achieve a culpable state of mind because they are beyond the

United States District Court
Northern District of California

1    Other opinions regarding Defendant's decision-making in general, however, are not

2  necessarily subject to exclusion under Rule 704(b), provided that the *Daubert* hearing

3  demonstrates that Dr. Binder's report and opinions satisfy Rule 702.  For example, Dr. Binder

4  opines that ███████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████████

8  ██████████████████████████████████████████  These are not

9  opinions as to whether or not Defendant possessed the requisite *mens rea*, and therefore do not

10  impermissibly encroach on the jury's function to make credibility determinations.

### 3.  Other Opinions

12    Lastly, Defendant contends that Section III of Dr. Binder's report should be excluded

13  because ████████████ discussed therein are not relevant and are barred by Federal Rule of

14  Criminal Procedure 12.2(c)(4).  The Court agrees.  ████████████████████████

15  ████████████████████████████████████████████████████████████

16  ████████████████████████████████████  Defendant's October 16, 2020 Rule 16

17  disclosure indicates Dr. Mechanic "will not offer a clinical diagnosis that Ms. Holmes had these

18  conditions during the time of the events in question."  Trefz Decl., Ex. 1, ¶ 4.  Therefore, the

19  entirety of Section III of Dr. Binder's report is irrelevant and barred by Rule 12.2(c)(4).

### C.  Government's Motion to Rejoin

21    In March 2020, the Court granted Balwani's motion to sever.  *See* Mar. 30, 2020 Order at

22  14.  The Court found that Balwani would be prejudiced by Defendant's introduction of IPA

23  evidence and that no less drastic measure than severance would be an effective remedy for or

---

scope of her defense and not proper rebuttal.   As stated previously, Defendant "will not be
introducing evidence of lack of capacity" at trial.  Def.'s Mot. to Exclude at 23.

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN

1  mitigation of the potential prejudice.  *Id*.  The Government now moves to rejoin the trials of

2  Defendant and Balwani.  The Government's motion rests primarily on the premise that Defendant

3  has abandoned her Rule 12.2(b) IPA-based defense.

4  As the Court explained above, Defendant has not abandoned her Rule 12.2(b) defense.

5  Lay and expert testimony regarding Defendant's experiences of IPA with Balwani and its effects

6  are still likely to be introduced at trial.  As such, there has not been any meaningful change in

7  circumstances regarding Defendant's IPA-based defense that would justify rejoinder.

8  The Government also asserts that rejoinder would promote judicial efficiency, recognizing

9  that the court system and the country at large continue to cope with the impacts of the COVID-19

10  pandemic.  Since the Government filed its motion in November of 2020 however, the state and

11  country as a whole have seen decreasing infection rates and an increase in the number of people

12  who have received COVID-19 vaccinations.  The Court has also put in place additional protocols

13  and safeguards that help promote safety and judicial efficiency.  Moreover, both Defendants' right

14  to a fair trial is paramount.  The Court has already held that a severance is required to ensure

15  Defendants are given a fair trial, and as stated above, there has not been any meaningful change in

16  circumstances to justify rejoinder.

17  **IV.   CONCLUSION**

18  For the reasons stated above, the Court **DENIES** the Government's motion to exclude

19  testimony from Dr. Mechanic, or, alternatively, for a *Daubert* hearing and for discovery relating to

20  Defendant's Rule 12.2(b) defense.

21  The Court **GRANTS IN PART** Defendant's motion to exclude the testimony of Dr.

22  Binder.  Specifically, the Court excludes Dr. Binder's proffered opinion that ████████████

23  ██████████████████████████████████████████ pursuant to Federal Rule of

24  Criminal Procedure 12.2(c)(4) and Federal Rules of Evidence 401, 403, 702(a), and 704(b).  The

25  Court will defer ruling on the balance of Defendant's motion to exclude pending a *Daubert*

26  Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
27  IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
28  GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN

hearing.  The Government shall determine Dr. Binder's availability for a *Daubert* hearing, meet

and confer with Defendant's counsel regarding scheduling, and shall notify the deputy clerk of the

parties' proposed date for a *Daubert* hearing.  Any supplemental material the Government plans to

rely on at the hearing shall be filed no later than ten business days before the hearing.  Defendant

may file a responsive brief no later than five business days before the hearing.

The Court **DENIES** the Government's motion to rejoin the trials of Defendant and

Balwani.

**IT IS SO ORDERED.**

Dated:  May 21, 2021

_____

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OR,
IN THE ALTERNATIVE, FOR A DAUBERT HEARING AND FOR DISCOVERY; DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. RENEE BINDER AND
GRANTING REQUEST FOR DAUBERT HEARING; DENYING GOVERNMENT'S MOTION
TO REJOIN
24

United States District Court
Northern District of California