STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 18-CR-00258 EJD |
|---|---|---|
| Plaintiff, | ) ) | UNITED STATES' OPPOSITION TO HOLMES' MOTION TO ADMIT PRIOR TESTIMONY OF RAMESH "SUNNY" BALWANI |
| v. | ) ) ) |  |
| ELIZABETH HOLMES, | ) ) | Date:  November 29, 2021 |
| Defendant. | ) ) ) | Time:  9:00 a.m.<br>Court: Hon. Edward J. Davila |

The government opposes Defendant Elizabeth Holmes' Motion to Admit Prior Testimony of her co-Defendant Ramesh "Sunny" Balwani. ECF No. 1163 ("Mot."). Defendant Holmes may not admit in this criminal case testimony of her co-Defendant Balwani from a prior civil investigation unless she establishes the requirements of Federal Rule of Evidence 804. As explained below, she has not met these requirements and the Court should deny her Motion.

**I.  Defendant Has Not Met the Requirements of Federal Rule of Evidence 804 to Admit Prior Testimony of Her Co-Defendant**

**A.  Defendant Has Not Established That Co-Defendant Balwani is Unavailable**

The general rule to establish a witness is unavailable under Rule 804(a)(1) is that "a witness' blanket assertion of the Fifth Amendment privilege . . . is unacceptable[.]" *United States v. Tsui*, 646 F.2d 365, 367 (9th Cir. 1981). Rather, the declarant must be subpoenaed to testify and called before the district judge to formally invoke the privilege in response to specific questions. *See id.*; *see also United States v. Wyatt*, 804 F. App'x 530, 532 (9th Cir. 2020) (affirming district court's denial of defendant's request to admit prior statements of co-defendant where co-defendant was never subpoenaed or called before the judge and thus defendant did not establish co-defendant's unavailability).

Defendant cites the exception to this general rule that permits a blanket invocation of the Fifth Amendment privilege where the Court has sufficient knowledge of the case and the expected testimony of the witness that the Court could "conclude that the witness could legitimately refuse to answer essentially all relevant questions." *Tsui*, 646 F.2d at 368 (internal quotation omitted). But the cases she cites in her Motion all involve a co-defendant or co-conspirator appearing before the district judge, allowing the district judge to review the specific questions that will be asked of the witness, and an express invocation of the Fifth Amendment by that witness (or counsel for the witness) in front of the Court. *See United States v. Sapp*, 721 F. App'x 698, 698–99 (9th Cir. 2018); *Tsui*, 646 F.2d at 366 (defendant called co-conspirator as first witness and then co-conspirator invoked the privilege); Brief of Appellee United States in *United States v. James*, 2020 WL 7866586, at 50–53 (filed Dec. 21, 2020) (arguing that the district court holding a hearing outside the presence of the jury to analyze co-conspirator's Fifth Amendment claim was not an abuse of discretion); *cf.* Mot. at 3–4 (citing these cases in support of finding a blanket privilege applies here).

Here, Defendant has not subpoenaed her co-Defendant Balwani nor called him as a witness in her criminal case before the Court.[1] Thus, Defendant has not even attempted to compel Balwani to testify, and this Court has not had the opportunity to do more than "speculate as to whether that express claim [of Fifth Amendment privilege] would have been made"—as the Ninth Circuit forbids. *Wyatt*, 804 F. App'x at 532. Defendant's communication with co-Defendant Balwani's counsel (ECF No. 1164)—also outside the presence of the Court and the government—does not fill this gap. Therefore, the blanket assertion of Balwani's Fifth Amendment privilege is unacceptable.

> **B. Co-Defendant Balwani's Prior Testimony Does Not Meet the Requirements of Federal Rule of Evidence 804(b)(3)**

To admit statements against the declarant's penal interest under Rule 804(b)(3), the proponent must demonstrate that: (1) the declarant is unavailable—which Defendant cannot do here as described above; (2) the statement tended to subject the declarant to criminal liability such that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true; and (3) there exist corroborating circumstances that clearly indicate the statement's trustworthiness. Fed. R. Evid. 804(b)(3); *United States v. Paguio*, 114 F.3d 928, 932 (9th Cir. 1997).

