JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com; scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>          Defendant. | Case No. CR-18-00258-EJD<br><br>**DEFENDANT RAMESH "SUNNY" BALWANI'S PROPOSAL RE: JURY INSTRUCTIONS AND VERDICT FORM**<br><br>Hon. Edward J. Davila |

## MR. BALWANI'S PROPOSAL RE: JURY INSTRUCTIONS

Mr. Balwani recognizes that the charges against Mr. Balwani and Ms. Holmes are the same, and that the Court issued preliminary and final instructions and a final verdict form for Ms. Holmes' trial accepting some of her proposals and rejecting others. *See* Dkts. 1006, 1201, 1202, 1206; *see also* 9/08/21 Trial Tr. at 515:11–531:2 (giving preliminary instructions); 12/17/21 Trial Tr. at 9323:2–9349:7 (giving final instructions). But to preserve his record, Mr. Balwani adopts the proposed preliminary and final jury instructions submitted by Ms. Holmes, along with Ms. Holmes' objections to the government's proposed jury instructions. *See* Dkts. 809, 955, 1188. Mr. Balwani also adopts the arguments of Ms. Holmes' counsel on preliminary and final jury instructions, including at the charging conferences on December 3, 10, and 13, 2021. *See* Dkts. 1178, 1189, 1194; 12/3/21 Trial Tr. at 8216:5–8301:6; 12/10/21 Trial Tr. at 8663:5–8819:7; 12/13/21 Trial Tr. at 8829:8–8895:4.[1] If the Court adopts the preliminary and final instructions in Ms. Holmes' case for Mr. Balwani's case, each instance of "Elizabeth Holmes" or "Ms. Holmes" should be replaced with "Ramesh 'Sunny' Balwani" or "Mr. Balwani," respectively, also substituting Ms. Holmes' name for Mr. Balwani's where the instructions refer to a co-defendant.

Mr. Balwani also reserves the right to amend or supplement his proposed jury instructions at a later time, including with limiting instructions, evidentiary instructions, special instructions, and instructions on the theory of the defense.

Last, Mr. Balwani requests a change to one preliminary instruction affected by the Court's final instructions in Ms. Holmes' case. Because the government agreed to withdraw its proposed instructions on a separate omissions theory and disclaimed its intention to argue that theory, the Court did not include an instruction based on an omissions theory in its final instructions. *See* 12/10/21 Trial Tr. at 8766:18–8767:11. Any references to that theory (which were included in the

---

[1] Mr. Balwani also understands that Ms. Holmes' counsel made arguments concerning the jury instructions at the pretrial conference on August 16, 2021. As of the date of this filing, Mr. Balwani does not have a transcript of this August 16 conference. Thus, if Ms. Holmes' defense asserted arguments at that conference beyond the arguments they asserted at the December 2021 charging conferences, Mr. Balwani reserves the right to assert those arguments as well in his case.

preliminary instructions given in Ms. Holmes' trial) should thus be stricken from the preliminary instructions in Mr. Balwani's trial. Mr. Balwani reproduces below the instruction the Court ruled it would give before Ms. Holmes' trial, identifying the language he proposes to strike:

### 1.2 THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges [Mr. Balwani] with conspiracy to commit wire fraud against Theranos investors, conspiracy to commit wire fraud against Theranos paying patients, and wire fraud against Theranos investors and paying patients.

The charges against [Mr. Balwani] are contained in the indictment. The indictment simply describes the charges the government brings against [Mr. Balwani]. The indictment is not evidence and does not prove anything.

[Mr. Balwani] has pleaded not guilty to the charges and is presumed innocent unless and until the government proves [Mr. Balwani] guilty beyond a reasonable doubt. In addition, [Mr. Balwani] has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the charged offenses. As I have said, at the end of the trial I will give you more detailed instructions that will control your deliberations.

There are twelve counts in the indictment. The government must prove each element for each county beyond a reasonable doubt to make its case.

Counts One and Two charge conspiracy to commit wire fraud.

[Mr. Balwani] is charged in Count One with conspiring to commit wire fraud against investors in Theranos during the period 2010 to 2015.

[Mr. Balwani] is charged in Count Two of the indictment with conspiring to commit wire fraud against patients who paid for Theranos's blood testing services during the period 2013 to 2016.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

In order for [Mr. Balwani] to be found guilty of the charges of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that there was an agreement between two or more persons to commit wire fraud. I will define the elements of wire fraud in a minute.

And *second*, that [Mr. Balwani] became a member of each alleged conspiracy knowing of at least one of its objects and intending to help accomplish it.

Counts Three through Twelve charge wire fraud.

Counts Three through Eight charge wire fraud against investors in Theranos.

Counts Nine through Twelve charge wire fraud against paying Theranos patients.

In order for [Mr. Balwani to be found guilty of the charges of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

> *First*, that [Mr. Balwani] knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises~~, or omitted facts~~.
>
> ~~To convict [Mr. Balwani] of wire fraud based on omissions of material facts, you must find that [Mr. Balwani] had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.~~
>
> A scheme to defraud is a deceptive scheme to deprive a person of money or property.
>
> *Second*, that the statements made ~~or facts omitted~~ as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;
>
> *Third*, that [Mr. Balwani] acted with the intent to defraud, that is, the intent to deceive and cheat; and
>
> *Fourth*, that [Mr. Balwani] used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

*See* Dkt. 1006 at 2–4.

DATED: December 21, 2021

Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP

By:  /s/ *Jeffrey B. Coopersmith*
      Jeffrey B. Coopersmith

      Attorney for Defendant
      RAMESH "SUNNY" BALWANI