JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com;
scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MR. BALWANI'S PRETRIAL CONFERENCE STATEMENT** |
| v. | |
| RAMESH "SUNNY" BALWANI | Date:  January 14, 2022<br>Time:  9:00AM<br>CTRM.: 4, 5th Floor |
| Defendant. | Hon. Edward J. Davila |

Pursuant to Criminal Local Rule 17.1-1(b) and this Court's September 9, 2021 Order Governing Ramesh "Sunny" Balwani's Case Schedule, Dkt. 1015, Mr. Balwani submits the following Pretrial Conference Statement:

**I.   Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2.**

Mr. Balwani will make any disclosures required under Rule 26.2 of the Federal Rules of Criminal Procedure if he decides to call witnesses in any defense case-in-chief at trial, if any Rule 26.2 material exists for those witnesses. Mr. Balwani will use witness statements—if any—in accordance with the Federal Rules of Evidence. In the interest of avoiding delay, Mr. Balwani requests that the government immediately produce any Jencks Act/Rule 26.2 material that is presently in the government's possession or that is subsequently received by the government.

**II.  Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial.**

Mr. Balwani has received transcripts of grand jury testimony for several individuals who have been identified as potential witnesses at the trial. Mr. Balwani will use the grand jury testimony in accordance with the Federal Rules of Evidence. In the interest of avoiding delay, Mr. Balwani requests that the government immediately produce any transcripts that have not yet been disclosed for grand jury testimony of witnesses intended to be called at the trial.

**III. Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment.**

The government was obligated to inform the Court by December 21, 2021 that it has disclosed all *Brady* and *Giglio* material in its possession. Dkt. 1015 at 2. Mr. Balwani understands the government will inform the court in its pretrial conference statement that it claims to have disclosed all *Brady* and *Giglio* material in its possession.

**IV.  Stipulation of facts which may be deemed proved at trial without further proof by either party and limitation of witnesses.**

As of the date of this filing, the parties have not stipulated to any facts. Mr. Balwani will work with the government to determine whether any stipulations are feasible prior to the start of the trial.

**V.  Appointment by the Court of interpreters under Fed. R. Crim. P. 28.**

Mr. Balwani does not anticipate any need for interpreters at trial.

**VI.  Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations.**

On February 11, 2020, the Court granted co-defendant Holmes'[1] motion to dismiss counts two and nine through eleven of the Superseding Indictment to the extent those counts depend on (1) doctors; (2) insured patients; and/or (3) non-paying patients.  Dkt. 330 at 27-35.  The Court later reaffirmed this ruling as it relates to the Second and Third Superseding Indictments.  Dkt. 552 at 27-28.

On November 5, 2021, the government noticed its intent to file an amended Bill of Particulars ("Amended BoP"), which adds CBC to the list of assays that the government alleges "Theranos experienced accuracy and reliability problems with."  Dkt. 1157 at 83 (11/5/2021 email from Kelly Volkar).  It appears that the government's Amended BoP is intended to facilitate the admission of testimony from Patient B.B. in Mr. Balwani's trial (B.B.'s testimony was excluded at Ms. Holmes' trial because CBC was not an assay listed in the original Bill of Particulars).  Mr. Balwani has filed a motion in limine to exclude evidence of the accuracy and reliability of tests run on unmodified commercial devices or tests that the government cannot show were run on Theranos technology, to include any testimony from Patient B.B., Patient E.T., and other evidence.  *See* Dkt. 1156 at 1-11.

On November 19, 2021, pursuant to this Court's scheduling order, Dkt. 1015, Mr. Balwani filed a consolidated brief containing eight motions in limine to exclude certain evidence or argument from the trial.  Dkt. 1156.  Those motions are set for hearing on January 14, 2022, the same day as the pretrial conference.  To the extent the Court rules on Mr. Balwani's motions in limine, the resolution of those motions may further narrow or eliminate certain issues from the case.

---

[1] Mr. Balwani joined Ms. Holmes' motions and reply.  *See* Dkts. 207, 208, 209, 306, 307, 308.

