1    STEPHANIE M. HINDS (CABN 154284)
     United States Attorney
2
     THOMAS A. COLTHURST (CABN 99493)
3    Chief, Criminal Division

4    JEFF SCHENK (CABN 234355)
     JOHN C. BOSTIC (CABN 264367)
5    ROBERT S. LEACH (CABN 196191)
     KELLY I. VOLKAR (CABN 301377)
6    Assistant United States Attorneys

7         150 Almaden Boulevard, Suite 900
          San Jose, California 95113
8         Telephone: (408) 535-5061
          Fax: (408) 535-5066
9         Email:  Robert.Leach@usdoj.gov

10   Attorneys for United States of America

11                        UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                             SAN JOSE DIVISION

14   UNITED STATES OF AMERICA,              )   Case No. 18-CR-00258 EJD
                                            )
15          Plaintiff,                      )   UNITED STATES' PRETRIAL CONFERENCE
                                            )   STATEMENT
16      v.                                  )
                                            )   Date:   January 14, 2021
17   RAMESH BALWANI,                        )   Time:  9:00 a.m.
                                            )   Court:  Hon. Edward J. Davila
18          Defendant.                      )
                                            )
19   _____)

20

21

22

23

24

25

26

27

28

U.S.' PRETRIAL CONFERENCE STATEMENT,
CASE NO. 18-258 EJD

Pursuant Criminal Local Rule 17-1-1(b), the parties respectfully submit the following Pretrial

Conference Statement.

**1.  Disclosure and Contemplated Use of Statements or Reports of Witnesses Under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

The United States has conducted a thorough search for statements subject to the Jencks Act, 18

U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 and has produced all such statements

identified to date.  The government will continue to produce any Jencks/Rule 26.2 material it obtains,

generates, or subsequently identifies.

**2.  Disclosure and Contemplated Use of Grand Jury Testimony of Witnesses Intended to Be Called at the Trial**

The United States has produced all Grand Jury testimony of witnesses intended to be called at

the trial.

**3.  Disclosure of Exculpatory or Other Evidence Favorable to the Defendant on the Issue of Guilt or Punishment**

The United States has conducted a thorough search for information discoverable under *Brady v.*

*Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny and

produced all such information identified to date.  The government acknowledges its ongoing obligations

under *Brady*.  The government will continue to produce any *Brady* and *Giglio* material it obtains,

generates, or subsequently identifies.

**4.  Stipulation of Facts Which May Be Deemed Proved at the Trial Without Further Proof By Either Party and Limitation of Witnesses**

The government intends to propose evidentiary stipulations for Defendant to consider. The

government is seeking stipulations that certain communications or wire transfers were "interstate wire

communications" and that emails bearing certain Bates prefixes produced by Theranos are true and

correct copies of emails sent or received by Theranos personnel.  The government anticipates seeking

further stipulations regarding the authenticity of records produced in the underlying investigation.  At

this time, the parties have not finalized stipulations to present to the Court.  In the event the parties reach

agreement, the stipulations will be reduced to writing, signed by the parties, filed with the Court, and

published to the jury at the appropriate time during the course of the trial.

**5.      Appointment By the Court of Interpreters Under Fed. R. Crim. P. 28**

The government is not aware of any need for interpreters in this case.

**6.      Dismissal of Counts and Elimination from the Case of Certain Issues, e.g., Insanity, Alibi, and Statute of Limitations**

Defendant filed or joined six motions to dismiss the Second and Third Superseding Indictments, which were denied on October 13, 2020.  ECF No. 552 at 11, 14, 18, 22, 24, 27, 28.

**7.      Joinder Pursuant to Fed. R. Crim. P. 13 or the Severance of Trial As to Any Co-Defendant**

On March 20, 2020, the Court ordered severance of the trials of Defendant and Elizabeth Holmes, who is also named in the operative indictment.  ECF No. 362.

