1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  JEFF SCHENK (CABN 234355)
   JOHN C. BOSTIC (CABN 264367)
5  ROBERT S. LEACH (CABN 196191)
   KELLY I. VOLKAR (CABN 301377)
6  Assistant United States Attorneys

7       150 Almaden Boulevard, Suite 900
        San Jose, California 95113
8       Telephone: (408) 535-5061
        Fax: (408) 535-5066
9       Kelly.Volkar@usdoj.gov

10 Attorneys for United States of America

11                      UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                             SAN JOSE DIVISION

14 UNITED STATES OF AMERICA,            )  Case No. 18-CR-00258 EJD
                                        )
15         Plaintiff,                   )  **STIPULATED PRELIMINARY JURY
                                        )  INSTRUCTIONS**
16    v.                                )
                                        )
17 RAMESH "SUNNY" BALWANI,              )
                                        )
18         Defendant.                   )
                                        )
19 _____)

20

21

22

23

24

25

26

27

28

   STIPULATED PRELIMINARY JURY INSTRUCTIONS,
   CASE NO. CR 18-258 EJD              1

1  At the Court's direction at the pretrial conference, the parties have met and conferred and jointly
2  recommend the following preliminary instructions, which largely mirror those from the *Holmes* trial.
3  Both parties reserve the right to propose different and/or more detailed instructions and/or to object to
4  aspects of these preliminary instructions at the final instructions stage.

5  DATED: March 13, 2022                    Respectfully submitted,

                                            ORRICK HERRINGTON & SUTCLIFFE LLP

                                            By:  /s/ *Jeffrey B. Coopersmith*
                                                 Jeffrey B. Coopersmith

                                                 Attorney for Defendant
                                                 RAMESH "SUNNY" BALWANI

DATED:  March 13, 2022                      Respectfully submitted,

                                            STEPHANIE M. HINDS
                                            United States Attorney

                                            /s/ *Robert S. Leach* (by authorization)
                                            ROBERT S. LEACH
                                            JEFF SCHENK
                                            JOHN C. BOSTIC
                                            KELLY VOLKAR
                                            Assistant United States Attorneys

# 1 – PRELIMINARY INSTRUCTIONS AT BEGINNING OF CASE

## 1.1  DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, profession, celebrity, economic circumstances, or position in life or in the community. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**1.2     THE CHARGE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

This is a criminal case brought by the United States government.  The government charges Mr. Balwani with conspiracy to commit wire fraud against Theranos investors, conspiracy to commit wire fraud against Theranos paying patients, and wire fraud against Theranos investors and paying patients.

The charges against Mr. Balwani are contained in the indictment.  The indictment simply describes the charges the government brings against Mr. Balwani.  The indictment is not evidence and does not prove anything.

Mr. Balwani has pleaded not guilty to the charges and is presumed innocent unless and until the government proves Mr. Balwani guilty beyond a reasonable doubt.  In addition, Mr. Balwani has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the charged offenses.  As I have said, at the end of the trial I will give you more detailed instructions that will control your deliberations.

There are twelve counts in the indictment.  The government must prove each element for each count beyond a reasonable doubt to make its case.

Counts One and Two charge conspiracy to commit wire fraud.

Mr. Balwani is charged in Count One with conspiring to commit wire fraud against investors in Theranos during the period 2010 to 2015.

Mr. Balwani is charged in Count Two of the indictment with conspiring to commit wire fraud against patients who paid for Theranos's blood testing services during the period 2013 to 2016.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

In order for Mr. Balwani to be found guilty of the charges of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that there was an agreement between two or more persons to commit wire fraud. I will define the elements of wire fraud in a minute.

And *second*, that Mr. Balwani became a member of each alleged conspiracy knowing of at least one of its objects and intending to help accomplish it.

Counts Three through Twelve charge wire fraud.

Counts Three through Eight charge wire fraud against investors in Theranos.

Counts Nine through Twelve charge wire fraud against paying Theranos patients.

In order for Mr. Balwani to be found guilty of the charges of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that Mr. Balwani knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

A scheme to defraud is a deceptive scheme to deprive a person of money or property.

*Second*, that the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, that Mr. Balwani acted with the intent to defraud, that is, the intent to deceive and cheat; and

*Fourth*, that Mr. Balwani used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

### 1.3   WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts consist of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties have agreed.

### 1.4   WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

### 1.5     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and you see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all of the evidence in the light of reason, experience, and common sense.

## 1.6     RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

The parties are likely to turn to the Court many times over the course of the trial for decisions as to the evidence in the case. Do not consider my sustaining or overruling an objection as any indication of my opinion of the case or what your verdict should be.[1]

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

---

[1] Mr. Balwani requests that the Court read the following additional sentence: "You should not attach any significance to the fact that a lawyer objects—it is the job of the lawyers for both sides to object if they believe certain questions or exhibits are not permitted under the rules of evidence." The government objects to any further modification of Instruction 1.6.

STIPULATED PRELIMINARY JURY INSTRUCTIONS,
CASE NO. CR 18-258 EJD                     8

### 1.7   CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

# 1.8     CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, Reddit, or any other forms of social media.  This restriction applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

> Do not visit or view any place discussed in this case, and do not use the Internet or any

other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

Many of you may receive what are called "push notifications" on your smartphones, which can provide news headlines on your screen even when you are not otherwise looking for news.  So that you do not inadvertently receive news alerts on your screens during the trial, you are to turn off all such push notifications for any news "app" on your phone until the trial is concluded.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

### INSTRUCTION REGARDING OUT OF COURT CONTACT

Ladies and Gentlemen, our courthouse here is very intimate.  It's a small courthouse and you will travel through the elevators, our hallways outside of the courtroom on your way in from parking lots and other transportation.  It may be that you will cross paths with one of the parties in this case, one of the lawyers, somebody attached to this case.  It may be that you're in an elevator with them or the hallway with them and you may smile and they may look away or look at the top of their shoes or they may not return your smile.

Let me just assure you, all of these parties were properly raised.  They have manners.  But they know that they are not to communicate with anyone, any of you.  So please do not be offended, if you see someone, if they step aside, if they look the other way.  They're not doing that because they're rude.  They're doing that because they know the rules of the Court and they want to respect you and give you space here.

So please recognize that.  You may pass them in the hallways, outside in this building somewhere, but they will avoid contact with you.  So please do respect that.

### 1.9     NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

### 1.10    TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### 1.11   OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine. Only the lawyers and I are allowed to ask questions of the witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear, or to see, a witness or a lawyer, please raise your hand, and I will correct that situation.

After the evidence has been presented, the attorneys will make closing arguments and then I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

### 1.16    BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**2.15  Disposition of Charge Against Codefendant**

For reasons that do not concern you, the case against the co-defendant, Elizabeth Holmes, is not before you.  Do not speculate why.  This fact should not influence your verdicts with reference to Mr. Balwani, and you must base your verdicts solely on the evidence against Mr. Balwani.