STEVEN D. ZANSBERG (SBN 177528)

Law Office of Steven D. Zansberg, LLC
100 Fillmore Street, Suite 500
Denver, Colorado 80206
Phone Number (303) 385-8698
Fax Number: (720) 650-4763
Email:  steve@zansberglaw.com

Attorney for Intervenor Dow Jones & Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES, and<br><br>RAMESH (SUNNY) BALWANI<br><br>Defendants. | Case No. 18-cr-00258-EDJ<br><br>**MOTION OF DOW JONES & COMPANY TO UNSEAL JUDICIAL RECORDS** |

Dow Jones & Company, Inc. ("Dow Jones"), publisher of *The Wall Street Journal*, by and through its undersigned counsel, respectfully moves this honorable Court to unseal, forthwith, certain specific judicial records that are presently under seal. As grounds for this Motion, the Movant states:

**INTRODUCTION**

The Court has previously granted Dow Jones' motion to intervene for the limited purpose of seeking the unsealing of judicial records in the court's file. Doc. No. 965 at 2:5 -6. During the trial of defendant Elizabeth Holmes, the Court unsealed a number of records in response to Dow Jones'

DOW JONES & COMPANY'S MOTION
TO UNSEAL JUDICIAL DOCUMENTS

- 1 -

CR-18-00258-EJD

motion to unseal, but it tentatively left certain specified records under seal pending the presentation of Ms. Holmes' defense. *Id*. at 4:11 – 6:12; 7:12 -22.  The Court also lifted its earlier-entered order authorizing the parties to file documents under seal without identifying the sealed document in the court's docket. *Id.* at 7:25 – 8:2. The Court orally admonished the parties not to continue filing any documents in the court file without identifying the subject matter of the motion or other filing. Nevertheless, at least 17 additional judicial records have subsequently been filed under seal and identified on the Court's docket only as "SEALED RECORD." Yet despite repeated requests by Dow Jones to identify those 17 docket entries, plus more than 150 others, the Court had not done so.

On October 22, 2021, the Court entered a "Further Order on Dow Jones' Motion to Unseal," Doc. 1105, in which it continued the sealing of certain court records related to Ms. Holmes' potential mental defect affirmative defense until such time that she introduces evidence thereof.  In prior communications with the Court, Dow Jones has specifically asked that all such sealed papers on record be unsealed, in light of the fact that Ms. Holmes testified in open court claiming to have been the victim of emotional and sexual abuse.  Yet, to date, none of those pleadings has been unsealed.

In addition, as previously objected to by Dow Jones, the Court conducted two hearings outside the presence of the public, on November 22, 2021 and December 28, 2021, and placed the transcripts of those hearings under seal without entering any public Order identifying subject of those closed proceedings or explaining the reasons for closing them to the public. *See* Tr. 11/22/21 at 7368-7369; Doc. 1225. Yet, to date neither of those sealed transcripts have been unsealed.

On January 4, 2022 and February 4, 2022, Dow Jones informally petitioned the Court (attached hereto as Exhibits 1 and 2) urging it to identify the nature of all "sealed documents" on the public docket (as the Court had committed it would do, in late August 2021) and to unseal the transcripts of two closed hearings, and all pleadings surrounding Ms. Holmes sexual abuse allegations as a basis for negating the scienter element of the charges against her.

Because none of Dow Jones' informal requests submitted to date has been acted upon, it is now formally asking the Court to do so.

### ARGUMENT

**Unless Requisite Findings are Entered That the Strong Presumption of Public Access Has Been Overcome, The First Amendment Requires the Court to Provide *Contemporaneous* Access to Judicial Records**

Both the Court of Appeals for the Ninth Circuit and numerous courts across the nation have recognized that "to work effectively, public access [to judicial records] must be contemporaneous. The public must be able to scrutinize the judicial process as it takes place. . . . To delay or postpone disclosure undermines the benefits of public scrutiny and *may have the same result as complete suppression*." *Daily Press, Inc. v. Commonwealth of Virginia,* 739 S.E.2d 636, 640 (Va. 2013) (emphasis added); *Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) ("a necessary corollary of the right to access is a right to timely access. . . . [R]eporting on [judicial records] must be timely to be newsworthy and to allow for ample and meaningful public discussion regarding the functioning of our nation's court systems."); *id.* ("The newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression.") (quoting *Grove Fresh Distribs. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir. 1994)); *Associated Press v. United States Dist. Court,* 705 F.2d 1143, 1147 (9th Cir. 1983) (holding that a mere 48-hour delay in access could constitute "a total restraint on the public's first amendment right of access even though the restraint is limited in time"); *Globe Newspaper Co. v Pokaski,* 868 F.2d 497, 507 (1st Cir. 1989) ("even a one to two day delay impermissibly burdens the First Amendment"); *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 126-27 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of *immediate* access when a right to access is found." (emphasis added) (citations omitted)); *Courthouse News Serv. v. Jackson,* 38 Media L. Rep. (BNA) 1890, 1893 (S.D. Tex. 2009) (24 to 72 hour delay in access

to civil case-initiating documents was "effectively an access denial and is, therefore, unconstitutional").

Here, the judicial records at issue were filed under seal as long as three *years* ago and yet they remain under seal at this time. Beginning in August 2021, Dow Jones has sought their unsealing and has dutifully repeated its request to have them unsealed as recently as February 4, 2022 (via email to the Court's Courtroom Deputy), yet its pleas have thus far been ignored.

## CONCLUSION

For the reasons set forth above, Dow Jones and Company respectfully asks the Court to unseal all docket entries that do not specify the nature of the sealed documents, unseal all records provisionally left under seal in the August and October orders, and unseal the transcripts of the Nov. 22 and Dec. 28 hearings and any related orders, forthwith.

DATED: March 15, 2022

    *s/ Steven D. Zansberg*
Steven D. Zansberg
Law Office of Steven D. Zansberg, L.L.C.

Attorney for Dow Jones and Company

.

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, a copy of this filing was delivered via ECF on all counsel of record.