JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com; scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. CR-18-00258-EJD<br><br>**DEFENDANT RAMESH "SUNNY" BALWANI'S RESPONSE TO DOW JONES' MOTION TO UNSEAL JUDICIAL RECORDS**<br><br>**Hon. Edward J. Davila** |

Dow Jones seeks access to sealed materials, including those whose disclosure would impair Mr. Balwani's Fifth and Sixth Amendment rights. Mr. Balwani recognizes the First Amendment interest in public access to criminal proceedings, including to documents filed in those proceedings. And he agrees that at least some of the material identified by Dow Jones may be unsealed. He objects on just two narrow grounds. First, the Court should maintain the seal over the narrow class of Rule 12.2 records that reveal information not already made public through testimony in the Holmes trial. Retaining this modest sealing is necessary to protect Mr. Balwani's rights at his ongoing trial. Second, for sealed filings and transcripts that Mr. Balwani has never seen, Mr. Balwani requests the opportunity to review and object to disclosing particular information.

I.   **The Court Should Maintain Undisclosed Rule 12.2 Information Under Seal.**

Maintaining the status quo—keeping undisclosed Rule 12.2 material sealed—fits with the purpose behind the severance and protecting Mr. Balwani's right to a fair trial. Mr. Balwani proposes the procedures described below to implement this concept.

Mr. Balwani does not dispute that, to the extent Ms. Holmes disclosed previously sealed information in her public testimony, the Court can unseal that information. *See* Dkt. 1105 at 1 ("These documents shall remain provisionally partially sealed unless and until Holmes introduces evidence of her Rule 12.2 defense at trial."). But there are portions of the sealed Rule 12.2 records that did not come out at trial, are highly prejudicial, and would, if disclosed, run an unjustifiably high risk of tainting the jury despite the Court's best efforts. *See Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979) ("[A] trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity.)"

Disclosing additional material on Ms. Holmes' Rule 12.2 defense would be especially problematic now, with a jury having just been seated in Mr. Balwani's trial. Even understanding that the jury has been admonished not to expose themselves to media relating to the trial, that one protective measure is not iron-clad, as shown in the Balwani trial in just the first week. *See* Balwani 3/15/22 Trial Tr. 918:12 (describing juror's not-"intentional" exposure to a television

series about Theranos even after completing the juror questionnaire). Deliberations in a recent high-profile trial were interrupted by automatic news notifications about a ruling in the case. *See also Palin v. New York Times Co.*, No. 17-cr-4853, 2022 WL 599271, at *26 n.36 (S.D.N.Y. Mar. 1, 2022). These examples of issues in recent weeks, including in this case, highlight the "substantial probability" that, without the narrow sealing Mr. Balwani asks the Court to maintain, his compelling interest in a fair trial will be harmed. Dkt. 965 at 3.[1]

The Court's reasoning in its prior Order on Dow Jones' first motion confirms the propriety of this approach. When it came to the need to redact this same information pending Ms. Holmes' decision to present her Rule 12.2 defense, the Court explained that maintaining the information under seal even after the jury's empanelment was necessary to safeguard Ms. Holmes' constitutional rights:

> Unsealing these documents prior to her introduction of the Rule 12.2 defense would pose a substantial probability of harming her constitutional interests where the anticipated adverse publicity could prejudice the jury against her and/or prematurely compelling Holmes to testify when she might choose otherwise.

Dkt. 965 at 6–7. The jury in Ms. Holmes case had also been admonished not to view media about the case, but the Court correctly ruled that this was insufficient to protect Ms. Holmes' rights. Substituting Mr. Balwani's name and circumstances for Ms. Holmes' leads to the same result. The evidence at issue is—as the logic of the government's own prior briefing confirms—inadmissible against Mr. Balwani. *See, e.g.*, Dkt. 972 at 9–18 (contending that Ms. Holmes' abuse allegations are inadmissible even in a joint trial); Dkt. 975 at 3–15 (same); *see also* Balwani 3/9/22 Trial Tr. 207:18–208:11 (government confirming that "the abuse is not going to be an issue in the trial"). The jeopardy to Ms. Holmes' rights was, so the Court found, severe enough to overcome the First Amendment interests at issue for evidence that Ms. Holmes—at that time— may or may not have raised. Thus, the case is even stronger that the jeopardy to Mr. Balwani's rights from "anticipated adverse publicity" surrounding evidence the parties agree can *never* be admitted against Mr. Balwani would also "prejudice the jury against [him.]" Dkt. 965 at 7. And if

---

[1] Mr. Balwani maintains that he need only show "good cause" to keep the undisclosed Rule 12.2 information under seal. *See* Dkt. 932 at 2. But in any event, his constitutional interests satisfy the stricter "compelling reasons" standard that Dow Jones urges in its motion.

the Balwani jury is exposed to this inflammatory publicity in a way that causes a mistrial, picking a new jury under against the backdrop of even more salacious publicity would be even harder than the four long days of jury selection that occurred earlier this month.

If the Court is inclined to unseal more Rule 12.2 materials in response to Dow Jones' motion, Mr. Balwani asks for a chance to review and object to disclosing specific documents or specific portions of documents—e.g., those describing events not revealed publicly by the Holmes testimony. Mr. Balwani proposes that the Court adopt its earlier procedure and identify any sealed or redacted records it intends to release so that Mr. Balwani—and the government and Ms. Holmes if they wish—can identify any information for which he opposes disclosure. *See* Dkt. 965 at 2 (noting that the parties had submitted proposed redactions at the Court's request). Mr. Balwani will then propose maintaining the seal for information that satisfies two conditions: (1) it has not already been made public, and (2) Mr. Balwani believes that its disclosure will prejudice his Fifth and Sixth Amendment rights.

## II. The Court Should Afford Mr. Balwani the Opportunity to Review Sealed Materials He Has Not Yet Seen.

Dow Jones also seeks the unsealing of docket entries marked "SEALED RECORD" as well as the transcript of sealed colloquies from the Holmes trial. Mr. Balwani cannot take an informed position on the unsealing of these materials.[2] Mr. Balwani requests the chance to review and object to disclosing these documents so that he can object to material that would prejudice his right to a fair trial.[3]

## III. Conclusion.

The Court should maintain the seal over Rule 12.2 information not already disclosed by the Holmes trial. If the Court intends to unseal materials that are currently sealed and that

---

[2] For example, Mr. Balwani does not know the substance of what was discussed during the two sealed hearings discussed in Dow Jones' motion. *See* Dkt. 1353 at 2. Nor does he know the contents of the six sealed documents that the Court docketed on January 31, 2022. *See* Dkts. 1308–14.

[3] Mr. Balwani does not object to the release of the titles of sealed docket entries as Dow Jones requests, subject to his request to review any sealed material that may affect his rights before its public release.

1  Mr. Balwani has had no chance to review, Mr. Balwani requests that chance so that he can object
2  to unsealing information that would compromise his constitutional rights.
3
4  DATED: March 22, 2022                    Respectfully submitted,
5                                            ORRICK HERRINGTON & SUTCLIFFE LLP
6
7                                            By:  */s/ Jeffrey B. Coopersmith*
                                                  Jeffrey B. Coopersmith
8                                                 Attorney for Defendant
                                                  RAMESH "SUNNY" BALWANI
9