JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com; scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. CR-18-00258-EJD<br><br>**MR. BALWANI'S BENCH MEMORANDUM REGARDING EVIDENCE OF PRIOR INCONSISTENT STATEMENTS**<br><br>**Hon. Edward J. Davila** |

## I.   Introduction

Mr. Balwani submits this memorandum to explain the evidentiary basis for admitting into evidence transcripts and video recordings of government witnesses' prior inconsistent statements on material, non-collateral points. Mr. Balwani believes that some of the government's witnesses may testify inconsistently with prior statements they have made under oath in prior depositions and legal proceedings, such as while testifying at the trial of Elizabeth Holmes and in civil depositions. In the event that occurs, such statements are admissible for their truth under Rule 801(d)(1)(A) and for impeachment under Rule 613(b). Fed. R. Evid. 613(b), 801(d)(1)(A). Mr. Balwani should be permitted to introduce the best evidence of such statements—here, transcripts and video recordings—which may be shown to or played for the jury, as discussed below. *See Gordon v. United States*, 344 U.S. 414, 420–21 (1953).  Mr. Balwani files this memorandum now, before any cross-examination of government witnesses for whom such evidence may arise, to avoid taking valuable jury time if there is a need for discussion with the Court.

## II.   ARGUMENT

### A.   The Court Should Admit Witnesses' Prior Inconsistent Statements for Their Truth Under Rule 801(d)(1)(A) and to Impeach Under 613(b)[1]

**Rule 801(d)(1)(A).** Witnesses' prior inconsistent statements are admissible to prove their truth under Rule 801(d)(1)(A) if the statements were made "under penalty of perjury at a trial, hearing, or other proceeding or in a deposition" and the "declarant testifies and is subject to cross-examination about [the] prior statement." Fed. R. Evid. 801(d)(1)(A); *see Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345, 1356 (9th Cir. 1988) ("prior inconsistent statements given in a prior proceeding under oath may come in as substantive evidence"); *United States v. Morgan*, 555 F.2d 238, 242 (9th Cir. 1977) (same). Witnesses need not make diametrically opposite statements for

---

[1] Rule 608(b) does not apply, because these statements will not be introduced to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b); *see United States v. Higa*, 55 F.3d 448, 451–52 (9th Cir. 1995) (distinguishing extrinsic evidence about past *conduct*, which is governed by Rule 608(b), and extrinsic evidence about past *statements*, which is governed by Rule 613(b)).

them to qualify as inconsistent. *See Morgan*, 555 F.2d at 242 (adopting nontechnical view of inconsistency that "allows the prior statement whenever a reasonable man could infer on comparing the whole effect of the two statements that they had been produced by inconsistent beliefs," and noting that trial courts retain "high degree of flexibility in deciding the exact point at which a prior statement is sufficiently inconsistent"). "[V]ague and evasive" or "reluctant and evasive in-court testimony," including the purported inability to remember details, can be "inconsistent" with a more definitive statement given earlier. *United States v. Tran*, 568 F.3d 1156, 1162–63 (9th Cir. 2009); *see United States v. Ragghianti*, 560 F.2d 1376, 1380 (9th Cir. 19772) ("failure of the witness to remember certain portions of" prior statement may be "sufficient to satisfy the inconsistency requirement of Rule 801(d)(1)(A)").

Here, all of the prior inconsistent statements Mr. Balwani may seek to admit were made under oath in depositions or trial proceedings and so satisfy Rule 801(d)(1)(A). This rule applies even if witnesses claim not to remember their prior statements or vaguely testify to their content without any pertinent details. *See Tran*, 568 F.3d at 1162–63; *Ragghianti*, 520 F.2d at 1380.

**Rule 613(b).** Witnesses' prior inconsistent statements are also admissible for impeachment under Rule 613(b). *See* Fed. R. Evid. 613(b); *United States v. McLaughlin*, 663 F.2d 949, 953–54 (9th Cir. 1981) (reversing conviction where trial court erroneously excluded evidence of prior inconsistent statement by key government witness); *Brewer v. Leprino Foods Co.*, No. CV-1:16-1091-SMM, 2019 WL 3208193, at *5 (E.D. Cal. July 16, 2019) (noting that prior inconsistent statements are "substantively admissible" under Rule 801(d)(1)(A) and admissible "for impeachment purposes" under Rule 613(b)).

