JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com;
scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. CR-18-00258-EJD<br><br>**RAMESH "SUNNY" BALWANI'S MOTION TO ALLOW CROSS-EXAMINATION RELATING TO DR. ADAM ROSENDORFF'S POST-THERANOS EMPLOYMENT**<br><br>Date:  April 19, 2022<br>Time:  8:30 a.m.<br>CTRM.: 4, 5th Floor<br><br>Hon. Edward J. Davila |

**NOTICE OF MOTION AND MOTION TO ALLOW CROSS-EXAMINATION RELATING TO DR. ADAM ROSENDORFF'S POST-THERANOS EMPLOYMENT**

PLEASE TAKE NOTICE that on April 19, 2022, at 8:30 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, located at 280 South First Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Ramesh "Sunny" Balwani will and hereby does move the Court to allow cross-examination relating to Dr. Adam Rosendorff's post-Theranos employment. The Motion is based on the below Memorandum of Points and Authorities, the concurrently filed Declaration of Jeffrey B. Coopersmith and attached exhibits, the record in this case, and any other matters that the Court deems appropriate.

DATED: April 12, 2022            Respectfully submitted,

                                 ORRICK HERRINGTON & SUTCLIFFE LLP

                                 By:  */s/ Jeffrey B. Coopersmith*
                                      Jeffrey B. Coopersmith

                                      Attorney for Defendant
                                      RAMESH "SUNNY" BALWANI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The stakes are high here for Dr. Adam Rosendorff: Since his employment at Theranos, he has served as laboratory director for three other facilities—Invitae, uBiome, and PerkinElmer—and *at all three companies* federal investigations have ensued during or soon after his employment. At Invitae, 50,000 patients were told they may have received a false negative result on a genetic screening for cancer. And now, under the microscope of the very same government agents who investigated Theranos, Dr. Rosendorff's reputation—and, at times, his professional license—have been on the line.

The jury is entitled to know all this as they evaluate Dr. Rosendorff's testimony—including whether that testimony is biased due to looming government investigations and penalties. The Court should accordingly allow the defense to cross examine Dr. Rosendorff about his employment at Invitae, uBiome, and PerkinElmer, as well as the ensuing federal investigations.

### II. BACKGROUND

***Invitae.*** After he left Theranos in late 2014, Dr. Rosendorff worked as laboratory director for Invitae from early 2015 until August 28, 2017. *See* 9/24/21 Holmes Trial Tr. at 1702–03; Declaration of Jeffrey B. Coopersmith, Exs. 1 (Trial Exhibit ("TX") 20447) & 2 (TX 20346). Just two weeks after Dr. Rosendorff left Invitae, the company announced that it would retest 50,000 patients "after discovering an error in one of its tests that generated false negatives for a rare genetic mutation linked to hereditary colon cancer."[1] Then, in November 2021, Invitae disclosed that it had been served with a Department of Justice subpoena arising from an ongoing "investigation" into its "sponsored testing programs." *Id.*, Ex. 3 at 68 (Invitae Corp., Quarterly

---

[1] Catherine Ho, "After Error, SF Genetic Testing Firm Is Retesting 50,0000 Saliva Samples," *S.F. Chronicle* (Sept. 12, 2017), https://www.sfchronicle.com/business/article/After-error-SF-genetic-testing-firm-is-retesting-12192601.php.

1   Report (Form 10-Q) (Nov. 9, 2021)).[2]

2      ***uBiome.***   Dr. Rosendorff served as laboratory director for uBiome, Inc. *See* 10/5/21
3   Holmes Trial Tr. at 2552, 2565, 2570.[3] In 2021, uBiome's cofounders were indicted in the
4   Northern District of California for federal securities and health-care fraud involving, among other
5   allegations, "tests that were not validated and not medically necessary," as well as allegedly
6   falsified patient testing records. *Id.,* Ex. 5 (TX 20420) at 2.

7      ***PerkinElmer.***   Since January 2021, Dr. Rosendorff has served as laboratory and medical
8   director for PerkinElmer, Inc., operating a lab that processes covid tests, among others. In that
9   capacity, Dr. Rosendorff himself was served notices of "immediate jeopardy" by the California
10  Department of Public Health and the Centers for Medicare & Medicaid Services ("CMS") on
11  February 19, April 23, and May 6 of 2021. *See id.*, Exs. 6–8 (TX 20347, 20348 & 20349). Just
12  weeks after the third of these notices, Dr. Rosendorff submitted (and then later withdrew) his
13  resignation from PerkinElmer. *Id.*, Ex. 9 (TX 20446). The CMS agents who issued the
14  "immediate jeopardy" notice for PerkinElmer include the same agents who surveyed Theranos
15  and found condition-level deficiencies there. *See* 10/05/21 Holmes Trial Tr. at 2718–20.
16  Dr. Rosendorff has conceded that, at least at times, his laboratory-director license has hung in the
17  balance. *Id.* at 2720.

