JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com; scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. CR-18-00258-EJD<br><br>**RAMESH "SUNNY" BALWANI'S MOTION TO EXCLUDE TRIAL EXHIBIT 3217**<br><br>Date: April 26, 2022<br>Time: 2:00 p.m.<br>CTRM.: 4, 5th Floor<br><br>Hon. Edward J. Davila |

## MOTION TO EXCLUDE TRIAL EXHIBIT 3217

PLEASE TAKE NOTICE that on April 26, 2022, at 2:00 p.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, located at 280 South First Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Ramesh "Sunny" Balwani will and hereby does respectfully move the Court pursuant to Federal Rules of Evidence 401, 403, 802, and 805 to exclude Trial Exhibit 3217. The Motion is based on the below Memorandum of Points and Authorities, the concurrently filed Declaration of Amy Walsh and attached exhibits, the record in this case, and any other matters that the Court deems appropriate.

DATED: April 25, 2022        Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP

By:  */s/ Jeffrey B. Coopersmith*
     Jeffrey B. Coopersmith

Attorney for Defendant
RAMESH "SUNNY" BALWANI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

During its examination of Dr. Sunil Dhawan, the government intends to offer into evidence an email from an in-house Theranos lawyer to Dr. Dhawan that informs Dr. Dhawan in its subject line that the Center for Medicare & Medicaid Services ("CMS") imposed sanctions on Theranos in early July 2016. The email—Trial Exhibit 3217—is inadmissible hearsay, and it is irrelevant, confusing, and highly prejudicial. *See* Declaration of Amy Walsh, Ex. 1 (Trial Exhibit 3217).[1]

### II. FACTUAL BACKGROUND

On July 7, 2016, CMS issued a final determination following its survey of the Theranos laboratory in the form of a letter with the subject line "RE: IMPOSITION OF SANCTIONS." *Id.*, Ex. 2 (Exhibit 3217A) at 1.[2] CMS's letter described the sanctions it was imposing on Theranos as well as the "findings of fact and conclusions of law" on which those sanctions were "based." *Id.* at 32.

Two days later, on July 9, Theranos general counsel Heather King forwarded the CMS letter by email attachment to Dr. Dhawan. *Id.*, Ex. 1. The subject line of Ms. King's email, adopted from the CMS letter, was "CMS Notice of Imposition of Sanctions." *Id.* In the body of the email, Ms. King wrote only: "Dr. Dhawan – Please see attached, and let me know if you want to discuss." *Id.* Ms. King's email was admitted without objection at the Holmes trial. *See* 10/14/2021 Holmes Trial Tr. at 3742.

When Ms. King sent her email on July 9, Mr. Balwani's departure from Theranos was

---

[1] The CMS sanctions letter, which was attached to the email comprising Trial Exhibit 3217, is itself inadmissible and prejudicial hearsay, but the government has not yet indicated that it will offer the letter into evidence. Mr. Balwani reserves the right to move for exclusion of the letter at the appropriate time. For purposes of this motion, the letter is referred to as Exhibit 3217A.

[2] This motion refers to the internal pagination of the CMS sanctions letter.

already complete. He had resigned from Theranos' board on April 13, retired as president and chief operating officer on May 11, and his employment formally ended on July 7. Dkt. 1150-1 at 1; Dkt. 1157 at 393 (Ex. 44 to Balwani MIL).

### III.  ARGUMENT

#### I.  Trial Exhibit 3217 Is Inadmissible Double Hearsay.

Ms. King's email is double hearsay: At the first layer, CMS made the out-of-court statement to Theranos that it was imposing sanctions. Walsh Decl., Ex. 2 at 1 ("RE: IMPOSITION OF SANCTIONS"). At the second layer, Ms. King repeated that statement to Dr. Dhawan. *Id.*, Ex. 1 at 1 ("CMS Notice of Imposition of Sanctions"). Both layers of hearsay are offered for the truth of the matter asserted—that CMS imposed sanctions—and neither qualifies for any exception to the rule against hearsay. *See* Fed. R. Evid. 801, 802.

Although the Court has previously previewed that the CMS *report* may qualify for the hearsay exception for matters observed while under a legal duty to report,[3] the CMS sanctions letter does not. *See* Dkt. 1326 at 41 (Balwani MIL Order); Dkt. 798 at 20 (Holmes MIL Order); Fed. R. Evid. 803(8)(A)(ii). The sanctions letter goes well beyond observations made by a public official with a duty to report: it details subjective credibility assessments by CMS officials, CMS's adjudication of disputed factual issues, its legal conclusions, and its sanctions determinations. These are "factual findings … made by the preparer of the report from disputed evidence," not "matters observed" that could be eligible for admission under subsection (ii). *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 558 (6th Cir. 1978); *see also* Fed. R. Evid. 803 advisory committee notes (contrasting "matters observed" with "'evaluative' report[s]"); *United States v. Perlmuter*, 693 F.2d 1290, 1294 (9th Cir. 1982) (rejecting application of "matters

