JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com;
scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. CR-18-00258-EJD<br><br>**DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF ALTERING PFIZER REPORT**<br><br>Date:  May 3, 2022<br>Time: 9:00 a.m.<br>CTRM.: 4, 5th Floor<br><br>Hon. Edward J. Davila |

# NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE OF ALTERING PFIZER REPORT

PLEASE TAKE NOTICE that on May 3, 2022, at 8:30 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, located at 280 South First Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Ramesh "Sunny" Balwani will and hereby does move the Court to exclude evidence that a report of Theranos' work with Pfizer, Inc., was improperly altered, whether through the admission of exhibits or testimony or argument at closing. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: May 2, 2022                    Respectfully submitted,

                                                           ORRICK HERRINGTON & SUTCLIFFE LLP

                                                           By:  */s/ Jeffrey B. Coopersmith*
                                                                 Jeffrey B. Coopersmith

                                                           Attorney for Defendant
                                                           RAMESH "SUNNY" BALWANI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

During Dr. Constance Cullen's testimony in this trial, the Court partially denied Mr. Balwani's motion to exclude evidence that reports on Theranos' collaboration with pharmaceutical companies were altered or doctored in some way. But the Court expressly limited its ruling to the admissibility of evidence going to whether Mr. Balwani knew that a report about Theranos' work with the pharmaceutical company Schering-Plough was changed without Schering-Plough's authorization. The Court based its ruling on the existence of an unaltered version of the Schering-Plough report in Mr. Balwani's Theranos email account. That reasoning does not apply to the Pfizer report. The only version of the Pfizer report that Mr. Balwani ever saw contained both the Pfizer and Theranos logos and appeared in the same form in which it was sent to investors. Mr. Balwani thus asks the Court to exclude any evidence that Pfizer's logo was added to report without authorization or that the report was improperly changed in any way. Mr. Balwani expects this issue to arise during the testimony of Dr. Shane Weber of Pfizer, which we understand is slated for this week.

## II. ARGUMENT

The Court is familiar with these issues from Mr. Balwani's prior motion (Dkt. 1327) and from the arguments on March 11 and April 6, 2022. *See* 3/11/22 Balwani Tr. at 502:20–549:14; 4/6/22 Balwani Tr. at 2182:8–2198:23. And while the Court has allowed some evidence about an allegedly unauthorized logo and textual changes to the Schering-Plough report, it did so for a particular limited purpose that is not applicable to Pfizer.

In admitting the Schering-Plough evidence, the Court clarified that it was allowing the evidence "for the limited purpose of [Mr. Balwani's] knowledge, that is, knowledge as to the recipient of the email, and for that limited purpose only." 4/6/22 Balwani Tr. at 2330:2–7. Later, the Court confirmed this narrow basis for admission:

> The Court allowed, as the record reflects, this to come in *for a very limited purpose, a limited purpose of knowledge only*, as Mr. Balwani was a recipient, amongst others, of an email that contained that. It was not admitted for any other purpose, and any other *additional use of that information has yet to be determined*. So it was admitted solely for that limited purpose of knowledge. In doing so, the Court also—

there was a 403 objection by Ms. Walsh. The Court found, and does find, that the probative value as to the knowledge issue, again, that limited knowledge issue, outweighs any prejudicial impact, unfair prejudicial impact that admission of that evidence for that limited purpose carries.

4/6/22 Balwani Tr. at 2442:2–16 (emphasis added).

Unlike the Schering-Plough report, there is no evidence that Mr. Balwani knew about a version of the Pfizer report without a Pfizer logo or that he ever saw or knew about unauthorized changes to the Pfizer report, including the addition of the Pfizer logo. *See* Dkt. 1327 at 5–6. Thus, evidence of unauthorized alterations to the Pfizer report cannot show Mr. Balwani's knowledge without violating the Ninth Circuit's holding in *Phillips*. *See Phillips v. United States*, 356 F.2d 297, 303 (9th Cir. 1965) ("[S]o-called 'constructive' notice or knowledge of a circumstance, based upon the actual knowledge of a co-conspirator … has no tendency, circumstantially or otherwise, to prove criminal intent."); *United States v. Engelmann*, 720 F.3d 1005, 1008 (8th Cir. 2013) ("Fraudulent intent is not presumed or assumed; it is personal and not imputed. One is chargeable with his own personal intent, not the intent of some other person.").

The only possible pathway to admissibility of evidence of unauthorized changes to the Pfizer report is vicarious liability. But to hold Mr. Balwani liable for the actions of an alleged co-conspirator, the government must prove that he entered into an agreement to intentionally carry out a fraudulent scheme and had the specific intent to defraud. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 907 (9th Cir. 2007) (conspiracy requires "an agreement to accomplish an illegal objective, … coupled with one or more acts in furtherance of the illegal purpose, and … intent necessary to commit the underlying substantive offense"). Only then could Mr. Balwani be held vicariously liable for the reasonably foreseeable actions of co-conspirators made during the course and in furtherance of the conspiracy. *United States v. Chong*, 419 F.3d 1076, 1081 (9th Cir. 2005) (defining *Pinkerton* liability). The same rules apply to co-schemer liability. *Lothian*, 976 F.2d at 1262–63 ("a scheme to defraud, … when more than one person is involved, is analogous to a conspiracy").

In other words, the government must show that Mr. Balwani was a knowing participant in a conspiracy or scheme to defraud in April 2010, when the changes to the Pfizer report were

1 made. *See* Dkt. 1327 at 4. And the government must make this threshold showing by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (holding, in a case addressing co-conspirator statements, that the government must prove the existence of a conspiracy and a defendant's participation to the trial court by a preponderance of the evidence before the statement may be admitted); *see also* Fed. R. Evid. 702 advisory comm. note on 2000 amt. ("Consequently, the admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." (citing *Bourjaily*, 483 U.S. 171)).

The government cannot meet its burden here. The evidence it has proffered of a conspiracy or scheme in spring 2010 consists of little more than the fact of Mr. Balwani's employment at Theranos and his romantic relationship with Ms. Holmes—neither of which, independently or together, establish a conspiracy or scheme. Any purported evidence the government has pointed to from years later cannot support the theory without shredding the temporal limits on co-conspirator and co-schemer liability that even the government acknowledges. *See, e.g.*, Dkt. 1337 at 6 (stating that vicarious liability can attach only to acts "during the course of the" scheme or conspiracy). The Court must also weigh this threadbare evidence against the representations Theranos made to Mr. Balwani that pharmaceutical companies had "robustly validated" the technology just six months before Ms. Holmes altered the Pfizer report and his receipt in December 2009 of an email to a different pharmaceutical company, GlaxoSmithKline, attaching a report with both companies' logos. *See* Dkt. 1340 at 2–5; Dkt. 1327-3 at 169.

Ms. Holmes' admitted role in changing the Pfizer report also supports an objection to admitting the evidence under Rule 403 for the same reasons discussed in Mr. Balwani's prior motion. *See* Dkt. 1327 at 9; Dkt. 1340 at 5–6.

### III. CONCLUSION

For these reasons, the Court should grant Mr. Balwani's motion. The government should not be permitted to introduce evidence about unauthorized alternations to the Pfizer report.

DATED: May 2, 2022                    Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP

By: */s/ Jeffrey B. Coopersmith*
        Jeffrey B. Coopersmith

Attorney for Defendant
RAMESH "SUNNY" BALWANI