STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>    Defendant. | Case No. 18-CR-00258 EJD<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF ALTERING PFIZER REPORT<br><br>Date: May 3, 2022<br>Time: 8:30 a.m.<br>Court: Hon. Edward J. Davila |

The government opposes Defendant Ramesh "Sunny" Balwani's Motion to Exclude Evidence of Altering Pfizer Report (ECF No. 1419 ("Mot.")) for the same reasons explained in its prior opposition, filed at ECF No. 1337, and the accompanying argument. *See* 03/11/2022 Trial Transcript ("3/11 Tr.") at 503:12–549:16; 04/06/2022 Trial Transcript ("4/6 Tr.") at 2183:1–2198:23, 2329:3–2330:7, 2441:19–2442:18.

First and foremost, Defendant's Motion fails to address the government's argument that the Pfizer-related report may be admissible to demonstrate the falsity of what was subsequently provided to Theranos investors. *See* ECF No. 1337 at 8. Indeed, both parties asserted that the Court could provide a limiting instruction if it were to admit the pharmaceutical-related reports that such admission was solely to prove falsity. *See, e.g.*, 3/11 Tr. at 516:8–9, 529:6–18, 533:25–534:15. That the government sought to admit the Schering Plough-related report only to show Defendant's knowledge does not preclude the government from seeking to admit the Pfizer-related report for an alternative reason. *See* 4/6 Tr. at 2329:3–2330:7. Thus, falsity remains a basis to admit the unaltered Pfizer-related report and testimony regarding whether or not Pfizer approved use of its logo in the altered report.

Second, the government maintains that the documents are fully admissible because there is sufficient evidence to allow the jury to infer that Defendant had actual knowledge of altering the pharmaceutical-related reports even if his co-Defendant, co-conspirator, and then-romantic partner Elizabeth Holmes was the person who actually made the alterations as she claimed during her trial. *See, e.g.*, ECF No. 1337 at 3–6. In addition to the evidence showing Defendant is personally and professionally invested in Theranos in spring 2010, as summarized in ECF No. 1337 at 3–6, at least two investors have already testified in this trial that Defendant had command over facts surrounding Theranos' business with pharmaceutical companies. Patrick Mendenhall recently testified that Ms. Holmes directed him to Defendant for specific details—and he felt that Defendant "had strong command over the details"—which included a description comparing Theranos' purported advantage over other companies for clinical trials with pharmaceutical companies and statements by Defendant that Theranos was profitable and had sustaining revenue from its clinical trial work. *See* 04/29/2022 Trial Transcript at 4266:6–8, 4284:3–4290:11, 4292:13–19, 4297:2–4302:1, 4357:1–4358:17, 4378:4–12; TX 4059. In addition, Defendant sent representative of investor-victim RDV Corporation,

Lisa Peterson, due diligence materials (in hard copy) pursuant to a confidentiality-agreement that he signed and later sent those same materials by email, which included claims that Theranos had current pharmaceutical company clients and expected $40 million in revenue from pharmaceutical companies when, in truth, Theranos had zero revenue from pharmaceutical companies in 2013 and 2014. 04/26/2022 Trial Transcript at 3846:14–23, 3852:8–13, 3864:16–3866:22, 3870:9–3871:22, 3884:6–3892:25, 3894:25–3897:8. *But see* 04/05/2022 Trial Transcript at 1993:4–1996:21; TX 7753. Defendant also regularly sent the altered Pfizer-related report to potential investors and discussed doing so with co-Defendant Holmes. *See*, *e.g.*, ECF No. 1179-2 at 89 (Holmes texts Balwani "Am planning on including all we sent dst, including the Pfizer report. Let me know if you disagree."); ECF No. 1338-4 (Defendant sending reports to potential investor BDT).

The probative value of the evidence is not substantially outweighed by potential prejudice and thus the evidence should not be excluded under Federal Rule of Evidence 403 for the reasons asserted in the government's prior brief at ECF No. 1337 at 8–9, and for the reasons stated by the Court in admitting over objection the Schering Plough-related reports, *see* 4/6 Tr. at 2441:19–2442:18.

Finally, as the government previously argued, the documents are admissible under a vicarious liability theory, for the reasons stated in ECF No. 1337 at 6–8. *See also* 3/11 Tr. at 523:1–524:15.

In sum, the government respectfully requests the Court deny Defendant's Motion to exclude evidence relating to the improperly altered Pfizer-related report.

DATED: May 2, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

  /s/ Kelly I. Volkar
ROBERT S. LEACH
JEFF SCHENK
JOHN C. BOSTIC
KELLY I. VOLKAR
Assistant United States Attorneys