STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

>  150 Almaden Boulevard, Suite 900
>  San Jose, California 95113
>  Telephone: (408) 535-5061
>  Fax: (408) 535-5066
>  Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' REPLY IN SUPPORT OF MOTION TO EXCLUDE DEFENDANT'S LIS-RELATED EXPERT RICHARD L. SONNIER, III |
| v. | |
| RAMESH "SUNNY" BALWANI, | Date: May 23, 2022 |
| Defendant. | Time: 8:30 a.m. |
| | Court: Hon. Edward J. Davila |

1    The government has moved to exclude Defendant Ramesh "Sunny" Balwani from introducing during his defense case-in-chief any testimony or evidence from Defendant's LIS-related expert, Richard L. Sonnier, III, under Federal Rules of Evidence 104, 402, 403, and 702.  ECF No. 1440. Defendant's opposition (ECF No. 1448) notes disagreement with the government on several topics but fails to articulate a theory of relevance that would permit Mr. Sonnier to testify about a subject that is relevant and helpful to the trial jury.  Notably, throughout Defendant's 19-page opposition, less than a dozen lines relate to testimony given during this trial (*id.* at 4–5)—indication, alone, that the LIS-related evidence Defendant seeks to admit, likely through Mr. Sonnier, relates to an entirely new nucleus of facts not presently at issue in this trial.  The Court is well within its authority to exercise its gatekeeping function and find such evidence inadmissible under Federal Rules of Evidence 104(a), 402, and 403.

The sole remaining theory of relevance that Defendant advances is to challenge the thoroughness of the government's investigation.  *See* ECF No. 1448 at 7–8.  But Mr. Sonnier—a Microsoft SQL expert—is not qualified to testify about the thoroughness of the government's investigation or whether the government was "reckless[ ] or negligent[ ]" as Defendant asserts.  *See id.* at 8, 10–11, 17.  At most, Mr. Sonnier could be qualified to describe how one could theoretically reconstruct a Microsoft SQL database after August 31, 2018—an irrelevant time period and opinion under the facts of this case. Thus, the Court should also exclude Mr. Sonnier pursuant to Federal Rule of Evidence 702.  Defendant fails to cite a single case involving a "sloppy investigation" with facts anywhere close to those presented here.  Instead, Defendant wants to re-litigate his unsuccessful pretrial motion practice before the jury, which undermines the purpose of pretrial proceedings and does not have a tendency to make any fact presently at issue in this criminal trial any more or less probable.  Therefore, the Court should exclude testimony from Richard L. Sonnier, III, and any LIS-related evidence Defendant otherwise would have sought to introduce through him under Federal Rules of Evidence 104, 402, 403, and 702.

I.    **The LIS-Related Evidence Defendant Will Likely Seek to Introduce is Irrelevant**

The Court should exclude testimony and LIS-related evidence from Richard L. Sonnier, III, because it is irrelevant and thus inadmissible.  Fed. R. Evid. 104(a), 402; *see United States v. Kvashuk*, 29 F. 4th 1077, 1090–91 (9th Cir. 2022) (affirming district court's decision to exclude evidence that defendant believed was critical to his "sole defense" but the government sought to exclude as irrelevant

under Federal Rules of Evidence 402 and 403); *see also United States v. Scheffer*, 523 U.S. 308–09 (1998) ("A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions."). Defendant asserts a single theory of relevance for Mr. Sonnier's testimony, namely, to assert that "the government recklessly or negligently failed to obtain [ ] critical evidence" because "the government could have obtained and reconstructed LIS even after it learned that its copy was unusable." ECF No. 1448 at 8. But this theory is built on a chain of false premises.

