UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No.   5:18-cr-00258-EJD-2<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ADMIT VARIOUS TRIAL EXHIBITS**<br><br>Re: Dkt. No. 1470 |

Before the Court is Defendant's Ramesh "Sunny" Balwani's motion to admit various trial exhibits. *See* Motion to Admit Various Trial Exhibits ("Mot."), Dkt. No. 1470. The Court held a hearing on June 6, 2022, during which the Government voiced its objection to the admission of certain exhibits. *See* Dkt. No. 1474. Having considered Defendant's written submission and the Parties' oral arguments, the Court **GRANTS in part and DENIES in part** the motion to admit.

Defendant moves to introduce nine trial exhibits through a paralegal, Mr. Youske Okano, from the law firm of Orrick, Herrington, and Sutcliffe LLP. The Court addresses each trial exhibit in turn.

1. **Exhibit 1**

Defendant moves to admit an email with attachments regarding the capabilities of Theranos's technology. Defendant was a recipient of the email, and offers the email not for its truth, but to demonstrate notice. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. The Court finds that Exhibit 1 is relevant because it tends to impact Defendant's understanding of

Case No.: 5:18-cr-00258-EJD-2
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ADMIT VARIOUS TRIAL EXHIBITS

1

Theranos's technology, which is a fact of consequence. Accordingly, the Court **GRANTS** Defendant's motion to admit the email for the limited purpose of demonstrating notice that Defendant received an email with an attached slide deck regarding the capabilities of Theranos's technology. The Government may offer into evidence additional portions of the attached slide deck, or the entire document if they choose.

**2. Exhibit 2**

Defendant moves to admit a "GSK" email chain regarding the capabilities of Theranos's technology. Defendant was a recipient of the emails sought to be introduced, and offers the email chain not for its truth, but to demonstrate notice. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. The Court finds that Exhibit 2 is relevant because it tends to impact Defendant's understanding of Theranos's technology, particularly what information regarding the technology was given to pharmaceutical companies, which is a fact of consequence. Accordingly, the Court **GRANTS** Defendant's motion to admit the email for the limited purpose of demonstrating notice of the contents of the "GSK" email chain.

**3. Exhibits 3–5**

The Government does not object to the admission of Exhibits 3–5. Accordingly, the Court admits:

- Exhibit 3 for notice of the items contained in the emails.
- Exhibit 4 for notice regarding a clinical lab director application.
- Exhibit 5 for notice of a meeting between Elizabeth Holmes and GSK.

**4. Exhibit 6**

Defendant moves to admit the FDA's 510(k) approval of Theranos's HSV-1 assay pursuant to Federal Rule of Evidence 803(8), the public records exception to the rule against hearsay. The Court finds that pages 94–97[1] are admissible under Federal Rule of Evidence

---

[1] The Court uses the ECF page numbering.

Case No.: 5:18-cr-00258-EJD-2
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ADMIT VARIOUS TRIAL EXHIBITS

2

803(8). However, the Court finds that 98–103 are not admissible under Federal Rule of Evidence 403 as the risk of jury confusion outweighs the probative value of the pages. Accordingly, the Court **GRANTS in part and DENIES in part** Defendant's motion to admit Exhibit 6.

### 5. Exhibit 7

Defendant moves to admit an email with an attachment named "CLIA Waiver Granted" pursuant to Federal Rule of Evidence 803(8). The Court finds that Exhibit 7 is admissible under the public records exception and **GRANTS** Defendant's motion to admit Exhibit 7.

### 6. Exhibit 8

Defendant moves to admit an email sent by Elizabeth Holmes to the FDA with attachments listing the chemistry and device used to run Theranos tests. Defendant was not a recipient of the email but argues that it is relevant to show that Theranos disclosed to the FDA that it used modified third-party devices. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. The Court finds that Exhibit 8 is relevant because it shows that Theranos disclosed its use of third-party devices to the FDA, which relates to a fact of consequence, namely whether Theranos secretly used third-party devices because its own devices were unable to perform blood tests. The Court acknowledges the Government's Rule 403 and 801 objections. Given that the fact of consequence is at the heart of this case, the probative value of the evidence outweighs the risk of any confusion. Further, because Defendant does not offer the email for its truth, but instead offers it for the fact of disclosure, Rule 801 does not apply. Accordingly, the Court **GRANTS** Defendant's motion to admit Exhibit 8.

### 7. Exhibit 9

Defendant moves to admit a provisional patent application for Theranos's modifications to third-party devices. Defendant does not offer Exhibit 9 for its truth, but instead offers it to establish that Theranos filed a patent application. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R.

Case No.: 5:18-cr-00258-EJD-2
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ADMIT VARIOUS TRIAL EXHIBITS

3

Evid. 401.  The Court finds that Exhibit 9 is relevant because it shows that Theranos attempted to patent its modification of third-party devices, which relates to a fact of consequence, namely whether Theranos's use of third-party devices was legitimate.  Defendant may introduce pages 162–169 and 216–217 of Exhibit 9.  The Court finds that the remainder of the pages are not admissible pursuant to Rule 403.  Accordingly, the Court **GRANTS in part and DENIES in part** Defendant's motion to admit Exhibit 9.

**IT IS SO ORDERED.**

Dated: June 7, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cr-00258-EJD-2
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ADMIT VARIOUS TRIAL EXHIBITS

4