1    JEFFREY B. COOPERSMITH (SBN 252819)
     AMY WALSH (Admitted Pro Hac Vice)
2    STEPHEN A. CAZARES (SBN 201864)
     ORRICK, HERRINGTON & SUTCLIFFE LLP
3    The Orrick Building
     405 Howard Street
4    San Francisco, CA  94105-2669
     Telephone:    (415) 773-5700
5    Facsimile:    (415) 773-5759

6    Email: jcoopersmith@orrick.com; awalsh@orrick.com;
     scazares@orrick.com
7
     Attorneys for Defendant
8    RAMESH "SUNNY" BALWANI

9

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14   UNITED STATES OF AMERICA,              Case No. CR-18-00258-EJD

15              Plaintiff,                   **MR. BALWANI'S SUPPLEMENTAL
                                             PROPOSAL RE: JURY
16        v.                                 INSTRUCTIONS AND VERDICT
                                             FORM**
17   RAMESH "SUNNY" BALWANI,

18              Defendant.                   **Hon. Edward J. Davila**

19

20

21

22

23

24

25

26

27

28

**MR. BALWANI'S SUPPLEMENTAL PROPOSAL RE:**
**JURY INSTRUCTIONS AND VERDICT FORM**

Mr. Balwani previously adopted the proposed preliminary and final jury instructions submitted by Ms. Holmes, her objections to the jury instructions proposed by the government, and the arguments of Ms. Holmes' counsel regarding the same. *See* Dkt. 1210 at 1. Now that the government has concluded its case-in-chief in his case, Mr. Balwani reaffirms his adoption of Ms. Holmes' proposals and arguments, including her objections at Docket 1174.

In addition, based on the evidence introduced at his trial so far, Mr. Balwani hereby supplements these prior filings with the additional proposed jury instructions below. Because the Court has already considered and resolved many of the disagreements between Ms. Holmes' and the government's proposals, Mr. Balwani has used the final jury instructions given in Ms. Holmes' trial (at Dkt. 1206) (the "Holmes final instructions") as the baseline for the changes he has proposed below. For convenience, the Holmes final instructions are set forth below in a chart, which indicates (1) the Holmes final instructions for which Mr. Balwani is not seeking further argument, or (2) the Holmes final instructions for which Mr. Balwani has proposed redlined changes *infra* and will address during the charging conference. Mr. Balwani does not waive any objections or arguments already lodged to these or other instructions. Mr. Balwani also reserves the right to modify or seek additional instructions and to lodge additional objections at a later time.

| # | Holmes Final Instructions (Dkt. 1206) | |
|---|---|---|
| 1 | Duties of Jury to Find Facts and Follow Law | No further argument requested |
| 2 | Charge Against Defendant— Presumption of Innocence— Burden of Proof | No further argument requested |
| 3 | Absence of Co-Defendant | See *infra* at page 4 |
| 4 | Defendant's Decision to Testify | See *infra* at page 5 |
| 5 | Reasonable Doubt—Defined | No further argument requested |
| 6 | What Is Evidence | See *infra* at page 6 |

| 7 | What Is Not Evidence | No further argument requested |
| 8 | Direct and Circumstantial Evidence | No further argument requested |
| 9 | Credibility of Witnesses | See *infra* at page 7 |
| 10 | Activities Not Charged | See *infra* at page 8 |
| 11 | Separate Consideration of Multiple Counts—Single Defendant | No further argument requested |
| 12 | On or About—Defined | See *infra* at page 9 |
| 13 | Dual Role Testimony | See *infra* at page 10 |
| 14 | Charts and Summaries Not Admitted Into Evidence | No further argument requested |
| 15 | Charts and Summaries Admitted Into Evidence | See *infra* at page 11 |
| 16 | Conspiracy—Elements | See *infra* at page 12 |
| 17 | Definition of "Willfully" | No further argument requested |
| 18 | Conspiracy—Knowledge of and Association with Other Conspirators | No further argument requested |
| 19 | Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator | See *infra* at page 14 |
| 20 | Wire Fraud (18 U.S.C. § 1343) | See *infra* at page 16 |
| 21 | Intent to Defraud—Defined | No further argument requested |
| 22 | Good Faith | No further argument requested |
| 23 | Knowingly—Defined | See *infra* at page 19 |
| 24 | Aiding and Abetting | See *infra* at page 20 |
| 25 | Scheme to Defraud—Vicarious Liability (18 U.S.C. § 1343) | See *infra* at page 21 |
| 26 | Wire Fraud—Alleged Victim's Conduct | No further argument requested |
| 27 | Success of a Wire Fraud Scheme | See *infra* at page 23 |
| 28 | Alleged Violations of Regulations and Industry Standards | No further argument requested |
| 29 | Duty to Deliberate | No further argument requested |

