JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com;
scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. CR-18-00258-EJD<br><br>**MR. BALWANI'S MOTION TO ADMIT TRIAL EXHIBIT 20832**<br><br>Date:  June 9, 2022<br>Time:  8:30 a.m.<br>CTRM.: 4, 5th Floor<br><br>**Hon. Edward J. Davila** |

**MOTION TO ADMIT TRIAL EXHIBIT 20832**

PLEASE TAKE NOTICE that on June 9, 2022, at 8:30 a.m. or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, located at 280 South First Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Ramesh "Sunny" Balwani will and hereby does respectfully move the Court to admit Trial Exhibit 20832. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: June 8, 2022                Respectfully submitted,

                                              ORRICK HERRINGTON & SUTCLIFFE LLP

                                        By:  */s/ Jeffrey B. Coopersmith*
                                                Jeffrey B. Coopersmith

                                               Attorney for Defendant
                                               RAMESH "SUNNY" BALWANI

## I. INTRODUCTION

Mr. Balwani moves to admit Trial Exhibit 20832[1]—an email containing statements of Department of Justice employees and other government agents about the government's efforts to access the contents of Theranos' Laboratory Information System (LIS) database. The Court granted in part Mr. Balwani's motion to compel discovery of communications and other materials referenced in a *Brady* letter the government sent defense counsel summarizing those investigatory efforts. Dkt. 1464 at 7 ("LIS Ruling"); *see* Dkt. 732-2 ("*Brady* Ltr."). In doing so, the Court agreed with Mr. Balwani that these materials are relevant to a key feature of Mr. Balwani's defense relating to the government's failure to obtain the original LIS database. LIS Ruling at 4.

The government produced TX 20832 on June 2, 2022, in accordance with that ruling. TX 20832 is an October 5, 2018 email that Sutton Peirce, an Automated Litigation Support supervisor at the United States Attorney's Office, sent to the prosecution team explaining the Office's inability to access an encrypted copy of the LIS data and offering possible routes forward. The exhibit is authentic under Federal Rule of Evidence 901. Any statements by government employees or agents contained within the email are admissible for their truth under Federal Rule of Evidence 801(d)(2)(D) and for the non-hearsay purpose of showing notice to the government about potential ways to obtain the LIS information.

## II. ARGUMENT

### A. TX 20832, Which the Government Produced in Response to Mr. Balwani's Discovery Request, Is Authentic Under Rule 901

TX 20832 satisfies the standards for authentication under Federal Rule of Evidence 901. Rule 901 "is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *United States v. Pang*, 362 F.3d 1187, 1193 (9th Cir. 2004); *see United States v. Blackwood*, 878 F.2d 1200, 1202 (9th Cir. 1989) (Rule 901 requires that proponent "make only a prima facie showing of authenticity."). A document's production by the

---

[1] TX 20832 has been transmitted to the Court and the government via email on June 8, 2022. It is also attached as Exhibit A to this motion.

opposing party in discovery can be sufficient evidence of its authenticity. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 n.20 (9th Cir. 2002). The "production of the items at issue in response to a discovery request" functions as a "judicial admission[]" of authenticity that satisfies the rule. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 972 (C.D. Cal. 2006); *accord* 31 Wright & Miller, Federal Practice & Procedure § 7105.

Here, TX 20832 was produced by the government in response to the Court's LIS Ruling. The native .msg files show that both the sender and recipient email addresses have @usa.doj.gov domain names associated with the United States Attorney's Office, and their names include "(USACAN)" suffixes corresponding to the Northern District of California U.S. Attorney's Office. These facts satisfy Rule 901. *See Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (rejecting argument that defendant had failed to authenticate documents on plaintiff's letterhead where plaintiff produced them and did not deny their authenticity); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (notes adequately authenticated where opposing party produced them in discovery and its witnesses confirmed the author was an employee).

