# Exhibit 1

# TO RAMESH "SUNNY" BALWANI'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER AT DKT. 1483

JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com;
scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. CR-18-00258-EJD<br><br>**RAMESH "SUNNY" BALWANI'S [PROPOSED] MOTION FOR RECONSIDERATION OF ORDER AT DKT. 1483**<br><br>Date:  June 13, 2022<br>Time:  10:00 a.m.<br>CTRM.: 4, 5th Floor<br><br>Hon. Edward J. Davila |

**[PROPOSED] MOTION FOR RECONSIDERATION
OF ORDER AT DKT. 1483**

PLEASE TAKE NOTICE that on June 13, 2022, at 10:00 a.m. or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, located at 280 South First Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Ramesh "Sunny" Balwani will and hereby does respectfully move the Court to reconsider a portion of its Order at Dkt. 1483. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: June 11, 2022            Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP

By:  /s/ Jeffrey B. Coopersmith
     Jeffrey B. Coopersmith

     Attorney for Defendant
     RAMESH "SUNNY" BALWANI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On May 20, 2022, Mr. Balwani orally moved to strike the portion of testimony by CMS inspector Sarah Bennett stating that "Theranos said that the laboratory had concluded that there is possible patient impact for every test reported from the laboratory's TPS 3.5 instrument." 5/10/22 Trial Tr. at 5134 (testimony); 5/20/22 Trial Tr. at 6324–31 (oral motion). Mr. Balwani timely objected to this testimony when the question was presented. 5/10/22 Trial Tr. at 5094, 5130–34. Mr. Balwani argued that this testimony is inadmissible hearsay because it is an out-of-court statement made by Dr. Kingshuk Das (former Theranos lab director) and, if offered for the non-hearsay purpose of notice to CMS, is irrelevant. *Id.* at 5094–5106; 5/20/22 Trial Tr. at 6325–27.

On June 10, 2022, the Court denied Mr. Balwani's motion on two grounds: first, Dr. Das' out-of-court statement about a "possible patient impact" was "a party-admission" that is exempt from the rule against hearsay under Rule 801(d)(2); and second, the statement was offered for the non-hearsay purpose of "explaining" Ms. Bennett's actions and providing "context" for questions asked during her cross-examination. Dkt. 1483 at 1–2.

Mr. Balwani asks the Court to reconsider the first of these grounds, which was based on a misunderstanding of material facts about the timing of Dr. Das' statement in relation to Mr. Balwani's role at Theranos.[1] *See United States v. Mendez*, No. CR-07-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008) ("Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings."); Crim. L.R. 2-1 (applying Civil Local Rules to criminal actions); Civil L.R. 7-9(b)(3) (reconsideration is appropriate where, *inter alia*, court failed to "consider material facts").

The relevant facts rebut any possible theory that the out-of-court statement relayed by Ms. Bennett was "a party-admission" under Rule 801(d)(2). The statement was not made, adopted, or authorized by Mr. Balwani, nor was it made by his agent. *See* Fed. R. Evid. 802(d)(2).

---

[1] The portion of the Order that Mr. Balwani addresses in this motion appears at page 1, lines 17–20. Without waiving his prior arguments, Mr. Balwani does not move for reconsideration of the Court's second ground—that Ms. Bennett's testimony is admissible for a non-hearsay purpose.

Because this testimony does not satisfy Rule 802(d)(2), it should not be admitted for its truth. Mr. Balwani thus asks the Court to reconsider the first ground of its Order and instruct the jury that Ms. Bennett's testimony about a "possible patient impact" was admitted for only a limited purpose. *See* Fed. R. Evid. 105.

### III.   ARGUMENT

The Court based its party-admission analysis on three facts: Mr. Balwani "was the Chief Operating Officer" (COO) of Theranos; he "had responsibility for the lab"; and he "provided CMS with a document in which he took responsibility for the lab." Dkt. 1483 at 1. In relying on these facts, however, the Court overlooked their timing in relation to Dr. Das' April 2016 "possible patient impact" statement. The facts instead disprove any suggestion that Mr. Balwani made, authorized, or adopted Dr. Das' statement, or that Dr. Das was acting as Mr. Balwani's agent. Thus, Rule 801(d)(2) does not exempt the statement from the rule against hearsay.

