1   JEFFREY B. COOPERSMITH (SBN 252819)
    AMY WALSH (Admitted Pro Hac Vice)
2   STEPHEN A. CAZARES (SBN 201864)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
3   The Orrick Building
    405 Howard Street
4   San Francisco, CA  94105-2669
    Telephone:    (415) 773-5700
5   Facsimile:    (415) 773-5759

6   Email: jcoopersmith@orrick.com; awalsh@orrick.com;
    scazares@orrick.com
7
    Attorneys for Defendant
8   RAMESH "SUNNY" BALWANI

9
                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
                         SAN JOSE DIVISION
11

12
    UNITED STATES OF AMERICA,            Case No. CR-18-00258-EJD
13
              Plaintiff,                 **RAMESH "SUNNY" BALWANI'S**
14                                        **REPLY IN SUPPORT OF PROPOSED**
         v.                               **MOTION FOR RECONSIDERATION**
15                                        **OF ORDER AT DKT. 1483**
    RAMESH "SUNNY" BALWANI,
16                                        **Hon. Edward J. Davila**
              Defendant.

17

18

19

20

21

22

23

24

25

## I.   INTRODUCTION

Mr. Balwani asks the Court to reconsider its ruling that a spring 2016 representation to Ms. Bennett about possible patient impact is admissible as an admission of a party opponent under Federal Rule of Evidence 801(d)(2). As the Court has recognized, the government must show that the declarant sharing this possible patient impact assessment with CMS was acting "on [Mr. Balwani's] behalf and subject to [Mr. Balwani's] control," as required for an agency relationship. Dkt. 798 at 96 (quoting *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010)). The government has not done so.

## III.   ARGUMENT

None of the government's arguments satisfy the required showing under Rules 104 and 801(d). First, the government repeats information about Mr. Balwani's role supervising CLIA laboratory operations in 2014 and addressing the CMS inspection in fall 2015. *See* Dkt. 1488 at 2. But as the proposed motion for reconsideration explained, that evidence does not address Mr. Balwani's role after January 2016, when Theranos was responding to CMS's deficiency findings. Shoehorning evidence from months—years, in some instances—earlier does not establish that the statement at issue, made in spring 2016, was made by someone acting on Mr. Balwani's behalf and under his control.

In fact, Dr. Das' unrebutted sworn testimony in the Holmes trial confirms that he reported directly to Ms. Holmes and had minimal interaction with Mr. Balwani. 11.9/21 Holmes Trial Tr. at 5794. The government's reference to Dr. Das' statement to investigative agents—unmentioned in his testimony—that he discussed his suggestion to void Edison test results just shows Mr. Balwani's knowledge of Dr. Das' intention. But knowledge is not what the government must prove. Instead, it must show that the declarant—here, Dr. Das—was acting as Mr. Balwani's agent. No such evidence exists. Instead, the evidence suggests at most that both Dr. Das and Mr. Balwani were acting as *Theranos'* agents.

Second, the government's contention that several Theranos personnel contributed to the patient impact assessment does not strengthen the showing under Rule 801(d). If anything, it

weakens it. The Court has already ruled that Mr. "Balwani's position at the top of Theranos' organizational chart alone is insufficient to establish the admissibility of statements made by any of the 160-plus employees working in Theranos' lab." Dkt. 1326 at 48. Whether "statements of a corporate employee may be admitted against a corporate officer depends upon the relationship between the employee and the officer." *Id.* (quoting *United States v. Agne*, 214 F.3d 47, 54–55 (1st Cir. 2000)). But the government's opposition does "not identif[y] any particular employee" for whom to apply this analysis. *Id.* That several Theranos employees contributed to the patient impact assessment further undermines any finding that the actual declarant was acting as Mr. Balwani's agent.

Third, the government offers a series of isolated emails that show nothing more than what Mr. Balwani has already acknowledged: he was an officer of Theranos. None of them even hints that Mr. Balwani has adopted the statement that there is a possible patient impact for every Edison test or that the declarant behind that statement was working as Mr. Balwani's agent.

In fact, the government misdescribes several of these emails:

- The government has done nothing to link **Exhibit 3** to its declaration (Dkt. 1488-4) to any response to CMS. To the contrary, the "re-draws" referenced in the email refer to tests run in February 2016—which do not relate to Edison test results from 2014 and 2015. Nor could they: as the email signature at the bottom of page 2 reflects, this email relates to the Arizona lab—not the California CLIA lab connected with voided Edison testing.

- **Exhibit 6:** This email (Dkt. 1488-7) discusses a draft public statement in response to inquiries from *The Wall Street Journal*, not a draft response to CMS. That a COO would weigh in on this media response does not affect whether he adopted a patient impact assessment or whether that assessment was prepared under his direction and control.

- **Exhibit 8:** This email (Dkt. 1488-9) is discussing voiding results from FDA-cleared and modified predicate devices, as the repeated references to "Advia" make clear. This document is unrelated to patient impact for Edison testing. Mr. Balwani is also merely copied on the email, without any suggestion that he is directing or adopting any statement within.

* * *

The Court's *in limine* rulings require the government to establish an agency relationship before offering statements by Theranos employees as admissions of Mr. Balwani under Rule 801(d)(2). The government has failed to make that showing. The Court should thus reconsider its ruling on that ground of admissibility.

## IV.  CONCLUSION

For these reasons, Mr. Balwani asks the Court to grant this motion.

DATED: June 13, 2022                              Respectfully submitted,

                                                 ORRICK HERRINGTON & SUTCLIFFE LLP


                                                 By:  */s/ Jeffrey B. Coopersmith*
                                                      Jeffrey B. Coopersmith

                                                      Attorney for Defendant
                                                      RAMESH "SUNNY" BALWANI

REPLY IN SUPPORT OF PROPOSED
MOTION FOR RECONSIDERATION
CASE NO. CR-18-00258-EJD