UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. 5:18-cr-00258-EJD-2<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 1487 |

On June 10, 2022, this Court denied Defendant Ramesh "Sunny" Balwani's motion to strike portions of Sarah Bennett's testimony. Defendant argued that the testimony was inadmissible under the rule against hearsay. This Court disagreed. Defendant filed a motion for leave to file a motion for reconsideration, again arguing that the testimony violates the rule against hearsay as it does not fall within Federal Rule of Evidence 801(d)(2). The Court again disagrees and **DENIES** Defendant's motion for leave to file a motion for reconsideration.

**I.     BACKGROUND**

On May 20, 2022, Defendant orally moved to strike the portion of the testimony by Centers for Medicare and Medicaid Services ("CMS") inspector Sarah Bennett stating that "Theranos said that the laboratory had concluded that there is a possible patient impact for every test reported from the laboratory's TPS 3.5 instrument." Transcript of Trial Proceedings at 5134; *Id.* at 6324–31. Defendant timely objected to the testimony. *Id.* at 5094, 5130–34. Defense counsel argued that the testimony is inadmissible hearsay because it is an out-of-court statement, made by a former Theranos lab director (Dr. Kingshuk Das), and is irrelevant for notice purposes.

Case No.: 5:18-cr-00258-EJD-2
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
1

1  *Id.* at 5094–5106, 6325–27.

2  As noted, on June 10, 2022, this Court denied Defendant's motion to strike. *See* Order re Defendant's Motion to Strike Portions of Sarah Bennett's Testimony ("Order"), Dkt. No. 1483. This Court denied the motion on two grounds. First, the Court determined that Dr. Das's out-of-court statement about a "possible patient impact" was a party-admission that is exempt from the rule against hearsay under Rule 801(d)(2). Second, the Court determined that even if the statement was hearsay, it was offered for a non-hearsay purpose of "explaining" Ms. Bennett's actions and providing "context" for questions asked during her cross-examination. Order at 1–2.

Defendant asks the Court to reconsider the first of these grounds, specifically whether the testimony was admissible under Federal Rule of Evidence 801(d)(2). Defendant argues the Court misunderstood material facts about the timing of Dr. Das's statement in relation to Defendant's role at Theranos. He does not seek reconsideration of the second ground. Defendant contends that the out-of-court statement relayed by Ms. Bennett was not made, adopted, or authorized by Defendant, nor was it made by his agent. Defendant therefore argues that the evidence was improperly admitted and requests that the Court reconsider its Order and instruct the jury that Ms. Bennett's testimony about a "possible patient impact" was admitted for only a limited purpose. *See* Ramesh "Sunny" Balwani's Motion for Leave to File Motion for Reconsideration of Order ("Mot."), Dkt. No. 1487. The Government opposes this request. *See* United States' Opposition to Defendant's Motion to Reconsider Order Denying Motion to Strike ("Opp."), Dkt. No. 1488.

**II.   LEGAL STANDARD**

In this district, motions for reconsideration are typically only entertained when new material facts or a change in law has occurred. N.D. Cal. Civ. L.R. 7-9; N.D. Cal. Crim. L.R. 2-1 (in criminal cases, courts look to civil rules so long as consistent). Motion for reconsideration should not be frequently made or freely granted. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of*

Case No.:   5:18-cr-00258-EJD-2
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
2

*Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)). A motion to reconsider is not a vehicle for an unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (collecting cases).

### III. DISCUSSION

As an initial matter, the Court notes that that reconsideration is inappropriate as Defendant does not present new arguments in his motion. Rather, he argues, as he did previously, that pursuant to testimony given by Dr. Kingshuk Das during the *Holmes* trial, there is an insufficient link for agency purposes. *Compare* Mot. at 4–7, *with* Transcript of Trial Proceedings at 5095–5107. This Court already considered and rejected that argument, both when ruling on contemporaneous objections to Mrs. Bennett's testimony and when issuing the Order denying Defendant's motion to strike. Because no new or materially different facts are presented in the motion at hand, there is not a basis to grant reconsideration.

However, even if a basis to consider Defendant's motion exists, the Court still must deny the motion for reconsideration. Looking only at the testimony elicited during *this* trial, there is an evidentiary basis to admit the testimony under Federal Rule of Evidence 801(d)(2). Further, even if the Court looks to Dr. Das's testimony from the *Holmes* trial, his testimony still supports admission under Rule 801(d)(2).

First, evidence admitted during this trial supports a finding of an agency relationship or adoptive admission for purposes of Rule 801(d)(2). Witness testimony established that Defendant oversaw the CLIA lab from late 2013 to late 2015, including during Ms. Bennett's review of the lab (*i.e.*, the fall of 2015). Transcript of Trial Proceedings at 1121, 1173–74, 1611–13, 3249–50. Additionally, testimony established that after Dr. Rosendorff resigned in November 2014, Defendant hired his dermatologist, Dr. Sunil Dhawan, as the CLIA lab director and hired Dr. Lynette Sawyer as a temporary co-lab director. However, neither Dr. Dhawan nor Dr. Sawyer spent much time overseeing Theranos's CLIA lab. *Id.* at 4080–91, 5531–47. From this, the jury

could infer that Defendant controlled and oversaw every aspect of the lab.

