1

2                    UNITED STATES DISTRICT COURT

3                  NORTHERN DISTRICT OF CALIFORNIA

4                        SAN JOSE DIVISION

5

     UNITED STATES OF AMERICA,          )
6                                       )  CR-18-00258-EJD
                    PLAINTIFF,          )
7                                       )  SAN JOSE, CALIFORNIA
              VS.                       )
8                                       )  MAY 23, 2022
     RAMESH "SUNNY" BALWANI,            )
9                                       )  VOLUME 33
                    DEFENDANT.          )
10   _____  )  PAGES 6418 - 6504

11

12                 TRANSCRIPT OF TRIAL PROCEEDINGS
                BEFORE THE HONORABLE EDWARD J. DAVILA
13                 UNITED STATES DISTRICT JUDGE

14   A P P E A R A N C E S:

15   FOR THE PLAINTIFF:     UNITED STATES ATTORNEY'S OFFICE
                            BY:  JOHN C. BOSTIC
16                               JEFFREY B. SCHENK
                            150 ALMADEN BOULEVARD, SUITE 900
17                          SAN JOSE, CALIFORNIA 95113

18                          BY:  ROBERT S. LEACH
                                 KELLY VOLKAR
19                          1301 CLAY STREET, SUITE 340S
                            OAKLAND, CALIFORNIA 94612
20
            (APPEARANCES CONTINUED ON THE NEXT PAGE.)
21
     OFFICIAL COURT REPORTER:
22                               IRENE L. RODRIGUEZ, CSR, RMR, CRR
                                 CERTIFICATE NUMBER 8074
23

24        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                TRANSCRIPT PRODUCED WITH COMPUTER
25

6419

```
 1      A P P E A R A N C E S: (CONT'D)

 2      FOR DEFENDANT BALWANI:  ORRICK, HERRINGTON & SUTCLIFFE LLP
                                BY:  SHAWN ESTRADA
 3                              THE ORRICK BUILDING
                                405 HOWARD STREET
 4                              SAN FRANCISCO, CALIFORNIA 94105

 5                              BY:  JEFFREY COOPERSMITH
                                     AARON BRECHER
 6                              701 FIFTH AVENUE, SUITE 5600
                                SEATTLE, WASHINGTON 98104
 7
                                BY:  STEPHEN CAZARES
 8                              77 SOUTH FIGUEROA STREET, SUITE 3200
                                LOS ANGELES, CALIFORNIA 90017
 9
                                BY:  AMY WALSH
10                              51 W 52ND STREET
                                NEW YORK, NEW YORK 10019
11

12      ALSO PRESENT:
                                PROLUMINA
13                              BY:  CHRISTIAN
                                2200 SIXTH AVENUE, SUITE 425
14                              SEATTLE, WASHINGTON 98121

15                              UNITED STATES POSTAL INSPECTION SERVICE
                                BY:  CHRISTOPHER MCCOLLOW
16
                                FEDERAL BUREAU OF INVESTIGATION
17                              BY:  MARIO C. SCUSSEL

18                              UNITED STATES FOOD & DRUG
                                ADMINISTRATION
19                              BY:  GEORGE SCAVDIS

20

21

22

23

24

25
```

| | | |
|---|---|---|
| | 1 | SAN JOSE, CALIFORNIA                    MAY 23, 2022 |
| | 2 | P R O C E E D I N G S |
| 08:36AM | 3 | (JURY OUT AT 8:36 A.M.) |
| 08:36AM | 4 | (COURT CONVENED AT 8:36 A.M.) |
| 08:36AM | 5 | THE COURT:  THANK YOU FOR YOUR COURTESY. |
| 08:36AM | 6 | LET'S GO ON THE RECORD IN THE BALWANI MATTER. |
| 08:36AM | 7 | ALL COUNSEL ARE PRESENT.  MR. BALWANI IS PRESENT. |
| 08:36AM | 8 | WE ARE OUTSIDE THE PRESENCE OF THE JURY TO TAKE UP A |
| 08:37AM | 9 | MOTION THAT WAS CALENDARED. |
| 08:37AM | 10 | ALL RIGHT.  LET'S TALK ABOUT DOCUMENT 1440, WHICH IS THE |
| 08:37AM | 11 | GOVERNMENT'S MOTION TO EXCLUDE LIS RELATED TESTIMONY AND |
| 08:37AM | 12 | EVIDENCE; THE OPPOSITION IS 1448; AND THE REPLY IS 1454. |
| 08:37AM | 13 | I HAVE THOSE IN FRONT OF ME.  THANK YOU. |
| 08:37AM | 14 | LET ME FIRST HAVE YOU STATE YOUR APPEARANCE, PLEASE. |
| 08:37AM | 15 | MS. VOLKAR:  GOOD MORNING, YOUR HONOR. |
| 08:37AM | 16 | KELLY VOLKAR ON BEHALF UNITED STATES. |
| 08:37AM | 17 | THE COURT:  THANK YOU.  GOOD MORNING. |
| 08:37AM | 18 | MR. BRECHER:  GOOD MORNING, YOUR HONOR. |
| 08:37AM | 19 | AARON BRECHER FOR MR. BALWANI, WHO IS PRESENT IN THE |
| 08:38AM | 20 | COURTROOM, ALONG WITH MY COLLEAGUES. |
| 08:38AM | 21 | THE COURT:  THANK YOU.  GOOD MORNING. |
| 08:38AM | 22 | THIS IS THE GOVERNMENT'S MOTION TO EXCLUDE LIS RELATED |
| 08:38AM | 23 | TESTIMONY AND EVIDENCE BY MR. SONNIER, SONNIER? |
| 08:38AM | 24 | MR. BRECHER:  SONNIER.  THANK YOU, YOUR HONOR. |
| 08:38AM | 25 | THE COURT:  MR. SONNIER.  MR. SONNIER WAS AN EXPERT |

08:38AM 1     THAT THE DEFENSE RETAINED.

08:38AM 2         SO AS I UNDERSTAND IT, THE DEFENSE WOULD LIKE TO PUT THIS

08:38AM 3     WITNESS ON AS AN EXPERT TO TESTIFY ABOUT SQL, I THINK IT IS,

08:38AM 4     AND ABOUT THE ABILITY -- THIS WITNESS'S OPINION THAT THE

08:38AM 5     DATABASE COULD HAVE BEEN REASSEMBLED AND OTHERWISE BEEN MADE

08:39AM 6     PRODUCTIVE.

08:39AM 7         IS THAT WHAT HE'S GOING TO DO?

08:39AM 8             MR. BRECHER:  IN GENERAL TERMS, YOUR HONOR, YES.

08:39AM 9             THE COURT:  LET'S TALK SPECIFIC TERMS.

08:39AM 10            MR. BRECHER:  THAT'S WHAT I WAS TURNING TO,

08:39AM 11    YOUR HONOR.

08:39AM 12        MR. SONNIER IS AN EXPERT IN SQL, I BELIEVE IT IS COMMONLY

08:39AM 13    PRONOUNCED SQL SERVER DATABASES, DATA ENCRYPTION, AND DATA

08:39AM 14    RECOVERY.  THE SUBSTANCE OF HIS ANTICIPATED TESTIMONY CLOSELY

08:39AM 15    TRACKS THE DECLARATION THAT IS ALREADY ON FILE AS

08:39AM 16    DOCUMENT 1158.

08:39AM 17            THE COURT:  SO WHEN YOU SAY, "CLOSELY TRACKS," I

08:39AM 18    WANT TO BRING YOU BACK TO SPECIFICS, PLEASE.

08:39AM 19            MR. BRECHER:  SO WHAT MR. SONNIER WOULD SAY IS --

08:39AM 20    FIRST OF ALL, WE WOULD LAY -- WE WOULD ESTABLISH THE CONTEXT

08:39AM 21    FOR WHAT HAPPENED HERE, THAT THERE WAS A COPY THAT WAS

08:39AM 22    DELIVERED TO THE UNITED STATES GOVERNMENT.

08:39AM 23        THAT COPY WAS ENCRYPTED.  THAT ENCRYPTION KEY WAS NOT

08:39AM 24    PROVIDED.  NO ONE, SO FAR AS WE CAN TELL, HAS BEEN ABLE TO OPEN

08:39AM 25    IT, AND WE DON'T SEE ANY PROSPECTS OF ANYONE BEING ABLE TO OPEN

08:39AM  1    IT.

08:39AM  2         BUT WHAT MR. MR. SONNIER IS GOING TO SAY IS DESPITE THAT

08:39AM  3    FACT, AND DESPITE THE DISASSEMBLY OF THE LIS SYSTEM

08:39AM  4    ARCHITECTURE FOUR DAYS LATER, THAT WOULD NOT HAVE PREVENTED THE

08:40AM  5    GOVERNMENT FROM SEIZING THE ORIGINAL SERVERS AND DRIVES AND

08:40AM  6    REASSEMBLING THE LIS UNDER WHICH -- OH, PLEASE, YOUR HONOR.

08:40AM  7         THE COURT:  SO THIS IS WHERE I WOULD LIKE TO CUT TO

08:40AM  8    THE CHASE SO TO SPEAK.

08:40AM  9         MR. BRECHER:  SURE.

08:40AM  10        THE COURT:  HE CAN TESTIFY ABOUT, FROM YOUR

08:40AM  11   PERSPECTIVE, ABOUT HIS VAST KNOWLEDGE ABOUT THE SQL, AND HOW,

08:40AM  12   IN HIS OPINION, "EVEN IF IT WAS DISASSEMBLED, LADIES AND

08:40AM  13   GENTLEMEN, IT ACTUALLY COULD BE REASSEMBLED."  AND HE WOULD

08:40AM  14   TALK ABOUT THAT BASED ON HIS UNIVERSE OF KNOWLEDGE.

08:40AM  15        BUT ARE YOU ALSO TELLING ME THAT YOU WOULD ASK HIM

08:40AM  16   QUESTIONS ABOUT THE GOVERNMENT'S HANDLING OF THE -- WHATEVER

08:40AM  17   THEY HAD?

08:40AM  18        MR. BRECHER:  YES AND NO, YOUR HONOR.

08:40AM  19        I SUPPOSE TO YOUR QUESTION, I BETTER BE SPECIFIC TO MAKE

08:40AM  20   SURE THAT I'M CLEAR ON WHAT WE'RE SAYING.

08:40AM  21        THE COURT:  RIGHT.

08:40AM  22        MR. BRECHER:  I DON'T SEE THAT MR. SONNIER WOULD BE

08:40AM  23   ASKED QUESTIONS ABOUT THE GOVERNMENT'S HANDLING OF THE

08:40AM  24   ENCRYPTED COPY, OTHER THAN TO PROVIDE SOME FACTUAL CONTEXT FOR

08:40AM  25   THE JURY TO UNDERSTAND THAT THERE WAS THIS COPY PROVIDED, BUT

08:41AM  1      IT WAS INACCESSIBLE THROUGH NO FAULT OF THE GOVERNMENT, AND AS

08:41AM  2      WE WOULD CONTEND, THROUGH NO FAULT OF MR. BALWANI.

08:41AM  3              THE COURT:  SO HE THE WITNESS THAT WOULD LAY THAT

08:41AM  4      FOUNDATION?

08:41AM  5              MR. BRECHER:  I THINK SO, YOUR HONOR.

08:41AM  6              THE COURT:  HOW?  HOW WOULD HE DO THAT?

08:41AM  7              MR. BRECHER:  OH, WELL, SURE, YOUR HONOR.

08:41AM  8          FIRST OF ALL, AS YOU KNOW, EXPERTS ARE ALLOWED TO RELY ON

08:41AM  9      MATERIALS THAT MAY NOT THEMSELVES BE ADMISSIBLE.

08:41AM  10             THE COURT:  SO HE CAN TESTIFY AS AN EXPERT ON THE

08:41AM  11     SQL -- IS THAT WHAT IT IS, SQL?

08:41AM  12             MR. BRECHER:  SQL SERVERS --

08:41AM  13             THE COURT:  RIGHT.

08:41AM  14             MR. BRECHER:  AND DATA ENCRYPTION, YES.

08:41AM  15             THE COURT:  SO HE CAN TESTIFY ABOUT THAT.  HE CAN

08:41AM  16     RELY ON HEARSAY.  AS WE KNOW, EXPERTS CAN RELY ON HEARSAY.

08:41AM  17         BUT IF YOU'RE GOING TO ASK HIM TO COMMENT ABOUT THE

08:41AM  18     GOVERNMENT'S INVESTIGATION, WHAT THEY HAD, WHEN THEY GOT IT,

08:41AM  19     WHAT THEY COULD HAVE DONE, THAT'S FACT TESTIMONY, IT SEEMS TO

08:41AM  20     ME, AND THAT'S WHERE THERE'S A DEPARTURE FROM HIS EXPERT

08:41AM  21     TESTIMONY.

08:41AM  22             MR. BRECHER:  I THINK SO, YOUR HONOR, AT LEAST

08:41AM  23     POSSIBLY.  BUT I DON'T THINK THAT THAT'S AN ISSUE HERE, AND

08:41AM  24     I'LL EXPLAIN WHY.

08:41AM  25             THE COURT:  YOU KNOW, WHY I'M RAISING IT, AND JUST

08:41AM 1      BECAUSE THAT'S WHAT I'VE DISCERNED FROM YOUR PLEADINGS.

08:41AM 2          ONE OF THE PLEADINGS SEEMS TO SUGGEST THAT WE INTEND TO

08:42AM 3      ASK THE GOOD DOCTOR WHY THE GOVERNMENT DIDN'T DO WHAT THEY DID,

08:42AM 4      AND THEY COULD HAVE DONE IT IF THEY HADN'T DONE X, AND, YOU

08:42AM 5      KNOW, BE CRITICAL OF THEIR INVESTIGATION.

08:42AM 6          AND I WAS CURIOUS, ARE YOU GOING TO PUT HIM ON FOR THAT

08:42AM 7      PURPOSE?

08:42AM 8              MR. BRECHER:  YES, YOUR HONOR, AT LEAST A CERTAIN

08:42AM 9      VERSION OF IT.  I WANT TO BE CLEAR.

08:42AM 10             THE COURT:  YES, THIS IS A GOOD TIME TO BE CLEAR.

08:42AM 11     IT'S A GOOD TIME FOR CLARITY.

08:42AM 12             MR. BRECHER:  AND I HOPE THAT WE WERE IN THE COURSE

08:42AM 13     OF HIS DECLARATION AND IN OUR PLEADINGS.

08:42AM 14         BUT, FIRST OF ALL, THE FACTUAL FOUNDATION FOR THAT

08:42AM 15     EVIDENCE IS CLEARLY ADMISSIBLE.  IT IS THE GOVERNMENT'S BRADY

08:42AM 16     LETTER.  THIS IS AN 801(D) PARTY ADMISSION.  IT'S A STATEMENT

08:42AM 17     BY THE DEPARTMENT OF JUSTICE IN THIS LITIGATION.

08:42AM 18         I BELIEVE THAT THAT DOCUMENT, YOUR HONOR, WAS SIGNED BY

08:42AM 19     MR. LEACH.

08:42AM 20             THE COURT:  SO LET ME ASK -- I KEEP INTERRUPTING YOU

08:42AM 21     AND I BEG YOUR PARDON.

08:42AM 22             MR. BRECHER:  NO PROBLEM.

08:42AM 23             THE COURT:  BUT I THINK FOR PURPOSES OF OUR

08:42AM 24     DISCUSSION, WOULD YOU BE WILLING TO TELL US TODAY HOW YOU

08:42AM 25     INTEND TO GET THAT EVIDENCE IN?

08:42AM  1        AND IF YOU'RE NOT -- I'M NOT ASKING YOU TO REVEAL ANY

08:43AM  2   DEFENSE STRATEGY OR DEFENSE -- ANYTHING IN YOUR -- THAT YOU

08:43AM  3   DON'T WANT TO DO.  I'M NOT ASKING YOU NOR ORDERING YOU TO DO

08:43AM  4   THAT AT ALL.

08:43AM  5        I WOULD JUST LIKE TO KNOW STEP BY STEP HOW YOU FORESEE

08:43AM  6   EVIDENCE COMING IN.

08:43AM  7        I SEE HIM ON THE LATTER, AS A SQL EXPERT, AND HE WILL

08:43AM  8   TESTIFY ABOUT HIS VAST KNOWLEDGE OF SQL, AND KNOWLEDGE OF

08:43AM  9   DATABASES, AND ALL OF THOSE THINGS.  AND HE'LL TESTIFY THAT HE

08:43AM  10  UNDERSTANDS THE DATABASE WAS DISASSEMBLED.  IT WAS GONE.

08:43AM  11       HOWEVER, BASED ON HIS VAST KNOWLEDGE, HIS OPINION IS THAT

08:43AM  12  IT COULD HAVE BEEN PUT BACK TOGETHER SUCH THAT INFORMATION

08:43AM  13  COULD HAVE BEEN RETRIEVABLE.

08:43AM  14       HE'S GOING TO SAY THAT I TAKE IT?

08:43AM  15            MR. BRECHER:  YES.

08:43AM  16            THE COURT:  OKAY.  SO WE PUT HIM THERE.

08:43AM  17       AND THEN WHAT ABOUT THE TOP AND BOTTOM OF THAT?  HOW DO WE

08:43AM  18  GET TO THE FOUNDATION OF ANYTHING ELSE THAT YOU WOULD LIKE HIM

08:43AM  19  TO TESTIFY ABOUT?

08:43AM  20            MR. BRECHER:  SURE.  WELL, TWO POINTS ON THAT,

08:44AM  21  YOUR HONOR.

08:44AM  22            THE COURT:  AGAIN, DON'T REVEAL ANYTHING YOU DON'T

08:44AM  23  WANT TO.  AND IF YOU WANT TO CONSULT WITH YOUR PARTIES, PLEASE

08:44AM  24  DO SO, BUT I'M NOT ASKING YOU TO REVEAL ANY DEFENSE STRATEGIES

08:44AM  25  AT ALL.

08:44AM  1          MR. BRECHER:  I APPRECIATE THAT, YOUR HONOR.

08:44AM  2       I THINK WE FEEL COMFORTABLE SHARING IN SOME DETAIL HOW AND

08:44AM  3  WHY WE WOULD GO ABOUT ESTABLISHING IT BECAUSE IT'S IMPORTANT TO

08:44AM  4  UNDERSTANDING THE VIABILITY OF THIS DEFENSE.

08:44AM  5       AND THERE ARE TWO ISSUES TO BEAR IN MIND, YOUR HONOR.

08:44AM  6       FIRST, OUT OF FAIRNESS TO THE GOVERNMENT, WE FEEL THAT WE

08:44AM  7  MUST LAY THE APPROPRIATE FOUNDATION TO SHOW THAT THERE WAS THIS

08:44AM  8  ENCRYPTED COPY THAT WAS GIVEN THAT NO ONE COULD OPEN BECAUSE

08:44AM  9  WE'RE NOT GOING TO BLAME THE GOVERNMENT FOR THAT.

08:44AM 10          THE COURT:  SURE.

08:44AM 11          MR. BRECHER:  THAT WOULD BE INAPPROPRIATE.

08:44AM 12          THE COURT:  SURE.  AND HOW DO YOU DO THAT?

08:44AM 13          MR. BRECHER:  WELL, THROUGH THE BRADY LETTER,

08:44AM 14  YOUR HONOR, WHICH ESTABLISHES ALL OF THESE PIECES.

08:44AM 15          THE COURT:  AND HOW DO YOU DO THAT?

08:44AM 16          MR. BRECHER:  I'M SORRY, YOUR HONOR?

08:44AM 17          THE COURT:  YOU WANT TO INTRODUCE THE BRADY LETTER?

08:44AM 18          MR. BRECHER:  NOT NECESSARILY ALL OF THE LETTER,

08:44AM 19  YOUR HONOR.  I THINK THAT THE --

08:44AM 20          THE COURT:  YOU WANT TO INTRODUCE PARTS OF A BRADY

08:44AM 21  LETTER AND LAY A FOUNDATION AND TALK TO THE JURY ABOUT BRADY V.

08:44AM 22  MARYLAND, AND WE WANT TO INTRODUCE THE LETTER?

08:44AM 23          MR. BRECHER:  NOT THE DETAILS THAT YOUR HONOR JUST

08:44AM 24  SUGGESTED.

08:44AM 25       I THINK THE BEST ANALOGY, YOUR HONOR, IS WHAT ACTUALLY

08:45AM 1     HAPPENED IN COURT JUST THIS PAST WEEK.  AND YOU'LL REMEMBER

08:45AM 2     THAT THROUGH MR. GROSSMAN, THERE WAS A DISPUTE BETWEEN

08:45AM 3     MS. WALSH AND MR. LEACH ABOUT THE AVAILABILITY OF -- EXCUSE ME,

08:45AM 4     THE ADMISSIBILITY OF CERTAIN INTERROGATORY RESPONSES THAT HAVE

08:45AM 5     BEEN FILED IN THE PFM CIVIL LITIGATION BY MR. BALWANI.

08:45AM 6          AND THE COURT HAD SOME OF THOSE SAME CONCERNS, AS DID WE.

08:45AM 7     DO WE NEED TO EXPLAIN TO THE JURY WHAT AN INTERROGATORY

08:45AM 8     RESPONSE IS?  WHAT THIS SEPARATE LITIGATION IS?  ARE THERE 403

08:45AM 9     CONCERNS?

08:45AM 10         AND WHERE YOUR HONOR CAME DOWN, BECAUSE THIS JUST HAPPENED

08:45AM 11    LAST WEEK AND PORTIONS OF THOSE RESPONSES CAME INTO EVIDENCE,

08:45AM 12    IS THAT WE COULD PRESENT OR THE GOVERNMENT COULD INTRODUCE

08:45AM 13    REDACTED TEXTS FROM THOSE RESPONSES.

08:45AM 14         AND THE FOUNDATION THAT WAS LAID THROUGH THE WITNESS WAS

08:45AM 15    SIMPLY THAT HE UNDERSTOOD THAT THESE WERE MR. BALWANI'S ANSWERS

08:45AM 16    TO QUESTIONS, WITHOUT GETTING INTO THE CONTEXT OF WHY THIS WAS

08:45AM 17    HAPPENING OR THE FACT THERE WAS CIVIL LITIGATION.

08:46AM 18              THE COURT:  SURE.

08:46AM 19              MR. BRECHER:  THIS, YOUR HONOR, I THINK IS A MUCH

08:46AM 20    EASIER QUESTION BECAUSE THIS DOESN'T RELATE TO SEPARATE

08:46AM 21    LITIGATION, IT RELATES TO THIS LITIGATION.

08:46AM 22              THE COURT:  SO HOW WOULD YOU DO IT?  HOW WOULD YOU

08:46AM 23    DO IT?

08:46AM 24              MR. BRECHER:  SURE.  WELL, YOUR HONOR, WE HAVE THE

08:46AM 25    BRADY LETTER, AND I THINK WE FILED IT TWO OR THREE TIMES IN

08:46AM 1    VARIOUS REDACTED FORMS.  I THINK WHAT WE WOULD DO IS REDACT THE

08:46AM 2    TOP OF THE LETTER AND THE BULK OF THE TEXT.

08:46AM 3         WE WOULD ONLY MAKE CLEAR THAT THERE'S A SIGNATURE FROM THE

08:46AM 4    PROSECUTION TEAM TO SHOW THAT THIS IS A REPRESENTATION FROM THE

08:46AM 5    GOVERNMENT, AND WE WOULD DISPLAY CERTAIN PARAGRAPHS.

08:46AM 6         AND ALL WE WOULD DO IS EXACTLY WHAT WAS DONE WITH

08:46AM 7    MR. GROSSMAN AND THE PFM INTERROGATORIES, WHICH IS, DO YOU

08:46AM 8    UNDERSTAND THAT THESE ARE STATEMENTS MADE BY THE GOVERNMENT IN

08:46AM 9    THIS CASE?

08:46AM 10             THE COURT:  AND THE STATEMENTS WOULD BE THE -- IT

08:46AM 11   SEEMS LIKE WHAT YOU'RE EAGER TO GET IN, IS THE STATEMENT BY AN

08:46AM 12   I.T. EMPLOYEE, PARALEGAL OR SOME SORT, WHO OPINED WHY DON'T YOU

08:46AM 13   DO THIS?

08:46AM 14        IS THAT IT?  IS THAT IT?

08:46AM 15             MR. BRECHER:  THAT IS ONE OF THE STATEMENTS,

08:47AM 16   YOUR HONOR.

08:47AM 17        I THINK MOST OF THE OTHERS WOULD RELATE TO PROVIDING THAT

08:47AM 18   CONTEXT, THAT, AGAIN, I THINK WE HAVE TO PROVIDE IN ORDER FOR

08:47AM 19   MR. SONNIER'S TESTIMONY TO MAKE SENSE, AND, FRANKLY, IN ORDER

08:47AM 20   TO BE FAIR TO THE GOVERNMENT, TO MAKE SURE THE JURY DOES KNOW

08:47AM 21   THERE WAS THIS COPY THAT NOBODY COULD ACCESS, AND THERE WAS

08:47AM 22   CONCERN ABOUT HOW DO WE GO ABOUT THAT.

08:47AM 23             THE COURT:  SURE.

08:47AM 24        I'M SURE WE ALL WRESTLED WITH THIS, THIS WEEKEND, HOW DOES

08:47AM 25   THIS COME IN, IF IT COMES IN AT ALL?  AND IN WHAT SCENARIO

08:47AM 1    WOULD IT COME IN?

08:47AM 2         AND HAVE YOU PUT TOGETHER SOMETHING THAT YOU COULD SHARE

08:47AM 3    WITH ME OTHER THAN OUR QUESTION BY QUESTION?

08:47AM 4              MR. BRECHER:  WE HAVE NOT, YOUR HONOR.  WE WOULD BE

08:47AM 5    MORE THAN HAPPY TO DO SO, AND I'M SURE WE COULD DO SO LATER

08:47AM 6    THIS AFTERNOON IF THE COURT WOULD LIKE.

08:47AM 7              THE COURT:  BECAUSE WHEN I LOOK AT WHAT YOU WANT TO

08:47AM 8    DO, AND, YOU KNOW, WE READ THE CASES, AND I UNDERSTAND, YOU

08:47AM 9    KNOW, YOU DO NOT WANT THE COURT TO IN ANY WAY DISABUSE YOUR

08:47AM 10   ABILITY TO PUT ON A DEFENSE OR TO CRITICIZE THE GOVERNMENT'S

08:48AM 11   INVESTIGATION.

08:48AM 12        UNDERSTOOD.  THAT'S CRIMINAL LAW 101, ISN'T IT?

08:48AM 13             MR. BRECHER:  I'D LIKE TO THINK SO, YOUR HONOR.

08:48AM 14             THE COURT:  RIGHT.  THAT'S WHAT HAPPENS.

08:48AM 15             MR. BRECHER:  BUT THERE ARE SOME PLEADINGS THAT HAVE

08:48AM 16   SUGGESTED OTHERWISE.

08:48AM 17             THE COURT:  WELL, I WON'T ASK YOU WHICH SIDE.

08:48AM 18        SO IF HE TESTIFIES -- MY CONCERN WAS, HE CANNOT TESTIFY

08:48AM 19   ABOUT THE BRADY CONDUCT OR WHAT THE GOVERNMENT DID.  HE CAN'T

08:48AM 20   TESTIFY, OH, THE GOVERNMENT SHOULD HAVE, WOULD HAVE, COULD

08:48AM 21   HAVE, AND BECAUSE THEY DIDN'T.

08:48AM 22        IT SEEMS LIKE HE IS THE EXPERT TO SAY, YOU CAN DO THIS, IF

08:48AM 23   YOU GET IT, YOU CAN ACTUALLY REBUILD IT, AND THAT'S HOW IT CAN

08:48AM 24   BE DONE.

