1

2                    UNITED STATES DISTRICT COURT

3                   NORTHERN DISTRICT OF CALIFORNIA

4                        SAN JOSE DIVISION

5

     UNITED STATES OF AMERICA,          )
6                                       )  CR-18-00258-EJD
                    PLAINTIFF,          )
7                                       )  SAN JOSE, CALIFORNIA
               VS.                      )
8                                       )  JUNE 8, 2022
     RAMESH "SUNNY" BALWANI,            )
9                                       )  VOLUME 35
                    DEFENDANT.          )
10   _____    )  PAGES 6573 - 6668

11

12                  TRANSCRIPT OF TRIAL PROCEEDINGS
                 BEFORE THE HONORABLE EDWARD J. DAVILA
13                  UNITED STATES DISTRICT JUDGE

14   A P P E A R A N C E S:

15   FOR THE PLAINTIFF:     UNITED STATES ATTORNEY'S OFFICE
                            BY:  JOHN C. BOSTIC
16                               JEFFREY B. SCHENK
                            150 ALMADEN BOULEVARD, SUITE 900
17                          SAN JOSE, CALIFORNIA 95113

18                          BY:  ROBERT S. LEACH
                                 KELLY VOLKAR
19                          1301 CLAY STREET, SUITE 340S
                            OAKLAND, CALIFORNIA 94612
20
          (APPEARANCES CONTINUED ON THE NEXT PAGE.)
21
     OFFICIAL COURT REPORTERS:
22                            IRENE L. RODRIGUEZ, CSR, RMR, CRR
                              CERTIFICATE NUMBER 8074
23                            LEE-ANNE SHORTRIDGE, CSR, CRR
                              CERTIFICATE NUMBER 9595
24
         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
25             TRANSCRIPT PRODUCED WITH COMPUTER

```
 1    A P P E A R A N C E S: (CONT'D)

 2    FOR DEFENDANT BALWANI:  ORRICK, HERRINGTON & SUTCLIFFE LLP
                              BY:  MOLLY MCCAFFERTY
 3                                 SHAWN ESTRADA
                                   SACHI SCHURICHT
 4                            THE ORRICK BUILDING
                              405 HOWARD STREET
 5                            SAN FRANCISCO, CALIFORNIA 94105

 6                            BY:  JEFFREY COOPERSMITH
                                   AARON BRECHER
 7                                 AMANDA MCDOWELL
                              701 FIFTH AVENUE, SUITE 5600
 8                            SEATTLE, WASHINGTON 98104

 9                            BY:  STEPHEN CAZARES
                              77 SOUTH FIGUEROA STREET, SUITE 3200
10                            LOS ANGELES, CALIFORNIA 90017

11                            BY:  AMY WALSH
                              51 W 52ND STREET
12                            NEW YORK, NEW YORK 10019

13
      ALSO PRESENT:           OFFICE OF THE U.S. ATTORNEY
14                            BY:  MADDI WACHS, PARALEGAL
                                   SARA SLATTERY, PARALEGAL
15
                              UNITED STATES POSTAL INSPECTION SERVICE
16                            BY:  CHRISTOPHER MCCOLLOW

17                            FEDERAL BUREAU OF INVESTIGATION
                              BY:  MARIO C. SCUSSEL
18
                              UNITED STATES FOOD & DRUG
19                            ADMINISTRATION
                              BY:  GEORGE SCAVDIS
20

21

22

23

24

25
```

10:08AM

```
 1      SAN JOSE, CALIFORNIA                    JUNE 8, 2022

 2                      P R O C E E D I N G S

 3           (COURT CONVENED AT 10:10 A.M.)

 4           (JURY OUT AT 10:10 A.M.)

 5                THE COURT:  WE ARE ON THE RECORD IN THE BALWANI

 6      MATTER.

 7           WHY DON'T I HAVE COUNSEL STATE THEIR APPEARANCES, PLEASE.

 8                MS. VOLKAR:  GOOD MORNING, YOUR HONOR.

 9           KELLY VOLKAR ON BEHALF OF THE UNITED STATES.

10           I'M JOINED BY MY COLLEAGUES, ROBERT LEACH, JOHN BOSTIC,

11      JEFF SCHENK, OUR CASE AGENT, CHRISTOPHER MCCOLLOW, AND OUR

12      WONDERFUL PARALEGALS, MADDI WACHS AND SARA SLATTERY.

13                THE COURT:  THANK YOU.  GOOD MORNING.

14                MR. COOPERSMITH:  GOOD MORNING.

15           JEFF COOPERSMITH FOR MR. BALWANI, WHO IS PRESENT, AND I'M

16      JOINED BY MY COLLEAGUES AMY WALSH, STEPHEN CAZARES,

17      AARON BRECHER, AND SACHI SCHURICHT.

18                THE COURT:  THANK YOU.  GOOD MORNING.

19           WE SET TODAY FOR OUR INITIAL CHARGING CONFERENCE TO

20      DISCUSS JURY INSTRUCTIONS THAT THE COURT MIGHT GIVE IN THIS

21      CASE.

22           I DID RECEIVE YESTERDAY SUBMISSIONS FROM THE GOVERNMENT

23      REGARDING PROPOSED JURY INSTRUCTIONS.

24           I ALSO RECEIVED SUBMISSIONS FROM THE DEFENDANT ON PROPOSED

25      JURY INSTRUCTIONS, SUPPLEMENTAL INSTRUCTIONS, AS WELL AS A
```

10:11AM 1    REFERENCE TO DOCUMENT 1210, EXCUSE ME, DOCUMENT 1210 FROM THE

10:11AM 2    DEFENDANT.

10:11AM 3        I ALSO HAVE WITH ME, AS I'M SURE YOU DO, DOCUMENT 1206,

10:12AM 4    WHICH ARE THE INSTRUCTIONS, THE FINAL INSTRUCTIONS THAT WERE

10:12AM 5    GIVEN IN THE COMPANION CASE.

10:12AM 6        AND I DO HAVE THE MODEL NINTH CIRCUIT INSTRUCTIONS WITH

10:12AM 7    ME, AND YOU SHOULD TOO IN SOME FORM.

10:12AM 8        ANYTHING ELSE THAT YOU THINK I SHOULD HAVE THIS MORNING

10:12AM 9    THAT I HAVEN'T MENTIONED?

10:12AM 10           MS. VOLKAR:  NO, YOUR HONOR.

10:12AM 11       BUT I DO HAVE SOME PRELIMINARY REMARKS WHENEVER THE COURT

10:12AM 12   IS READY.

10:12AM 13           THE COURT:  SURE.

10:12AM 14       LET ME ASK, ANYTHING ELSE?

10:12AM 15           MR. COOPERSMITH:  NO, YOUR HONOR.

10:12AM 16       BUT MY COLLEAGUE, MS. WALSH AND MS. SCHURICHT WILL HANDLE

10:12AM 17   THE PROCEEDINGS THIS MORNING.  SO THANK YOU.

10:12AM 18           THE COURT:  SURE.  THANK YOU.

10:12AM 19       GOOD MORNING.

10:12AM 20           MS. WALSH:  GOOD MORNING, YOUR HONOR.

10:12AM 21           THE COURT:  MS. VOLKAR.

10:12AM 22           MS. VOLKAR:  THANK YOU, YOUR HONOR.

10:12AM 23       SO THE GOVERNMENT RECEIVED THE DEFENDANT'S FILINGS LAST

10:12AM 24   NIGHT.  THE GOVERNMENT FILING THAT YOUR HONOR REFERENCED WAS

10:12AM 25   1211, THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS FILED BASED

10:13AM 1    ON THE PRETRIAL DEADLINE.  THEY ARE BASED LARGELY ON THE MODEL

10:13AM 2    INSTRUCTIONS, AND WE'LL GET TO THAT IN A MOMENT.

10:13AM 3         BUT I DON'T NEED TO REMIND THE COURT, I'M SURE YOU'RE WELL

10:13AM 4    AWARE, THE JURY INSTRUCTIONS WERE WELL LITIGATED IN THE PRIOR

10:13AM 5    TRIAL.  THE HOLMES TEAM FILED A 120-PAGE INITIAL PROPOSED JURY

10:13AM 6    INSTRUCTIONS.  WE HAD A CHARGING CONFERENCE OVER THE COURSE OF

10:13AM 7    THREE DAYS.  THERE WAS QUITE A BIT OF VIGOROUS DEBATE ABOUT

10:13AM 8    SEVERAL OF THE INSTRUCTIONS.

10:13AM 9         THERE WAS SORT OF NIT-PICKING OF THE VARIOUS WORDS IN THE

10:13AM 10   MODEL INSTRUCTIONS FOR THINGS AS SIMPLE AS CHANGING "DEFENDANT"

10:13AM 11   TO "MS. HOLMES" AND ADDING "ALLEGED" FOR CONSPIRACY TO

10:13AM 12   SUBSTANTIVE COUNTS, TO MUCH MORE SUBSTANTIVE CHANGES.  AND

10:13AM 13   THERE IS PLENTY OF CASE LAW AND LEGAL CITATIONS.

10:13AM 14        I SAY ALL OF THIS TO SAY THERE WAS QUITE A BIT OF WORK

10:13AM 15   DONE THERE, AND BASED ON THE DEFENDANT'S FILING LAST NIGHT, I

10:13AM 16   CONFERRED BRIEFLY WITH MS. WALSH BEFORE OUR HEARING THIS

10:14AM 17   MORNING, AND IT SEEMS THAT, I DON'T WANT TO SPEAK FOR HER, THAT

10:14AM 18   THE PARTIES LARGELY AGREE THAT WE WOULD LIKE TO CAPTURE SOME OF

10:14AM 19   THE WORK THAT WAS DONE IN THE LAST TRIAL.

10:14AM 20        SO THE GOVERNMENT THOUGHT WE WOULD BE STARTING WITH A

10:14AM 21   CLEAN SLATE AND WE'RE PREPARED TO DO THAT IF NEED BE, BUT WE'RE

10:14AM 22   ALSO HAPPY TO ACKNOWLEDGE THAT THERE WAS A LOT OF WORK THAT WAS

10:14AM 23   DONE BEFORE.

10:14AM 24        AND WITH THAT, IF THAT IS OUR BASELINE AND THE DEFENDANT

10:14AM 25   HAS INCORPORATED AND ADOPTED THE HOLMES OBJECTIONS AND

10:14AM 1    REQUESTS, ET CETERA, THE GOVERNMENT ON THE RECORD WOULD LIKE TO

10:14AM 2    INCORPORATE ITS OBJECTIONS AND REQUESTS AND ARGUMENTS THAT WERE

10:14AM 3    MADE AT THE CHARGING CONFERENCE IN THE HOLMES MATTER, AS WELL

10:14AM 4    AS ANY FILINGS.

10:14AM 5        OF COURSE THERE WAS ALSO QUITE A BIT OF MEET AND CONFER

10:14AM 6    BETWEEN THE PARTIES, MEANING THE GOVERNMENT AND THE HOLMES

10:14AM 7    DEFENSE TEAM, THAT WAS OFF THE RECORD, AND SAME THING, WE

10:14AM 8    MAINTAIN ALL OF OUR POSITIONS.

10:14AM 9        THE GOVERNMENT PARTICULARLY WANTS TO NOTE THE COURT WILL

10:15AM 10   LIKELY REMEMBER THAT WE HAD A PARTICULARLY VIGOROUS DEBATE OVER

10:15AM 11   THE MENS REA AND THE GIVING OF THE INSTRUCTION OF "WILLFULLY."

10:15AM 12       THE GOVERNMENT CONTINUES TO OBJECT TO THAT INSTRUCTION, IT

10:15AM 13   WON'T SURPRISE THE TO HEAR, AS A HEIGHTENED MENS REA.

10:15AM 14       BUT WE ALSO UNDERSTAND IT WAS GIVEN IN THE HOLMES CASE,

10:15AM 15   AND IT WILL LIKELY BE GIVEN HERE.

10:15AM 16       SO THE LAST THING I WANT TO SAY ON THAT POINT IS THAT IF

10:15AM 17   WE ARE NOT RELITIGATING WHAT WAS SORT OF VIGOROUSLY DEBATED AND

10:15AM 18   THE CONCLUSIONS REACHED IN THE HOLMES CASE, THEN THERE WAS A

10:15AM 19   SIGNIFICANT AMOUNT OF CHANGES THAT WERE ALREADY MADE TO THE

10:15AM 20   MODEL INSTRUCTIONS.  THERE WAS A SIGNIFICANT AMOUNT OF DEBATE

10:15AM 21   OVER VARIOUS WORDS AND LINES THAT WERE ULTIMATELY ADDED.

10:15AM 22       AND I DON'T WANT THAT TO BE FORGOTTEN IN OUR DISCUSSION

10:15AM 23   TODAY WHEN, IN SOME INSTANCES, I WILL POINT TO VERY SIMILAR

10:15AM 24   REQUESTS BY THIS DEFENDANT THAT WERE VIGOROUSLY DEBATED AND

10:15AM 25   LOST.

10:16AM  1          AND WHAT I MEAN TO SAY THERE IS, OF COURSE, THE GOVERNMENT

10:16AM  2     TAKES ITS LOSSES, FOR EXAMPLE, ON THE WILLFULLY, SPECIFIC

10:16AM  3     UNANIMITY, ET CETERA; BUT THEN THE DEFENDANT WILL ALSO HAVE TO

10:16AM  4     TAKE THE LOSSES, SO TO SPEAK, OF THE HOLMES TEAM IN THE COURT

10:16AM  5     REACHING THE RIGHT CONCLUSION AND THE RIGHT RESULT THAT IT DID

10:16AM  6     LAST GO-ROUND.

10:16AM  7          A CLEAR EXAMPLE, OR JUST ONE SORT OF SEPARATE EXAMPLE, IS

10:16AM  8     THE VERDICT FORM.  I DON'T KNOW IF YOUR HONOR HAS HAD A CHANCE

10:16AM  9     TO REVIEW IT.

10:16AM  10         BUT THE DEFENDANT HAS SUBMITTED THE EXACT SAME VERDICT

10:16AM  11    FORM THAT THE HOLMES TEAM SUBMITTED, A LONGER LINE, NOT GUILTY

10:16AM  12    BEFORE GUILTY.

10:16AM  13         THIS IS JUST ONE EXAMPLE THAT I WANT TO POINT TO AT THE

10:16AM  14    OUTSET OF AN ATTEMPT TO RELITIGATE, BUT TO MAINTAIN, ALL OF THE

10:16AM  15    FAVORABLE TO THE DEFENDANT WORK THAT WAS DONE IN THE HOLMES

10:16AM  16    CASE.

10:16AM  17         SO THERE ARE GOING TO BE SOME TIMES TODAY WHERE I WILL

10:16AM  18    SAY, "YOUR HONOR, WE DID ARGUE THIS BEFORE."

10:16AM  19         IT'S NOT THAT THE GOAL POST HAS SORT OF MOVED TO THE

10:17AM  20    MIDDLE ALREADY AND WE SHOULD MOVE FATHER.  IN SOME INSTANCES WE

10:17AM  21    SHOULD -- IF THE COURT REACHED THE RIGHT RESULT LAST TIME, WE

10:17AM  22    SHOULD STICK WITH IT.

10:17AM  23         WITH THAT LONG PREAMBLE, I THINK IT MAKES SENSE TO WALK

10:17AM  24    THROUGH THE DEFENDANT'S FILING FROM LAST NIGHT, 1476.

10:17AM  25         I ALSO MENTIONED TO MS. WALSH THAT I WOULD ADVOCATE FOR

10:17AM  1    THAT TO THE COURT.  THAT'S WHAT I'M PREPARED TO DO.

10:17AM  2        BUT I'M ALSO HAPPY TO TAKE THE COURT'S DIRECTION IF

10:17AM  3    THERE'S AN EASIER, SMOOTHER WAY TO GO ABOUT IT.

10:17AM  4        AND ON THAT NOTE, I JUST HAD A MOMENT TO SAY TO MS. WALSH,

10:17AM  5    THE GOVERNMENT IS NOT INTENDING TO SORT OF OBJECT FURTHER

10:17AM  6    BEYOND ITS MAINTAINING ITS PRIOR OBJECTIONS TO INSTRUCTION

10:17AM  7    NUMBER 6, NUMBER 12, NUMBER 15, NUMBER 19, NUMBER 24,

10:18AM  8    NUMBER 25, AND NUMBER 27, AND THOSE ARE -- THEY ARE THE NUMBERS

10:18AM  9    OF THE INSTRUCTIONS GIVEN IN THE HOLMES CASE, BUT THEY MATCH

10:18AM 10    WHAT ARE THE NUMBERED INSTRUCTIONS IN ECF 1476.

10:18AM 11        I WILL REFERENCE THEM AGAIN AS WE GO THROUGH, BUT I

10:18AM 12    THOUGHT IT WOULD HELP BOTH THE DEFENSE COUNSEL AND THE COURT TO

10:18AM 13    HAVE THOSE AT THE OUTSET.

10:18AM 14        THANK YOU.

10:18AM 15            THE COURT:  THANK YOU VERY MUCH.

10:18AM 16        AND I DO NOTE, MS. WALSH, BEFORE I ASK YOU TO SPEAK TO

10:18AM 17    THIS, THAT YOUR SUBMISSION SEEMED TO SAY THE SAME THINGS THAT

10:18AM 18    MS. VOLKAR JUST INDICATED AS TO RESERVING OBJECTIONS AND

10:18AM 19    ADOPTING THE OBJECTIONS, THE COMMENTS OF MS. HOLMES'S ATTORNEYS

10:18AM 20    IN THAT DISCUSSION AND PRESERVING THOSE ARGUMENTS AS YOUR OWN.

10:18AM 21    I THINK YOU SAID THAT IN YOUR PLEADINGS.

10:18AM 22            MS. WALSH:  WE DID, YOUR HONOR, YES.

10:19AM 23            THE COURT:  RIGHT.  AND SO I RECOGNIZE THAT.

10:19AM 24        IT SEEMS THAT YOU'RE BOTH IN ACCORD ON THAT.  YOU WANT TO

10:19AM 25    RECOGNIZE THOSE OBJECTIONS.  THERE WERE FULSOME OBJECTIONS.

10:19AM 1      OF COURSE I'M NOT GOING TO PRECLUDE EITHER PARTY FROM

10:19AM 2   SAYING ANYTHING FURTHER THAT YOU THINK WOULD BE HELPFUL IN

10:19AM 3   REGARDS TO THE FINALITY OF THOSE INSTRUCTIONS.

10:19AM 4      I THINK YOU WOULD AGREE -- YOU MAY HAVE BEEN IN THE

10:19AM 5   COURTROOM WHEN WE HAD THOSE DISCUSSIONS.  THERE WAS A LOT OF

10:19AM 6   WORK.  IT WAS MORE THAN ONE DAY, TWO DAYS, AND WE REACHED A

10:19AM 7   WORK PRODUCT THAT WAS, I THINK, 39 PAGES, SOMETHING LIKE THAT,

10:19AM 8   THAT WERE THE FINAL INSTRUCTIONS.

10:19AM 9      I'M HAPPY TO TRY TO MAINTAIN SOME ECONOMIES OF SCALE FOR

10:19AM 10  THAT, BUT I DON'T WANT TO PRECLUDE EITHER SIDE FROM A FULSOME

10:19AM 11  OPPORTUNITY TO EXPRESS THEIR THOUGHTS AND VIEWS ON WHAT THE

10:19AM 12  FINAL INSTRUCTIONS SHOULD BE IN THIS CASE.

10:19AM 13     BUT I'M GUIDED BY YOUR SUBMISSIONS, AND THAT'S HELPFUL.  I

10:19AM 14  THINK THAT WOULD HELP OUR CONVERSATION.

10:19AM 15     AS I LOOKED AT THESE, BOTH YOUR SUBMISSIONS OVER THE

10:20AM 16  EVENING AND THIS MORNING AGAIN, PERHAPS I'M PROJECTING TOO

10:20AM 17  MUCH, BUT IT SEEMS TO ME THAT THERE WILL PROBABLY BE SOME

10:20AM 18  VIGOROUS DISCUSSION ON MAYBE A HANDFUL OF INSTRUCTIONS, AND

10:20AM 19  THAT'S REALLY ABOUT IT.  THAT'S MY SENSE OF IT.

10:20AM 20     BUT WE'LL SEE.

10:20AM 21     MS. WALSH.

10:20AM 22        MS. WALSH:  YES, YOUR HONOR.  AND THANK YOU FOR

10:20AM 23  THAT.

10:20AM 24     WHAT MS. VOLKAR ARTICULATED I AGREED WITH AND IS EXACTLY

10:20AM 25  THE REASON THAT WE FILED 1476 IN THE WAY THAT WE DID.  WE --

10:20AM 1    AND IT'S THE SIMILAR APPROACH THAT WE TOOK WITH REGARD TO THE

10:20AM 2    MOTIONS IN LIMINE THAT WE JOINED FROM THE HOLMES CASE THAT HAD

10:20AM 3    BEEN FULLY ARGUED AND WERE DECIDED BY THE COURT, BUT WE DIDN'T

10:20AM 4    HAVE ANYTHING FURTHER TO ADD.

10:20AM 5        LIKEWISE, THE JURY INSTRUCTIONS WERE FULLY LITIGATED.  WE

10:21AM 6    CERTAINLY WANT TO PRESERVE AND INTEND TO PRESERVE ALL OF OUR

10:21AM 7    OBJECTIONS IN JOINING MS. HOLMES'S ARGUMENTS.

10:21AM 8        BUT THE COURT DECIDED ON A FINAL SET OF JURY INSTRUCTIONS

10:21AM 9    IN THE HOLMES TRIAL.  I THINK FOR EFFICIENCY'S SAKE, IT MAKES

10:21AM 10   SENSE TO START FROM THAT POINT, AND SO THAT WAS THE BASIS FOR

10:21AM 11   OUR FILING OF 1476.

10:21AM 12       THE COURT:  OKAY.  THANK YOU.

10:21AM 13       AND I BELIEVE -- I JUST WANT TO MAKE CERTAIN THAT I HAVE

10:21AM 14   COPIES.  WHAT I HAVE A COPY OF IN MY BINDER AND WHAT I'VE

10:21AM 15   PREPARED DOES NOT HAVE A DOCKET NUMBER ON IT.

10:21AM 16       BUT IS 1476 -- DOES THAT -- IS THAT TITLED MR. BALWANI'S

10:21AM 17   SUPPLEMENTAL PROPOSALS RE JURY INSTRUCTIONS AND VERDICT FORM?

10:21AM 18       MS. WALSH:  IT IS, YOUR HONOR, OR IT DOES.  AND I

10:21AM 19   THINK YOU MAY HAVE THE WORD VERSION THAT DOESN'T HAVE THE

10:21AM 20   DOCKET STAMP.

10:21AM 21       THE COURT:  RIGHT.

10:22AM 22       MS. WALSH:  SO I'M GOING TO HAND UP THE DOCKET

10:22AM 23   STAMPED VERSION IF THAT HELPS THE COURT.

10:22AM 24       IT'S ALSO COLOR COPIED, SO IT MIGHT BE USEFUL.

10:22AM 25       THE COURT:  OKAY.  IT'S ONE MORE THING TO HAVE ME

10:22AM 1    GET CONFUSED UP HERE.

10:22AM 2              MS. WALSH:  I HAVE A COLOR COPY.

10:22AM 3              MS. VOLKAR:  I HAVE IT.

10:22AM 4              THE COURT:  ALL RIGHT.  I THINK THIS IS THE SAME

10:22AM 5    THING I HAVE IN MY BINDER.  THANK YOU.

10:22AM 6              MS. VOLKAR:  FOR CLARITY, YOUR HONOR, WOULD IT BE

10:22AM 7    HELPFUL TO REFER TO THE ECF STAMP AT THE TOP, WHICH IS WHAT I

10:22AM 8    WAS INTENDING TO DO.  BUT I COULD EASILY SWITCH TO THE NUMBER

10:22AM 9    IN THE MIDDLE OF THE BOTTOM PAGE IF THAT'S MORE --

10:22AM 10             THE COURT:  I EXPECT THAT WE'RE GOING TO REFERENCE

10:22AM 11   BOTH, WON'T WE?  I THINK THAT'S -- NOW THAT WE HAVE ALL OF THIS

10:22AM 12   AT HAND.  THANK YOU.

10:22AM 13          ANYTHING FURTHER, MS. WALSH?

10:22AM 14             MS. WALSH:  NO, YOUR HONOR.

10:22AM 15             THE COURT:  HERE'S WHAT I THOUGHT WE WOULD DO, IS IT

10:22AM 16   SEEMS TO ME TO MAKE SENSE TO START AND GO THROUGH EACH

10:22AM 17   INSTRUCTION THAT THE COURT INTENDS TO GIVE, AND WE'LL START

10:22AM 18   WITH 3.1, WHICH IS THE INTRODUCTORY INSTRUCTION.

10:23AM 19          AND I HAVE YOUR PAGE -- 1476, ECF 2, AND IT HAS THAT CHART

10:23AM 20   THAT WAS NICELY PREPARED.

10:23AM 21          AND I HAVE THE GOVERNMENT'S FILING ALSO THAT I'M

10:23AM 22   REFERENCING.

10:23AM 23          3.1, "DUTIES OF JURY TO FIND FACTS AND FOLLOW THE LAW."

10:23AM 24          WHEN I SAY 3.1 AND WHEN I GIVE THOSE INSTRUCTIONS, I'M

10:23AM 25   TALKING ABOUT THE MODEL INSTRUCTIONS, THE NINTH CIRCUIT MODEL

| | | |
|---|---|---|
| 10:23AM | 1 | INSTRUCTIONS JUST FOR THE RECORD. |
| 10:23AM | 2 | I'LL JUST GO THROUGH THESE. |
| 10:23AM | 3 | THE COURT WILL GIVE 3.1. |
| 10:23AM | 4 | 3.2 IS "PRESUMPTION OF INNOCENCE." |
| 10:23AM | 5 | AND I BELIEVE -- |
| 10:24AM | 6 | MS. VOLKAR:  YOUR HONOR, IF I MAY? |
| 10:24AM | 7 | THE COURT:  YES. |
| 10:24AM | 8 | MS. VOLKAR:  NOT TO DERAIL US SO EARLY, BUT IN 3.1, |
| 10:24AM | 9 | THAT WOULD BE ONE OF THE FIRST EXAMPLES WHERE, IN THE HOLMES |
| 10:24AM | 10 | INSTRUCTIONS, THERE WERE ADDITIONAL WORDS ADDED. |
| 10:24AM | 11 | IN THE VERSION -- I'VE CONFIRMED WITH THE COURTROOM DEPUTY |
| 10:24AM | 12 | THIS MORNING.  IN THE VERSION I SUBMITTED, IT JUST TRACKS THE |
| 10:24AM | 13 | MODEL LANGUAGE. |
| 10:24AM | 14 | BUT I HAVE DONE THE WORK OF IDENTIFYING WHAT SHOULD BE |
| 10:24AM | 15 | ADDED IF THE COURT WANTED TO GIVE THE SAME INSTRUCTION IN THE |
| 10:24AM | 16 | HOLMES CASE.  IT'S SOMEWHAT EASY IN THAT 3.1 ADDED TO -- |
| 10:24AM | 17 | THE COURT:  IN DOCKET 1206? |
| 10:24AM | 18 | MS. VOLKAR:  CORRECT, IN DOCKET 1206, LINES 10 |
| 10:24AM | 19 | THROUGH 12, THERE WERE ADDITIONAL CATEGORIES ADDED, |
| 10:24AM | 20 | SPECIFICALLY AFTER GENDER, THE COURT ADDED "PROFESSION, |
| 10:24AM | 21 | CELEBRITY," ECONOMIC CIRCUMSTANCES IS IN THE MODEL, BUT ALSO |
| 10:25AM | 22 | "OR POSITION IN LIFE OR IN THE COMMUNITY." |
| 10:25AM | 23 | AND I ONLY -- I DON'T WANT TO DERAIL US THROUGHOUT THE |
| 10:25AM | 24 | MORNING, BUT I ONLY SAY THAT THE GOVERNMENT IS HAPPY TO ADD |
| 10:25AM | 25 | THAT LANGUAGE INTO A WORD DOCUMENT AND PREPARE IT FOR THE COURT |

10:25AM 1   IF, AS THE PARTIES HAVE AGREED THIS MORNING, WE'RE SORT OF

10:25AM 2   STARTING FROM WHAT WAS GIVEN IN THE HOLMES MATTER.

10:25AM 3          THE COURT:  SURE.  AND THANK YOU FOR THAT

10:25AM 4   CORRECTION.  IT WAS VERY TIMELY, BECAUSE IT'S THE FIRST

10:25AM 5   INSTRUCTION.

10:25AM 6       AND WHEN I SAID I'LL GIVE 3.1, I WILL GIVE THE 3.1 THAT

10:25AM 7   WAS GIVEN IN THE HOLMES CASE, AND LET'S REFERENCE IT THAT WAY.

10:25AM 8       SO ANY OBJECTION TO THAT?

10:25AM 9          MS. WALSH:  NO, YOUR HONOR.

10:25AM 10          THE COURT:  ALL RIGHT.  SO THAT WILL BE GIVEN.

10:25AM 11      NEXT IS 3.2, AND THAT IS "PRESUMPTION OF INNOCENCE."

10:26AM 12      3.2 IS THE DEFENSE ASKING THAT THE COURT CHANGE THE

10:26AM 13  DEFENDANT TO MR. BALWANI?

10:26AM 14          MS. WALSH:  YES, YOUR HONOR, THROUGHOUT IS OUR

10:26AM 15  REQUEST, YES.

10:26AM 16          THE COURT:  OKAY.  SO THE COURT -- ANY COMMENT?