The Ninth Circuit has repeatedly held that statements by family members—or from a declarant who may have made the statements out of "[a] motive of love"—do not meet the threshold of indicating trustworthiness underpinning this hearsay exception. *Id.* at 933; *see United States v. Gadson*, 763 F.3d 1189, 1200 (9th Cir. 2014) ("In general, the exculpatory statements of family members are not considered to be highly reliable[.]" (internal quotation omitted)). Here, co-Defendant Balwani made the statements that Defendant seeks to admit approximately one year after the Defendants' 12-year relationship had ended. In May and June 2016, after Theranos announced co-Defendant Balwani would be leaving the company, Balwani texted Defendant Holmes messages of love and support despite the challenges the company was facing. Exhibit 1 (attached are excerpts of Trial Exhibit 5387 ("TX 5387")

---

[1] This, of course, is consistent with Defendant Holmes' position in her motion for a severance, where she claimed that co-Defendant Balwani's presence during her trial "would visibly affect Ms. Holmes' demeanor in the courtroom and hinder her ability to participate in the trial proceedings or communicate with counsel" given their prior abusive intimate-partner relationship. ECF No. 970 at 6 (public redacted version of Defendant's Motion for Severance).

at 410, 413–414, 426–428, 444). Specifically, Balwani texted Holmes: "I know things are tough but don't give up on your dreams. Keep focused and keep fighting. Plan, focus, stay organized and stay in control. One person who has a plan and executes can defeat an army." *Id.* at 9 (TX 5387 at 444). Co-Defendant Balwani also expressed a desire to help Defendant Holmes because of his love for her: "I could have done so much more [¶] There is so much more I can give to you and this world[,]" and "[m]y love and devotion to you will lift your heart[.]" *Id.* at 4–5 (TX 5387 at 413–14). Indeed, the Defendants' contemporaneous text messages contradict some of Balwani's prior testimony before the SEC, further undermining its trustworthiness. *Compare id.* at 1–2 (TX 5387 at 34, 36) (Balwani referring to projections—rather than model—and asking if Holmes is comfortable with explaining it to potential investors), *with* ECF No. 1163-3 at 6 (Balwani testifying that Holmes was not familiar with the financial model he prepared).

Moreover, several of the statements that Defendant seeks to admit "are not truly self-inculpatory for purposes of Rule 804(b)(3)(A) because they do not expose [Balwani] himself to criminal liability." *Gadson*, 763 F.3d at 1200 (internal quotations omitted). The Ninth Circuit has held that "[s]tatements that curry favor or deflect (or share) blame do not fall within the scope of Rule 804(b)(3)(A)." *Id.* (internal quotation omitted). Most of the statements Defendant seeks to admit from co-Defendant Balwani's prior testimony fall into this category of deflecting or sharing blame, namely:

- In 2010, Balwani and Holmes spent time meeting with retail pharmacy businesses, including Walgreens and Safeway, and noting that Holmes "spent a lot more time on Safeway because she had developed a close relationship with Steve Burd[.]" ECF No. 1163-2 at 4. For Walgreens, Balwani testified that he "was spending at least as much time as [Holmes] on Walgreens from the start." *Id.* at 5.

- Balwani described Burd's "obsess[ion]" with the Theranos project. *Id.* at 4–5.

- Balwani testified that Danise Yam "was in charge of all the financials" and she would provide him with updates on the company's cash position. *Id.* at 6.

- Balwani described how he created a financial model—rather than projections— and he did so with input from Safeway and Walgreens and later from individuals at BDT. *Id.* at 6–7; ECF No. 1163-3 at 3–5. The SEC asked Balwani who labeled the document

"projections" and he deflected by pointing to Danise Yam's and BDT's roles. ECF No. 1163-3 at 4–5.