**VII.   Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

On March 20, 2020, the Court severed the trials of Ms. Holmes and Mr. Balwani. Dkt. 362. Mr. Balwani was forced to move for severance based on certain allegations Ms. Holmes made against him, allegations which Mr. Balwani denies and are not relevant to this case. The Court denied Mr. Balwani's request to be tried first. After delays associated with the Covid-19 pandemic and her pregnancy, Ms. Holmes's trial began on August 31, 2021 and the jury rendered its verdicts on January 3, 2022. Mr. Balwani may use transcripts of witness testimony from Ms. Holmes' trial as permitted by the Federal Rules of Evidence—including under Rules 613, 801(d)(1), 804(b)(1), or 807. In using such testimony, the parties should not reference in front of the jury that the testimony was given during Ms. Holmes' criminal trial.

**VIII.  Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

The government has not identified any informers, lineup evidence, or other identification evidence. If the government has any such evidence, it should be ordered to immediately disclose it, and Mr. Balwani will raise any issues with the Court at an appropriate time.

Mr. Balwani is presently unaware of any prior convictions evidence that either party would seek to introduce at trial. If the government has any such evidence, it should be ordered to immediately disclose it, and Mr. Balwani will raise any issues with the Court at an appropriate time.

**IX.    Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

Pursuant to this Court's scheduling order, on November 5, 2021 the government supplemented its witness lists previously disclosed in the trial of Ms. Holmes. The government's witness list includes at least 175 potential witnesses.[2] The government called 29 witnesses (out of the 182 witnesses it disclosed to Ms. Holmes at Dkt. 999) over 12 weeks in the *Holmes* trial. Now that the government has completed a trial of Ms. Holmes on the same charges that are pending against Mr. Balwani, the government should be able to narrow its list of more than 175

---

[2] The 175th entry on the government's witness list is custodians of records for 25 entities.

potential witnesses to a more reasonable and manageable list consisting of the witnesses the government actually contemplates calling in its case. (See also discussion in Section XIII below).

Mr. Balwani served his preliminary witness list on November 12, 2021. Mr. Balwani has reserved the right to update his witness list depending on the scope and nature of the government's case-in-chief.

**X.   Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

Pursuant to this Court's scheduling order, the government supplemented its exhibit lists previously disclosed in the trial of Ms. Holmes on November 5, 2021. Similarly, Mr. Balwani served his preliminary exhibit list on November 12, 2021. Mr. Balwani has reserved the right to update his exhibit list depending on the scope and nature of the government's case-in-chief.

Given the volume of documents identified as exhibits in this case and ongoing issues associated with the COVID-19 pandemic, Mr. Balwani will be prepared to discuss at the pretrial conference the Court's preferred method of receiving documents that have been marked as exhibits.

Mr. Balwani understands that the government provided exhibits it planned to use with witnesses to Ms. Holmes's defense counsel the evening before the testimony of each witness. The government should do at least the same during Mr. Balwani's trial, and should be able to provide the exhibits further in advance in light of having just tried Ms. Holmes's case, as further discussed in Section XII below. This efficient practice would allow the parties to confer and timely raise evidentiary issues with the Court without wasting valuable jury time.

**XI.   Pretrial resolution of objections to exhibits or testimony to be offered at trial.**

Pursuant to this Court's scheduling order, Mr. Balwani and the government filed motions in limine on November 19, 2021. Dkts. 1155, 1156. Those motions are scheduled for a hearing on January 14, 2022—the same day as the pretrial conference. Consistent with the three days of motion in limine arguments held in Ms. Holmes's case, Mr. Balwani requests that the Court schedule additional time for arguing motions in limine in the event that it is needed after the January 14 hearing.

1    To the extent the Court rules on the issues addressed in the motions in limine before trial, those rulings may resolve potential evidentiary objections. To the extent objections to exhibits or testimony expected to be offered at trial remain unresolved before the start of trial, Mr. Balwani will raise those issues promptly and at an appropriate time.