**8.      Identification of Informers, Use of Lineup or Other Identification Evidence and Evidence of Prior Convictions of Defendant or Any Witness, Etc.**

The United States did not use "informers," as it understands the term, during the criminal investigation of the conduct that gave rise to the Third Superseding Indictment.  The United States did not use a "lineup" in the investigation of the conduct that gave rise to the Third Superseding Indictment. The government anticipates numerous witnesses will identify the Defendant and that there will be no meaningful dispute about identification at the trial.  The government is unaware of prior convictions of Defendant or witnesses that might serve as a proper basis for impeachment; in the event it learns of any it will make appropriate disclosures.

**9.      Pretrial Exchange of Lists of Witnesses Intended to Be Called in Person or By Deposition to Testify at Trial, Except Those Who May Be Called Only for Impeachment or Rebuttal**

On November 5, 2021, the United States served a witness list.

On November 12, 2021, the Defendant served a witness list.

**10.     Pretrial Exchange of Documents, Exhibits, Summaries, Schedules, Models or Diagrams Intended to Be Offered or Used at Trial, Except Materials That May Be Used Only for Impeachment or Rebuttal**

On November 21, 2021, the United States served an exhibit list.  The government respectfully reserves the right to amend its list further prior to and during the trial, if necessary.  The government will provide the Court with all pre-marked exhibits as the Court directs and respectfully recommends that the

1   exhibits be provided electronically given the volume.  The government also respectfully recommends

2   exhibits be provided to the Court and the defense in binders relevant to specific witnesses shortly before

3   each witness's testimony.  The United States continues to prepare summaries, diagrams, and

4   demonstrative exhibits in anticipation of trial, and will share them with defense counsel as they are

5   completed.

6   **11.     Pretrial Resolution of Objections to Exhibits or Testimony to Be Offered at Trial**

7   On May 21 and 22, 2021, the Court issued orders on motions *in limine* in the Holmes matter.

8   E.g., ECF Nos. 797 & 798.  The parties in this matter have filed motions *in limine* which currently are

9   scheduled for hearing at the pretrial conference on January 14, 2022.  The government anticipates

10  working with defense counsel to resolve further objections to exhibits and testimony before bringing any

11  matters to the attention of the Court.

12  **12.     Preparation of Trial Briefs on Controverted Points of Law Likely to Arise at Trial**

13  Given the Court's familiarity with the case and the legal issues, the government does not plan to

14  submit a trial brief before the trial starts, unless the Court requests or requires otherwise.  To the extent

15  controverted issues arise during trial, the government reserves the right to present short briefs to aid the

16  Court's resolution of such issues.

17  **13.     Scheduling of the Trial and of Witnesses**

18  The government is considering ways to complete its case-in-chief in less time than the *Holmes*

19  trial.

20  **14.     Request to Submit Questionnaire for Prospective Jurors Pursuant to Crim. L.R.**
21  **24-1, Voir Dire Questions, Exercise of Peremptory and Cause Challenges and Jury**
    **Instructions**
22

23  On December 21, 2021, the government filed its proposed jury instructions and jury verdict

24  form.  ECF Nos. 804, 805, & 802.  That same day, Defendant filed his proposed jury instructions.  ECF

25  Nos. 1210.  The parties also have submitted proposed juror questionnaires.  The government respectfully

26  requests the opportunity to review and comment on any questionnaire the Court elects to employ, and to

27  present objections to Defendant's proposed jury instructions.

28  **15.     Any Other Matter Which May Tend to Promote a Fair and Expeditious Trial**

U.S.' PRETRIAL CONFERENCE STATEMENT,
CASE NO. 18-258 EJD                                    3

1    The government will work with defense counsel and with witnesses and the Court to ensure the

2  safety of all participants in the trial and compliance with the Court's standing orders regarding health

3  protocols in light of the COVID-19 pandemic.  The government also will work with defense counsel to

4  resolve other matters in an effort to promote a fair and expeditious trial and will bring timely to the

5  Court's attention matters on which the parties disagree.

6  DATED:  January 7, 2022                              Respectfully submitted,

7                                                       STEPHANIE M. HINDS
                                                         United States Attorney
8

9                                                       _____/s/_____

10                                                      JEFF SCHENK
                                                         JOHN C. BOSTIC
11                                                      ROBERT S. LEACH
                                                         KELLY I. VOLKAR
12                                                      Assistant United States Attorneys

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28