Rule 613(b) authorizes the admission of extrinsic evidence of prior inconsistent statements so long as "the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." Fed. R. Evid. 613(b). But these opportunities need not be provided before the impeaching party questions the witness about his or her prior inconsistent statements or proves them by extrinsic evidence. Fed. R. Evid. 613(b) Advisory Committee Note (noting that the rule does not specify "any particular time or sequence" for the witness's opportunity to explain or the adverse party's

opportunity to examine); *see United States v. Young*, 86 F.3d 944, 949 (9th Cir. 1996) (Rule 613(b) "require[s] only that the witness be permitted—at some point—to explain or deny the prior inconsistent statement."). And prior inconsistent statements need not be shown to the witness before asking about them. Fed. R. Evid. 613(a) ("When examining a witness about the witness's prior statement, a party need not show it or disclose its content to the witness.").

Mr. Balwani should thus be permitted to introduce evidence of prior inconsistent statements by government witnesses to impeach them under Rule 613(b). When doing so, Mr. Balwani need not ask the witnesses about their prior testimony—nor attempt to refresh their recollection—before introducing their earlier inconsistent statements. *See* Fed. R. Evid. 613(a); *Young*, 86 F.3d at 949 (Rule 613(b) is satisfied if the government can provide an opportunity for the witness to explain or deny the prior statement).[2]

### B. The Court Should Admit Evidence of Witnesses' Prior Inconsistent Statements in the Form of Transcripts and Video Recordings

Whether introduced for their truth under Rule 801(d)(1)(A) or for impeachment under Rule 613(b), prior inconsistent statements should be admitted via the best evidence available—here, transcripts and video recordings. *See United States v. Lashmett*, 965 F.2d 179, 182–83 (7th Cir. 1992) ("Federal Rule of Evidence 613(b) permits impeachment of a witness with prior inconsistent statements and Federal Rule of Evidence 801(d)(1)(A) provides that such statements may also be introduced for their truthfulness if they were given under oath in a prior legal proceeding. ***Both Rules permit extrinsic proof of the inconsistency***." (emphasis added)). "The preferable means of establishing prior statements … involves use of an official transcript or recording, which … may be read to the jury and offered in evidence as an exhibit." 4 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 8:36 (May 2021); *e.g., United States v. Kenny*, 645 F.2d 1323, 1339–40 (9th Cir. 1981) (approving admission of tape recording of prior inconsistent statement under Rules 801 and 613); *United States v. Mornan*, 413 F.3d 372, 375,

---

[2] Mr. Balwani will of course comply with Rule 613(a)'s directive that a party offering extrinsic evidence of a witness's prior inconsistent statement "must, on request, show it or disclose its contents to an adverse party's attorney." Fed. R. Evid. 613(a).

378–79 (3d Cir. 2005) (affirming admission of videotaped deposition testimony containing prior inconsistent statement under Rule 801(d)(1)(A)). Indeed, even if a witness acknowledges having testified inconsistently in the past, that should not preclude introduction of his prior statement. *See United States v. Nickolson*, 362 F. App'x 864, 865 (9th Cir. 2010) ("Extrinsic evidence of a prior inconsistent statement is more persuasive to a jury than a witness's acknowledgement of inconsistencies in a prior statement.").

The Supreme Court has long endorsed the use of the best evidence available to prove the content of a witness's prior statement. In *Gordon v. United States*, 344 U.S. 414, 420–21 (1953), the Court unanimously reversed a conviction where the trial court rejected the defendant's attempt to use transcripts of a witness's prior inconsistent statements. The Court explained that a witness's "admission that a contradiction is contained in a writing should not bar admission of the document itself into evidence [because] … the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description." Video recordings—displaying a witness's demeanor, mannerisms, and body language—are even "more reliable, complete and accurate," and thus provide the very best evidence of prior inconsistent statements.

Mr. Balwani should therefore be permitted to admit into evidence transcripts or video recordings of government witnesses' prior inconsistent statements. As the Supreme Court explained in *Gordon*, "[t]he accused is entitled to the application of [the best evidence] rule" when introducing prior inconsistent statements, "not merely because it will emphasize the contradiction to the jury, but because it will best inform them as to the [prior statement's] weight and significance." 344 U.S. at 421; *see also Lashmett*, 965 F.2d at 182 (defendant "should be allowed to make his case by the most convincing evidence he can obtain … and extrinsic proof of a prior statement will often be far more convincing than the acknowledgement of the declarant, and not cumulative"). Mr. Balwani should not be limited to reading witnesses' prior inconsistent statements into the record or simply asking the witnesses about them, nor should he be precluded from offering extrinsic evidence of prior statements merely because a witness acknowledges the inconsistency. He should be able to use "the most convincing evidence he can obtain." *Id.*

## III. Conclusion

Mr. Balwani should be permitted to admit into evidence transcripts and video recordings of witnesses' prior inconsistent statements to prove their truth under Rule 801(d)(1)(A) and/or to impeach under Rule 613(b).

DATED: March 29, 2022

Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP

By: */s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith

Attorney for Defendant
RAMESH "SUNNY" BALWANI