18      ***Holmes trial.***   At the Holmes trial, the Court permitted questioning about
19  Dr. Rosendorff's employment at (and the CMS findings for) PerkinElmer on the ground that it
20  was relevant "to potential issue[s] of bias." *See id.* at 2709–10, 2717–21. But the Court excluded
21  examination about Invitae as "inappropriate character evidence" under Rule 404(a)(1). *Id.* at
22  2709. And it excluded examination about uBiome because "based on what [the parties] told [the
23  Court]," that indictment "did not have anything to do with the operation of the lab per se" and did

24

---

25  [2] The government has refused to produce a copy of the Invitae subpoena, and it has not denied that the subpoena's scope may overlap with the period of Dr. Rosendorff's employment. Instead,
26  the government has maintained only that it currently "has no documents from the time period of Dr. Rosendorff's employment at Invitae." Coopersmith Decl., Ex. 4 (March 31, 2022 Leach
27  email).
    [3] *See also* Heather Somerville, "Former Theranos Lab Director Questioned About Faulty Lab
28  Tests at Current Employer," WALL ST. J. (Oct. 5, 2021), https://www.wsj.com/livecoverage/ elizabeth-holmes-trial-theranos/card/RdfQbdiEbAPIAIdy5mBZ.

not "alleg[e] any fraud involving the laboratory or anything about the lab." *Id.* at 2708.

### III. ARGUMENT

"Extensive cross-examination of a Government witness designed to reveal any biases or prejudices of the witness is compelled by the confrontation clause." *United States v. Alvarez-Lopez*, 559 F.2d 1155, 1160 (9th Cir. 1977). As the Court explained in the Holmes trial, "bias is always relevant," and "it's appropriate to allow the defense to probe any issues of bias that may exist." 10/05/21 Holmes Trial Tr. at 2710. At that time, the Court ruled that the defense would be permitted to probe Dr. Rosendorff's "personal interest" and "bias" that may have arisen from being subject to inspection and "immediate jeopardy" findings in connection with his employment at PerkinElmer. *Id.* The Court should permit the same probing of bias in Mr. Balwani's trial. *See id.*; *see also* 10/06/21 Holmes Trial Tr. at 2871 (observing that Holmes' counsel did not exhaust the allowable scope of questioning about PerkinElmer).

The Court did not then allow similar questioning about Dr. Rosendorff's employment at Invitae and uBiome, but it should do so now, including because the facts have changed. As for Invitae, when this issue arose during the Holmes trial in October 2021, only the government—not the Court or Ms. Holmes—could have known that Invitae was the target of a federal investigation. (Invitae publicly disclosed a subpoena the following month. *See* Coopersmith Decl., Ex. 3.) As for uBiome, respectfully, the Court was not provided all the relevant facts when it ruled that there was no alleged "fraud involving the laboratory or anything about the lab." 10/05/21 Holmes Trial Tr. at 2708. On the contrary, allegations in that case touch directly on the fraudulent use of unvalidated and medically unnecessary tests within Dr. Rosendorff's purview. *See* Coopersmith Decl., Ex. 5 at 2–3.

Given the federal investigations involving *all three* of Dr. Rosendorff's post-Theranos workplaces, he has compelling reasons to render biased testimony in this case, including to blame Mr. Balwani for any lab issues at Theranos to avoid the conclusion that Dr. Rosendorff is a lab industry "Typhoid Mary." Just as with the PerkinElmer inspection, the jury should be permitted to hear about Invitae and uBiome as potential sources of bias.

The Court should allow Mr. Balwani to raise all three federal investigations on cross-examination of Dr. Rosendorff. Each investigation, and especially all three taken together, tends to show that Dr. Rosendorff's testimony may be biased. Mr. Balwani should be permitted to ask not only whether a witness is biased, but also to "make a record from which to argue *why* [the witness] might have been biased." *United States v. Schoneberg*, 396 F.3d 1036, 1042 (9th Cir. 2004) (second alteration in original) (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)). The Ninth Circuit has found it impossible to "overemphasize the importance of allowing full and fair cross-examination of government witnesses" when their bias is at issue, and "[f]ull disclosure of all relevant information concerning their past record and activities through cross-examination … is indisputably in the interests of justice." *United States v. Brooke*, 4 F.3d 1480, 1489 (9th Cir. 1993). Courts "should not be reluctant to invest the minimal judicial resources necessary to ensure that the jury receives as much relevant information as possible," nor "should unwarranted fear of juror confusion present any impediment." *Id.* This is because the "rules of evidence do not (and could not) curtail this right" of the defendant to inquire about sources of bias. *Id.* at 1489 n.11. Although Mr. Balwani proposes a broader scope of questioning than was pursued at the Holmes trial—to cover not one but three labs—his counsel understands the need to keep that questioning limited to the purpose at hand: to elicit Dr. Rosendorff's post-Theranos jobs, the investigations at each workplace, the personal and professional risks to Dr. Rosendorff, and the likelihood that his testimony is biased by those facts.

Nothing supports curtailing an examination of bias on the ground that only the PerkinElmer inspection (and not Invitae and uBiome) involved the same government agents as those who surveyed Theranos. Bias can arise from any prospect of federal investigation or penalty—not just from the same agents or agencies. *See, e.g., United States v. Wilson*, 605 F.3d 985, 1006–07 (D.C. Cir. 2010) (per curiam) (discussing bias arising from investigation of witness by police internal-affairs department, even if not by the U.S. Attorney prosecuting the defendant); *United States v. Atherton*, 936 F.2d 728, 733 (2d Cir. 1991) ("In a limited sense, *any* illegal conduct of a government witness can be considered probative of bias, on the theory that the witness is likely to curry the favor of government attorneys in order to avoid prosecution. The

probative value of such evidence, however, depends in large measure on some showing that the government was contemplating prosecution, or at least was aware, of the illegality.").

## IV. CONCLUSION

The Court should grant Mr. Balwani's motion and allow cross-examination of Dr. Rosendorff about his post-Theranos employment and the related federal regulatory and criminal inquiries.

DATED: April 12, 2022                    Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP

By:   /s/ Jeffrey B. Coopersmith
        Jeffrey B. Coopersmith

Attorney for Defendant
RAMESH "SUNNY" BALWANI