---

[3] As the Court noted at the time, "specific portions" of the CMS report may not be relevant to or admissible in Mr. Balwani's trial and can be raised pursuant to "objections … during the trial." Dkt. 1326 at 42 (Balwani MIL Order).

observed" exception to report signed by official who "did not act on the basis of first hand knowledge"); *United States v. Smith*, 521 F.2d 957, 968 n.24 (D.C. Cir. 1975) (describing relationship between "matters observed" and "factual findings," then finding the latter "more appropriate" for a report based on an investigation rather than a particular official's firsthand observations). And unlike "matters observed" covered by subsection (ii), Rule 803(8) does not provide for the admission of reports of factual findings by the government in criminal cases. *See* Fed. R. Evid. 803(8)(A)(iii). As the drafters explained, such reports "are admissible only in civil cases and *against* the government in criminal cases in view of the almost certain collision with confrontation rights which would result from their use against the accused." *Id.* advisory committee notes (emphasis added).

Nesting CMS's hearsay statement in the subject line of Ms. King's email does not solve the hearsay problem; it exacerbates it. Trial Exhibit 3217 is hearsay and does not fall into any hearsay exception. Accordingly, it should be excluded on those grounds.

## II.     Trial Exhibit 3217 Is Not Relevant.

Trial Exhibit 3217 bears no relevance to the charges in this trial. Even putting aside that the exhibit is dated after the time Mr. Balwani worked at Theranos, it is not self-evident how or why the email could inform the jury's consideration of the charges against Mr. Balwani. And the fact of the sanctions does not establish anything about Mr. Balwani's conduct or intent.

Even accepting the Court's conclusion—over Mr. Balwani's objection—that the CMS report and its findings are relevant, the fact that sanctions were thereafter imposed adds nothing. Instead, the sanctions were imposed downstream of those findings, the result of a back-and-forth involving Theranos' proposing of remedial measures for CMS to evaluate. As the letter itself stated, CMS's sanctions determination was made "[a]fter careful review" of Theranos' "submission from the laboratory" asserting "compliance and acceptable evidence of correction for

the deficiencies cited during the CLIA recertification and complaint survey." Walsh Decl., Ex. 2 at 2. CMS imposed sanctions, the letter explained, because Theranos "did not demonstrate that the laboratory had come into Condition-level compliance and abated the immediate jeopardy." *Id.* In other words, the sanctions letter is not even directed to the underlying deficiencies that the Court has deemed relevant.

The Court's in limine relevance analysis supports this conclusion. In response to Ms. Holmes' motion to exclude the CMS report, the Court distinguished *United States v. Pacific Gas & Electric*, 178 F. Supp. 3d 927 (N.D. Cal. 2016). Dkt. 798 at 18. In that case, "the court excluded a report about a company's culpability for causing an explosion because the company's alleged obstruction of the investigation was at issue, not the explosion." *Id.* So, too, with the CMS sanctions here: the jury is tasked with examining one matter (accuracy and reliability pre-dating the CMS survey), but the sanctions concern a different matter (Theranos' remedial efforts post-dating the survey).

### III. Trial Exhibit 3217 Is Unduly Prejudicial & Confusing.

Even if it is otherwise admissible, Trial Exhibit 3217 should be excluded under Rule 403. By attempting to introduce the fact of the CMS sanctions through the subject line of an email, the government takes aim at two improper effects. First, government sanctions carry inherent prejudice because—as the Court has previously explained—they can "make[] it more likely for a juror 'to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves.'" Dkt. 798 at 5 (Holmes MIL Order) (quoting *United States v. Sine*, 493 F.3d 1021, 1033 (9th Cir. 2007)); *accord* Dkt. 1326 at 6 (Balwani MIL Order). Such prejudice, including "the danger of misleading or confusing the jury," is "implicit in a situation in which an administrative decision is submitted as an exhibit to the jury"—and all the more so when only the headline of that administrative

decision is offered. *United States v. Kail*, 804 F.2d 441, 446 (8th Cir. 1986).

Second, the jury will be told nothing more than the fact of the sanctions, which will raise more questions than it will answer. The subject line of Ms. King's email will serve to label Mr. Balwani as a "sanctioned" party and leave the misimpression that the sanctions related to the charged conduct. That likely juror confusion cannot be justified in light of the already thin relevance of the sanctions.

Taken together, these prejudice concerns dramatically outweigh whatever marginal relevance can be attributed to Trial Exhibit 3217.

## IV.  CONCLUSION

Mr. Balwani respectfully requests that the Court exclude Trial Exhibit 3217, the email from Ms. King to Mr. Dhawan.

DATED: April 25, 2022             Respectfully submitted,

                                  ORRICK HERRINGTON & SUTCLIFFE LLP

                                  By:  */s/ Jeffrey B. Coopersmith*
                                       Jeffrey B. Coopersmith

                                       Attorney for Defendant
                                       RAMESH "SUNNY" BALWANI