*First*, Defendant cannot show this was "critical" or even exculpatory evidence, particularly given the testimony to date at trial. Because Defendant cannot dispute the factual premise that LIS did not have the capacity to demonstrate whether any individual test result was accurate or inaccurate and was missing large swaths of data from September 2013 through April 2014 (*see* ECF No. 1440 at 5–6, 12), Defendant instead cherry-picks quotes from a prior government brief noting that the LIS database was "the most comprehensive" collection of patient records that Theranos kept and a handful of quotes from Dr. Rosendorff describing what data would be in LIS (ECF No. 1448 at 4–5, 9–10). But the government has consistently argued that, while the LIS would have been helpful to its case—and a grand jury subpoenaed the evidence for this reason—there is a plethora of other evidence supporting the indictment against Defendants and the destroyed LIS is not a bar to the present prosecution. *See* ECF No. 669 (corrected version at ECF No. 682) at 1–2; ECF No. 1440 at 5–9 (detailing background). B.B.'s testimony earlier this week provides another example of how raw data in LIS would be insufficient to answer the core question of whether the result was accurate or inaccurate, because B.B. has a health condition causing his normal health base line to fall well above the reference range for platelets—but in LIS looking at just the result number would not identify which of B.B.'s Theranos test results were inaccurate. 05/18/2021 Trial Transcript ("5/18 Tr.") at 5940:5–5963:20. Rather, as Defendant admits, "an LIS test result might need to be compared with other data or with the patient's records and testimony" (ECF No. 1448 at 9), which is why Dr. Rosendorff explained LIS was "at least *one of the tools*" used to investigate whether a result was inaccurate but it was impossible to identify an individual result as accurate or inaccurate solely from LIS. *See* ECF No. 1440 at 5; ECF No. 1448 at 4 (emphasis added).

***Second***, Mr. Sonnier cannot provide any testimony about the content or importance of LIS at Theranos. *See* ECF No. 1158. Indeed, Defendant seems to concede that Mr. Sonnier cannot fill this gap in contesting the government's proposed rebuttal witnesses for Rule 403 purposes, when his opposition admits "[n]othing in Mr. Sonnier's testimony—about the government's technical options for securing the LIS evidence—would invite (*or make relevant*) evidence about a decision regarding patient results made by Theranos years earlier." ECF No. 1448 at 17 (emphasis added). But that statement proves the opposite, too: when the government's case-in-chief has presented evidence from multiple witnesses demonstrating Theranos was incapable of providing accurate and reliable patient results from 2013 to 2016, nothing Mr. Sonnier would testify to would make that proposition more or less true. Under *Kvashuk*, even though Defendant asserts this evidence is necessary to present a complete defense, Mr. Sonnier's expected testimony and related evidence is simply irrelevant to the present case.

***Third***, Mr. Sonnier cannot fill in another gap in Defendant's attenuated theory of relevance— whether the government acted "recklessly or negligently" in failing to obtain the LIS. ECF No. 1448 at 10–11.[1] As described in more detail below, Mr. Sonnier is not qualified to express this opinion and should not be permitted to testify on this topic even if the Court permits him to testify in some limited fashion. But it is also irrelevant to the present trial. Defendant may choose to challenge the sufficiency of the evidence the government presented against him, and criminal defendants often do so by pointing to evidence the government did not present to the jury. For example, co-Defendant Elizabeth Holmes argued that the government did not present "statistical" evidence, only "anecdotal" accounts. *See United States v. Holmes*, Trial Transcript at 9095, 9216–9227. At the close of the government's case-in-chief in this trial, Defendant Balwani is in the same position that his co-Defendant was, given the facts before the jury indicate that there was an LIS database at Theranos and it contained data, though not data about whether individual patient results were accurate or inaccurate. As the government argued last trial, permitting Defendant to argue in his closing argument that the government failed to present the LIS

---

[1] Defendant asserts that negligence is sufficient to justify a jury instruction, citing *United States v. Sivilla*, 714 F.3d 1168, 1171–74 (9th Cir. 2013). ECF No. 1448 at 11 n.5. But *Sivilla* analyzed what relief a criminal defendant was entitled to when *the government* destroys evidence—and, in that case, was under a court order to preserve the drugs and vehicle both of which were in the government's possession—which is inapplicable to the facts of the present case.

REPLY ISO U.S. MOT. TO EXCLUDE SONNIER,
CASE NO. 18-258 EJD 4

is misleading because it insinuates it was evidence within the government's possession—particularly given the parties agree that Theranos dismantled it (ECF No. 1448 at 5). Regardless, Mr. Sonnier's expected testimony does not alter any *fact* currently before the jury: the jury has already heard testimony that the LIS database existed and about some of its features. Rather, the sole purpose of presenting Mr. Sonnier would be to improperly shift blame to the government and, as Defendant says in his opposition, assert it is "the government's fault" that LIS was not presented at trial. Permitting such irrelevant testimony is misleading and highly prejudicial to the government given the parties and the Court know the truth behind who destroyed the LIS, which also serves as the basis for the government's Federal Rule of Evidence 403 arguments described further below.