DEFENDANT'S SUPPLEMENTAL PROPOSAL RE JURY
INSTRUCTIONS & VERDICT FORM
CASE NO. CR-18-00258-EJD

| 30 | Consideration of Evidence—Conduct of the Jury | No further argument requested |
|---|---|---|
| 31 | Use of Notes | No further argument requested |
| 32 | Jury Consideration of Punishment | No further argument requested |
| 33 | Verdict Form | See *infra* at Ex. 1 |
| 34 | Communication with Court | No further argument requested |
| | **Balwani Proposed Instructions** | |
| | Government Agency Witness | See *infra* at page 24 |
| | Adverse Inference for Missing Evidence | See *infra* at page 25 |

1

### 3.  ABSENCE OF CO-DEFENDANT

2
3
4
5
6

For reasons that do not concern you, the case against Mr. Balwani's[1] codefendant, Ms. Elizabeth Holmes, is not before you. Do not speculate why. This fact should not influence your verdict with reference to Mr. Balwani, nor should anything you know about the outcome of the case against Ms. Holmes affect your verdict as to Mr. Balwani and you. You must base your verdict solely on the evidence introduced during this trial. against Mr. Balwani.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[1] Throughout these supplemental proposals, Mr. Balwani has replaced "Ms. Holmes" with "Mr. Balwani," "her" with "his," and substituted Ms. Holmes' name for his name where the instructions refer to a co-defendant. He has not redlined those alterations.

1

### 4.  MR. BALWANI'S DECISION NOT TO TESTIFY

2    Mr. Balwani did not testify in this case. ~~has not testified. You should treat this testimony~~

3    ~~just as you would the testimony of any other witness.~~ A defendant in a criminal case has an

4    absolute right under the United States Constitution not to testify. In arriving at your verdict, the

5    law prohibits you from considering in any manner that Mr. Balwani did not testify.

6

7    _Authority_: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth
Circuit 6.3 & cmt. (Defendant's Decision Not to Testify) (2022 ed., last updated 3/2022) ("If this

8    instruction is requested by the defendant, it must be given." (citing *Carter v. Kentucky*, 450 U.S.
288, 305 (1981))).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 6.  WHAT IS EVIDENCE

2     The evidence you are to consider in deciding what the facts are consists of:

3     (1) the sworn testimony of any witness;

4     (2) the exhibits received in evidence; and

5     (3) any facts to which the parties have agreed.

6

7     _Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
8     6.6 (What is Evidence) (2022 ed., last updated 3/2022); _United States v. Houston_, 547 F.2d 104,
      107 (9th Cir. 1976) (When the parties have entered into stipulations as to material facts, those
9     facts will be deemed to have been conclusively established."); _see also United States v._
      _Mikaelian_, 168 F.3d 380, 389 (9th Cir. 1999).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 9.  CREDIBILITY

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account: (1) the witness's opportunity and ability to see or hear or know the things testified to; (2) the witness's memory; (3) the witness's manner while testifying; (4) the witness's interest in the outcome of the case, if any; (5) the witness's bias or prejudice, if any; (6) whether other evidence contradicted the witness's testimony; (7) the reasonableness of the witness's testimony in light of all the evidence; and (8) any other factors that bear on believability.

~~Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.~~

~~However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.~~

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

# 10.  ACTIVITIES NOT CHARGED

You are here only to determine whether Mr. Balwani is guilty or not guilty of the charges in the indictment. Mr. Balwani is not on trial for any conduct or offense not charged in the indictment. Mr. Balwani is not on trial for any conduct that took place before the time periods of the alleged offenses, including any conduct by Ms. Holmes before those time periods. The government has alleged a conspiracy to commit wire fraud against Theranos investors during the period 2010 to 2015, and a conspiracy to commit wire fraud against patients who paid for Theranos' blood testing services during the period 2013 to 2016.

*Authority*: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit 6.10 cmt. (Activities Not Charged) (2022 ed., last updated 3/2022) ("When conduct necessary to satisfy an element of the offense is charged in the indictment and the government's proof at trial includes uncharged conduct that would satisfy the same element, the court should instruct the jury that it must find the conduct charged in the indictment before it may convict. *See United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014) (reversible error to permit jury to convict on counts of aggravated identity theft against two victims named in indictment based on evidence presented at trial of uncharged conduct against identity-theft victims not named in indictment).").