### B. The Statements in TX 20832 About the LIS Database Are Admissible for Their Truth Under Rule 801(d)(2)(D)

In both civil and criminal cases, statements by employees of the executive branch are party-opponent statements admissible against the government to prove their truth under Rule 801(d)(2)(D). *See United States v. Van Griffin*, 874 F.2d 634, 638 (9th Cir. 1989).[2] The Federal Rules "clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases." *United States v. Morgan*, 581 F.2d 933, 937 n.10 (D.C. Cir. 1978); *see also Van Griffin*, 874 F.2d at 638; *United States v. Branham*, 97 F.3d 835, 851 (6th Cir. 1996); *United States v. Kattar*, 840 F.2d 118, 130 (1st Cir. 1988). Rule 801(d)(2)(D) provides that an opposing

---

[2] *See also United States v. Bagcho*, 151 F. Supp. 3d 60, 69 (D.D.C. 2015); *St. Bernard Parish Government v. United States*, 121 Fed. Cl. 747, 768 (2015) (applying the rule to statements of "Government employees or experts" in a civil case); *Clanton v. United States*, 241 F. Supp. 3d 857, 872 (S.D. Ill. 2017) (same), *vacated and remanded on other grounds*, 943 F.3d 319 (7th Cir. 2019); *Hurd v. United States*, 134 F. Supp. 2d 745, 750 (D.S.C. 2001) (same); *In re Jacoby Airplane Crash Litigation*, No. 99–6073, 2007 WL 2746833, at *5 (D.N.J. Sept. 19, 2007) (collecting civil cases applying the rule to the federal government).

party's statement is not hearsay when offered against the opposing party and the statement is one that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Nothing in the plain language of Rule 801(d)(2) exempts government statements. Nor does the rule require such statements to be in a particular form, to be based on "firsthand knowledge" or have any "guarantee of trustworthiness," Fed. R. Evid. Rule 801(d)(2) advisory committee's note, to have been adopted as the official position of the United States, *compare* Fed. R. Evid. 801(d)(2)(B), or to have been officially authorized, *compare* Fed. R. Evid. 801(d)(2)(C).

      The Ninth Circuit has applied Rule 801(d)(2)(D) to government employees and agents far removed from the prosecuting attorneys, requiring only that the individual or entity be a "relevant and competent" government actor to speak on the matter. *Van Griffin*, 874 F.2d at 638 (analyzing National Highways Traffic Safety Administration statements on field sobriety testing); *see also United States v. Chang*, 207 F.3d 1169 (9th Cir. 2000) (the criminal defendant must "establish[] that the proffered testimony" would be "within the scope of the [federal actor's] agency"). The rule necessarily applies with even more force to the Department of Justice—the criminal defendant's direct adversary. *Kattar*, 840 F.2d at 130 ("Whether or not the entire federal government . . . should be deemed a party-opponent in criminal cases, . . . the Justice Department certainly should be considered such." (citations omitted)). Statements by DOJ employees and other DOJ agents should be "generous[ly]" admitted as an intended "result of the adversary system." Fed. R. Evid. 801(d)(2) advisory committee's note. Thus, courts have readily applied Rule 801(d)(2)'s provisions to statements by prosecutors and investigators, and even government informants acting as agents of the government. *See, e.g., United States v. Bakshinian*, 65 F. Supp. 2d 1104, 1106 (C.D. Cal. 1999); *Branham*, 97 F.3d at 851; *United States v. Warren*, 42 F.3d 647, 655 (D.C. Cir. 1994); *Kattar*, 840 F.2d at 130–31; *Morgan*, 581 F.2d at 937–38.

      Here, TX 20832 satisfies the requirements of Rule 801(d)(2)(D), so Mr. Balwani may offer the statements contained within it for their truth. As explained above, the native .msg file indicates that the sender is an employee or contractor of the United States Department of Justice and thus an agent of the opposing party. The email and the government's *Brady* letter establish

that the sender was an Automated Litigation Support supervisor in the U.S. Attorney's Office tasked with accessing the LIS hard drive's contents. *See, e.g.*, *Brady* Ltr. ¶¶ 39–49; TX 20832. The sender was therefore a "relevant and competent" government actor to speak on the matters discussed in the email, *i.e.*, the Office's ability to access the LIS backup copy's contents and any additional steps necessary to successfully obtain the LIS data.³ *Van Griffin*, 874 F.2d at 638.