Mr. Balwani interacted with CMS during that agency's inspection at Theranos in September and November 2015. 5/3/22 Trial Tr. at 4620. Ms. Bennett testified that Mr. Balwani "took charge" when CMS arrived and presented a slide deck describing himself as "responsible for all CLIA lab business operations." *Id.* at 4631, 4638. But Mr. Balwani's role in Theranos' clinical lab changed significantly between the time he interacted with Ms. Bennett during the CMS inspection in 2015 and the time that Dr. Das made the "possible patient impact" statement about six months later in 2016. After learning about CMS's findings, Theranos hired Dr. Das to serve as the new California lab director starting in December 2015. *See* 11/9/21 Holmes Trial Tr. at 5781. As Dr. Das testified during the Holmes trial,[2] the lab management structure changed with his arrival: he was the first lab director to report directly to Ms. Holmes and "had very limited chances to interact" with Mr. Balwani, as "Sunny left the company not too long after I [Dr. Das] joined." *Id.* at 5794 (he had "quite [a] minimum number of interactions" with Mr. Balwani); 11/10/21 Holmes Trial Tr. at 5913–15. It was not until April 2016—several months after Dr. Das

---

[2] The Court is not bound by the rules of evidence or limited to the evidence admitted at Mr. Balwani's trial when deciding preliminary questions of admissibility. *See* Fed. R. Evid. 104(a).

joined Theranos and about six months after the CMS inspection—that Dr. Das sent CMS the letter with the attachment containing the "possible patient impact" statement. 5/10/22 Trial Tr. at 5093 (discussing TX 5471 (letter) and TX 4943 (attachment)). No evidence suggests that Mr. Balwani "took responsibility for the lab" when Dr. Das made that statement, let alone that he specifically authorized or adopted it. Dkt. 1483 at 1. And even if CMS perceived Mr. Balwani as still responsible for the lab at that time (he was not), his operational role at most establishes that Mr. Balwani was an agent of Theranos, not that Dr. Das was an agent of Mr. Balwani.

So the only remaining basis for the Court's Rule 801(d)(2) analysis is Mr. Balwani's role as the COO of Theranos. Dkt. 1483 at 1. But as the Court has previously acknowledged, Mr. Balwani's "position at the top of Theranos' organizational chart alone is insufficient to establish the admissibility of statements made by any of the 160-plus employees working in Theranos' lab." Dkt. 1326 at 48. That is precisely why the Court deferred ruling on the government's motion in limine to admit statements by Theranos and Theranos employees and agents. *Id.* Before admitting such statements, the Court explained, it would have to apply the Ninth Circuit's "fact-based inquiry applying common law principles of agency" to determine whether the "specific statement" made by the "particular employee" is admissible under Rule 801(d)(2). *Id.* (quoting in part *United States v. Bonds*, 608 F.3d 495, 504 (9th Cir. 2010)).

Here, the facts do not support a finding that Dr. Das was acting as Mr. Balwani's agent when he made the "possible patient impact" statement. Dr. Das reported directly to Ms. Holmes and, in his own words, he "had very limited chances to interact" with Mr. Balwani. 11/9/22 Holmes Trial Tr. at 5794. Dr. Das was not acting "on [Mr. Balwani's] behalf and subject to [Mr. Balwani's] control," as required for an agency relationship. Dkt. 798 at 96 (quoting *Bonds*, 608 F.3d at 506). Nor is there any evidence that Mr. Balwani adopted or authorized Dr. Das' statement.[3] Because the facts belie any theory that Dr. Das' "possible patient impact" statement

---

[3] The mention of Mr. Balwani in the subject line of Dr. Das' April 1, 2016 letter to CMS does not render the letter and its attachments "adopted" or "authorized" by Mr. Balwani. Fed. R. Evid. 801(d)(2)(b)–(c). The subject line reads: "Updated Response **of Theranos, Inc.** to the March 18, 2016 Letter From Karen Fuller To Dr. Sunil Dhawan, Elizabeth Holmes, and Sunny Balwani (CLIA Number 05D2025714)." TX 5471 at 1 (emphasis added). The body of the letter confirms that it "provides **Theranos, Inc.'s** response to [CMS's] letter of March 18, 2016." *Id.* (emphasis

was "a party-admission" under Rule 801(d)(2), it should not be admitted for its truth.

If the Court grants this motion and reconsiders the first ground for its ruling in Dkt. 1483, Mr. Balwani asks that the Court instruct the jury that Ms. Bennett's testimony about a "possible patient impact" was admitted not for its truth, but for the limited purpose of contextualizing Ms. Bennett's actions and her other testimony. *See* Fed. R. Evid. 105 (when evidence is admitted for a limited purpose, a court must, upon timely request, "restrict the evidence to its proper scope and instruct the jury accordingly").

## IV.   CONCLUSION

For all the above reasons, Mr. Balwani asks the Court to grant this motion.

DATED: June 11, 2022                                  Respectfully submitted,

                                          ORRICK HERRINGTON & SUTCLIFFE LLP

                                          By:   */s/ Jeffrey B. Coopersmith*
                                                  Jeffrey B. Coopersmith

                                                  Attorney for Defendant
                                                 RAMESH "SUNNY" BALWANI

---

added). Thus, the letter on its face could only mean that *Theranos* adopted or authorized the response—and that Mr. Balwani specifically did not. *Cf.* Dkt. 798 at 95 ("Under general agency principles, Theranos employees were not Holmes' agents; they were Theranos' agents.").