Ms. Bennett, a surveyor from CMS, arrived at Theranos in September 2015 to perform the two-year CLIA recertification and to investigate complaints that CMS had received. *Id.* at 4618–4623. Ms. Bennett testified that Defendant was present throughout her investigation. He was at the entrance conference between Theranos and CMS and even led a meeting, in which he presented a PowerPoint to CMS. Importantly, staff deferred to Defendant during the meeting. *Id.* at 4630–32. Ms. Bennett also testified that Defendant was described to CMS as Theranos's Chief Operating Officer ("COO") and President, and "responsible for *all* CLIA lab business operations." *Id.* 4631–39 (emphasis added); *id.* at 4631 ("Because [Defendant] took charge of the conference, he presented the PowerPoint, the staff deferred to him and allowed him to take the lead."); *see also* TX 5830 (CA CLIA Laboratory PowerPoint). In the PowerPoint shown to Ms. Bennett, an organizational chart shows Defendant ranked above Dr. Dhawan (the then lab director) and all other lab personnel. TX 5830 at 12; Transcript of Trial Proceedings at 4632, 4638. On cross examination, Ms. Bennett testified that she would expect the lab to follow an outlined response plan to deficiencies. Transcript of Trial Proceedings at 4718–26. On redirect examination, Ms. Bennett testified that Theranos provided to CMS on or before April 1, 2016, in response to CMS's January 2016 statement of deficiencies, a patient impact summary, with notice to the Defendant in the letter. *Id.* at 5089–94, 5130–34 (discussing TX 4943) ("Q: Okay. And in the re line, do you see [Defendant's] name in the re line? A: Yes."). Finally, the jury heard testimony that Defendant's effective last day at Theranos was May 11, 2016; over a month after the lab provided its report to CMS. *Id.* at 2160–62.

Defendant emphasizes that the patient impact summary was prepared by Dr. Das and that there is insufficient evidence to find that Dr. Das was acting as Defendant's agent. Using only the testimony from this trial, the Court must disagree. Defendant held himself out as running the lab; diagrams prepared at his behest place him at the top of the lab's organizational structure. The headline of the patient impact summary was addressed to Defendant, and the impact summary was prepared long before Defendant left Theranos. There is ample evidence to find that the summary

Case No.: 5:18-cr-00258-EJD-2
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
4

is a party admission, either an adopted admission, an authorized admission, or a statement of an agent. *See United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010) (looking to the control exercised by the employer to determine agency).

Second, Defendant uses testimony from Dr. Das in the *Holmes* trial to demonstrate that Dr. Das was not his agent. Dr. Das testified in the *Holmes* trial that he was hired by Theranos in December 2015 but was unable to work at Theranos full-time until mid-March 2016. *United States v. Holmes*, Transcript of Trial Proceedings at 5784–85. He testified that Defendant left Theranos "not too long" after he joined in March, but that he understood that prior lab directors reported to Defendant. *Id.* at 5794, 5913–15. However, even during their overlap, Dr. Das met with Defendant Holmes, Defendant Balwani, Daniel Young, and several lawyers and insisted that Theranos void all tests run on the Edison 3.5 device. *Id.* at 5284–35, 5947. Dr. Das also testified that Defendant was working with lawyers in responding to questions from the *Wall Street Journal* regarding the deficiencies found in the January 2016 CMS report. *Id.* at 5991–92. Thus, even looking at testimony from the *Holmes* trial, there is still sufficient evidence to find that the patient impact summary is a party admission.

Third, testimony during the *Holmes* trial established that many individuals at Theranos worked on the patient impact summary. *See id.* at 5714 (arguing that the patient impact summary is "a compilation of patient impact assessments that are compiled by Theranos with Dr. Das's involvement"). Further, Dr. Das testified that the report was "from Theranos." *Id.* at 5799–5800. Accordingly, the patient impact summary was prepared by Theranos, at a time that Defendant was the COO. It is thus proper to attribute the patient impact summary to Defendant under Rule 801(d)(2).

Finally, as outlined in the Government's opposition, there is ample evidence that supports a finding that Defendant was involved in Theranos's response to CMS's January 2016 findings and that he was responsible for engaging with CMS. Indeed, there is evidence that demonstrates that Dr. Das behaved like a subordinate would, by forwarding documents to Defendant and asking for approval. *See* Opp. at 4–5.

Case No.: 5:18-cr-00258-EJD-2
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
5

For these reasons, the Court finds there is sufficient evidence to establish either an agency relationship, an adoptive admission, or an authorized admission under Federal Rule of Evidence 801(d)(2).

### IV. CONCLUSION

Defendant's motion for leave to file a motion for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 14, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cr-00258-EJD-2
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
6