08:48AM 25             AND THEN THE OTHER GAPS, I THINK, THE CONTEXT AS WELL, I'M

08:48AM 1    WONDERING ABOUT, HOW DOES THAT COME IN?

08:48AM 2        YOU KNOW, OVER THE WEEKEND, I THOUGHT, WELL, MAYBE THESE

08:48AM 3    PARTIES, BECAUSE THEY'VE BEEN GETTING ALONG SO WELL, THEY'LL

08:48AM 4    PROBABLY STIPULATE TO A CERTAIN FACT PATTERN THAT COMES IN,

08:48AM 5    MAYBE NOT.

08:48AM 6        BUT WHO WOULD YOU CALL?  WOULD YOU INTEND TO CALL -- I

08:49AM 7    KNOW THERE WAS SOME LANGUAGE ABOUT WE'LL CALL MR. LEACH,

08:49AM 8    MR. BOSTIC, WE'LL CALL THE PARALEGAL, WE'LL CALL THE

08:49AM 9    UNITED STATES ATTORNEY IN.

08:49AM 10       MR. BRECHER:  WELL, YOUR HONOR, I DON'T THINK THAT

08:49AM 11   ANY OF THAT IS NECESSARY.

08:49AM 12       FIRST, YOUR HONOR, IN ADDITION TO THE --

08:49AM 13       THE COURT:  WELL, THAT'S A RELIEF.

08:49AM 14       MR. BRECHER:  IN ADDITION TO THE BRADY LETTER,

08:49AM 15   YOUR HONOR, THERE MAY ALSO BE -- WE HAVE A PENDING DISCOVERY

08:49AM 16   MOTION, SO THERE MAY BE EMAILS THAT DISCUSS THESE VERY

08:49AM 17   RECOMMENDATIONS TO THE GOVERNMENT THAT WE HOPE YOUR HONOR WILL

08:49AM 18   ORDER THE GOVERNMENT TO PRODUCE TO US.

08:49AM 19       BUT I THINK THE ISSUE IS, THOSE EMAILS AND THAT BRADY

08:49AM 20   LETTER, THOSE ARE STATEMENTS AND CONDUCT BY DOJ EMPLOYEES

08:49AM 21   ACTING WITHIN THE SCOPE OF THEIR RESPONSIBILITY.

08:49AM 22       THE COURT:  SO LET'S NOT TALK ABOUT ADMISSIBILITY.

08:49AM 23       I'M JUST CURIOUS HOW AND WHAT WOULD YOU DO?  HOW DOES

08:49AM 24   THAT COME IN?

08:49AM 25       MR. BRECHER:  WELL, YOUR HONOR, AS THE COURT KNOWS

08:49AM 1    FROM AN ARGUMENT THAT MY COLLEAGUE, MS. ESTRADA, HAD WITH

08:49AM 2    MR. SCHENK ABOUT TWO WEEKS AGO, AS LONG AS THE EVIDENCE ITSELF

08:49AM 3    IS ADMISSIBLE, YOU DON'T NEED A WITNESS WITH PERSONAL KNOWLEDGE

08:49AM 4    OF THE MATERIAL IN ORDER TO INTRODUCE IT.

08:49AM 5        WE SAW THAT WITH THE CHRISTIAN HOLMES EMAIL.

08:50AM 6            THE COURT:  I'M SORRY.  I'M NOT BEING CLEAR.

08:50AM 7        I'M ASKING YOU, HOW DOES IT COME IN?  WHO IS IT?  JUST,

08:50AM 8    HOW DOES THAT COME IN?  DOES IT COME IN THROUGH SONNIER OR DO

08:50AM 9    YOU DO SOMETHING ELSE TO GET THIS IN?

08:50AM 10           MR. BRECHER:  OH.  I THINK, YOUR HONOR, WE WOULD

08:50AM 11   WANT TO KEEP THIS AS CLEAN AND AS SIMPLE AS POSSIBLE.

08:50AM 12       WE WOULD USE MR. SONNIER AND INTRODUCE THROUGH HIM

08:50AM 13   WHATEVER ADMISSIBLE MATERIALS YOUR HONOR ALLOWS US TO USE FROM

08:50AM 14   THE BRADY LETTER.

08:50AM 15           THE COURT:  AND THAT QUESTION WOULD BE -- WHAT WOULD

08:50AM 16   THAT QUESTION BE TO HIM?

08:50AM 17           MR. BRECHER:  I THINK IT WOULD BE EXACTLY THE SAME

08:50AM 18   QUESTION THAT THE GOVERNMENT WAS ALLOWED TO ASK OF MR. GROSSMAN

08:50AM 19   WITH RESPECT TO THE PFM INTERROGATORY RESPONSES.

08:50AM 20           THE COURT:  SO HERE'S A STATEMENT FROM THE PARALEGAL

08:50AM 21   WHO SAID "WHY DON'T YOU TRY DOING THIS, WHY DON'T YOU TRY

08:50AM 22   PUTTING IT BACK TOGETHER?"  AND YOU WOULD SHOW HIM THAT AND

08:50AM 23   SAY, "DO YOU AGREE WITH THAT?"  AND HE'LL SAY, "YES, YES."

08:50AM 24           MR. BRECHER:  THAT'S ESSENTIALLY IT, YOUR HONOR.

08:50AM 25           THE COURT:  RIGHT.

08:50AM 1      AND THEN WILL HE SAY, "BUT THEY DIDN'T DO IT SO SHAME ON

08:50AM 2  THEM?"  HE CAN'T SAY THAT.

08:50AM 3           MR. BRECHER:  I DON'T THINK HE'S GOING TO SAY,

08:51AM 4  "SHAME ON THEM," YOUR HONOR.

08:51AM 5      I THINK IT'S ENOUGH FOR US TO SAY WE DON'T HAVE THIS

08:51AM 6  EVIDENCE, SO THEY CLEARLY DIDN'T DO IT.

08:51AM 7           THE COURT:  YOU CAN SAY THAT NOW.  DON'T YOU?  YOU

08:51AM 8  HAVE SUFFICIENT EVIDENCE TO SAY THAT NOW.

08:51AM 9           MR. BRECHER:  YES.

08:51AM 10          THE COURT:  WHY DO YOU NEED THIS?

08:51AM 11          MR. BRECHER:  WELL, YOUR HONOR, WE NEED IT FOR A

08:51AM 12  COUPLE OF REASONS.

08:51AM 13     FIRST -- AND WE SHOULD REMEMBER THE PROCEDURAL CONTEXT

08:51AM 14  HERE.  IN THE LEAD UP TO THE HOLMES TRIAL, THERE WAS A SERIES

08:51AM 15  OF DEBATES ABOUT WHAT EVIDENCE ABOUT THE LIS COULD COME IN AND

08:51AM 16  LIS FAULT.

08:51AM 17     AND THE COURT ISSUED THREE RULINGS.  THIS WAS DOCKET 798.

08:51AM 18     AND RULING NUMBER ONE WAS THAT UNLESS THE DEFENSE OPENED

08:51AM 19  THE DOOR, THE GOVERNMENT COULD NOT RAISE THE ISSUE OF

08:51AM 20  THERANOS'S FAULT IN THE LOSS OF THE LIS.

08:51AM 21     RULING NUMBER TWO WAS THAT MERELY MENTIONING THE ABSENCE

08:51AM 22  OF THE LIS DATA WOULD NOT OPEN THAT DOOR.

08:51AM 23     AND THEN RULING NUMBER THREE WAS IF THE DEFENSE, IN THIS

08:51AM 24  CASE THE HOLMES DEFENSE, WOULD HAVE BLAMED THE GOVERNMENT FOR

08:51AM 25  THE LOSS OF THE LIS, THEN IT WOULD OPEN THE DOOR TO SOMETHING,

6433

08:51AM 1    AND THERE WOULD HAVE TO BE FURTHER LITIGATION TO FIGURE OUT

08:52AM 2    EXACTLY WHAT.

08:52AM 3        AS YOU'LL RECALL, YOUR HONOR, IN OUR OWN MIL'S, WE

08:52AM 4    REQUESTED THE COURT ADOPT THAT PRECISE RULING.

08:52AM 5        BUT THE GOVERNMENT SAID SOMETHING DIFFERENT.  THE

08:52AM 6    GOVERNMENT SAID HOLD ON, STOP RIGHT THERE.  WE'VE THOUGHT ABOUT

08:52AM 7    THINGS IN A DIFFERENT WAY.

08:52AM 8        AND, IN FACT, IF YOU TALK ABOUT THE ABSENCE OF THE LIS,

08:52AM 9    THAT IS IMPLIEDLY BLAMING THE GOVERNMENT FOR ITS LOSS BECAUSE

08:52AM 10   THE GOVERNMENT BEARS THE BURDEN OF PROOF.

08:52AM 11       WE OPPOSED THAT.  AND YOUR HONOR SIDED WITH THE GOVERNMENT

08:52AM 12   ON THAT ISSUE.

08:52AM 13           THE COURT:  I'M NOT SURE.  I THINK THAT'S A BROAD

08:52AM 14   READING.

08:52AM 15       I NEVER, NEVER SAID THAT YOU WOULD BE PERMITTED TO

08:52AM 16   CRITICIZE THE ABSENCE OF THAT MATERIAL.

08:52AM 17           MR. BRECHER:  OH, NO, YOUR HONOR, YOU DID NOT.  AND

08:52AM 18   THAT'S ACTUALLY ONE OF THE THINGS WE'RE RELYING ON IN

08:52AM 19   PRESENTING THIS DEFENSE.

08:52AM 20           THE COURT:  RIGHT.

08:52AM 21           MR. BRECHER:  BUT I SHOULD HAVE BEEN CLEAR, WHAT THE

08:52AM 22   COURT CITED WITH THE GOVERNMENT ON IS IF THE DEFENSE TALKS

08:52AM 23   ABOUT THE ABSENCE OF THE LIS IN PARTICULAR, THAT IS IMPLIEDLY

08:52AM 24   FAULTING THE GOVERNMENT FOR ITS LOSS, AND IT ALLOWS -- IT OPENS

08:53AM 25   THE DOOR TO SOMETHING.  WE STILL DON'T KNOW WHAT.

08:53AM 1           THE COURT:  WELL, I THINK THAT'S A LITTLE BROAD.

08:53AM 2        IF -- I THINK THERE HAS TO BE MORE.

08:53AM 3        YOU'RE ABLE -- THE DEFENSE IS ALWAYS GOING TO BE ABLE TO

08:53AM 4    SAY, "THEY HAVEN'T PROVED THEIR CASE.  AND HERE'S WHAT THEY

08:53AM 5    HAVE, THEY HAVE THREE PATIENTS.  AND YOU HEARD THEM.  THREE

08:53AM 6    PATIENTS.  YOU HEARD EVIDENCE, LADIES AND GENTLEMEN, THAT THERE

08:53AM 7    WERE HOWEVER MANY TESTS."

08:53AM 8        ACTUALLY, I'M NOT SURE ANYBODY HAS TESTIFIED YET AS TO

08:53AM 9    WHETHER THERE WERE HUNDREDS AND THOUSANDS OR MILLIONS OF TESTS

08:53AM 10   THAT WOULD LIE ON THE LIS.  MAYBE YOU HAVE RECOLLECTION OF

08:53AM 11   THAT.  I KNOW THERE WAS SOME TESTIMONY ABOUT THAT IN THE HOLMES

08:53AM 12   CASE.  THERE MAY BE SOME HERE, I JUST DON'T RECALL.

08:53AM 13       BUT TO THIS POINT, THE COURT HAD SAID IN ITS ORDER IN THIS

08:53AM 14   CASE -- AND I WAS NOT TRYING TO DISABUSE ANYONE OF PUTTING A

08:53AM 15   DEFENSE ON AT ALL.  I WANT TO BE CLEAR ABOUT THAT.

08:53AM 16         MR. BRECHER:  WE DIDN'T TAKE IT THAT WAY,

08:54AM 17   YOUR HONOR.

08:54AM 18       THE COURT:  WHAT I WAS TRYING TO LET THE PARTIES

08:54AM 19   KNOW IS THAT IF EITHER PARTY, EITHER PARTY TRIES TO DO

08:54AM 20   SOMETHING WITH THE LIS, IT MAY VERY WELL OPEN THE DOOR BECAUSE

08:54AM 21   WE ALL KNOW THERE ARE SEVERAL DOORS AVAILABLE REGARDING THIS

08:54AM 22   LIS.  THERE'S A LOT OF BACKGROUND INFORMATION THAT THE JURY

08:54AM 23   DOES NOT KNOW AT THIS POINT.

08:54AM 24       AND DEPENDING ON HOW THE ARGUMENTS GO AND WHAT THE

08:54AM 25   TESTIMONY IS, DOORS COULD BE OPENED.

08:54AM 1     NOT TO GET AHEAD OF MYSELF, BUT IF THE DEFENSE DECIDES TO

08:54AM 2     PUT THIS ON, THE GOVERNMENT MAY WANT TO -- WELL, MS. VOLKAR

08:54AM 3     SAID THAT IN HER PLEADINGS, DIDN'T SHE?

08:54AM 4     MR. BRECHER:  YES, YOUR HONOR.

08:54AM 5     THE COURT:  WE'LL PUT ALL OF THE OTHER EVIDENCE IN,

08:54AM 6     AND THE COURT MIGHT SAY, AS YOU RECOGNIZE, FAIRNESS TO THE

08:54AM 7     GOVERNMENT, THERE MIGHT BE SOME OR ALL OF THAT, THAT WOULD AT

08:54AM 8     LEAST BE CONSIDERED FOR ADMISSIBILITY, TO GIVE THE JURY THE

08:54AM 9     ENTIRE STORY, AS YOU SAID.

08:54AM 10    MR. BRECHER:  YES, YOUR HONOR.  I'M HAPPY TO ADDRESS

08:54AM 11    AND PLAN TO ADDRESS TODAY PRECISELY WHERE WE THINK THAT THOSE

08:54AM 12    LINES SHOULD BE DRAWN.

08:54AM 13    BUT I WANT TO MAKE SURE THAT I STICK WITH ANSWERING THE

08:55AM 14    COURT'S QUESTIONS FOR NOW JUST TO MAKE IT CLEAR HOW WE INTEND

08:55AM 15    TO DO THIS.

08:55AM 16    I THINK IT'S NOT A PARTICULARLY COMPLICATED EXERCISE.

08:55AM 17    IT'S ONE THAT REALLY TRACKS WELL, WHAT THE COURT ALLOWED

08:55AM 18    MR. LEACH TO DO WITH MR. GROSSMAN THE OTHER DAY.

08:55AM 19    "MR. SONNIER, DO YOU UNDERSTAND THAT THESE ARE

08:55AM 20    REPRESENTATIONS BY THE GOVERNMENT?"  FULL STOP.  THAT'S IT.

08:55AM 21    HERE'S A PIECE TALKING ABOUT THIS ENCRYPTED COPYING OF A

08:55AM 22    DATABASE.  HERE'S A PARAGRAPH SAYING IT COULDN'T BE OPENED.

08:55AM 23    HERE'S A RECOMMENDATION FROM THE GOVERNMENT'S TECHNICAL

08:55AM 24    SUPERVISOR SAYING WHY DON'T YOU TRY THIS.  AND THEN THE

08:55AM 25    FOLLOWUP.

08:55AM 1    MR. SONNIER, DO YOU AGREE WITH THAT?  WOULD THAT HAVE

08:55AM 2 WORKED?

08:55AM 3    YES.

08:55AM 4    I DON'T THINK IT GETS SIGNIFICANTLY MORE COMPLICATED THAN

08:55AM 5 THAT.

08:55AM 6         THE COURT:  THAT'S ABOUT A TEN MINUTE TESTIMONY

08:55AM 7 THEN.

08:55AM 8         MR. BRECHER:  WELL, YOUR HONOR, I THINK IT MAY BE A

08:55AM 9 LITTLE LONGER IF ONLY TO ESTABLISH HIS BONE FIDES AS AN EXPERT.

08:55AM 10 AND I IMAGINE THAT THAT FOUNDATION WOULD TAKE SLIGHTLY LONGER

08:55AM 11 THAN I'VE JUST ARTICULATED IT.  BUT THE ESSENCE OF IT IS JUST

08:55AM 12 THAT.

08:55AM 13         THE COURT:  SO HE WOULD NOT SAY, WELL, BECAUSE THEY

08:56AM 14 DID X, THEY SAT ON IT, THEY DIDN'T DO THAT, THAT WAS

08:56AM 15 MALFEASANCE, AND THEY SHOULD HAVE KNOWN BETTER OR THEY SHOULD

08:56AM 16 HAVE GOT ON IT SOONER, OR THEY SHOULD HAVE REALIZED THIS, HE'S

08:56AM 17 NOT GOING TO TESTIFY ABOUT THAT, CRITICIZING THE GOVERNMENT IN

08:56AM 18 THEIR ACTIONS?

08:56AM 19         MR. BRECHER:  WELL, NO AND POSSIBLY YES.

08:56AM 20    AGAIN, I WANT TO BE CLEAR AT EVERY STAGE WHAT WE'RE

08:56AM 21 TALKING ABOUT.

08:56AM 22         THE COURT:  SURE.

08:56AM 23         MR. BRECHER:  SO THE POINT RAISED BY MS. VOLKAR IN

08:56AM 24 THE GOVERNMENT'S REPLY BRIEF, RIGHT, THAT MR. SONNIER MAY

08:56AM 25 OFFER, A FEAR THAT MR. SONNIER WOULD OFFER LEGAL CONCLUSIONS

08:56AM 1    ABOUT NEGLIGENCE OR RECKLESSNESS, WE'RE NOT GOING TO ASK HIM

08:56AM 2    THAT.  THAT'S AN ISSUE FOR THE JURY.

08:56AM 3        AND IF WE'RE ALLOWED TO RAISE THIS SORT OF ADVERSE

08:56AM 4    INFERENCE INSTRUCTION, WHICH WE PLAN TO PRESS AT THE CHARGING

08:56AM 5    CONFERENCE, AND YOUR HONOR HAS DEFERRED RULING ON THAT ISSUE,

08:56AM 6    THEN WE WOULD ARGUE FROM THE INFERENCES.

08:56AM 7        THAT'S NOT SOMETHING FOR MR. SONNIER TO TESTIFY ABOUT.

08:56AM 8        WHAT HE MIGHT SAY THAT COMES CLOSE TO CRITICISM, I GUESS,

08:56AM 9    IS, YES, I AGREE, AND THE GOVERNMENT COULD HAVE DONE THAT.  AND

08:57AM 10   STOP THERE.

08:57AM 11           THE COURT:  HOW DOES HE KNOW THAT?

08:57AM 12           MR. BRECHER:  YOUR HONOR, FIRST OF ALL, THIS IS A

08:57AM 13   FOUNDATIONAL ISSUE FOR MR. SONNIER'S BACKGROUND.  BUT AS WE

08:57AM 14   WILL ESTABLISH -- AND HIS CV IS ALREADY ATTACHED AS EXHIBIT A

08:57AM 15   TO DOCKET 1158 REFLECTS -- I'M SORRY, MS. RODRIGUEZ.

08:57AM 16       MR. SONNIER IS A VETERAN OF COUNTLESS FORENSIC

08:57AM 17   INVESTIGATIONS.  THIS IS WHAT HE DOES FOR A LIVING.  HE'S GOING

08:57AM 18   TO SAY, "I'M FAMILIAR WITH HOW WE SEIZE EVIDENCE, AND I HAVE

08:57AM 19   ALSO REVIEWED MATERIAL."

08:57AM 20       AND YOUR HONOR WILL RECALL, EXPERTS CAN FORM OPINIONS

08:57AM 21   BASED ON EVEN INADMISSIBLE MATERIALS THEY REVIEW IF IT'S

08:57AM 22   RELIABLE WITHIN THEIR FIELD.

08:57AM 23       AND HE'S GOING TO SAY, I'VE LOOKED AT LITERATURE THAT I

08:57AM 24   CONSIDER RELIABLE IN MY FIELD AND THAT OTHER EXPERTS RELY ON

08:57AM 25   ABOUT BEST PRACTICES AND WHAT SHOULD BE DONE IN SEIZING

08:57AM  1    ELECTRONIC DATA, AND I THINK THE GOVERNMENT COULD HAVE DONE

08:57AM  2    THIS.  AND I DON'T SEE HOW THAT'S CONTROVERSIAL, YOUR HONOR.

08:57AM  3            THE COURT:  I THINK IT MIGHT BE.  I THINK IT MIGHT

08:57AM  4    BE.

08:57AM  5        IF HE STARTS TO TESTIFY ABOUT -- I THINK YOU WANT TO

08:58AM  6    INTRODUCE SOMETHING, AND WE'LL TALK ABOUT YOUR EXHIBITS,

08:58AM  7    THERE'S A LIST OF EXHIBITS AND ONE OF THEM IS A SECRET

08:58AM  8    SERVICE MANUAL.

08:58AM  9            MR. BRECHER:  WE DON'T INTEND TO INTRODUCE THAT,

08:58AM  10   YOUR HONOR.

08:58AM  11           THE COURT:  RIGHT.

08:58AM  12           MR. BRECHER:  I'M HAPPY TO ADDRESS THOSE NOW SINCE

08:58AM  13   THE COURT RAISED THEM.

08:58AM  14           THE COURT:  WELL, I RAISED THEM BECAUSE I LOOKED AT

08:58AM  15   THEM AND I THOUGHT, OH, DEAR, WHERE ARE WE GOING?

08:58AM  16           MR. BRECHER:  YOUR HONOR, WHERE WE'RE GOING IS VERY

08:58AM  17   SIMPLE.  IT'S A MATTER OF COURTESY TO THE GOVERNMENT AND TO ALL

08:58AM  18   PARTIES TO MARK EVERYTHING THAT AN EXPERT RELIED ON AS AN

08:58AM  19   EXHIBIT.

08:58AM  20       AND AS YOU KNOW, WE CAN REFRESH ANY WITNESS'S

08:58AM  21   RECOLLECTION, BUT CERTAINLY AN EXPERT'S RECOLLECTION WITH

08:58AM  22   VIRTUALLY ANYTHING.

08:58AM  23       THE PURPOSE OF DOCUMENTS LIKE THOSE, ARE NOT TO INTRODUCE

08:58AM  24   THEM INTO EVIDENCE.  IT'S SO IF WE ASK MR. SONNIER A QUESTION,

08:58AM  25   AND HE STUMBLES A BIT, WHOEVER IS CONDUCTING THAT EXAMINATION

08:58AM 1    COULD SAY SOMETHING LIKE, MR. SONNIER, COULD YOU FLIP TO

08:58AM 2    EXHIBIT 20560 IN YOUR BINDER, TAKE A LOOK AT IT.  DOES THAT

08:58AM 3    REFRESH YOUR RECOLLECTION?  DOES THAT HELP YOU ARTICULATE THE

08:58AM 4    OPINIONS THAT YOU'VE FORMED?

08:58AM 5         THAT'S ALWAYS PERMISSIBLE UNDER THE RULES OF EVIDENCE.

08:59AM 6         SO, NO, THAT'S NOT WHAT OUR EXHIBIT LIST REFLECTS AND

08:59AM 7    NOTHING THAT WE HAVE SAID IN OUR PLEADINGS SUGGEST OTHERWISE.

08:59AM 8              THE COURT:  SO I WONDER IF, I WONDER IF IT WOULD BE

08:59AM 9    HELPFUL, AND IF YOU'RE WILLING TO OR WANT TO -- AND AGAIN, I'M

08:59AM 10   NOT GOING TO ORDER YOU TO DO THIS, BUT IT MIGHT BE HELPFUL TO

08:59AM 11   THE PARTIES IF YOU WERE TO PUT TOGETHER A -- I'M NOT ASKING YOU

08:59AM 12   TO GIVE US WHAT YOUR TESTIMONY OR QUESTIONS ARE GOING TO BE,

08:59AM 13   BUT IT MIGHT BE HELPFUL TO SEE AN OUTLINE OF WHAT WE'RE TALKING

08:59AM 14   ABOUT HERE, HOW THAT'S GOING TO WORK CONTEXTUALLY?

08:59AM 15        AND IF YOU PREFER NOT TO DO THAT, THAT'S FINE, WE'LL

08:59AM 16   CONTINUE TO TALKING ABOUT THIS.  BUT THAT MIGHT BE HELPFUL.

08:59AM 17             MR. BRECHER:  I APPRECIATE IT, YOUR HONOR.

08:59AM 18        I THINK ON THAT, BECAUSE OF THE VERY I THINK SOMEWHAT

08:59AM 19   SERIOUS WORK PRODUCT CONCERNS, I WOULD LIKE TO AT LEAST CONSULT

08:59AM 20   WITH MY TEAM AND MY CLIENT BEFORE I MAKE THAT SORT OF

08:59AM 21   COMMITMENT.

08:59AM 22        BUT WE CAN TALK ABOUT THAT AT THE BREAK.  AND I AM HAPPY

08:59AM 23   TO ANSWER ANY OF THE COURT'S QUESTIONS.

08:59AM 24        (DISCUSSION AMONGST DEFENSE COUNSEL OFF THE RECORD.)

09:00AM 25             MR. BRECHER:  I'M TOLD THAT'S IT'S FINE.  WE WOULD

6440

09:00AM 1    BE HAPPY TO DO THAT, YOUR HONOR.

09:00AM 2         THE COURT:  OKAY.  WELL, THAT WOULD BE HELPFUL, I

09:00AM 3    THINK, TO THE DISCUSSION.  I'VE LOOKED AT THIS, AND I'M TRYING

09:00AM 4    TO FATHOM, BEFORE I MAKE A DECISION, I SHOULD PROBABLY KNOW

09:00AM 5    WHERE IS THIS GOING TO GO AND HOW IS IT GOING TO COME IN?

09:00AM 6         I WOULD RATHER DO THAT, IF WE CAN, OUTSIDE OF THE PRESENCE

09:00AM 7    OF THE JURY, IN ADVANCE.  AND AGAIN, I'M NOT ASKING YOU TO GIVE

09:00AM 8    ME YOUR SCRIPT OF QUESTIONS, BUT JUST AN IDEA OF WHAT IS THE

09:00AM 9    FOUNDATION, HOW IS THIS GOING TO BE, SO WE CAN LOOK AT IT AND

09:00AM 10   MAYBE HAVE SOME CONVERSATION TO HELP BOTH SIDES ON THAT.

09:00AM 11        MR. BRECHER:  I UNDERSTAND, YOUR HONOR.

09:00AM 12   WELL, MR. COOPERSMITH TOLD ME IT'S FINE, SO I'M GOING TO

09:00AM 13   TAKE HIM AT HIS WORD ON THAT.

09:00AM 14        THE COURT:  OKAY.

09:00AM 15        MR. BRECHER:  BUT WE APPRECIATE THAT, YOUR HONOR.

09:00AM 16   ACTUALLY, YOUR HONOR, I WAS GOING TO SPEAK TO THE ISSUES

09:00AM 17   THAT THE GOVERNMENT RAISED, BUT IT'S THEIR MOTION.

09:00AM 18        THE COURT:  RIGHT.  AND I STARTED WITH YOU BECAUSE I

09:00AM 19   WANTED TO KNOW WHAT IS IT YOU WANT FROM MR. SONNIER?  HOW DO

09:00AM 20   YOU INTEND TO GET IT IN?

09:01AM 21        I'M RELIEVED TO HEAR THAT YOU'RE NOT GOING TO CALL AND YOU

09:01AM 22   DON'T INTEND TO CALL ANY OF THE PROSECUTING ATTORNEYS HERE TO

09:01AM 23   TESTIFY ABOUT THEIR CONDUCT OR ANYTHING THEY DID IN RELATION TO

09:01AM 24   THIS ISSUE.