10:26AM 17          MS. VOLKAR:  NO, YOUR HONOR.  WE INCORPORATE OUR

10:26AM 18  OBJECTIONS FROM LAST TIME, BUT WE'RE, AGAIN, HAPPY TO -- AND

10:26AM 19  WE'RE ALSO HAPPY TO PROVIDE AN UPDATED WORD VERSION COPY THAT

10:26AM 20  INCORPORATES THOSE CHANGES IF THAT WOULD BE HELPFUL.

10:26AM 21          THE COURT:  THANK YOU.  THANK YOU.  IT WOULD BE

10:26AM 22  HELPFUL.  THANK YOU.

10:26AM 23      SO THE COURT WILL GIVE 3.2.  IT WILL READ, "THE INDICTMENT

10:27AM 24  IS NOT EVIDENCE.  MR. BALWANI HAS PLEADED NOT GUILTY TO THE

10:27AM 25  CHARGES.  MR. BALWANI IS PRESUMED TO BE INNOCENT UNLESS AND

10:27AM 1    UNTIL THE GOVERNMENT PROVES HIS GUILT BEYOND A REASONABLE

10:27AM 2    DOUBT."

10:27AM 3         "PROVES HIM GUILTY BEYOND A REASONABLE DOUBT."  PARDON ME.

10:27AM 4         "IN ADDITION, MR. BALWANI DOES NOT HAVE TO TESTIFY OR

10:27AM 5    PRESENT ANY EVIDENCE.  MR. BALWANI DOES NOT HAVE TO PROVE

10:27AM 6    INNOCENCE.  THE GOVERNMENT HAS THE BURDEN OF PROVING EVERY

10:27AM 7    ELEMENT OF THE CHARGES BEYOND A REASONABLE DOUBT."

10:27AM 8         THAT'S WHAT THE COURT INTENDS TO READ.

10:27AM 9         MS. WALSH?

10:27AM 10             MS. WALSH:  NO OBJECTION, YOUR HONOR.

10:27AM 11             MS. VOLKAR:  NO OBJECTION.

10:27AM 12             THE COURT:  THANK YOU.

10:28AM 13         WHAT I NOTE NEXT IN THE HOLMES INSTRUCTION, 1206, IS THE

10:28AM 14    ABSENCE OF CODEFENDANT.

10:28AM 15         I NOTE IN YOUR FILING 1476, YOU ASK -- YOU PRESENT AN

10:28AM 16    ABSENCE OF CODEFENDANT THAT IS MODIFIED FROM THAT THAT WAS

10:28AM 17    GIVEN IN THE HOLMES CASE, I BELIEVE.

10:28AM 18         ANYTHING FURTHER ON THIS FROM THE GOVERNMENT?

10:28AM 19             MS. VOLKAR:  YES, YOUR HONOR.

10:28AM 20         SO THE COURT MAY WELL REMEMBER THIS IS NOT BASED ON THE

10:28AM 21    MODEL INSTRUCTION.  THIS WAS AN INSTRUCTION PROVIDED AND

10:28AM 22    GENERATED OUT OF WHOLE CLOTH FROM THE DEFENSE HOLMES TEAM.

10:28AM 23         WE ARE -- WE FIND THE EDITS PROPOSED BY THE BALWANI TEAM A

10:29AM 24    LITTLE BIT SURPRISING, NOT NECESSARILY AS FAR AS OBJECTIONABLE,

10:29AM 25    BUT THE LANGUAGE ABOUT THE OUTCOME IN THE HOLMES CASE IS

10:29AM 1  NARROWER THAN THE CLOSEST MODEL INSTRUCTION WE COULD FIND,

10:29AM 2  WHICH IS MODEL 2.16.

10:29AM 3      THE MODEL 2.16 IS CLEARLY INTENDED WHEN ONE DEFENDANT HAS

10:29AM 4  TO UNDERGO A NEW TRIAL, AND SO IT'S REFERRING TO THE SAME

10:29AM 5  DEFENDANT, BUT THE LANGUAGE WOULD BE APPLICABLE IF WE

10:29AM 6  SUBSTITUTED IN MS. HOLMES'S NAME FOR ANOTHER TRIAL.

10:29AM 7      AND I'M HAPPY TO READ IT FOR THE COURT AND EVERYONE'S

10:29AM 8  BENEFIT IF THAT WOULD BE HELPFUL.

10:29AM 9          THE COURT:  IS THIS SOMETHING THAT YOU WOULD LIKE TO

10:29AM 10 OFFER AS OPPOSED TO THE COURT GIVING THE INSTRUCTION THAT IT

10:29AM 11 GAVE IN 1206, OF COURSE CHANGING THE NAMES?

10:30AM 12         MS. VOLKAR:  I'M SORRY.  THE INSTRUCTION IN 1206 WE

10:30AM 13 UNDERSTAND IS THE BASELINE, BUT I'M REFERRING TO ECF 1476,

10:30AM 14 PAGE 5, WHERE MR. BALWANI --

10:30AM 15         THE COURT:  YES.

10:30AM 16         MS. VOLKAR:  -- IN LINES 4 TO 5 SUGGESTS -- AND LET

10:30AM 17 ME, I GUESS, BACK UP TO THE EASIER POSITION OF THE GOVERNMENT.

10:30AM 18     LINE 6 CHANGING "AGAINST MR. BALWANI" TO "INTRODUCED

10:30AM 19 DURING THIS TRIAL," WE THINK THIS IS A VERSION OF WORDSMITHING

10:30AM 20 THAT WOULD BE INAPPROPRIATE, AND WE OBJECT TO THAT.

10:30AM 21     WE THINK WHAT WORKED IN THE HOLMES CASE SHOULD BE

10:30AM 22 SUFFICIENT HERE.

10:30AM 23     BUT I'M SPECIFICALLY REFERRING TO LINES 4 TO 5 WHERE THEY

10:30AM 24 WANT TO ADD, "NOR SHOULD ANYTHING YOU KNOW ABOUT THE OUTCOME OF

10:30AM 25 THE CASE AGAINST MS. HOLMES AFFECT YOUR VERDICT AS TO

6588

10:30AM 1    MR. BALWANI."

10:31AM 2        DO YOU SEE THAT LANGUAGE?

10:31AM 3            THE COURT:  RIGHT.

10:31AM 4            MS. VOLKAR:  AND THE ONLY COMMENT I GUESS THE

10:31AM 5    GOVERNMENT HAS IS THAT WE FIND IT TO BE A TAD NARROWER.  IT

10:31AM 6    TELLS THE JURY NOT TO CONSIDER THE OUTCOME OF THE TRIAL AGAINST

10:31AM 7    MS. HOLMES.

10:31AM 8        BUT WE THINK THE JURY SHOULD BE INSTRUCTED, IF AT ALL, NOT

10:31AM 9    TO CONSIDER THE FACT OF A TRIAL, LET ALONE IF THERE WAS AN

10:31AM 10   OUTCOME.

10:31AM 11       AND SO THAT'S WHY WHAT THE GOVERNMENT HAS IDENTIFIED IN AN

10:31AM 12   ATTEMPT TO BE HELPFUL IS MODEL INSTRUCTION 2.16 WHICH READS,

10:31AM 13   "YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT HAS BEEN TRIED

10:31AM 14   BEFORE."

10:31AM 15       WE WOULD SUGGEST, "YOU HAVE HEARD EVIDENCE THAT MS. HOLMES

10:31AM 16   HAS BEEN TRIED BEFORE.  KEEP IN MIND, HOWEVER, THAT YOU MUST

10:31AM 17   DECIDE THIS CASE SOLELY ON THE EVIDENCE PRESENTED TO YOU IN

10:31AM 18   THIS TRIAL.  YOU ARE NOT TO CONSIDER THE FACT OF A PREVIOUS

10:32AM 19   TRIAL AGAINST MS. HOLMES IN DECIDING THIS CASE."

10:32AM 20       AND AGAIN, WE ALWAYS ADVOCATE FOR THE MODEL INSTRUCTION

10:32AM 21   WHEN ONE IS AVAILABLE, AND WE -- IF THE GOVERNMENT -- IF THE

10:32AM 22   DEFENDANT FEELS STRONGLY ABOUT THIS LANGUAGE, WE WILL RELENT,

10:32AM 23   BUT WE JUST WANTED TO FLAG THAT THERE IS A MODEL INSTRUCTION

10:32AM 24   THAT WE COULD LOOK TO IN THIS INSTANCE.

10:32AM 25           THE COURT:  THANK YOU.

10:32AM 1          MS. WALSH:  SO, YOUR HONOR, THIS IS THE FIRST TIME

10:32AM 2   I'M HEARING ABOUT 2.16.  IF I COULD SEE MS. VOLKAR'S COPY, THAT

10:32AM 3   WOULD BE HELPFUL.

10:32AM 4          THE COURT:  SURE.  LET ME JUST SAY, I HAVE BRACKETED

10:32AM 5   LINES 4 -- EXCUSE ME, THE SAME LINES THAT MS. VOLKAR MENTIONED

10:32AM 6   FOR DISCUSSION.  I -- LET ME JUST TELL YOU MY VISCERAL REACTION

10:32AM 7   IS NOT TO GIVE THOSE, BUT GIVE SOMETHING, EITHER THE SAME

10:32AM 8   INSTRUCTION THAT WE GAVE IN 1206 -- AND LET ME SAY, IN THIS

10:32AM 9   TRIAL THERE HAVE BEEN SOME WITNESSES, ONE OR TWO PERHAPS, THAT

10:33AM 10  HAVE MENTIONED INADVERTENTLY, NOT THROUGH A QUESTION DIRECTED

10:33AM 11  BY COUNSEL, BUT INADVERTENTLY REFERENCED MS. HOLMES'S TRIAL.

10:33AM 12         I THINK, IF I RECALL CORRECTLY, IT MAY BE THAT ONE OR TWO

10:33AM 13  JURORS, MAYBE NOT THE SITTING ONES, BUT HAD MENTIONED THAT THEY

10:33AM 14  HAD HEARD SOMETHING ABOUT THE TRIAL, AND THERE'S SOME KNOWLEDGE

10:33AM 15  ABOUT MS. HOLMES'S TRIAL I SHOULD SAY.

10:33AM 16         SO I DO THINK IT APPROPRIATE TO GIVE THE ABSENCE OF

10:33AM 17  CODEFENDANT INSTRUCTION.  I THOUGHT WHAT WE WOULD DO IS LOOK

10:33AM 18  AND WORDSMITH IT TO SEE IF WE NEED TO ADD SOMETHING.

10:33AM 19         2.16 MIGHT BE, AND THE LANGUAGE THAT YOU SUGGEST,

10:33AM 20  MS. VOLKAR, MIGHT BE APPROPRIATE TO EDIT THE 1206 INSTRUCTION

10:33AM 21  NUMBER 3 THAT WAS PROVIDED IN PLACE, MS. WALSH, OF THE LANGUAGE

10:33AM 22  THAT YOU SUGGEST IN YOUR 1476.

10:33AM 23         MS. WALSH:  RIGHT.

10:33AM 24         AND SO I'M LOOKING AT 2.16, AND, AND I DON'T HAVE -- OR WE

10:34AM 25  DON'T HAVE ANY OBJECTION TO IT.

10:34AM 1    BUT I DO THINK THERE WERE JURORS WHO HAD HEARD OF THE

10:34AM 2  OUTCOME OF MS. HOLMES'S TRIAL, AND SO I THINK IT IS NECESSARY

10:34AM 3  IN THESE CIRCUMSTANCES TO INSTRUCT THEM THAT THEY SHOULD

10:34AM 4  CONSIDER NEITHER THE FACT THAT THERE WAS A PREVIOUS TRIAL NOR

10:34AM 5  ANY OUTCOME THAT THEY MAY HAVE HEARD ABOUT.

10:34AM 6    I GUESS I DON'T SEE THE DOWNSIDE OF DOING THAT.  AND WE

10:34AM 7  KNOW THAT SOME JURORS HEARD ABOUT THAT.

10:34AM 8    THE COURT:  WELL, LET ME DO THIS:  I'M GOING TO PASS

10:34AM 9  THIS.  I'M GOING TO ALLOW YOU TO WORDSMITH IT WITH MS. VOLKAR

10:34AM 10  AND MEET AND CONFER JUST IN THE INTEREST OF MOVING FORWARD.

10:34AM 11    WE'LL PROBABLY DO THIS ON A COUPLE.  AND I'LL INVITE YOU,

10:34AM 12  THE TWO OF YOU, TO LOOK AT THIS, AND WE'LL REVISIT THIS EITHER

10:34AM 13  TODAY OR AT SOME POINT IN TIME.

10:34AM 14    SO WE'LL PASS --

10:34AM 15    MS. VOLKAR:  YOUR HONOR --

10:34AM 16    THE COURT:  YES.

10:35AM 17    MS. VOLKAR:  IF I MAY, ONE MORE COMMENT FOR THE

10:35AM 18  RECORD ON THAT.

10:35AM 19    I WILL SAY THAT DURING THE VOIR DIRE PROCESS, AS THE COURT

10:35AM 20  IS AWARE, DEFENSE COUNSEL ASKED THE JURORS IF THEY HAD HEARD OF

10:35AM 21  THE OUTCOME, AND MY RECOLLECTION IS THAT NONE OF THE CURRENT

10:35AM 22  SITTING JURORS OR ALTERNATES HAD HEARD OF THE OUTCOME IN THE

10:35AM 23  HOLMES CASE.

10:35AM 24    I'M STILL HAPPY TO WORK WITH MS. WALSH IN MEETING AND

10:35AM 25  CONFERRING, BUT I DO WANT THE RECORD TO REFLECT, I DON'T THINK

10:35AM  1      THE SEATED JURORS HAD HEARD OF THE OUTCOME.

10:35AM  2              THE COURT:  RIGHT.  RIGHT.

10:35AM  3          THAT STRIKES ME AS ACCURATE, MS. WALSH.

10:35AM  4              MS. WALSH:  RIGHT.

10:35AM  5              THE COURT:  I KNOW THERE WAS TESTIMONY ABOUT -- FROM

10:35AM  6      A COUPLE OF THE WITNESSES IN THE HOLMES TRIAL I THINK IS THE

10:35AM  7      PHRASE THAT THEY USED.

10:35AM  8          BUT I'LL LET YOU LOOK AT THIS.  WE'LL GET SOME COMPROMISE,

10:35AM  9      I'M SURE, ON THIS.

10:35AM  10         ALL RIGHT.  LET'S SEE.  NEXT IS 3.4.

10:36AM  11         AND I THINK I SEE YOUR SUBMISSION, MS. WALSH.

10:36AM  12         GO AHEAD.

10:36AM  13             MS. WALSH:  I JUST WANT TO MAKE SURE WE'RE REFERRING

10:36AM  14     TO THE SAME PAGE.  I'M LOOKING AT DOCKET 1476, INSTRUCTION 4,

10:37AM  15     AND THAT'S BASED OFF OF DOCUMENT 1206, INSTRUCTION 4, AND

10:37AM  16     THAT'S THE DECISION TO TESTIFY IN THE HOLMES CASE, NOT TO

10:37AM  17     TESTIFY IN THIS CASE.

10:37AM  18             THE COURT:  CORRECT.

10:37AM  19             MS. WALSH:  OKAY.  OKAY.

10:37AM  20         SO WE BASED THIS OFF OF THE INSTRUCTION THAT WAS GIVEN IN

10:37AM  21     THE HOLMES CASE.

10:37AM  22         THE ADDED SENTENCE IS JUST TO EMPHASIZE TO THE JURY, WHICH

10:37AM  23     I THINK IS IMPORTANT, THAT THE RIGHT TO NOT TESTIFY IS AN

10:37AM  24     ABSOLUTE RIGHT UNDER THE CONSTITUTION.

10:37AM  25         THERE ARE MANY PEOPLE, AS SHOWN BY THE JUROR

10:37AM 1    QUESTIONNAIRES, WHO WOULD HOLD IT AGAINST A DEFENDANT IN A

10:37AM 2    CRIMINAL TRIAL IF THEY DIDN'T HEAR FROM THAT PERSON UNDER OATH.

10:37AM 3         AND SO WE THINK, IN AN EXCESS OF CAUTION, TO MAKE SURE NO

10:37AM 4    JUROR HAS THOSE THOUGHTS, OR THEY'RE INSTRUCTED NOT TO HAVE

10:37AM 5    THOSE THOUGHTS, THAT THEY SHOULD BE INSTRUCTED THAT THE RIGHT

10:37AM 6    TO NOT TESTIFY IS ABSOLUTE UNDER THE CONSTITUTION, AND IN

10:38AM 7    ARRIVING AT THEIR VERDICT, THE LAW DOES NOT ALLOW THEM TO TAKE

10:38AM 8    THAT INTO CONSIDERATION.

10:38AM 9              THE COURT:  OKAY.

10:38AM 10             MS. VOLKAR:  THE GOVERNMENT HAS NO OBJECTION TO

10:38AM 11   GIVING AN INSTRUCTION ABOUT MR. BALWANI'S DECISION NOT TO

10:38AM 12   TESTIFY.

10:38AM 13        BUT AS THE COURT FREQUENTLY SAYS, WE THINK THAT THE MODEL

10:38AM 14   INSTRUCTION, WHICH IS USED IN CASES ACROSS THE NINTH CIRCUIT

10:38AM 15   EVERY DAY, EVERY MONTH, WOULD SUFFICE.

10:38AM 16        AND IN THE GOVERNMENT'S FILING 1211 AT ECF PAGE 23, WE

10:38AM 17   PROVIDED WHAT WAS 3.3, I THINK THAT MIGHT HAVE BEEN WHAT

10:38AM 18   YOUR HONOR WAS REFERRING TO.

10:38AM 19        AND THE -- IN AN EFFORT TO CONFUSE EVERYONE, THE

10:38AM 20   NINTH CIRCUIT MODEL JURY INSTRUCTIONS HAVE CHANGED DURING THE

10:38AM 21   COURSE OF THIS TRIAL, AND IT IS NOW CURRENTLY NUMBER 6.3.

10:38AM 22   SO -- AND THAT'S REFERENCED IN THE AUTHORITY THAT THE DEFENDANT

10:39AM 23   CITES HERE.

10:39AM 24        DESPITE ALL OF THAT CONFUSION, IT'S NOT TOO FAR FROM THE

10:39AM 25   LANGUAGE THAT THE DEFENDANT SUGGESTS, BUT I DO THINK IT DIFFERS

10:39AM 1    IN SOME KEY WAYS.  IT READS, "A DEFENDANT IN A CRIMINAL CASE

10:39AM 2    HAS A CONSTITUTIONAL RIGHT NOT TO TESTIFY.  IN ARRIVING AT YOUR

10:39AM 3    VERDICT, THE LAW PROHIBITS YOU FROM CONSIDERING IN ANY MANNER

10:39AM 4    THAT THE DEFENDANT DID NOT TESTIFY."

10:39AM 5         I THINK THAT ADEQUATELY COVERS THE CONCERNS MS. WALSH

10:39AM 6    RAISED, AND I DO NOT BELIEVE THAT THERE IS REASON TO FURTHER

10:39AM 7    WORDSMITH SUCH AS ADDING "ABSOLUTE RIGHT" OR "THE UNITED STATES

10:39AM 8    CONSTITUTION."

10:39AM 9         I THINK THE JURY WILL UNDERSTAND.

10:39AM 10             THE COURT:  ALL RIGHT.  THANK YOU.

10:39AM 11        MS. WALSH.

10:39AM 12             MS. WALSH:  THAT'S FINE, YOUR HONOR.  THANK YOU.

10:39AM 13             THE COURT:  ALL RIGHT.  THANK YOU.  I'LL GIVE THE

10:40AM 14   MODEL INSTRUCTION AS INDICATED BY MS. VOLKAR.

10:40AM 15        AND YOU'LL RECALL IN THE VOIR DIRE, THE COURT REFERENCED

10:40AM 16   THIS MANY TIMES AND MY VOIR DIRE INDICATED, I BELIEVE, THE

10:40AM 17   DEFENDANT HAS AN ABSOLUTE RIGHT NOT TO TESTIFY, AND I

10:40AM 18   EMPHASIZED THAT SEVERAL TIMES.  SO I THINK THE JURY HAS BEEN

10:40AM 19   ADEQUATELY INFORMED ON THIS.

10:40AM 20        AND I'LL GIVE THE MODEL INSTRUCTIONS AS INDICATED.

10:40AM 21             MS. WALSH:  OKAY.  AND THAT'S MODEL INSTRUCTION 6.3?

10:40AM 22             THE COURT:  THE NEW REVISED, THAT'S RIGHT.

10:40AM 23             MS. WALSH:  YEAH.

10:40AM 24             THE COURT:  OKAY.  3.5 IS REASONABLE DOUBT.

10:40AM 25        I DON'T THINK THERE'S ANY QUARREL WITH THE MODEL

10:40AM 1      INSTRUCTION.

10:40AM 2                  MS. WALSH:  THAT'S CORRECT, YOUR HONOR.

10:40AM 3                  MS. VOLKAR:  THAT'S CORRECT, YOUR HONOR.

10:40AM 4                  THE COURT:  THE COURT WILL GIVE THE MODEL 3.5.

10:40AM 5           3.6, "WHAT IS EVIDENCE."

10:41AM 6                  MS. VOLKAR:  YOUR HONOR, LET ME JUMP IN TO SAY THIS

10:41AM 7      IS ONE OF THE ALTERATIONS IN 1476 THAT THE GOVERNMENT HAS NO

10:41AM 8      OBJECTION TO.  IT ACTUALLY MATCHES THE GOVERNMENT'S SUBMISSION.

10:41AM 9      THERE HAVE BEEN FACTUAL STIPULATIONS IN THIS CASE.

10:41AM 10                 THE COURT:  OKAY.  SO THE COURT WILL GIVE 3.6, AND

10:41AM 11     THIS IS THE INSTRUCTION IN 1476, NUMBER 6, AND 1476.  I'LL GIVE

10:41AM 12     THAT.

10:41AM 13                 MS. VOLKAR:  THAT'S CORRECT.

10:41AM 14                 MS. WALSH:  YES, YOUR HONOR.

10:41AM 15                 THE COURT:  OKAY.  THEN LET'S MOVE TO, EXCUSE ME,

10:41AM 16     3.7, "WHAT IS NOT EVIDENCE."

10:41AM 17            THE COURT WOULD GIVE THE MODEL INSTRUCTION ON THIS.

10:41AM 18                 MS. WALSH:  YES, YOUR HONOR.

10:41AM 19                 MS. VOLKAR:  YES, YOUR HONOR.

10:41AM 20                 THE COURT:  ALL RIGHT.  3.8 IS "DIRECT AND

10:42AM 21     CIRCUMSTANTIAL EVIDENCE."

10:42AM 22            THE COURT WOULD GIVE THE MODEL INSTRUCTION.

10:42AM 23                 MS. WALSH:  SO, YOUR HONOR, WHEN THE COURT SAYS

10:42AM 24     YOU'LL GIVE THE MODEL INSTRUCTION, IS THAT THE INSTRUCTION IN

10:42AM 25     THE HOLMES TRIAL?  ONLY BECAUSE THERE'S THE GARDEN HOSE

10:42AM  1    METAPHOR.

10:42AM  2              THE COURT:  RIGHT.  I WAS JUST GOING TO ASK YOU IF

10:42AM  3    YOU WANT ME TO GIVE THAT OR NOT.

10:42AM  4              MS. WALSH:  YES, PLEASE.

10:42AM  5              THE COURT:  ANY OBJECTION TO THAT?

10:42AM  6              MS. VOLKAR:  NO OBJECTION OTHER THAN OUR PRIOR

10:42AM  7    DISCUSSION.  WE HAVE NO PROBLEM WITH THAT.

10:42AM  8              THE COURT:  THEN I'LL GIVE THE HOLMES VERSION, WHICH

10:42AM  9    WAS JURY INSTRUCTION NUMBER 8, WHICH INCLUDES THE GARDEN HOSE

10:42AM  10   HYPOTHETICAL.

10:42AM  11       3.9 IS "CREDIBILITY OF WITNESSES."

10:43AM  12       AGAIN, LOOKING AT THE HOLMES INSTRUCTION, THE COURT WOULD

10:43AM  13   BE INCLINED TO GIVE THIS.

10:43AM  14       I NOTE THAT, MS. WALSH, YOU HAVE RED LINED OUT IN YOUR

10:43AM  15   DOCUMENT, 1476, LINES 11 THROUGH 19.

10:43AM  16              MS. WALSH:  YES, YOUR HONOR, AND I CAN EXPLAIN.

10:43AM  17              THE COURT:  SURE.

10:43AM  18              MS. WALSH:  SO THE JOINTLY PROPOSED PRELIMINARY

10:43AM  19   INSTRUCTION ON THE CREDIBILITY OF WITNESSES THAT THE COURT

10:43AM  20   ACCEPTED AND GAVE TO THE JURY DOES NOT HAVE THESE PARAGRAPHS IN

10:43AM  21   IT.  I THINK IT HAS ONE ADDITIONAL PARAGRAPH ABOUT IMPLICIT

10:43AM  22   BIAS, IF I'M RECALLING IT CORRECTLY.

10:43AM  23       AND WE THINK THE SAME INSTRUCTION SHOULD BE GIVEN AGAIN

10:43AM  24   THAT WAS GIVEN IN THE BEGINNING OF THE CASE ON CREDIBILITY OF

10:43AM  25   WITNESSES.

10:43AM 1          THESE TWO PARAGRAPHS I THINK LENGTHEN UNNECESSARILY THE

10:43AM 2     INSTRUCTION.  I THINK THEY ARE ACTUALLY SOMEWHAT CONFUSING AND

10:43AM 3     SEEM TO SOMEWHAT UNDERMINE THE FIRST PARAGRAPH WHERE THE

10:44AM 4     INSTRUCTION SAYS, "YOU MAY BELIEVE EVERYTHING A WITNESS SAYS OR

10:44AM 5     PART OF IT OR NONE OF IT," AND THEN IT LAYS OUT THE FACTORS TO

10:44AM 6     EVALUATE A WITNESS'S TESTIMONY.

10:44AM 7          WE THINK THOSE TWO PARAGRAPHS, THE FIRST AND SECOND, ARE

10:44AM 8     SUFFICIENT TO GIVE THE JURORS GUIDANCE AS TO HOW TO WEIGH

10:44AM 9     WITNESS'S CREDIBILITY.

10:44AM 10               THE COURT:  OKAY.

10:44AM 11          MS. VOLKAR.

10:44AM 12               MS. VOLKAR:  YOUR HONOR, THIS IS LANGUAGE DRAWN

10:44AM 13    DIRECTLY FROM THE NINTH CIRCUIT'S MODEL INSTRUCTION.  IN THE

10:44AM 14    GOVERNMENT'S FILING, IT'S LISTED AT 3.9 IN THE REVAMPED,

10:44AM 15    REVISED, NOT NINTH CIRCUIT MODEL INSTRUCTIONS.  IT IS NOW 6.9,

10:44AM 16    BUT THE LANGUAGE IS THE SAME.

10:44AM 17          IT WAS GIVEN IN THE HOLMES TRIAL.

10:44AM 18          THERE'S NO CITATION FROM THE DEFENDANT FOR AN APPROVED

10:44AM 19    INSTRUCTION GIVEN WITHOUT THESE PARAGRAPHS, BUT WE KNOW IT'S

10:44AM 20    GIVEN OVER AND OVER AGAIN IN CRIMINAL TRIALS.

10:44AM 21          AND WITH RESPECT TO THE PRELIMINARY INSTRUCTIONS, MY

10:45AM 22    RECOLLECTION IS THAT THERE'S ALSO SOME PREAMBLE THAT THE

10:45AM 23    PRELIMINARY INSTRUCTIONS ARE SORT OF A SHORT VERSION OF THE

10:45AM 24    INSTRUCTIONS SO THAT THE JURY CAN HAVE SOME FRAMEWORK FOR

10:45AM 25    HEARING THE EVIDENCE, BUT THAT THE SORT OF LENGTHIER AND MORE

10:45AM 1     DETAILED INSTRUCTIONS WILL COME WITH THE FINAL INSTRUCTIONS.

10:45AM 2          AND, OF COURSE, ONE CLEAR EXAMPLE OF THAT IS THE

10:45AM 3     DESCRIPTION OF THE ELEMENTS AND THE CHARGES WHICH ARE MORE

10:45AM 4     FULLY DEFINED IN THE FINAL INSTRUCTIONS THAN THE PRELIMINARY

10:45AM 5     INSTRUCTIONS.

10:45AM 6          IT'S IN THE MODEL.  IT WAS GIVEN IN HOLMES.  WE THINK THE

10:45AM 7     PARAGRAPH SHOULD STAY.

10:45AM 8          MS. WALSH:  SO, YOUR HONOR, I THINK -- I'M LOOKING

10:45AM 9     AT THE STIPULATED PRELIMINARY JURY INSTRUCTIONS, WHICH IS

10:45AM 10    DOCKET 1350, AND IT ADDRESSES THE CREDIBILITY OF WITNESSES.  IT

10:45AM 11    CONTAINS THE FIRST TWO PARAGRAPHS OF THE PATTERN INSTRUCTION.

10:45AM 12         THEN IT TALKS ABOUT YOU MUST AVOID BIAS, CONSCIOUS,

10:45AM 13    UNCONSCIOUS, ET CETERA.

10:45AM 14         AND THEN THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT

10:46AM 15    NECESSARILY DEPEND ON.  THAT'S THE LAST PARAGRAPH.

10:46AM 16         I, I DO NOT THINK THAT THESE TWO MIDDLE PARAGRAPHS ARE

10:46AM 17    NECESSARY.  I THINK THAT THEY ARE INCREDIBLY CONFUSING BASED ON

10:46AM 18    WHAT HAS COME BEFORE IT.

10:46AM 19         IT SAYS, "SOMETIMES A WITNESS MAY SAY SOMETHING THAT IS

10:46AM 20    NOT CONSISTENT," AND AT THE END OF THAT PARAGRAPH IT SAYS, "YOU

10:46AM 21    MAY CONSIDER THESE DIFFERENCES, BUT DO NOT DECIDE THAT

10:46AM 22    TESTIMONY IS UNTRUE JUST BECAUSE IT DIFFERS FROM OTHER

10:46AM 23    TESTIMONY."