- Balwani testified that lab directors were "responsible for all the medical decision stuff" and he could not "make any medical decisions in the CLIA lab" but "they did report under me." ECF No. 1163-2 at 9. (And, of course, co-Defendant Balwani reported to Defendant Holmes. *See* Trial Exhibit 4528.)

- Balwani also testified that the lab directors determined which device to use in the CLIA lab for patient testing and that "[t]he technical decisions were being made by the CLIA lab directors and the scientists and engineers in the company." ECF No. 1163-4 at 3–4.

Indeed, the prior testimony Defendant seeks to admit regarding the null protocol fails both prongs of Rule 804(b)(3). First, there is nothing inculpatory about co-Defendant Balwani's answer regarding whether Defendant Holmes knew about the null protocol or whether others outside the software group at Theranos knew what "null protocol" meant. *See* ECF No. 1163-2 at 10. Second, contrary to Defendant's assertion (Mot. at 6), the evidence at trial thus far does *not* corroborate Balwani's answer to the SEC. The testimony of Daniel Edlin that Defendant cites does not speak to Holmes' knowledge or lack thereof regarding the null protocol, and his testimony on direct examination described what the null protocol was designed to do and discussed emails about the null protocol that were shared with Defendant Holmes and co-Defendant Balwani. *See*, *e.g.*, 10/15/2021 Hearing Transcript at 3873:25–3874:23; 10/19/2021 Hearing Transcript at 3916:7–23, 3940:13–3942:25.

In sum, co-Defendant Balwani's prior testimony is not admissible under Rule 804(b)(3) because the statements largely deflect or share blame by pointing to others and, to the extent Balwani inculpates himself and exculpates Holmes, there is insufficient indication of trustworthiness because he may have been motivated by feelings of love given their prior relationship.

### C. Co-Defendant Balwani's Prior Testimony Is Not Admissible Under Rule 804(b)(1)

Under Federal Rule of Evidence 804(b)(1), testimony from a prior civil investigation is not admissible in a criminal case unless the declarant is unavailable as a witness and the party against whom the testimony is offered in the criminal case "had an opportunity and similar motive to develop it by

direct, cross-, or redirect examination" in the prior civil proceeding. Fed. R. Evid. 804(b)(1). Here, the Securities and Exchange Commission ("SEC") and Department of Justice ("DOJ") are not the same party, and the SEC did not have a "similar motive" to the DOJ's in developing co-Defendant Balwani's civil investigative testimony.

First, the government submits that the SEC and DOJ—and more specifically the United States Attorney's Office ("USAO")—are not the same party for Rule 804(b) purposes. While the Ninth Circuit has not specifically addressed this question, the Ninth Circuit analyzed a similar question and held that the USAO and Federal Deposit Insurance Corporation ("FDIC") are not the same party for Rule 804(b) purposes. *See Fed. Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 417–18 (9th Cir. 1971). Specifically, the Ninth Circuit held that the "FDIC stands in the shoes of the insolvent bank" and the "FDIC, in its capacity as receiver of a bank, is not represented in this litigation by the United States Attorney, as would be the Government if it were a party." *Id.* at 418. The Ninth Circuit's logic aligns with the reasoning of the Fifth Circuit—which explicitly held that the SEC and DOJ are not the same party for Rule 804(b) purposes in *United States v. Baker*, 923 F.3d 390, 399 (5th Cir. 2019). The Fifth Circuit in *Baker* noted that the case law on this topic is sparse but "no court has expressly held that the SEC and the DOJ are the same party" and it declined to be the first court to do so. *Id.* at 399–401. The Fifth Circuit reviewed and rejected the Seventh Circuit's holding in *United States v. Sklena*, 692 F.3d 725, 731–32 (7th Cir. 2012).