**XII. Preparation of trial briefs on controverted points of law likely to arise at trial.**

Mr. Balwani expects the following legal issues to arise before and during the trial:

1. Mr. Balwani expects that evidentiary disputes will arise throughout the trial. These issues likely relate to the admissibility of witness testimony and exhibits, including but not limited to issues that remain unresolved or deferred after the Court's ruling on motions in limine. In many cases, it will be desirable and efficient to address these issues with the Court in advance of a witness's testimony, outside the presence of the jury. In some cases, Mr. Balwani may submit legal argument in writing in advance of a witness's testimony. To facilitate the orderly resolution of such evidentiary issues, Mr. Balwani proposes that—similar to the courtesies extended in the *Holmes* trial—the parties exchange by close of business (6:00 PM Pacific Time) each Thursday a list of the anticipated witnesses to be called the following week and the anticipated order of calling those witnesses, along with the exhibits to be used with each witness.

2. Mr. Balwani intends to file written objections to the government's proposed jury instructions at an appropriate time in advance of the charging conference.

If any other issues arise at the pretrial conference or before the trial, Mr. Balwani will request an opportunity to submit additional briefing on those issues.

**XIII. Scheduling of the trial and of witnesses.**

Jury selection is scheduled to begin on February 15, 2022. The government's case-in-chief against Ms. Holmes lasted over 12 weeks. Assuming a similar length for its case-in-chief in Mr. Balwani's trial, the government would rest its case-in-chief in May 2022. Because the extent of any defense case will depend on the nature of the government's case-in-chief, Mr. Balwani cannot yet offer a reasonable estimate for any potential defense case. To date, the government has identified more than 175 potential witnesses who may testify at trial. To facilitate an efficient

trial and to provide for the orderly resolution of evidentiary issues, Mr. Balwani proposes that the government provide a list of witnesses it expects to call in the first half of its case-in-chief by February 1, 2022, and the second half of its case-chief by March 22, 2022.  As noticed in Section XII, Mr. Balwani proposes that the government provide by the close of business (6:00 PM Pacific Time) each Thursday a list of the anticipated witnesses to be called the following week and the anticipated order of calling those witnesses.  (See also discussion in Section IX above).

**XIV.    Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges, and jury instructions.**

Pursuant to this Court's scheduling order, Mr. Balwani submitted his proposed jury instructions on December 21, 2021.  Dkt. 1210.  Pursuant to the Court's December 8 request, and in accordance with the Court's instructions, Mr. Balwani filed his proposed juror questionnaire on December 23, 2021, before the Court's deadline of December 25, 2021. Dkt. 1219.  The government filed its proposed jury questionnaire after the deadline. Dkt. 1222.  Depending on the responses to the juror questionnaires and the Court's general voir dire questions, Mr. Balwani may determine that individual voir dire questioning is appropriate.  In accordance with the Court's Order at Dkt. 1198, Mr. Balwani will be prepared to discuss with the Court the completed juror questionnaires, possible excusals for cause, and any individual voir dire questions on January 25, 2022.

**XV.    Any other matter which may tend to promote a fair and expeditious trial.**

Mr. Balwani requests that the Court order that potential witnesses (other than Mr. Balwani, case agents, and the parties' experts) be excluded from trial under Federal Rule of Evidence 615.  Mr. Balwani further requests that the Court also exclude counsel for potential fact witnesses, and/or personally admonish counsel for potential fact witnesses not to reveal to their clients or to other witnesses—directly or indirectly—the substance of any trial proceedings, including witness testimony, direct or cross examination questions, or attorney argument (including opening statements).

Mr. Balwani will be prepared to discuss at the pretrial conference any modifications to trial procedures or the layout of the courtroom that are necessary in light of the COVID-19

1  pandemic.  Mr. Balwani requests that vaccinated witnesses and examining counsel be allowed to
2  remove their masks while testifying and examining the witness, respectively, if they are
3  comfortable doing so.
4         Mr. Balwani is of course willing to meet and confer with the government about any other
5  issues not addressed here that would promote a fair and expeditious trial.

7  DATED: January 7, 2022                         Respectfully submitted,

8                                                 ORRICK HERRINGTON & SUTCLIFFE LLP

10                                                By:  */s/ Jeffrey B. Coopersmith*
                                                       Jeffrey B. Coopersmith

11                                                     Attorney for Defendant
12                                                     RAMESH "SUNNY" BALWANI