*Fourth*, Mr. Sonnier's expected testimony regarding whether the prosecution team "could have obtained and reconstructed LIS even after it learned that its copy was unusable" (ECF No. 1448 at 8) is not relevant, as this Court previously held. *See* ECF No. 1426 at 3–5, 1440 at 9–10 (detailing the Court's prior rulings). Defendant asserts that the Court must set aside its prior rulings (ECF No. 1448 at 12–13) but that is incorrect when it comes to legal rulings about *admissibility* of evidence. Pretrial motions, particularly motions *in limine*, are "a procedural mechanism" designed to "give[ ] counsel advance notice of the scope of certain evidence so that *admissibility* is settled before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009) (emphasis added). This aligns with the purpose behind Federal Rule of Evidence 104(a), which designates the Court as the gatekeeper to determine in the first instance "whether a witness is qualified, a privilege exists, or *evidence is admissible*." Fed. R. Evid. 104(a) (emphasis added). Here, the Court discussed LIS at length in response to Defendant's motions *in limine* adopting co-Defendant Holmes' prior motions and gave counsel advance warning of its likelihood of finding Mr. Sonnier's testimony regarding post-August 31, 2018, conduct irrelevant. *See* ECF No. 1326 at 21–22, 30–37 (*MIL* Order).[2]

---

[2] Defendant's citation to *United States v. Evans*, 728 F.3d 953 (9th Cir. 2013), is inapt. ECF No. 1448 at 13. In *Evans*, the district court made a factual determination that a U.S. birth certificate presented by an illegal re-entry defendant was "substantively fraudulent" and thus excluded it as irrelevant and under Rule 403 at trial. 728 F.3d at 956. By contrast, here, the government is asking the Court to make a *legal* determination that, even if it were to accept everything in Mr. Sonnier's declaration as true (which it is not), then it is still irrelevant to the charges and facts at issue in this trial.

REPLY ISO U.S. MOT. TO EXCLUDE SONNIER,
CASE NO. 18-258 EJD                             5

Once given such advance warning by a court, a party proceeds at its own peril whenever it seeks to introduce evidence at trial previously precluded by a court's *in limine* order—and cannot be surprised when that effort fails. So too here. Defendant had advance warning that the Court viewed the potential reconstruction of LIS after August 31, 2018, as irrelevant to this trial, and the Court should exercise its authority under Federal Rules of Evidence 104(a) and 402 to exclude Mr. Sonnier's testimony and any related evidence on this topic.

*Finally*, Defendant continues to point to the same three inapposite cases to argue that he should be permitted to present Mr. Sonnier as part of a "thoroughness of the government's investigation" type of defense. *See* ECF No. 1448 at 8, 15 (citing *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000); *United States v. Crosby*, 75 F.3d 1343 (9th Cir. 1996)). These cases do not govern here. *Kyles*, *Howell*, and *Crosby* each involve a successful "sloppy investigation" claim where the evidence excluded *could have exonerated* the criminal defendant or pointed to another person as a suspect. These cases each involve police conduct or errors before indictment. And the key facts were belatedly disclosed or not disclosed at all to the defendants. *See Kyles*, 514 U.S. at 445–49; *Howell*, 231 F.3d at 623–27; *Crosby*, 75 F.3d at 1347–48. None of those facts are present here. *See also* ECF No. 1440 at 15. By contrast, the government maintains that this case is more akin to *United States v. Armstrong*, 517 U.S. 456 (1996), and *United States v. Sellers*, 906 F.3d 848, 852–53 (9th Cir. 2018), as persuasive—not binding—authority for the reasons stated in its original Motion. ECF No. 1440 at 14–15.[3]

The government maintains its additional arguments, described in more detail in its Motion, that Mr. Sonnier's expected testimony relates to events entirely outside the charged period, events covered by non-waived work product privilege, and a proposed course of action that Defendant had equal or greater opportunity to pursue. ECF No. 1440 at 11, 14–16; *see* ECF No. 1448 at 5–6 (detailing

---

[3] Defendant urges the Court to grant his motion to compel (ECF No. 1425) regardless of the outcome of this Motion because the government's *Brady* obligations do not turn on admissibility. ECF No. 1448 at 13 n.8. But under Ninth Circuit law, evidence must be admissible, or likely to *lead to* admissible evidence, or impeachment evidence to be material under *Brady*. *See, e.g.*, *United States v. Price*, 566 F.3d 900, 911–12 (9th Cir. 2009). If the Court agrees Mr. Sonnier's expected testimony is irrelevant, then Defendant cannot meet this standard and Defendant's motion to compel will be moot.