1

2

**12.  ON OR ABOUT—DEFINED**

3      The indictment charges that the offenses alleged in Counts One through ~~Eight and Ten~~

4   ~~through~~ Twelve[2] were committed "on or about" a certain date.

5      Although it is necessary for the government to prove beyond a reasonable doubt that the

6   offenses were committed on a date reasonably near the date alleged in the indictment, it is not

7   necessary for the government to prove that the offenses were committed precisely on the date

8   charged.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ---

[2] Mr. Balwani has incorporated Count Nine where appropriate throughout his proposed
instructions and has redlined those alterations. Count Nine was absent from the final Holmes

28   instructions because the government dismissed that count from her case.

### 13.  DUAL ROLE TESTIMONY

You have heard testimony from Dr. Audra Zachman, ~~and~~ Dr. Mark Burnes, and Richard Sonnier III, who testified to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witness saw, heard, or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. You may take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 15.  CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

### 16.  CONSPIRACY—ELEMENTS

Mr. Balwani is charged in Counts One and Two of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.

Mr. Balwani is charged in Count One of the indictment with conspiring to commit wire fraud against investors in Theranos during the period 2010 to 2015.

Mr. Balwani is charged in Count Two of the indictment with conspiring to commit wire fraud against patients who paid for Theranos' blood testing services during the period 2013 to 2016.

I will define wire fraud later in these instructions.

In order for Mr. Balwani to be found guilty of either count, you must all unanimously agree with respect to each Count that the government has proved each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to commit wire fraud as charged in the indictment; and

Second, that Mr. Balwani became a member of the alleged conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. Nor is it enough, standing alone, that they had a business or romantic relationship. You must find that there was a plan to commit wire fraud as alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the

DEFENDANT'S SUPPLEMENTAL PROPOSAL RE JURY
INSTRUCTIONS & VERDICT FORM
CASE NO. CR-18-00258-EJD

person does not have full knowledge of all the details of the conspiracy. Furthermore, one who

willfully joins an existing conspiracy between two or more other people is as responsible for it as

the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act

in a way which furthers some object or purpose of the conspiracy, does not thereby become a

conspirator. Similarly, a person does not become a conspirator merely by associating with one or

more persons who are conspirators, nor merely by knowing that a conspiracy exists.

*Authority*: *United States v. Hussain*, No. 16-cr-00462-CRB-1, WL 4865562, at *5 (N.D. Cal. Oct. 27, 2017) (section 1349 conspiracy requires an agreement "among two or more persons that would satisfy the elements of the substantive offense").

**19.  CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR**

Each member of a conspiracy is responsible for the reasonably foreseeable actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Mr. Balwani guilty of wire fraud against investors in Theranos as charged in Counts Three through Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

Second, the co-conspirator was a member of the conspiracy charged in Count One of the indictment;

Third, the co-conspirator committed the crime of wire fraud in furtherance of the conspiracy;

Fourth, Mr. Balwani was a member of the same conspiracy at the time the offense charged in Counts Three through Eight was committed by the co-conspirator; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen by Mr. Balwani to be a necessary or natural consequence of the unlawful agreement.

You may find Mr. Balwani guilty of wire fraud against patients who paid for Theranos' blood testing services as charged in Counts ~~Ten~~ Nine through Twelve of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

Second, the co-conspirator was a member of the conspiracy charged in Count Two of the indictment;

Third, the co-conspirator committed the crime of wire fraud in furtherance of the conspiracy;

Defendant's Supplemental Proposal re Jury Instructions & Verdict Form Case No. CR-18-00258-EJD

1    Fourth, Mr. Balwani was a member of the same conspiracy at the time the offense charged

2    in Counts ~~Ten~~ Nine through Twelve was committed by the co-conspirator; and

3    Fifth, the offense fell within the scope of the unlawful agreement and could reasonably

4    have been foreseen by Mr. Balwani to be a necessary or natural consequence of the unlawful

5    agreement.

1

**20.  WIRE FRAUD (18 U.S.C. §1343)**

2     Mr. Balwani is charged in Counts Three through ~~, Four, Five, Six, Seven, Eight, Ten,~~

3 ~~Eleven, and~~ Twelve of the indictment with wire fraud in violation of Section 1343 of Title 18 of

4 the United States Code.