The Court has ruled that the government's *Brady* letter itself is inadmissible. *See* LIS Ruling at 11–12. But it did so because it concluded that admitting that letter would be "unnecessary and cumulative" given its LIS Ruling, which granted in part Mr. Balwani's motion to compel the communications and materials underlying the letter—including TX 20832. *Id.* at 12. And while, as the Court observed, a "few" courts have "conclude[d] that [*Brady*] letters are inadmissible," any concerns related to the introduction of *Brady* letters are inapplicable to the government statements here. *Id.* at 11; *see also id.* (citing *United States v. Milikowsky*, 896 F. Supp. 1285, 1303 n.34 (D. Conn. 1994)). The statements in TX 20832 are admissible under Rule 801(d)(2)(D) by virtue of the speaker's status as an agent of the Department of Justice and the fact that the statements relate to a matter within the scope of that role.

### C. The Court Should Also Admit TX 20832 for the Non-Hearsay Purpose of Showing Notice to the Government Regarding Options for Accessing the LIS Information

As Mr. Balwani explained in his motion to compel the government's LIS-related communications, two critical issues in Mr. Balwani's case-in-chief will be "whether the government could have secured the LIS by seizing the LIS servers and drives," and "whether the government unreasonably ignored advice to do so from its own technical specialists." Dkt. 1425 at 3. The Court ruled that Mr. Balwani "is entitled to put on [this] defense concerning the Government's 'investigatory failure.'" LIS Ruling at 8; *see also id.* at 12 (permitting Mr. Balwani argue about "what the Government should have done to obtain the LIS"). The communications

---

³ Although the Court ruled that the government's *Brady* letter could not be offered as an exhibit, the Court "may properly consider hearsay" and other inadmissible evidence to answer preliminary questions of admissibility. *United States v. $129,727.00 U.S. Currency*, 129 F.3d 486, 494 (9th Cir. 1997).

are thus also relevant for a non-hearsay purpose: to show that the government was on notice about how to obtain the LIS information.

Out-of-court statements offered to "prove [a person's] knowledge" of certain facts "are not hearsay." *Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1449 (9th Cir. 1994). And when the receipt of "advice given" is relevant to the issues in a case, "the words which constitute the advice are classic examples of verbal acts" and "are not hearsay." *United States v. McLennan*, 563 F.2d 943, 947 (9th Cir. 1977). The advice is "admissible because [it was] spoken, whether true or false," and "come[s] in to bring home notice" to the listener. *Id.*; *see, e.g.*, *United States v. Ferguson*, 676 F.3d 260, 286 (2d Cir. 2011) (advice given to defendant "offered solely for the purpose of showing that the statement was made" to the defendant was not offered for its truth).

TX 20832 explained that the contents of the LIS database copy in the government's possession could not be processed in-house and that further steps needed to be taken to view the material. The prosecution team learned of several "[p]ossible [r]outes [f]orward." *Id.* Those routes included steps like encouraging the producing party to provide its physical SQL server, asking other agencies for resources to process the database, or identifying a vendor to process the material. *Id.* No matter the truth of these assertions, evidence that the government was on notice that the database was not accessible with current office resources and received advice about how to obtain the data, "ha[s] a tendency … to make the facts concerning the quality or thoroughness of the Government's investigation more or less probable, which is of consequence to this action." LIS Ruling at 4; see also Fed. R. Evid. 401. Thus, while these communications fit comfortably within Rule 801(d)(2)(D)'s party-opponent rule and are relevant and admissible for their truth, they are also relevant and admissible for the non-hearsay purpose of proving the government's knowledge.

### III.   CONCLUSION

Mr. Balwani asks the Court to admit TX 20832 under Rule 801(d)(2)(D) or for the non-hearsay purpose of proving the government's knowledge.

| | | |
|---|---|---|
| 1 | DATED: June 8, 2022 | Respectfully submitted, |
| 2 | | ORRICK HERRINGTON & SUTCLIFFE LLP |
| 4 | | By: */s/ Jeffrey B. Coopersmith*<br>Jeffrey B. Coopersmith |
| 5 | | Attorney for Defendant<br>RAMESH "SUNNY" BALWANI |