09:01AM 25        MR. BRECHER:  NO, YOUR HONOR.  I THINK EVERYTHING

09:01AM  1   THAT WE NEED WOULD BE REFLECTED EITHER IN THE EMAILS THAT WE'VE

09:01AM  2   REQUESTED, WHICH WOULD BE AUTHENTIC.  AND THERE IS CASE LAWSUIT

09:01AM  3   THAT WE HAVE ALREADY CITED THAT AUTHENTICITY IS USUALLY

09:01AM  4   ESTABLISHED SIMPLY BY BEING INTRODUCED BY THE OTHER PARTY, AND

09:01AM  5   THEY WOULD REFLECT CONDUCT TAKEN BY DOJ EMPLOYEES WITHIN THE

09:01AM  6   SCOPE OF THEIR RESPONSIBILITIES.  SO THAT WOULD BE 801(D)

09:01AM  7   ADMISSIONS.

09:01AM  8        BUT AS I SAID, YOUR HONOR, WE ALREADY HAVE THE <u>BRADY</u>

09:01AM  9   LETTER, WHICH IS AN 801(D) ADMISSION.  AND WE'RE HAPPY TO

09:01AM 10   SUBMIT A SUPPLEMENTAL BRIEF ON THAT POINT, BUT THAT ONE IS NOT

09:01AM 11   A CLOSE QUESTION.

09:01AM 12             THE COURT:  OKAY.  THANK YOU.

09:01AM 13        MS. VOLKAR, GOOD MORNING.

09:01AM 14             MS. VOLKAR:  GOOD MORNING, YOUR HONOR.

09:01AM 15             THE COURT:  SO YOU HEAR ME TALKING ABOUT

09:01AM 16   MR. SONNIER'S TESTIMONY AND FOUNDATION AND WHAT WOULD HE

09:02AM 17   TESTIFY ABOUT, HOW WOULD THAT COME IN.  THAT'S KIND OF WHAT I'M

09:02AM 18   INTERESTED IN.

09:02AM 19        I'M NOT SUGGESTING THAT I'M GOING TO ALLOW IT TO COME IN,

09:02AM 20   BUT THAT'S KIND OF THE ISSUE THAT IS BEFORE ME NOW AS I LOOK AT

09:02AM 21   THAT.

09:02AM 22             MS. VOLKAR:  AND, YOUR HONOR, WE HAVE A DECLARATION

09:02AM 23   FROM MR. SONNIER AT ECF NUMBER 1158.  I BELIEVE MY COLLEAGUE

09:02AM 24   CONFIRMED TODAY THAT THAT'S WHAT THEY INTEND HIM TO TESTIFY TO

09:02AM 25   AND ABOUT.

6442

09:02AM 1        WE, OF COURSE, HAVE MANY CONCERNS, EVEN JUST READING

09:02AM 2    THROUGH THAT DECLARATION.  WHAT THE PURPOSE OF OUR MOTION IS,

09:02AM 3    IS REGARDLESS OF THE TRUTH OR FALSITY OF WHAT IS IN THAT

09:02AM 4    DECLARATION, WHICH, OF COURSE, IS ITS OWN BATTLE AND BOTH SIDES

09:02AM 5    HAVE A LOT OF DISAGREEMENTS ABOUT THAT, IT'S JUST NOT RELEVANT.

09:02AM 6        THE COURT CAN TAKE EVERYTHING IN THAT DECLARATION TO BE

09:02AM 7    TRUE, AND IT HAS NO TENDENCY TO MAKE MORE OR LESS PROBABLE ANY

09:02AM 8    FACT OF CONSEQUENCE IN THIS TRIAL IN THE CHARGES AGAINST

09:02AM 9    MR. BALWANI, THE WIRE FRAUD AND CONSPIRACY TO COMMIT WIRE FRAUD

09:03AM 10   CHARGES.

09:03AM 11       AND SO I WOULD GO SO FAR AS TO SAY, EVEN IF THE DEFENSE

09:03AM 12   WERE TO PUT TOGETHER A FURTHER OUTLINE OF HOW THEY EXPECT THIS

09:03AM 13   TO COME IN, IT SIMPLY IS IRRELEVANT.  THEY DON'T GET OVER THE

09:03AM 14   THRESHOLD FEDERAL RULE OF EVIDENCE 104 BAR, WHICH IS THE COURT

09:03AM 15   GETS TO DECIDE WHETHER OR NOT THIS EVIDENCE IS GOING TO BE

09:03AM 16   ADMISSIBLE, AND HERE IT'S NOT BECAUSE IT'S SIMPLY IRRELEVANT.

09:03AM 17       AND, OF COURSE, THERE ARE 403 CONCERNS AS WELL.

09:03AM 18       AS I LAID OUT IN THE PLEADING, THERE IS SOME 702, BUT A

09:03AM 19   LOT OF THAT TIES TOGETHER WITH THE RELEVANCE.

09:03AM 20       WHAT MY COLLEAGUE JUST MOST RECENTLY SAID IS ACTUALLY MORE

09:03AM 21   CONCERNING TO ME BECAUSE NOW WE'RE GETTING INTO EVEN MORE

09:03AM 22   ISSUES.  MR. SONNIER WAS DISCLOSED TO THE GOVERNMENT AS AN

09:03AM 23   EXPERT IN MICROSOFT AS TO SQL DATABASES.

09:03AM 24       HOWEVER, MY COLLEAGUE JUST SAID HE'S A VETERAN OF FORENSIC

09:03AM 25   EVALUATIONS, AND HE SHOULD BE PERMITTED TO TESTIFY AS AN EXPERT

09:03AM 1    ABOUT BEST PRACTICES, AND WE SHOULD BE PERMITTED TO REFRESH HIS

09:04AM 2    RECOLLECTION ON THE STAND USING A SECRET SERVICES BEST

09:04AM 3    PRACTICES AND ELECTRONIC DATABASE COLLECTION AND FORENSICS.

09:04AM 4        THAT IS SO FAR FROM WHAT THEY DISCLOSED HIM AS AN EXPERT

09:04AM 5    AT THE OUTSET, THAT WE'RE REALLY DOWN THE ROAD QUITE A BIT, AND

09:04AM 6    NOW WE HAVE DISCOVERY AND DISCLOSURE CONCERNS AS WELL.

09:04AM 7        BUT LET'S STICK TO WHAT'S IN HIS ACTUAL DECLARATION AND

09:04AM 8    WHY THAT IS IRRELEVANT TO THIS CASE.

09:04AM 9        AS YOUR HONOR KNOWS, WHAT IS ALREADY IN EVIDENCE IS THE

09:04AM 10   FACT THAT THERE WAS AN LIS DATABASE, THAT IT CONTAINED SOME

09:04AM 11   DATA.  IT DID NOT CONTAIN WHETHER OR NOT THE PATIENT RESULTS,

09:04AM 12   THE INDIVIDUAL PATIENT RESULTS WERE ACCURATE OR INACCURATE.

09:04AM 13       AND THEN, AS YOUR HONOR KNOWS BUT THE JURY DOES NOT, AT

09:04AM 14   SOME LATER POINT IN TIME, AFTER MULTIPLE SUBPOENAS, THE

09:04AM 15   GOVERNMENT ATTEMPTED TO GET A COPY OF THIS DATABASE BUT WAS

09:04AM 16   PROVIDED A NONFUNCTIONING COPY FROM THERANOS.

09:04AM 17       THE RECONSTRUCTION OR ABILITY TO RECONSTRUCT IT AFTER THAT

09:05AM 18   AUGUST 31ST, 2018 TIME PERIOD IS IRRELEVANT FOR THE REASONS

09:05AM 19   THAT YOUR HONOR HAS FOUND THREE TIMES BEFORE.

09:05AM 20       AND THE FIRST AND MOST IMPORTANT ONE IS AT THAT TIME IN

09:05AM 21   AUGUST OF 2018, THE GOVERNMENT HAD NO IDEA THAT THE LIS

09:05AM 22   DATABASE WAS, ONE, NOT PROVIDED IN THE FUNCTIONING VERSION,

09:05AM 23   AND, TWO, ABOUT TO BE DISMANTLED, AND AGAIN, FROM OUR

09:05AM 24   PERSPECTIVE, IMPOSSIBLE TO PUT BACK TOGETHER.

09:05AM 25       WHO DID KNOW WAS MR. BALWANI'S CONSULTANT WHO WAS ON THE

6444

09:05AM 1    PHONE AND APPARENTLY WAS RETAINED TO TRY TO OBTAIN A COPY OF

09:05AM 2    THIS LIS.

09:05AM 3        BUT AS MY COLLEAGUES HAVE JUST SAID, MR. BRECHER JUST

09:05AM 4    SAID, THE DEFENSE DOESN'T HAVE A COPY OF THIS EITHER.  SO EVEN

09:05AM 5    IN THEIR FACTUAL WORLD THEY THOUGHT THIS WOULD BE USEFUL AND

09:05AM 6    WANTED TO GET A COPY OF IT AND WERE UNABLE TO DO SO.

09:05AM 7        BUT NOW, YEARS LATER, THEY'VE HIRED AN EXPERT, WHO, AGAIN,

09:06AM 8    THEORETICALLY, THEY COULD HAVE HIRED AT THE TIME.  AND HE SAYS,

09:06AM 9    THEORETICALLY, IT COULD HAVE BEEN PUT BACK TOGETHER, AND THE

09:06AM 10   GOVERNMENT SHOULD HAVE DONE X, Y, Z STEPS TO DO SO.

09:06AM 11       IF THE EXPERT WAS SIMPLY GOING TO TESTIFY IN A THEORETICAL

09:06AM 12   WORLD, ONE COULD PUT BACK TOGETHER THIS DATABASE, THAT MIGHT BE

09:06AM 13   ONE THING.  BUT THAT'S NOT WHAT THEY WANT HIM TO TESTIFY ABOUT.

09:06AM 14       THEY WANT, MR. BALWANI WANTS TO BE ABLE TO PUT THE

09:06AM 15   GOVERNMENT ON TRIAL.  BUT THE GOVERNMENT IS NOT ON TRIAL HERE.

09:06AM 16       OF COURSE, THE GOVERNMENT MUST MEET ITS BURDEN OF PROOF,

09:06AM 17   BUT TO CHANGE INTO THE LANE THAT MY COLLEAGUES WANT TO CHANGE

09:06AM 18   INTO, WHICH IS TO SAY THAT THE GOVERNMENT ACTED RECKLESSLY,

09:06AM 19   NEGLIGENTLY, THAT THE GOVERNMENT -- THAT WE WANT TO PUT A

09:06AM 20   LETTER BEFORE A WITNESS ON THE STAND AND SHOW THE PROSECUTOR'S

09:06AM 21   SIGNATURE, WE WANT TO BE ABLE TO POINT THE FINGER ACROSS THE

09:06AM 22   TABLE AND SAY, "LOOK AT HOW BAD THEY ARE, TOO," THAT'S NOT

09:06AM 23   PERMISSIBLE AND NOT RELEVANT.

09:06AM 24       AND I WANT TO BE VERY CLEAR, ABSOLUTELY CRIMINAL

09:06AM 25   DEFENDANTS CAN SAY THE GOVERNMENT HASN'T MET THEIR BURDEN OF

PROOF.  WE FULLY ENDORSE THE OBLIGATIONS THAT WE HAVE TO MEET.

BUT THERE'S A DIFFERENCE BETWEEN THAT AND TRYING TO VEER INTO "THE GOVERNMENT ACTED IN BAD FAITH."  AND THE DEFENSE RIGHT NOW IS TRYING TO VEER INTO "THE GOVERNMENT ACTED IN BAD FAITH, THE PROSECUTION ACTED IN BAD FAITH, THE PROSECUTION ACTED NEGLIGENTLY, THE PROSECUTION ACTED RECKLESSLY," AND FOR TWO REASONS.  ONE, IT HAS SIMPLY NOTHING TO DO WITH THE CHARGES AT TRIAL.  IT'S A COMPLETE DISTRACTION.  IT'S A TOTAL SIDESHOW. THAT'S WHERE A MINI TRIAL AND RULE 403 COMES IN.

BUT ON TOP OF THAT, YOUR HONOR HAS ALREADY DETERMINED UNDER A LEGAL STANDARD OF REVIEW THAT THE GOVERNMENT DIDN'T ACT IN BAD FAITH, THAT THE GOVERNMENT WAS AT WORST NEGLIGENT.

SO YOUR HONOR HAS ALREADY MADE THE LEGAL DETERMINATION THAT MR. BRECHER WANTS TO RELITIGATE.  AND NOW, WHAT THEY WANT TO DO INSTEAD, IS TO RELITIGATE THOSE ISSUES BEFORE THE GOVERNMENT WITHOUT ALL OF THE CONTEXT.

AND WHEN HE SAYS THAT WE WANT TO MAKE SURE WE'VE TALKED ABOUT WHAT DOORS ARE CLOSED AND HOW WE CAN LIMIT IT, THEY WANT TO SHOW ONE ANGLE OF THIS DISPUTE TO THE JURY.  THEY WANT TO SHOW JUST THE FACT THAT THEY THINK MAKE THE GOVERNMENT LOOK POORLY, AND THEN THEY WANT TO BLOCK THE GOVERNMENT FROM BEING ABLE TO GIVE THE FULL STORY THAT SHOWS THAT MR. BALWANI HAD EQUAL OR GREATER ACCESS TO THIS MATERIAL AND SAT ON HIS HANDS.

AND ALSO, THAT THERANOS, THE COMPANY THAT HE ONCE UPON A TIME WORKED FOR, IS THE CULPRIT FOR DESTROYING IT AND THE

09:08AM   1    REASON WHY IT'S NOT HERE.

09:08AM   2        AND AGAIN, I GO BACK TO THE FIRST OF THE SUBPOENAS WERE

09:08AM   3    ISSUED TO THERANOS WHEN HE WAS STILL THE CHIEF OPERATING

09:08AM   4    OFFICER, AND THAT'S GOING TO COME OUT IF WE GET INTO THIS LAND.

09:08AM   5        THE COURT:  WELL, THAT'S WHAT I WAS CONCERNED ABOUT

09:08AM   6    ALSO IS HOW DOES THIS COME IN FROM THE DEFENSE SIDE?  AND THEN

09:08AM   7    WHAT WOULD THE RESPONSE BE AS FAR AS REBUTTAL OR WHATEVER?

09:08AM   8        AND IT SEEMS LIKE THERE'S A LOT OF INFORMATION,

09:08AM   9    POTENTIALLY, OUT HERE.  AND, AGAIN, I WANT TO AVOID MINI

09:09AM  10    TRIALS, BECAUSE THAT'S WHAT THIS LOOKS LIKE, IT WOULD BOIL DOWN

09:09AM  11    TO.  MY SENSE IS THERE WOULD BE MULTIPLE WITNESSES THAT WOULD

09:09AM  12    BE CALLED BY BOTH SIDES ON THIS ISSUE.

09:09AM  13        MS. VOLKAR:  AND IF I MAY BE HEARD ON THAT,

09:09AM  14    YOUR HONOR?

09:09AM  15        MY UNDERSTANDING IS THAT THE DEFENSE WANTS TO GET AROUND

09:09AM  16    THAT BY CALLING JUST MR. SONNIER AND HAVING ALL OF THESE FACTS

09:09AM  17    THAT THEY WANT PUT IN THROUGH THEM.

09:09AM  18        AND I GO BACK TO YOUR HONOR'S FIRST QUESTION, THAT'S NOT

09:09AM  19    THE PROPER FOUNDATION.  THEY WANT TO USE THE BRADY LETTER AS A

09:09AM  20    FACTUAL BASIS TO GET SOME OF THIS INFORMATION BEFORE THE JURY.

09:09AM  21        I DON'T THINK I'VE EVER HEARD OF THAT BEFORE.  AND MAYBE I

09:09AM  22    JUST HAVEN'T BEEN AROUND THE BLOCK LONG ENOUGH.  MAYBE

09:09AM  23    YOUR HONOR HAS SEEN THAT, BUT THAT'S A NEW ONE TO ME.

09:09AM  24        AND THEY WANT TO GET IN FACTS, AS THEY CALL IT, THROUGH AN

09:09AM  25    EXPERT WITNESS, WHO IS AN EXPERT ON SQL DATABASES, NOT AS

6447

09:09AM 1    THEY'VE NOTICED HIM, A FACT ON FORENSIC EVALUATION, NOT AN

09:09AM 2    EXPERT ON HOW THE GOVERNMENT COULD HAVE HANDLED THIS

09:09AM 3    INVESTIGATION, AND NOT AN EXPERT ON THE THOROUGHNESS OF AN

09:09AM 4    INVESTIGATION.  THAT SIMPLY IS NOT THE EXPERT THAT THEY HAVE

09:10AM 5    NOTICED.

09:10AM 6         THEY HAVE NOTICED SOMEONE WHO IS A, QUOTE-UNQUOTE,

09:10AM 7    "EXPERT," AND WE WEREN'T CHALLENGING THAT, IN ITS SQL

09:10AM 8    DATABASES.  THAT'S WHAT WE'RE NOT CHALLENGING.

09:10AM 9         ANYTHING BEYOND THAT, WE GET INTO TREACHEROUS TERRITORY.

09:10AM 10   AND I JUST DON'T SEE HOW THEY ARE GOING TO PUT ON THIS CASE

09:10AM 11   WITHOUT CALLING DOZENS OF MORE WITNESSES THAT THEY HAVEN'T

09:10AM 12   DISCLOSED TO US.

09:10AM 13        AND I THINK IT'S REALLY TELLING THAT THEY DISCLOSED HIM AS

09:10AM 14   ONE OF THEIR INITIAL WITNESSES AND SOME BACKGROUND THAT IS NOT

09:10AM 15   OTHERWISE BEFORE THE COURT.

09:10AM 16        WE RECEIVED ON THE THURSDAY NIGHT DISCLOSURE, ABOUT TWO

09:10AM 17   HOURS AFTER THE DEADLINE, A DISCLOSURE OF FOUR WITNESSES WITH

09:10AM 18   MR. SONNIER ON THE LIST.

09:10AM 19        MONDAY MORNING AROUND I BELIEVE IT WAS 11:00 A.M., WE GOT

09:10AM 20   A RENEWED DISCLOSURE WITH THREE TOTALLY DIFFERENT WITNESSES --

09:10AM 21   I'M SORRY, THREE TOTALLY DIFFERENT WITNESSES WITH ONE

09:10AM 22   EXCEPTION, MR. SONNIER.

09:10AM 23        MR. SONNIER IS THE ONLY WITNESS THAT WAS DISCLOSED ON THE

09:10AM 24   TWO DIFFERENT, BOTH LATE, BUT TWO DIFFERENT DISCLOSURES THAT WE

09:10AM 25   RECEIVED OF WITNESSES, WHICH IS HOW WE KNEW THAT THIS ISSUE WAS

09:10AM 1    COMING TO A HEAD VERY SOON.  WE ACTED AS QUICKLY AS WE COULD TO

09:11AM 2    FILE THIS MOTION.

09:11AM 3        WE DON'T SEE WHAT WITNESSES THEY PLAN TO PUT ON BEFOREHAND

09:11AM 4    TO BRING IN ANY OF THESE FACTS, AND THE EXHIBIT LIST GIVES US

09:11AM 5    FURTHER CAUSE FOR CONCERN.  THERE'S ALL OF THE MOTION PRACTICE

09:11AM 6    BETWEEN THE PARTIES, YOUR HONOR'S ORDER ON THE MOTION TO

09:11AM 7    SUPPRESS.  IS THAT REALLY EVIDENCE THAT IS GOING TO COME IN

09:11AM 8    BEFORE THIS JURY?

09:11AM 9        SO WE HAVE A LOT OF CONCERNS.  WE THINK THIS REALLY IS FAR

09:11AM 10   AFIELD FROM THE FACTS THAT ARE CURRENTLY AT ISSUE IN THIS CASE.

09:11AM 11       WE UNDERSTAND THAT THE DEFENSE WANTS TO PUT ON A DEFENSE

09:11AM 12   OF THEIR CHOOSING, BUT IT STILL HAS TO BE A RELEVANT DEFENSE,

09:11AM 13   IT HAS TO BE TETHERED TO THE CHARGES AGAINST MR. BALWANI.  AND

09:11AM 14   THAT'S NOT WHAT WE'RE LOOKING AT HERE.

09:11AM 15           THE COURT:  OKAY.  THANK YOU.

09:11AM 16       IS HE A FORENSIC EXPERT?

09:11AM 17           MR. BRECHER:  HE'S A VETERAN OF MANY FORENSIC

09:11AM 18   INVESTIGATIONS, YOUR HONOR.  I DON'T KNOW IF HE --

09:11AM 19           THE COURT:  IS HE A FORENSIC EXPERT?  DO YOU INTEND

09:11AM 20   TO OFFER HIM AS A FORENSIC EXPERT?

09:11AM 21           MR. BRECHER:  NOT AS A FORENSIC EXPERT, YOUR HONOR.

09:11AM 22       WE INTEND TO OFFER HIM PRECISELY FOR WHAT WE DISCLOSED

09:11AM 23   HIM AS, WHICH MS. VOLKAR SLIGHTLY MISSTATED.  HE SAID, AND THIS

09:11AM 24   IS IN HIS DECLARATION, THAT HE'S AN EXPERT IN SQL SERVERS,

09:12AM 25   THEIR ENCRYPTION, AND THEIR RECOVERY, IN OTHER WORDS, HOW YOU

09:12AM   1    ENCRYPT THEM AND HOW YOU RECOVER THEM.  AND THAT COVERS

09:12AM   2    EVERYTHING WE NEED TO COVER.

09:12AM   3        FRANKLY, YOUR HONOR, ALL WE NEED TO KNOW IS THAT THE

09:12AM   4    GOVERNMENT WAS ADVISED OF A WAY WHICH THEY COULD HAVE SECURED

09:12AM   5    THIS DATA, AND MR. SONNIER WOULD AGREE THAT WOULD HAVE WORKED.

09:12AM   6    WE DON'T NEED TO GO BEYOND THAT.

09:12AM   7        I DO WANT TO RESPOND TO A FEW ELEMENTS OF MS. VOLKAR'S

09:12AM   8    COMMENTS, AND I GUESS IT'S DAYS LIKE TODAY I'M GRATEFUL THAT

09:12AM   9    THERE'S A TRANSCRIPT BECAUSE THEY JUST DON'T BEAR ANY

09:12AM  10    RESEMBLANCE TO WHAT I JUST SAID A FEW MOMENTS AGO.

09:12AM  11        THE NOTION THAT THE DEFENSE WANTS TO ADMIT CHERRY PICKED

09:12AM  12    FACTS AND THEN BLOCK THE GOVERNMENT FROM PUTTING IN CONTEXT --

09:12AM  13    I BELIEVE I SAID THREE TIMES THIS MORNING THAT WE WANT TO MAKE

09:12AM  14    SURE THAT THE CONTEXT SURROUNDING THE ENCRYPTED COPY IS SHARED

09:12AM  15    WITH THE JURY SO THAT THEY UNDERSTAND FULLY THIS PICTURE.

09:12AM  16        THE DEFENSE EXPRESSES -- EXCUSE ME, THE GOVERNMENT

09:12AM  17    EXPRESSES INCREDULITY ABOUT THE USE OF A BRADY LETTER.

09:12AM  18        WELL, YOUR HONOR, I DON'T THINK USING AN 801(D) PARTY

09:13AM  19    ADMISSION AS EVIDENCE IS AT ALL UNUSUAL.  WE LITERALLY HAD THIS

09:13AM  20    CONVERSATION LAST WEEK, AND MR. LEACH WAS STANDING UP IN

09:13AM  21    MS. VOLKAR'S SPOT SAYING, YOUR HONOR, I'M STUNNED.  THESE ARE

09:13AM  22    STATEMENTS BY MR. BALWANI ABOUT THE FACTS IN THIS CASE.  OF

09:13AM  23    COURSE THEY'RE ADMISSIBLE.

09:13AM  24        YOUR HONOR, THESE ARE STATEMENTS BY MR. LEACH NOT ONLY

09:13AM  25    ABOUT THE FACTS OF THIS CASE, BUT IN THIS CASE.  OF COURSE

09:13AM 1    THEY'RE ADMISSIBLE.

09:13AM 2              THE COURT:  WHAT ARE YOUR THOUGHTS ON THAT,

09:13AM 3    MS. VOLKAR?

09:13AM 4              MS. VOLKAR:  I THINK IT'S IRRELEVANT.  I THINK WE'RE

09:13AM 5    REALLY TALKING PAST EACH OTHER HERE.  MR. BRECHER IS EXPLAINING

09:13AM 6    WHY IT'S NOT HEARSAY.  I DID NOT HEAR MYSELF SAY THAT THE BRADY

09:13AM 7    LETTER IS HEARSAY.  I'M SORRY, I'M MISSING THAT CONNECTION.

09:13AM 8         I'M SAYING IT'S ENTIRELY IRRELEVANT TO THIS CASE.  AND

09:13AM 9    RELEVANCE RULE 401 COMES BEFORE RULE 108 FOR A REASON.

09:13AM 10   RELEVANCE IS THE THRESHOLD DECISION THAT THE COURT MUST MAKE.

09:13AM 11   WE ARE HERE TODAY TO ARGUE ABOUT HOW IRRELEVANT A LOT OF

09:13AM 12   THIS -- AND PARTICULARLY MR. SONNIER'S DECLARATION IS.

09:14AM 13        BUT THE BRADY LETTER, I WOULD ALSO ARGUE AND THE FACTS

09:14AM 14   THAT ARE INCLUDED THEREIN, IRRELEVANT.  I HAVEN'T HEARD A

09:14AM 15   THEORY FROM MR. BRECHER THAT CHANGES THAT PERSPECTIVE.

09:14AM 16        IF I WERE ARGUING HEARSAY, SURE, MAYBE I WOULD HAVE TO EAT

09:14AM 17   THE WORDS OF MY COLLEAGUE, BUT THAT'S NOT WHAT I'M ARGUING

09:14AM 18   TODAY.

09:14AM 19             MR. BRECHER:  THANK YOU, YOUR HONOR.

09:14AM 20        AND I THINK THAT OUR THEORY OF RELEVANCE IS PRECISELY THE

09:14AM 21   ONE THAT WE LAID OUT IN OUR PLEADINGS AND IT'S THE THEORY OF

09:14AM 22   RELEVANCE THAT HAS BEEN BLESSED REPEATEDLY BY THE SUPREME COURT

09:14AM 23   AND BY THE NINTH CIRCUIT, AND THAT IS, MS. VOLKAR SUGGESTS --

09:14AM 24   FIRST OF ALL, WE NEVER SAID WE WOULD ACCUSE THE GOVERNMENT OF

09:14AM 25   BAD FAITH.  IN FACT, I THINK I SAID NEGLIGENCE OR RECKLESSNESS

09:14AM 1    AT THE MOST.

09:14AM 2        BUT THE SUGGESTION WAS, AND APPARENTLY IT WAS CONCERNING

09:14AM 3    TO THE GOVERNMENT, THAT WE MIGHT POINT THE FINGER AT THE

09:14AM 4    GOVERNMENT AND SAY LOOK AT WHAT THEY DIDN'T DO.

09:14AM 5        WELL, YEAH, THAT'S WHAT THE NINTH CIRCUIT EXPRESSLY

09:14AM 6    ALLOWED.  IT IS ALLOWED IN EVERY CRIMINAL CASE IN WHICH THE

09:14AM 7    FACTS IMPLICATE IT, AND THE FACTS DO IMPLICATE IT HERE.