10:46AM 24         THAT'S REALLY UP TO THE JUROR TO DECIDE, IF THE TESTIMONY

10:46AM 25    IS DIFFERENT, WHETHER IT'S BELIEVABLE.  AND THIS INSTRUCTION

10:46AM 1    KIND OF MANDATES THAT THEY CAN'T CONSIDER THOSE DIFFERENCES.

10:46AM 2         I THINK IT'S CONFUSING AND I THINK IT UNDERMINES THE CORE

10:46AM 3    PARAGRAPH OF THIS INSTRUCTION.

10:46AM 4              THE COURT:  OKAY.

10:46AM 5         MS. VOLKAR.

10:46AM 6              MS. VOLKAR:  YOUR HONOR, I WOULD ONLY ADD THAT THE

10:47AM 7    SENTENCE THAT MS. WALSH JUST READ I THINK UNDERCUTS THAT POINT.

10:47AM 8    IT SAYS "YOU MAY CONSIDER," AND THEN LATER IT SAYS "BUT DO NOT

10:47AM 9    DECIDE THAT THAT'S UNTRUE JUST BECAUSE."

10:47AM 10        I DON'T THINK IT MANDATES THE JURORS TO FIND ANYTHING.

10:47AM 11             MS. WALSH:  YOUR HONOR, I JUST WANT TO ADDRESS THAT

10:47AM 12   SECOND PARAGRAPH BECAUSE I DIDN'T ADDRESS IT.

10:47AM 13        IT SAYS, "IF YOU HAVE DECIDED THAT A WITNESS HAS

10:47AM 14   DELIBERATELY TESTIFIED UNTRUTHFULLY ABOUT SOMETHING IMPORTANT,

10:47AM 15   YOU MAY CHOOSE NOT TO BELIEVE ANYTHING THE WITNESS SAID."

10:47AM 16        SO THAT IMPLIES THAT IF A JUROR DECIDES THAT THERE WAS A

10:47AM 17   DELIBERATE LIE ABOUT SOMETHING UNIMPORTANT, MAYBE THEY HAVE TO

10:47AM 18   BELIEVE THE WITNESS.

10:47AM 19        AND THEN IT GOES ON TO SAY, "ON THE OTHER HAND, IF YOU

10:47AM 20   THINK THE WITNESS TESTIFIED UNTRUTHFULLY ABOUT SOME THINGS, BUT

10:47AM 21   TOLD THE TRUTH ABOUT OTHERS, YOU MAY ACCEPT THE PART THAT YOU

10:47AM 22   THINK IS TRUE AND IGNORE THE REST."

10:47AM 23        IT JUST -- THESE TWO PARAGRAPHS SUGGEST THAT IT'S ONLY IF

10:48AM 24   A JUROR CONCLUDES A WITNESS HAS DELIBERATELY LIED THAT THEY

10:48AM 25   CANNOT BELIEVE ANYTHING THAT THE WITNESS SAID.

6599

10:48AM  1      I THINK THAT CREDIBILITY DETERMINATIONS MAY VARY FROM

10:48AM  2   JUROR TO JUROR.  THEY WEIGH ALL OF THE FACTORS.  THEY EVALUATE

10:48AM  3   THE TESTIMONY IN LIGHT OF COMMON SENSE AND THEIR LIFE

10:48AM  4   EXPERIENCE, AND THESE TWO PARAGRAPHS SEEM TO HEM THE PURVIEW OF

10:48AM  5   EACH JUROR ON CREDIBILITY INTO A BOX THAT I DON'T THINK

10:48AM  6   APPLIES.

10:48AM  7           THE COURT:  ANYTHING FURTHER, MS. VOLKAR?

10:48AM  8           MS. VOLKAR:  NOTHING FURTHER, YOUR HONOR.

10:48AM  9           THE COURT:  ALL RIGHT.  THANK YOU.

10:48AM 10      I THINK -- I APPRECIATE YOUR COMMENTS, MS. WALSH.  YOU

10:48AM 11   SUGGEST THAT THE MODEL INSTRUCTIONS SAY TOO MUCH AND PERHAPS

10:48AM 12   DETRACT FROM THE JURY'S ABILITY TO WEIGH AND TO CONSIDER BY

10:49AM 13   GIVING THEM TOO MANY PATHS TO FOLLOW.  I APPRECIATE THAT.

10:49AM 14      I DO THINK THAT THE INSTRUCTIONS DON'T LACK THE CLARITY

10:49AM 15   THAT YOU SUGGEST.  I THINK IT DOES -- JURORS WOULD BE ABLE TO

10:49AM 16   FOLLOW THE INSTRUCTIONS, PARTICULARLY THE LAST SENTENCE AND THE

10:49AM 17   FIRST SENTENCE, AND THE FIRST AND SECOND PARAGRAPH WHERE THE

10:49AM 18   INSTRUCTION READS, "YOU MAY CONSIDER, BUT DO NOT DECIDE THAT

10:49AM 19   TESTIMONY IS UNTRUE JUST BECAUSE IT DIFFERS."

10:49AM 20      I THINK IT TELLS THEM, GIVES THEM CAUTION THAT JUST

10:49AM 21   BECAUSE SOMEBODY SAYS SOMETHING THAT IS NOT TRUE, YOU CAN STILL

10:49AM 22   BELIEVE IT IF YOU THINK IT HAS MERIT, AND YOU SHOULDN'T DECIDE

10:49AM 23   IT'S UNTRUE JUST BECAUSE IT DIFFERS FROM OTHER TESTIMONY.

10:49AM 24      I DO THINK IT ALLOWS THE JURY AN OPPORTUNITY TO PERHAPS BE

10:49AM 25   MINDFUL OF A REFLUX THAT INDIVIDUALS MIGHT TAKE, WELL, THEY

6600

10:50AM  1    SAID SOMETHING AT ONE POINT, SO WHY SHOULD I BELIEVE ANYTHING

10:50AM  2    THAT THEY SAY?

10:50AM  3        I THINK THAT CLARIFIES FOR THE JURORS TO GIVE THEM AN

10:50AM  4    OPPORTUNITY TO FULLY LISTEN TO, UNDERSTAND, AND GIVES THEM

10:50AM  5    DIRECTION AS TO THEIR THOUGHT PROCESS.

10:50AM  6        MAYBE IT'S TOO MUCH INFORMATION FOR THEM, BUT I DON'T FIND

10:50AM  7    THAT IT, IT DETRACTS FROM THAT CREDIBILITY BALANCING AT ALL.

10:50AM  8        I DO THINK THAT IT ACTUALLY PROVIDES SOME GUIDANCE.

10:50AM  9        NOW, THE PRELIMINARY INSTRUCTIONS WERE JUST THAT, THEY

10:50AM  10   WERE PRELIMINARY, AND AS YOU RECALL, WHEN THE COURT GAVE THE

10:50AM  11   PRELIMINARY INSTRUCTIONS, AT THE CONCLUSION, THE COURT

10:50AM  12   INDICATED THAT THEY WOULD, THE JURY WOULD RECEIVE FURTHER

10:50AM  13   INSTRUCTIONS AND GUIDANCE IN THE FINAL INSTRUCTIONS.

10:50AM  14       THAT'S WHAT THIS IS AS I TAKE IT.  THIS IS ADDITIONAL

10:51AM  15   SUPPLEMENTAL INFORMATION THAT ASSISTS THEM.

10:51AM  16       SO I'LL GIVE THE MODEL INSTRUCTION, WHICH IS THE

10:51AM  17   INSTRUCTION THAT WAS GIVEN IN THE HOLMES CASE, INSTRUCTION

10:51AM  18   NUMBER 9, AND I'LL GIVE THAT, NOTING THE OBJECTIONS, OF COURSE.

10:51AM  19       ALL RIGHT.  LET'S MOVE TO 3.10, "ACTIVITIES NOT CHARGED."

10:51AM  20   THIS IS ON 1476.  LET'S SEE.  IS THAT -- PAGE 8.  YES.

10:51AM  21       MS. WALSH.

10:51AM  22           MS. WALSH:  YES, YOUR HONOR.

10:51AM  23       SO WE INCLUDED THIS EXTRA LANGUAGE TO ACCOUNT FOR WHAT I

10:52AM  24   WOULD SAY WAS A FAIR AMOUNT OF EVIDENCE THAT CAME FROM

10:52AM  25   WITNESSES ABOUT TIME PERIODS BEFORE MR. BALWANI WAS CHARGED AND

10:52AM  1      STATEMENTS THAT WERE MADE NOT BY MR. BALWANI BUT BY MS. HOLMES

10:52AM  2      DURING THOSE EARLIER TIME PERIODS.

10:52AM  3          I DO THINK THAT IT'S HELPFUL TO THE JURY AND IT'S

10:52AM  4      IMPORTANT TO MAKE CLEAR THAT HE'S NOT ON TRIAL FOR CONDUCT THAT

10:52AM  5      PREDATES THE TIME PERIODS IN THE INDICTMENT.

10:52AM  6          EVEN THOUGH THE JURORS HEARD LOTS OF EVIDENCE ABOUT

10:52AM  7      STATEMENTS BY MS. HOLMES IN 2006 AND '07, AND '08, THOSE CANNOT

10:52AM  8      FORM THE BASIS -- OR THE JURORS SHOULD BE INSTRUCTED THAT HE'S

10:52AM  9      NOT ON TRIAL FOR THOSE TIME PERIODS.

10:52AM 10          AND I UNDERSTAND THAT I FEEL LIKE THIS IS GOING TO BE A

10:52AM 11      REFRAIN FROM THE GOVERNMENT THAT WE'RE GOING TO STICK WITH THE

10:53AM 12      PATTERN INSTRUCTIONS.

10:53AM 13          I THINK THAT JURY INSTRUCTIONS SHOULD ALSO TAKE INTO

10:53AM 14      ACCOUNT THE EVIDENCE THAT HAS BEEN ELICITED IN THE CASE AND NOT

10:53AM 15      JUST BE IN A VACUUM.  AND I THINK THIS -- ADDING THIS TEXT

10:53AM 16      WOULD HELP THEM UNDERSTAND THE INSTRUCTION AND CABIN WHAT WE ON

10:53AM 17      THE DEFENSE TEAM WERE CONCERNED ABOUT, THAT THEY WOULD HEAR

10:53AM 18      EVIDENCE IN EARLY PERIODS, EVIDENCE IN THE FORM OF STATEMENTS

10:53AM 19      BY MS. HOLMES, AND CONCLUDE BASED ON THOSE THAT HE WAS GUILTY

10:53AM 20      DURING THE CHARGED TIME PERIOD.

10:53AM 21              THE COURT:  OKAY.

10:53AM 22              MS. VOLKAR:  YOUR HONOR, NOT ONLY WILL IT BE A

10:53AM 23      COMMON REFRAIN FROM THE GOVERNMENT TO STICK TO THE MODEL

10:53AM 24      INSTRUCTION, HERE IT WAS 3.10, AND I BELIEVE IN THE REVISED

10:53AM 25      MODEL INSTRUCTIONS IT'S NOW 6.10, BUT IT'S ALSO GOING TO BE A

10:53AM 1    COMMON REFRAIN FROM THE GOVERNMENT THAT THIS IS THE EXACT SAME

10:54AM 2    ARGUMENT THAT WE HAD, THE GOVERNMENT VERSUS THE HOLMES DEFENSE

10:54AM 3    TEAM, AND IT WAS REGARDING THE SAME 2006 TIME PERIOD CONDUCT

10:54AM 4    BECAUSE THAT WAS ALSO OUTSIDE OF THE INDICTMENT AGAINST

10:54AM 5    MS. HOLMES.

10:54AM 6        SO I'M GOING TO REPEAT SOME OF MY ARGUMENTS HERE, BUT I

10:54AM 7    DID WANT TO IDENTIFY THAT WE HAVE HAD THIS ARGUMENT BEFORE.

10:54AM 8        IN THE HOLMES CASE, AND THE SAME IS TRUE HERE, IT'S THE

10:54AM 9    GOVERNMENT'S POSITION THAT THIS INSTRUCTION MAY NOT NEED TO BE

10:54AM 10   GIVEN AT ALL, AND THE REASON FOR THAT IS THE -- I'M GOING TO

10:54AM 11   REFER TO IT AS 3.10 BECAUSE I'M STUCK IN THE PAST -- BUT THE

10:54AM 12   3.10 INSTRUCTION TYPICALLY IS ENVISIONING 404(B) CONDUCT OR

10:54AM 13   TYPES OF CONDUCT WHERE IT COULD GENUINELY CONFUSE THE JURY

10:54AM 14   ABOUT WHAT THE PERSON IS ON TRIAL FOR.

10:54AM 15       WHAT MS. WALSH IS TALKING ABOUT IS TIME PERIODS OUTSIDE OF

10:54AM 16   THE INDICTMENT.

10:54AM 17       WE'RE GOING TO GET TO THE DEFINITION OF THE SUBSTANTIVE

10:55AM 18   CHARGES IN JUST A MOMENT.  THE TIME PERIODS ARE CLEARLY DEFINED

10:55AM 19   THROUGHOUT.  THEY WERE CLEARLY DEFINED BY THE COURT IN THE

10:55AM 20   PRELIMINARY INSTRUCTIONS, IN PART BECAUSE OF THE DIALOGUE THE

10:55AM 21   PARTIES HAVE HAD THROUGHOUT THIS TRIAL ABOUT THE PRE-2009

10:55AM 22   EVENTS THAT OCCURRED.

10:55AM 23       YOU HEARD THE GOVERNMENT'S ELICITING OF EVIDENCE FROM

10:55AM 24   THOSE WITNESSES AS TYING THAT 2006 -- THOSE 2006 STATEMENTS TO

10:55AM 25   WHAT THEIR BASE OF KNOWLEDGE WAS FOR WHEN THEY INVESTED IN 2013

10:55AM   1    DURING THE CHARGED PERIOD.

10:55AM   2         AND I DON'T BELIEVE THAT THERE WILL BE ANY CONFUSION ON

10:55AM   3    THE PART OF THE JURORS OF WHAT IS INSIDE THE CHARGED PERIOD AND

10:55AM   4    WHAT IS OUTSIDE THE CHARGED PERIOD BECAUSE IT WILL BE CLEARLY

10:55AM   5    DEFINED IN MULTIPLE INSTRUCTIONS THROUGHOUT THIS PACKET.

10:55AM   6         NOW, THAT BEING SAID, A -- I WON'T CALL IT A COMPROMISE,

10:55AM   7    BUT A MIDDLE GROUND THAT WAS REACHED IN THE LAST TRIAL WAS

10:56AM   8    THERE WAS AN INSTRUCTION ON THIS TOPIC, 3.10, AGAIN NOW IT'S

10:56AM   9    6.10, AND THAT IS WHAT THE COURT ULTIMATELY GAVE.

10:56AM  10         AND WE WOULD ARGUE FOR THE SAME REASONS AND THE SAME

10:56AM  11    RATIONALE, IF AN INSTRUCTION NEED BE GIVEN IF AT ALL, IT SHOULD

10:56AM  12    BE THE MODEL INSTRUCTION FOR 3.10, WHICH COVERS AN EVEN BROADER

10:56AM  13    ARRAY OF TOPICS IF THE JURY IS CONFUSED ABOUT ANY OTHER CONDUCT

10:56AM  14    OR IF -- I DON'T KNOW IF MS. WALSH IS GOING TO SAY THAT THERE

10:56AM  15    HAS BEEN 404(B) EVIDENCE IN THIS TRIAL, BUT IT CAN GO EVEN

10:56AM  16    BEYOND JUST THE TIME PERIODS.

10:56AM  17         THE TIME PERIODS ARE CLEARLY COVERED LATER IN THE JURY

10:56AM  18    INSTRUCTIONS AS WELL.

10:56AM  19              THE COURT:  SO ARE YOU ADVOCATING THAT THE COURT

10:56AM  20    GIVE JURY INSTRUCTION NUMBER 10 THAT WAS GIVEN IN THE HOLMES

10:56AM  21    CASE?

10:56AM  22              MS. VOLKAR:  GIVEN WHERE WE ARE, YOUR HONOR, AND

10:56AM  23    BECAUSE THE PARTIES LARGELY AGREE WE SHOULD FOLLOW WHAT WAS

10:56AM  24    DONE IN THE HOLMES CASE, THE GOVERNMENT'S POSITION RIGHT NOW IS

10:57AM  25    IF AN INSTRUCTION IS GIVEN, GIVE WHAT WAS GIVEN IN THE HOLMES

6604

10:57AM  1    CASE.

10:57AM  2              THE COURT:  OKAY.

10:57AM  3              MS. WALSH:  YES.  SO PART OF THE PROBLEM IS THIS

10:57AM  4    INSTRUCTION COMES BEFORE AN INSTRUCTION ON THE SUBSTANTIVE

10:57AM  5    OFFENSES, AND SO THE JURORS HEARING THIS FOR THE FIRST TIME, I

10:57AM  6    DON'T KNOW WHAT THE TIME PERIOD IS.

10:57AM  7         AND AS FAR AS WHETHER THE 6.10 IS APPROPRIATE ONLY FOR

10:57AM  8    404(B) OR NOT, WE'RE LAWYERS TALKING ABOUT THAT.

10:57AM  9         THE JURORS HAVE NO IDEA WHAT IS 404(B), WHAT CAME IN AS

10:57AM 10    INEXTRICABLY INTERTWINED, WHAT CAME IN AS CONTEXT FOR EARLY

10:57AM 11    INVESTORS INVESTING IN THERANOS.

10:57AM 12         ALL THEY KNOW IS THEY HEARD TESTIMONY ABOUT

10:57AM 13    ELIZABETH HOLMES MAKING ALL KINDS OF STATEMENTS ABOUT THERANOS

10:57AM 14    AND THE TECHNOLOGY BEFORE MR. BALWANI GOT TO THE COMPANY THAT I

10:57AM 15    SUSPECT THE GOVERNMENT MAY ARGUE WERE UNTRUE OR AT LEAST

10:57AM 16    PROVIDED THE GROUNDWORK THAT LED TO THE MISREPRESENTATIONS IN

10:57AM 17    THE CHARGED PERIOD.

10:57AM 18         SO I THINK IT'S IMPORTANT TO INSTRUCT THE JURY IN THIS WAY

10:58AM 19    SO THAT THERE'S NO LACK OF CLARITY.

10:58AM 20         AND I DON'T SEE ANY DOWNSIDE TO DOING IT.  THERE'S NOTHING

10:58AM 21    INACCURATE IN THIS ADDED TEXT.  IT JUST MAKES IT CLEAR.

10:58AM 22              THE COURT:  OKAY.  THANK YOU.

10:58AM 23         WELL, TO YOUR POINT ABOUT THE LOCATION OF THE INSTRUCTION,

10:58AM 24    IT MAY BE THAT WE MOVE THE LOCATION OF THIS INSTRUCTION TO

10:58AM 25    LATER WHEN IT'S CLOSER TO THE ACTUAL CHARGES THAT ARE READ AND

10:58AM 1    THE DEFINITION OF THE OFFENSES, AND MAYBE THAT'S MORE

10:58AM 2    APPROPRIATE.

10:58AM 3        I'M GOING TO GIVE THE INSTRUCTION THAT WAS GIVEN IN THE

10:58AM 4    HOLMES CASE.  I DON'T THINK THAT THE ADDITIONAL LANGUAGE THAT

10:58AM 5    IS SUGGESTED, LINES 4 THROUGH 8 IN YOUR SUBMISSION, 1476,

10:58AM 6    PAGE 8, ARE NECESSARY.

10:58AM 7        WHEN WE GET TO THE OTHER INSTRUCTIONS, THE JURY IS GOING

10:58AM 8    TO BE INFORMED OF THE TIME PERIOD THAT THEY MUST CONSIDER.  I

10:59AM 9    BELIEVE THAT THOSE CHARGES WILL SO INSTRUCT.

10:59AM 10       THE GOVERNMENT IS NOT GOING TO BE PERMITTED TO ARGUE THAT

10:59AM 11   THE JURY SHOULD CONVICT FOR ANY CONDUCT OUTSIDE OF THAT PERIOD.

10:59AM 12       AND, MS. VOLKAR, I'M TELLING YOUR TEAM THAT NOW, AND I

10:59AM 13   THINK YOU'RE AWARE OF THAT.

10:59AM 14           MS. VOLKAR:  UNDERSTOOD.

10:59AM 15           THE COURT:  YOU'RE NOT PERMITTED TO ARGUE FOR

10:59AM 16   ANYTHING ELSE.  IT'S JUST THIS PARTICULAR TIME PERIOD.

10:59AM 17       SO THE OBJECTION IS NOTED.  I'LL GIVE WHAT WAS GIVEN IN

10:59AM 18   THE HOLMES CASE UNDER ACTIVITIES NOT CHARGED.  THAT APPEARS ON

10:59AM 19   PAGE 11 OF DOCUMENT 1206.

11:00AM 20       ALL RIGHT.  NEXT IS 3.11, WHICH IS SEPARATE CONSIDERATION

11:00AM 21   OF MULTIPLE COUNTS, SINGLE DEFENDANT.

11:00AM 22       I DON'T THINK THERE'S ANY OBJECTION TO THAT.

11:00AM 23           MS. WALSH:  NO, YOUR HONOR.

11:00AM 24           MS. VOLKAR:  NO, YOUR HONOR.

11:00AM 25           THE COURT:  ALL RIGHT.  THE COURT WILL GIVE THAT.

11:00AM 1      AND IT WILL CHANGE -- AGAIN, REFERENCING THE HOLMES

11:00AM 2   INSTRUCTIONS, IT'S JURY INSTRUCTION NUMBER 11.  AND IN 1206

11:00AM 3   WE'LL CHANGE THE NAME TO MR. BALWANI.

11:00AM 4      "ON OR ABOUT" IS NEXT, 3.18.

11:00AM 5      MS. WALSH.

11:00AM 6         MS. WALSH:  YES.  THE ONLY CHANGE ON THIS -- I'M

11:00AM 7   LOOKING AT DOCUMENT -- AT DOCKET 1476 AT PAGE 10.  OUR ONLY

11:01AM 8   PROPOSED CHANGE RELATES TO THE COUNT NUMBERS THAT APPLY IN THIS

11:01AM 9   CASE.

11:01AM 10         THE COURT:  1476, ECF 10.

11:01AM 11         MS. WALSH:  CORRECT, 1476 AT ECF 10, ECF PAGE 10.

11:01AM 12         THE COURT:  AND I THINK IT'S 9 OF THE DOCUMENT?

11:01AM 13         MS. WALSH:  CORRECT, YES.

11:01AM 14         THE COURT:  OKAY.

11:01AM 15         MS. VOLKAR:  IT MAY BE BENEFICIAL TO INFORM THE

11:01AM 16   COURT, WHEN I READ OFF A LIST OF NUMBERS EARLIER, THIS WAS ONE

11:01AM 17   OF THEM, AND THERE ARE GOING TO BE SEVERAL IN THIS CATEGORY

11:01AM 18   WHERE THE ONLY CHANGE TO THE HOLMES INSTRUCTIONS THAT

11:01AM 19   MR. BALWANI RECOMMENDS IS TO ACCOUNT FOR THE FACT THAT IN THE

11:01AM 20   HOLMES TRIAL, THE -- DUE TO AN ORDER OF THE COURT, THE

11:01AM 21   GOVERNMENT DISMISSED COUNT NINE.

11:01AM 22      THAT IS STILL AT PLAY IN THIS TRIAL.

11:01AM 23      SO THE GOVERNMENT DOES NOT OBJECT TO THE EDITS TO THE

11:01AM 24   INSTRUCTIONS GIVEN IN THE HOLMES CASE THAT APPEARS IN

11:01AM 25   MR. BALWANI'S FILING, 1476, ECF PAGE 10, THE BOTTOM OF THE

11:02AM 1    DOCUMENT, PAGE 9, AND SO THERE WILL BE SEVERAL IN THIS

11:02AM 2    CATEGORY.

11:02AM 3         THE COURT:  SURE.

11:02AM 4         MS. VOLKAR:  AND THIS IS THE FIRST OF THEM.

11:02AM 5         THE COURT:  OKAY.  THANK YOU.  THANKS FOR THAT.

11:02AM 6    AND THEN THANK YOU FOR THAT CLARIFICATION, THAT AGREEMENT.

11:02AM 7    THE COURT WILL GIVE THAT.  THAT IS THE DIFFERENCE, THE

11:02AM 8    DISTINCTION.  THERE WAS A MISSING COUNT IN MS. HOLMES CASE.

11:02AM 9    ALL RIGHT.  LET'S MOVE THEN ON TO WHAT I HAVE NEXT IN

11:02AM 10   MR. BALWANI'S LIST IN 1476 IS THE DUAL ROLE TESTIMONY.

11:02AM 11        MS. VOLKAR:  YOUR HONOR, THE GOVERNMENT HAS AN

11:02AM 12   ADDITION BEFORE THIS.

11:02AM 13        THE COURT:  IS THIS 4.14?

11:02AM 14        MS. VOLKAR:  CORRECT, IN THE GOVERNMENT'S EDITION.

11:02AM 15   YES, SORRY, IT'S 4.14.  I JUST LOOKED AT THE NUMBER.

11:03AM 16        THE COURT:  RIGHT.

11:03AM 17   AND HOW WOULD YOU HAVE THIS READ?  I HAVE YOUR SUBMISSION

11:03AM 18   HERE.  IT READS, "YOU HAVE HEARD TESTIMONY FROM," AND THEN

11:03AM 19   INSERT EXPERT NAMES, "WHO TESTIFIED TO THEIR OPINIONS AND THE

11:03AM 20   REASONS FOR THEIR OPINIONS," AND IT GOES FURTHER.

11:03AM 21   IS THE CHANGE ADDING THE NAMES OF THE EXPERTS?

11:03AM 22        MS. VOLKAR:  THAT'S CORRECT, YOUR HONOR.  AND THE

11:03AM 23   MAIN -- AND THIS TIES WITH WHERE I THINK WE WERE, WHICH WAS

11:03AM 24   ECF 1476, ECF PAGE 11, BOTTOM OF THE LINE, PAGE 10, THE

11:03AM 25   DEFENDANTS RECOMMENDS ADDING RICHARD SONNIER TO THE DUAL ROLE

11:03AM 1    TESTIMONY, AND THE GOVERNMENT STRENUOUSLY OBJECTS TO THAT

11:03AM 2    CATEGORIZATION.

11:03AM 3         MR. SONNIER HAS BEEN PROFFERED AS AN EXPERT.  I BELIEVE

11:03AM 4    JUST TWO DAYS AGO MR. COOPERSMITH WAS SAYING HE HAS NO PERSONAL

11:03AM 5    KNOWLEDGE OF THE FACTS AND, THEREFORE, HE DOES NOT FALL UNDER

11:04AM 6    THE MODEL INSTRUCTIONS FOR DUAL ROLE TESTIMONY, HE FALLS UNDER

11:04AM 7    THE MODEL INSTRUCTION FOR EXPERT TESTIMONY.

11:04AM 8         AND THAT IS 4.14.  UNDER THE REVISED MODEL INSTRUCTIONS,

11:04AM 9    IT'S NOW 3.14.  AGAIN, THE TEXT IS THE SAME.

11:04AM 10        SO OUR SUBMISSION HAS 4.14 ON ECF 1211, PAGE 31, AND WE

11:04AM 11   WOULD RECOMMEND INSERTING "RICHARD SONNIER, III" THERE AND HAVE

11:04AM 12   THAT INSTRUCTION EITHER PRECEDE OR COME AFTER THE DUAL ROLE

11:04AM 13   TESTIMONY.  WE DON'T FEEL STRONGLY ABOUT REPLACEMENT.

11:04AM 14        BUT WE DO FEEL STRONGLY THAT HE IS NOT A FACT WITNESS, AND

11:04AM 15   THAT IS IN STARK CONTRAST TO DR. ZACHMAN AND DR. BURNES WHO HAD

11:04AM 16   PERCIPIENT KNOWLEDGE OF WORKING WITH THEIR PATIENTS AND

11:04AM 17   RECEIVING RESULTS, AND THEN AT A CERTAIN TIME IN THEIR

11:04AM 18   TESTIMONY, WERE QUALIFIED AS AN EXPERT TO DESCRIBE IN THEIR

11:04AM 19   EXPERIENCE THEIR INTERPRETATION OF THOSE RESULTS AND WHAT THAT

11:05AM 20   MEANT, AND THEY HAD TO BE QUALIFIED AS AN EXPERT TO DO THAT

11:05AM 21   PORTION.

11:05AM 22        BUT OF COURSE THEY HAD PERCIPIENT KNOWLEDGE RELEVANT TO

11:05AM 23   THIS CASE AND, THEREFORE, THEY ARE TRUE DUAL ROLES.

11:05AM 24             MS. WALSH:  YOUR HONOR, WHAT I SUGGEST IS THAT WE

11:05AM 25   DEFER THIS QUESTION UNTIL AFTER MR. SONNIER TESTIFIES AND WE

11:05AM 1    SEE WHAT HIS TESTIMONY IS.

11:05AM 2           MS. VOLKAR:  YOUR HONOR, THE GOVERNMENT'S REACTION

11:05AM 3    TO THAT IS THAT THE EXPANSION OF MR. SONNIER'S TESTIMONY HAS

11:05AM 4    ALREADY BEGUN.

11:05AM 5        WE HAVE HEARD OVER AND OVER AGAIN THAT HE IS TO TESTIFY AS

11:05AM 6    AN EXPERT ON MICROSOFT SQL DATABASES.

11:05AM 7        WE WERE TOLD BY MR. COOPERSMITH ON MONDAY THAT HE HAS NO

11:05AM 8    PERSONAL KNOWLEDGE OF THE FACTS.