While Defendant urges the Court to follow *Sklena* and part ways from *Baker* (Mot. at 7–8), *Baker*'s distinctions are sound and apply equally here. Critically, the agency at issue in *Sklena* was the Community Futures Trading Commission ("CFTC")—which is required by statute to report to DOJ— and thus the Seventh Circuit found that "had [DOJ] wished, it could have ensured that the CFTC lawyers included questions of interest to the United States when they deposed [the witness]." *Id.* But DOJ does not exert the same amount of control over the SEC. Defendant's reference to coordinated discovery efforts conflates cooperation with control. *See* Mot. at 8. As explained by the Fifth Circuit: "Unlike the CFTC, the SEC is not statutorily required to report to the DOJ, nor must the two agencies cooperate to enforce the same statutory scheme. The SEC is an independent agency with its own litigating authority." *Baker*, 923 F.3d at 401. As the Ninth Circuit found in *Glickman*, the SEC would not be

represented in litigation by the USAO and thus the SEC and DOJ should not be considered the same party for Rule 804(b) purposes.

Second, even if the Court disagrees and finds the SEC and DOJ to be the same party, Ninth Circuit precedent precludes a finding that they shared a "similar motive" in developing co-Defendant Balwani's testimony. The Ninth Circuit drew a distinction for Rule 804(b)(1) purposes between the SEC's *investigatory* process and the SEC's *accusatory* stage of proceedings in *SEC v. Jasper*, 678 F.3d 1116, 1128–29 (9th Cir. 2012). In *Jasper*, the defendant in an SEC enforcement action sought to introduce the investigative testimony of a lower-level employee that was taken *by the SEC* before the formal complaint was filed. *Id.* at 1127–29. The employee was unavailable to testify at trial because he had invoked his Fifth Amendment right against self-incrimination. *Id.* Nevertheless, the Court upheld the district court's decision that the prior testimony could not be used against the SEC in the enforcement action because the SEC did not have "*a motive similar to its motive at trial*" and the employee's prior testimony "was too unreliable to be admitted without the opportunity for cross-examination by the SEC." *Id.* at 1128. So too here.

The investigative testimony of co-Defendant Balwani that Defendant Holmes seeks to admit was taken prior to the SEC filing an enforcement complaint. *See* ECF No. 1, Dkt. No. 18-CV-01603-EJD (complaint filed on March 14, 2018). The DOJ is a separate agency from the SEC and has a higher burden of proof to meet. *See Baker*, 923 F.3d at 401–02. In the investigatory process, the SEC is "likely developing a factual background regarding wrongdoing at the company generally, whereas the DOJ would have been gathering evidence to convict specific individuals." *Id.* at 402. Critically, the SEC focused on securities fraud whereas the indictment against Defendants also alleges a conspiracy to defraud patients. Members of the USAO prosecution team did not attend Balwani's SEC investigative testimony and contributed no input to the questions asked by the SEC. And the prior testimony of co-Defendant Balwani is too unreliable—for reasons discussed in the prior section—to be admitted without being tested by cross examination by the government. Thus, for the same reasons the Ninth Circuit upheld a district court's finding that testimony taken by the SEC during its investigatory process should not be used against the SEC in a later enforcement action, similar testimony in this case should not be used against the DOJ in a criminal trial without the benefit of cross-examination.

In sum, the Court should exclude co-Defendant Balwani's prior testimony as inadmissible hearsay.

### II. Co-Defendant Balwani's Prior Testimony Should Be Excluded Under Federal Rule of Evidence 403

Defendant acknowledges in her Motion that several of the subjects she seeks to introduce through co-Defendant Balwani's SEC investigative testimony have been discussed by other witnesses at trial to date. Mot. at 6. To the extent the Court finds any of co-Defendant Balwani's prior testimony to fall within a hearsay exception, the Court should still exclude as cumulative any statements about lab directors being responsible for medical decisions and in the CLIA lab, Danise Yam controlling Theranos's finances, and Steve Burd's views about Theranos's technology.

### III. Conclusion

The government respectfully requests that the Court deny Defendant's Motion to Admit Prior Testimony of her co-Defendant Balwani. To the extent the Court is inclined to grant Defendant's Motion, the government respectfully requests a reasonable amount of time to propose rule of completeness suggestions pursuant to Federal Rule of Evidence 106.

DATED: November 28, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

  */s/ Kelly I. Volkar*
JEFFREY B. SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
KELLY I. VOLKAR
Assistant United States Attorneys