Defendant's attempts to obtain a working copy of LIS and, like the prosecution team, asserting that he had no "reason to think the LIS database would be inaccessible thereafter.").

In sum, assuming Defendant intends to elicit testimony and seek to admit evidence from Mr. Sonnier as detailed in his declaration (ECF No. 1158), Mr. Sonnier does not have any relevant testimony tethered to the present case and should thus be excluded.

## II.  Testimony of Defendant's LIS-Related Expert Is Improper Opinion Testimony

Relevance is also a threshold determination under Federal Rule of Evidence 702, and, contrary to Defendant's assertion, the government did not forfeit additional challenges to Mr. Sonnier under Rule 702 because it asserted that the Court could exclude his testimony in its entirety at the initial step. *See* ECF No. 1440 at 18; *cf.* ECF No. 1448 at 18. Indeed, Defendant's descriptions of expected testimony from Mr. Sonnier—not included in his declaration—are alarming, particularly in combination with Defendant's revised potential exhibit list, provided to the government after it filed its Motion. *See* Volkar Decl., Exhibit 1. Nowhere in Richard Sonnier's declaration does he describe the government's actions as reckless or negligent, and yet Defendant's opposition asserts: "Mr. Sonnier will explain that the government conducted its investigation in a reckless, or at least negligent, manner by failing to procure the LIS despite being able to do so." ECF No. 1448 at 10. Mr. Sonnier is not qualified to opine on the quality of the government's investigation and certainly not to opine on a legal standard of care such as recklessness or negligence. *See* ECF No. 1158 ¶ 1 (declaring Mr. Sonnier was retained to "serve as an expert in the field of *Microsoft SQL databases*" (emphasis added)).[4] Defendant has not proffered any basis or background experience to qualify Mr. Sonnier under Rule 702 to testify for these purposes.

In addition to relevance, expert testimony must be "the product of reliable principles and methods," Fed. R. Evid. 702(c), which the Ninth Circuit has held is satisfied "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (internal quotations omitted). An expert "in the field of Microsoft SQL databases" with professional experience reconstructing SQL

---

[4] By contrast, the Court, which *is* qualified to make legal determinations such as identifying negligent versus reckless conduct, has already concluded that "[a]t worst, the Government was negligent in the route it chose to take[.]" ECF No. 1326 at 37. Defendant should not be permitted through any of his noticed experts to opine on a legal standard of care for which they are not qualified.

databases does not equate to having the knowledge or experience to describe what a reasonable government actor would or could do, whether a law enforcement investigation is good or bad, and whether conduct is negligent, reckless, or some other standard, and thus Mr. Sonnier cannot provide reliable and helpful information for the jury.[5]  Defendant's recently disclosed potential exhibit list is further cause for concern:  Defendant has marked as potential exhibits all briefing, declarations, and exhibits from co-Defendant Holmes' motion to suppress and motion *in limine* regarding the LIS, as well as the Court's order denying the motion to suppress; Defendant has marked multiple attorney proffers; Defendant has marked litigation documents from the civil lawsuit brought by PFM, including *draft* responses (despite arguing earlier this week that such litigation responses are inadmissible (5/18 Tr. at 6015:1–6026:6); Defendant has marked a document titled "Best Practices for Seizing Electronic Evidence[,] United States Secret Service" even though that government agency is not involved in this criminal case; Defendant has marked the government's October 29, 2020 discovery letter; and only the first seven documents have dates prior to 2016 out of almost seven pages of identified documents.  *See* Volkar Decl., Exhibit 1 (with special attention to marked trial exhibit numbers 20700, 20710, 20719, 20729–20746, 20758, 20810).  Given some of these documents are identified in footnotes within Mr. Sonnier's declaration (ECF No. 1158), the government can only presume the Defendant intends to seek to introduce most of these marked exhibits through him.  All of the above-referenced documents should be excluded as irrelevant along with Mr. Sonnier's testimony.