5     Mr. Balwani is charged in Counts Three through Eight of the indictment with wire fraud

6 against investors in Theranos. In particular:

7     Mr. Balwani is charged in Count Three with wire fraud in connection with a wire transfer

8 of $99,990 on or about December 30, 2013.

9     Mr. Balwani is charged in Count Four with wire fraud in connection with a wire transfer

10 of $5,349,900 on or about December 31, 2013.

11     Mr. Balwani is charged in Count Five with wire fraud in connection with a wire transfer

12 of $4,875,000 on or about December 31, 2013.

13     Mr. Balwani is charged in Count Six with wire fraud in connection with a wire transfer of

14 $38,336,632 on or about February 6, 2014.

15     Mr. Balwani is charged in Count Seven with wire fraud in connection with a wire transfer

16 of $99,999,984 on or about October 31, 2014.

17     Mr. Balwani is charged in Count Eight with wire fraud in connection with a wire transfer

18 of $5,999,997 on or about October 31, 2014.

19     Mr. Balwani is charged in Counts Nine ~~Ten~~ through Twelve of the indictment with wire

20 fraud against patients who paid for Theranos' blood testing services. The government has alleged

21 that Mr. Balwani engaged in a scheme to defraud patients out of their money through

22 representations about Theranos' blood tests, and that those representations were false because

23 Theranos was not capable of consistently producing accurate and reliable blood test results.[3] In

24 particular:

25

26 ---
[3] In proposing this amendment to the Holmes final instruction, Mr. Balwani does not waive the

27 argument from his first motion in limine that the Third Superseding Indictment alleges fraud in connection with Theranos' proprietary technology, not in connection with non-Theranos

28 technology (i.e., unmodified commercially available blood testing devices) or the general practices of Theranos' clinical laboratories. Dkt. 1156 at 1–11.

Mr. Balwani is charged in Count Nine with wire fraud in connection with a wire transmission regarding Patient B.B.'s laboratory blood test results on or about October 12, 2015.

Mr. Balwani is charged in Count Ten with wire fraud in connection with a wire transmission of Patient E.T.'s laboratory blood test results on or about May 11, 2015.

Mr. Balwani is charged in Count Eleven with wire fraud in connection with a wire transmission of Patient M.E.'s laboratory blood test results on or about May 16, 2015.

Mr. Balwani is charged in Count Twelve with wire fraud in connection with a wire transfer of $1,126,661 on or about August 3, 2015.

In order for Mr. Balwani to be found guilty of each count of wire fraud, you must all unanimously agree with respect to each count that the government has proved each of the following elements beyond a reasonable doubt:

First, Mr. Balwani knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. To find that Mr. Balwani did so knowingly, you must find that he himself had actual knowledge of the fraudulent nature of the scheme or plan. A scheme to defraud is a deceptive scheme to deprive a person of money or property. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material. Statements are material if they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, Mr. Balwani acted with the intent to defraud, that is, the intent to deceive and cheat. The intent to deceive and cheat is the intent to deprive someone of money or property by means of deception; and

Fourth, Mr. Balwani used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme. The wire itself need not be false or misleading.

1    In determining whether a scheme to defraud exists, you may consider not only

2    Mr. Balwani's words and statements, but also the circumstances in which they are used as a

3    whole.

4    A wiring is caused when one knows that a wire will be used in the ordinary course of

5    business or when one can reasonably foresee such use.

6    It need not have been reasonably foreseeable to Mr. Balwani that the wire communication

7    would be interstate in nature. Rather, it must have been reasonably foreseeable to Mr. Balwani

8    that some wire communication would occur in furtherance of the scheme, and an interstate wire

9    communication must have actually occurred in furtherance of the scheme.

10

11   *Authority*: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth
     Circuit 6.10 & cmt. (Activities Not Charged) (noting risk that jury could convict for conduct not

12   charged in the indictment—and corresponding need for jury instruction to mitigate such risk—
     when "the government's proof at trial includes uncharged conduct that would satisfy" an element

13   of the charged offense); *see United States v. Wellington*, 754 F.2d 1457, 1463 (9th Cir. 1985),

14   *abrogated on other grounds by United States v. Miller*, 471 U.S. 130 (1985) (when there could be
     a discrepancy between the evidence and the scheme alleged in the indictment, the jury should be

15   instructed that: "(1) it must unanimously find the existence of a single scheme to defraud, and (2)
     the single scheme to defraud must not be substantially different from the scheme charged in the