09:14AM 8        I HEARD A -- I GUESS TWO DIFFERENT CLAIMS.  ONE WHICH

09:14AM 9    APPEARS FOR THE FIRST TIME IN THE GOVERNMENT'S REPLY BRIEF IN A

09:15AM 10   FOOTNOTE, WHICH SAYS THAT THE GOVERNMENT IS NOT ASKING THE

09:15AM 11   COURT TO DRAW ANY FACTUAL DETERMINATIONS ABOUT -- AT THE

09:15AM 12   PRELIMINARY STAGE, BUT INSTEAD, JUST TO MAKE THE LEGAL

09:15AM 13   DETERMINATION OF RELEVANCE.

09:15AM 14       THAT DOESN'T QUITE WORK, YOUR HONOR.

09:15AM 15       IN ORDER TO DO THAT, THE COURT HAS TO ASSUME, AND THIS IS

09:15AM 16   THE U.S. V. EVANS CASE FROM THE NINTH CIRCUIT, THE COURT HAS TO

09:15AM 17   ASSUME THAT THE EVIDENCE THAT WE'VE PUT IN IS ACCURATE AND

09:15AM 18   TRUE.  THE COURT IS NOT TO WEIGH CREDIBILITY AT THESE 104

09:15AM 19   STAGES.

09:15AM 20       AND THE GOVERNMENT IS VERY MUCH ASKING, YOUR HONOR, TO

09:15AM 21   MAKE A FACTUAL DETERMINATION.  I KNOW THAT BECAUSE THEY SAY SO.

09:15AM 22       IF YOU LOOK AT THE MOTION, THE GOVERNMENT -- THE ORIGINAL

09:15AM 23   MOTION, NOT THE REPLY, THE GOVERNMENT RECITES FOUR SEPARATE

09:15AM 24   TIMES THAT THE STANDARD THAT THEY'RE LOOKING TO IS A

09:15AM 25   PREPONDERANCE OF THE EVIDENCE STANDARD.

6452

09:15AM 1      YOUR HONOR, THAT'S A FACTUAL STANDARD.  A LEGAL CONCLUSION

09:15AM 2  DOESN'T REQUIRE EVIDENCE FROM EITHER SIDE.

09:15AM 3      AND, SECOND, THEY CITE A DECISION, UNITED STATES VERSUS

09:15AM 4  PEREZ, WHICH IS EXCLUSIVE ON THIS POINT.  IT DISCUSSES RULE

09:16AM 5  104(B) AND PRELIMINARY FACTUAL DETERMINATIONS.

09:16AM 6      I ALSO WANT TO TURN TO THE POINT THAT THE GOVERNMENT

09:16AM 7  ALREADY -- EXCUSE ME, THAT THE COURT ALREADY DECIDED THIS

09:16AM 8  QUESTION.  AND I'M, FRANKLY, BEFUDDLED BY THAT.

09:16AM 9      WHAT YOUR HONOR RULED IN DOCKET 1326, WAS THAT OUR MOTION

09:16AM 10  TO SUPPRESS WAS DENIED.  THE COURT DIDN'T CREDIT MR. SONNIER'S

09:16AM 11  OPINION OVER THE 302'S OF ONE THERANOS EMPLOYEE AND ONE

09:16AM 12  THERANOS CONSULTANT, BUT THAT DOESN'T MEAN THAT THE JURY

09:16AM 13  DOESN'T GET TO DRAW A DIFFERENT CONCLUSION.

09:16AM 14      AND I WORRY SOMETIMES, YOUR HONOR, THAT WE'VE BEEN SO

09:16AM 15  FOCUSSED ON THIS CASE, WHICH IS VERY DISTINCTIVE IN A LOT OF

09:16AM 16  WAYS, THAT WE SOMETIMES VEER AWAY FROM THE BASICS OF CRIMINAL

09:16AM 17  PRACTICE AS THEY GO ON IN COURTROOMS ALL ACROSS THE COUNTRY

09:16AM 18  EVERY SINGLE DAY.

09:16AM 19      YOUR HONOR, TONIGHT AFTER COURT IF I GET ARRESTED, PERHAPS

09:16AM 20  MS. VOLKAR WILL HAVE CALLED IN AN ANONYMOUS TIP, AND I MAKE

09:16AM 21  APPARENTLY SOME SELF-INCRIMINATING STATEMENT, I CAN GO TO THE

09:16AM 22  COURT, MY TRIAL JUDGE, AND I CAN SAY, YOUR HONOR, I WANT THAT

09:17AM 23  STATEMENT SUPPRESSED, THE COPS BEAT ME UP.  AND WHAT WOULD

09:17AM 24  HAPPEN IS THERE WOULD BE AN EVIDENTIARY HEARING.  AND THE COURT

09:17AM 25  CAN SIDE WITH THE OFFICERS.  THE COURT CAN SAY, YOU KNOW WHAT,

09:17AM  1    I'M CREDITING THE OFFICERS, I'M NOT CREDITING YOU, YOUR

09:17AM  2    SELF-INCRIMINATING STATEMENT COMES IN.

09:17AM  3        SO FAR, THAT'S EXACTLY WHAT HAPPENED IN CONNECTION WITH

09:17AM  4    THE MOTION TO SUPPRESS HEARING.  WE OFFERED ONE VERSION OF THE

09:17AM  5    EVENTS, AND THE GOVERNMENT OFFERED A DIFFERENT ONE, AND

09:17AM  6    YOUR HONOR CREDITED THE GOVERNMENT'S VERSION.

09:17AM  7        BUT THIS IS WHERE WE PART WAYS, YOUR HONOR.  IF THAT

09:17AM  8    HAPPENS TO ME, I'M STILL ABSOLUTELY ALLOWED TO TELL THE JURY AT

09:17AM  9    TRIAL, YOU SHOULD NOT GIVE CREDENCE TO THAT STATEMENT BECAUSE

09:17AM  10    IT WAS COERCED, BECAUSE EVEN IF MY TRIAL JUDGE DIDN'T BELIEVE

09:17AM  11    ME, 12 JURORS MIGHT.  THAT'S EXACTLY WHAT WE'RE DEALING WITH

09:17AM  12    HERE.

09:17AM  13        I CAN'T, YOUR HONOR, LET GO THE NOTION THAT MR. BALWANI

09:17AM  14    COULD HAVE DONE MORE OR COULD HAVE STOPPED THE DESTRUCTION OF

09:17AM  15    THE LIS.

09:17AM  16        FIRST OF ALL, IT WASN'T DESTROYED, AS MR. SONNIER

09:17AM  17    CONFIRMS.  BUT MR. BALWANI DOESN'T HAVE THE POWER TO SEIZE THE

09:18AM  18    SERVERS.  HE NEVER DID.  THE GOVERNMENT CERTAINLY DOES.

09:18AM  19    ALTHOUGH, ODDLY, IN THEIR REPLY THEY SUGGEST THAT THAT QUESTION

09:18AM  20    IS IN DOUBT.

09:18AM  21        BUT, MR. BALWANI, I DON'T KNOW, I GUESS HE SHOULD HAVE

09:18AM  22    BROKEN IN, IN THE DEAD OF NIGHT TO THESE WAREHOUSES AT

09:18AM  23    IRON MOUNTAIN AND MADE OFF WITH THE SERVERS.  TYPICALLY

09:18AM  24    PROSECUTORS FROWN ON THAT.

09:18AM  25        BUT THE ISSUE HERE, YOUR HONOR, IS THAT MR. BALWANI DID

09:18AM  1    CONSULT A CONSULTANT AND TRIED TO HIRE A CONSULTANT.  WE PUT IN

09:18AM  2    THAT RENTENTION LANGUAGE IN THE DECLARATION OF MR. COOPERSMITH

09:18AM  3    IN SUPPORT OF OUR OPPOSITION.  AND THE CONTEXT, THE CHRONOLOGY

09:18AM  4    THAT THE GOVERNMENT HAS NEVER, EVER ACKNOWLEDGED IS THE POINT

09:18AM  5    THAT THE DAY BEFORE THE DISASSEMBLY, MR. CHANDRASEKARAN TOLD

09:18AM  6    MR. CADDENHEAD, THIS IS WHAT I NEED, I NEED A COPY OF THIS

09:18AM  7    DIRECTORY TO DO MY WORK.

09:18AM  8         AND THE NEXT DAY, MR. CADDENHEAD SAID, I'VE GOT THAT COPY,

09:18AM  9    ALL CLEAR TO SHUT DOWN.  SO THERE'S NOTHING MORE THAT

09:19AM 10    MR. BALWANI COULD HAVE OR SHOULD HAVE DONE.

09:19AM 11         SECOND, IT WAS THE GOVERNMENT WHO WAS ADVISED BY A LIS

09:19AM 12    SUPERVISOR THAT YOU COULD HAVE GOTTEN THE SERVERS.  THERE'S NO

09:19AM 13    SUGGESTION THAT MR. BALWANI RECEIVED THAT SAME ADVICE.

09:19AM 14         AND AT THE TIME THAT THE GOVERNMENT RECEIVED THAT ADVICE

09:19AM 15    FROM THEIR OWN TECHNICAL SUPPORT, MR. SONNIER SAYS THEY COULD

09:19AM 16    HAVE DONE THAT.  THEY COULD HAVE DONE IT RIGHT THEN IN OCTOBER,

09:19AM 17    THEY COULD HAVE DONE IT FOR MONTHS AFTERWARDS.  THAT

09:19AM 18    INFORMATION AND THOSE CLAIMS, IN EVALUATING THESE PRELIMINARY

09:19AM 19    ADMISSIBILITY QUESTIONS, HAVE TO BE BELIEVED BEFORE YOUR HONOR

09:19AM 20    CAN MAKE THE THRESHOLD RELEVANCE DETERMINATION.

09:19AM 21              THE COURT:  SO TELL ME, WHAT DOES ALL OF THIS HAVE

09:19AM 22    TO DO WITH THIS CASE?

09:19AM 23              MR. BRECHER:  WELL, YOUR HONOR, THIS IS SORT OF A

09:19AM 24    STUNNING CLAIM BY THE GOVERNMENT.  BUT THE GOVERNMENT SEEMS TO

09:19AM 25    BE SUGGESTING THAT THE CENTRAL REPOSITORY OF PATIENT TESTING

09:19AM 1    DATA IS ONLY MARGINALLY RELEVANT TO A CASE ABOUT THE ACCURACY

09:19AM 2    OF PATIENT TESTS.

09:19AM 3        I'VE NEVER HEARD SUCH A CLAIM, YOUR HONOR, BUT THAT'S NOT

09:19AM 4    WHAT --

09:19AM 5            THE COURT:  IS THERE SOME DISPUTE ABOUT WHAT IS

09:20AM 6    ACTUALLY IN THE LIS AND WHAT CAN BE DONE WITH IT?

09:20AM 7            MR. BRECHER:  THERE MAY BE SOME DISPUTE, YOUR HONOR.

09:20AM 8        THE GOVERNMENT POINTED TO TESTIMONY BY MS. CHEUNG AND

09:20AM 9    TESTIMONY THAT I DIDN'T THINK WAS ON POINT BY MS. BENNETT, BUT

09:20AM 10   THAT'S --

09:20AM 11           THE COURT:  AND DR. ROSENDORFF.

09:20AM 12           MR. BRECHER:  AND DR. ROSENDORFF.

09:20AM 13       BUT WHAT DR. ROSENDORFF SAID IS WHEN I WOULD RECEIVE

09:20AM 14   CLINICIAN CONCERNS, I WOULD QUERY THE LIS DATABASE IN

09:20AM 15   COMBINATION WITH OTHER INFORMATION.  I WOULD LOOK TO PATIENT

09:20AM 16   TREND DATA, WHICH IS IN THE LIS AS HIS TESTIMONY CONFIRMS.  I

09:20AM 17   WOULD LOOK TO QUALITY CONTROL DATA, WHICH IS IN THE LIS AS HIS

09:20AM 18   TESTIMONY CONFIRMS.

09:20AM 19           THE COURT:  SO THIS GOES TO YOUR ARGUMENT, THE

09:20AM 20   DEFENSE ARGUMENT, THAT THE LIS ISN'T HERE, THEREFORE, LADIES

09:20AM 21   AND GENTLEMEN, YOU SHOULD HAVE A DOUBT ABOUT THE GOVERNMENT'S

09:20AM 22   CASE, THEIR ALLEGATIONS IN THE INDICTMENT AS TO THOSE COUNTS?

09:20AM 23           MR. BRECHER:  AND ARGUMENT, YES, YOUR HONOR.

09:20AM 24       AND WE DON'T INTEND TO LAY ANY MORE FOUNDATION SUPPORTING

09:21AM 25   THAT.  WE THINK DR. ROSENDORFF'S TESTIMONY GIVES US ALL WE NEED

09:21AM  1          TO ARGUE THAT POINT.

09:21AM  2                    THE COURT:  BUT YOU HAVE THAT NOW, DON'T YOU?

09:21AM  3                    MR. BRECHER:  WE -- YES, THAT'S PRECISELY THE POINT

09:21AM  4          I'M MAKING, YOUR HONOR.

09:21AM  5               BUT WHAT WE ARE ALLOWED TO MAKE -- AND AGAIN, THE

09:21AM  6          NINTH CIRCUIT AND THE SUPREME COURT HAVE MADE THIS CRYSTAL

09:21AM  7          CLEAR, IS THAT WE'RE ALLOWED TO SAY THE GOVERNMENT COULD HAVE

09:21AM  8          DONE MORE, AND THEN MR. SONNIER CAN SAY THAT IN TESTIMONY.

09:21AM  9               AND WE CAN SAY IN CLOSING, AND YOU KNOW WHAT, YOU SHOULD

09:21AM 10          CONCLUDE THAT THE GOVERNMENT SHOULD HAVE DONE MORE.  THAT'S

09:21AM 11          BLACK LETTER LAW, YOUR HONOR.

09:21AM 12                    THE COURT:  IF THAT HAPPENS THEN, WHAT SHOULD THE

09:21AM 13          COURT DO ABOUT ECF PAGE 9 OF 1454, LINE 7 THROUGH 15?

09:21AM 14                    MR. BRECHER:  I'M SORRY, YOUR HONOR.  LET ME JUST

09:21AM 15          PULL THAT UP.

09:21AM 16                    MS. VOLKAR:  COULD I HAVE THAT ONE MORE TIME,

09:21AM 17          PLEASE, YOUR HONOR.

09:21AM 18                    THE COURT:  SURE.  IT'S 1454, PAGE 9, LINES 8

09:21AM 19          THROUGH 15.

09:21AM 20                    MR. BRECHER:  THANK YOU, YOUR HONOR.  THAT'S

09:21AM 21          PRECISELY THE ISSUE THAT I WAS HOPING TO TAKE UP.

09:22AM 22               WE DO NOT DISPUTE THAT THE GOVERNMENT WOULD BE ENTITLED TO

09:22AM 23          PUT ON SOME SORT OF REBUTTAL CASE, IF INDEED THEY FEEL THEY

09:22AM 24          NEED TO.

09:22AM 25               BUT AGAIN, WE INTEND TO PUT INTO EVIDENCE THAT THE

6457

09:22AM   1    GOVERNMENT WAS DELIVERED AN UNOPENABLE AND UNDECRYPTABLE COPY,

09:22AM   2    SO I DON'T KNOW THAT THEY NEED TO DO ANYMORE.

09:22AM   3         BUT THE IMPORTANT THING THAT MR. BALWANI NEEDS, AND,

09:22AM   4    FRANKLY, GIVEN THAT WE'VE PROFFERED SO MUCH OF WHAT

09:22AM   5    MR. SONNIER'S WOULD BE, WE THINK WE NEED SOME GUIDANCE FROM THE

09:22AM   6    COURT ON WHAT SORT OF REBUTTAL WE'RE LOOKING AT IN ORDER TO

09:22AM   7    MAKE A FAIR DECISION ON WHETHER TO CALL MR. SONNIER.  IT HAS TO

09:22AM   8    BE CABINED IN CERTAIN WAYS.

09:22AM   9         THE GOVERNMENT HAS PROPOSED IN THEIR MOTION A LIST OF

09:22AM  10    WITNESSES AND CONCEPTS THAT SEEMS TO INCLUDE EVERY DENIZEN OF

09:22AM  11    THE BAY AREA EXCEPT FOR MY COUSIN DEBRA, AND THAT'S JUST

09:22AM  12    COMPLETELY INAPPROPRIATE.

09:22AM  13              THE COURT:  I'M SORRY.  EXCLUDING YOUR COUSIN DEBRA,

09:22AM  14    WHO ARE THEY TALKING ABOUT?

09:22AM  15              MR. BRECHER:  THEY WANT TO CALL MR. CADDENHEAD AND

09:23AM  16    MR. CHUNG, C-H-U-N-G, WHICH I THINK IS RESPECTFULLY ABOVE

09:23AM  17    BOARD.

09:23AM  18         THEY WOULD LIKE TO CALL MR. CHANDRASEKARAN, WHICH I THINK

09:23AM  19    IS APPROPRIATE DEPENDING ON THE QUESTIONS THAT THEY ASK HIM.

09:23AM  20    WE THINK THERE ARE SOME QUESTIONS THAT WOULD BE OUT OF BOUNDS.

09:23AM  21         THEY APPARENTLY INTEND TO CALL AN UNTOLD NUMBER OF

09:23AM  22    LAWYERS FROM WILMER HALE.

09:23AM  23         THEY INTEND TO CALL JOHN MCCHESNEY, WHICH IS OPERATIONS

09:23AM  24    HEAD AT THERANOS, WHO IS SOMEONE WHO HAD NOTHING TO DO WITH THE

09:23AM  25    TECHNICAL UNDERSTANDINGS OF MR. SONNIER'S TESTIMONY, WHICH IS

09:23AM   1    WHAT THE GOVERNMENT COULD HAVE DONE.

09:23AM   2         THEY ALSO INTEND TO CALL DR. STEVEN MASTER AND

09:23AM   3    DR. KINGSHUK DAS APPARENTLY TO TALK ABOUT THE VALUE OF THE LIS,

09:23AM   4    BUT THAT WOULD JUST BE REPEATING PORTIONS OF THEIR

09:23AM   5    CASE-IN-CHIEF.  MR. SONNIER IS NOT GOING TO GET INTO ANY OF

09:23AM   6    THAT.

09:23AM   7         SO WHERE ARE THE LINES DRAWN?

09:23AM   8         MR. SONNIER IS GOING TO SAY, IF YOUR HONOR PERMITS US TO

09:23AM   9    PUT ON HIS TESTIMONY, THAT THE GOVERNMENT KNEW THAT IT HAD AN

09:23AM  10    OPTION TO SEIZE THE SERVERS.  AND HE'S GOING TO SAY, "IN MY

09:23AM  11    OPINION, IN MY EXPERT OPINION, THAT WOULD HAVE WORKED."  THAT'S

09:24AM  12    IT.  THAT'S ESSENTIALLY THE SUM TOTAL OF WHAT WE WANT FROM

09:24AM  13    MR. SONNIER.  THERE WILL BE SOME CONTEXT TO ESTABLISH HIS

09:24AM  14    EXPERT CREDENTIALS AND SOME FACTUAL FOUNDATION TO EXPLAIN THIS

09:24AM  15    ISSUE OF THE ENCRYPTED COPY.  BUT THAT'S ALL WE'RE GOING TO

09:24AM  16    SAY.

09:24AM  17         IF THE GOVERNMENT WANTS TO CALLING MR. CADDENHEAD AND

09:24AM  18    MR. CHUNG TO SAY, IN FACT, THE LIS, ONCE IT WAS DISASSEMBLED,

09:24AM  19    WOULD HAVE BEEN IMPOSSIBLE TO REASSEMBLE SO MR. SONNIER IS

09:24AM  20    WRONG, THAT'S FINE.  THAT'S TRIAL.  I HAVE NO OBJECTION TO

09:24AM  21    THAT.

09:24AM  22         IF THEY WANT TO CALL MR. CHANDRASEKARAN TO SAY, I DESIGNED

09:24AM  23    THE LIS, AND I THINK THAT IT WOULD HAVE BEEN IMPOSSIBLE TO

09:24AM  24    ASSEMBLE OR REASSEMBLE, THAT'S FINE.  THAT'S NOT WHAT HE'S TOLD

09:24AM  25    THE GOVERNMENT IN HIS 302 OR IN THE RECORDING OF HIS INTERVIEW

09:24AM  1     THAT WE HAVE, BUT I GUESS WE'LL JUST HAVE TO SAVE THAT FOR

09:24AM  2     CROSS.

09:24AM  3          BUT IT'S WHEN YOU GO BEYOND THAT.  IT'S THE SUGGESTION

09:25AM  4     THAT MR. BALWANI HAD SOME NEFARIOUS ROLE IN THIS WHOLE

09:25AM  5     SCENARIO, THAT'S COMPLETELY INAPPROPRIATE.

09:25AM  6          THE COURT:  IS IT ADMISSIBLE THAT WHILE HE WAS COO

09:25AM  7     OF THE COMPANY, THEY RECEIVED SUBPOENAS FOR THIS MATERIAL?

09:25AM  8          MR. BRECHER:  IT WOULD BE ADMISSIBLE IF IT WERE

09:25AM  9     TRUE, YOUR HONOR.

09:25AM 10          THE GOVERNMENT'S MOTION DOES A NEAT LITTLE TRICK HERE.

09:25AM 11     WHAT THEY SAY IS THERANOS RECEIVED A PRESERVATION ORDER FROM

09:25AM 12     THE S.E.C. WHILE MR. BALWANI WAS COO IN OCTOBER 2015.  BUT THE

09:25AM 13     SUBPOENAS CAME LATER, AFTER MR. BALWANI'S DEPARTURE.

09:25AM 14          AND AS THE COURT KNOWS, OR SHOULD KNOW, AND I DON'T THINK

09:25AM 15     THE GOVERNMENT DISPUTES, ALL OF THE RELEVANT DATA WAS PRESERVED

09:25AM 16     WHILE MR. BALWANI WAS COO.

09:25AM 17          SO IF THEY WANT TO PUT THAT IN IF IT'S TRUE -- IT'S NOT,

09:25AM 18     BUT I GUESS THEY CAN DO THAT.

09:25AM 19          BUT --

09:25AM 20          THE COURT:  SO THE PRESERVATION LETTER WOULD COME

09:25AM 21     IN?

09:25AM 22          MR. BRECHER:  I DON'T SEE THE RELEVANCE OF THE

09:25AM 23     PRESERVATION LETTER, YOUR HONOR, BECAUSE MR. BALWANI COMPLIED

09:25AM 24     WITH IT.

09:25AM 25          THERE'S NOT A HINT ANYWHERE THAT HE DIDN'T.  HE LEFT --

09:26AM  1          THE COURT:  SO IS THE GOVERNMENT -- AS YOU TOLD ME

09:26AM  2     EARLIER THIS MORNING, YOU WANT TO BE FAIR TO THE GOVERNMENT.

09:26AM  3          SO IF WE GO DOWN THIS ROAD, SHOULDN'T THE GOVERNMENT BE

09:26AM  4     ENTITLED TO TELL AT LEAST WHAT THEY BELIEVE THE FULL STORY IS?

09:26AM  5          THEY REQUESTED MANY TIMES THIS SERVER, THIS DATABASE;

09:26AM  6     THEY WERE STALLED; THEY WERE STALLED; THEY WERE STALLED.

09:26AM  7          AND THEN FOUR DAYS BEFORE THE DECOMMISSIONING, THEY

09:26AM  8     RECEIVED WHAT IS PURPORTED TO BE, AND MAYBE THIS IS WHY THE

09:26AM  9     ATTORNEYS ARE ON THE WITNESS LIST, I SUPPOSE THEY WOULD BE

09:26AM  10    CALLED TO SAY, DID YOU GIVE US THIS?

09:26AM  11         YES, WE DID.

09:26AM  12         DID YOU MAKE REPRESENTATIONS ABOUT ITS INTEGRITY, OR DID

09:26AM  13    YOU TELL US THAT WE NEEDED A KEY, OR ANY OF THOSE TYPES OF

09:26AM  14    THINGS?

09:26AM  15         SHOULDN'T THEY BE ABLE TO TELL THAT STORY?

09:26AM  16         MR. BRECHER:  SURE.

09:26AM  17         AND, YOUR HONOR, I DON'T PARTICULARLY CARE ABOUT THAT

09:26AM  18    STORY BECAUSE IT HAS NOTHING TO DO WITH MY CLIENT.

09:26AM  19         THE COURT:  RIGHT.

09:26AM  20         MR. BRECHER:  AND THE ISSUE IS, I REALLY DO HOPE

09:27AM  21    THAT I MADE CLEAR, WE INTEND TO DRAW OUT SOME OF THOSE FACTS

09:27AM  22    USING THE BRADY LETTER PRECISELY SO THE JURY CAN UNDERSTAND

09:27AM  23    THAT CONTEXT.

09:27AM  24         AS I SAID, WE DON'T SEE THE BASIS FOR ADMITTING A

09:27AM  25    PRESERVATION NOTICE ISSUED WHILE MR. BALWANI WAS AT THE COMPANY

09:27AM 1     ALMOST THREE YEARS, IN FACT, BEFORE THE DISASSEMBLY OF THE LIS

09:27AM 2     SYSTEM.  THE TWO HAVE NOTHING TO DO WITH ONE ANOTHER.

09:27AM 3          AND WE DON'T SEE HOW THE GOVERNMENT SHOULD BE ALLOWED TO

09:27AM 4     SANDBAG THE DEFENSE BY PUTTING ON EVIDENCE ABOUT SYSTEMIC

09:27AM 5     INACCURACIES IN PATIENT TESTING DATA WHEN WE'RE NOT -- THAT'S

09:27AM 6     NOT WHAT WE'RE USING MR. SONNIER TO CHALLENGE.

09:27AM 7          THE LIMITS OF HIS TESTIMONY ARE PRECISELY, THAT THE

09:27AM 8     GOVERNMENT WAS TOLD THAT IT COULD HAVE DONE MORE, AND IF IT

09:27AM 9     WOULD HAVE DONE MORE, THAT WOULD HAVE WORKED.  AGAIN, I KEEP

09:27AM 10    GOING BACK TO --

09:27AM 11              THE COURT:  SO THEY'RE ENTITLED TO SAY WHY THEY

09:27AM 12    DIDN'T DO MORE?

09:27AM 13              MR. BRECHER:  YES, I THINK THAT THAT'S FINE.

09:27AM 14         WHAT THEY CAN'T DO, THOUGH, IS PIN THE BLAME ON

09:27AM 15    MR. BALWANI.

09:27AM 16         AND I'VE SEEN A LOT OF THAT IN THE BRIEFING, YOUR HONOR.

09:27AM 17    AND IT'S A REALLY SINISTER INSINUATION THAT HAS NO BASIS IN LAW

09:28AM 18    OR IN FACT.

09:28AM 19         MR. BALWANI TRIED DOGGEDLY TO GET A COPY OF THIS

09:28AM 20    INFORMATION.  THAT IS WHAT ALL OF THE DOCUMENTS SUPPORT.

09:28AM 21    THERE'S NO DOCUMENT THAT SUGGESTS OTHERWISE.  AND THIS --

09:28AM 22              THE COURT:  SO THEY CAN TEST THAT.

09:28AM 23              MR. BRECHER:  I DON'T THINK SO, YOUR HONOR, BECAUSE

09:28AM 24    THERE'S NO GOOD BASIS FOR THE SUGGESTION THAT MR. BALWANI WAS

09:28AM 25    INVOLVED IN THE DESTRUCTION AND HAD NO LEGAL DUTY TO AVOID THIS

09:28AM  1    DISASSEMBLY.

09:28AM  2         BUT IF YOUR HONOR DISAGREES ABOUT THE GOOD FAITH BASIS FOR

09:28AM  3    THAT, THAT'S NOT THE HILL THAT I'M GOING TO DIE ON TODAY.