11:05AM 9        BUT IF THEIR TRUE PURPOSE IS JUST TO GET IN FACTS THROUGH

11:05AM 10   A WITNESS WHO HAS NO PERSONAL KNOWLEDGE OF THEM, I GUESS THE

11:05AM 11   FIREWORKS ARE ALREADY STARTING.

11:05AM 12          MS. WALSH:  I SEE NO FIREWORKS.

11:05AM 13       I JUST THINK IT MAKES SENSE TO DEFER UNTIL AFTER WE HEAR

11:06AM 14   HIS TESTIMONY.

11:06AM 15       HE CLEARLY WAS NOTICED AS AN EXPERT.  HE'S GOING TO GIVE

11:06AM 16   EXPERT TESTIMONY.

11:06AM 17       I JUST DON'T KNOW -- I DON'T THINK WE SHOULD LAND ON AN

11:06AM 18   ANSWER ON THIS UNTIL WE HEAR FROM HIM.

11:06AM 19          THE COURT:  WELL, WHAT FACTS WOULD HE TESTIFY TO?

11:06AM 20          MS. WALSH:  SO I'M NOT EXAMINING MR. SONNIER.  MAYBE

11:06AM 21   I COULD ASK A COLLEAGUE OF MINE TO PROFFER TO THE COURT.

11:06AM 22          THE COURT:  I THINK MS. VOLKAR IS ACCURATE WHEN WE

11:06AM 23   HEARD THAT HE'S GOING TO TESTIFY AS AN EXPERT.

11:06AM 24          MS. WALSH:  SURE, SURE.

11:06AM 25          THE COURT:  MR. BRECHER, WHO IS BEHIND YOU NOW, SAID

11:06AM  1    "ALL HE'S GOING TO SAY IS I'M AN EXPERT AND YOU CAN'T DO IT, OR

11:06AM  2    YOU COULD DO IT," AND THAT'S IT.

11:06AM  3              MS. WALSH:  YES.

11:06AM  4              THE COURT:  NOW, I DID ASK THE PARTIES A COUPLE OF

11:06AM  5    DAYS AGO, I THINK IT WAS YESTERDAY, TO PROVIDE FOR ME, I ASKED

11:06AM  6    MR. COOPERSMITH TO PROVIDE FOR ME THE DOCUMENT THAT WAS

11:06AM  7    RECEIVED FROM THE GOVERNMENT, THAT EMAIL, WHATEVER IT WAS, AND

11:06AM  8    IT WAS GOING TO BE LEFT WITH ME YESTERDAY.

11:06AM  9        I HAVEN'T RECEIVED IT YET, AND THAT MAYBE INFORMS ON THIS

11:07AM  10   AS WELL.

11:07AM  11             MR. BRECHER, GOOD MORNING.

11:07AM  12             MR. BRECHER:  GOOD MORNING, YOUR HONOR.

11:07AM  13        YES, IT'S THAT DOCUMENT AND ONE ADDITIONAL ITEM OF

11:07AM  14   PERCIPIENT KNOWLEDGE, YOUR HONOR, AND THAT IS MR. SONNIER'S

11:07AM  15   PERSONAL TESTING OF THE ENCRYPTED COPY TO ENSURE HIMSELF THAT

11:07AM  16   IT COULD NOT, IN FACT, BE OPENED.

11:07AM  17        THAT IS A FACT WITNESS.

11:07AM  18             THE COURT:  THIS IS THE FIRST I HEAR OF THIS.

11:07AM  19             MR. BRECHER:  WELL, YOUR HONOR, I DON'T KNOW THAT

11:07AM  20   IT'S NECESSARY TO NOTICE A FACT WITNESS IN ADVANCE OF

11:07AM  21   CALLING -- FACT TESTIMONY IN ADVANCE OF CALLING A WITNESS.

11:07AM  22             THE COURT:  WELL, I SAY THAT BECAUSE THE LAST TIME

11:07AM  23   WE CHATTED, YOU SAID, "ALL HE'S GOING TO TESTIFY ABOUT, JUDGE,

11:07AM  24   IS THIS."

11:07AM  25             MR. BRECHER:  WELL, YOUR HONOR, I THINK MY

6611

```
11:07AM   1    RECOLLECTION IS THAT I WAS DISCUSSING THE OPINIONS THAT HE WAS
11:07AM   2    GOING TO OFFER.
11:07AM   3              THE COURT:  I SEE.
11:07AM   4              MR. BRECHER:  BUT IF THAT'S A DISTINCTION THAT
11:07AM   5    MATTERS, I DON'T HAVE TO ELICIT THAT TESTIMONY.
11:07AM   6         BUT I THOUGHT IT MIGHT BE SOMETHING THAT THE GOVERNMENT
11:07AM   7    WANTED CONFIRMED ON THE RECORD, BUT I MAY BE MISTAKEN ABOUT
11:08AM   8    THAT.
11:08AM   9              THE COURT:  OKAY.
11:08AM  10         MS. VOLKAR.
11:08AM  11              MS. VOLKAR:  I'M HAPPY TO DEFER, YOUR HONOR.
11:08AM  12         I THINK WE ALL SEE THE STORM HEADING OUR WAY, AND I'M
11:08AM  13    HAPPY TO DEFER ON THIS INSTRUCTION UNTIL A LATER POINT IN TIME.
11:08AM  14    WE NEED NOT REARGUE A TOPIC THAT IS VERY FAMILIAR TO THE COURT,
11:08AM  15    BUT THE GOVERNMENT DOES WANT TO STATE ITS POSITION THAT
11:08AM  16    RICHARD SONNIER IS ONLY AN EXPERT, NOT A DUAL ROLE TESTIMONY,
11:08AM  17    EXPERT/FACT WITNESS.
11:08AM  18         AND EVEN WHAT MR. BRECHER JUST SAID ABOUT TESTING THE
11:08AM  19    DATABASE STILL SEEMS TO FALL UNDER THE BASES FOR HIS EXPERT
11:08AM  20    OPINION.
11:08AM  21              BUT ANYWAY, I'M HAPPY TO DEFER UNTIL LATER.
11:08AM  22              MR. BRECHER:  IF YOUR HONOR WOULD PREFER TESTIMONY
11:08AM  23    OF THAT SORT OFFERED AS OPINION, I THINK IT'S -- I THINK IT'S
11:09AM  24    WHAT HE ACTUALLY DID AND PERSONALLY OBSERVED, BUT I HAVE NO
11:09AM  25    OBJECTION.
```

6612

| | |
|---|---|
| 11:09AM | 1 |

BUT I DO THINK IT'S APPROPRIATE TO DEFER THIS QUESTION TO

SEE HOW IT COMES INTO EVIDENCE, IF IT COMES INTO EVIDENCE AT

ALL.

THE COURT:  ALL RIGHT.  WE'LL DEFER THIS.

MR. BRECHER:  THANK YOU, YOUR HONOR.

THE COURT:  OKAY.

MR. BRECHER:  I APOLOGIZE, YOUR HONOR.

ONE MORE CLARIFICATION IN TERMS OF THE ISSUE OF

MR. SONNIER'S EFFORTS TO OPEN AN ENCRYPTED COPY.  I'LL JUST

NOTE FOR THE RECORD THAT MR. SCHENK SENT AN EMAIL ABOUT THAT

TOPIC FIVE DAYS AGO ON JUNE 3RD WITH NEW INFORMATION.  SO IN

RELATION TO --

THE COURT:  IS THIS RELATED TO --

MR. BRECHER:  -- TO THE FACTS.

THE COURT:  I'M SORRY.  IS THAT RELATED TO THE

INSTRUCTIONS?

MR. BRECHER:  NO.  I'M SORRY, YOUR HONOR.  I

APOLOGIZE, YOUR HONOR.

THE ISSUE OF MR. SONNIER'S EFFORTS TO DECRYPT THE

ENCRYPTED COPY OF THE LIS DATABASE.

MR. SCHENK PROVIDED SOME NEW INFORMATION IN AN EMAIL TO

THE DEFENSE ON JUNE 3RD.

THE COURT:  MR. SCHENK.

MR. SCHENK:  YOUR HONOR, I KEEP WAITING FOR

MR. BRECHER TO FINISH THAT SENTENCE.  I'M NOT SURE I UNDERSTAND

11:10AM  1   THE EFFECT THAT HAS -- IT'S TRUE, I SENT AN EMAIL THAT PROVIDED

11:10AM  2   INFORMATION THAT THE GOVERNMENT LEARNED IN AN ATTORNEY PROFFER

11:10AM  3   TO THE DEFENSE.

11:10AM  4       MR. BRECHER TOLD THAT TO THE COURT IN THE CONTEXT OF

11:10AM  5   WHETHER AN EXPERT WITNESS THAT THE DEFENSE IS CALLING IS GOING

11:10AM  6   TO CROSS OVER INTO FACT WITNESS TESTIMONY.

11:10AM  7       THE INFORMATION THAT I PROVIDED HAS NOTHING TO DO WITH

11:10AM  8   MR. SONNIER.  I'M NOT SURE -- IT SEEMS LIKE A NON SEQUITUR TO

11:10AM  9   ME I GUESS IS WHAT I'M SAYING.

11:11AM 10       THE COURT:  THANK YOU FOR THE HEADS UP.  I'M NOT

11:11AM 11   SURE WHAT TO DO WITH THAT, BUT I'M SURE IT WILL COME UP AT SOME

11:11AM 12   POINT IN TIME.  SO THANK YOU.

11:11AM 13       MR. BRECHER:  THANK YOU, YOUR HONOR.

11:11AM 14       MS. VOLKAR:  AND, YOUR HONOR, ON THE JURY

11:11AM 15   INSTRUCTIONS, IT MAY BE WELCOME NEWS TO HEAR THAT I THINK THE

11:11AM 16   NEXT TWO ARE ONES THAT THE PARTIES LARGELY AGREE ON, WHICH IS

11:11AM 17   14 WAS GIVEN IN THE HOLMES CASE, ECF 1206, PAGE 15.  IT'S THE

11:11AM 18   MODEL INSTRUCTION ABOUT CHARTS OR SUMMARIES NOT ADMITTED INTO

11:11AM 19   EVIDENCE.

11:11AM 20       AND THE VERY NEXT INSTRUCTION IN 1206 WAS NUMBER 15,

11:11AM 21   CHARTS AND EVIDENCE THAT WERE ADMITTED BECAUSE A PARALEGAL FOR

11:11AM 22   WILLIAMS & CONNOLLY TESTIFIED ABOUT ADMITTED CHARTS IN

11:11AM 23   EVIDENCE.

11:11AM 24       I UNDERSTAND FROM THE DEFENSE'S FILING LAST NIGHT, ECF

11:11AM 25   1476 AT 12, DELETING THE INSTRUCTION "CHARTS AND SUMMARIES

11:12AM   1      ADMITTED INTO EVIDENCE," THAT THE DEFENSE -- I'M SORRY, THAT

11:12AM   2      MR. BALWANI IS NOT INTENDING, THROUGH THE PARALEGAL FROM ORRICK

11:12AM   3      THAT THEY PLAN TO CALL, TO SIMILARLY ADMIT CHARTS AND

11:12AM   4      SUMMARIES, AND IF THAT'S TRUE, THERE HAVE BEEN NO OTHER CHARTS

11:12AM   5      OR SUMMARIES ADMITTED IN THIS TRIAL AND IT IS THEREFORE PROPER

11:12AM   6      TO NOT GIVE THAT INSTRUCTION.

11:12AM   7              MS. WALSH:  CORRECT, YOUR HONOR.

11:12AM   8              THE COURT:  ALL RIGHT.  SO WE WON'T GIVE 417, MODEL

11:12AM   9      417, WHICH ARE "CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE."

11:12AM  10          I DON'T BELIEVE THERE WERE ANY ADMITTED INTO EVIDENCE YET.

11:12AM  11          THERE WERE CERTAINLY REFERENCES TO CHARTS AND SUMMARIES.

11:12AM  12      SO THE 416 WILL BE GIVEN.

11:12AM  13          ANY OBJECTION TO THAT?

11:12AM  14              MS. VOLKAR:  NO, YOUR HONOR.  THAT'S CORRECT.

11:12AM  15              MS. WALSH:  NO OBJECTION, YOUR HONOR.

11:13AM  16              THE COURT:  ALL RIGHT.  416 WOULD BE GIVEN.  THAT IS

11:13AM  17      JURY INSTRUCTION NUMBER 14 IN DOCKET 1206, THAT WOULD BE GIVEN.

11:13AM  18          ALL RIGHT.  NOW WE MOVE TO NEXT I SEE ON THE LIST THAT WAS

11:13AM  19      PROVIDED IS NUMBER 16, THIS IS ON 1476 IN THE CHART, IT IS

11:13AM  20      "CONSPIRACY ELEMENTS."

11:13AM  21          AND THIS IS 8.20 IN THE MODEL, I BELIEVE.

11:13AM  22          MS. WALSH.

11:13AM  23              MS. WALSH:  YES, YOUR HONOR.

11:13AM  24          THE ONLY PROPOSED CHANGE THAT WE HAVE IS ON DOCKET 1476 AT

11:13AM  25      DOCKET PAGE 14.

11:14AM   1        WE REQUEST THAT THE ADDED TEXT BETWEEN "TWO OR MORE OTHER

11:14AM   2    PEOPLE" BE INSERTED IN THAT SENTENCE.  SO IT WOULD READ,

11:14AM   3    "FURTHERMORE, ONE WHO WILLFULLY JOINS AN EXISTING CONSPIRACY

11:14AM   4    BETWEEN TWO OR MORE OTHER PEOPLE IS AS RESPONSIBLE FOR IT AS

11:14AM   5    THE ORIGINATORS."

11:14AM   6        IT'S REALLY JUST FOR CLARITY, YOUR HONOR.  THAT'S WHY WE

11:14AM   7    ADDED IT.

11:14AM   8            THE COURT:  MS. VOLKAR.

11:14AM   9            MS. VOLKAR:  IT WILL NOT SURPRISE THE COURT TO HEAR

11:14AM  10    THE GOVERNMENT SAY THAT IT'S NOT IN THE MODEL, AND, THEREFORE,

11:14AM  11    WE DON'T THINK IT NEEDS TO BE ADDED.

11:14AM  12        WE DO NOTE THAT THE SAME LANGUAGE IS REFERENCED BOTH

11:14AM  13    EARLIER IN THE INSTRUCTION AND JUST A COUPLE OF LINES LATER AS

11:14AM  14    WELL.  SO I DO NOT THINK THAT THERE WILL BE ANY CONFUSION.

11:14AM  15        MORE IMPORTANTLY, I WANT TO TAKE THIS MOMENT TO SAY THAT

11:14AM  16    THIS WOULD BE ONE OF THOSE INSTRUCTIONS WHERE THE GOVERNMENT

11:14AM  17    STANDS BY ITS OBJECTIONS TO THE SPECIFIC UNANIMITY INSTRUCTION

11:15AM  18    THAT IS GIVEN.

11:15AM  19        A GENERIC UNANIMITY INSTRUCTION IS DETERMINED TO BE

11:15AM  20    PERFECTLY ACCEPTABLE IN THOSE CASES.

11:15AM  21        THIS IS AN INSTRUCTION IN THE HOLMES CASE THAT WE DID A

11:15AM  22    LOT OF WORK ON, AND THE GOVERNMENT'S POSITION IS THAT NO

11:15AM  23    FURTHER TWEAKING IS NECESSARY.  THE INSTRUCTION THAT WAS GIVEN

11:15AM  24    IN HOLMES SHOULD SUFFICE.

11:15AM  25        I WILL ALSO NOTE THAT THE MODEL INSTRUCTION AS REFERENCED

11:15AM 1    IN THE GOVERNMENT'S FILING IS 8.20 AS THE COURT SAID.

11:15AM 2    IF YOU WERE TO LOOK FOR IT NOW ON THE NINTH CIRCUIT'S

11:15AM 3    WEBSITE, IT IS 11.1.  AGAIN, IT IS ADDING TO THE CONFUSION.

11:15AM 4    BUT JUST FOR EVERYONE'S BENEFIT, I DID WANT TO REFERENCE THAT.

11:15AM 5         THE COURT:  THANK YOU FOR THAT.

11:15AM 6    AND I'M REFERENCING THE PACKET THAT WAS FILED PREVIOUSLY

11:15AM 7    BY THE GOVERNMENT AND IT DOESN'T HAVE THAT.  OF COURSE IT WAS

11:15AM 8    PREMODIFICATION.  BUT JUST FOR CLARITY OF OUR CONVERSATION,

11:15AM 9    THAT'S WHY I'M REFERENCING THAT.  AND, OF COURSE, THINGS HAVE

11:15AM 10   CHANGED.

11:16AM 11        MS. VOLKAR:  I DID QUITE A BIT OF PARING UP LAST

11:16AM 12   NIGHT, YOUR HONOR, SO I VERY MUCH UNDERSTAND.

11:16AM 13        THE COURT:  I THINK WE ALL WOULD WELCOME THE

11:16AM 14   NINTH CIRCUIT PUBLISHING ANOTHER HARD COPY.  I THINK THE LAST

11:16AM 15   HARD COPY THAT I THINK I HAVE IN MY LIBRARY WAS 2010.  I THINK

11:16AM 16   THAT'S THE LAST HARD COPY THAT WE HAVE RECEIVED.

11:16AM 17   MS. WALSH.

11:16AM 18        MS. WALSH:  YES, YOUR HONOR.

11:16AM 19   SO WE REQUEST THAT THE COURT STICK WITH THE INSTRUCTION

11:16AM 20   THAT WAS GIVEN IN THE HOLMES CASE, DOCKET 1206 AT DOCKET --

11:16AM 21   PAGE 17.

11:16AM 22   AGAIN, OUR ONLY REQUEST WAS TO ADD THAT LITTLE BIT OF

11:16AM 23   LANGUAGE FOR CLARITY PURPOSES, AND SUBMIT IT ON THAT POINT.

11:16AM 24        THE COURT:  OKAY.  THANK YOU.

11:16AM 25   I SEE THE ADDITIONAL LANGUAGE THAT YOU'RE SUGGESTING.  I

| | | |
|---|---|---|
| 11:16AM | 1 | DON'T BELIEVE IT'S NECESSARY.  I BELIEVE THAT THE INSTRUCTION |
| 11:16AM | 2 | AS TO THIS CONSPIRACY GIVEN IN THE HOLMES MATTER IN DOCKET |
| 11:17AM | 3 | 1206, PAGES 17 AND 18, IS SUFFICIENT, AND THE COURT WILL GIVE |
| 11:17AM | 4 | THAT. |
| 11:17AM | 5 | ALL RIGHT.  GOING DOWN YOUR CHART, MS. WALSH.  YOUR NUMBER |
| 11:17AM | 6 | 17 IS "WILLFULLY," AND I KNOW THE GOVERNMENT HAS OPINIONS ABOUT |
| 11:17AM | 7 | THIS, AND THIS IS 5.5, I THINK FORMERLY NUMBER 5.5.  I THINK |
| 11:17AM | 8 | IT'S STILL THE SAME. |
| 11:17AM | 9 | DO YOU WANT TO AUGMENT ANY ARGUMENTS?  I KNOW YOU'VE |
| 11:17AM | 10 | INCORPORATED YOUR STRENUOUS OBJECTIONS TO THE COURT. |
| 11:17AM | 11 | MS. VOLKAR:  AND I CERTAINLY WON'T REPEAT THEM AT |
| 11:17AM | 12 | LENGTH HERE, ONLY TO SAY, AS WE PREVIOUSLY SAID, THE BRYAN CASE |
| 11:18AM | 13 | IS INAPPLICABLE TO THESE STATUTES.  WILLFULLY DOES NOT APPEAR |
| 11:18AM | 14 | IN SECTION 1343 OR 1349.  IT IS A HEIGHTENED MENS REA. |
| 11:18AM | 15 | KNOWINGLY IS THE PROPER STANDARD.  WE'RE GOING TO GET |
| 11:18AM | 16 | THERE IN A MOMENT. |
| 11:18AM | 17 | SO WITH THAT I WILL SUBMIT.  I UNDERSTAND IT WAS GIVEN IN |
| 11:18AM | 18 | THE HOLMES CASE, AND I UNDERSTAND THAT THE COURT PLANS TO GIVE |
| 11:18AM | 19 | IT HERE. |
| 11:18AM | 20 | MS. WALSH:  YES, YOUR HONOR, WE ARE IN FAVOR OF THE |
| 11:18AM | 21 | COURT GIVING THIS INSTRUCTION AS IT DID IN THE HOLMES CASE. |
| 11:18AM | 22 | THE COURT:  ALL RIGHT.  THANK YOU. |
| 11:18AM | 23 | I'LL NOTE THAT I THINK MR. LEACH GAVE THE OBJECTIONS IN |
| 11:18AM | 24 | THE LAST -- IN THE HOLMES CASE, AND YOU'VE INCORPORATED THOSE |
| 11:18AM | 25 | OBJECTIONS AND I REMEMBER THEM VIVIDLY.  I RECOGNIZE THEM. |

6618

```
11:18AM   1          AND I WILL GIVE JURY INSTRUCTION 17 THAT WAS GIVEN IN THE

11:18AM   2     HOLMES CASE AT DOCUMENT 1206, AND RECOGNIZING THE GOVERNMENT'S

11:19AM   3     OBJECTION, THE COURT WILL GIVE "WILLFULLY" IN THIS MATTER AS

11:19AM   4     WELL.

11:19AM   5          NEXT THEN IS NUMBER 18 ON YOUR CHART, WHICH IS 8.23,

11:19AM   6     "KNOWLEDGE AND ASSOCIATION WITH OTHER CONSPIRATORS."

11:19AM   7               MS. WALSH:  AND WE ARE NOT REQUESTING ANY FURTHER

11:19AM   8     ARGUMENT ON THAT INSTRUCTION.

11:19AM   9               MS. VOLKAR:  YOUR HONOR, THERE WAS SOME MINOR TWEAKS

11:19AM  10     MADE FOR THE INSTRUCTION GIVEN IN HOLMES.  THE GOVERNMENT HAS

11:19AM  11     IDENTIFIED THEM AND WILL INCORPORATE THEM AND ASSUMES THE COURT

11:19AM  12     INTENDS TO GIVE THE SAME INSTRUCTIONS AS IN HOLMES, AND WE HAVE

11:19AM  13     NO FURTHER OBJECTION BESIDES THAT DISCUSSION.

11:19AM  14               THE COURT:  THANK YOU.  IF YOU WOULD MAKE THOSE

11:19AM  15     CHANGES THEN.

11:19AM  16               MS. VOLKAR:  I WILL, YOUR HONOR.

11:19AM  17               THE COURT:  AND THEY DO INCLUDE THE CHANGING OF THE

11:20AM  18     NAMES, OF COURSE, AND OTHERS.

11:20AM  19          BUT THE COURT WILL GIVE THEN THE INSTRUCTION THAT IT GAVE

11:20AM  20     IN THE HOLMES CASE, 1206, IT'S INSTRUCTION NUMBER 18, WITH

11:20AM  21     THOSE MODIFICATIONS.

11:20AM  22          NEXT IS 19, 8.25, "CONSPIRACY/LIABILITY FOR SUBSTANTIVE

11:20AM  23     OFFENSE COMMITTED BY COCONSPIRATOR."

11:20AM  24               MS. WALSH:  YES, YOUR HONOR.

11:20AM  25          AND THE ONLY CHANGE PROPOSED FROM THE DEFENSE IS TO JUST
```

11:20AM 1    CHANGE THE NUMBER OF THE COUNTS, AND I SEE FROM MS. VOLKAR'S

11:20AM 2    LIST THAT SHE GAVE AT THE OUTSET, THIS IS ONE OF THE ONES THAT

11:20AM 3    SHE AGREES ON AS WELL.

11:20AM 4             THE COURT:  RIGHT.

11:20AM 5             MS. VOLKAR:  THAT'S CORRECT.  WE HAVE NOTHING

11:20AM 6    FURTHER BEYOND THE OBJECTIONS DISCUSSED IN THE HOLMES MATTER,

11:20AM 7    SO WE AGREE WITH THE CHANGE THAT MR. BALWANI RECOMMENDS.

11:20AM 8             THE COURT:  ALL RIGHT.  THANK YOU.

11:20AM 9        THIS IS IN ESSENCE THE PINKERTON, I BELIEVE; IS THAT

11:20AM 10   RIGHT?

11:20AM 11            MS. WALSH:  YES.

11:20AM 12            MS. VOLKAR:  YES.  PARDON ME.

11:20AM 13            THE COURT:  AND THEN YOU'LL MAKE THOSE CHANGES NEXT,

11:21AM 14   AND THE COURT WILL GIVE THE INSTRUCTION AS GIVEN IN THE HOLMES

11:21AM 15   CASE, WHICH WAS INSTRUCTION 19, I BELIEVE.

11:21AM 16            MS. WALSH:  YES.

11:21AM 17            THE COURT:  ALL RIGHT.  NEXT IS "WIRE FRAUD," NUMBER

11:21AM 18   2824.

11:21AM 19        MS. WALSH.

11:21AM 20            MS. WALSH:  YES, YOUR HONOR.

11:21AM 21        SO WE PROPOSED SOME ADDED LANGUAGE AT THE BOTTOM OF DOCKET

11:21AM 22   1476, DOCKET PAGE 17.  AND WE PROPOSED THIS LANGUAGE LARGELY

11:21AM 23   BECAUSE OF THE TESTIMONY OF MS. BENNETT AND THE CMS REPORT,

11:21AM 24   WHICH BOTH CONTAINED FINDINGS RELATED TO REGULATORY VIOLATIONS,

11:21AM 25   LAB PRACTICES THAT DON'T -- OR THAT ARE LARGELY BASED ON A

11:22AM  1    NEGLIGENCE STANDARD, AND WE THINK IT IS IMPORTANT TO CLARIFY

11:22AM  2    FOR THE JURY AS TO WHAT MR. BALWANI IS ACCUSED OF WITH REGARD

11:22AM  3    TO THE PATIENT FRAUD CASE.

11:22AM  4        AND SO WHAT THE ESSENCE OF IT IS, YOU KNOW, WHAT DOES

11:22AM  5    MR. BALWANI HAVE TO KNOW TO BE GUILTY OF A PATIENT FRAUD COUNT?

11:22AM  6            THE COURT:  IS THIS -- EXCUSE ME FOR INTERRUPTING

11:22AM  7    YOU.  IS THIS LINE 20?

11:22AM  8            MS. WALSH:  YES, 20 THROUGH 23.

11:22AM  9            THE COURT:  ALL RIGHT.  THANK YOU.

11:22AM 10            MS. WALSH:  YOU KNOW, IS IT ENOUGH THAT HE KNOWS

11:22AM 11    THAT THERE MAY HAVE BEEN ISSUES IN THE OPERATIONS OF THE LAB?

11:22AM 12        MS. BENNETT TESTIFIED ABOUT EXPIRED REAGENTS NOT BEING

11:22AM 13    NOTICED BY LAB STAFF, REFRIGERATION ISSUES, ALL -- YOU KNOW,

11:22AM 14    THE GAMUT OF LAB ISSUES, THAT THERE WERE TEST ERRORS THAT --

11:22AM 15    OTHER WITNESSES TESTIFIED LABS HAVE ERRORS.

11:23AM 16        OR DOES HE NEED TO KNOW SOMETHING MORE, AND SPECIFICALLY,

11:23AM 17    WHAT?

11:23AM 18        SO WHAT WE DID WAS WE TOOK THE LANGUAGE LARGELY FROM THE

11:23AM 19    INDICTMENT, WHICH WE THINK IS THE CRUX OF THE CHARGE, AND WHAT

11:23AM 20    WE PROPOSE IS, "THE GOVERNMENT HAS ALLEGED THAT MR. BALWANI

11:23AM 21    ENGAGED IN A SCHEME TO DEFRAUD PATIENTS OUT OF THEIR MONEY

11:23AM 22    THROUGH REPRESENTATIONS ABOUT THERANOS'S BLOOD TESTS AND THAT

11:23AM 23    THOSE REPRESENTATIONS WERE FALSE BECAUSE THERANOS WAS NOT

11:23AM 24    CAPABLE OF CONSISTENTLY PRODUCING ACCURATE AND RELIABLE BLOOD

11:23AM 25    TEST RESULTS."

11:23AM 1      SO I THINK IT'S CRITICAL TO INFORM THE JURY AS TO WHAT THE

11:23AM 2   ESSENCE OF THE CHARGE IS SO THAT THE JURORS DON'T REACH A

11:23AM 3   VERDICT OF CRIMINAL LIABILITY BASED ON A NEGLIGENCE STANDARD OR

11:23AM 4   BASED ON LAB PRACTICES THAT ARE NOT REALLY THE SUBJECT OF THIS

11:24AM 5   CASE, AND MANY OF THOSE WERE IN THE TESTIMONY OF MS. BENNETT.

11:24AM 6           THE COURT:  MS. VOLKAR.

11:24AM 7           MS. VOLKAR:  THANK YOU, YOUR HONOR.

11:24AM 8      I HAVE THREE MAIN RESPONSES TO THAT.  FIRST, I'LL START

11:24AM 9   WITH MS. WALSH'S -- OR WHERE MS. WALSH ENDED, WHICH WAS THE

11:24AM 10  CONCERN ABOUT MR. BALWANI BEING CONVICTED OF LAB PRACTICES.

11:24AM 11     YOU MAY RECALL, AND IT'S LATER IN THE PACKET, BUT

11:24AM 12  MS. HOLMES ARGUED FOR AND, OVER THE GOVERNMENT'S OBJECTION, THE

11:24AM 13  COURT GAVE A VIOLATION OF INDUSTRY STANDARDS AND REGULATIONS.

11:24AM 14     SO I WANT TO HIGHLIGHT, AND I KNOW WE'RE GOING TO GET TO

11:24AM 15  THAT INSTRUCTION, THAT THERE'S ALREADY AN INSTRUCTION MEANT TO

11:24AM 16  PUT UP GUARDRAILS ON THAT POINT.