In sum, Mr. Sonnier's declaration, Defendant's assertions in his opposition of Mr. Sonnier's expected testimony, and the revised exhibit list Defendant recently served on the government all make clear that Defendant wishes to call Mr. Sonnier as essentially a rebuttal expert witness to rebut the findings of the Court's order denying the motion to suppress (ECF No. 887)—which has not otherwise been introduced into evidence in this trial—but that is an irrelevant and improper expert opinion.  The Court should exclude Mr. Sonnier's testimony and any related exhibits under Rule 702.

---

[5] To preserve the argument, the government also specifically notes that Mr. Sonnier is not qualified under Rule 702 to testify, as in his declaration, that "Theranos or its law firm WilmerHale would [ ] have cooperated by providing any use IDs and passwords or creating any new users needed" and, in any event, that "the government could have used coercive methods as well" nor that "nothing would have stopped the government from obtaining possession [of LIS equipment]."  ECF No. 1158 ¶¶ 15, 17.

### III. Federal Rule of Evidence 403 Presents an Additional Hurdle

Whatever minimal probative value, if any, Mr. Sonnier's testimony may bear in response to the government's case-in-chief, it is substantially outweighed by the prejudice of wasting time and potentially misleading the jury under Federal Rule of Evidence 403. Defendant asserts that he should be permitted to present Mr. Sonnier and introduce purported evidence that it is "the government's fault" and that the government acted recklessly or negligently but that the government should then be limited by the Court in its rebuttal case. ECF No. 1448 at 2–3, 16–18. There is no sound basis for such a distinction. If Defendant presents testimony similar to Mr. Sonnier's declaration (ECF No. 1158), then the government should be entitled to respond with the full story, including numerous government subpoenas and document preservation notices, all of the other evidence the government collected during its investigation, Theranos' destruction of LIS and Defendant's knowledge of its impending destruction, Defendant's equal or greater opportunity to reconstruct LIS, testimony of former Theranos employees or attorneys who knew LIS would be impossible to reconstruct once it was dismantled on August 31, 2018, and/or the reasonable steps the government did take after Theranos destroyed the LIS that further led the government to believe it was permanently inaccessible. *See* ECF No. 1440 at 13–18.

The government requests the Court exercise its gatekeeping function under Rule 104(a) and exclude testimony and evidence under Rule 403 that would give the jury the misleading impression that the government is somehow at fault for the missing LIS, that the database was some kind of prerequisite to criminal charges against Defendant in this fraud case, and that the government was in a better position to halt its initial destruction or to reconstruct the database than Defendant. The danger of misleading the jury, confusing the issues, wasting time on a mini-trial, and unfair prejudice is quite high and the probative value of the evidence is nonexistent or quite minimal at best. Thus, the Court should exclude testimony from Richard L. Sonnier, III, and any LIS-related exhibits.[6]

---

[6] The government has not received any agreements, contracts, reports, declarations, invoices, or other compensation-related statements from two of Defendant's disclosed experts, contrary to Defendant's asserted compliance. *Cf.* ECF No. 1448 at 18–19. The Court stated its expectation that Defendant would timely disclose *Jencks*, Fed. R. Crim. P. 16(b) and 26.2 material to the government (ECF No. 1326 at 50–51), and the government now requests the Court set Monday, 5/23/2022 at 3:00 p.m. as a date certain by which Defendant must provide this material.

REPLY ISO U.S. MOT. TO EXCLUDE SONNIER,
CASE NO. 18-258 EJD                    9

# CONCLUSION

For the reasons stated above and in its original Motion, the government respectfully requests the Court exclude Defendant's LIS-related expert, Richard L. Sonnier, III, from testifying and exclude any accompanying evidence and testimony regarding the LIS database after August 31, 2018.

DATED: May 22, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

 */s/ Kelly I. Volkar*
ROBERT S. LEACH
JEFF SCHENK
JOHN C. BOSTIC
KELLY I. VOLKAR
Assistant United States Attorneys