16   indictment"); *United States v. Rude*, 88 F.3d 1538, 1547 (9th Cir. 1996) (approving lower court's
     instruction that required "a specific finding that the scheme found matched that charged in the

17   [operative] Indictment"); 2 Sand, Modern Federal Jury Instructions-Criminal ¶ 44.01 (Mail Fraud
     and Wire Fraud) (Matthew Bender ed. 2021) ("When there is the potential for variance based

18   upon proof of … a scheme other than that charged in the indictment, the jury must be instructed
     that it must unanimously find that the defendant participated in a single scheme and that it is the

19   scheme alleged in the indictment."); *id.* ("The Fifth Circuit has also approved the following

20   similar language: '[W]hat must be proved beyond a reasonable doubt is that the Defendant
     knowingly and willfully devised … a scheme to defraud substantially the same as the one alleged

21   in the indictment,' accompanied by an admonition that 'Defendant is not on trial for any act or
     conduct not alleged in the indictment.'"); *Phillips v. United States*, 356 F.2d 297 (9th Cir. 1965)

22   (rejecting "constructive notice" theory imputing a co-conspirator's actual knowledge to another

23   co-conspirator) .

24

25

26

27

28

## 23.  KNOWINGLY—DEFINED

An act is done knowingly if Mr. Balwani is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that Mr. Balwani knew that his acts were unlawful. You may consider evidence of Mr. Balwani's words, or acts, or omissions, along with all the other evidence, in deciding whether Mr. Balwani acted knowingly.

To find that Mr. Balwani acted knowingly, you must find that he himself had knowledge of the fact at issue. Knowledge by Ms. Holmes or Theranos agents or employees does not prove Mr. Balwani's personal knowledge.

*Authority*: *Phillips v. United States*, 356 F.2d 297 (9th Cir. 1965) (rejecting "constructive notice" theory imputing a co-conspirator's actual knowledge of customer complaints to another co-conspirator).

### 24.  AIDING AND ABETTING

Mr. Balwani may be found guilty of wire fraud as charged in Counts Three through ~~Eight and Ten through~~ Twelve of the indictment, even if Mr. Balwani personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove Mr. Balwani guilty of wire fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the conduct charged in Counts Three through ~~Eight and Ten through~~ Twelve of the indictment;

Second, Mr. Balwani aided, counseled, commanded, induced, or procured that person with respect to at least one element of wire fraud as charged in Counts Three through ~~Eight and Ten through~~ Twelve of the indictment;

Third, Mr. Balwani acted with the intent to facilitate wire fraud as charged in Counts Three through ~~Eight and Ten through~~ Twelve of the indictment; and

Fourth, Mr. Balwani acted before the crime was completed.

It is not enough that Mr. Balwani merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that Mr. Balwani acted with the knowledge and intention of helping that person commit wire fraud as charged in Counts Three through ~~Eight and Ten through~~ Twelve of the indictment.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

**25.  SCHEME TO DEFRAUD—VICARIOUS LIABILITY (18 U.S.C. § 1343)**

If you find that Mr. Balwani was a member of the scheme to defraud investors in Theranos charged in Counts Three through Eight and that Mr. Balwani had the intent to defraud investors in Theranos, Mr. Balwani may be responsible for other co-schemers' actions during the course of and in furtherance of the alleged scheme, even if Mr. Balwani did not know what they said or did.

For Mr. Balwani to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the government must prove each of the following elements beyond a reasonable doubt:

First, the co-schemer was a member of the scheme to defraud investors charged in Counts Three through Eight of the indictment;

Second, the co-schemer committed the offense in furtherance of the scheme to defraud Theranos investors;

Third, Mr. Balwani was a member of the same scheme to defraud, and possessed the intent to defraud Theranos investors; and

Fourth, the offense committed by the co-schemer fell within the scope of the scheme to defraud and was one that Mr. Balwani could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

If you find that Mr. Balwani was a member of the scheme to defraud patients who paid for Theranos' blood testing services charged in Counts Nine ~~Ten~~ through Twelve and that Mr. Balwani had the intent to defraud Theranos paying patients, Mr. Balwani may be responsible for other co-schemers' actions during the course of and in furtherance of the alleged scheme, even if Mr. Balwani did not know what they said or did.