09:28AM  4         WHAT I DO WANT TO MAKE SURE IS CLEAR AND THE BOUNDARIES

09:28AM  5    THAT WE SHOULD ESTABLISH ARE, IT'S JUST NOT THE NUMBER OF

09:28AM  6    WITNESSES THAT THE GOVERNMENT NAMES.  THEY ALSO SAY, WELL, WE

09:28AM  7    NEED TO GET INTO THE JOINT DEFENSE PRIVILEGE TO THE EXTENT ANY

09:28AM  8    EXISTS BETWEEN MS. HOLMES AND MR. BALWANI, OR MR. BALWANI AND

09:28AM  9    THERANOS.  WE NEED TO INTRODUCE EVIDENCE OF ALL OF THE PRIOR

09:28AM 10    LITIGATION.

09:28AM 11         I JUST DON'T GET IT, YOUR HONOR.  AND IT'S SOMEWHAT IRONIC

09:29AM 12    THAT WE'RE PROPOSING TESTIMONY THAT WOULD PROBABLY LAST 90

09:29AM 13    MINUTES TO 2 HOURS.

09:29AM 14         THE GOVERNMENT NAMES NINE WITNESSES AND FIVE CATEGORIES OF

09:29AM 15    INFORMATION AND SAYS, YOUR HONOR, THE DEFENSE IS THREATENING A

09:29AM 16    MINI TRIAL.

09:29AM 17         THAT DOESN'T WORK.  THAT'S NOT WHAT IS GOING ON HERE.

09:29AM 18         WE'RE GOING TO ESTABLISH, WITH THE COURT'S PERMISSION,

09:29AM 19    THAT THE GOVERNMENT KNEW IT COULD HAVE DONE MORE.  AND IF IT

09:29AM 20    COULD HAVE DONE AND IF IT HAD TAKEN THAT STEP, THAT WOULD HAVE

09:29AM 21    WORKED, AND WE WOULD HAVE HAD THIS LIS DATA.

09:29AM 22         THE COURT:  THE BASIS OF THEIR KNOWLEDGE IS THIS ONE

09:29AM 23    INDIVIDUAL AT -- IT SOUNDS LIKE IT MAY HAVE BEEN A CHARETTE, OR

09:29AM 24    SOMETHING.  AND WHAT SHOULD WE DO?  AND IDEAS ARE BEING THROWN

09:29AM 25    ABOUT.  I'M, OF COURSE, NOT STATING IT LIKE IT REALLY WAS, I'M

09:29AM 1    CERTAIN.

09:29AM 2            MR. BRECHER:  OF COURSE.

09:29AM 3            THE COURT:  BUT SOMEBODY HAD AN IDEA, AND THAT IDEA

09:29AM 4    WASN'T FOLLOWED.  DIFFERENT THINGS, DIFFERENT AVENUES WERE

09:29AM 5    TAKEN.  THAT'S WHAT YOU WANT TO GET IN.

09:29AM 6            MR. BRECHER:  THAT'S WHAT WE WANT TO GET IN, YES.

09:29AM 7            THE COURT:  AND YOU WANT TO SAY THAT BECAUSE OF

09:29AM 8    THAT, THEY HAD THE ABILITY TO DO IT.

09:29AM 9            MR. BRECHER:  YES.

09:29AM 10           THE COURT:  AND THEY DIDN'T, BECAUSE THEY DIDN'T

09:29AM 11   FOLLOW THAT SUGGESTION.

09:30AM 12       AND THEN YOUR EXPERT WILL SAY, YEAH, THEY SHOULD HAVE

09:30AM 13   LISTENED TO THAT PERSON BECAUSE IN MY OPINION IT COULD HAVE

09:30AM 14   BEEN DONE.

09:30AM 15           MR. BRECHER:  OR I THINK HE MIGHT GO BROADER.  I

09:30AM 16   THINK HE WOULD SAY IT WOULD HAVE BEEN DONE OR IT'S

09:30AM 17   OVERWHELMINGLY LIKELY TO HAVE BEEN SUCCESSFUL.

09:30AM 18       BUT I DO WANT TO RETURN, YOUR HONOR, BRIEFLY TO THE POINT

09:30AM 19   ABOUT WHAT HAPPENED AFTERWARDS AND WHAT HAPPENS NEXT WITH

09:30AM 20   MR. SONNIER, WHAT THE UPSHOT IS OF HIS TESTIMONY, BECAUSE I SEE

09:30AM 21   REPEATEDLY IN THE BRIEFING THAT BECAUSE THE LIS DATA STANDING

09:30AM 22   ALONE WOULD NOT BE ABLE TO TELL YOU WHETHER A PATIENT TEST

09:30AM 23   RESULT WAS ACCURATE OR INACCURATE, THAT THAT AFFECTS THE

09:30AM 24   ANALYSIS HERE.  AND I HAVE TO TELL YOU, THAT ARTICULATION MAKES

09:30AM 25   NO SENSE WHATSOEVER.

09:30AM 1          THE COURT:  THAT'S A WEIGHT ISSUE, ISN'T IT?

09:30AM 2          MR. BRECHER:  WELL, FIRST OF ALL, IT DEFINITELY IS A

09:30AM 3  WEIGHT ISSUE.

09:30AM 4      BUT GOING BEYOND THAT, YOUR HONOR, THAT'S NOT WHAT ANY OF

09:30AM 5  THE CASES THAT ADDRESS THE RIGHT TO RAISE THE INTEGRITY OR

09:30AM 6  SLOPPINESS OF THE GOVERNMENT'S INVESTIGATION SAY MATTERS.

09:31AM 7      IT ALSO DOESN'T MAKE SENSE OF HOW WE UNDERSTAND

09:31AM 8  EXCULPATORY EVIDENCE IN OUR LAW.  AND THE EXAMPLE THAT WE USE

09:31AM 9  IN OUR OPPOSITION, AND I THINK IT'S A POWERFUL ONE, IS THAT'S

09:31AM 10  LIKE SAYING THAT A FINGERPRINT DOESN'T MATTER.  A FINGERPRINT

09:31AM 11  IS EXACTLY THE SAME IN A FORENSIC CASE AS THE LIS DATABASE.  A

09:31AM 12  FINGERPRINT, YOUR HONOR, AS YOU KNOW, IS JUST A RESIDUE OF OIL

09:31AM 13  AND WATER.  BY ITSELF, IT MEANS NOTHING.  IT MEANS LESS THAN

09:31AM 14  NOTHING.

09:31AM 15      IT'S ONLY IN COMBINATION WITH OTHER PIECES OF EVIDENCE,

09:31AM 16  WHETHER A MATCHING FINGERPRINT FROM THE DEFENDANT OR FROM AN

09:31AM 17  ALTERNATIVE SUSPECT, OR A MATCH WITHIN A LAW ENFORCEMENT

09:31AM 18  DATABASE, THAT IT HAS EVIDENTIARY VALUE WHETHER INCULPATORY OR

09:31AM 19  EXCULPATORY.  THIS IS THE REPOSITORY OF PATIENT TESTING DATA.

09:31AM 20      AND ONE THING THAT TROUBLES ME, YOUR HONOR, IS THAT I HAVE

09:31AM 21  NOT SEEN ANY ACKNOWLEDGEMENT BY THE GOVERNMENT OR ANY

09:31AM 22  EXPLANATION FOR ITS QUITE SUDDEN AND QUITE DRAMATIC ABOUT FACE

09:31AM 23  ON THE VALUE OF THIS TECHNOLOGY.

09:31AM 24          THE COURT:  SO YOU WANT TO SAY THAT THE GOVERNMENT

09:31AM 25  HAD THIS, THEY DIDN'T TAKE ANY ACTION ON IT, AND IN THAT

6465

09:32AM 1    INTERIM, THAT TIME PERIOD, IT WAS LOST AND IT CAN'T BE, IT

09:32AM 2    CAN'T BE RETRIEVED, AND BECAUSE OF THAT, LADIES AND GENTLEMEN,

09:32AM 3    WE DO NOT HAVE THE ABILITY TO BRING IT FORWARD, WHICH WE

09:32AM 4    BELIEVE WOULD HAVE SHOWN IN FULSOME MANNER THAT THE TESTING WAS

09:32AM 5    ACCURATE, ET CETERA, ET CETERA.

09:32AM 6        IS THAT --

09:32AM 7            MR. BRECHER:  IN ESSENCE, YOUR HONOR.

09:32AM 8    I DON'T EVEN KNOW THAT WE NEED THE LAST PART.  I THINK

09:32AM 9    THAT WE CAN ALLOW THE JURY TO INFER THAT.

09:32AM 10            THE COURT:  OR IS IT, OR IS IT, YOU CAN'T TRUST

09:32AM 11   THEIR CASE BECAUSE THEY FUMBLED IT?  AND THEY DON'T GET INTO

09:32AM 12   THE END ZONE BECAUSE THEY FUMBLED THE BALL AND IT WENT OUT OF

09:32AM 13   BOUNDS?

09:32AM 14            MR. BRECHER:  WELL, BOTH ARE PERMISSIBLE UNDER

09:32AM 15   BINDING LAW, YOUR HONOR.

09:32AM 16    AND ON THAT ISSUE, YOUR HONOR, I WOULD DEFINITELY NEED TO

09:32AM 17   CONSULT WITH MY COLLEAGUES BEFORE COMMITTING TO WHAT WE WOULD

09:32AM 18   SAY AT CLOSING.

09:32AM 19    ALL I WOULD SAY IS BOTH OF THOSE AVENUES OF ARGUMENT ARE

09:32AM 20   PERMISSIBLE UNDER BINDING LAW.

09:33AM 21            THE COURT:  OKAY.  MS. VOLKAR.

09:33AM 22            MS. VOLKAR:  THANKS, YOUR HONOR.

09:33AM 23    I WILL TRY TO TAKE THIS IN TURN.  SO THERE ARE TWO THINGS,

09:33AM 24   AND I TRIED TO LAY THIS OUT IN THE INITIAL MOTION.

09:33AM 25            THERE IS THE RELEVANCE TO THE CASE-IN-CHIEF THAT THE

09:33AM 1    GOVERNMENT HAS PUT ON, THE CHARGES AGAINST MR. BALWANI, AND,

09:33AM 2    THAT IS, WE'VE HEARD FROM THE DEFENSE BEFORE, ONE OF THE

09:33AM 3    THEORIES OF RELEVANCE ABOUT LIS BECAUSE THE GOVERNMENT HAS

09:33AM 4    ALLEGED THERANOS WAS UNABLE TO PROVIDE ACCURATE AND RELIABLE

09:33AM 5    TEST RESULTS TO PATIENTS.

09:33AM 6         THEY HAVE DISAVOWED THAT THEORY, AND I JUST HEARD

09:33AM 7    MR. BRECHER SAY THAT AGAIN, AS A BASIS TO HAVE MR. SONNIER

09:33AM 8    TESTIFY AND AS LAID OUT IN THE PLEADINGS.  THAT MAKES SENSE

09:33AM 9    BECAUSE HE HAS NO ABILITY TO SAY WHAT WAS IN OR NOT IN LIS.

09:33AM 10   GREAT.

09:33AM 11        BUT LOSING THAT SHAKE IN THE CHAIN DOES MATTER FOR THE

09:34AM 12   THOROUGHNESS OF THEIR INVESTIGATION BECAUSE LOOK AT THE CASES

09:34AM 13   THEY CITE TO, KYLES, HOWELL, CROSBY, ONE OF THE IMPORTANT

09:34AM 14   PARTS, AND, YES, THEY RELATE TO BRADY, BUT ONE OF THE IMPORTANT

09:34AM 15   PARTS IS WAS THIS MATERIAL TO THE DEFENSE?

09:34AM 16        SO YOU CAN'T JUST COMPLETELY IGNORE WHAT THE LIS WAS OR

09:34AM 17   WHAT EVIDENCE IT WOULD HAVE PROVIDED.  YOU CAN'T IGNORE THAT.

09:34AM 18        NOW, LET'S GO TO THE THOROUGHNESS OF THE INVESTIGATION,

09:34AM 19   BECAUSE THAT'S THE ONLY THEORY OF RELEVANCE I HAVE HEARD.

09:34AM 20        I WANT TO TAKE A BIG STEP BACK.  THE PARTIES VIGOROUSLY

09:34AM 21   DISAGREE ON A LOT OF THE FACTS.  WE'VE RECOVERED A LOT OF THAT

09:34AM 22   GROUND THIS MORNING.  I'M HAPPY TO GIVE THE GOVERNMENT'S

09:34AM 23   PERSPECTIVE ON ALL OF THEM, BUT ALL THE COURT NEEDS TO DECIDE

09:34AM 24   THIS MOTION IS WHETHER OR NOT ANYTHING THAT MR. SONNIER WOULD

09:34AM 25   SAY WOULD BE RELEVANT.

09:34AM 1          AND THE GOVERNMENT'S POSITION IS THAT NOTHING HE HAS TO

09:34AM 2    SAY IS RELEVANT TO THIS CASE.  AND THE ONLY THEORY I HAVE HEARD

09:34AM 3    IS THIS THOROUGHNESS OF THE INVESTIGATION.

09:34AM 4          BUT THIS IS SOMETHING THAT THE GOVERNMENT DID -- AND I

09:34AM 5    ALSO HEARD MR. BRECHER SAY A MOMENT AGO, THE GOVERNMENT

09:35AM 6    COULDN'T TALK ABOUT THE PRESERVATION LETTERS OR SOMETHING LIKE

09:35AM 7    THAT BECAUSE IF IT WERE TRUE.

09:35AM 8          WELL, I FIND THAT -- I HAD TO CHUCKLE A LITTLE BIT HEARING

09:35AM 9    THAT FROM THE DEFENSE, BECAUSE IF IT WERE TRUE, THEN THERE'S A

09:35AM 10   REASON THAT THE GOVERNMENT WOULD BE ABLE TO GET IN A LOT OF

09:35AM 11   EVIDENCE THAT THE DEFENSE PROBABLY WOULD NOT LIKE.

09:35AM 12         SO I WANT TO TAKE A STEP BACK AND SAY, MR. BRECHER GAVE AN

09:35AM 13   EXAMPLE OF THE SUPPRESSION HEARING AND WHAT THE GOVERNMENT

09:35AM 14   WOULD BE ABLE TO -- OR WHAT THE DEFENDANT STILL WOULD BE ABLE

09:35AM 15   TO PRESENT AT TRIAL.  THAT EXAMPLE IS ALL OF THE

09:35AM 16   PRE-AUGUST 2018 CONDUCT.

09:35AM 17         THE MOTION TO SUPPRESS WAS LARGELY ABOUT THE STEPS THAT

09:35AM 18   LED TO THE DESTRUCTION OF THE LIS IN AUGUST OF 2018.  THAT IS

09:35AM 19   THE PERIOD WHERE THERE IS A LOT OF FACTUAL DISPUTE, AND IF THEY

09:35AM 20   PUT ON EVIDENCE, WE WOULD PROBABLY COUNTER IT.

09:35AM 21         BUT THAT'S NOT WHAT MR. SONNIER WANTS TO TALK ABOUT.  HE

09:36AM 22   WANTS TO TALK ABOUT THE POST-AUGUST 2018.  AND WHAT HE WANTS TO

09:36AM 23   SAY, IS THAT WHEN THE GOVERNMENT WAS GIVEN MULTIPLE AVENUES,

09:36AM 24   THEY CHOSE ONE, AND THEY CHOSE THE WRONG ONE.

09:36AM 25         BUT AGAIN, I GO BACK TO MR. BRECHER SAID AGAIN, HE'S NOT A

09:36AM  1     FORENSIC EVALUATION EXPERT.  HE DOESN'T GET TO SAY OR COMMENT

09:36AM  2     ON WHAT THE GOVERNMENT SHOULD HAVE DONE DIFFERENTLY.  THAT'S

09:36AM  3     NOT WHAT HE WAS NOTICED AS.  THAT'S NOT WHAT HE'S AN EXPERT IN.

09:36AM  4             THE COURT:  SO HE COULD SAY, HE COULD SAY, "I'M AN

09:36AM  5     EXPERT AND I DO BELIEVE THAT IT COULD HAVE BEEN RECONSTRUCTED"?

09:36AM  6             MS. VOLKAR:  RIGHT.

09:36AM  7             THE COURT:  THAT'S IT.

09:36AM  8             MS. VOLKAR:  THAT'S THE GOVERNMENT'S PERSPECTIVE.

09:36AM  9     THAT IS WHAT IS IN HIS QUALIFICATIONS.

09:36AM 10         AND I WANT TO POINT OUT, AND I KNOW I ADDED THIS IN THE

09:36AM 11     FOOTNOTE, BECAUSE AGAIN, I AM TRYING TO STAY AWAY FROM DIGGING

09:36AM 12     TOO MUCH INTO THE FACTS, BUT MR. SONNIER'S DECLARATION,

09:36AM 13     ECF 1158, PARAGRAPH 17 SAYS, "I HAVE SEEN NOTHING TO SUGGEST

09:36AM 14     THAT THERANOS OR ITS LAW FIRM WILMER HALE, WOULD NOT HAVE

09:37AM 15     COOPERATED," PRESUMABLY WITH THE GOVERNMENT, "BY PROVIDING ANY

09:37AM 16     USER I.D.'S OR PASSWORDS OR CREATING ANY NEW USERS NEEDED."

09:37AM 17         HOW IS A SQL DATABASE EXPERT QUALIFIED TO SAY THAT?

09:37AM 18         I HAVE ANOTHER EXAMPLE, YOUR HONOR.

09:37AM 19             THE COURT:  YOU'RE NOT GOING TO ASK HIM THAT, ARE

09:37AM 20     YOU, MR. BRECHER?

09:37AM 21             MR. BRECHER:  NO.

09:37AM 22             MS. VOLKAR:  IN PARAGRAPH 15, THIS ONE IS PROBABLY

09:37AM 23     HARDER FOR THE DEFENSE TO ANSWER, MR. SONNIER SAYS, "THERE IS

09:37AM 24     NOTHING THAT WOULD HAVE STOPPED THE GOVERNMENT FROM OBTAINING

09:37AM 25     POSSESSION OF EITHER OR BOTH THE DISK DRIVES AND SERVER

6469

09:37AM 1    EQUIPMENT BEFORE OR LONG AFTER AUGUST 31ST, 2018."

09:37AM 2        THAT EXACT SAME STATEMENT IS TRUE OF MR. BALWANI.  I KNOW

09:37AM 3    THAT THE DEFENSE DOESN'T WANT TO ADMIT THAT, BUT IT IS TRUE

09:37AM 4    THAT MR. BALWANI ALSO COULD HAVE OBTAINED THAT MATERIAL IF IT

09:37AM 5    WERE, IN FACT, POSSIBLE.

09:37AM 6        THE COURT:  YOU'RE NOT GOING TO ASK HIM THAT, ARE

09:37AM 7    YOU?

09:37AM 8        MR. BRECHER:  WELL, YOUR HONOR, WE ARE GOING TO ASK

09:37AM 9    HIM OR WE DO INTEND TO ASK HIM, WAS THE GOVERNMENT TOLD THAT

09:37AM 10   THIS IS SOMETHING THAT THEY COULD HAVE DONE?

09:38AM 11       YES.

09:38AM 12       WOULD THAT HAVE WORKED?

09:38AM 13       YES.

09:38AM 14       I DON'T KNOW IF THAT'S THE SAME THING, BUT I THINK THAT

09:38AM 15   THAT'S EXACTLY AS YOUR HONOR HAS ARTICULATED A FEW MINUTES AGO.

09:38AM 16       THE COURT:  WELL, IN HIS OPINION, IT COULD HAVE BEEN

09:38AM 17   RECONSTRUCTED, WHATEVER THE TERM IS.

09:38AM 18       MR. BRECHER:  YES.  ALTHOUGH, I DO NEED TO PAUSE --

09:38AM 19   WELL, I APOLOGIZE.  I SHOULD ALLOW MS. VOLKAR TO FINISH.

09:38AM 20       MS. VOLKAR:  I COULD GO ON, YOUR HONOR, BUT THE

09:38AM 21   ANSWER IS THAT THE DEFENSE DOES INTEND TO GO THERE.

09:38AM 22       AND MR. SONNIER IS NOT QUALIFIED.  THEY ARE TRYING TO

09:38AM 23   START A MINI TRIAL, BUT THEY WANT TO START A MINI TRIAL AND TIE

09:38AM 24   THE GOVERNMENT'S HANDS BEHIND THEIR BACK.

09:38AM 25       WHEN THEY SAY THINGS LIKE, "WE SHOULD BE ALLOWED TO

09:38AM  1    INTRODUCE THIS EVIDENCE AND HAVE SOMEONE SIT ON THE STAND AND

09:38AM  2    SAY THE GOVERNMENT SHOULD HAVE DONE X, BUT IN RESPONSE, THE

09:38AM  3    GOVERNMENT SHOULDN'T BE ALLOWED TO PUT IN THEIR REBUTTAL CASE

09:38AM  4    THE FACT THAT MR. BALWANI ALSO COULD HAVE DONE X."

09:38AM  5         THAT IS A LOPSIDED, UNTRUE VERSION OF THE FACTS.

09:38AM  6         AGAIN, THE PARTIES HOTLY CONTEST THE FACTS.  I WANT TO GO

09:39AM  7    BACK TO THE LEGAL DETERMINATION OF RELEVANCE AND WHAT DOES IT

09:39AM  8    HAVE TO DO WITH THE CURRENT CHARGES.

09:39AM  9         MR. BALWANI WAS INDICTED BEFORE THE GOVERNMENT GOT THIS

09:39AM 10    NON-WORKING COPYING OF THE LIS.

09:39AM 11         PART OF THE REASON WHY THE COURT FOUND THE

09:39AM 12    POST-AUGUST 31ST, 2018 CONDUCT TO BE IRRELEVANT IS BECAUSE IT'S

09:39AM 13    BEEN THE GOVERNMENT'S POSITION ALL ALONG, WE DIDN'T NEED IT TO

09:39AM 14    PROSECUTE HIM.  DID WE TRY TO GET IT?  YES, FOR YEARS THE

09:39AM 15    GOVERNMENT TRIED TO GET IT.  BUT WERE WE SUCCESSFUL?  NO.  DID

09:39AM 16    WE NEED TO TO PROSECUTE HIM?  NO.

09:39AM 17         WHY IS THAT?  BECAUSE WE HAD DR. DAS, AND WE HAD THE FACT

09:39AM 18    THAT THEY VOIDED ALL OF THE TESTS ON THEIR PROPRIETARY DEVICE,

09:39AM 19    THE EDISON.

09:39AM 20         WE HAVE THE CMS REPORT AND SARAH BENNETT.  WE HAVE ALL OF

09:39AM 21    THESE OTHER INDICATIONS THAT WE CAN USE TO PROVE THE WIRE FRAUD

09:39AM 22    COUNTS.

09:39AM 23         AND WE HAD REAMS OF DATA THAT WERE PROVIDED TO US FROM THE

09:39AM 24    LIS, AND, IN FACT, THAT'S WHAT THE LAWYERS AT WILMER HALE TOLD

09:40AM 25    US WHEN THEY SAID WE DIDN'T NEED THE FULL LIS.

09:40AM 1          SO, YES, THERE IS A LOPSIDED STORY THAT IS GOING ON HERE.

09:40AM 2    AND WE ARE SAYING THAT IF THEY'RE GOING TO PUT IN ONE VIEW OF

09:40AM 3    IT, THE GOVERNMENT GETS TO EXPLAIN WHY IT DID DO A THOROUGH

09:40AM 4    INVESTIGATION, AND THAT'S GOING TO BE A LOT OF EVIDENCE THAT

09:40AM 5    MR. BALWANI HAS TRIED TO KEEP OUT OF THIS TRIAL.

09:40AM 6          MR. BRECHER:  SO, YOUR HONOR, THAT'S SIMPLY NOT

09:40AM 7    TRUE.  AND I'LL START WITH --

09:40AM 8          THE COURT:  WHICH PART OF MS. VOLKAR'S STATEMENT?

09:40AM 9          MR. BRECHER:  ALMOST ALL OF IT.

09:40AM 10   LET ME START WITH THE CLAIM THAT MR. BALWANI HAD THE SAME

09:40AM 11   OPPORTUNITIES.

09:40AM 12   I DON'T KNOW WHERE THAT COMES FROM, YOUR HONOR, BUT

09:40AM 13   MR. BALWANI HAD NO CONTROL OVER THERANOS WHEN IT DISASSEMBLED

09:40AM 14   THIS MACHINERY.  MR. BALWANI DIDN'T RECEIVE A WARNING FROM AN

09:40AM 15   LIS SUPERVISOR SAYING, HEY, YOU SHOULD HAVE GOTTEN THE SERVERS.

09:40AM 16   THE GOVERNMENT DID.

09:40AM 17   THERE'S APPARENTLY A SERIOUS DISPUTES, OR PURPORTEDLY

09:40AM 18   SERIOUS DISPUTE, OVER WHETHER THE GOVERNMENT HAD THE POWER TO

09:40AM 19   SEIZE SERVERS.

09:41AM 20   THE GOVERNMENT HAS AN FBI AND A POSTAL INSPECTION SERVICE,

09:41AM 21   AND THEY HAVE TRUCKS, AND THEY CAN GET SEIZURE WARRANTS.

09:41AM 22   WHEN MR. BALWANI GOES IN, THAT'S CALLED THEFT.  SO IT'S A

09:41AM 23   COMPLETELY DIFFERENT SITUATION.

09:41AM 24   LET'S SEE.  THE MOTION TO SUPPRESS HEARING WAS ALL ABOUT

09:41AM 25   THE PRE-AUGUST 2018 COMMENT.  I IMAGINE THAT'S A REFERENCE TO

09:41AM   1    THE MOTION TO SUPPRESS HEARING IN THE HOLMES CASE, BECAUSE AS I

09:41AM   2    RECALL AND I THINK YOUR HONOR WILL RECALL, OUR HEARING IN THIS

09:41AM   3    CASE ON FEBRUARY 8TH WAS ALL ABOUT WHAT MR. SONNIER SAID COULD

09:41AM   4    HAVE HAPPENED AFTER AUGUST 30TH OF 2018.  AND HE SAID, IF THE

09:41AM   5    GOVERNMENT WANTED IT, THEY COULD HAVE HAD IT.  AND WE DON'T

09:41AM   6    HAVE IT.

09:41AM   7        WE NOW SEE -- WE'RE NOW HEARING STATEMENTS ABOUT ALL OF

09:41AM   8    THE THINGS THAT THE GOVERNMENT DID OR COULD HAVE DONE TO SHOW

09:41AM   9    THEIR GOOD FAITH AND THEIR COMPETENCE.  THAT'S FINE.  I THINK

09:41AM  10    WE ALREADY SAID THAT IF THEY WANT TO PUT IN THAT EVIDENCE,

09:41AM  11    THAT'S FINE.

09:41AM  12        WHAT THEY CAN'T DO IS SUGGEST THAT MR. BALWANI HAD CONTROL

09:42AM  13    OVER THESE MATTERS.  THERE'S NO GOOD FAITH BASIS FOR THAT.

09:42AM  14    THERE'S NO EVIDENCE SUPPORTING THAT.

09:42AM  15        ALL OF THE EVIDENCE SUGGESTS THAT MR. BALWANI HIRED

09:42AM  16    SOMEONE TO TRY TO GET THIS COPYING.  THAT SOMEONE WAS TOLD BY

09:42AM  17    ONE OF THE WITNESSES THAT THE GOVERNMENT APPARENTLY PLANS TO

09:42AM  18    CALL, I'VE GOT THE DIRECTORY IF YOU WANT.  ALL CLEAR TO SHUT

09:42AM  19    DOWN.

09:42AM  20        AND WHAT WE REALLY NEED, YOUR HONOR, IS TO GO BACK TO

09:42AM  21    BASICS HERE ON WHAT THE RELEVANCE OF THIS EVIDENCE IS.