11:24AM 17     THE SECOND THING I WANT TO MENTION IS THE FOUR LINE

11:25AM 18  ADDITION HERE MAKES THE PORTION ABOUT THE PATIENT FRAUD MUCH

11:25AM 19  LENGTHIER AND DIFFERENT THAN JUST THE TOP OF THE PAGE, THE TWO

11:25AM 20  TO THREE LINES, ABOUT THE INVESTOR FRAUD.

11:25AM 21     AND SOME JUROR MAY LOOK AT THAT AND SAY, HUH, WHY IS ONE

11:25AM 22  FRAUD DEFINED, AND THE OTHER FRAUD NOT?

11:25AM 23     SO I THINK IT CREATES AN INEQUITY IN THE VERY SAME

11:25AM 24  INSTRUCTION BETWEEN THE TWO FRAUDS.

11:25AM 25     AND BEFORE I LEAVE THAT POINT, OF COURSE YOUR HONOR WILL

11:25AM 1    REMEMBER MS. HOLMES SUBMITTED WHAT I RECALL TO BE A THREE OR

11:25AM 2    FOUR PAGE LENGTH VERSION OF THIS INSTRUCTION DETAILING AT GREAT

11:25AM 3    LENGTH THE FRAUDS.

11:25AM 4         AND ONE OF THE DISCUSSIONS THAT WE HAD AT THAT POINT IN

11:25AM 5    TIME IN THE LAST TRIAL WAS, DOES IT VARY FROM THE INDICTMENT?

11:25AM 6         AND THAT BRINGS ME TO MY THIRD POINT.  YOUR HONOR OFFERED

11:25AM 7    TO SEND THE INDICTMENT BACK WITH THE JURY IN THE LAST TRIAL,

11:26AM 8    AND THE DEFENSE CHOSE TO PARE DOWN TO THIS VERSION RATHER THAN

11:26AM 9    HAVE THE INDICTMENT GO BACK.

11:26AM 10        AND I WANT TO REITERATE WHY YOUR HONOR SUGGESTED THAT AND

11:26AM 11   WHY THERE'S A CONCERN.

11:26AM 12        WHAT MS. WALSH SAID IS THAT THEY PULLED THIS LANGUAGE

11:26AM 13   LARGELY FROM THE INDICTMENT.

11:26AM 14        BUT WHEN YOU LOOK AT THE INDICTMENT, ECF 469, THEY HAVE

11:26AM 15   ATTEMPTED -- THEY, THE DEFENSE, HAVE ATTEMPTED TO SUMMARIZE

11:26AM 16   FOUR PARAGRAPHS DESCRIBING THE SCHEME TO DEFRAUD PATIENTS,

11:26AM 17   PARAGRAPHS 15, 16, AND 17, SORRY, AND 18, AND THEY'VE TRIED TO

11:26AM 18   SUMMARIZE THAT INTO FOUR OR FIVE LINES.

11:26AM 19        I HAVE NO DOUBT THAT THESE LAWYERS ARE EXCELLENT AT

11:26AM 20   SUMMARIZING.  BUT ANY TIME WE ARE SUMMARIZING, PARAPHRASING,

11:26AM 21   USING THE WORDS THAT THE LAWYERS THINK BEST, WE ARE AT RISK OF

11:27AM 22   MOVING AWAY FROM WHAT THE GRAND JURY FOUND IN THE SUPERSEDING

11:27AM 23   INDICTMENT.

11:27AM 24        AND I JUST WANT TO FLAG THAT I THINK THERE'S A RISK THERE.

11:27AM 25        NOW, I ALSO WANT TO GO BACK TO WHAT THE ACTUAL TEXT SAYS.

11:27AM 1    EVERYTHING THAT MS. WALSH JUST ARGUED I BELIEVE THE DEFENSE CAN

11:27AM 2    ALSO ARGUE IN THEIR CLOSING ARGUMENT.

11:27AM 3        THE STANDARD OF WIRE FRAUD, THE ELEMENTS OF WIRE FRAUD,

11:27AM 4    WHICH ARE DEFINED ON THE VERY NEXT PAGE, I THINK COULD NOT

11:27AM 5    POSSIBLY LEAVE THE JURY WITH THE IMPRESSION THAT NEGLIGENT

11:27AM 6    CONDUCT WOULD BE SUFFICIENT.  THAT'S NOT WHAT THE ELEMENTS OF

11:27AM 7    WIRE FRAUD ARE, AND THAT'S NOT WHAT THE ELEMENTS OF WIRE FRAUD

11:27AM 8    REQUIRE.

11:27AM 9        SO I JUST WANT TO GO BACK TO I THINK THERE ARE GUARDRAILS

11:27AM 10   THROUGHOUT THE INSTRUCTION.  I THINK IT CREATES AN INEQUITY

11:27AM 11   WITH THE INVESTOR FRAUD COUNTS.

11:27AM 12       I DON'T THINK THE SOLUTION IS ADDING MORE TEXT FOR THE

11:27AM 13   SAME REASONS THAT WE ARGUED LAST GO-ROUND.

11:27AM 14       IF MORE EXPLANATION NEED BE GIVEN TO THE JURY, WE CAN

11:28AM 15   CONSIDER PROVIDING THEM WITH THE INDICTMENT.  THOSE ARE THE

11:28AM 16   WORDS THAT THE GRAND JURY FOUND.

11:28AM 17           MS. WALSH:  SO I THINK THERE'S A SERIOUS RISK OF

11:28AM 18   JURORS REACHING A CONCLUSION OF CRIMINAL GUILT BASED ON A

11:28AM 19   NEGLIGENCE STANDARD RELATING TO THE LAB.

11:28AM 20       THEY COULD RECALL TESTIMONY ABOUT PAPERWORK BEING SIGNED

11:28AM 21   RIGHT BEFORE THE CMS INSPECTION AND THAT BEING IMPROPER, AND

11:28AM 22   TESTIMONY ABOUT DR. DHAWAN SIGNING HUNDREDS OF SOP'S IN ADVANCE

11:28AM 23   OF THE CMS INSPECTION, TESTIMONY ABOUT A PINK LABEL NOT BEING

11:28AM 24   NOTICED BY LAB STAFF THAT WOULD PUT THEM ON NOTICE THAT REAGENT

11:28AM 25   WOULD BE EXPIRED.

11:28AM  1        THERE WERE A LOT OF -- I DON'T WANT TO MINIMIZE THE

11:28AM  2   VIOLATIONS -- BUT RELATIVELY SMALL COMPARED TO FRAUD VIOLATIONS

11:28AM  3   THAT A JUROR COULD CONCLUDE THAT MR. BALWANI IS GUILTY BECAUSE

11:28AM  4   IT WAS A SHODDY LAB.

11:29AM  5        THAT'S NOT WHAT THE INDICTMENT CHARGES.  THE INDICTMENT

11:29AM  6   CHARGES FRAUD BASED ON MR. BALWANI'S UNDERSTANDING OF THE

11:29AM  7   CAPABILITY OF THERANOS'S TECHNOLOGY.  THAT'S THE ESSENCE OF THE

11:29AM  8   CASE, AND I THINK THE JURY SHOULD KNOW THAT.

11:29AM  9            THE COURT:  DOESN'T JURY INSTRUCTION NUMBER 28 IN

11:29AM 10   DOCUMENT 1206 INFORM THE JURY OF THIS?  AND THIS WAS THE REASON

11:29AM 11   THAT THE COURT GAVE THIS AS PROPHYLACTIC SUCH THAT THE JURY

11:29AM 12   WOULD NOT VENTURE INTO A PINK LABEL, SIGNING LAB PROTOCOLS.

11:29AM 13   THAT'S WHY THE COURT GAVE THAT.

11:29AM 14        I'M AHEAD OF MYSELF NOW, BUT THE COURT INTENDS TO GIVE

11:29AM 15   THIS AS WELL, "THIS" MEANING INSTRUCTION 28 IN DOCKET 1206 FOR

11:29AM 16   THE VERY REASONS THAT YOU POINT OUT, MS. WALSH.

11:29AM 17        I -- DURING THE HOLMES TRIAL, I HAD EXPRESSED CONCERN

11:29AM 18   OUTSIDE OF THE PRESENCE OF THE JURY TO COUNSEL THAT THE

11:30AM 19   EVIDENCE REGARDING THE LAB AND ANY PROBLEMS WITH THE LAB WOULD

11:30AM 20   NOT BE PERMITTED BY THE GOVERNMENT TO -- AS A BASIS FOR A

11:30AM 21   CRIMINAL CONVICTION.  ANY CIVIL PROBLEMS WITH THE LAB WOULD NOT

11:30AM 22   FORM THE BASIS FOR A CRIMINAL CONVICTION.

11:30AM 23        AND I'VE TOLD THE GOVERNMENT THAT THEY COULDN'T ARGUE

11:30AM 24   THAT, THEY TOLD ME -- AND THEY DIDN'T ARGUE THAT.  THEY TOLD ME

11:30AM 25   THEY WOULDN'T, AND THEY DIDN'T ARGUE THAT.

6625

11:30AM  1      THAT WAS THE CONCERN THAT I HAD, AND THAT'S WHY THE COURT

11:30AM  2  GAVE THAT PARTICULAR INSTRUCTION.

11:30AM  3      I INTEND TO GIVE IT AGAIN IN THIS CASE FOR THE VERY

11:30AM  4  REASONS THAT YOU MENTION.  IT'S PROPHYLACTIC AS TO GIVING THE

11:30AM  5  JURY GUIDANCE THAT THEY MAY NOT, THEY MAY NOT CONSIDER THAT.

11:30AM  6      IN LIGHT OF THAT, I DON'T BELIEVE IT IS NECESSARY TO GIVE

11:30AM  7  THE ADDITIONAL INFORMATION IN THE WIRE FRAUD AS YOU SUGGEST.

11:31AM  8      AND I'M HAPPY TO MOVE THAT AROUND.  IF YOU THINK YOU WOULD

11:31AM  9  LIKE TO MOVE WHAT WAS INSTRUCTION 28 TO A DIFFERENT LOCATION

11:31AM  10  FOLLOWING THESE, I'LL -- I'M HAPPY TO HEAR FROM YOU ABOUT THAT,

11:31AM  11  AS WE'RE GOING TO DO WITH ANOTHER INSTRUCTION PERHAPS.  THE

11:31AM  12  ORDER MIGHT BE MORE TEMPORAL IF IT'S CLOSELY RELATED TO THE

11:31AM  13  ACTUAL SUBSTANTIVE INSTRUCTIONS.

11:31AM  14      BUT I'M GOING TO RESPECTFULLY DECLINE YOUR INVITATION TO

11:31AM  15  ADD THE ADDITIONAL LANGUAGE IN THE WIRE FRAUD, UNDERSTANDING

11:31AM  16  THAT THE COURT WILL GIVE, AS I SAID, THE ALLEGED VIOLATIONS OF

11:31AM  17  REGULATIONS AND INDUSTRY STANDARDS.

11:31AM  18      AND THE COURT FINDS THAT THAT -- THAT THAT GIVES THE JURY

11:31AM  19  GUIDANCE, AND ALSO TELLS THEM WHAT THEY MAY NOT DO, THEY MAY

11:31AM  20  NOT DO TO AVOID THE DANGER OF MIXING THE CIVIL VIOLATIONS IN

11:31AM  21  ANY WAY, IN ANY WAY WITH A CRIMINAL -- OR ALLEGED CIVIL

11:32AM  22  VIOLATIONS IN ANY WAY WITH ANY ALLEGED CRIMINAL CONDUCT.

11:32AM  23      MS. WALSH:  YES, YOUR HONOR.

11:32AM  24  MAY I BE HEARD JUST ONE MORE TIME ON THIS?

11:32AM  25      THE COURT:  SURE, OF COURSE.

11:32AM 1      MS. WALSH:  I THINK THAT WOULD HELP TO MOVE THAT

11:32AM 2  INSTRUCTION SO THAT IT IS BEFORE A DESCRIPTION OF THE WIRE

11:32AM 3  FRAUD, SO I DO THINK THAT WOULD HELP.

11:32AM 4      I GUESS I -- THE INSTRUCTION ITSELF, I'M CONCERNED THAT

11:32AM 5  THE JURORS WILL STILL EITHER NOT BE CLEAR, OR REACH A VERDICT

11:32AM 6  BASED ON IMPROPER GROUNDS, AND THAT'S BECAUSE THE

11:32AM 7  INSTRUCTION -- AND I'M LOOKING AT INSTRUCTION NUMBER 28 IN

11:32AM 8  1206 -- IT SAYS, "MS. HOLMES IS NOT LIABLE FOR ANY OF THE

11:32AM 9  OFFENSES ALLEGED IN THE INDICTMENT MERELY BECAUSE SHE OR

11:32AM 10  THERANOS MAY HAVE VIOLATED FEDERAL OR STATE REGULATIONS" OR

11:32AM 11  ENGAGED IN NEGLIGENCE ESSENTIALLY.

11:32AM 12      FINE.  THAT'S GREAT.

11:32AM 13      BUT THEN THE SECOND SENTENCE SAYS, "HOWEVER, YOU MAY

11:33AM 14  CONSIDER SUCH EVIDENCE, ALONG WITH OTHER EVIDENCE, LIMITED TO

11:33AM 15  ANY PURPOSE," AND "ANY PURPOSES FOR WHICH THE EVIDENCE WAS

11:33AM 16  ADMITTED IN ASSESSING WHETHER THE GOVERNMENT HAS PROVED EACH OF

11:33AM 17  THE COUNTS CHARGED IN THE INDICTMENT."

11:33AM 18      AND IT JUST SEEMS LIKE THAT LAST SENTENCE KIND OF UNDOES

11:33AM 19  THE FIRST, AND I AM CONCERNED THAT IN ASSESSING WHETHER

11:33AM 20  MR. BALWANI COMMITTED WIRE FRAUD, A JUROR MIGHT LOOK AT THIS

11:33AM 21  LAST SENTENCE AND SAY, WELL, I CAN CONSIDER THE LAB'S

11:33AM 22  NEGLIGENCE IN ASSESSING WHETHER THE GOVERNMENT PROVED THE

11:33AM 23  COUNTS CHARGED IN THE INDICTMENT.

11:33AM 24      THE COURT:  MS. VOLKAR.

11:33AM 25      MS. VOLKAR:  YOUR HONOR, I'M NOT SURPRISED TO HEAR

11:33AM 1     MS. WALSH MAKE THAT ARGUMENT.  IT'S THE EXACT SAME ARGUMENT

11:33AM 2     THAT WE HAD WITH -- THAT THE GOVERNMENT HAD WITH THE HOLMES

11:33AM 3     COUNSEL.

11:33AM 4         AND TO ADD A LITTLE BIT MORE COLOR TO THE HISTORY THAT THE

11:33AM 5     COURT ACCURATELY GAVE, THE GOVERNMENT DID NOT INITIALLY SUGGEST

11:33AM 6     THIS INSTRUCTION IN THE HOLMES CASE.  THE HOLMES TEAM DID.

11:34AM 7         DURING THE COURSE OF THE TRIAL YOUR HONOR INDICATED, AS

11:34AM 8     YOUR HONOR RECOUNTED, THAT SUCH AN INSTRUCTION WOULD LIKELY BE

11:34AM 9     NECESSARY.

11:34AM 10        SO DURING THE MEET AND CONFER PROCESS, WHAT THE NEW SORT

11:34AM 11    OF LAY OF THE LAND BECAME WAS THAT THE GOVERNMENT AND

11:34AM 12    MS. HOLMES'S COUNSEL ARGUING ABOUT WHAT LANGUAGE SHOULD GO INTO

11:34AM 13    THAT INSTRUCTION.  THAT'S WHAT RESULTED HERE.

11:34AM 14        MS. HOLMES'S TEAM ALSO OBJECTED TO THAT SENTENCE THAT

11:34AM 15    MS. WALSH JUST READ.  I BELIEVE THEY HAD A MUCH LENGTHIER

11:34AM 16    INSTRUCTION THAT THEY WANTED TO GIVE THAT WENT INTO MORE

11:34AM 17    DETAIL.

11:34AM 18        THIS IS WHERE THE COURT LANDED.

11:34AM 19        AND I WANT TO SAY, WHY IS THAT LANGUAGE THERE?

11:34AM 20        MY RECOLLECTION IS BECAUSE, AS THE GOVERNMENT WAS ARGUING

11:34AM 21    AT THE TIME, THE EVIDENCE CAN GO TO FALSITY.

11:34AM 22        SO ONE OF THE KEY REASONS THAT WE HAVE ALWAYS ARGUED THE

11:34AM 23    CMS REPORT SHOULD COME IN IS THAT IT HELPS TO DEMONSTRATE THE

11:34AM 24    FALSITY OF THE STATEMENTS REGARDING THE ACCURACY AND

11:34AM 25    RELIABILITY OF THERANOS TESTS.  AND THAT'S ONE -- I MAY BE

11:35AM 1    FORGETTING OTHERS -- AND THERE MAY HAVE BEEN OTHER ARGUMENTS

11:35AM 2    THAT WE MADE LAST TIME THAT I WANT TO INCORPORATE, BUT THERE'S

11:35AM 3    VERY SPECIFICALLY A REASON FOR THAT SENTENCE.

11:35AM 4        AND MY UNDERSTANDING FROM THE DEFENDANT'S FILING LAST

11:35AM 5    NIGHT WAS THAT I THOUGHT THAT THEY WERE NOT GOING TO CHALLENGE

11:35AM 6    ANY OF THAT LANGUAGE.

11:35AM 7        IF WE ARE REOPENING THAT, I'M HAPPY TO REFRESH MYSELF ON

11:35AM 8    OTHER ARGUMENTS.

11:35AM 9            MS. WALSH:  YOUR HONOR, MAY I BE HEARD IN RESPONSE?

11:35AM 10            THE COURT:  YES.

11:35AM 11            MS. WALSH:  SO, FIRST OF ALL, THIS WAS THE

11:35AM 12   INSTRUCTION IN THE HOLMES CASE WHERE MS. BENNETT DID NOT

11:35AM 13   TESTIFY AND DID NOT GIVE ALL OF THE DETAILS SHE DID IN THIS

11:35AM 14   CASE, SO I DO THINK IT'S A DIFFERENT SET OF CIRCUMSTANCES.

11:35AM 15       AND I UNDERSTAND WHAT MS. VOLKAR IS SAYING, THAT THE LAST

11:35AM 16   SENTENCE CAN GO TO FALSITY, OR EVIDENCE OF NEGLIGENCE CAN GO TO

11:35AM 17   FALSITY.

11:35AM 18       BUT I GUESS THAT'S THE WHOLE POINT.  FALSITY OF WHAT?

11:35AM 19       AND MS. VOLKAR JUST SAID FALSITY RELATING TO THE ACCURACY

11:35AM 20   AND RELIABILITY OF THE THERANOS TESTS.

11:35AM 21       THAT'S EXACTLY WHAT I WANT TO PUT IN THE WIRE FRAUD

11:36AM 22   INSTRUCTION.  WHAT FALSITY ARE WE TALKING ABOUT?

11:36AM 23            THE COURT:  SO LET ME GIVE YOU THIS OPPORTUNITY, IF

11:36AM 24   YOU WISH TO AUGMENT LANGUAGE, PERHAPS THIS INSTRUCTION IS THE

11:36AM 25   PLACE TO ADD A SENTENCE OR TWO AND NOT, AND NOT THE ACTUAL

11:36AM 1    SUBSTANTIVE INSTRUCTION.

11:36AM 2        AND I'LL -- WHY DON'T I -- I'M AHEAD OF OURSELVES HERE,

11:36AM 3    BUT WE'LL PASS ON THE ALLEGED VIOLATIONS REGULATIONS, WHICH IS

11:36AM 4    YOUR NUMBER 28, WHICH WAS HOLMES 28, AND I'LL LET YOU WORDSMITH

11:36AM 5    A SENTENCE OR TWO AND MEET AND CONFER WITH MS. VOLKAR IF YOU

11:36AM 6    WOULD LIKE TO SEE IF YOUR ADDITIONS WOULD BE ACCEPTABLE IN THAT

11:36AM 7    INSTRUCTION.

11:36AM 8        BUT I DON'T THINK IT'S APPROPRIATE TO GIVE THEM IN THE

11:36AM 9    ACTUAL INSTRUCTION, SO -- FOR THE REASONS I'VE SAID.

11:36AM 10        MS. WALSH:  THANK YOU, YOUR HONOR.

11:36AM 11        MS. VOLKAR:  YOUR HONOR, BEFORE WE MOVE OFF OF THE

11:36AM 12   FIRST PAGE OF THE WIRE FRAUD, THE GOVERNMENT HAS A REQUEST.

11:37AM 13        THE COURT:  YES.

11:37AM 14        MS. VOLKAR:  FIRST, JUST TO CLARIFY FOR THE RECORD,

11:37AM 15   I'M LOOKING AT DOCUMENT 4 -- ECF 1476 AT 17, AND MR. BALWANI

11:37AM 16   ALSO PROPOSED IN THE FIRST LINE THE CHANGES TO THE COUNTS THREE

11:37AM 17   THROUGH TWELVE.

11:37AM 18        THE GOVERNMENT DOES NOT OBJECT AND AGREES WITH THAT.  THAT

11:37AM 19   WAS PROBABLY CLEAR, BUT I WANTED TO BE EXTRA CLEAR.

11:37AM 20        SIMILARLY ON LINE 19, THE SAME CHANGE IS MADE.

11:37AM 21        WHAT THE GOVERNMENT -- I HAVE NOT HEARD FROM THE DEFENSE,

11:37AM 22   FROM MR. BALWANI HIS POSITION ON THE GOVERNMENT REQUEST FOR THE

11:37AM 23   INVESTOR COUNTS TO ADD THE NAME OF THE INVESTOR IN A

11:37AM 24   PARENTHETICAL FOLLOWING IT.

11:37AM 25        AND I DO APOLOGIZE TO MOVE US OFF OUR CORE DOCUMENT, BUT

11:37AM 1    IN ECF 1211 AT PAGE 38, WHICH WE SUBMITTED BACK IN DECEMBER, WE

11:37AM 2    MADE THAT OFFER.  THE HOLMES DEFENSE TEAM OBJECTED.

11:38AM 3        I WOULD JUST LIKE TO KNOW THIS DEFENDANT'S POSITION.  I

11:38AM 4    THINK IT HELPS THE JURY.

11:38AM 5            THE COURT:  WE DID HAVE THAT DISCUSSION, AND I -- MY

11:38AM 6    RECOLLECTION IS THAT I THOUGHT IT WOULD BE HELPFUL ALSO.

11:38AM 7        WHAT ARE YOUR THOUGHTS, MS. WALSH?

11:38AM 8            MS. WALSH:  SO MY THOUGHTS ARE IN LINE WITH

11:38AM 9    MS. SAHARIA'S ARGUMENTS THAT SHE MADE TO THE COURT AND

11:38AM 10   ULTIMATELY THE COURT ACCEPTED, WHICH IS THAT THE INVESTOR'S

11:38AM 11   NAMES ARE NOT IN THE INDICTMENT.

11:38AM 12       AND FOR THE COURT TO THEN INCORPORATE THOSE NAMES, WHICH

11:38AM 13   CAME INTO EVIDENCE THROUGH THE TRIAL, INTO THE JURY

11:38AM 14   INSTRUCTIONS HELPS THE GOVERNMENT TO SOME EXTENT CONNECT THE

11:38AM 15   DOTS FOR THE JURY THROUGH THE INSTRUCTIONS.

11:38AM 16       AND IT SEEMED TO WORK FINE IN THE HOLMES TRIAL.  I THINK

11:38AM 17   THAT --

11:38AM 18           THE COURT:  FINE FOR THE GOVERNMENT.

11:38AM 19           MS. WALSH:  WELL, THEY USED A CHART AND IT DID NOT

11:38AM 20   SEEM UNCLEAR TO THE JURY, SO THAT'S OUR POSITION.

11:38AM 21           THE COURT:  OKAY.  WELL, UNDERSTOOD.

11:39AM 22       AND WE HAD THIS ARGUMENT, THIS DISCUSSION WITH THE HOLMES

11:39AM 23   TEAM, AND I FELT IT WOULD GIVE SOME CLARITY, BUT THE

11:39AM 24   GOVERNMENT -- AND I ULTIMATELY RULED AS I DID.

11:39AM 25       THE GOVERNMENT, AS YOU POINT OUT, WAS ABLE IN CLOSING

11:39AM 1    ARGUMENT TO MAKE THEIR CHART AND CONNECT THE DOTS, IF YOU WILL.

11:39AM 2        ALL RIGHT.  SO I'LL GIVE THAT SAME INSTRUCTION IN THAT

11:39AM 3    REGARD WITHOUT LISTING THE SPECIFIC VICTIMS, MS. VOLKAR.

11:39AM 4        MS. VOLKAR:  UNDERSTOOD.  THANK YOU, YOUR HONOR.

11:39AM 5        NOW I BELIEVE WE'RE ON THE SECOND PAGE OF THE WIRE FRAUD

11:39AM 6    INSTRUCTION.

11:39AM 7        THE COURT:  YES.

11:39AM 8        MS. VOLKAR:  AND THE GOVERNMENT'S NEXT, I GUESS,

11:39AM 9    LEAST REQUEST FOR DISCUSSION IS 1476, PAGE 18, BOTTOM OF THE

11:39AM 10   PAGE OF 17, THE FIRST TWO LINES ADD COUNT NINE, WHICH IN

11:39AM 11   ESSENCE WE AGREE WITH, BUT IT COPIES THE WORDING OF COUNT TEN

11:39AM 12   AND ELEVEN, AND THE ONLY THING WE WANT TO POINT OUT IS THAT THE

11:40AM 13   INDICTMENT REFERENCES SPECIFICALLY A PHONE CALL, A TELEPHONE

11:40AM 14   CALL FROM PATIENT B.B. TO THERANOS REGARDING LABORATORY BLOOD

11:40AM 15   TEST RESULTS, AND WE WOULD JUST REQUEST THAT THAT LANGUAGE BE

11:40AM 16   ADDED IN.

11:40AM 17       THE COURT:  ANY OBJECTION TO THAT?

11:40AM 18       MS. WALSH:  NO, YOUR HONOR.  AND I MEANT TO CATCH

11:40AM 19   THAT AND I DID NOT, BUT NO OBJECTION.

11:40AM 20       THE COURT:  OKAY.  THANK YOU.  THANK YOU,

11:40AM 21   MS. VOLKAR.

11:40AM 22       MS. VOLKAR:  THANK YOU.

11:40AM 23       THE COURT:  ANYTHING FURTHER ON THIS PAGE?

11:40AM 24       MS. VOLKAR:  YES.  THE NEXT -- AND I DO THINK IT'S

11:40AM 25   THE LAST ADDITION MR. BALWANI SUGGESTS IS TO THE "KNOWINGLY,"

11:40AM 1    THE FIRST ELEMENT.

11:40AM 2         AND THE -- I'M SORRY, LINES 14 TO 16 IF THAT'S BENEFICIAL.

11:40AM 3              THE COURT:  I SEE "KNOWINGLY" APPEARING ON LINE 12.

11:40AM 4              MS. VOLKAR:  CORRECT, YOUR HONOR.  THAT'S THE

11:40AM 5    ELEMENT.

11:40AM 6         AND THERE'S BLUE TEXT, A SENTENCE THAT STARTS, "TO FIND"

11:41AM 7    BETWEEN LINE 14 AND LINE 16 --

11:41AM 8              THE COURT:  OKAY.

11:41AM 9              MS. VOLKAR:  -- THAT I UNDERSTAND THAT MR. BALWANI

11:41AM 10   IS ASKING TO BE ADDED TO WHAT WAS AN ALREADY AUGMENTED

11:41AM 11   INSTRUCTION FROM THE MODEL GIVEN IN THE HOLMES CASE.

11:41AM 12        AND AS I'M SPEAKING, I'LL JUST ROLL INTO THE GOVERNMENT'S

11:41AM 13   OBJECTION MAY NOT SURPRISE THE COURT.  I BELIEVE THIS IS

11:41AM 14   BASED -- PERHAPS I'M SPECULATING HERE.  I BELIEVE THIS IS BASED

11:41AM 15   ON THE PHILLIPS CASE.  I THINK WE'LL GET TO DISCUSSING THAT

11:41AM 16   FURTHER IN JUST A MOMENT.

11:41AM 17        ADDING THIS LANGUAGE HERE, I THINK IT WAS ALSO ASKED FOR

11:41AM 18   BY THE HOLMES TEAM.

11:41AM 19        IT'S UNNECESSARY.  IT'S A FURTHER DESCRIPTION.

11:41AM 20        AND, I'M SORRY, I'M GETTING AHEAD OF MYSELF, WE'RE GOING

11:41AM 21   TO HAVE THE SAME ARGUMENT IN THE "KNOWINGLY DEFINED"

11:41AM 22   INSTRUCTION, AND THERE'S ALREADY A SENTENCE THAT COVERS THIS

11:41AM 23   CONCEPT.

11:41AM 24        I THINK IT'S UNNECESSARY VERBIAGE.  IT'S A FURTHER

11:42AM 25   ADDITION FROM THE MODEL INSTRUCTION AND WHAT WAS GIVEN IN

11:42AM 1    HOLMES, AND THE GOVERNMENT WOULD OBJECT TO IT.

11:42AM 2              THE COURT:  OKAY.

11:42AM 3              MS. WALSH:  YES, YOUR HONOR.

11:42AM 4         I THINK THERE ARE TWO ISSUES.  ONE MS. VOLKAR HAS

11:42AM 5    IDENTIFIED, WHICH IS THE SUBSTANTIVE ONE, AND IT'S TRUE THAT

11:42AM 6    THIS LANGUAGE IS BASED ON PHILLIPS.