For Mr. Balwani to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the government must prove each of the following elements beyond a reasonable doubt:

First, the co-schemer was a member of the scheme to defraud patients who paid for Theranos' blood testing services charged in Counts Nine ~~Ten~~ through Twelve of the indictment;

1     Second, the co-schemer committed the offense in furtherance of the scheme to defraud

2   Theranos paying patients;

3     Third, Mr. Balwani was a member of the same scheme to defraud, and possessed the

4   intent to defraud Theranos paying patients; and

5     Fourth, the offense committed by the co-schemer fell within the scope of the scheme to

6   defraud and was one that Mr. Balwani could reasonably foresee as a necessary and natural

7   consequence of the scheme to defraud.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 27.  SUCCESS OF A WIRE FRAUD SCHEME

2

Success of a scheme to defraud is not necessary for purposes of determining whether wire

3

fraud occurred. For Counts Three ~~through Eight and Ten~~ through Twelve, it is not necessary that

4

Mr. Balwani made a profit or that anyone actually suffered a loss.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# GOVERNMENT AGENCY WITNESS

You have heard testimony from a witness who works for a government agency. The fact that a witness may be employed by the federal or state government as an official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

*Authority*: 1 Sand, Modern Federal Jury Instructions-Criminal ¶ 7-16 (Law Enforcement Witness) (Matthew Bender ed. 2020); Third Circuit Model Criminal Jury Instructions 4.18; *United States v. Bethancourt*, 65 F.3d 1074, 1080 (3d Cir. 1995) ("[T]he government witnesses' testimony was not entitled to any greater consideration because of their federal employment."); *Bush v. United States*, 375 F.2d 602, 605 n.6 (D.C. Cir. 1967) (affirming lower court's instruction "to give an officer's testimony no weight different from that given any other witness simply because he was an officer."); *United States v. Powell*, 932 F.2d 1337, 1341 & n.3 (9th Cir. 1991) (approving lower court's instruction: "You're required to use the same standard in judging the credibility of every witness, regardless of what his occupation or background may be.").

# ADVERSE INFERENCE FOR MISSING EVIDENCE

If you find that the government negligently or recklessly failed to preserve the Theranos Laboratory Information System that the government knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.

Negligence is the failure to use reasonable care. Reasonable care is the degree of care that reasonably prudent persons would use under like circumstances to avoid injury to themselves or others. Negligence is the doing of something which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, under like circumstances.

"Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of allowing evidence to be destroyed, which is either known to the government or so obvious that the government must have been aware of it.

_Authority_: _See_ Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit 3.19 & cmt. (Lost or Destroyed Evidence) ("An instruction concerning evidence lost or destroyed by the government is appropriate when the balance 'between the quality of the Government's conduct and the degree of prejudice to the accused' weighs in favor of the defendant." (quoting _United States v. Loud Hawk_, 628 F.2d 1139, 1152 (9th Cir. 1979) (en banc) (Kennedy, J., concurring), _overruled on other grounds by United States v. W.R. Grace_, 526 F.3d 499 (9th Cir. 2008))); _id._ ("While a showing of bad faith on the part of the government is required to warrant the dismissal of a case based on lost or destroyed evidence, it is not required for a remedial jury instruction." (citing _United States v. Sivilla_, 714 F.3d 1168, 1170 (9th Cir. 2013))); _United States v. Robertson_, 895 F.3d 1206, 1213 (9th Cir. 2018) ("In assessing the quality, or 'culpability,' of the government's conduct, we consider whether the evidence was lost or destroyed while in the government's custody, whether the government acted in disregard of the defendant's interests, whether the government was negligent, whether the prosecuting attorneys were involved, and, if the acts were deliberate, whether they were taking in good faith or with reasonable justification."); _United States v. Burns_, 790 F. App'x 93, 95 (9th Cir. 2020) (reaffirming that the _Loud Hawk_ test "has no bad faith requirement" and holding that lower court "abused its discretion by refusing to give an adverse-inference instruction absent a showing of bad faith by the government"); _see also_ Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit 6.3 (Federal Employer's Liability Act—Negligence Defined); Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit 7.3 (Jones Act Negligence Claim—Negligence Defined); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit 9.9 (Securities Fraud) (defining "reckless").

1    DATED: June 7, 2022                    Respectfully submitted,

2                                           ORRICK HERRINGTON & SUTCLIFFE LLP

3
                                           By:   */s/ Jeffrey B. Coopersmith*
4                                                Jeffrey B. Coopersmith

5                                                Attorney for Defendant
                                                RAMESH "SUNNY" BALWANI
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28