09:42AM  22        AND AGAIN, THIS IS WHAT TROUBLES ME, THE GOVERNMENT HAS

09:42AM  23    NOWHERE TRIED TO DEFEND OR EVEN EXPLAIN ITS ABRUPT ABOUT FACE

09:42AM  24    ABOUT THE NEEDING OF THIS EVIDENCE.

09:42AM  25        LAST YEAR, WHAT THEY WERE TELLING THIS COURT IN FILINGS

09:42AM 1    WAS, THE LIS PROVIDED THE TOOLS, QUOTE, "TO SEARCH FOR SUCH

09:42AM 2    CRITICAL EVIDENCE AS ALL THERANOS BLOOD TESTS WITH VALIDATION

09:42AM 3    ERRORS." THESE ARE THE GOVERNMENT'S WORDS. THIS IS DOCKET

09:43AM 4    669.

09:43AM 5        "THE LIS HAD IMMENSE FUNCTIONALITY." THE GOVERNMENT'S

09:43AM 6    WORDS.

09:43AM 7        "THE DATABASE WAS CUSTOM MADE AND THOSE WHO POSSESSED

09:43AM 8    BACKDOOR ACCESS TO THE SQL DATABASE COULD QUERY THE DATABASE TO

09:43AM 9    PRODUCE SOPHISTICATED RESULTS THAT EXPLAINED WHAT THE DATA

09:43AM 10   SHOWED ABOUT THERANOS'S CAPABILITIES." THE GOVERNMENT'S WORDS.

09:43AM 11       THE GOVERNMENT'S WORDS SAID THAT "THE LIS IS WHERE THE

09:43AM 12   METAPHORICAL BODIES WERE BURIED."

09:43AM 13       THE ONLY THING THAT CHANGED BETWEEN WHEN THEY WROTE THOSE

09:43AM 14   WORDS AND WHAT THEY'RE SAYING NOW, WHICH IS, OH, THE LIS, IT'S

09:43AM 15   NOTHING, IS OUR EXPERT WROTE A DECLARATION SAYING, BY THE WAY,

09:43AM 16   YOU GUYS COULD HAVE HAD THIS IF YOU WANTED IT.

09:43AM 17       NOW, SUDDENLY, THEY'VE DONE A COMPLETE 180 WITH NO

09:43AM 18   EXPLANATION WHATSOEVER. THEY SHOULD BE BOUNDS BY THOSE WORDS,

09:43AM 19   AND THEY SHOULD BE MADE TO EAT THOSE WORDS. AND I'VE SEEN NO

09:43AM 20   EXPLANATION, OR EVEN ACKNOWLEDGEMENT, THAT THESE ARE THE THINGS

09:43AM 21   THAT THE GOVERNMENT WAS CLAIMING.

09:43AM 22       THAT IS WHAT WE ARE SAYING HERE, YOUR HONOR.

09:43AM 23       THIS IS IMPORTANT EVIDENCE. WE HAVE ALREADY LAID THE

09:44AM 24   FOUNDATION, ALL OF THE FOUNDATION THAT WE INTEND TO LAY TO MAKE

09:44AM 25   THAT POINT, AND WE ALSO INTEND TO HAVE AN EXPERT SAY, THE

6474

09:44AM 1    GOVERNMENT WAS ADVISED OF A WAY TO SECURE THAT EVIDENCE AND IT

09:44AM 2    DIDN'T GO THAT ROUTE.  THAT'S IT.

09:44AM 3            MS. VOLKAR:  I'M HAPPY TO RESPOND TO THAT,

09:44AM 4    YOUR HONOR.

09:44AM 5            THE COURT:  GO AHEAD.

09:44AM 6            MS. VOLKAR:  I'LL JUST SAY THAT THE SAME PLEADING

09:44AM 7    THAT MR. BRECHER POINTS TO, AND THE COURT CAN READ IT, IS

09:44AM 8    EXACTLY WHY THE GOVERNMENT IS SO UPSET THAT THERANOS DESTROYED

09:44AM 9    IT AND DIDN'T TELL THE GOVERNMENT THAT IT DIDN'T GIVE IT A

09:44AM 10   WORKING COPY.

09:44AM 11       IT IS -- THERE WAS A LARGE TROVE OF DATA IN THERE, AND

09:44AM 12   THAT'S WHY WE'VE REQUESTED IT FOR THREE YEARS.  I DON'T BELIEVE

09:44AM 13   I'VE SAID ANYTHING DIFFERENTLY THIS MORNING.

09:44AM 14       WE'VE ALSO SAID IN THAT EXACT SAME FILING THAT THE OTHER

09:44AM 15   EVIDENCE THAT WAS THE SUBJECT OF MS. HOLMES'S MOTION TO

09:44AM 16   SUPPRESS, MR. BALWANI ADOPTED IT, WAS ALL OF THE OTHER EVIDENCE

09:44AM 17   THAT THE GOVERNMENT HAD TO CONTINUE FORWARD WITH THIS

09:44AM 18   PROSECUTION.

09:44AM 19       IF THE DATABASE WAS THE END ALL BE ALL, WHICH THE

09:44AM 20   GOVERNMENT NEVER SAID EVEN IN THAT PRIOR PLEADING, THEN THE

09:45AM 21   GOVERNMENT WOULDN'T HAVE BEEN ABLE TO GO FORWARD WITH THE

09:45AM 22   PROSECUTION.  IT DOESN'T MAKE ANY SENSE.

09:45AM 23       SO I JUST HAVE TO POINT OUT THAT, WHAT I THOUGHT WAS AN

09:45AM 24   OBVIOUS POINT.

09:45AM 25            AND THEN THE LAST THING I WANT TO SAY IS, MR. BRECHER GOES

09:45AM 1    BACK TO, WELL, THE GOVERNMENT HAS THE FBI, THE GOVERNMENT HAS,

09:45AM 2    AS MR. SONNIER SAYS IN HIS DECLARATION, COERCIVE METHODS THAT

09:45AM 3    THEY COULD USE TO OBTAIN THE SERVERS, AND MR. BALWANI DOESN'T

09:45AM 4    HAVE THOSE.

09:45AM 5        YOUR HONOR, DOES THAT REALLY HAVE PLACE IN THIS TRIAL,

09:45AM 6    "THE GOVERNMENT HAS COERCIVE METHODS"?  AND WHY IS MR. SONNIER

09:45AM 7    QUALIFIED TO TALK ABOUT THAT?

09:45AM 8        AGAIN, THEY SAID HE'S NOT BEING OFFERED AS A FORENSIC

09:45AM 9    EXPERT.  THAT MEANS THAT WHAT THEY REALLY WANT OUT OF HIM IS

09:45AM 10   BEYOND HIS EXPERTISE.  IT'S NOT RELIABLE.  THAT BRINGS 702

09:45AM 11   CONCERNS.

09:45AM 12       AND AGAIN, JUST GOING BACK TO BASIC RELEVANCE, IT'S ALL AT

09:45AM 13   A TIME PERIOD THAT IS PAST ANY TIME PERIOD THAT MATTERS, EVEN

09:45AM 14   WITH RESPECT TO THE THOROUGHNESS OF THE INVESTIGATION.

09:46AM 15       IF WE WANT TO BE REALLY BASIC, THE INVESTIGATION UP UNTIL

09:46AM 16   THE INDICTMENT, LED TO THE INDICTMENT WITHOUT THE LIS.

09:46AM 17       SO, AGAIN, I JUST THINK IT HAS NO -- AND THERE ARE A LOT

09:46AM 18   MORE REASONS THAT ARE STATED IN MY BRIEF, BUT IT JUST HAS

09:46AM 19   NOTHING TO DO WITH THE THOROUGHNESS OF THE INVESTIGATION AND

09:46AM 20   IT'S FAR AFIELD FROM THE CASES THEY CITE.

09:46AM 21           MR. BRECHER:  SO, YOUR HONOR, THE GOVERNMENT IS

09:46AM 22   APPARENTLY NOW MOVING FROM THERE'S A FACTUAL DISPUTE ABOUT

09:46AM 23   WHETHER WE COULD HAVE DONE TO, WELL, MR. SONNIER IS NOT

09:46AM 24   QUALIFIED TO OPINE ON WHETHER WE COULD HAVE DONE IT.

09:46AM 25       I DON'T THINK THERE'S A SERIOUS QUESTION THAT THE

09:46AM 1    GOVERNMENT DOES HAVE COERCIVE METHODS TO OBTAIN INFORMATION,

09:46AM 2    BUT WE DON'T NEED TO DO WITH OUR EXPERT.

09:46AM 3        I HAVE ALREADY TOLD THE COURT WHAT WE INTEND TO SAY --

09:46AM 4            THE COURT:  WELL, YOU PUT IT IN YOUR PLEADINGS, AND,

09:46AM 5    OF COURSE, IT DRAWS EVERYONE'S ATTENTION, INCLUDING MINE.  AND

09:46AM 6    I SAID, OKAY, THEY WANT TO PUT HIM ON TO TALK ABOUT THE

09:46AM 7    GOVERNMENT COULD HAVE GOT AN ARMORED VEHICLE AND CRAMMED

09:46AM 8    THROUGH THE DOOR, OR SOMETHING.  THEY HAVE BIG GOONS WHO CAN

09:46AM 9    COME OUT AND LOCK STEP THEIR WAY THROUGH THINGS.  YOU'RE NOT

09:46AM 10   GOING TO DO THAT.

09:46AM 11           MR. BRECHER:  WE'RE NOT GOING TO DO THAT,

09:46AM 12   YOUR HONOR.  AND CERTAINLY NOTHING IN OUR PLEADINGS SUGGEST

09:47AM 13   ANYTHING ABOUT BIG GOONS OR KNOCKING DOWN DOORS.

09:47AM 14           THE COURT:  NO, THAT'S MY WORDS.

09:47AM 15       BUT COERCIVE IS SOMETHING THAT -- YOU WANT THIS WITNESS TO

09:47AM 16   TESTIFY ABOUT COERCIVE TACTICS?  I'M JUST -- I DON'T THINK

09:47AM 17   YOU'RE GOING TO DO THAT.  THE COURT IS NOT GOING TO PERMIT YOU

09:47AM 18   TO DO THAT.  AND I DON'T THINK IT WAS YOUR INTENT.  IF THIS

09:47AM 19   WITNESS WAS GOING TO TESTIFY, HE'S NOT GOING TO TALK ABOUT

09:47AM 20   THAT.

09:47AM 21           MR. BRECHER:  THAT'S CORRECT, YOUR HONOR, AND THAT'S

09:47AM 22   NOT CONSISTENT WITH THE REPRESENTATION THAT I MADE TODAY.

09:47AM 23       SECOND, YOUR HONOR, WE ALSO HAVE AMPLE MEANS TO GET THIS

09:47AM 24   EVIDENCE IN IF WE CAN SEE THOSE EMAILS, WHICH ARE BRADY, AND

09:47AM 25   THE SUBJECT OF A PENDING MOTION.

09:47AM  1      THE COURT:  AND YOU WOULD GET THOSE IN HOW?

09:47AM  2      MR. BRECHER:  YOUR HONOR, THAT WOULD BE EVEN EASIER

09:47AM  3  THROUGH MR. SONNIER, BECAUSE THEY'RE STATEMENTS BY GOVERNMENT

09:47AM  4  EMPLOYEES WITHIN THE SCOPE OF THEIR DUTIES.  SO THEY'RE

09:47AM  5  NONHEARSAY.  THEY'RE AUTHENTIC BY DINT OF BEING PRODUCED BY THE

09:47AM  6  OTHER PARTY.  THERE IS CASE LAW TO THAT EFFECT.  WE ARE HAPPY

09:47AM  7  TO PROVIDE IT.

09:47AM  8      THE COURT:  SO WHAT YOU WOULD DO IS SHOW HIM THESE

09:47AM  9  DOCUMENTS, IS THAT WHAT YOU WOULD DO?

09:47AM 10      MR. BRECHER:  AS I SAID, YOUR HONOR, WE'RE HAPPY TO

09:48AM 11  USE THE BRADY LETTER, BUT WE THINK IT'S CRITICAL IN ORDER TO

09:48AM 12  FULLY ASSESS AND BOTH WHERE WE WANT TO GO WITH THIS DEFENSE TO

09:48AM 13  SEE THE UNDERLYING DOCUMENTS, NOT THE GOVERNMENT'S SANITIZED

09:48AM 14  VERSION OF THEM.

09:48AM 15    I DON'T WANT TO RELITIGATE THE ARGUMENT THAT MS. VOLKAR

09:48AM 16  AND MR. COOPERSMITH HAD THE OTHER DAY BECAUSE I KNOW WE HAVE

09:48AM 17  OTHER ISSUES TO DEAL WITH.

09:48AM 18      THE COURT:  NO.

09:48AM 19      MR. BRECHER:  BUT I DO THINK THAT SEEING THOSE

09:48AM 20  DOCUMENTS IS ABSOLUTELY CRITICAL.

09:48AM 21      THE COURT:  LET ME ASK YOU THIS, WE'VE BEEN TALKING

09:48AM 22  ABOUT THIS NOW FOR ABOUT 80 MINUTES OR SO, SOMETHING LIKE THAT.

09:48AM 23    WHAT ABOUT 403?  THIS SOUNDS LIKE WE ARE HAVING A LITTLE

09:48AM 24  MINI TRIAL.  YOU'RE GOING TO HAVE WITNESSES?  IT'S A TENNIS

09:48AM 25  MATCH, ISN'T IT?  THE BALL IS GOING BACK AND HOW MANY SETS ARE

09:48AM  1    WE GOING TO ENGAGE IN HERE?  IT'S GOING TO EXTEND THE TRIAL.

09:48AM  2         AND YOU'RE GOING TO PUT THIS ON, AS YOU'VE SAID, AND

09:48AM  3    YOU'VE VERY KINDLY SAID, WELL, WE WELCOME THE GOVERNMENT

09:48AM  4    REHABILITATING THEMSELVES.  AND THEY'LL PUT THEIR WITNESSES ON.

09:49AM  5    AND THEN YOU MIGHT HAVE SURREBUTTAL OR SOMETHING.  I DON'T

09:49AM  6    KNOW.

09:49AM  7         MR. BRECHER:  YOUR HONOR, THE AVAILABILITY, THE

09:49AM  8    UNAVAILABILITY, THE LOSS AND THE REASONS FOR THE LOSS OF

09:49AM  9    EVIDENCE THAT, AS BOTH SIDES HAVE ACKNOWLEDGED, IS CRITICAL

09:49AM  10   EVIDENCE, THAT'S NOT A MINI TRIAL.  THAT IS THE TRIAL.  THAT IS

09:49AM  11   PRECISELY WHAT THE SIXTH AMENDMENT GIVES MR. BALWANI THE RIGHT

09:49AM  12   TO RAISE.

09:49AM  13        AND THE IDEA THAT THE GOVERNMENT COULD TRY TO HOLD THAT

09:49AM  14   RIGHT HOSTAGE BY SAYING, IF YOU PUT ON THIS ONE TECHNICAL

09:49AM  15   EXPERT WHO IS SIMPLY GOING TO SAY, WELL, YOU KNOW, THE

09:49AM  16   GOVERNMENT WAS ADVISED THAT THEY COULD HAVE DONE THIS, AND THAT

09:49AM  17   WOULD HAVE WORKED.  AND SAY IN RESPONSE, WE NEED TO CALL NINE

09:49AM  18   EXPERTS OR NINE WITNESSES AND RAISE FIVE OR SIX DIFFERENT

09:49AM  19   AREAS --

09:49AM  20        THE COURT:  WELL, LET'S BE FAIR, THOUGH.  YOU USED

09:49AM  21   THE WORD "COERCIVE" AND HE TESTIFIED IN "COERCIVE" IN YOUR

09:49AM  22   PLEADINGS.  AND MS. VOLKAR RESPONDS IN KIND.  THIS IS THE

09:49AM  23   TENNIS MATCH WE'RE TALKING ABOUT.

09:49AM  24        BUT I UNDERSTAND.  YOU KNOW, IT'S NOT HYPERBOLE, BUT IT'S

09:49AM  25   PLEADINGS, AND I GET THAT.

6479

09:49AM  1    I'M TRYING TO GET US BACK TO REALITY HERE ABOUT IF THE

09:50AM  2    COURT RECOGNIZES THAT THE DEFENSE HAS AN OPPORTUNITY TO

09:50AM  3    CHALLENGE, TO QUESTION THE GOVERNMENT'S CASE, FIRST OF ALL, I

09:50AM  4    THINK YOU HAVE AN OPPORTUNITY TO DO THAT NOW.  YOU HAVE ENOUGH

09:50AM  5    TO DO THAT NOW.

09:50AM  6         MR. BRECHER:  WE DO -- I'M SORRY, YOUR HONOR.

09:50AM  7         THE COURT:  YOU DO, YOU HAVE ENOUGH TO DO THAT NOW.

09:50AM  8    THE QUESTION IS, IS THIS SOMETHING THAT IS CRITICAL FOR

09:50AM  9    YOUR DEFENSE ALSO?

09:50AM  10    I LOOK AT IT AND I SEE, WELL, IT WOULD CERTAINLY BENEFIT

09:50AM  11    AND HELP YOU.

09:50AM  12    OR IS IT, IS IT REALLY TRYING TO SULLY THE GOVERNMENT AND

09:50AM  13    THROW MUD ON THEM, EITHER PERSONALLY OR IN SOME WAY SULLY THEM

09:50AM  14    THAT IS NOT RELEVANT, THAT IS SOMEWHAT TANGENTIALLY RELEVANT?

09:50AM  15    AND IF WE'RE GOING TO GET INTO MUD SLINGING, YOU KNOW, BE

09:50AM  16    CAREFUL.

09:50AM  17         MR. BRECHER:  SO, YOUR HONOR, I'M FULLY COGNIZANT

09:50AM  18    ABOUT THAT.  I WILL SIMPLY SAY THAT AS FOR WHATEVER MUD IS

09:50AM  19    FLOWING IN THE DIRECTION OF THERANOS AND WILMER HALE, MY CLIENT

09:51AM  20    WAS NOT AT THERANOS AT THE TIME AND WILMER HALE DID NOT GIVE ME

09:51AM  21    A CALL BACK ALL OF THOSE YEARS AGO, SO I'M CONCERNED BY IT.

09:51AM  22         THE COURT:  OKAY.

09:51AM  23         MR. BRECHER:  BUT THE REAL ISSUE IS WHAT ARE WE

09:51AM  24    ALLOWED TO DO UNDER BINDING SUPREME COURT AND NINTH CIRCUIT

09:51AM  25    LAW?

09:51AM 1        AND WE ARE ALLOWED TO SAY, AND LAY THE EVIDENTIARY

09:51AM 2    FOUNDATION THROUGH TESTIMONY, AND THEN ARGUE TO THE JURY, YOU

09:51AM 3    KNOW WHAT, MEMBERS OF THE JURY, THE GOVERNMENT COULD HAVE DONE

09:51AM 4    MORE, AND FROM THAT, YOU SHOULD HAVE DOUBTS ABOUT THEIR

09:51AM 5    INVESTIGATION.  THAT IS ALLOWED.

09:51AM 6        THIS COURT HAS NEVER CAST DOUBT UPON THAT.  YOU ACTUALLY

09:51AM 7    STATED THAT TWICE IN YOUR RULINGS -- THREE TIMES IF YOU COUNT

09:51AM 8    THE HOLMES RULINGS.  YOU EVEN, AS YOUR HONOR WILL RECALL,

09:51AM 9    RESERVED THE QUESTION OF WHETHER WE MAY BE ENTITLED TO AN

09:51AM 10   ADVERSE INFERENCE INSTRUCTION.

09:51AM 11       I DON'T KNOW HOW WE WOULD LAY THE FOUNDATION FOR SUCH AN

09:51AM 12   INSTRUCTION WITHOUT THE ABILITY TO PUT ON THIS EVIDENCE WHICH

09:51AM 13   BINDING LAW GIVES US THE RIGHT TO PUT ON.

09:51AM 14          THE COURT:  AND JUST BECAUSE I USED THOSE WORDS,

09:51AM 15   THEY'RE NOT TALISMANIC.  YOU SHOULDN'T THINK THAT, OH, HE'S

09:51AM 16   ALREADY GOING TO DO THIS.

09:51AM 17          MR. BRECHER:  I DON'T TAKE IT THAT WAY, YOUR HONOR.

09:51AM 18   BUT EVEN PUTTING ASIDE THE COURT'S WORDS, I THINK WHAT MATTERS

09:52AM 19   ARE THE WORDS OF THE NINTH CIRCUIT AND THE WORDS OF THE SUPREME

09:52AM 20   COURT.

09:52AM 21       AND I WANT TO COMMENT FOR A MOMENT ABOUT SULLYING THE

09:52AM 22   GOVERNMENT OR THROWING MUD ON THE GOVERNMENT.

09:52AM 23          THE COURT:  RIGHT.

09:52AM 24          MR. BRECHER:  BUT MY INTENTION ISN'T TO INSULT AND

09:52AM 25   OUR INTENTION IS NOT TO INSULT THESE PROSECUTORS OR THESE

09:52AM 1   INVESTIGATORS, BUT THAT'S NOT THE NATURE OF QUESTIONING THE

09:52AM 2   FAIRNESS OR THE INTEGRITY OR THE THOROUGHNESS OF AN

09:52AM 3   INVESTIGATION, SOMETHING THAT THE DEFENDANT IS ENTITLED TO DO.

09:52AM 4        WE LIVE IN A LEGAL SYSTEM IN WHICH AS THE COURT KNOWS ALL

09:52AM 5   TOO WELL FROM OUR BIVENS JURISPRUDENCE, FEDERAL PROSECUTORS AND

09:52AM 6   FEDERAL LAW ENFORCEMENT AGENTS ARE, IN GENERAL, ALLOWED TO RUN

09:52AM 7   ROUGHSHOD OVER OUR CONSTITUTIONAL RIGHTS WITH NO CONSEQUENCES,

09:52AM 8   NO ACCOUNTABILITY.  THAT'S NOT WHAT I'M HERE TO TALK ABOUT

09:52AM 9   TODAY.

09:52AM 10       BUT WHAT WE'RE BEING TOLD TODAY IS BEYOND -- APPARENTLY,

09:52AM 11  THAT LAW-FREE ZONE ISN'T ENOUGH FOR THE GOVERNMENT.

09:52AM 12  APPARENTLY, WHAT THEY ALSO NEED IS A WORLD IN WHICH A CRIMINAL

09:52AM 13  DEFENDANT, WHOSE LIBERTY IS AT STAKE, CAN'T CRITICIZE THE

09:52AM 14  INVESTIGATION AND SAY YOU COULD HAVE DONE MORE, AND I'VE GOT AN

09:52AM 15  EXPERT WHO IS HERE TO TELL YOU THAT YOU COULD HAVE DONE MORE.

09:53AM 16       AND THAT IS NOT CONSISTENT WITH THE SIXTH AMENDMENT.  THAT

09:53AM 17  WOULD FUNDAMENTALLY IMPAIR MR. BALWANI'S SIXTH AMENDMENT

09:53AM 18  RIGHTS.

09:53AM 19            THE COURT:  OKAY.

09:53AM 20            MS. VOLKAR:  AGAIN, YOUR HONOR, THIS EXPERT IS NOT

09:53AM 21  QUALIFIED TO GIVE THAT OPINION.  I DON'T KNOW -- AND THEN WE'RE

09:53AM 22  REALLY SQUARELY IN RULE 702 LAND, AND MAYBE WE NEED TO WRITE A

09:53AM 23  FURTHER DAUBERT BRIEFING ON THAT, IF NECESSARY.

09:53AM 24       BUT THIS EXPERT IS NOT QUALIFIED TO MAKE THAT ASSERTION

09:53AM 25  THAT MR. BRECHER JUST SAID.  I THINK THAT'S REALLY BASIC.  AND,

09:53AM 1    AGAIN, IT'S ENTIRELY IRRELEVANT AND DURING A RELEVANT TIME

09:53AM 2    PERIOD.

09:53AM 3        I WANT TO GO BACK TO JUST -- MY TEAMMATE REMINDED ME THAT

09:53AM 4    PART OF THE REASON WHY WE REFERENCED THE PRIOR LITIGATION, AND

09:53AM 5    YOU HEARD MR. LEACH SAY THIS EARLIER THIS WEEK, OR LAST WEEK,

09:53AM 6    WE DIDN'T WANT TO GET INTO THE PRIOR LITIGATION.  WE UNDERSTAND

09:53AM 7    YOUR HONOR'S RULINGS.

09:53AM 8        BUT IN THAT PRIOR LITIGATION, MR. BALWANI WAS A DEFENDANT

09:53AM 9    FOR MANY YEARS AND HAD ALL OF THE TOOLS OF CIVIL DISCOVERY AT

09:54AM 10   HIS DISPOSAL THROUGHOUT THE PFM INVESTIGATION, THE ARIZONA

09:54AM 11   CONSUMER LITIGATION.

09:54AM 12       DURING THIS SAME TIME PERIOD THAT THE GOVERNMENT WAS

09:54AM 13   SENDING HIM SUBPOENAS, HE ALSO HAD A PERSONAL REASON TO GET

09:54AM 14   ACCESS TO, TO GET A FUNCTIONAL COPY OF THE LIS DATABASE, AND HE

09:54AM 15   ALSO HAD RULE 17 SUBPOENA POWERS IN THIS CASE WHEN HE KNEW HE

09:54AM 16   WAS UNDER INDICTMENT, WHICH IS, AGAIN, IS BEFORE THE DATABASE

09:54AM 17   GOES AWAY.

09:54AM 18       SO EVEN THOUGH THEY WANT TO DISTANCE ALL OF THAT STUFF,

09:54AM 19   THAT IS ALSO PART OF THE STORY OR COULD BE BECAUSE HE DID HAVE,

09:54AM 20   IF ANYTHING, MORE MOTIVE THAN THE GOVERNMENT TO GET ACCESS TO

09:54AM 21   THAT LIS DATABASE, IF IT ACTUALLY HAD EXCULPATORY EVIDENCE IN

09:54AM 22   IT, WHICH I KNOW IS ANOTHER DEBATE.

09:54AM 23       AND THE LAST THING I WANT TO SAY IS THAT I THINK THE COURT

09:54AM 24   GETS THAT THIS IS REALLY -- IT IS A MUD SLINGING CONTEST.  AND

09:54AM 25   THE DEFENDANT WANTS TO SAY I DID BAD THINGS, AND LIED TO

09:54AM 1    PEOPLE, AND I GOT THEIR MONEY FOR IT, AND I WANT TO SHOW THAT

09:54AM 2    THE GOVERNMENT IS BAD, TOO, BECAUSE THEY COULD HAVE GOTTEN THIS

09:55AM 3    EVIDENCE THAT IS OF QUESTIONABLE USEFULNESS.  I MEAN, AGAIN, I

09:55AM 4    KNOW IT HAD PATIENT RESULTS AND DATA IN IT.  BUT WOULD IT HAVE

09:55AM 5    ACTUALLY HAD SOMETHING MORE BENEFICIAL THAN WHAT WE HAVE SEEN

09:55AM 6    IN THIS TRIAL?  THAT IS STILL AN OPEN QUESTION, AND NO ONE WILL

09:55AM 7    KNOW THE ANSWER BECAUSE IT'S PERMANENTLY DESTROYED.

09:55AM 8          MR. BRECHER:  BRIEFLY, YOUR HONOR.

09:55AM 9     FIRST, THE NOTION THAT THE DEFENDANT WANTS TO SHOW

09:55AM 10   SOMETHING BECAUSE HE WANTS TO SAY TO THE JURY, I LIED TO PEOPLE

09:55AM 11   AND GOT THEIR MONEY FOR IT, I WON'T DIGNIFY THAT WITH A

09:55AM 12   RESPONSE.  I DON'T THINK THAT IS GOING TO FEATURE PROMINENTLY

09:55AM 13   IN OUR CLOSING ARGUMENT.