11:42AM 7         AND WHEN WE GET TO THE "KNOWINGLY" INSTRUCTION, I'M GOING

11:42AM 8    TO ASK MY COLLEAGUE, MS. SCHURICHT, TO COME UP AND ADDRESS

11:42AM 9    THAT.

11:42AM 10        BUT THERE'S ALSO A FORM ISSUE THAT RELATES DIRECTLY TO

11:42AM 11   THIS INSTRUCTION, AND WHAT I'M REFERRING TO IS THE OTHER TERMS

11:42AM 12   IN THIS INSTRUCTION, NAMELY, SCHEME TO DEFRAUD ON PAGE 16,

11:42AM 13   MATERIAL ON PAGE 18, INTENT TO DEFRAUD ON LINE 21, AND INTENT

11:42AM 14   TO DECEIVE AND CHEAT ON LINE 22 ARE ALL DEFINED IN THIS

11:42AM 15   INSTRUCTION AND EXPLAINED.

11:42AM 16        THE ONE ELEMENT OR TERM THAT IS NOT EXPLAINED IS

11:43AM 17   KNOWINGLY.

11:43AM 18        AND SO I DO THINK IT'S APPROPRIATE TO EXPLAIN THAT TERM AS

11:43AM 19   THE OTHERS ARE EXPLAINED WITH A SHORT SENTENCE CONTAINING THE

11:43AM 20   ESSENCE OF WHAT KNOWINGLY MEANS.

11:43AM 21              MS. VOLKAR:  YOUR HONOR, THE REASON THE OTHER THREE

11:43AM 22   ELEMENTS ARE EXPLAINED -- I'D HAVE TO GLANCE BACK, BUT IT WAS

11:43AM 23   NOT IN THE MODEL.  THOSE WERE, AS FAR AS I CAN RECALL, ALL

11:43AM 24   ADDITIONS THAT CAME ABOUT THROUGH DISCUSSIONS IN THE HOLMES

11:43AM 25   CASE.

11:43AM 1       I WOULD SAY THAT PART OF THE REASON WHY THERE WAS NOT

11:43AM 2    FURTHER EXPLANATION OF KNOWINGLY IS BECAUSE THERE IS AN

11:43AM 3    ENTIRELY SEPARATE INSTRUCTION WHICH, IF I'M NOT MIXING MYSELF

11:43AM 4    UP, IS EITHER NEXT OR SHORTLY AFTER THIS INSTRUCTION THAT GIVES

11:43AM 5    SEVERAL MORE SENTENCES DESCRIBING WHAT KNOWINGLY REQUIRES.

11:43AM 6       AND ALTHOUGH I THINK THERE IS ONE ON INTENT TO DEFRAUD AS

11:43AM 7    WELL, MY RECOLLECTION IS THAT THAT JUST REPEATS WHAT IS HERE.

11:43AM 8       AND WHERE I'M GOING WITH ALL OF THIS IS THAT WE'RE ALREADY

11:44AM 9    IN A WORLD WHERE WE'VE FURTHER AUGMENTED WHAT THE MODEL

11:44AM 10   INSTRUCTION SUGGESTS, AND I DON'T THINK THAT WE NEED TO AUGMENT

11:44AM 11   IT FURTHER FOR THIS ELEMENT WHEN THERE'S ANOTHER INSTRUCTION

11:44AM 12   THAT COVERS THIS TOPIC.

11:44AM 13       THE COURT:  THAT'S -- THANK YOU.

11:44AM 14     THAT'S INSTRUCTION NUMBER 23 AT DOCUMENT 1206, "KNOWINGLY

11:44AM 15   DEFINED."

11:44AM 16     THE COURT -- AGAIN, GETTING AHEAD OF OURSELVES -- I'M

11:44AM 17   INCLINED TO GIVE THAT "KNOWINGLY" INSTRUCTION, OF COURSE,

11:44AM 18   SUBSTITUTING MR. BALWANI FOR MS. HOLMES.

11:44AM 19     AND IT WOULD SEEM THAT THAT PROVIDES THE PROTECTION AND

11:44AM 20   GUIDANCE THAT YOU'RE SEEKING, MS. WALSH.

11:44AM 21     AGAIN, I'M HAPPY TO MOVE THAT, IF YOU WANT TO SUGGEST TO

11:44AM 22   MOVE THAT KNOWINGLY DEFINITION, TO A PLACE CLOSER TO THE

11:44AM 23   INSTRUCTION.  YOU KNOW, I'LL HEAR FROM YOU ON THAT.

11:44AM 24     BUT I DO THINK THAT THE "KNOWINGLY" INSTRUCTION, AS I'VE

11:45AM 25   SAID, I WILL GIVE IT.

11:45AM 1          AND I WON'T GIVE -- I'LL DECLINE YOUR INVITATION TO GIVE

11:45AM 2     THE KNOWINGLY IN THE INSTRUCTION AS YOU'VE PRESENTED IT, BUT I

11:45AM 3     WILL -- I THINK IT'S APPROPRIATE TO INSTRUCT THE JURY AS TO

11:45AM 4     WHAT KNOWINGLY IS.  GIVING IT A SEPARATE INSTRUCTION ACTUALLY,

11:45AM 5     I THINK, HIGHLIGHTS THAT ELEMENT FOR THE JURY, AS OPPOSED TO

11:45AM 6     PUTTING IT IN THE MIDDLE OF THE ELEMENTS, AND IT SEEMS TO ME

11:45AM 7     THAT GIVES IT SOME -- KNOWINGLY -- AN ELEVATED STATUS SUCH THAT

11:45AM 8     THE JURY IS BETTER INFORMED ABOUT IT, AND IT APPLIES TO THE

11:45AM 9     ACTS.

11:45AM 10         SO I'M NOT GOING TO GIVE IT, THE KNOWINGLY, AS YOU

11:45AM 11    SUGGEST.

11:45AM 12         BUT I WILL GIVE THE "KNOWINGLY" INSTRUCTION SEPARATELY.

11:45AM 13    IF YOU WANT TO SUGGEST A LOCATION FOR THAT THAT YOU THINK IS

11:45AM 14    BETTER, I'LL CERTAINLY CONSIDER THAT WHEN WE PREPARE THE FINAL

11:46AM 15    INSTRUCTIONS.

11:46AM 16              MS. WALSH:  THANK YOU, YOUR HONOR.

11:46AM 17              THE COURT:  YOU'RE WELCOME.

11:46AM 18              MS. VOLKAR:  AND, YOUR HONOR, BEFORE WE MOVE ON FROM

11:46AM 19    WIRE FRAUD, FOR THE SAME REASONS I ANTICIPATE I KNOW WHERE THE

11:46AM 20    COURT WILL LAND, BUT LAST GO-ROUND, THE GOVERNMENT REQUESTED A

11:46AM 21    LINE THAT IS -- AN ADDITION FROM THE MODEL THAT THE GOVERNMENT

11:46AM 22    WAS UNSUCCESSFUL IN MOVING FOR LAST TIME AND PROBABLY WILL BE

11:46AM 23    HERE, BUT FROM THE COMMENTARY THAT SAYS THAT THE JURORS DO NOT

11:46AM 24    HAVE TO AGREE ON THE SPECIFIC MISREPRESENTATION, AND I'M GOING

11:46AM 25    TO -- I HOPE I'M CLOSE ENOUGH TO IT, BUT SO LONG AS THEY FIND

11:46AM 1    THE DECEPTIVE SCHEME, AND WE DID SUGGEST THAT IN OUR FILING ECF

11:46AM 2    1211 AT 39.

11:46AM 3        WE WILL JUST STAND ON OUR REQUEST THERE, AND WE UNDERSTAND

11:46AM 4    THE COURT WILL DO AS IT DID IN THE HOLMES TRIAL AND NOT ADD

11:46AM 5    THAT.

11:46AM 6            THE COURT:  SHOULD I ADD THAT, MS. WALSH?

11:46AM 7            MS. WALSH:  NO, YOUR HONOR.  THANK YOU.

11:46AM 8            THE COURT:  ALL RIGHT.  THANK YOU.

11:46AM 9        I WILL GIVE THE INSTRUCTION AS GIVEN IN THE HOLMES CASE,

11:47AM 10   BUT YOUR OBJECTION IS NOTED.

11:47AM 11           MS. VOLKAR:  THANK YOU, YOUR HONOR.

11:47AM 12           THE COURT:  ALL RIGHT.  LET'S MOVE THEN, I THINK

11:47AM 13   NEXT IS NUMBER 21 ON YOUR CHART, WHICH IS "INTENT TO DEFRAUD."

11:47AM 14       AND I SEE NO FURTHER DISCUSSION NEEDED ON THAT.

11:47AM 15           MS. WALSH:  CORRECT, YOUR HONOR.

11:47AM 16           MS. VOLKAR:  THAT'S CORRECT, YOUR HONOR.

11:47AM 17           THE COURT:  ALL RIGHT.  THEN I'LL GIVE THE "INTENT

11:47AM 18   TO DEFRAUD" AS GIVEN IN HOLMES, INSTRUCTION NUMBER 21 IN

11:47AM 19   DOCUMENT 1206.

11:47AM 20       GOOD FAITH IS WHAT YOU HAVE NEXT, MS. WALSH, AND THIS IS

11:47AM 21   THE HOLMES 22, INSTRUCTION NUMBER 22 IN DOCUMENT 1206.

11:48AM 22       LET ME JUST SAY I HAVE A QUESTION ABOUT THIS.  AND LET ME

11:48AM 23   SAY, IN THE HOLMES MATTER, MS. HOLMES TESTIFIED, AND THERE MAY

11:48AM 24   HAVE BEEN TESTIMONY FROM HER THAT REFERENCED HER BELIEFS FROM

11:48AM 25   WHICH A GOOD FAITH INSTRUCTION WOULD ARISE, AND I BELIEVE WE

11:48AM 1    HAD CONVERSATION ABOUT THAT.

11:48AM 2          WHAT IS THE BASIS FOR A GOOD FAITH INSTRUCTION HERE?

11:48AM 3            MS. WALSH:  MANY EMAILS AND TESTIMONY FROM OTHER

11:48AM 4    WITNESSES ABOUT MR. BALWANI'S ACTIONS AND STATEMENTS THROUGHOUT

11:48AM 5    THE COURSE OF HIS TENURE AT THERANOS.

11:48AM 6        I DON'T THINK IT'S A PREREQUISITE THAT A DEFENDANT HAS TO

11:48AM 7    TESTIFY TO GET A GOOD FAITH INSTRUCTION.

11:48AM 8            THE COURT:  RIGHT.  NO, I'M NOT SUGGESTING THAT IT

11:48AM 9    IS.

11:48AM 10       I'M JUST TRYING TO FIND OUT WHAT IS THE BASIS FOR IT, FOR

11:48AM 11   THE INSTRUCTION.

11:49AM 12           MS. WALSH:  YEAH, I THINK IT'S TESTIMONY FROM

11:49AM 13   VARIOUS WITNESSES.  IT'S NOT LIKE THEY LITERALLY SAID HE WAS

11:49AM 14   ACTING IN GOOD FAITH.

11:49AM 15       BUT I RECALL TESTIMONY FROM MR. EDLIN WHEN MR. BALWANI WAS

11:49AM 16   WORKING ON I.T. RELATED ISSUES WITH THE THERANOS DEVICES AND

11:49AM 17   SENDING THEM TO AFGHANISTAN, THERE WERE EMAIL -- THERE WERE

11:49AM 18   MANY, MANY EMAILS ABOUT THAT.

11:49AM 19       WE INTEND TO ARGUE THAT HE AT ALL TIMES WAS ACTING IN GOOD

11:49AM 20   FAITH AND HE BELIEVED IN THE CAPABILITY OF THIS TECHNOLOGY.  I

11:49AM 21   THINK THAT'S AN APPROPRIATE ARGUMENT, AND IT'S AN ARGUMENT THAT

11:49AM 22   NEEDS CORRESPONDING INSTRUCTIONS SO THAT THE JURORS UNDERSTAND

11:49AM 23   WHAT THE LAW IS WHEN THEY'RE APPLYING THE LAW TO THE FACTS AND

11:49AM 24   THINKING ABOUT THE EVIDENCE THAT CAME IN.

11:49AM 25           THE COURT:  OKAY.  IS THAT -- IT'S NOT DIRECT

11:49AM 1    EVIDENCE, BUT IT'S CIRCUMSTANTIAL EVIDENCE, OR IS IT BOTH?

11:49AM 2             MS. WALSH:  WELL, NO WITNESS SAID "I BELIEVE

11:50AM 3    MR. BALWANI WAS ACTING IN GOOD FAITH," SO IT -- I THINK IT IS

11:50AM 4    CIRCUMSTANTIAL EVIDENCE.  BUT.

11:50AM 5        THERE ARE A LOT OF CIRCUMSTANCES FROM WHICH WE WOULD ARGUE

11:50AM 6    THAT, AND ONE -- ANOTHER ONE COMES TO MIND, WHICH IS HIS

11:50AM 7    INVESTMENT IN THE COMPANY, THE LOAN TO THE COMPANY, ALL SHOWING

11:50AM 8    A GOOD FAITH BELIEF IN THE BONA FIDES OF THE ENTERPRISE.

11:50AM 9             THE COURT:  THE ARGUMENT BEING, WHY ELSE WOULD

11:50AM 10   SOMEONE INVEST?

11:50AM 11            MS. WALSH:  SURE.  PUTTING $10 MILLION OF HIS OWN

11:50AM 12   MONEY AT RISK SHOWS CONFIDENCE AND A GOOD FAITH BELIEF THAT

11:50AM 13   THIS IS A WORTHY COMPANY THAT HAS TECHNOLOGY HE BELIEVES IS

11:50AM 14   CAPABLE OF DOING WHAT, WHAT MS. HOLMES AND OTHERS SAYS IT COULD

11:50AM 15   DO.

11:50AM 16            THE COURT:  OKAY.

11:50AM 17            MS. VOLKAR:  YOUR HONOR IS PROBABLY REMEMBERING THE

11:51AM 18   HEATED DISCUSSION WE HAD ABOUT THIS IN THE LAST TRIAL.

11:51AM 19       THE GOVERNMENT, OF COURSE, OPPOSES A GOOD FAITH

11:51AM 20   INSTRUCTION.  NINTH CIRCUIT CASE LAW IS CLEAR THAT WHEN

11:51AM 21   KNOWINGLY IS PROPERLY DEFINED, NO GOOD FAITH INSTRUCTION IS

11:51AM 22   REQUIRED.  THAT IS THE LAW OF THE CIRCUIT.

11:51AM 23       THAT BEING SAID, WE ALSO HAD A HEALTHY AMOUNT OF DEBATE

11:51AM 24   ABOUT WHAT A GOOD FAITH BELIEF MUST BE, AND THE NINTH CIRCUIT

11:51AM 25   IS CRYSTAL CLEAR THAT IT MUST BE, AS WAS ULTIMATELY IN THE

11:51AM 1      COURT'S INSTRUCTION GIVEN, A GOOD FAITH BELIEF IN THE TRUTH OF

11:51AM 2      THE SPECIFIC MISREPRESENTATIONS MADE.

11:51AM 3          SO IT'S THE GOVERNMENT'S POSITION THAT NO GOOD FAITH

11:51AM 4      INSTRUCTION IS REQUIRED.

11:51AM 5          WE UNDERSTAND ONE WAS GIVEN IN THE HOLMES CASE.  WE

11:51AM 6      UNDERSTAND IF THE COURT CHOOSES TO GIVE IT HERE.

11:51AM 7          BUT WHAT WE WOULD STRENUOUSLY OBJECT TO IS ANY LANGUAGE

11:51AM 8      THAT STRAYS FROM WHAT WE -- WHAT THE COURT LANDED ON IN THE

11:52AM 9      HOLMES CASE BECAUSE IT IS VERY IMPORTANT THAT THE JURY KNOWS,

11:52AM 10     GOOD FAITH IN WHAT?

11:52AM 11         AND THAT WAS ANOTHER SUBJECT OF HEALTHY DEBATE IN THE LAST

11:52AM 12     TRIAL.

11:52AM 13             THE COURT:  OKAY.

11:52AM 14             MS. WALSH:  IF YOUR HONOR IS INCLINED NOT TO GIVE

11:52AM 15     THE GOOD FAITH INSTRUCTION, I WOULD LIKE TO BE HEARD FURTHER ON

11:52AM 16     IT.

11:52AM 17             THE COURT:  NO.  I JUST WANTED TO UNDERSTAND THE

11:52AM 18     BASIS FOR IT IN A VACUUM.

11:52AM 19         THE BIG DISTINCTION IS MS. HOLMES TESTIFIED, AND SHE WAS

11:52AM 20     ABLE TO GIVE HER TESTIMONY AS TO THE TECHNOLOGY, AS TO HER

11:52AM 21     OPINIONS ON MANY THINGS FROM WHICH THE JURY -- THAT JURY

11:52AM 22     COULD -- HAD DIRECT EVIDENCE FROM WHICH THEY COULD DRAW AN

11:52AM 23     INFERENCE OF GOOD FAITH, OR NOT.

11:52AM 24         HERE, AS YOU'RE TELLING ME, MR. BALWANI MAY NOT TESTIFY,

11:52AM 25     AND IF HE DOESN'T TESTIFY, WHAT I HEAR YOU SAYING IS THERE IS

11:52AM 1   CIRCUMSTANTIAL EVIDENCE FROM EMAILS AND OTHER -- THERE WAS

11:53AM 2   TESTIMONY FROM SOME WITNESSES, INVESTORS, ABOUT REPRESENTATIONS

11:53AM 3   THAT -- REGARDING FINANCES THAT MR. BALWANI MADE TO THEM.

11:53AM 4        THAT WAS ADMITTED, AND IT SOUNDS LIKE THAT WOULD FORM THE

11:53AM 5   BASIS OF AT LEAST AN ARGUMENT OF GOOD FAITH.

11:53AM 6             MS. WALSH:  YES, YOUR HONOR.

11:53AM 7             THE COURT:  ALL RIGHT.  I'LL GIVE IT, NOTING THE

11:53AM 8   GOVERNMENT'S OBJECTION.

11:53AM 9        WE'LL CHANGE, OF COURSE, THE PARTIES.

11:53AM 10            MS. VOLKAR:  THANK YOU, YOUR HONOR.

11:53AM 11            THE COURT:  LET'S SEE.  NEXT IS "KNOWINGLY."

11:53AM 12       I THINK WE'VE TALKED ABOUT THAT.

11:53AM 13            MS. VOLKAR:  SORRY, YOUR HONOR.  I ACTUALLY DO HAVE

11:53AM 14  A FEW POINTS ON "KNOWINGLY."

11:53AM 15            THE COURT:  SURE.

11:53AM 16            MS. VOLKAR:  SO THIS WOULD BE, THIS WOULD BE AN

11:53AM 17  EXAMPLE OF SOMETHING THAT THE PARTIES VIGOROUSLY DEBATED IN THE

11:53AM 18  HOLMES TRIAL.

11:53AM 19       THE GOVERNMENT IN HOLMES -- AND MR. BALWANI RECOMMENDS

11:54AM 20  ALMOST THE EXACT SAME CHANGES THAT THE HOLMES TEAM DID, AND SO

11:54AM 21  SOME OF THIS IS GOING TO BE REARGUMENT, BUT I ALSO UNDERSTAND

11:54AM 22  THE COURT TO SAY THAT YOU'RE HAPPY TO HEAR IT.

11:54AM 23       SO THE FIRST IS, AS IN THE HOLMES CASE, THE GOVERNMENT --

11:54AM 24  SORRY.

11:54AM 25            AS IN THE HOLMES CASE, HERE THE GOVERNMENT HAS CHOSE --

11:54AM 1    ELECTED NOT TO PURSUE AN OMISSIONS THEORY, AND THROUGHOUT THE

11:54AM 2    INSTRUCTIONS IN THE HOLMES CASE THE REFERENCE TO THE OMISSIONS

11:54AM 3    OF FACT WERE DROPPED WITH ONE EXCEPTION, THIS EXCEPTION ON THIS

11:54AM 4    PAGE ON LINE 5.  AND BY "THIS PAGE," ECF 1476 AT 20, LINE 5.

11:54AM 5         AND THE REASON FOR THAT -- AND THIS WAS A SOURCE, AGAIN,

11:54AM 6    OF GREAT DEBATE TOWARDS THE END OF THE CHARGING CONFERENCE IS

11:54AM 7    BECAUSE WHEN WE ARE TALKING ABOUT WHAT MAKES UP A PERSON'S

11:54AM 8    KNOWLEDGE, WE'RE NOT TALKING ABOUT A LEGAL OMISSIONS OF FACT

11:55AM 9    THEORY ANYMORE.

11:55AM 10        WE'RE TALKING ABOUT WHAT ARE THE SOURCES AND INPUTS AND

11:55AM 11   WHAT ALL MAKES UP THE WORLD OF A PERSON'S KNOWLEDGE.

11:55AM 12        AND THAT CAN INCLUDE OMISSIONS.

11:55AM 13        AND AS BUT ONE EXAMPLE I CAN THINK OF, HE, MR. BALWANI, WE

11:55AM 14   HAVE HEARD TESTIMONY SAT IN THE ROOM DURING INVESTOR

11:55AM 15   PRESENTATIONS AND, WE WOULD ARGUE, DID NOT SPEAK UP WHEN

11:55AM 16   MS. HOLMES MADE FALSE STATEMENTS TO INVESTORS.

11:55AM 17        BUT WE WOULD SAY IN SOME WAYS THAT'S AN OMISSION THAT HE

11:55AM 18   WAS AWARE OF THAT, FOR EXAMPLE, SHE WASN'T ADDING X, Y, Z FACT,

11:55AM 19   OR WASN'T CLARIFYING, OR WASN'T PROPERLY HEDGING AS MAYBE A

11:55AM 20   PERSON SHOULD THINK.

11:55AM 21        I'M GETTING OUT OVER MY SKIS HERE WITH THE FACTS, AND I

11:56AM 22   DON'T WANT TO GO TO WHAT MAY SOUND LIKE CLOSING ARGUMENT.

11:56AM 23        THE BASELINE POINT I'M TRYING TO SAY IS THAT WORDS, ACTS,

11:56AM 24   AND OMISSIONS ARE ALL, AS WEIRD AS THIS MAY SOUND TO SAY,

11:56AM 25   SOURCES, OR THE ABSENCE OF SOURCES, THAT COULD MAKE UP A

11:56AM 1    PERSON'S KNOWLEDGE.

11:56AM 2        AND THAT'S WHY THE COURT GAVE THAT INSTRUCTION IN HOLMES,

11:56AM 3    AND THE GOVERNMENT SAYS THAT IT IS -- OR ARGUES THAT IT'S

11:56AM 4    PROPER TO GIVE AGAIN HERE.

11:56AM 5        AND WHILE I HAVE THE MIKE, THE SECOND LINE IS THE --

11:56AM 6    SORRY, LINES 7 THROUGH 8, THE SECOND ADDITION THAT MR. BALWANI

11:56AM 7    SUGGESTS IS ALMOST IDENTICAL TO WHAT MS. HOLMES ASKED FOR.

11:56AM 8        BOTH OF THOSE TWO SENTENCES IN LINES 6 TO 8 DO NOT APPEAR

11:56AM 9    IN THE MODEL INSTRUCTION.

11:56AM 10       THERE'S ALREADY AN ADDITION TO THE HOLMES INSTRUCTION, AND

11:56AM 11   IT WAS BASED ON THE PHILLIPS CASE, AND IT WAS THE EXACT SAME

11:56AM 12   ARGUMENT THAT WE HAD THE LAST GO-ROUND.

11:57AM 13       AND WHAT THE COURT ULTIMATELY FOUND WAS REALLY THE FIRST

11:57AM 14   SENTENCE REALLY COVERS THE CONCEPT THAT'S JUST EMPHASIZED AND

11:57AM 15   ADDED ON TO AND ENUMERATED IN THE FOLLOWING SENTENCE, THE LINES

11:57AM 16   7 TO 8 THAT MR. BALWANI WANTS TO ADD, SO IT'S REDUNDANT.

11:57AM 17       AND SO THE GOVERNMENT WOULD ARGUE REALLY LINES 6 THROUGH 8

11:57AM 18   ARE UNNECESSARY.  THEY'RE NOT IN THE MODEL.  THEY'RE ALREADY IN

11:57AM 19   ADDITION.

11:57AM 20       IF THE COURT IS GOING TO ADD ANYTHING, WHAT THE COURT

11:57AM 21   ADDED, THAT FIRST SENTENCE, LINES 6 TO 7, SUFFICES TO COVER THE

11:57AM 22   PHILLIPS ARGUMENT THAT I EXPECT MY COLLEAGUE IS ABOUT TO MAKE.

11:57AM 23       THANK YOU.

11:57AM 24           THE COURT:  THANK YOU.

11:57AM 25           MS. SCHURICHT:  GOOD MORNING, YOUR HONOR.

11:57AM  1    SACHI SCHURICHT FOR MR. BALWANI.  I'M JUST GOING TO BE SPEAKING

11:57AM  2    ABOUT THIS INSTRUCTION.

11:57AM  3        I'LL TAKE THOSE TWO IN REVERSE ORDER, SO I'LL START WITH

11:57AM  4    THE ADDITIONAL SENTENCE WE'VE PROPOSED ON LINES 7 AND 8.

11:57AM  5        IT SOUNDED EARLIER LIKE YOUR HONOR IS PLANNING AS OF NOW

11:58AM  6    TO GIVE THE SAME INSTRUCTION, THE "KNOWINGLY" INSTRUCTION FROM

11:58AM  7    THE HOLMES TRIAL, WHICH WOULD INCLUDE THAT FIRST SENTENCE DRAWN

11:58AM  8    FROM U ON LINES 6 THROUGH 7.

11:58AM  9        AS MS. VOLKAR ACKNOWLEDGED, THE SECOND SENTENCE THAT WE'RE

11:58AM  10   PROPOSING IS SIMPLY APPLYING THAT PRINCIPLE FROM PHILLIPS TO

11:58AM  11   THE FACTS OF THIS CASE.

11:58AM  12   I DON'T THINK THERE'S MUCH HARM THAT COMES FROM THAT

11:58AM  13   ADDITIONAL CLARIFICATION FOR THE JURY, AND I THINK IT MAKES

11:58AM  14   SENSE TO MAKE CLEAR THAT THIS PRINCIPLE DOES APPLY TO

11:58AM  15   MS. HOLMES'S KNOWLEDGE AND THE KNOWLEDGE OF THERANOS AGENTS OR

11:58AM  16   EMPLOYEES GIVEN THE OUTSIZED ROLE THAT SHE HAS PLAYED IN THIS

11:58AM  17   TRIAL IN A WAY THAT MR. BALWANI DIDN'T HAVE AS FIGURATIVELY AS

11:58AM  18   LARGE OF A ROLE IN HER TRIAL.

11:58AM  19       AS MS. WALSH MENTIONED EARLIER TODAY, THERE'S EVIDENCE

11:58AM  20   THAT HAS COME IN HERE OF INTERACTIONS THAT MS. HOLMES HAD WITH

11:58AM  21   INVESTORS AS FAR BACK AS 2006, LONG BEFORE MR. BALWANI WAS EVEN

11:58AM  22   INVOLVED IN THERANOS.

11:59AM  23       AND THERE IS A RISK, I THINK, THAT THE JURY MAY THINK THAT

11:59AM  24   THOSE INTERACTIONS AND DECISIONS SHE MADE AT THAT TIME AND

11:59AM  25   WHATEVER INFORMED THOSE DECISIONS AND INTERACTIONS COULD BE

11:59AM   1    IMPUTED TO HIM ABSENT AN INDEPENDENT FINDING THAT HE HAD

11:59AM   2    PERSONAL KNOWLEDGE.

11:59AM   3         SO WE'RE SIMPLY ASKING TO APPLY THIS PRINCIPLE OF PHILLIPS

11:59AM   4    TO THE FACTS HERE TO MAKE IT EXTRA CLEAR FOR THE JURY.

11:59AM   5              THE COURT:  THANK YOU.

11:59AM   6         DOES THE FIRST SENTENCE INSTRUCT THE -- INFORM THE JURY OF

11:59AM   7    THAT?  THEY HAVE TO FIND THAT MR. BALWANI ACTED KNOWINGLY.

11:59AM   8    "YOU MUST FIND THAT HE HIMSELF HAD KNOWLEDGE OF THE FACT AT

11:59AM   9    ISSUE."

11:59AM  10         AND THAT, THAT DOESN'T PRECLUDE YOU OR YOUR COLLEAGUES

11:59AM  11    FROM ARGUING THAT THEY CAN'T, THEY CAN'T RELY ON THE FACT THAT

11:59AM  12    ANYONE ELSE HAD KNOWLEDGE, ONLY, ONLY -- IT'S ONLY AS TO HIM.

11:59AM  13         THIS IS THE SAME CONVERSATION THAT I HAD -- I DON'T THINK

11:59AM  14    YOU WERE HERE DURING THE HOLMES DISCUSSION, BUT I RECALL IT IN

12:00PM  15    THAT -- WHEN I SAID I WAS GOING TO GIVE "KNOWINGLY," I INTENDED

12:00PM  16    TO GIVE, AND DO INTEND TO GIVE, THE FIRST SENTENCE, LINES 6 AND

12:00PM  17    7 AS YOU REFERENCE IT, BECAUSE I DO THINK THAT FULFILLS THE

12:00PM  18    PHILLIPS OBLIGATION IN INFORMING THE JURY THAT THEY MUST, THEY

12:00PM  19    MUST, IF THEY'RE GOING TO FIND THAT THERE WAS A KNOWINGLY

12:00PM  20    ACTION, ACT BY MR. BALWANI, THEY MUST FIND THAT HE HIMSELF HAD

12:00PM  21    KNOWLEDGE OF THE FACT AT ISSUE.

12:00PM  22         AND THAT SEEMS TO BE THE DIRECTIVE THAT THE PHILLIPS CASE

12:00PM  23    TELLS US.