09:55AM 14    SECOND, THE POINT ABOUT CIVIL LITIGATION, THERE'S A

09:55AM 15   DIFFERENCE HERE, YOUR HONOR.  MR. BALWANI WAS NOT ADVISED ABOUT

09:55AM 16   AN ALTERNATIVE WAY OF SECURING THIS DATA.  THE GOVERNMENT WAS,

09:55AM 17   AND THAT IS PRECISELY WHAT MR. SONNIER IS GOING TO TESTIFY

09:55AM 18   ABOUT IF SO PERMITTED.

09:55AM 19    LAST, I WANT TO SPEAK TO -- SECOND TO LAST.  I APOLOGIZE.

09:55AM 20   I WANT TO TALK ABOUT DISCOVERY FOR A MOMENT BECAUSE THE

09:55AM 21   GOVERNMENT TEED IT UP, AND I THINK IT'S APPROPRIATE TO OFFER

09:55AM 22   SOME RESPONSE.

09:55AM 23    THE SCOPE OF ANY REBUTTAL BY THE GOVERNMENT.  THE COURT

09:55AM 24   NOW KNOWS BASED ON THE EXTENSIVE, I THINK MORE EXTENSIVE

09:56AM 25   REPRESENTATIONS ABOUT THE COURSE OF DIRECT THAN CRIMINAL

09:56AM 1    DEFENDANTS USUALLY OFFER, PRECISELY WHAT MR. SONNIER IS GOING

09:56AM 2    TO SAY.  IT DOESN'T ALWAYS RESEMBLE WHAT THE GOVERNMENT CLAIMS

09:56AM 3    HE'S GOING TO SAY, BUT THAT'S FINE.

09:56AM 4        WHAT IS FAIR REBUTTAL?  IF THEY WANT TO CALL

09:56AM 5    MR. CADDENHEAD AND MR. CHUNG TO SAY, NO, YOU COULDN'T HAVE

09:56AM 6    REASSEMBLED THE DATA, THAT'S OKAY.  THAT'S FINE.

09:56AM 7        IF THEY WANT TO CALL MR. CHANDRASEKARAN TO SAY THE SAME

09:56AM 8    THING, AND TO ADD THE FACT THAT MR. CHANDRASEKARAN ALSO

09:56AM 9    DESIGNED AND MAINTAINED THE DATABASE, SOMETHING THAT NEITHER

09:56AM 10   CADDENHEAD OR CHUNG CAN CLAIM, THAT'S FINE, AS LONG AS THERE'S

09:56AM 11   NO SUGGESTION THAT MR. BALWANI WAS SOMEHOW INVOLVED IN THE

09:56AM 12   DISASSEMBLY, WHICH AGAIN, THERE IS NO GOOD FAITH BASIS FOR THAT

09:56AM 13   INSINUATION, THAT'S FINE.

09:56AM 14       BUT A COUPLE OF THINGS THAT CAN'T HAPPEN.  ONE, IS GETTING

09:56AM 15   INTO THE EXISTENCE OR LACK OF EXISTENCE OF JOINT DEFENSE

09:56AM 16   PRIVILEGES; GETTING INTO UNRELATED -- GETTING INTO RELATED

09:57AM 17   CIVIL LITIGATION FOR ALL OF THE 403 REASONS THAT YOUR HONOR

09:57AM 18   ALREADY IDENTIFIED DURING THE COLLOQUY THAT MS. WALSH HAD WITH

09:57AM 19   MR. LEACH LAST WEEK; AND MOST CRITICALLY REALLY, SANDBAGGING

09:57AM 20   THE DEFENSE WITH THIS IDEA THAT YOU'RE NOT GOING TO PUT IN

09:57AM 21   ANYTHING NEW, DEFENSE, ABOUT WHAT LIS WAS OR WHAT IT COULD DO,

09:57AM 22   BUT IF YOU SAY THE GOVERNMENT COULD HAVE HAD IT, WE'RE GOING TO

09:57AM 23   CALL A COUPLE OF EXPERT WITNESSES TO TELL YOU THAT THE PATIENT

09:57AM 24   TESTING RESULTS WERE SYSTEMATICALLY UNRELIABLE.  THAT'S NOT

09:57AM 25   REBUTTAL, YOUR HONOR.  THAT'S REPEATING PORTIONS OF THE

6485

09:57AM  1    CASE-IN-CHIEF THAT THEY COULD HAVE PUT IN HAD THEY CHOSEN TO DO

09:57AM  2    SO, AND IT'S WAITING TO DO SO UNTIL THE CONTEXT OF WHICH

09:57AM  3    MR. BALWANI HAS NO CHANCE TO RESPOND.  WE DON'T GET A

09:57AM  4    SURREBUTTAL CASE.

09:57AM  5         IT SIMPLY HAS NOTHING TO DO WITH MEETING THE ALLEGATIONS

09:57AM  6    AND THE TESTIMONY THAT WE EXPECT TO OFFER THROUGH MR. SONNIER.

09:57AM  7    AND WE HOPE THE COURT WILL PROVIDE US SOME CLARITY ON THAT

09:58AM  8    ISSUE.

09:58AM  9         LAST, YOUR HONOR --

09:58AM  10             THE COURT:  WOULD THEY BE ABLE TO, THE GOVERNMENT,

09:58AM  11   BE ABLE TO PUT INTO EVIDENCE A SCENARIO OR FACTS SUCH THAT THEY

09:58AM  12   COULD RESPOND TO THE QUESTION, WHY DIDN'T THEY DO THIS?  THEY

09:58AM  13   DIDN'T.  THEY HAD THIS AND THEY COULD HAVE, MR. SONNIER WILL

09:58AM  14   SAY.  AND, FOR EXAMPLE, WOULD THEY BE ABLE TO PUT SOMEBODY ON

09:58AM  15   TO SAY, WELL, WE DIDN'T DO IT BECAUSE THEY TOLD US WE HAD THE

09:58AM  16   REAL THING AND WE TRUSTED THAT?

09:58AM  17             MR. BRECHER:  YES, THEY COULD DO THAT.

09:58AM  18        AND AGAIN, YOUR HONOR, AS I THOUGHT I SAID, WE PLANNED TO

09:58AM  19   INTRODUCE THAT CONTEXT THROUGH MR. SONNIER TO MAKE SURE THE

09:58AM  20   JURY KNOWS, YOU KNOW, THE BACKGROUND AGAINST WHICH WE'RE

09:58AM  21   OPERATING HERE.

09:58AM  22             THE COURT:  OKAY.

09:58AM  23             MR. BRECHER:  AND THE LAST POINT, YOUR HONOR, IS

09:58AM  24   THERE'S BEEN SOME DISCUSSIONS ABOUT DISCOVERY.  THIS IS MAYBE

09:58AM  25   THE THIRD TIME IT'S BEEN ALLUDED TO AND IT'S COME UP A FEW

09:58AM  1    TIMES IN BRIEFS.  I WANT TO MAKE SURE THAT WE'RE ON THE SAME

09:59AM  2    PAGE ABOUT THE DEFENDANT'S DISCOVERY OBLIGATIONS BECAUSE WE

09:59AM  3    BELIEVE WE HAVE MET THEM.

09:59AM  4        AND THE GOVERNMENT HASN'T REALLY ARTICULATED WHY THEY

09:59AM  5    THINK THEY'RE ENTITLED TO CERTAIN INFORMATION.  THEY'VE MADE

09:59AM  6    SOME REFERENCES TO RULE 26.2.  SO I JUST WANT TO DIVE --

09:59AM  7             THE COURT:  FRIDAY WE TALKED, AND THERE WAS THIS

09:59AM  8    DISCUSSION, AND I ASKED YOU -- AND I THINK BOTH SIDES SAID

09:59AM  9    WE'LL TALK WITH THE GOVERNMENT, AND WE'LL GIVE THEM WHAT THEY

09:59AM  10   NEED.  IT SEEMS LIKE THERE WAS AGREEMENT ON THAT, BUT

09:59AM  11   APPARENTLY NOT.

09:59AM  12            MR. BRECHER:  WELL, YOUR HONOR, WE THINK WE HAVE

09:59AM  13   ALREADY COMPLIED WITH OUR DISCOVERY OBLIGATIONS.  AND I JUST

09:59AM  14   WANT TO REMIND THE COURT THAT --

09:59AM  15            THE COURT:  WELL, THEY SAID THEY DIDN'T GET

09:59AM  16   ANYTHING.

09:59AM  17            MR. BRECHER:  FIRST OF ALL, THAT IS NOT TRUE.  THE

09:59AM  18   GOVERNMENT HAS GOTTEN SOME MATERIAL.

09:59AM  19            MS. VOLKAR:  WE GOT A SECRET SERVICE BEST PRACTICES

09:59AM  20   MANUAL.

09:59AM  21            MR. BRECHER:  THEY GOT A LOT MORE THAN THAT,

09:59AM  22   YOUR HONOR.  I THINK IT'S ABOUT A THOUSAND PAGES OF MATERIAL.

09:59AM  23        BUT PUTTING ASIDE THAT, THERE'S NOTHING IN RULE 26.2 THAT

09:59AM  24   ENTITLES THE GOVERNMENT TO WHAT I THINK THEY'RE ASKING FOR.

09:59AM  25        I WANT TO JUST REMIND THE COURT OF WHERE WE LANDED

09:59AM 1     PROCEDURALLY IN THE HOLMES TRIAL BECAUSE THIS WAS DISCUSSED

09:59AM 2     ABOUT THREE TIMES, AND YOUR HONOR NEVER RULED FOR THE

10:00AM 3     GOVERNMENT, AND THAT'S BECAUSE THE LANGUAGE OF THE RULE IS

10:00AM 4     QUITE CLEAR.

10:00AM 5         YOU MAY RECALL A COLLOQUY, THERE WERE SEVERAL, BUT THE ONE

10:00AM 6     THAT STICKS OUT MOST IN MY MIND IS THE ONE BETWEEN MR. LEACH

10:00AM 7     AND MS. SAHARIA.

10:00AM 8         THE GOVERNMENT SAID, YOUR HONOR, WE DON'T HAVE THEIR

10:00AM 9     INTERVIEW SUMMARIES OF THEIR WITNESSES.

10:00AM 10         AND MS. SAHARIA POINTED OUT THE LANGUAGE OF F.R.C.P. 26.2

10:00AM 11    AND SUBSECTION (F) LAYS OUT THE DEFINITION OF STATEMENTS UNDER

10:00AM 12    THAT RULE, AND IT INCLUDES STATEMENTS THAT ARE MADE, SIGNED OR

10:00AM 13    ADOPTED BY THE WITNESS, IT INCLUDES EITHER RECORDINGS OR

10:00AM 14    SUBSTANTIALLY VERBATIM TRANSCRIPTS OF WITNESS STATEMENTS, AND

10:00AM 15    IT INCLUDES GRAND JURY TESTIMONY, WHICH WE OBVIOUSLY WOULDN'T

10:00AM 16    HAVE ACCESS TO.

10:00AM 17         THERE'S NOTHING ABOUT THE DEFENDANT'S INTERVIEWS THAT

10:00AM 18    WOULD FALL INTO ANY OF THOSE CATEGORIES.

10:00AM 19         AND I THINK THAT WHEN THE GOVERNMENT WAS CONFRONTED WITH

10:00AM 20    THAT, THE RESPONSE WASN'T ANYTHING ABOUT THE LANGUAGE OF THE

10:00AM 21    RULE, THE RESPONSE WAS, WELL, YOUR HONOR, WE GIVE THEM OUR

10:01AM 22    302'S, AND IF WE DIDN'T, THE DEFENSE WOULD BE VERY UPSET.

10:01AM 23         AND TO THAT, I HAVE A COUPLE OF RESPONSES.

10:01AM 24         ONE, IS THAT THE GOVERNMENT DOES GIVE US THEIR 302'S, AND,

10:01AM 25    TWO, YES, IF THEY STOPPED, WE WOULD BE VERY UPSET.

10:01AM 1        BUT THE REASON THEY GIVE US THE 302'S IS NOT BECAUSE OF

10:01AM 2    RULE 26.2, IT'S BECAUSE OF RULE 16 AND BRADY.  AND AS WE

10:01AM 3    POINTED OUT IN OPPOSITION TO THE GOVERNMENT'S MIL NUMBER 14,

10:01AM 4    AND AS THE COURT -- AS THE GOVERNMENT NEVER ACTUALLY RESPONDED

10:01AM 5    TO DURING THE ARGUMENT ON THAT MOTION, THE GOVERNMENT AND THE

10:01AM 6    DEFENSE HAVE RECIPROCAL DISCOVERY OBLIGATIONS, BUT THEY DON'T

10:01AM 7    HAVE IDENTICAL OBLIGATIONS.

10:01AM 8        THE DEFENSE'S OBLIGATION UNDER RULE 16 IS TO PRODUCE

10:01AM 9    MATERIALS THAT WE INTEND TO INTRODUCE IN OUR CASE-IN-CHIEF.

10:01AM 10       THE GOVERNMENT HAS THAT SAME OBLIGATION, BUT THEY ALSO

10:01AM 11   HAVE TO PROVIDE INFORMATION THAT IS MATERIAL TO PREPARING A

10:01AM 12   DEFENSE, WHICH I THINK 302'S WOULD QUITE EASILY FALL, AND THEY

10:01AM 13   HAVE INDEPENDENT CONSTITUTIONAL OBLIGATIONS UNDER GIGLIO AND

10:01AM 14   BRADY TO PROVIDE OTHER MATERIAL.

10:01AM 15       AND THERE IS ALSO THE OTHER PIECE THAT THE GOVERNMENT

10:01AM 16   HASN'T SEEMED TO HAVE RESPONDED TO, TO MY KNOWLEDGE, WHICH IS

10:02AM 17   RULE 16(B)(2)(B).  I KNOW, THAT'S A LOT OF SUBSECTIONS.

10:02AM 18       BUT THE LANGUAGE THERE SAYS THAT STATEMENTS THAT ARE MADE

10:02AM 19   TO THE DEFENDANT OR A DEFENSE ATTORNEY ARE EXCLUDED FROM THOSE

10:02AM 20   STATEMENTS THAT HAVE TO BE INTRODUCED.  AND I'M HAPPY TO GO

10:02AM 21   THROUGH IN DETAIL HOW THAT WORKS, BUT I JUST WANT TO RAISE THE

10:02AM 22   POINT THAT I THINK WE HAVE COMPLIED WITH OUR DISCOVERY

10:02AM 23   OBLIGATIONS.

10:02AM 24        THE COURT:  OKAY.  SO WHAT YOU'RE TELLING ME THIS

10:02AM 25   MORNING IS THAT YOU HAVE -- YOU'VE COMPLIED, YOU HAVE NOTHING

10:02AM 1        ELSE TO GIVE AS OF 10:00 A.M.?

10:02AM 2                    MR. BRECHER:  I'LL CHAT WITH MY TEAM, BUT YES.

10:02AM 3                    THE COURT:  OKAY.  ALL RIGHT.

10:02AM 4                    MS. VOLKAR:  YOUR HONOR, I FIND THAT VERY HARD TO

10:02AM 5        BELIEVE FOR MANY REASONS, BUT THE MOST OBVIOUS ONE OF WHICH IS

10:02AM 6        THAT THE DEFENSE IDENTIFIED OR DISCLOSED THREE EXPERT

10:02AM 7        WITNESSES.

10:02AM 8            IN ONE, WE RECEIVED A DECLARATION FROM MR. SONNIER THAT

10:02AM 9        HAS HIS COMPENSATION LEVEL.  WE HAVE NOT SEEN ANY CONTRACTS,

10:02AM 10       INVOICES, STATEMENTS THAT I WOULD EXPECT TO HAVE BEEN GENERATED

10:02AM 11       FOR THESE OTHER TWO RETAINED EXPERTS AT THE VERY LEAST, LET

10:03AM 12       ALONE STATEMENTS OF INTERVIEWS WITH THE DEFENDANTS.

10:03AM 13           AND WE KNOW, FOR EXAMPLE, THAT THEY MET WITH DR. WOOTEN.

10:03AM 14       WHAT WE DON'T KNOW IS WHETHER THEY WROTE ANYTHING DOWN.  AND

10:03AM 15       THE PART THAT MR. BRECHER LEFT OUT FROM THE COLLOQUY WITH

10:03AM 16       MS. SAHARIA, WAS WHEN YOUR HONOR, I THINK CHUCKLING, SAID TO

10:03AM 17       MS. SAHARIA, I GUESS YOU CAN MEET WITH SOMEONE AND JUST NEVER

10:03AM 18       TAKE ANY NOTES AND NEVER WRITE ANYTHING DOWN, AND THAT'S ONE

10:03AM 19       WAY TO GET AROUND YOUR DISCOVERY OBLIGATIONS, AND CLEARLY THE

10:03AM 20       DEFENSE HAS PICKED UP ON THAT.

10:03AM 21           BUT REGARDLESS, WHATEVER DOES EXIST -- AND WE KNOW THEY

10:03AM 22       ARE MEETING WITH PEOPLE.  I'M GLAD THAT THEY THINK THE

10:03AM 23       GOVERNMENT HAS BEEN OVERDISCLOSING AND MEETING OUR DISCOVERY

10:03AM 24       OBLIGATIONS TO THEM.  WE UNDERSTAND THEM.

10:03AM 25           WE'RE JUST SAYING THAT, ESPECIALLY WHEN ON THE OTHER SIDE

10:03AM 1    THEY APPARENTLY THINK THAT THEY DON'T NEED TO SHARE -- I WAS

10:03AM 2    GOING TO SAY ANYTHING, BUT THEY DID, OF COURSE, PRODUCE A

10:03AM 3    THOUSAND PAGES OF SECRET SERVICE BEST PRACTICES MANUALS AND

10:03AM 4    SEVERAL OTHER GOVERNMENT MANUALS IN DISCOVERY.  SO THEY DID

10:03AM 5    PRODUCE SOMETHING.  I'M NOT SAYING THAT THEY DIDN'T PRODUCE

10:03AM 6    ANYTHING.

10:03AM 7        BUT TO SAY THAT THERE'S NO WRITTEN MATERIALS PARTICULARLY

10:03AM 8    FOR THOSE OTHER TWO DISCLOSED EXPERTS, I FIND VERY DIFFICULT TO

10:04AM 9    BELIEVE.

10:04AM 10            THE COURT:  DO YOU WANT TO COMMENT ON THE EXPERTS?

10:04AM 11            MR. BRECHER:  YES, VERY MUCH SO, YOUR HONOR.

10:04AM 12        FIRST OF ALL, CONTRACTS AND INVOICES ARE, SO FAR AS I CAN

10:04AM 13    TELL, NOT STATEMENTS UNDER RULE 26.2.  I DON'T SEE HOW THEY

10:04AM 14    COULD BE.

10:04AM 15        WE KNOW WHAT THE WORD "STATEMENT" MEANS.  IN THE CONTEXT

10:04AM 16    OF RULE 801, FOR EXAMPLE, IT EXPRESSLY EXCLUDES DOCUMENTS THAT

10:04AM 17    SET LEGAL OBLIGATIONS BETWEEN PARTIES.  SO THAT WOULD INCLUDE

10:04AM 18    CONTRACTS.

10:04AM 19        WE ALSO KNOW IN THE CONTEXT OF RULE 16 WHAT A STATEMENT

10:04AM 20    IS.  STATEMENTS EXPRESSLY EXCLUDE THINGS LIKE CONTRACT.

10:04AM 21    THERE'S CASE LAW TO THAT EFFECT.

10:04AM 22        I'M NOT AWARE OF ANY CASE LAW CONSTRUING RULE 26.2, AND I

10:04AM 23    DIDN'T HEAR MS. VOLKAR CITING ANY THAT SUGGEST THAT THEY FALL

10:04AM 24    WITHIN THE MEANING OF DISCLOSABLE MATERIALS.

10:04AM 25        WHAT I WILL SAY, YOUR HONOR, IS THAT I DON'T HAVE

10:04AM  1    PARTICULAR -- EXCUSE ME, I DON'T HAVE PARTICULAR HEARTBURN

10:04AM  2    ABOUT DISCLOSING CONTRACTS AND INVOICES IN ANY SORT OF INHERENT

10:04AM  3    WAY, BUT MY CONCERN IS TWOFOLD.

10:04AM  4        ONE, I DON'T THINK IT'S REQUIRED UNDER THE LANGUAGE OF THE

10:05AM  5    RULE OR ANY AUTHORITY CONSTRUING THE RULES.  SO I DON'T KNOW

10:05AM  6    WHY THE DEFENSE SHOULD HAVE TO DO SOMETHING THAT IS NOT

10:05AM  7    REQUIRED.

10:05AM  8        AND, TWO, WHAT I DON'T WANT TO SEE HAPPEN, IS TO SEE ANY

10:05AM  9    DISCLOSURE THAT THE DEFENSE MAY MAKE CONSTRUED AS SOME SORT OF

10:05AM 10    WAIVER OF OUR RIGHT TO REST ON THE LANGUAGE OF 26.2 AND THE

10:05AM 11    LANGUAGE OF RULE 16(B)(2)(B).

10:05AM 12        AND A COUPLE OF POINTS, YOUR HONOR.

10:05AM 13        YES, THE COURT DID MAKE THAT OBSERVATION WITH MS. SAHARIA,

10:05AM 14    BUT THE COURT NEVER RULED, AND CONSISTENT WITH THE LANGUAGE OF

10:05AM 15    RULE 26.2(F), COULD NOT RULE THAT ATTORNEY'S NOTES OR

10:05AM 16    ATTORNEY'S SUMMARIES ARE STATEMENTS WITHIN THE MEANING OF

10:05AM 17    26.2(F).

10:05AM 18        I DON'T THINK, GIVEN OUR PENDING MOTION FOR DISCOVERY,

10:05AM 19    WHICH WE STILL REALLY DO CARE ABOUT, THAT WE ACKNOWLEDGE THAT

10:05AM 20    THE GOVERNMENT WAS OVERDISCLOSING MATERIAL.

10:05AM 21        WHAT I DID SAY IS THAT THE GOVERNMENT HAS OTHER

10:05AM 22    INDEPENDENT DISCLOSURE OBLIGATIONS THAT THE DEFENSE DOES NOT

10:05AM 23    SHARE.

10:05AM 24        AND, SECOND, I'VE HEARD NO RESPONSE TO THE POINT UNDER

10:06AM 25    RULE 16(B)(2)(B) THAT STATEMENTS MADE TO DEFENSE COUNSEL ARE

10:06AM  1    NOT DISCLOSABLE.

10:06AM  2              THE COURT:  IS THE COMPENSATION, IF ANY,

10:06AM  3    DISCLOSABLE?

10:06AM  4              MR. BRECHER:  SO THAT'S THE ISSUE, YOUR HONOR.  I

10:06AM  5    DON'T THINK THOSE ARE STATEMENTS WITHIN THE MEANING OF 26.2.

10:06AM  6         AS I SAID, I'M NOT, AS I SIT HERE, DEEPLY CONCERNED ABOUT

10:06AM  7    SHARING THAT INFORMATION.  I GUESS WE COULD SHARE IT.

10:06AM  8         BUT MY WORRY IS, WHAT ARE WE OPENING THE DOOR TO IF WE

10:06AM  9    START SHARING INFORMATION THAT I DON'T THINK IS CALLED FOR BY

10:06AM  10   THE RULES?

10:06AM  11        IS THE GOVERNMENT GOING TO TURN THAT AROUND ON US AND SAY,

10:06AM  12   WELL, NOW YOU'VE OPENED THE DOOR AND WE'RE ENTITLED TO

10:06AM  13   EVERYTHING AND YOU CAN'T RAISE A DEFENSE.

10:06AM  14             THE COURT:  SO THE GOVERNMENT CAN ASK THE WITNESS

10:06AM  15   THEN, WHAT IS YOUR COMPENSATION, AND THE WITNESS COULD TESTIFY

10:06AM  16   ABOUT THAT?

10:06AM  17             MR. BRECHER:  YES.

10:06AM  18        AND I THINK, YOUR HONOR, IT'S TYPICAL PRACTICE.  I CAN'T

10:06AM  19   SPEAK FOR MY COLLEAGUES, BUT IT'S ALWAYS BEEN MY PRACTICE, WHEN

10:06AM  20   QUALIFYING AN EXPERT, TO ASK DURING THE COLLOQUY, ARE YOU BEING

10:06AM  21   COMPENSATED?  WHAT IS THAT COMPENSATION?  DOES IT AFFECT YOUR

10:07AM  22   OPINIONS TODAY, ET CETERA?

10:07AM  23             THE COURT:  OKAY.

10:07AM  24             MS. VOLKAR:  YOUR HONOR, TWO MORE POINTS I DIDN'T

10:07AM  25   HAVE A CHANCE TO MAKE THE LAST TIME I HAD THE MIKE.  ONE WAS

6493

10:07AM 1  RELATED TO THE 16(B)(2)(B).

10:07AM 2      I THINK THAT THAT'S PARTICULARLY INTERESTING THAT THE

10:07AM 3  DEFENSE IS RELYING SO HEAVILY ON THAT WHEN THEY WANT TO

10:07AM 4  IGNORE -- AND I'M SORRY I DON'T HAVE IT AT MY FINGERTIPS -- BUT

10:07AM 5  RULE 16(A)(2), WHICH IS ONE OF THE CORE BASES FOR OUR

10:07AM 6  OPPOSITION TO THEIR DISCOVERY MOTION, WHICH IS THE WORK PRODUCT

10:07AM 7  OF PROSECUTORS.  THEY, OF COURSE, WANT TO SAY WE WAIVED THAT

10:07AM 8  AND AT THE VERY TOP OF OUR BRADY LETTER WE SAY "WITHOUT WAIVING

10:07AM 9  ANY PRIVILEGES."

10:07AM 10      SO ALL OF THE BENEFITS THAT MR. BRECHER WANTS HERE,

10:07AM 11  THEY'RE NOT WILLING TO AFFORD TO THE GOVERNMENT IN TURN.

10:07AM 12      AND THE LAST THING THAT I WANT TO SAY, AND I HESITATE

10:07AM 13  BECAUSE I DON'T WANT TO REOPEN THE DOOR, BUT WHEN YOUR HONOR

10:07AM 14  ASKED, "IF YOU ARE GOING TO SAY TO MR. SONNIER 'WHY DIDN'T THE

10:07AM 15  GOVERNMENT DO THIS?'  CAN'T THE GOVERNMENT RESPOND THAT THEY

10:07AM 16  DIDN'T HAVE THE REAL THING?'"

10:07AM 17      WE WOULD ALSO SAY THAT THE GOVERNMENT SHOULD BE ABLE TO

10:08AM 18  RESPOND WHY DIDN'T WE GET OR FOCUS MORE ON GETTING THE

10:08AM 19  FUNCTIONING COPY OF THE LIS?  BECAUSE WE KNEW THERANOS VOIDED

10:08AM 20  ALL OF THE TEST RESULTS, BECAUSE WE HAD DR. DAS, BECAUSE WE HAD

10:08AM 21  ALL OF THE STUFF FROM CMS.

10:08AM 22      THERE IS A LOT OF OTHER INFORMATION OUT THERE AS WELL THAT

10:08AM 23  THE GOVERNMENT HAD IN ITS POSSESSION AT THE SAME TIME IT

10:08AM 24  COLLECTED WHAT IT THOUGHT WAS A WORKING COPY OF THE LIS.