12:00PM  24              MS. SCHURICHT:  YOUR HONOR, I AGREE THAT THAT

12:00PM  25    ENCAPSULATES PHILLIPS AND IS AN IMPORTANT PIECE TO INCLUDE

12:00PM  1    HERE.  THE SECOND SENTENCE IS CERTAINLY NOT MEANT TO LIMIT -- I

12:00PM  2    AGREE THAT WE WOULD NOT BE LIMITED IN THE ARGUMENTS THAT WE CAN

12:00PM  3    MAKE FROM THAT FIRST SENTENCE.  I JUST THINK THAT THERE'S

12:00PM  4    REALLY NO REASON TO NOT PROVIDE FURTHER CLARITY FOR THE JURY.

12:00PM  5          THE COURT:  OKAY.

12:01PM  6          MS. SCHURICHT:  AND I'LL JUST POINT TO ONE

12:01PM  7    PARTICULAR PIECE OF EVIDENCE THAT I THINK ILLUSTRATES THE

12:01PM  8    CONCERN HERE.

12:01PM  9          SO WE HAVE DECISIONS, ACTIONS, THAT MS. HOLMES TOOK LONG

12:01PM  10   BEFORE MR. BALWANI HAD JOINED THERANOS.  THERE ARE, FOR

12:01PM  11   INSTANCE, TEXT MESSAGES THAT HAVE BEEN ADMITTED INTO EVIDENCE

12:01PM  12   HERE, INCLUDING ONE THAT I FRANKLY WOULD NOT BE SURPRISED IF WE

12:01PM  13   HEAR IN THE CLOSING ARGUMENTS, WHERE MR. BALWANI SAYS TO

12:01PM  14   MS. HOLMES, "I AM RESPONSIBLE FOR EVERYTHING AT THERANOS.  ALL

12:01PM  15   HAVE BEEN MY DECISIONS, TOO."

12:01PM  16         SO I THINK WHEN YOU PAIR THE EVIDENCE OF WHAT MS. HOLMES

12:01PM  17   DID INDEPENDENTLY OF HIM WITH THE COMMUNICATION LIKE THAT,

12:01PM  18   THERE IS A PARTICULARLY SEVERE RISK THAT THE JURY MAY THINK,

12:01PM  19   OH, MR. BALWANI HAS ADOPTED ALL OF HER DECISIONS, EVERYTHING

12:01PM  20   THAT INFORMED THOSE DECISIONS, HER KNOWLEDGE EVEN AT AN EARLIER

12:01PM  21   TIME.

12:01PM  22         AND SO IT'S BECAUSE OF THE PARTICULAR EVIDENCE THAT WE'RE

12:01PM  23   PRESENTED WITH HERE THAT WE THINK THE ADDITIONAL CLARIFICATION

12:02PM  24   SPECIFYING MS. HOLMES IN PARTICULAR IN THIS SECOND SENTENCE

12:02PM  25   WOULD BE HELPFUL TO THE JURY.

12:02PM  1          THE COURT:  OKAY.  THANK YOU.

12:02PM  2       MS. VOLKAR.

12:02PM  3          MS. VOLKAR:  YOUR HONOR, I THINK THE COURT -- WELL,

12:02PM  4  TWO THINGS.

12:02PM  5       ONE, THE GOVERNMENT INCORPORATES ITS ARGUMENTS FROM LAST

12:02PM  6  TIME THAT PHILLIPS DOES NOT ACTUALLY REQUIRE THE INSTRUCTION.

12:02PM  7  THE GOVERNMENT UNDERSTANDS THE COURT -- WHERE WE ARE AND THAT

12:02PM  8  THE COURT PLANS TO GIVE, AS IT DID IN HOLMES, THAT FIRST LINE.

12:02PM  9          AND KNOWING THAT THAT'S WHERE WE ARE, THE SECOND LINE IS

12:02PM 10  REDUNDANT AND IS REALLY JUST A RESTATEMENT OF THE FIRST LINE AS

12:02PM 11  YOUR HONOR POINTED OUT, AND NOTHING PRECLUDES THE DEFENDANT

12:02PM 12  FROM ARGUING IN CLOSING ARGUMENT EXACTLY THAT FROM THAT LINE.

12:02PM 13          AND GOING TO THE EXAMPLE THAT MY COLLEAGUE JUST GAVE, "ALL

12:02PM 14  HAVE BEEN MY DECISIONS," THAT'S NOT NECESSARILY SAYING "I KNOW

12:02PM 15  EVERYTHING YOU KNOW ABOUT THE COMPANY."

12:02PM 16       SO I GUESS I'M NOT SEEING THE DIRECT CONNECTION THERE OF

12:03PM 17  ONE IS -- MAYBE I'M GETTING TOO HUNG UP ON ONE PIECE OF

12:03PM 18  EVIDENCE.  I KNOW THAT MS. SCHURICHT SAID SHE HAD MULTIPLE

12:03PM 19  EXAMPLES, BUT IT'S NOT SAYING THAT "I KNOW EVERYTHING THAT YOU

12:03PM 20  KNOW."  WE DON'T HAVE A STATEMENT LIKE THAT.

12:03PM 21       SO I DON'T THINK WE NEED THESE ADDITIONAL GUARDRAILS WHEN

12:03PM 22  WE ALREADY HAVE AN ENHANCED, WHAT I WILL CALL AN ENHANCED

12:03PM 23  GUARDRAIL ABOVE AND BEYOND WHAT THE MODEL SUGGESTS IS

12:03PM 24  APPROPRIATE.

12:03PM 25       WE HAVE THE DEFINITION OF KNOWINGLY FOLLOWED BY A SPECIFIC

12:03PM 1    STATEMENT THAT IT MUST BE BASED ON MR. BALWANI'S KNOWLEDGE THAT

12:03PM 2    HE HIMSELF HAD.

12:03PM 3         I THINK THAT'S SUFFICIENT AND NOTHING MORE IS REQUIRED.

12:03PM 4              THE COURT:  OKAY.  THANK YOU.

12:03PM 5              MS. SCHURICHT:  I HAVE NOTHING MORE ON THE PHILLIPS

12:03PM 6    ISSUE.

12:03PM 7         I'LL JUST BRIEFLY ADDRESS THE FIRST POINT THAT MS. VOLKAR

12:03PM 8    MADE --

12:03PM 9              THE COURT:  YES.

12:03PM 10             MS. SCHURICHT:  -- ON LINE 5 ABOUT THE REFERENCE TO

12:03PM 11   OMISSIONS AND THE LIST OF FACTORS THAT THE JURY CAN CONSIDER

12:03PM 12   FOR DECIDING WHETHER MR. BALWANI ACTED KNOWINGLY.

12:04PM 13        SO THIS MENTAL STATE KNOWINGLY, IT QUALIFIES IN THE WIRE

12:04PM 14   FRAUD INSTRUCTION, "WHETHER MR. BALWANI KNOWINGLY PARTICIPATED

12:04PM 15   IN, DEVISED OR INTENDED TO DEVISE A SCHEME OR PLAN TO DEFRAUD."

12:04PM 16        AND SO MS. VOLKAR GAVE AN EXAMPLE OF MS. HOLMES BEING IN A

12:04PM 17   ROOM WITH MR. BALWANI AND OMITTING CERTAIN THINGS IN

12:04PM 18   CONVERSATIONS WITH I BELIEVE IT WAS INVESTORS, AND MR. BALWANI

12:04PM 19   STANDING BY AND ALLOWING THOSE OMISSIONS TO HAPPEN.

12:04PM 20        THAT SOUNDS TO ME LIKE AN OMISSIONS THEORY OF FRAUD.

12:04PM 21        BUT WE KNOW THAT A FAILURE TO SPEAK IS NOT A PROPER BASIS

12:04PM 22   FOR AN OMISSIONS THEORY WHEN THERE IS NOT EVIDENCE OF THE DUTY

12:04PM 23   TO DISCLOSE.

12:04PM 24        AND SO I WORRY ABOUT THAT EXAMPLE THAT HAS BEEN GIVEN, AND

12:04PM 25   I THINK IT HIGHLIGHTS THE RISK OF INCLUDING THOSE REFERENCES TO

12:04PM 1    OMISSIONS HERE.

12:04PM 2        I DON'T DISPUTE THAT THE GOVERNMENT CAN ARGUE -- I DON'T

12:05PM 3    THINK THAT EXAMPLE QUITE WORKS, AND NOTHING COMES TO MY MIND.

12:05PM 4        AND I DON'T DISPUTE THAT THEY COULD ARGUE THAT AN OMISSION

12:05PM 5    COULD INFORM MR. BALWANI'S STATE OF MIND.

12:05PM 6        I JUST THINK THAT INCLUDING A REFERENCE TO OMISSION IN

12:05PM 7    THIS INSTRUCTION GIVES RISE TO A RISK THAT THE JURY MIGHT THINK

12:05PM 8    ABOUT OMISSIONS MORE BROADLY IN THE SCHEME TO DEFRAUD IN

12:05PM 9    DECIDING WHETHER OR NOT MR. BALWANI IS GUILTY OF JOINING AND

12:05PM 10   COMMITTING A DECEPTIVE SCHEME.

12:05PM 11       AND I'LL JUST POINT OUT AS WELL THAT IF YOU CONTINUE

12:05PM 12   LOOKING AT THIS SENTENCE, IT SAYS, "YOU MAY CONSIDER EVIDENCE

12:05PM 13   OF MR. BALWANI'S WORDS, ACTS OR OMISSIONS, ALONG WITH ALL OF

12:05PM 14   THE OTHER EVIDENCE, IN DECIDING WHETHER HE ACTED KNOWINGLY."

12:05PM 15       SO THERE'S ALREADY A CATCH-ALL PHRASE THERE.  AND SO I

12:05PM 16   DON'T THINK, BY REMOVING THE REFERENCE TO OMISSIONS HERE, THAT

12:05PM 17   WE'RE NECESSARILY LIMITING WHAT THE GOVERNMENT CAN ARGUE.  I

12:05PM 18   THINK WE'RE JUST AVOIDING A RISK OF CONFUSION HERE.

12:06PM 19       THE COURT:  OKAY.  WELL, THANK YOU.  THAT WAS

12:06PM 20   SOMETHING THAT I WAS GOING TO ASK YOU ABOUT.

12:06PM 21       IF OMISSIONS IS DELETED, AS YOU ARE REQUESTING, THEN WHAT

12:06PM 22   I HEAR YOU SAYING IS THAT THE GOVERNMENT WOULD NOT BE PRECLUDED

12:06PM 23   FROM RAISING THE HYPOTHETICAL THAT SHE DID, HE SAT IN A ROOM,

12:06PM 24   HE HEARD NUMBERS THAT HE KNEW WERE NOT ACCURATE, AND HE DIDN'T

12:06PM 25   INFORM, HE DIDN'T DO ANYTHING.  THAT'S AN ACT, I SUPPOSE, THAT

12:06PM  1    YOU'RE TELLING ME THAT THEY COULD COMMENT ON.

12:06PM  2            MS. SCHURICHT:  I THINK IT COULD -- IT DEPENDS ON

12:06PM  3    HOW THE ARGUMENT IS MADE.  I THINK IF IT IS SPEAKING SOLELY TO

12:06PM  4    HIS STATE OF MIND, YES, THAT WOULD BE PERMISSIBLE.

12:06PM  5        THERE'S JUST A DANGER OF IT BLEEDING INTO AN OMISSIONS

12:06PM  6    THEORY OF FRAUD, WHICH IT SOUNDS LIKE THE GOVERNMENT IS NOT

12:06PM  7    PURSUING.

12:06PM  8            THE COURT:  WELL, IF I INSTRUCT THEM THAT THEY MAY

12:06PM  9    NOT, THEY MAY NOT ARGUE AN OMISSIONS FRAUD THEORY, WOULD THAT

12:07PM 10    GIVE YOU SOME SOLACE?

12:07PM 11            MS. SCHURICHT:  CERTAINLY WE WOULD WELCOME THAT,

12:07PM 12    YOUR HONOR.

12:07PM 13            MS. VOLKAR:  YOUR HONOR, THE GOVERNMENT HAS -- WELL,

12:07PM 14    ONE, I THINK MY COLLEAGUE HAS POINTED OUT WHY IT'S GOOD THAT

12:07PM 15    I'M NOT GIVING THE CLOSING ARGUMENT.

12:07PM 16        BUT I WILL ALSO SAY THAT THE GOVERNMENT HAS DECIDED, AS IT

12:07PM 17    DID IN THE HOLMES CASE -- OF COURSE, IT WAS NOT REQUIRED TO DO

12:07PM 18    SO -- BUT THE GOVERNMENT HAS DECIDED AND ELECTED NOT TO PURSUE

12:07PM 19    AN OMISSIONS THEORY, AND FOR THAT REASON IS WILLING TO DELETE

12:07PM 20    IT FROM ALL OF THE PORTIONS OF THE JURY INSTRUCTIONS THAT IT

12:07PM 21    PROFFERS, AS IT DID IN HOLMES.

12:07PM 22        AND I WANT TO GIVE AN EXAMPLE FROM THE MODEL.  AND I'M

12:07PM 23    TRYING TO GO OFF OF MY MEMORY OF WHAT WE ARGUED ABOUT THIS THE

12:07PM 24    LAST TIME, BUT THE SENTENCE BEFORE IN THE MODEL READS, "THE

12:07PM 25    GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW

12:07PM  1     THAT HIS ACTS OR OMISSIONS WERE UNLAWFUL."

12:08PM  2          AND THAT "OR OMISSIONS" WAS STRUCK WHEN WE ARGUED ABOUT

12:08PM  3     THIS THE LAST GO-ROUND BECAUSE IT WAS TIED AND CONNECTED WITH

12:08PM  4     ACTS, AND THAT GETS CLOSER TO THE OMISSIONS THEORY OF FRAUD

12:08PM  5     THAT MY COLLEAGUE IS CONCERNED ABOUT.

12:08PM  6          AS WE ARGUED LAST TIME, THE SECOND SENTENCE, THE ONE THAT

12:08PM  7     WE'RE CURRENTLY DEBATING -- AND IF YOU'RE LOOKING AT 1476, IT'S

12:08PM  8     THE ONLY ONE YOU SEE -- BUT IT'S JUST WHAT GOES INTO THE MIX TO

12:08PM  9     MAKE UP A PERSON'S KNOWLEDGE.

12:08PM  10         SO I PUT MY EXAMPLE TO THE SIDE IF THAT TROUBLES ANYONE,

12:08PM  11    BUT I JUST WANT TO MAKE SURE THAT MY ARGUMENT IS CLEAR.  WE ARE

12:08PM  12    WILLING TO FOREGO THE OMISSIONS OF FACT THEORY OF FRAUD, BUT

12:08PM  13    THAT DOES NOT MEAN IT IS NOT A TYPE OF SOURCE THAT COULD ADD TO

12:08PM  14    A PERSON'S KNOWLEDGE, AND THAT'S WHY THE COURT INCLUDED IT IN

12:08PM  15    THE HOLMES CASE, AND WE THINK IT'S APPROPRIATE TO DO SO HERE

12:08PM  16    AGAIN.

12:08PM  17              THE COURT:  THANK YOU FOR THAT.

12:08PM  18         AND I DO RECALL THAT'S WHY THE COURT STRUCK IT FROM THE

12:08PM  19    ACTS.  I FELT THAT WAS TOO CONTIGUOUS TO GIVE THE JURY PERHAPS

12:09PM  20    SOME GROUNDS TO SPECULATE, AGAIN, ON AN OMISSIONS THEORY WHEN

12:09PM  21    THE GOVERNMENT SAID IT WAS NOT PURSUING THAT.

12:09PM  22         THE OMISSIONS AS IT STOOD AND AS IT WAS GIVEN IN THE

12:09PM  23    HOLMES CASE, HOWEVER, WENT TO SPECIFIC CONDUCT OF THE PARTY AND

12:09PM  24    WHETHER OR NOT THE JURY COULD CONSIDER THE WORDS, ACTS, OR

12:09PM  25    OMISSIONS.

12:09PM 1          NOW, IN MS. HOLMES'S CASE, THE OMISSIONS, MAYBE THAT WAS A

12:09PM 2    LITTLE STRONGER BECAUSE SHE HAD AN OPPORTUNITY TO DO CERTAIN

12:09PM 3    THINGS THAT PERHAPS MR. BALWANI DIDN'T HAVE.  PERHAPS THE

12:09PM 4    OMISSIONS IN HER CASE WERE ARGUABLY GREATER, IF THERE WERE ANY,

12:09PM 5    OR CONDUCT REGARDING OMISSIONS MIGHT BE GREATER.

12:09PM 6         BUT I SEE THAT DISTINCTION, AND I THINK YOU DO TOO.

12:09PM 7              MS. SCHURICHT:  I DO SEE THE DISTINCTION THAT

12:10PM 8    MS. VOLKAR IS DRAWING.

12:10PM 9         BUT MY POINT IS SIMPLY THAT I THINK THIS REMAINING

12:10PM 10   REFERENCE TO OMISSIONS JUST PRESENTS A DANGER THAT THE JURY MAY

12:10PM 11   SPECULATE IN A WAY THAT WOULD BE IMPROPER GIVEN THE REMOVAL OF

12:10PM 12   OMISSIONS ELSEWHERE IN THESE INSTRUCTIONS, AND I DON'T THINK

12:10PM 13   ANYTHING IS LOST IN REMOVING IT WHEN THERE IS A CATCH-ALL

12:10PM 14   PHRASE THAT FOLLOWS IMMEDIATELY AFTER.

12:10PM 15             THE COURT:  SO IF IT IS REMOVED, THEN WHAT IS YOUR

12:10PM 16   OPINION ON WHETHER OR NOT THE GOVERNMENT COULD ARGUE OMISSIONS

12:10PM 17   AS PART OF HIS ACTS?  COULD THEY DO THAT?

12:10PM 18             MS. SCHURICHT:  SO I WANT TO BE CAREFUL HERE.  I

12:10PM 19   THINK THEY CAN ARGUE OMISSIONS AS RELEVANT TO HIS STATE OF MIND

12:10PM 20   IF IT WAS CLEARLY NOT PURSUING THE OMISSIONS OF FACT THEORY

12:10PM 21   THAT MS. VOLKAR SAYS THE GOVERNMENT DOES NOT INTEND TO PURSUE.

12:10PM 22        SO IT IS A FINE LINE.  I THINK THAT'S PRECISELY WHY IT

12:10PM 23   SHOULD BE REMOVED FROM THIS INSTRUCTION.

12:11PM 24        BUT IT'S DIFFICULT FOR ME TO KIND OF CONTEMPLATE EVERY WAY

12:11PM 25   THAT THE GOVERNMENT MIGHT TRY TO ARGUE OMISSIONS AS RELEVANT TO

12:11PM 1        MR. BALWANI'S KNOWLEDGE, WHICH I THINK WOULD BE PERMISSIBLE.  I

12:11PM 2    JUST WORRY ABOUT ENCOURAGING THE JURY TO SPECULATE BY

12:11PM 3    REFERENCING IT HERE IN THE INSTRUCTION.

12:11PM 4        THE COURT:  MS. VOLKAR.

12:11PM 5        MS. VOLKAR:  I THINK AT LEAST MS. SCHURICHT AND I

12:11PM 6    ARE BOTH ON THE SAME PAGE IN TERMS OF WHAT IS AND ISN'T IN

12:11PM 7    BOUNDS, EVEN IF THIS WERE INCLUDED IN THE INSTRUCTIONS.

12:11PM 8        IT WAS INCLUDED IN HOLMES.  THE COURT GOT TO SEE THE

12:11PM 9    GOVERNMENT, I BELIEVE, FOLLOWING THE COURT'S INSTRUCTIONS.  WE

12:11PM 10   INTEND TO FOLLOW THE COURT'S INSTRUCTIONS HERE AS WELL.

12:11PM 11       WE DON'T THINK TAKING THAT WORD OUT, ESPECIALLY WHEN IT

12:11PM 12   WAS GIVEN IN THE HOLMES INSTRUCTIONS, MOVES THE NEEDLE, AND WE

12:11PM 13   DON'T INTEND TO TAKE FURTHER LIBERTIES IF IT REMAINS IN.

12:12PM 14       THE COURT:  SO WHICH IS EASIER FOR THE JURY TO

12:12PM 15   UNDERSTAND, LEAVING THE OMISSIONS IN, RECOGNIZING THAT THE

12:12PM 16   GOVERNMENT WOULD BE LIMITED IN THEIR ARGUMENT ON THIS, NOT TO

12:12PM 17   ARGUE AN OMISSIONS THEORY OF CULPABILITY, BUT RATHER LIMITED TO

12:12PM 18   THE ACTS OF MR. BALWANI IN DETERMINING KNOWINGLY; OR TO STRIKE

12:12PM 19   IT AND THEN RELY ON THE GOVERNMENT TO STILL ARGUE THAT, AND

12:12PM 20   THEN TO ARGUE OMISSION AS TO ACTS, WORDS, WHEN CONSIDERING

12:12PM 21   WHETHER OR NOT HE ACTED KNOWINGLY.

12:12PM 22       MS. SCHURICHT:  THE DEFENSE PREFERS THE LATTER.

12:12PM 23       THE COURT:  ALL RIGHT.  THANK YOU.

12:12PM 24     ANYTHING FURTHER?

12:12PM 25       MS. VOLKAR:  NO, YOUR HONOR.

12:12PM 1        THE COURT:  I SEE THE FACTS ARE DIFFERENT AND THE

12:12PM 2   PARTIES ARE DIFFERENT IN THIS CASE.

12:13PM 3        I'LL STRIKE OMISSIONS FROM THIS, BUT THAT'S NOT TO SAY

12:13PM 4   THAT THE GOVERNMENT IS -- LET ME NOT USE A DOUBLE NEGATIVE.

12:13PM 5        THE GOVERNMENT WOULD BE PERMITTED TO ARGUE OMISSIONS IN

12:13PM 6   REGARDS TO MR. BALWANI'S -- IN THEIR CONSIDERATION OF THE

12:13PM 7   EVIDENCE OF MR. BALWANI'S WORDS OR ACTS, THAT COULD INCLUDE

12:13PM 8   OMISSIONS.

12:13PM 9        I'M NOT GOING TO PUT IT IN THE INSTRUCTIONS, BUT THEY WILL

12:13PM 10  BE PERMITTED TO ARGUE THAT IN REGARDS TO WHETHER OR NOT

12:13PM 11  MR. BALWANI ACTED KNOWINGLY.  THEY WILL BE ABLE TO ARGUE THAT.

12:13PM 12       THEY'RE NOT GOING TO BE ABLE TO ARGUE AN OMISSIONS THEORY

12:13PM 13  FOR CULPABILITY, HOWEVER.

12:13PM 14       IS THAT CLEAR?

12:13PM 15           MS. SCHURICHT:  THAT'S FINE.

12:13PM 16           THE COURT:  IS THAT CLEAR?

12:13PM 17           MS. VOLKAR:  YES, YOUR HONOR.  I DIDN'T KNOW IF YOU

12:13PM 18  WERE GOING TO MOVE NEXT TO THE --

12:13PM 19           THE COURT:  I AM.  I AM.

12:13PM 20       AND I'M GOING TO OTHERWISE GIVE JURY INSTRUCTION NUMBER 23

12:14PM 21  AS GIVEN IN THE HOLMES CASE IN DOCUMENT 1206, WHICH DOES NOT

12:14PM 22  INCLUDE THE LAST SENTENCE ON LINES 7 AND 8.  I DON'T THINK

12:14PM 23  THAT'S NECESSARY.  I THINK THAT'S CUMULATIVE.

12:14PM 24       AND THAT DOESN'T PRECLUDE THE PARTIES FROM MAKING ANY

12:14PM 25  ARGUMENT REGARDING THOSE CONCEPTS.

12:14PM   1                    MS. SCHURICHT:  UNDERSTOOD.

12:14PM   2                    THE COURT:  OKAY.  THANK YOU.

12:14PM   3                    MS. SCHURICHT:  THANK YOU.

12:14PM   4                    THE COURT:  ANYTHING FURTHER ON KNOWINGLY?

12:14PM   5                    MS. VOLKAR:  NO, YOUR HONOR.  THANK YOU.

12:14PM   6                    THE COURT:  LET'S SEE.

12:14PM   7                    MS. VOLKAR:  I'M HAPPY, IN CASE IT HELPS, I THINK

12:14PM   8       THE NEXT FEW ARE GOING TO GO QUICKER BECAUSE I THINK THE

12:14PM   9       PARTIES ARE LARGELY IN AGREEMENT.

12:14PM  10                    THE COURT:  OKAY.  NEXT IS 24 ON THE CHART, "AIDING

12:14PM  11       AND ABETTING."

12:14PM  12                    MS. VOLKAR:  AND ACKNOWLEDGING THAT WE'RE ALL

12:15PM  13       STARTING FROM WHAT WAS GIVEN IN THE HOLMES CASE, THE ONLY EDITS

12:15PM  14       I SAW FOR MR. BALWANI WAS ACCOUNTING FOR COUNT NINE, AND THE

12:15PM  15       GOVERNMENT IS FINE WITH THAT.

12:15PM  16           SO I THINK THAT WAS THE ONLY DISCUSSION FOR NUMBER 24.

12:15PM  17                    MS. WALSH:  THAT'S CORRECT.

12:15PM  18                    THE COURT:  WITH THOSE CHANGES THEN, MS. VOLKAR,

12:15PM  19       YOU'LL PREPARE THAT.

12:15PM  20                    MS. VOLKAR:  YES.  AND I UNDERSTAND THE SAME WILL BE

12:15PM  21       TRUE FOR 25.

12:15PM  22                    THE COURT:  THANK YOU.

12:15PM  23                    MS. WALSH:  CORRECT.

12:15PM  24                    THE COURT:  THANK YOU.  WITH THOSE CHANGES THEN,

12:15PM  25       MS. VOLKAR.

12:15PM  1                MS. VOLKAR:  YES, YOUR HONOR.

12:15PM  2                THE COURT:  NEXT IS 26.

12:15PM  3                MS. WALSH:  WITH REGARD TO 26, WE HAVE NO FURTHER

12:15PM  4      ARGUMENT.

12:15PM  5                MS. VOLKAR:  YOUR HONOR.

12:15PM  6                THE COURT:  YES.

12:15PM  7                MS. VOLKAR:  LAST GO-ROUND THE GOVERNMENT HAD AN

12:16PM  8      ADDITIONAL SENTENCE THAT IT WANTED IN 26.  IT WAS ULTIMATELY

12:16PM  9      STRUCK.  WE DON'T NEED TO SEEK TO RELITIGATE THAT HERE.

12:16PM  10          WE'RE FINE WITH THE INSTRUCTION THAT WAS GIVEN IN HOLMES,

12:16PM  11     BUT WE WANTED TO PRESERVE THAT.

12:16PM  12               THE COURT:  THANK YOU.  I'LL GIVE THE INSTRUCTION

12:16PM  13     THAT WAS GIVEN IN THE HOLMES CASE AS GIVEN.

12:16PM  14          THANK YOU, MS. VOLKAR.

12:16PM  15          IS 27, "SUCCESS OF THE WIRE FRAUD SCHEME," NEXT?

12:16PM  16               MS. VOLKAR:  IT IS.  AND I'M HAPPY TO REPORT, IN THE

12:16PM  17     SAME VEIN, THE PARTIES I BELIEVE ALSO AGREE ON NUMBER 27.

12:16PM  18               MS. WALSH:  CORRECT, YOUR HONOR.

12:16PM  19               THE COURT:  ALL RIGHT.  THANK YOU.

12:16PM  20          NEXT ON THE CHART IS 28, "VIOLATIONS, REGULATIONS."  I

12:16PM  21     TOLD YOU I INTEND TO GIVE THAT.

12:16PM  22          ANYTHING FURTHER ON THAT?

12:16PM  23               MS. WALSH:  NO, YOUR HONOR, ONLY THAT WE MAY LOOK

12:16PM  24     INTO PROPOSING TO MOVE THAT EARLIER.

12:16PM  25               THE COURT:  SURE.  OKAY.

12:16PM 1          MS. VOLKAR:  YOUR HONOR, IT WOULD BE HELPFUL TO KNOW

12:16PM 2     THE GOVERNMENT REITERATES ITS PRIOR OBJECTIONS TO NUMBER 28.

12:16PM 3          BUT EARLIER I THINK WE WERE DISCUSSING WHETHER OR NOT

12:17PM 4     ADDITIONAL LANGUAGE WOULD BE ADDED TO 28.

12:17PM 5          IF 28 IS GOING TO REMAIN AS IT WAS GIVEN IN THE HOLMES

12:17PM 6     CASE, THE GOVERNMENT IS HAPPY TO JUST REST ON ITS PRIOR

12:17PM 7     OBJECTIONS AND NOTHING FURTHER.

12:17PM 8          BUT IF THERE'S GOING TO BE FURTHER WORDSMITHING, MAYBE

12:17PM 9     THAT SHOULD JUST BE PART OF OUR MEET AND CONFER.

12:17PM 10         THE COURT:  THAT'S WHAT MY INTENT WAS --

12:17PM 11         MS. WALSH:  YES.

12:17PM 12         THE COURT:  -- THAT YOU MEET AND CONFER ON THAT AND

12:17PM 13    YOU SEE BOTH WHETHER OR NOT A SENTENCE OR TWO, WHATEVER, WOULD

12:17PM 14    BE ADDED, AND THEN LOCATION.

12:17PM 15         MS. WALSH:  YES, YOUR HONOR.

12:17PM 16         MS. VOLKAR:  UNDERSTOOD.  THANK YOU.

12:17PM 17         THE COURT:  I WILL GIVE THE FINAL INSTRUCTIONS.  I

12:17PM 18    THINK THAT'S THE 7 SERIES.  I DON'T THINK THERE'S ANY DISPUTE

12:17PM 19    ABOUT THE 7 SERIES, THAT IS, THE CONCLUDING INSTRUCTIONS, "DUTY

12:17PM 20    TO DELIBERATE."