10:08AM 25      AND I KNOW WE'RE NOT ARGUING THE FACTS, BUT I DON'T WANT

10:08AM 1    TO GET AWAY FROM THE EMPLOYEE OF THE GOVERNMENT THAT THEY KEEP

10:08AM 2    POINTING TO, THE FOUR OPTIONS, THE GOVERNMENT FOLLOWED TWO OF

10:08AM 3    THEM, ONE BEING A PERFECTLY REASONABLE ONE, WHICH WAS TO ASK

10:08AM 4    THERANOS TO GIVE -- OR THE ASSIGNEE FOR THERANOS TO GIVE A

10:08AM 5    WORKING COPY.  SO I JUST DON'T WANT TO LET THAT VERY BASIC FACT

10:08AM 6    GO.

10:08AM 7         MR. BRECHER:  BRIEFLY, YOUR HONOR.

10:08AM 8         FIRST, ON THE WORK PRODUCT ISSUE.  WHEN YOU SEND A LETTER

10:08AM 9    DESCRIBING THE CONTENTS OF SOMETHING TO AN OPPOSING PARTY, YOU

10:08AM 10   HAVE BY DEFINITION SUBSTANTIALLY RAISED THE ODDS OF YOUR

10:08AM 11   OPPONENT LEARNING OF THAT INFORMATION.  THAT IS A WORK PRODUCT

10:08AM 12   WAIVER.

10:09AM 13        SECOND, I WANT TO RESPOND TO RETURN TO THE THEME OF THE

10:09AM 14   GOVERNMENT'S PROPOSED REBUTTAL CASE.  THAT IS THE WORST KIND OF

10:09AM 15   BOOTSTRAPPING.  IT'S COMPLETELY IRRELEVANT.  AND, INDEED,

10:09AM 16   DR. DAS WAS NOT INTERVIEWED BY THE GOVERNMENT UNTIL 2021.

10:09AM 17        SO THE NOTION THAT THEY WERE RELYING ON HIS CONCLUSIONS IN

10:09AM 18   MAKING A DECISION IN 2018, THAT MAKES NO SENSE.

10:09AM 19        THE COURT:  OKAY.  WELL, THANK YOU VERY MUCH FOR THE

10:09AM 20   CONVERSATION THIS MORNING.  THE MATTER WILL BE UNDER

10:09AM 21   SUBMISSION.

10:09AM 22        WE'RE NEXT TOGETHER, I THINK, FRIDAY.  AND YOU HAVE A

10:09AM 23   WITNESS TO CALL FRIDAY?

10:09AM 24        MR. BRECHER:  WELL, WE DO, YOUR HONOR.

10:09AM 25        WELL, I'LL ALLOW MR. COOPERSMITH TO SPEAK.

10:09AM 1      THE ISSUE IS, YOUR HONOR, WE HAVE DISCLOSED MR. SONNIER AS

10:09AM 2   ONE OF OUR WITNESSES FOR FRIDAY.  I CERTAINLY DON'T WANT TO

10:09AM 3   RUSH THE COURT'S DECISION, BUT I'LL JUST FLAG THAT THAT IS OUR

10:09AM 4   PRESENT INTENTION.  WE KNOW THAT WE'LL NEED THE COURT'S LEAVE.

10:09AM 5   WE KNOW AT LEAST IN THEORY WE'LL NEED A DECISION ON THE

10:10AM 6   DISCOVERY MOTION, AND WE HOPE THAT OUR CLIENT AND OUR EXPERT

10:10AM 7   CAN REVIEW THOSE MATERIALS IF THEY WILL BE FORTHCOMING IN TIME

10:10AM 8   FOR US TO ASSESS BOTH WHETHER TO CALL THAT WITNESS AND WHETHER

10:10AM 9   TO PRESENT THIS DEFENSE, BECAUSE IT MAY BE RELEVANT.

10:10AM 10      THE COURT:  DO YOU HAVE OTHER WITNESSES THAT YOU

10:10AM 11  COULD CALL IN THE INTERIM?

10:10AM 12      MR. BRECHER:  I'LL DEFER TO MY COLLEAGUE ON THAT,

10:10AM 13  YOUR HONOR.

10:10AM 14      THE COURT:  I'M TALKING ABOUT FRIDAY.

10:10AM 15      MR. BRECHER:  YES.

10:10AM 16      MR. COOPERSMITH:  THANK YOU, YOUR HONOR.  YES, I

10:10AM 17  UNDERSTAND THE QUESTION.

10:10AM 18      WE HAVE DISCLOSED TO THE GOVERNMENT OTHER WITNESSES THAT

10:10AM 19  WE WOULD CALL ON FRIDAY, AND IT'S NO SECRET TO THE GOVERNMENT,

10:10AM 20  SO I DON'T MIND TELLING THE COURT EITHER.

10:10AM 21      IT'S ALSO ANOTHER EXPERT WE HAVE NOTICED, A MR. WEINGUST.

10:10AM 22  HIS TESTIMONY WOULD BE REGARDING THE VALUATION OF THERANOS'S

10:10AM 23  INTELLECTUAL PROPERTY AS OF THE TIME THAT MR. BALWANI LEFT THE

10:10AM 24  COMPANY.  WE HAVEN'T HEARD ANYTHING FROM THE GOVERNMENT

10:10AM 25  OBJECTING TO THAT, BUT WE WOULD PLAN TO DO THAT.

10:10AM 1    WE ALSO HAVE SOME CUSTODIAN WITNESSES.

10:10AM 2    WE ARE -- WE HAVE SOME EMAILS OUT TO THE PROSECUTION TEAM.

10:11AM 3 I'M NOT SURE THEY'VE HAD A CHANCE TO RESPOND, BUT WE MIGHT TRY

10:11AM 4 TO GET STIPULATIONS TO AVOID FLYING CUSTODIANS ACROSS THE

10:11AM 5 COUNTRY OR FROM OTHER PLACES FOR TEN MINUTE TESTIMONY.  WE'LL

10:11AM 6 SEE WHAT HAPPENS THERE.

10:11AM 7    AND THEN WE'LL HAVE TO, AT SOME POINT, MAKE A DECISION

10:11AM 8 ABOUT WHETHER MR. BALWANI IS GOING TO TESTIFY OR NOT.

10:11AM 9    I DON'T KNOW WHETHER THE WITNESSES THAT WE HAVE NOTICED

10:11AM 10 FOR FRIDAY -- OBVIOUSLY SOME OF IT DEPENDS ON THE COURT'S

10:11AM 11 RULING ON THE MATTER THAT WE JUST DISCUSSED.

10:11AM 12    THE COURT:  SURE.

10:11AM 13    MR. COOPERSMITH:  GO AHEAD, YOUR HONOR.  I'M SORRY.

10:11AM 14    THE COURT:  THANK YOU.  PARDON ME.

10:11AM 15    I'M LOOKING AT OUR SCHEDULE, AND IT'S TRUNCATED, ISN'T IT?

10:11AM 16 WE HAVE FRIDAY AND THEN WE HAVE A WEEK OFF.

10:11AM 17    MR. COOPERSMITH:  YES, YOUR HONOR.

10:11AM 18    THE COURT:  AND IT -- MY SENSE IS THAT IF YOUR

10:11AM 19 EXPERT SONNIER WERE TO TESTIFY, HIS TESTIMONY WOULD NOT

10:11AM 20 COMPLETE IN ANY EVENT ON FRIDAY.

10:11AM 21    MR. COOPERSMITH:  WELL, I DON'T KNOW WHAT THE CROSS

10:12AM 22 IS, AS USUAL, BUT I DON'T THINK THE TESTIMONY WE WOULD OFFER

10:12AM 23 THROUGH MR. SONNIER WOULD TAKE INORDINATELY LONG.  I THINK

10:12AM 24 MR. BRECHER'S ESTIMATE WAS TWO HOURS.  I THINK IT MIGHT BE EVEN

10:12AM 25 LESS THAN THAT.

10:12AM 1        SO I DON'T THINK THAT THAT FILLS THE DAY.  WE HAVE THAT

10:12AM 2    OTHER EXPERT, MR. WEINGUST, WHO MIGHT FILL MORE OF THE DAY.

10:12AM 3        AND THEN I THINK, YOU KNOW, GIVEN THAT WE ONLY HAVE THE

10:12AM 4    ONE DAY, IF WE'RE AT A POINT WHERE WE HAVE TO DECIDE, WELL, WE

10:12AM 5    DON'T HAVE ANY MORE WITNESSES EXCEPT FOR THESE CUSTODIANS WHO

10:12AM 6    MAY NOT EVEN HAVE TO TESTIFY IF WE'RE ABLE TO REACH SOME

10:12AM 7    AGREEMENT WITH THE GOVERNMENT, THEN WE WOULD HAVE SOME TIME IN

10:12AM 8    THE AFTERNOON WHERE EITHER WE WOULD HAVE TO BREAK FOR THE DAY,

10:12AM 9    IF YOUR HONOR WANTED TO DO THAT, OR WE WOULD HAVE TO CALL

10:12AM 10   ANOTHER WITNESS.  AND THE ONLY OTHER WITNESS WE MIGHT HAVE AT

10:12AM 11   SOME POINT IS MR. BALWANI.

10:12AM 12           THE COURT:  WELL, I DON'T WANT YOU TO TELL ME ABOUT

10:12AM 13   ANY OF THAT.  I'M NOT ASKING YOU TO REVEAL ANYTHING LIKE THAT.

10:12AM 14           MR. COOPERSMITH:  YES, YOUR HONOR.

10:12AM 15           THE COURT:  I DO RECOGNIZE THAT YOU WILL, AS YOU

10:12AM 16   TOLD ME, YOU'LL HAVE TO MAKE SOME DECISIONS, REVIEW WHAT IS

10:13AM 17   DISCOVERABLE, WHAT IS NOT, LOOK AT IT, AND MAKE A DECISION AS

10:13AM 18   TO WHAT NEXT STEPS ARE, INCLUDING WHETHER OR NOT YOU WANT TO

10:13AM 19   CALL YOUR EXPERT.

10:13AM 20           MR. COOPERSMITH:  YES, YOUR HONOR.

10:13AM 21           THE COURT:  AND YOU -- YOU KNOW, YOU NEED SOME TIME

10:13AM 22   TO DO THAT.

10:13AM 23           MR. COOPERSMITH:  AND, YOUR HONOR, IF I FOLLOW THE

10:13AM 24   POINT I'M HOPING I'M GETTING AT, IS THAT WE HAVE A VERY -- YOU

10:13AM 25   KNOW, IT'S NOW MONDAY OBVIOUSLY.  AND EVEN THOUGH FRIDAY IS AT

10:13AM 1    THE END OF THE WEEK, THERE'S A LOT TO ACCOMPLISH.  I KNOW THE

10:13AM 2    COURT HAS SOME ISSUES TO CONSIDER AND TO BE THOUGHTFUL ABOUT

10:13AM 3    HOW YOU APPROACH THOSE.

10:13AM 4        WE ALSO HAVE THINGS THAT WE HAVE TO TALK ABOUT WITH THE

10:13AM 5    GOVERNMENT.  THERE'S ANOTHER EXPERT.  WE MAY HAVE SOME OTHER

10:13AM 6    MOTIONS WE HAVE TO FILE ABOUT SOME OTHER THINGS.

10:13AM 7        AND SO IT WOULD BE PERHAPS WISE TO GIVE EVERYONE MORE TIME

10:13AM 8    TO SORT OF GET EVERYONE'S ARMS AROUND THIS, TO NOT HAVE A

10:13AM 9    SESSION OR AS LONG A SESSION ON FRIDAY AND TO USE THAT TIME FOR

10:13AM 10   OTHER PURPOSES.

10:13AM 11       I MEAN, FOR EXAMPLE, WE'RE HAPPY TO BEGIN THE PROCESS OF

10:14AM 12   DISCUSSING JURY INSTRUCTIONS.  THERE ARE OTHER THINGS TO

10:14AM 13   ACCOMPLISH.  OBVIOUSLY, THIS IS ALL UP TO YOUR HONOR.

10:14AM 14       IF I FOLLOW THE COURT, THAT MIGHT BE ONE WAY TO APPROACH

10:14AM 15   THIS.

10:14AM 16            THE COURT:  WELL, I WAS CURIOUS -- WELL, THANK YOU.

10:14AM 17   I WAS CURIOUS ABOUT WHETHER OR NOT YOU COULD PUT ANY OF YOUR

10:14AM 18   WITNESSES ON, AS AN ALTERNATIVE TO MR. SONNIER, FRIDAY?

10:14AM 19            MR. COOPERSMITH:  RIGHT.

10:14AM 20            THE COURT:  AND I DON'T WANT TO DISRUPT YOUR CASE

10:14AM 21   STRATEGY OR ANYTHING YOU WANT TO PUT ON.  I RECOGNIZE THAT.

10:14AM 22            MR. COOPERSMITH:  I APPRECIATE THAT, YOUR HONOR.  I

10:14AM 23   DON'T REALLY MIND IF WE HAD TO CALL OTHER WITNESSES AND GIVE

10:14AM 24   THE COURT MORE TIME.  THE PROBLEM IS THAT I DON'T THINK WE

10:14AM 25   WOULD HAVE ENOUGH WITNESSES TO FILL THE DAY, UNLESS WE MADE A

10:14AM 1    DECISION TO CALL MR. BALWANI, WHICH I CAN'T -- I DON'T KNOW

10:14AM 2    YET, RIGHT?

10:14AM 3            THE COURT:  RIGHT.  OKAY.

10:14AM 4      MR. SCHENK.

10:14AM 5          MR. SCHENK:  THANK YOU, YOUR HONOR.

10:14AM 6    I RISE JUST TO SPEAK ON THE SCHEDULING ISSUES THAT THE

10:14AM 7    COURT IS NOW DISCUSSING.

10:14AM 8    I THINK THE GOVERNMENT'S VIEW IS WE NEED TO TAKE ADVANTAGE

10:14AM 9    OF THE DAYS THAT WE HAVE.  WE IMPANELLED THE JURY THE BEGINNING

10:15AM 10   OF MARCH, AND WE GAVE THEM A TRIAL ESTIMATE OF A CERTAIN NUMBER

10:15AM 11   OF WEEKS, AND WE HAVE SINCE GIVEN THEM AN OPPORTUNITY TO OFFER

10:15AM 12   TO US ADDITIONAL DAYS THAT THEY COULD ADD TWO WEEKS.

10:15AM 13   AND AS THE COURT HAS SEEN, THIS JURY HAS BEEN PRETTY

10:15AM 14   RESISTANT -- OR AT LEAST SOME OF THE MEMBERS OF THE JURY, TO BE

10:15AM 15   FAIR.  I THINK MANY OF THEM HAVE BEEN AVAILABLE TO ADD DAYS,

10:15AM 16   BUT WE HAVE NOT BEEN ABLE TO GET THE FULL PANEL WILLING TO ADD

10:15AM 17   DAYS.

10:15AM 18   AND WE SAW HEALTH ISSUES COME UP IN OUR LAST WEEK OF

10:15AM 19   TRIAL.  MORE THAN ONE DAY WE SPENT AN ALTERNATE.

10:15AM 20   AND THE GOVERNMENT'S VIEW REALLY IS THAT THE COURT HAS SET

10:15AM 21   ASIDE AND FOR A LONG TIME INFORMED THIS JURY THAT THIS FRIDAY

10:15AM 22   WAS GOING TO BE A TRIAL DAY.

10:15AM 23   I ASSUMED THAT CAUSED THIS JURY TO MAKE OR ADJUST TRAVEL

10:15AM 24   PLANS.  THIS COMING WEEKEND IS A HOLIDAY WEEKEND, AND WE TOLD

10:15AM 25   THEM THAT FRIDAY WAS A TRIAL DAY.  I THINK FRIDAY SHOULD REMAIN

```
10:16AM   1    A TRIAL DAY.

10:16AM   2         AND I APPRECIATE THAT THERE IS WORK THAT NEEDS TO BE DONE

10:16AM   3    WITH REGARD TO MR. SONNIER AND THE ADMISSIBILITY OF CERTAIN

10:16AM   4    TESTIMONY, BUT IF THE DEFENSE NEEDS TO REVISE THEIR WITNESS

10:16AM   5    LIST THAT THEY PROVIDED US TO COVER FRIDAY, THEY SHOULD DO THAT

10:16AM   6    IMMEDIATELY.  AND I THINK IT'S OUR EXPECTATION THAT WE'RE GOING

10:16AM   7    TO BE HERE FOR A FULL DAY ON FRIDAY.

10:16AM   8              THE COURT:  WELL, THANK YOU.

10:16AM   9         I'D LIKE TO HAVE TESTIMONY FRIDAY IF WE CAN.  I'D LIKE TO

10:16AM  10    DO THAT.

10:16AM  11         THIS WEEK IS -- I THINK I TOLD YOU, I HAVE NINTH CIRCUIT

10:16AM  12    COMMITTEE OBLIGATIONS TOMORROW AND WEDNESDAY.  SO THE COURT --

10:16AM  13    I WON'T BE HERE.  I'LL BE IN SAN DIEGO.

10:16AM  14         THURSDAY I HAVE A CIVIL CALENDAR.  AS YOU KNOW, WE'RE

10:16AM  15    TYPICALLY DARK ON THURSDAYS BECAUSE OF OUR CIVIL CALENDAR.  SO

10:16AM  16    IT PUTS SOME, SOME PRESSURE ON THE COURT TO GET YOU THE

10:16AM  17    INFORMATION THAT YOU NEED, AND THAT'S WHY I SCHEDULED THIS,

10:17AM  18    THIS MORNING AT 8:30 SO WE COULD CAPTURE SOME TIME, AND I MOVED

10:17AM  19    SOME CASES SO WE COULD DO THE BEST WE CAN TO KEEP THINGS GOING.

10:17AM  20         SO I WOULD LIKE TO HAVE SOME TESTIMONY ON FRIDAY, AT LEAST

10:17AM  21    AS MANY WITNESSES AS YOU THINK YOU CAN ACCOMPLISH.

10:17AM  22              MR. COOPERSMITH:  YES, YOUR HONOR.  I THINK WE COULD

10:17AM  23    CALL OTHER WITNESSES.  I MENTIONED MR. WEINGUST, POSSIBLY SOME

10:17AM  24    CUSTODIANS DEPENDING ON HOW THAT GOES.

10:17AM  25              THE COURT:  SURE.
```

10:17AM 1          MR. COOPERSMITH:  AND THEN WE'LL -- MR. SCHENK IS

10:17AM 2     RIGHT, IF WE HAVE TO REVISE THE WITNESS LIST, WE WILL DO SO AT

10:17AM 3     THE EARLIEST POSSIBLE OPPORTUNITY.

10:17AM 4          BUT WITH REGARD TO MR. SONNIER, THERE ARE SOME ISSUES.

10:17AM 5     THERE'S THE DISCOVERY ISSUE THAT IS PENDING.  AND OBVIOUSLY IF

10:17AM 6     THAT DISCOVERY IS ALLOWED AND WE RECEIVE THE UNDERLYING EMAILS,

10:17AM 7     THEN THAT'S SOMETHING THAT MR. SONNIER WOULD HAVE TO REVIEW, WE

10:17AM 8     WOULD HAVE TO SORT OF ADJUST THINGS.

10:17AM 9          WE CAN CALL WITNESSES OTHER THAN MR. SONNIER.  BUT WHAT WE

10:17AM 10    DON'T WANT TO BE IN A POSITION OF -- WE WANT TO PUT ON OUR

10:17AM 11    DEFENSE AS WE'RE ALLOWED TO PRESENT IT, AND WE DON'T THINK THAT

10:18AM 12    IT WOULD BE FAIR TO PUT US IN A POSITION WHERE THE ONLY WITNESS

10:18AM 13    WE COULD CALL, YOU KNOW, IS OUR CLIENT, AND WE HAVEN'T MADE

10:18AM 14    THAT DECISION.

10:18AM 15         SO WE WOULD PUT ON AS MANY OTHER WITNESSES THAT WE COULD,

10:18AM 16    AND IF WE COULDN'T CALL MR. SONNIER BECAUSE THE COURT HASN'T

10:18AM 17    REACHED A DECISION OR WE JUST DON'T HAVE ENOUGH TIME TO PREPARE

10:18AM 18    HIM, WE WOULD HOPE THAT THE COURT WOULD GIVE US SOME INDULGENCE

10:18AM 19    TO JUST, YOU KNOW, NOT FILL THE WHOLE DAY FRIDAY RATHER THAN

10:18AM 20    START --

10:18AM 21         THE COURT:  RIGHT.  THAT'S WHERE I WAS GOING AS

10:18AM 22    WELL.

10:18AM 23         JUST BECAUSE OF THE TIME CRUNCH OF ALL OF THIS, YOU KNOW,

10:18AM 24    ALL OF US WOULD BE GRATEFUL IF THE DEFENSE FEELS THAT YOU COULD

10:18AM 25    CALL ALTERNATIVE WITNESSES ON FRIDAY, WE'LL GET THROUGH AS MANY

6502

| | |
|---|---|
| 10:18AM | 1 |

AS WE CAN.

I DON'T THINK OUR JURY WOULD OBJECT TO BEING RELEASED EARLY ON A FRIDAY BEFORE A THREE DAY WEEKEND HOLIDAY.

MR. COOPERSMITH:  YES, YOUR HONOR.

THE COURT:  AND THAT NEXT WEEK WE'RE DARK, AND THAT WOULD GIVE THE DEFENSE TIME TO DIGEST THE COURT'S RULING AND DO WHATEVER YOU NEED TO DO SUCH THAT YOU'LL MAKE DECISIONS ON WITNESSES GOING FORWARD.

MR. COOPERSMITH:  YES, YOUR HONOR.

THE COURT:  SO IT -- WE HAVE THAT BIG BREAK NEXT WEEK, AND I'M PAUSING BECAUSE WE ALSO NEED TO SCHEDULE A CHARGING CONFERENCE AT SOME POINT IN TIME.

MR. COOPERSMITH:  YES, YOUR HONOR.

THE COURT:  AND I'LL LOOK AT THAT AS WELL.

MR. COOPERSMITH:  THANK YOU.

THE COURT:  THANK YOU.

ANYTHING ELSE?

MR. BRECHER:  NOTHING FROM THE DEFENSE, YOUR HONOR.

THE COURT:  THANK YOU.

MR. SCHENK:  YOUR HONOR, THERE IS ONE ISSUE.

THE COURT:  MR. BOSTIC.

MR. BOSTIC:  THANK YOU, YOUR HONOR.  GOOD MORNING.

LAST NIGHT THE DEFENSE FILED AN ADDITIONAL MOTION THAT I BELIEVE IS NOTICED FOR 11:30 TODAY.

I'M NOT SURE WHAT THE DEFENSE'S INTENTION OR THE COURT'S

10:19AM 1    PREFERENCES ARE WITH RESPECT TO THE SCHEDULING OF THAT MOTION.

10:19AM 2         WE PREVIOUSLY HAVE BEEN IN DISCUSSIONS ABOUT THE EXHIBIT

10:19AM 3    THAT THE DEFENSE IS SEEKING TO EXHIBIT.  I HAVE HAD A CHANCE TO

10:19AM 4    REVIEW THE MOTION.

10:19AM 5         I THINK THAT THE PARTIES MIGHT BENEFIT FROM SOME

10:20AM 6    ADDITIONAL MEET AND CONFER TIME ON THAT.

10:20AM 7         IN SHORT, THE GOVERNMENT DOESN'T THINK IT WILL BE

10:20AM 8    NECESSARY TO CALL A DOCUMENT CUSTODIAN.  I'VE CONVEYED THAT

10:20AM 9    PREVIOUSLY TO THE DEFENSE, BUT I'M NOT SURE WHETHER WE NEED TO

10:20AM 10   HAVE THAT ARGUMENT AT 11:30 OR WHETHER IT MIGHT MAKE SENSE TO

10:20AM 11   ALLOW THE PARTIES TO DISCUSS IT MORE.  I DON'T THINK THAT'S

10:20AM 12   SOMETHING THAT WOULD NEED TO BE RESOLVED BEFORE FRIDAY, BUT I'M

10:20AM 13   CURIOUS ON THE COURT'S AND THE DEFENSE'S THOUGHTS.

10:20AM 14         THE COURT:  RIGHT.  THANK YOU.

10:20AM 15         AS YOU RECALL, AND AS NOTICED IN THE MOTION, THE COURT DID

10:20AM 16   NOT ADMIT THAT DOCUMENT BECAUSE IT WAS AN EXCEL SHEET THAT WAS

10:20AM 17   SOMEWHAT CUT UP, AND IT WAS DIFFICULT TO TRACK, NOT IMPOSSIBLE

10:20AM 18   BUT DIFFICULT.

10:20AM 19         AND I THINK THE WAY IT WOULD BE PRESENTED, IT WAS MULTIPLE

10:20AM 20   PAGES.  THE JURY WOULD HAVE A DIFFICULT TIME LOOKING AT THAT.

10:20AM 21         YOU HAVE CORRECTED THAT I THINK.

10:20AM 22         MR. COOPERSMITH:  YES, YOUR HONOR.

10:20AM 23         THE COURT:  AND WHAT YOU OFFER NOW IS A SOLID ONE

10:21AM 24   PIECE.  YOU CAN GO HORIZONTALLY ACROSS AND FILL IN ALL OF THE

10:21AM 25   AREAS.

10:21AM   1              MR. COOPERSMITH:  YES, YOUR HONOR.

10:21AM   2              THE COURT:  AND SO THAT'S THE ISSUE NOW I TAKE IT.

10:21AM   3              MR. COOPERSMITH:  YES, YOUR HONOR.

10:21AM   4         AND IT'S VERY HELPFUL OF MR. BOSTIC TO SAY WE WOULDN'T

10:21AM   5    HAVE TO CALL A CUSTODIAN TO FLY SOMEONE UP HERE, SO WE CAN TELL

10:21AM   6    THAT PERSON, I'M SURE SHE'LL BE DELIGHTED, THAT SHE DOESN'T

10:21AM   7    HAVE TO COME TO COURT.

10:21AM   8         I DON'T KNOW IF THERE'S ANY REMAINING ISSUES AS TO THAT.

10:21AM   9         BUT WHEN WE NOTICED THE MOTION FOR 11:30 TODAY, WE WERE

10:21AM  10    NOT TRYING TO PUT PRESSURE ON THE COURT.  WE ALWAYS SAY IN

10:21AM  11    THOSE, OBVIOUSLY IT'S AT SUCH TIME THAT THE COURT CAN TAKE UP,

10:21AM  12    EVEN IF IT'S NOT 11:30.

10:21AM  13         I'M HAPPY TO CONFER FURTHER WITH MR. BOSTIC, AND HOPEFULLY

10:21AM  14    WE CAN REACH SOME AGREEMENT ON THAT.  AND IF NOT, THEN WE WILL

10:21AM  15    TAKE IT UP WITH YOUR HONOR WHEN YOUR HONOR IS AVAILABLE.

10:21AM  16              THE COURT:  WE CAN TALK ABOUT THIS FRIDAY THEN.  I

10:21AM  17    DON'T THINK THIS IS SOMETHING THAT YOU'RE GOING TO HAVE

10:21AM  18    TESTIMONY ON.

10:21AM  19              MR. COOPERSMITH:  YES.  THAT'S ABSOLUTELY FINE.

10:21AM  20              THE COURT:  ALL RIGHT.  THANK YOU.

10:21AM  21              MR. COOPERSMITH:  THANK YOU, YOUR HONOR.

10:22AM  22              MR. BOSTIC:  THANK YOU, YOUR HONOR.

10:22AM  23         (COURT ADJOURNED AT 10:22 A.M.)

         24

         25

1
2
3                    <u>CERTIFICATE OF REPORTER</u>
4
5
6
7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED
8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,
9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
10   CERTIFY:
11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS
12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE
13   ABOVE-ENTITLED MATTER.
14
15
16                    IRENE RODRIGUEZ, CSR, RMR, CRR
                      CERTIFICATE NUMBER 8074
17
18
                      DATED:  MAY 23, 2022
19
20
21
22
23
24
25