12:17PM 21         MS. VOLKAR:  ONE MOMENT, YOUR HONOR.  I BELIEVE

12:17PM 22    THAT'S RIGHT.

12:17PM 23         THE COURT:  SURE.

12:18PM 24       (PAUSE IN PROCEEDINGS.)

12:18PM 25         MS. VOLKAR:  YOUR HONOR, IT IS THE SAME WHERE THERE

12:18PM 1    WAS SOME TWEAKS THAT WERE MADE IN THE HOLMES FILED VERSION THAT

12:18PM 2    ARE NOT CURRENTLY REFLECTED IN THE GOVERNMENT'S VERSION.

12:18PM 3         WE'RE HAPPY TO ADD THOSE GIVEN THE DISCUSSION THIS

12:18PM 4    MORNING, BUT WE PRESERVE OUR PRIOR ARGUMENTS ABOUT THEM.

12:18PM 5              THE COURT:  OKAY.  THANK YOU.

12:18PM 6         SO WHAT I'LL DO THEN, MS. VOLKAR, AND I'LL ACCEPT YOUR

12:18PM 7    INVITATION TO PREPARE A DRAFT THAT CAN BE SHARED, AND THEN

12:18PM 8    WE'LL HAVE ANOTHER FINAL CHARGING DISCUSSION ABOUT THAT AT SOME

12:18PM 9    POINT WHEN WE HAVE TIME.

12:18PM 10        BUT LET'S TALK ABOUT -- I BELIEVE THERE ARE TWO THAT ARE

12:18PM 11   LISTED IN 1476 ON THE BOTTOM OF PAGE 3, BALWANI PROPOSED

12:18PM 12   INSTRUCTIONS, AND ONE IS A "GOVERNMENT AGENCY WITNESS" AND THE

12:18PM 13   OTHER IS THE "ADVERSE INFERENCE FOR MISSING EVIDENCE."

12:18PM 14        LET ME TAKE THAT LAST ONE FIRST, "ADVERSE INFERENCE FOR

12:19PM 15   MISSING EVIDENCE."  I HAVE THE PROPOSED.

12:19PM 16        IT SEEMS TO ME THIS MIGHT BE DEFERRED UNTIL AFTER

12:19PM 17   MR. SONNIER'S TESTIMONY.

12:19PM 18              MS. WALSH:  YES, YOUR HONOR, THAT'S FINE WITH THE

12:19PM 19   DEFENSE.  IF THAT'S THE COURT'S PREFERENCE, WE CAN DO THAT.

12:19PM 20              THE COURT:  IT SEEMS IF I'M GOING TO GO THROUGH --

12:19PM 21   AND I KNOW THE PARTIES REFERENCE LOUD HAWK AND SOME OTHER

12:19PM 22   CASES, AND LOUD HAWK TALKS ABOUT A BALANCING, AND WHEN I LOOKED

12:19PM 23   AT THIS, IF I -- I THINK IT APPROPRIATE TO LOOK AND BALANCE THE

12:19PM 24   CONDUCT, THE FACTS, INCLUDING ANY PREJUDICE.

12:19PM 25        WE KNOW FROM OUR CONVERSATIONS AS TO WHAT THE STATE OF THE

12:19PM   1    EVIDENCE IS, OR THE FACTS ARE, I SHOULD SAY.

12:19PM   2         I'M NOT PREPARED TODAY, JUST BASED ON THAT DISCUSSION,

12:19PM   3    WITHOUT HEARING THE TESTIMONY, TO MAKE A DECISION AS TO WHETHER

12:20PM   4    OR NOT THIS INSTRUCTION SHOULD BE GIVEN EITHER AS PRESENTED OR

12:20PM   5    MODIFIED WITH ADDITIONAL LANGUAGE BASED ON THE EVIDENCE.

12:20PM   6         AND THAT WOULD INCLUDE WHETHER OR NOT THE GOVERNMENT

12:20PM   7    DECIDES, IF THIS WITNESS TESTIFIES, WHETHER OR NOT THE

12:20PM   8    GOVERNMENT DECIDES TO ADD A REBUTTAL, BECAUSE THAT COULD CHANGE

12:20PM   9    THE NATURE OF THE INSTRUCTIONS.  THERE COULD BE ADDITIONS,

12:20PM   10   DELETIONS BASED ON THAT.

12:20PM   11        AND MY SENSE IS THAT THE COURT SHOULD RECOGNIZE THE

12:20PM   12   TOTALITY OF THE CIRCUMSTANCE, I SHOULD SAY THE TOTALITY OF THE

12:20PM   13   EVIDENCE THAT IS PRESENTED TO THE JURY BEFORE IT DECIDES AND

12:20PM   14   MAKES A FINAL DECISION ON WHETHER OR NOT THIS INSTRUCTION

12:20PM   15   SHOULD BE GIVEN.

12:20PM   16        I'M HAPPY TO HEAR FROM YOU.

12:20PM   17             MS. WALSH:  THAT MAKES SENSE TO THE DEFENSE,

12:20PM   18   YOUR HONOR.

12:20PM   19             MS. VOLKAR:  YOUR HONOR, I'M HAPPY TO DEFER.

12:20PM   20        IT WON'T SURPRISE THE COURT TO HEAR THAT THE GOVERNMENT

12:20PM   21   STRENUOUSLY OBJECTS TO GIVING THIS INSTRUCTION AT ALL, AND IF

12:20PM   22   IT WERE TO BE GIVEN, IT WOULD NEED TO BE SUBSTANTIALLY

12:21PM   23   MODIFIED.

12:21PM   24        I WANT TO MAKE TWO POINTS ON THAT.  ONE, THE MODEL

12:21PM   25   INSTRUCTION THAT I ASSUME THIS IS BASED OFF OF, BUT IT IS

12:21PM  1    SOMEWHAT HARD TO RECOGNIZE, IS MODEL 3.19, WHICH HAS A

12:21PM  2    DIFFERENT TITLE TO START WITH, LET ALONE SIGNIFICANTLY

12:21PM  3    DIFFERENT LANGUAGE.  "INTENTIONALLY" IS USED, NOT "NEGLIGENTLY"

12:21PM  4    OR "RECKLESSLY."

12:21PM  5            THE COURT:  RIGHT.

12:21PM  6            MS. VOLKAR:  BUT MORE THAN THAT, I WANT TO MAKE SURE

12:21PM  7    THE COURT IS AWARE AND HAS TIME TO PREPARE WHERE, AS DEFENDANT

12:21PM  8    AND DEFENSE COUNSEL HAS ARGUED THE COURT'S PRIOR RULING ON THE

12:21PM  9    MOTION TO SUPPRESS WAS IRRELEVANT WHEN WE WERE TALKING ABOUT

12:21PM 10    MR. SONNIER, WE UNDERSTAND THE COURT'S ORDER.

12:21PM 11        THE COURT'S ANALYSIS IN THE MOTION TO SUPPRESS WAS

12:21PM 12    ABSOLUTELY ON THE LOUD HAWK CASE, LINE OF CASES AND FACTORS,

12:21PM 13    AND IT IS ABSOLUTELY RELEVANT TO THIS EXACT ISSUE.

12:21PM 14        SO I WOULD JUST INVITE THE COURT TO -- WE'RE GOING TO HAVE

12:22PM 15    ECF 887 AND THE COURT'S INCORPORATION OF IT AT ECF 1326 AT OUR

12:22PM 16    FINGERTIPS, AND SO AS NOT TO SURPRISE ANYBODY, I WANTED TO SAY

12:22PM 17    THAT, AT THIS MOMENT IN TIME, WE THINK THOSE ARE HIGHLY

12:22PM 18    RELEVANT TO THE COURT'S ULTIMATE BALANCING.

12:22PM 19        THANK YOU.

12:22PM 20            THE COURT:  ALL RIGHT.  THANK YOU.

12:22PM 21            MS. WALSH:  NOTHING FURTHER FROM THE DEFENSE.

12:22PM 22            THE COURT:  OKAY.

12:22PM 23        THEN "AGENCY WITNESS."

12:22PM 24        MS. WALSH.

12:22PM 25            MS. WALSH:  YES, YOUR HONOR.  WE PROPOSED THIS NEW

12:22PM 1    INSTRUCTION BECAUSE MS. BENNETT TESTIFIED, WHO WORKS FOR CMS,

12:22PM 2    AND WE THOUGHT THIS WAS AN APPROPRIATE INSTRUCTION TO INCLUDE.

12:22PM 3         I'LL ALSO NOTE THAT QUESTION 63 ON THE JUROR QUESTIONNAIRE

12:22PM 4    TALKED ABOUT AND ASKED THE JURORS ABOUT THEIR VIEWS ON LAW

12:22PM 5    ENFORCEMENT WITNESSES AND WHETHER THEY GIVE MORE CREDENCE TO

12:23PM 6    LAW ENFORCEMENT WITNESSES, OR LESS CREDENCE.

12:23PM 7         SO I THINK IT IS AN APPROPRIATE INSTRUCTION UNDER THESE

12:23PM 8    CIRCUMSTANCES.

12:23PM 9              THE COURT:  OKAY.

12:23PM 10        MS. VOLKAR.

12:23PM 11             MS. VOLKAR:  FIRST OF ALL, I WANT TO MAKE SURE THAT

12:23PM 12   I RESPOND TO MS. WALSH'S POINT.

12:23PM 13        MS. BENNETT IS NOT A LAW ENFORCEMENT WITNESS.  THE COURT

12:23PM 14   HELD THAT SHE'S NOT A LAW ENFORCEMENT OFFICER WHEN IT COMES TO,

12:23PM 15   FOR EXAMPLE, THE HEARSAY EXCEPTION FOR PUBLIC RECORDS.  SO I

12:23PM 16   THINK THAT'S A FALSE PREMISE.

12:23PM 17        BUT MORE IMPORTANTLY, I THINK THAT THE ENTIRE -- THE

12:23PM 18   GOVERNMENT OBJECTS TO GIVING THIS INSTRUCTION IN THE ENTIRETY,

12:23PM 19   IN LARGE PART BECAUSE IT'S REDUNDANT OF OTHER INSTRUCTIONS THAT

12:23PM 20   THE COURT IS ALREADY GOING TO GIVE.

12:23PM 21        FIRST OF ALL, IT'S REDUNDANT OF THE CREDIBILITY

12:23PM 22   INSTRUCTIONS, WHICH WAS NUMBER 9 IN ECF 1206, AND FOR THAT

12:23PM 23   INSTRUCTION IT SAYS THE JURY CAN CONSIDER BIAS OR PREJUDICE OF

12:23PM 24   A WITNESS.

12:24PM 25        AND, OF COURSE, THE DEFENSE IS ENTITLED TO ARGUE IN

12:24PM 1    CLOSING ARGUMENT THAT HER ROLE AS A GOVERNMENT EMPLOYEE BIASES

12:24PM 2    OR PREJUDICES HER TESTIMONY IN SOME WAY.

12:24PM 3        ALSO, NUMBER 1, AND ALSO ONE OF THE 7 SERIES WE WERE JUST

12:24PM 4    REFERENCING, BASED ON THE ADDITIONS IN THE HOLMES TRIAL, THERE

12:24PM 5    IS AN ADDED LANGUAGE THAT THE JURY SHOULD NOT CONSIDER A

12:24PM 6    PERSON'S PROFESSION IN ESSENTIALLY GIVING WEIGHT TO THEIR

12:24PM 7    TESTIMONY OR WHEN CONSIDERING THEM -- I APOLOGIZE, I DON'T HAVE

12:24PM 8    THE LANGUAGE IMMEDIATELY BEFORE ME -- BUT ADDED INTO THAT

12:24PM 9    LANGUAGE WAS PROFESSION, POSITION IN THE COMMUNITY, AND THAT'S

12:24PM 10   ANOTHER JURY INSTRUCTION THAT THE DEFENSE CAN POINT TO.

12:24PM 11       AND THIS INSTRUCTION UNNECESSARILY CALLS OUT A PIECE OF

12:24PM 12   EVIDENCE OR A SPECIFIC PERSON'S TESTIMONY.  IT ESSENTIALLY

12:24PM 13   ELEVATES MS. BENNETT TO KIND OF LIKE THE ROLE OF AN EXPERT, AND

12:25PM 14   WHY I SAY THAT IS BECAUSE THERE'S A SEPARATE INSTRUCTION ABOUT

12:25PM 15   CREDIBILITY WHEN IT COMES TO EXPERTS, AND THERE'S A SEPARATE

12:25PM 16   INSTRUCTION ABOUT DUAL ROLE TESTIMONY, AND TO HAVE AN

12:25PM 17   INSTRUCTION LIKE THIS CALLS OUT AND ELEVATES ANOTHER TYPE OF

12:25PM 18   TESTIMONY IN THAT VEIN AND GIVES, HONESTLY, MORE EMPHASIS TO

12:25PM 19   IT.

12:25PM 20       THERE ARE NO -- IT'S -- SORRY.  LET ME BACK UP.

12:25PM 21       ANOTHER POINT IS THAT GOVERNMENT AGENTS OR FEDERAL AGENTS

12:25PM 22   TESTIFY IN CRIMINAL TRIALS ALL THE TIME, BUT THERE IS NO MODEL

12:25PM 23   INSTRUCTION ON THIS POINT OTHER THAN UNDERCOVER AGENTS WAS WHAT

12:25PM 24   I WAS ABLE TO FIND.

12:25PM 25       AND I POINT THAT OUT TO SAY, THIS IS SOMETHING THAT

12:25PM 1    HAPPENS ALL OF THE TIME, AND IF A SPECIAL INSTRUCTION WERE

12:25PM 2    NEEDED, YOU WOULD HAVE -- ONE WOULD ASSUME THAT THE

12:25PM 3    NINTH CIRCUIT WOULD HAVE PROMULGATED A MODEL INSTRUCTION FOR

12:26PM 4    IT.

12:26PM 5         AND WHEN I LOOK AT THEIR LIST OF REFERENCES AND AUTHORITY

12:26PM 6    FOR THIS, IT'S LARGELY OUT OF CIRCUIT OR MATTHEW BENDER OR

12:26PM 7    VARIOUS OTHER SECONDARY SOURCES.

12:26PM 8         THE ONLY NINTH CIRCUIT CASE CITED IS THE LAST ONE, AND

12:26PM 9    I'VE READ THAT CASE, YOUR HONOR, AND THAT COURT JUST APPROVED

12:26PM 10   THE GIVING OF THE GENERIC CREDIBILITY INSTRUCTION WHICH AT THE

12:26PM 11   TIME CONTAINED THE LANGUAGE THAT IS QUOTED.

12:26PM 12        SO I ACTUALLY THINK THE ONE NINTH CIRCUIT CASE CITED

12:26PM 13   SUPPORTS THE GOVERNMENT'S POSITION THAT THE MODEL INSTRUCTION

12:26PM 14   ON CREDIBILITY IS SUFFICIENT TO COVER THIS, AND PERHAPS WE NEED

12:26PM 15   TO HAVE SOME TWEAKING TO ADD "OCCUPATION OR BACKGROUND" INTO

12:26PM 16   THAT INSTRUCTION.

12:26PM 17        BUT I DON'T THINK A SECOND INSTRUCTION CALLING OUT ONE

12:26PM 18   WITNESS IS NECESSARY IN THIS CASE.

12:26PM 19             MS. WALSH:  SO, YOUR HONOR, LET ME ADDRESS AS MUCH

12:27PM 20   AS I CAN OF THAT.

12:27PM 21        I THINK WHEN MS. VOLKAR WAS REFERRING TO MATTHEW BENDER,

12:27PM 22   SHE WAS REFERRING TO JUDGE SANDS'S MODEL FEDERAL JURY

12:27PM 23   INSTRUCTIONS WHICH ARE USED ALL OVER THE COUNTRY QUITE

12:27PM 24   FREQUENTLY.

12:27PM 25        I UNDERSTAND THERE'S NOT A PATTERN INSTRUCTION IN THE

12:27PM  1    NINTH CIRCUIT FOR LAW ENFORCEMENT WITNESSES, EXCEPT IF THEY'RE

12:27PM  2    UNDERCOVER.

12:27PM  3         AND AS TO MS. BENNETT, I DON'T THINK I SAID SHE WAS LAW

12:27PM  4    ENFORCEMENT.  I THINK I SAID SHE WORKED FOR CMS.

12:27PM  5         I WAS REFERRING TO THE JUROR QUESTIONNAIRE, WHICH -- IN

12:27PM  6    WHICH THE COURT INCLUDED A QUESTION TO THE PANEL ABOUT WHETHER

12:27PM  7    THEY GIVE MORE CREDENCE OR LESS CREDENCE TO LAW ENFORCEMENT

12:27PM  8    WITNESSES.

12:27PM  9         SO I THINK THIS INSTRUCTION IS APPROPRIATE.  I DON'T

12:27PM  10   THINK -- I THINK THE COURT HAS THE DISCRETION TO INCLUDE THIS.

12:27PM  11        SINCE MS. BENNETT IS AN AGENT OF THE GOVERNMENT, SHE'S A

12:27PM  12   REGULATOR, SOME JURORS MAY GIVE THAT MORE WEIGHT THAN NOT, AND

12:28PM  13   IT'S APPROPRIATE TO INSTRUCT THEM THAT THEY SHOULDN'T, JUST

12:28PM  14   BASED ON HER STATUS AS A REGULATOR, GIVE HER TESTIMONY MORE

12:28PM  15   WEIGHT.

12:28PM  16        THE COURT:  THANK YOU.

12:28PM  17        WELL, WHAT IF WE ADDED THAT LAST QUOTED SENTENCE IN YOUR

12:28PM  18   PAGE 24, BOTTOM OF THE PAGE, "YOU'RE REQUIRED TO USE THE SAME

12:28PM  19   STANDARD IN JUDGING THE CREDIBILITY OF EVERY WITNESS,

12:28PM  20   REGARDLESS OF WHAT HIS OCCUPATION OR BACKGROUND MAY BE," "HIS

12:28PM  21   OR HER OCCUPATION OR BACKGROUND MAY BE."

12:28PM  22        "OR" INSTEAD OF "YOUR."

12:28PM  23        "YOU SHOULD USE THE SAME STANDARD."

12:28PM  24        MS. WALSH:  I, I -- JUDGE -- YOUR HONOR, I THINK

12:29PM  25   THIS IS TOO GENERIC, AND I THINK THE JURY SHOULD BE INSTRUCTED

12:29PM 1    THAT SOMEONE WHO WORKS FOR A GOVERNMENT AGENCY, IN A CASE

12:29PM 2    BROUGHT BY THE GOVERNMENT, SHOULD NOT GET MORE WEIGHT JUST FOR

12:29PM 3    THE FACT THAT SHE WORKS FOR THE GOVERNMENT.

12:29PM 4            THE COURT:  OKAY.  WELL, IF YOU WOULD LIKE TO ADD

12:29PM 5    THAT LAST SENTENCE, I'LL GIVE YOU THE OPPORTUNITY TO DO SO,

12:29PM 6    INSTEAD OF GIVING YOU YOUR FULL INSTRUCTION, WHICH IS TO SAY

12:29PM 7    I'M NOT GOING TO GIVE THE ONE THAT YOU'RE SUGGESTING.  I WOULD

12:29PM 8    GIVE THE LAST SENTENCE --

12:29PM 9            MS. WALSH:  OKAY.

12:29PM 10           THE COURT:  -- OR A MODIFICATION OF IT.

12:29PM 11       BUT IT'S GRAMMATICALLY MORE APPEALING.

12:29PM 12       AND THAT COULD BE INSERTED PERHAPS AS THE NEW NUMBER 8.

12:29PM 13       AND THEN THE CURRENT NUMBER 8, THIS IS ON THE CREDIBILITY

12:29PM 14   INSTRUCTION, WOULD BE THE LAST -- NUMBER 9 THEN WOULD BE -- THE

12:29PM 15   LAST BULLET WOULD BE, THE LAST NUMBER WOULD BE 9, "ANY OTHER

12:29PM 16   FACTORS THAT BEAR ON BELIEVABILITY."

12:30PM 17       AND THEN THIS INSERT COULD BE THE NEW NUMBER 8.

12:30PM 18       DOES THAT MAKE SENSE?  HAVE I CONFUSED YOU?

12:30PM 19           MS. VOLKAR:  LET ME CLARIFY THAT LAST PART,

12:30PM 20   YOUR HONOR.

12:30PM 21           THE COURT:  SURE.

12:30PM 22           MS. VOLKAR:  THIS WOULD BE GRAMMATICALLY CORRECT --

12:30PM 23           THE COURT:  YES.

12:30PM 24           MS. VOLKAR:  SORRY, NOW I'M CONFUSED.

12:30PM 25       THIS SENTENCE, MADE GRAMMATICALLY CORRECT, WOULD BE

12:30PM  1      INSERTED AS 8 AND BUMP DOWN WHAT IS CURRENTLY NUMBER 8?

12:30PM  2              THE COURT:  THAT'S CORRECT.  AND CURRENT NUMBER 8

12:30PM  3      WOULD BE NUMBER 9.

12:30PM  4              MS. VOLKAR:  UNDERSTOOD.

12:30PM  5              THE COURT:  THE LAST, NUMBER 9, WOULD BE "ANY OTHER

12:30PM  6      FACTORS THAT BEAR ON BELIEVABILITY."

12:30PM  7              MS. VOLKAR:  THAT'S FINE WITH THE GOVERNMENT, YOUR

12:30PM  8      HONOR.

12:30PM  9              THE COURT:  DID YOU GET THAT, MS. WALSH?

12:30PM  10             MS. WALSH:  I DID, YOUR HONOR.

12:30PM  11             THE COURT:  SO WITH THAT, I WON'T GIVE THE PROPOSED

12:30PM  12     GOVERNMENT AGENCY WITNESS INSTRUCTION.  I WILL, HOWEVER, ALLOW

12:30PM  13     A GRAMMATICALLY CONFORMED LAST LINE TO APPEAR IN THE NUMERICAL

12:31PM  14     ITEMS TO CONSIDER, AND THE LAST ITEM THEN WOULD BE "ANY OTHER

12:31PM  15     FACTORS THAT BEAR ON BELIEVABILITY."

12:31PM  16         AM I CORRECT THAT WE'VE EXHAUSTED ALL OF THE CONVERSATIONS

12:31PM  17     THIS MORNING?

12:31PM  18             MS. WALSH:  IF I COULD JUST CHECK WITH MY TEAM?

12:31PM  19             THE COURT:  SURE.  OF COURSE.

12:31PM  20             MS. VOLKAR:  YOUR HONOR, I'D LIKE TO PASS THE MIKE

12:31PM  21     TO MR. SCHENK.

12:31PM  22             THE COURT:  YES.

12:31PM  23         (DISCUSSION AMONGST DEFENSE COUNSEL OFF THE RECORD.)

12:31PM  24             MS. WALSH:  YES, YOUR HONOR, NOTHING ELSE ON THE

12:31PM  25     JURY INSTRUCTIONS.

6666

```
12:31PM   1              THE COURT:  OKAY.  THANK YOU.

12:31PM   2          MR. SCHENK.

12:31PM   3              MR. SCHENK:  YOUR HONOR, JUST AN ISSUE ON

12:31PM   4      SCHEDULING, IF THE COURT WOULD LIKE TO TALK ABOUT THAT TOPIC.

12:31PM   5          THE COURT SUGGESTED THAT IT WAS GOING TO DEFER RULING ON

12:31PM   6      THE MISSING EVIDENCE INSTRUCTION.  I WONDER IF WE COULD SET A

12:31PM   7      TIME FOR THAT.

12:31PM   8          I UNDERSTAND THAT THE JURY IS HERE UNTIL 2:00 P.M.

12:32PM   9      TOMORROW.

12:32PM  10              THE COURT:  RIGHT.

12:32PM  11              MR. SCHENK:  AND I THINK 2:00 P.M. TOMORROW,

12:32PM  12      ASSUMING THE DEFENSE HAS FINISHED THEIR DIRECT OF THEIR EXPERT,

12:32PM  13      IS AN APPROPRIATE TIME TO TAKE UP THIS INSTRUCTION, BECAUSE THE

12:32PM  14      COURT'S THOUGHTS ON WHETHER IT MIGHT GIVE THAT INSTRUCTION

12:32PM  15      BASED ON WHAT IT HEARD WILL BE USEFUL IN GUIDING THE

12:32PM  16      GOVERNMENT'S DECISION AND ANALYSIS OF WHETHER IT WOULD PUT ON A

12:32PM  17      REBUTTAL CASE.

12:32PM  18          SO IF THAT WILL WORK?

12:32PM  19              THE COURT:  SURE.

12:32PM  20          MR. COOPERSMITH?

12:32PM  21              MR. COOPERSMITH:  THAT SOUNDS FINE, YOUR HONOR.

12:32PM  22              THE COURT:  LET ME TELL YOU, WE -- I HAVE TO

12:32PM  23      DISAPPOINT YOU TO START AT 2:00 O'CLOCK, THOUGH.  APPARENTLY I

12:32PM  24      HAVE A CHANGE OF PLEA HEARING AT 2:00 O'CLOCK.

12:32PM  25          BUT WE'LL TAKE IT UP AS SOON AS I'M FINISHED WITH THAT,
```

12:32PM  1    WHICH WOULD PROBABLY BE 2:30, 2:45.

12:32PM  2              MR. COOPERSMITH:  YES.  WE CAN WAIT, OF COURSE,

12:32PM  3    YOUR HONOR.

12:32PM  4              MR. SCHENK:  YES, YOUR HONOR.

12:32PM  5              THE COURT:  GREAT.

12:32PM  6         OKAY.  MS. VOLKAR.

12:32PM  7              MS. VOLKAR:  SORRY, YOUR HONOR.  IN PACKING UP, WE

12:32PM  8    DIDN'T DISCUSS THE VERDICT FORM.

12:32PM  9              THE COURT:  NO, WE DIDN'T.

12:32PM  10             MS. VOLKAR:  IS THAT ON PURPOSE?

12:32PM  11             THE COURT:  IS THERE ANYTHING THAT WE NEED TO TALK

12:33PM  12   ABOUT ON THE VERDICT FORM?

12:33PM  13             MS. VOLKAR:  WHAT I STARTED OFF IN MY OPENING SORT

12:33PM  14   OF REMARKS WAS THAT THE VERDICT FORM I FEEL IS THE SAME DEBATE

12:33PM  15   AS BETWEEN MS. HOLMES AND THE GOVERNMENT.

12:33PM  16        THE GOVERNMENT THINKS THE COURT SHOULD DO WHAT IT DID LAST

12:33PM  17   TIME AND WHAT IT DOES IN MOST CASES, AND THAT'S REALLY THE ONLY

12:33PM  18   THING THAT I HAVE TO SAY THERE.

12:33PM  19             MS. WALSH:  YES, YOUR HONOR.

12:33PM  20        I THINK THE ONLY REALLY SUBSTANTIVE CHANGE, I THINK, WAS

12:33PM  21   THE ORDER OF THE NOT GUILTY, GUILTY.

12:33PM  22             THE COURT:  RIGHT.

12:33PM  23             MS. WALSH:  WE WOULD PREFER THAT SINCE MR. BALWANI

12:33PM  24   IS PRESUMED INNOCENT.

12:33PM  25        BUT I UNDERSTAND IN THE HOLMES TRIAL THAT THE COURT

12:33PM 1    DECIDED NOT TO DO IT THAT WAY.

12:33PM 2       AND THE OTHER ITEMS WERE CAPITALIZING INDICTMENT AND

12:33PM 3    INSERTING "AGAINST THERANOS PAYING PATIENTS" --

12:33PM 4            THE COURT:  YES.

12:33PM 5            MS. WALSH:  -- AND, AGAIN, "THERANOS INVESTORS"

12:33PM 6    AFTER WIRE FRAUD, AND THEN TAKING OUT THE NAMES OF THE

12:33PM 7    INVESTORS.

12:34PM 8       I BELIEVE THAT WAS IT.

12:34PM 9            THE COURT:  MS. VOLKAR.

12:34PM 10           MS. VOLKAR:  MY NOTES ARE NOT AS CAREFUL ON THIS.  I

12:34PM 11   APOLOGIZE.

12:34PM 12      BUT I ASSUME THAT'S CORRECT.

12:34PM 13           THE COURT:  WELL, I'LL HAVE YOU -- IT WOULD BE MY

12:34PM 14   INTENT TO OTHERWISE GIVE THE SAME VERDICT FORM, USE THE SAME

12:34PM 15   VERDICT FORM, PARDON ME, THAT I USED IN THE HOLMES CASE.

12:34PM 16      BUT I'LL LET YOU LOOK AND SEE IF THERE'S ANY SIGNIFICANT

12:34PM 17   OTHER CHANGES THAT YOU WANT TO DRAW TO MY ATTENTION.  WE CAN

12:34PM 18   TALK ABOUT THAT TOMORROW AFTERNOON AS WELL.

12:34PM 19           MS. WALSH:  SURE.

12:34PM 20           MS. VOLKAR:  THAT'S CORRECT.  THAT'S VERY HELPFUL.

12:34PM 21           THE COURT:  ALL RIGHT.  THANK YOU.

12:34PM 22           THE CLERK:  COURT IS ADJOURNED.

12:34PM 23       (COURT ADJOURNED AT 12:34 P.M.)

24

25

1

2

3                    CERTIFICATE OF REPORTERS

4

5

6

7        WE, THE UNDERSIGNED OFFICIAL COURT REPORTERS OF THE

8    UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

9    CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO

10   HEREBY CERTIFY:

11        THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____
     IRENE RODRIGUEZ, CSR, CRR
17   CERTIFICATE NUMBER 8076

18

19   _____
     LEE-ANNE SHORTRIDGE, CSR, CRR
20   CERTIFICATE NUMBER 9595

21        DATED:  JUNE 8, 2022

22

23

24

25