1

2                    UNITED STATES DISTRICT COURT

3                  NORTHERN DISTRICT OF CALIFORNIA

4                       SAN JOSE DIVISION

5

     UNITED STATES OF AMERICA,          )
6                                        )  CR-18-00258-EJD
                    PLAINTIFF,           )
7                                        )  SAN JOSE, CALIFORNIA
              VS.                        )
8                                        )  JUNE 10, 2022
     RAMESH "SUNNY" BALWANI,             )
9                                        )  VOLUME 37
                    DEFENDANT.           )
10   _____     )  PAGES 6894 - 6928

11

12                  TRANSCRIPT OF TRIAL PROCEEDINGS
                BEFORE THE HONORABLE EDWARD J. DAVILA
13                  UNITED STATES DISTRICT JUDGE

14   A P P E A R A N C E S:

15   FOR THE PLAINTIFF:    UNITED STATES ATTORNEY'S OFFICE
                           BY:  JOHN C. BOSTIC
16                              JEFFREY B. SCHENK
                           150 ALMADEN BOULEVARD, SUITE 900
17                         SAN JOSE, CALIFORNIA 95113

18                         BY:  ROBERT S. LEACH
                               KELLY VOLKAR
19                         1301 CLAY STREET, SUITE 340S
                           OAKLAND, CALIFORNIA 94612
20
              (APPEARANCES CONTINUED ON THE NEXT PAGE.)
21
     OFFICIAL COURT REPORTERS:
22                              IRENE L. RODRIGUEZ, CSR, RMR, CRR
                                CERTIFICATE NUMBER 8074
23                              LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24
            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
25              TRANSCRIPT PRODUCED WITH COMPUTER

```
 1    A P P E A R A N C E S: (CONT'D)

 2    FOR DEFENDANT BALWANI:  ORRICK, HERRINGTON & SUTCLIFFE LLP
                                BY:  SACHI SCHURICHT
 3                                   REESE ORNATE
                              THE ORRICK BUILDING
 4                            405 HOWARD STREET
                              SAN FRANCISCO, CALIFORNIA 94105

 5
                              BY:  JEFFREY COOPERSMITH
 6                            701 FIFTH AVENUE, SUITE 5600
                              SEATTLE, WASHINGTON 98104

 7
                              BY:  AMY WALSH
 8                            51 W 52ND STREET
                              NEW YORK, NEW YORK 10019

 9

10    ALSO PRESENT:           OFFICE OF THE U.S. ATTORNEY
                              BY:  MADDI WACHS, PARALEGAL
11                                 SARA SLATTERY, PARALEGAL

12                            UNITED STATES POSTAL INSPECTION SERVICE
                              BY:  CHRISTOPHER MCCOLLOW
13
                              FEDERAL BUREAU OF INVESTIGATION
14                            BY:  MARIO C. SCUSSEL

15                            UNITED STATES FOOD & DRUG
                              ADMINISTRATION
16                            BY:  GEORGE SCAVDIS

17

18

19

20

21

22

23

24

25
```

| | | |
|---|---|---|
| | 1 | SAN JOSE, CALIFORNIA                                    JUNE 10, 2022 |
| 10:07AM | 2 | P R O C E E D I N G S |
| 10:07AM | 3 | (COURT CONVENED AT 10:07 A.M.) |
| 10:07AM | 4 | (JURY OUT AT 10:07 A.M.) |
| 10:08AM | 5 | THE COURT:  THANK YOU.  PLEASE BE SEATED. |
| 10:08AM | 6 | WE ARE BACK ON THE RECORD IN THE BALWANI MATTER. |
| 10:08AM | 7 | COUNSEL ARE PRESENT. |
| 10:08AM | 8 | WE ARE GOING TO CONTINUE OUR DISCUSSION REGARDING |
| 10:08AM | 9 | FINALIZING THE JURY INSTRUCTIONS. |
| 10:08AM | 10 | THE JURY IS NOT PRESENT.  THEY ARE IN RECESS FOR THE DAY. |
| 10:08AM | 11 | I DON'T SEE YOUR CLIENT, MR. COOPERSMITH, MS. WALSH. |
| 10:08AM | 12 | DO YOU -- |
| 10:08AM | 13 | MS. WALSH:  YES.  WE FILED A WAIVER, YOUR HONOR. |
| 10:08AM | 14 | THE COURT:  ALL RIGHT.  THANK YOU. |
| 10:08AM | 15 | AND YOU AGREE TO WAIVE HIS APPEARANCE FOR PURPOSES OF |
| 10:08AM | 16 | TODAY'S PROCEEDING? |
| 10:08AM | 17 | MS. WALSH:  WE DO. |
| 10:08AM | 18 | THE COURT:  ALL RIGHT.  THANK YOU. |
| 10:08AM | 19 | I DID RECEIVE YESTERDAY A -- AND THANK YOU FOR YOUR WORK, |
| 10:08AM | 20 | YOUR CONTINUED WORK ON THE INSTRUCTIONS. |
| 10:08AM | 21 | I RECEIVED A PACKET, A DRAFT.  IT WASN'T FILED ON THE |
| 10:08AM | 22 | DOCKET.  I DIDN'T ASK IT TO BE FILED ON THE DOCKET, BUT IT WAS |
| 10:08AM | 23 | A WORKING DRAFT OF OUR WORK ON THE INSTRUCTIONS.  THERE'S A |
| 10:08AM | 24 | COUPLE OF ITEMS THAT I THINK WE SHOULD DISCUSS. |
| 10:09AM | 25 | I HAVE A COLOR COPY HERE, AND I THINK, MS. VOLKAR, AND |

10:09AM  1    MS. WALSH, THANK YOU FOR PROVIDING ME THE COLOR COPY.

10:09AM  2            MS. VOLKAR:  YOU'RE WELCOME, YOUR HONOR.

10:09AM  3            THE COURT:  THEY SUGGEST THE REMAINING MATTERS WE

10:09AM  4    SHOULD DISCUSS.

10:09AM  5        AND I SEE THE FIRST ONE HIGHLIGHTED HERE IS INSTRUCTION --

10:09AM  6    IS IT 16?  AND I'M GOING THROUGH OUR COPY.  EXCUSE ME.

10:09AM  7    LET'S -- IT'S ACTUALLY INSTRUCTION 3, ISN'T IT, ON PAGE 5?

10:09AM  8            MS. VOLKAR:  YOUR HONOR, IT DEPENDS ON HOW YOU WANT

10:09AM  9    TO HANDLE THE PLACEMENT AND LOCATION OF THE ALLEGED VIOLATIONS

10:09AM  10   OF REGULATIONS AND INDUSTRY STANDARDS.

10:09AM  11       IT MAY MAKE SENSE TO TALK ABOUT THE PLACEMENT OF IT WHEN

10:09AM  12   WE'RE ALSO SUBSTANTIVELY TALKING ABOUT THE OBJECTIONS TO THE

10:09AM  13   LANGUAGE, IN WHICH CASE THE FIRST WOULD BE NUMBER 3, THE

10:09AM  14   ABSENCE OF CODEFENDANT THAT YOU REFERENCED.

10:10AM  15           THE COURT:  RIGHT.

10:10AM  16       WHY DON'T WE JUST START WITH THAT, WITH NUMBER 3.

10:10AM  17           MS. WALSH:  THAT'S FINE, YOUR HONOR.

10:10AM  18           THE COURT:  AND THEN WE'LL JUST GO THROUGH, EXCUSE

10:10AM  19   ME, THE STACK THAT I HAVE, AND THE PACKET THAT YOU SHOULD HAVE

10:10AM  20   I SHOULD SAY.

10:10AM  21       THE CONVERSATION IS REGARDING THE LANGUAGE FOUND AT

10:10AM  22   LINE 9, AND IT APPEARS THAT THE DISCUSSION IS, SHOULD THE

10:10AM  23   SENTENCE READ, "YOU MUST BASE YOUR VERDICT SOLELY ON THE

10:10AM  24   EVIDENCE AGAINST MR. BALWANI OR INTRODUCED DURING THIS TRIAL."

10:10AM  25       THOSE ARE THE TWO OPTIONS.

```
10:10AM   1          THE COURT WAS PROPOSING THE THIRD OPTION, WHICH WAS
10:10AM   2     "RECEIVED IN THIS TRIAL," "ON THE EVIDENCE RECEIVED IN THIS
10:10AM   3     TRIAL."
10:10AM   4          MS. WALSH:  THAT WOULD BE FINE WITH US, YOUR HONOR,
10:10AM   5     "RECEIVED IN THIS TRIAL."
10:10AM   6          MS. VOLKAR:  YOUR HONOR, THE GOVERNMENT DOESN'T FEEL
10:10AM   7     STRONGLY ABOUT THIS INSTRUCTION.
10:10AM   8          THE REASON THE GOVERNMENT SUGGESTS THE LANGUAGE AGAINST
10:10AM   9     MR. BALWANI IS TO KEEP IT AS CLOSE TO THE INSTRUCTION GIVEN IN
10:11AM  10     THE HOLMES TRIAL AS NOTED IN OUR FOOTNOTE.
10:11AM  11          THE ONLY OTHER THING I WANTED TO NOTE, AND I DID POINT
10:11AM  12     THIS OUT TO MS. WALSH, BECAUSE WE ADDED THE LANGUAGE FROM MODEL
10:11AM  13     2.16, IF YOU READ THE SENTENCE THAT RUNS FROM 6 TO 7, IT SAYS,
10:11AM  14     "KEEP IN MIND, HOWEVER, THAT YOU MUST DECIDE THIS CASE SOLELY
10:11AM  15     ON THE EVIDENCE PRESENTED TO YOU IN THIS TRIAL."
10:11AM  16          AND I FELT THAT THAT MADE THIS LAST SENTENCE REDUNDANT.
10:11AM  17          THE COURT:  RIGHT.
10:11AM  18          MS. VOLKAR:  IT ESSENTIALLY SAYS THE SAME THING
10:11AM  19     TWICE.
10:11AM  20          SO IN MY MIND, IF WE WERE TO KEEP THAT SENTENCE, THE ONLY
10:11AM  21     THING THAT OCCURS BETWEEN IS SAYING "YOU'RE NOT TO CONSIDER
10:11AM  22     ESSENTIALLY ANYTHING INVOLVING MS. HOLMES."
10:11AM  23          SO FROM THE GOVERNMENT'S PERSPECTIVE, THIS LAST LINE IS
10:11AM  24     REALLY DISTINGUISHING THAT YOU MUST CONSIDER THE EVIDENCE
10:11AM  25     AGAINST MR. BALWANI, OR I SUGGESTED TO MS. WALSH REGARDING
```

10:11AM 1      MR. BALWANI IF WE DIDN'T WANT TO SAY AGAINST OR FOR AS THEIR

10:12AM 2   FOOTNOTE INDICATED.

10:12AM 3          MS. WALSH:  YES, YOUR HONOR.

10:12AM 4      SO I DON'T THINK THAT THE ISSUE OF REPEATING IN THIS TRIAL

10:12AM 5   IS AN ISSUE AT ALL.

10:12AM 6      I THINK WHAT THE COURT HAS SUGGESTED, "YOU MUST BASE YOUR

10:12AM 7   VERDICT SOLELY ON THE EVIDENCE RECEIVED IN THIS TRIAL," IS

10:12AM 8   EXTREMELY CLEAR, AND WE THINK THAT'S WHAT THE COURT SHOULD GO

10:12AM 9   WITH IN THIS INSTRUCTION.

10:12AM 10         THE COURT:  ALL RIGHT.  THANK YOU.

10:12AM 11     I'LL -- IT IS SOMEWHAT REDUNDANT, BUT I'LL READ "RECEIVED

10:12AM 12  IN THIS TRIAL," PERIOD.  AND IF YOU COULD MAKE THAT NOTE,

10:12AM 13  MS. VOLKAR.

10:12AM 14         MS. VOLKAR:  WILL DO, YOUR HONOR.

10:12AM 15         THE COURT:  NEXT IN THE PACKET THAT I HAVE -- AND IF

10:12AM 16  THERE'S ANYTHING NEW THAT HAS COME OUT, PLEASE SING OUT.

10:13AM 17     NEXT I HAVE IS INSTRUCTION 13.  IT'S HIGHLIGHTED.  AND

10:13AM 18  THIS IS OPINION EVIDENCE, EXPERT WITNESS.

10:13AM 19         MS. WALSH:  YES, YOUR HONOR.

10:13AM 20     SO THIS WOULD APPLY TO MR. SONNIER, AND I THINK THERE WAS

10:13AM 21  SOME DISCUSSION BEFORE HE TESTIFIED AS TO WHETHER THIS

10:13AM 22  INSTRUCTION, WHICH IS THE MODEL INSTRUCTION, SHOULD APPLY OR

10:13AM 23  WHETHER HE SHOULD BE PUT INTO THE DUAL ROLE TESTIMONY.

10:13AM 24     WE DON'T HAVE A STRONG OPINION.  I THINK IT'S FINE TO HAVE

10:13AM 25  JURY INSTRUCTION NUMBER 13, WHICH IS THE OPINION EVIDENCE

10:13AM 1    INSTRUCTION, APPLY TO MR. SONNIER.

10:13AM 2        AND THE ONLY OTHER REQUEST WE WOULD MAKE IS TO TAKE OUT

10:13AM 3    "III" AFTER HIS NAME ONLY BECAUSE HE WAS SWORN AS

10:13AM 4    RICHARD SONNIER.  SO I DON'T THINK "III" IS NECESSARY.

10:14AM 5            THE COURT:  MS. VOLKAR.

10:14AM 6            MS. VOLKAR:  WELL, IT SOUNDS LIKE THE PARTIES AGREE

10:14AM 7    THAT MR. SONNIER SHOULD BE INCLUDED IN NUMBER 13 AND STRUCK

10:14AM 8    FROM NUMBER 14.

10:14AM 9        THE GOVERNMENT OBVIOUSLY AGREES WITH THAT POSITION.

10:14AM 10       IF WHAT WE'RE DOWN TO IS WHETHER OR NOT TO STRIKE "III," I

10:14AM 11   WOULD JUST POINT OUT THAT'S HIS NAME IN THE DECLARATION, BUT I

10:14AM 12   DON'T FEEL STRONGLY ABOUT IT.

10:14AM 13           THE COURT:  OKAY.  SO I WANT TO TALK ABOUT THE DUAL

10:14AM 14   ROLE, PARDON ME, INSTRUCTION NUMBER 15, DUAL ROLE INSTRUCTION.

10:14AM 15       I DO -- WHAT I HEAR THE PARTIES SAYING IS MR. SONNIER

10:14AM 16   SHOULD NOT APPEAR IN THAT.

10:14AM 17           MS. WALSH:  CORRECT, YOUR HONOR.

10:14AM 18           MS. VOLKAR:  CORRECT, YOUR HONOR.

10:14AM 19           THE COURT:  SO LET ME ASK ABOUT DOCTORS ZACHMAN AND

10:14AM 20   BURNES.  AND THEY DID TESTIFY REGARDING, AND THEY WERE FOUND,

10:15AM 21   PURSUANT TO THE REQUESTS OF THE PARTIES, THEY WERE FOUND TO BE

10:15AM 22   EXPERTS IN LIMITED AREAS, HCG WITH DR. ZACHMAN, AND I THINK ANY

10:15AM 23   PROSTATE ISSUES, PSA REGARDING DR. BURNES.

10:15AM 24       THEY TESTIFIED ABOUT FACTS -- I WAS REVIEWING DR. ZACHMAN,

10:15AM 25   AND THERE WAS A FACT COLLOQUY FOR SEVERAL PAGES BEFORE

10:15AM 1     DR. ZACHMAN WAS QUALIFIED AS AN EXPERT, AND THEN AFTER SHE WAS

10:15AM 2     QUALIFIED FOR HCG, THERE WERE QUESTIONS THEN POSED REGARDING

10:15AM 3     HCG AND ITS MEANINGS AND THOSE TYPES OF THINGS.

10:15AM 4         DURING THEIR TESTIMONY, NEITHER PARTY REQUESTED, AND THE

10:15AM 5     COURT DID NOT GIVE, ANY TYPE OF AN INSTRUCTION TO THE JURY

10:15AM 6     ABOUT THE DISTINCTION BETWEEN FACT AND EXPERT TESTIMONY.

10:15AM 7         WHEN I REVIEWED THE TRANSCRIPT, IT APPEARED TO ME THAT,

10:16AM 8     JUST LOOKING AT IT, THESE DOCTORS' TESTIMONIES, THESE -- OR THE

10:16AM 9     JURY WOULD NOT HAVE BENEFITTED, I USE THAT WORD, WOULD NOT NEED

10:16AM 10    THAT TYPE OF INSTRUCTION BECAUSE OF THE SPECIFICITY IN THE WAY

10:16AM 11    THAT THEY WERE EXAMINED AND THE QUESTIONS THAT WERE POSED TO

10:16AM 12    THEM REGARDING THEIR EXPERTISE.

10:16AM 13        THERE WERE QUESTIONS ABOUT FACT PATTERNS.  DR. ZACHMAN, I

10:16AM 14    THINK, WAS QUESTIONED, BUT DID YOU CALL THERANOS AND DID YOU

10:16AM 15    SPEAK TO SOMEONE ABOUT A DOCUMENT AND GOT -- RECEIVED THEIR

10:16AM 16    EXPLANATIONS.  THAT'S FACT.

10:16AM 17        AND THE COURT DID NOT AT THAT TIME ADMONISH THE JURY THAT

10:16AM 18    THEY SHOULD CONSIDER FACTS SEPARATELY FROM EXPERT TESTIMONY.

10:16AM 19        AND SAME THING WITH DR. -- WITH DR. BURNES.  THERE WERE

10:17AM 20    SIMILAR COLLOQUIES ABOUT HIS FINDINGS.  HE TESTIFIED AS A FACT

10:17AM 21    WITNESS THAT HE CONTACTED THERANOS, AND WE KNOW THE RESULT OF

10:17AM 22    THAT, HE RECEIVED A FREE TEST, I GUESS, A FREE RETEST.

10:17AM 23        I'M INVITING THE PARTIES TO COMMENT AS TO YOUR POSITIONS

10:17AM 24    AS TO WHETHER OR NOT YOU THINK THAT THERE WAS A DEFICIT IN THE

10:17AM 25    RECORD OF NOT PROVIDING AN INSTRUCTION TO THE JURY AT THAT

10:17AM 1      POINT CLARIFYING FACT AND, EXCUSE ME, EXPERT TESTIMONY.

10:17AM 2          AND IF YOU FEEL IT APPROPRIATE, WHAT IS THE REMEDY?  WE

10:17AM 3      HAVE THE TRANSCRIPTS.  IF YOU WANT, I CAN -- I'M HAPPY TO

10:17AM 4      REOPEN EVIDENCE AND I CAN INSTRUCT BEFORE WE GIVE FINAL

10:17AM 5      INSTRUCTIONS TO CLARIFY ANY AMBIGUITY THAT YOU FEEL MIGHT EXIST

10:17AM 6      SUCH THAT WOULD RISE TO THE NECESSITY OF INSTRUCTING THE JURY

10:17AM 7      ON THIS PART.

10:17AM 8          AND LET ME JUST STEP BACK FOR A MOMENT AND SAY, WE SEE

10:18AM 9      THIS IN CRIMINAL CASES, IT COMES UP MOST FREQUENTLY WHEN LAW

10:18AM 10     ENFORCEMENT OFFICERS -- AND IT'S USUALLY IN DRUG CASES, ISN'T

10:18AM 11     IT? -- WHERE LAW ENFORCEMENT, UNDERCOVER OFFICERS OR OTHERS,

10:18AM 12     TESTIFY ABOUT THEIR INVESTIGATION, THEIR OBSERVATIONS, WHY THEY

10:18AM 13     MADE A -- THEY BELIEVED THERE WAS PROBABLE CAUSE TO MAKE A

10:18AM 14     STOP, WHY THEY HAD REASONABLE SUSPICION, ET CETERA.

10:18AM 15         AND DURING THEIR TESTIMONY, SOMETIMES IF THEY ARE

10:18AM 16     QUALIFIED AS AN EXPERT IN NARCOTICS INVESTIGATIONS,

10:18AM 17     IDENTIFICATION OF NARCOTICS, ET CETERA, DURING THAT TESTIMONY

10:18AM 18     THEY WILL SOMETIMES TALK ABOUT, WELL, I SAW THIS, AND BASED ON

10:18AM 19     MY TRAINING AND EXPERIENCE IT CAUSED ME TO BELIEVE X, AND THEN

10:18AM 20     THEY'LL SAY, I FOUND X, AND THEN TALK ABOUT THAT.

10:18AM 21         THAT'S USUALLY THE CASE WHERE THIS BLURS IN CRIMINAL

10:18AM 22     CASES -- I KNOW YOU'RE ALL EXPERIENCED IN THIS -- AND THAT'S

10:18AM 23     THE TYPICAL SCENARIO WHERE THE JURY MIGHT HAVE DIFFICULTY, AND

10:19AM 24     COURTS, JUDGES WILL INSTRUCT, JUST BECAUSE THE OFFICER SAID

10:19AM 25     THIS, IT'S NOT IN THEIR EXPERTISE, IT'S A FACT THAT THEY SAW A

6903

| | | |
|---|---|---|
| 10:19AM | 1 | FLAT TIRE, OR WHATEVER IT MIGHT BE. |
| 10:19AM | 2 | I'M JUST CURIOUS AND, OUT OF AN ABUNDANCE OF CAUTION, I |
| 10:19AM | 3 | WANTED TO RAISE THIS TOPIC WITH US HERE TO SEE IF YOU, IN YOUR |
| 10:19AM | 4 | OPINIONS, FEEL THAT ANY OF THE EXPERT TESTIMONY REGARDING THE |
| 10:19AM | 5 | LIMITED, LIMITED DISCUSSION THAT THEY HAD AND EXAMINATION BY |
| 10:19AM | 6 | BOTH SIDES REQUIRES ANY FURTHER REFINEMENT TO THE JURY BEFORE |
| 10:19AM | 7 | WE GIVE THEM THE CASE. |
| 10:19AM | 8 | AND IF YOU WANT TO TALK WITH YOUR TEAMS ABOUT THAT, THAT'S |
| 10:19AM | 9 | FINE.  THAT COMES UP IN THIS DUAL ROLE TESTIMONY. |
| 10:19AM | 10 | SO WHY DON'T WE -- UNLESS WE HAVE ANY OTHER QUESTIONS, |
| 10:19AM | 11 | WHAT I THOUGHT WE WOULD DO IS PASS THIS WITH MY COMMENTS AND |
| 10:19AM | 12 | LET YOU THINK ABOUT IT. |
| 10:19AM | 13 | MS. WALSH:  SURE. |
| 10:19AM | 14 | MS. VOLKAR:  I'M HAPPY TO SPEAK TO IT NOW, YOUR |
| 10:19AM | 15 | HONOR, IF YOU -- |
| 10:19AM | 16 | THE COURT:  SURE.  YES, THAT'S FINE. |
| 10:20AM | 17 | MS. VOLKAR:  I THINK YOUR HONOR HAS SET FORTH BOTH |
| 10:20AM | 18 | THE CASE LAW AND ALSO THE WAY THAT THE FACTS UNFOLDED IN THIS |
| 10:20AM | 19 | TRIAL ACCURATELY, AND IT'S THE GOVERNMENT'S POSITION BOTH THAT |
| 10:20AM | 20 | WE SET TO CONDUCT OUR DIRECT EXAMINATION IN A MANNER TO MAKE |
| 10:20AM | 21 | THAT DISTINCTION BETWEEN THE FACT TESTIMONY AND THE EXPERT |
| 10:20AM | 22 | TESTIMONY MORE CLEAR. |
| 10:20AM | 23 | YOUR HONOR MAY RECALL THERE WAS SUBSTANTIAL DISCUSSION |
| 10:20AM | 24 | ABOUT THE CONTOURS OF THESE DOCTORS TESTIFYING AS EXPERTS WITH |
| 10:20AM | 25 | RESPECT TO THE HOLMES CASE, AND BEFORE THE HOLMES CASE, AND |

10:20AM  1    ALTHOUGH I'M STRETCHING A LITTLE BIT HERE, I THINK IN

10:20AM  2    BALWANI -- IN MR. BALWANI ADOPTING SOME OF THE PRETRIAL MOTIONS

10:20AM  3    IN LIMINE OF HOLMES, HE MIGHT HAVE ALSO ADOPTED SOME OF THAT

10:20AM  4    DISCUSSION IF MY MEMORY IS SERVING ME THERE.

10:20AM  5        BUT REGARDLESS, THIS WAS A SUBSTANTIAL TOPIC OF DISCUSSION

10:20AM  6    IN THE HOLMES TRIAL, AND THAT'S PART OF WHY THE GOVERNMENT WAS

10:20AM  7    VERY THOUGHTFUL IN HOW IT CONDUCTED ITS DIRECT EXAMINATION.

10:20AM  8        AND BEYOND THAT, HOW YOUR HONOR INSTRUCTED THE JURORS,

10:21AM  9    AGAIN, IF MY MEMORY OF THE TRANSCRIPT IS CORRECT, WAS THAT THE

10:21AM 10    EXPERTISE WAS IN INTERPRETING THE SPECIFIC RESULTS.  FOR

10:21AM 11    DR. ZACHMAN, IT WAS HCG.  FOR DR. BURNES IT WAS PSA.

10:21AM 12        AND BECAUSE YOUR HONOR INSTRUCTED THAT THEY ARE AN EXPERT

10:21AM 13    OF INTERPRETING THE RESULTS OF THIS TEST, I THINK THAT ALSO

10:21AM 14    REALLY HELPS THE JURY IN TERMS OF IF THEY HAVE A PHONE CALL

10:21AM 15    WITH THERANOS, THAT'S MORE FACT AND NOT NECESSARILY THEY DON'T

10:21AM 16    HAVE SOME EXPERTISE IN HOW TO CONDUCT A PHONE CALL.

10:21AM 17        AND I THINK GIVEN THE WAY AND JUST THE NATURE OF THE FACTS

10:21AM 18    IN THIS CASE, THEY ARE DIFFERENT THAN THE FEDERAL AGENT IN THE

10:21AM 19    DRUG CASE, AND I THINK THAT THERE'S ENOUGH DISTINCTION THAT NO

10:21AM 20    INSTRUCTION WAS NEEDED IN THE MOMENT.

10:21AM 21        AND, OF COURSE, WE EXPECTED AND SUBMITTED THIS DUAL ROLE

10:21AM 22    INSTRUCTION IN OUR INITIAL PROPOSED INSTRUCTIONS.  WE, ALL

10:21AM 23    ALONG, EXPECTED THAT THIS INSTRUCTION WOULD BE GIVEN AT THE

10:21AM 24    FINAL INSTRUCTION STAGE TO CLEAR UP ANY REMAINING

10:22AM 25    MISUNDERSTANDING IF THERE WAS ANY.

10:22AM   1         BUT WE THINK THAT THE RECORD IS CLEAR AND YOUR HONOR

10:22AM   2    DID -- THE COURT PUT ENOUGH GUARDRAILS IN THE MOMENT TO GIVE

10:22AM   3    THE JURY WHAT IT NEEDED TO KNOW WHAT WAS FACT AND WHAT WAS

10:22AM   4    EXPERT TESTIMONY.

10:22AM   5         THAT'S THE GOVERNMENT'S POSITION.

10:22AM   6              THE COURT:  OKAY.  THANK YOU.

10:22AM   7              MS. WALSH:  YES, YOUR HONOR.

10:22AM   8         SO, FIRST, WE VERY MUCH APPRECIATE THE COURT GOING BACK

10:22AM   9    AND READING THAT TESTIMONY AND RAISING THIS ISSUE.

10:22AM  10         WE DO NOT THINK IT'S NECESSARY TO REOPEN THE RECORD TO

10:22AM  11    GIVE THAT INSTRUCTION, AND THAT THIS INSTRUCTION NUMBER 14 WILL

10:22AM  12    BE SUFFICIENT.

10:22AM  13              THE COURT:  OKAY.  ALL RIGHT.  WELL, THANK YOU FOR

10:22AM  14    THE OPPORTUNITY TO AT LEAST LET ME DISCUSS IT WITH YOU, AND I

10:22AM  15    APPRECIATE YOUR EXPRESSIONS.

10:22AM  16         ALL RIGHT.  SO JUST TO RECAP THEN, WE'RE ON JURY

10:22AM  17    INSTRUCTION 13, AND THE COURT WOULD READ OPINION EVIDENCE,

10:23AM  18    EXPERT WITNESS, AND READ IN MR. SONNIER, STRIKING "III," AND

10:23AM  19    WOULD OTHERWISE READ THOSE TWO PARAGRAPHS THEN.

10:23AM  20         ANY OBJECTION TO THAT?

10:23AM  21              MS. WALSH:  NO, YOUR HONOR.

10:23AM  22              MS. VOLKAR:  NO, YOUR HONOR.

10:23AM  23              THE COURT:  ALL RIGHT.  THEN TURNING TO 14, DUAL

10:23AM  24    ROLE TESTIMONY, THE COURT WOULD READ THIS, BUT STRIKE

10:23AM  25    RICHARD SONNIER.

| | | |
|---|---|---|
| 10:23AM | 1 | MS. WALSH:  YES, YOUR HONOR. |
| 10:23AM | 2 | MS. VOLKAR:  YES, YOUR HONOR. |
| 10:23AM | 3 | THE COURT:  NEXT IS INSTRUCTION NUMBER 28, WHICH IS |
| 10:23AM | 4 | ALLEGED VIOLATIONS OF INDUSTRY STANDARDS. |
| 10:23AM | 5 | AND I THINK THE NOTE THAT I HAVE, IT LOOKS LIKE |
| 10:24AM | 6 | FOOTNOTE 6, SUGGESTS THAT MR. BALWANI WOULD LIKE THE LAST |
| 10:24AM | 7 | SENTENCE STRICKEN.  THAT'S ON LINE 7. |
| 10:24AM | 8 | MS. WALSH:  YES, YOUR HONOR. |
| 10:24AM | 9 | THE COURT:  THIS WAS GIVEN, I BELIEVE, IN THE HOLMES |
| 10:24AM | 10 | CASE. |
| 10:24AM | 11 | MS. WALSH:  YES. |
| 10:24AM | 12 | THE COURT:  RIGHT. |
| 10:24AM | 13 | MS. WALSH:  AND THAT IS -- WE WOULD LIKE THAT |
| 10:24AM | 14 | SENTENCE STRICKEN. |
| 10:24AM | 15 | IF THE COURT IS INCLINED TO NOT STRIKE THAT SENTENCE, I |
| 10:24AM | 16 | HAVE ANOTHER PROPOSAL. |
| 10:24AM | 17 | THE COURT:  OKAY.  WHY DON'T WE HEAR THAT, SURE. |
| 10:24AM | 18 | MS. WALSH:  SO THIS WAS GIVEN IN THE HOLMES CASE, |
| 10:24AM | 19 | AND AS I SAID WHATEVER DAY WE WERE TOGETHER TALKING ABOUT THIS, |
| 10:24AM | 20 | WE DO THINK THAT, I'M GOING TO CALL IT SENTENCE NUMBER 3 OF |
| 10:24AM | 21 | THIS INSTRUCTION, RUNS THE RISK, THE SERIOUS RISK OF UNDOING |
| 10:24AM | 22 | SENTENCE NUMBER 2. |
| 10:24AM | 23 | SENTENCE NUMBER 2 IS THE ONE THAT SAYS, "MR. BALWANI IS |
| 10:25AM | 24 | NOT LIABLE FOR ANY OF THE OFFENSES JUST BASED ON REGULATORY |
| 10:25AM | 25 | VIOLATIONS." |

| | | |
|---|---|---|
| 10:25AM | 1 | AND WE DO THINK THAT SENTENCE NUMBER 3 RUNS THE RISK OF |
| 10:25AM | 2 | UNDOING THE IMPORT OF SENTENCE NUMBER 2. |
| 10:25AM | 3 | WHAT WE WOULD PROPOSE, IF YOUR HONOR WANTS TO KEEP ALL |
| 10:25AM | 4 | THREE SENTENCES, IS TO SWITCH THE ORDER OF SENTENCE 3 AND 2 SO |
| 10:25AM | 5 | THAT THE INSTRUCTION WOULD READ FROM THE BEGINNING, "YOU HAVE |
| 10:25AM | 6 | HEARD EVIDENCE REGARDING ALLEGED VIOLATIONS OF REGULATIONS AND |
| 10:25AM | 7 | THE INDUSTRY STANDARDS.  YOU MAY CONSIDER SUCH EVIDENCE, ALONG |
| 10:25AM | 8 | WITH OTHER EVIDENCE LIMITED TO ANY PURPOSE FOR WHICH SUCH |
| 10:25AM | 9 | EVIDENCE WAS ADMITTED, IN ASSESSING WHETHER THE GOVERNMENT HAS |
| 10:25AM | 10 | PROVED EACH OF THE COUNTS CHARGED IN THE INDICTMENT.  HOWEVER, |
| 10:25AM | 11 | YOU MAY NOT FIND MR. BALWANI LIABLE FOR ANY OF THE OFFENSES," |
| 10:25AM | 12 | AND THEN THE REMAINING OF SENTENCE -- CURRENT SENTENCE 2. |
| 10:26AM | 13 | AND THE REASON, YOUR HONOR, THAT I THINK THAT'S IMPORTANT |
| 10:26AM | 14 | IS THAT THE WHOLE PURPOSE OF THIS INSTRUCTION IS TO REDUCE THE |
| 10:26AM | 15 | RISK THAT JURORS WILL CONCLUDE CRIMINAL LIABILITY BASED ON A |
| 10:26AM | 16 | NEGLIGENCE STANDARD, AND PUTTING THE SENTENCE THAT PROHIBITS |
| 10:26AM | 17 | THEM FROM DOING THAT LAST I THINK EMPHASIZES THE POINT OF NOT |
| 10:26AM | 18 | DOING THAT. |
| 10:26AM | 19 | AND I DON'T THINK, IF WE SWITCH THE ORDER, THAT SENTENCE |
| 10:26AM | 20 | WILL UNDO THE, "YOU MAY CONSIDER SUCH EVIDENCE IN ASSESSING |
| 10:26AM | 21 | WHETHER THE GOVERNMENT HAS PROVED." |
| 10:26AM | 22 | THE COURT:  MS. VOLKAR. |
| 10:27AM | 23 | MS. VOLKAR:  YOUR HONOR, I THINK WE'RE GOING TO LAND |
| 10:27AM | 24 | WITH THE GOVERNMENT WOULD BE FINE WITH SWAPPING THE ORDER OF |
| 10:27AM | 25 | THE SENTENCES. |

10:27AM 1      BUT I DO WANT TO STATE FOR THE RECORD WHY THE GOVERNMENT

10:27AM 2 THINKS IT'S CRITICALLY IMPORTANT TO KEEP BOTH SENTENCES.

10:27AM 3      THIS INSTRUMENTALITY WAS NOT OBJECTED -- SORRY.

10:27AM 4      THIS ENTIRE INSTRUCTION WAS NOT OBJECTED TO IN DEFENDANT'S

10:27AM 5 FILING ECF 1476, AND I WAS NOT FULLY PREPARED TO DISCUSS IT ON

10:27AM 6 WEDNESDAY.

10:27AM 7      AS A RESULT OF IT, I HAVE SINCE HAD TIME TO REFRESH MY

10:27AM 8 MEMORY OF THE DEBATE IN THE HOLMES TRIAL AND HOW WE ARRIVED AT

10:27AM 9 THIS LANGUAGE.

10:27AM 10      AND AS MS. WALSH HAS ARGUED, AND THE HOLMES DEFENSE TEAM

10:27AM 11 ARGUED AS WELL, THE CONCERN DRIVING THIS INSTRUCTION IS THAT

10:27AM 12 THE JURY MAY LOOK AT THE CMS REPORT OR OTHER EVIDENCE THAT'S

10:27AM 13 BEEN INTRODUCED IN THIS CASE THAT HAS A REGULATORY SLANT TO IT

10:27AM 14 AND PERHAPS REACH SOME CONCLUSION ON A LESSER STANDARD OR A

10:28AM 15 CIVIL STANDARD, A LIABILITY STANDARD.

10:28AM 16      THAT'S WHY THE WORD "LIABILITY" IS IN THERE, AND WE --

10:28AM 17 EVERYONE, I THINK, WANTS TO ENSURE THAT THE JURY KNOWS THIS IS

10:28AM 18 A CRIMINAL CASE, THE STANDARDS ARE WHAT THE COURT HAS LAID OUT

10:28AM 19 IN THE EARLIER INSTRUCTIONS, NOT THIS INSTRUCTION.

10:28AM 20      THAT BEING SAID, WHAT THE GOVERNMENT WANTED TO -- SO

10:28AM 21 THAT'S SORT OF WHY THE OTHER TWO SENTENCES WERE PROPOSED.

10:28AM 22      AND WHY THE GOVERNMENT WANTED THIS THIRD SENTENCE IS

10:28AM 23 BECAUSE WHAT WE ALSO WANT TO AVOID IS THE DEFENSE BEING ABLE TO

10:28AM 24 ARGUE, OR EVEN IMPLY, THAT THIS EVIDENCE IS WHOLLY IRRELEVANT

10:28AM 25 AND THAT BECAUSE SOME PORTIONS OF THE CMS REPORT HAD TO DO WITH

```
10:28AM    1      REFRIGERATION, I KNOW THEY BROUGHT THAT OUT ON
10:28AM    2      CROSS-EXAMINATION, THAT THEY SHOULD THROW THE WHOLE REPORT OUT
10:28AM    3      AND JUST IGNORE IT AS IRRELEVANT EVIDENCE TO THE CRIMINAL
10:28AM    4      CHARGES AGAINST MR. BALWANI.
10:28AM    5           THAT, FROM THE GOVERNMENT'S PERSPECTIVE, WOULD BE ERROR,
10:28AM    6      BECAUSE THE CMS REPORT IS RELEVANT.  THE COURT FOUND THAT.
10:29AM    7           AND IT ALSO HAD KEY FINDINGS, SUCH AS THE EDISONS
10:29AM    8      CONSISTENTLY FAILING QC CONTROL, WHICH, OF COURSE, CORRESPONDS
10:29AM    9      WITH TESTIMONY FROM OTHER WITNESSES SUCH AS ERIKA CHEUNG,
10:29AM   10      DR. MARK PANDORI AND DR. ADAM ROSENDORFF.
10:29AM   11           SO THE GOVERNMENT'S POSITION IS THAT THIS THIRD SENTENCE
10:29AM   12      MUST BE IN TO TELL THE JURY THAT THEY MAY CONSIDER THAT
10:29AM   13      EVIDENCE AS IT RELATES TO THE ACTUAL CHARGES OF WIRE FRAUD, NOT
10:29AM   14      FOR THE CIVIL LIABILITY PURPOSES.
10:29AM   15           AND I'M JUST NOW HEARING MS. WALSH'S SUGGESTION OF
10:29AM   16      SWAPPING THE ORDER.  I DON'T HAVE STRONG FEELINGS ABOUT THAT,
10:29AM   17      AS LONG AS BOTH CONCEPTS ARE INCLUDED IN THE INSTRUCTION,
10:29AM   18      BECAUSE I THINK THAT THAT STRIKES THE BALANCE BETWEEN BOTH
10:29AM   19      PARTIES' PERSPECTIVE.
10:29AM   20           THE COURT:  SO DO YOU WANT TO -- DO YOU HAVE A
10:29AM   21      PRINTED COPY OF THE SWAPPED LANGUAGE?  LET ME SAY THAT I'M
10:29AM   22      INCLINED TO SWAP THE PLACEMENT OF THOSE SENTENCES IF YOU WOULD
10:30AM   23      LIKE.
10:30AM   24           AND IF YOU WANT TO PREPARE IT AS SUCH AND THEN SHARE THAT
10:30AM   25      WITH MS. VOLKAR AND HAVE AGREEMENT ON IT --
```

6910

10:30AM  1              MS. WALSH:  YES, YOUR HONOR.

10:30AM  2              THE COURT:  -- YOU CAN SUBMIT THAT IN THE PROPOSED

10:30AM  3      FINAL AND WE'LL LOOK AT IT.

10:30AM  4              MS. WALSH:  YES, YOUR HONOR.

10:30AM  5              THE COURT:  AND I HAVE NO OBJECTION TO THAT.

10:30AM  6              MS. WALSH:  GREAT.  WE WILL DO THAT.

10:30AM  7              THE COURT:  THANK YOU.

10:30AM  8          THE NEXT IN THE PACKET IS THE ADVERSE INFERENCE FOR

10:30AM  9      MISSING EVIDENCE INSTRUCTION.  WE DISCUSSED THAT YESTERDAY.

10:30AM 10      THE COURT IS NOT GOING TO GIVE THIS.

10:30AM 11          AND THEN I'M AT THE 7 SERIES.

10:30AM 12          DO YOU WANT TO TALK ABOUT -- AND I'LL GIVE THE 7 SERIES,

10:30AM 13      THAT IS THE CONCLUDING INSTRUCTIONS, UNLESS THERE'S ANY CHANGES

10:30AM 14      IN THOSE.

10:30AM 15              MS. WALSH:  NO CHANGES FROM THE DEFENSE, YOUR HONOR.

10:30AM 16              MS. VOLKAR:  NO CHANGES FROM THE GOVERNMENT, YOUR

10:30AM 17      HONOR.

10:30AM 18          I THINK WHERE YOU WERE ABOUT TO LAND NEXT IS I THINK THE

10:30AM 19      LAST REMAINING DISPUTE BETWEEN THE PARTIES IS THE PLACEMENT OF

10:30AM 20      THIS INDUSTRY STANDARDS INSTRUCTION.

10:30AM 21          AS I INDICATED EARLIER, IT MAKES SENSE TO TALK ABOUT IT

10:30AM 22      RIGHT AFTER TALKING ABOUT THE SUBSTANCE OF IT IN MY MIND.

10:30AM 23              THE COURT:  CORRECT.

10:30AM 24          SO WHERE SHOULD IT GO FROM THE GOVERNMENT'S PERSPECTIVE?

10:31AM 25              MS. VOLKAR:  FROM THE GOVERNMENT'S PERSPECTIVE,

6911

10:31AM  1    DISCUSSING WHAT IS NOT THE CHARGES IN THIS CASE SHOULD NOT COME

10:31AM  2    BEFORE DISCUSSING WHAT ARE THE CHARGES AND WHAT IS THE

10:31AM  3    GOVERNMENT'S BURDEN IN THIS CASE.

10:31AM  4         AND THERE HAVE BEEN -- DURING THE MEET AND CONFER PROCESS,

10:31AM  5    THERE WERE A COUPLE OF ITERATIONS OF WHERE THE DEFENSE WANTED

10:31AM  6    THIS, AND IF YOU LOOK AT THE TABLE OF CONTENTS ON THE FIRST

10:31AM  7    PAGE OF WHAT WE SUBMITTED, YOU'LL SEE THAT WHERE THEY LANDED IN

10:31AM  8    THE VERSION THAT WE SENT TO THE COURT IS RIGHT AFTER -- I

10:31AM  9    SHOULD TAKE A STEP BACK AND LET THE COURT KNOW, THE DEFENSE IS

10:31AM  10   ALSO PROPOSING REARRANGING SEVERAL OF THE -- I HESITATE TO

10:31AM  11   CATEGORIZE THEM, BUT IN THE MODEL INSTRUCTIONS, THEY WERE PART

10:31AM  12   OF THE 3 SERIES, SO YOUR HONOR MIGHT BE FAMILIAR WITH THAT.

10:31AM  13        THE DEFENSE HAS SUGGESTED MOVING AROUND SEVERAL OF THE

10:32AM  14   INSTRUCTIONS FROM THE ORDER WE JUST WALKED THROUGH.

10:32AM  15        THE GOVERNMENT LARGELY DOES NOT OBJECT TO THE MOVEMENT OF

10:32AM  16   THOSE.

10:32AM  17        BUT WHAT THE GOVERNMENT DOES OBJECT TO, IF YOU'RE LOOKING

10:32AM  18   AT THE TABLE OF CONTENTS, IS THEY'VE MOVED THE INDUSTRY

10:32AM  19   STANDARDS INSTRUCTION TO NUMBER 16 BEFORE THE COURT EVEN

10:32AM  20   DEFINES CONSPIRACY, LET ALONE WIRE FRAUD.

10:32AM  21        AND THE GOVERNMENT'S MAIN CONCERN THERE, WE UNDERSTAND THE

10:32AM  22   LOGICAL CONNECTION BETWEEN THE INDUSTRY STANDARDS INSTRUCTION

10:32AM  23   AND THE ACTIVITIES NOT CHARGED INSTRUCTION THAT IT CURRENTLY IS

10:32AM  24   FOLLOWING IN THEIR FORMAT, BUT WHAT WE DON'T UNDERSTAND IS WHY

10:32AM  25   WE WOULD TELL THE JURY WHAT THEY'RE NOT TO DO BEFORE

1    INSTRUCTING THE JURY OF WHAT THEY ARE TO DO.

2        AND I ALSO WOULD POINT OUT FOR THE COURT THAT THE WAY THAT

3    THE MODEL INSTRUCTIONS SUGGEST PROCEEDING AND HOW MOST OF THE

4    REST OF THE INSTRUCTIONS PROCEED IS TO GIVE A DEFINITION AND

5    THEN EITHER FURTHER DEFINE IT AND SUPPLEMENT IT, OR DESCRIBE

6    WHAT IS THE OPPOSITE OR NOT PART OF THAT.

7        SO THE FIRST EXAMPLE THAT I SEE ON THE PAGE IS WHAT IS

8    EVIDENCE IS FOLLOWED BY WHAT IS NOT EVIDENCE.

9        CREDIBILITY OF WITNESSES IS FOLLOWED BY SPECIFIC CATEGORY

10   OF WITNESSES, AND SHOULD THAT OR SHOULD THAT NOT CHANGE THE

11   JURY'S WEIGHING OF CREDIBILITY.

12       CONSPIRACY IS DEFINED -- SORRY.  THEN CONSPIRACY AND THEN

13   THE DEFINITION OF A MENS REA.

14       I KNOW THE GOVERNMENT DISAGREES WITH "WILLFULLY," BUT I'M

15   MAKING A DIFFERENT POINT HERE.

16       AND THEN LATER, WIRE FRAUD, FOLLOWED BY FURTHER DEFINITION

17   OF THE MENS REA, INTENT TO DEFRAUD, GOOD FAITH, KNOWINGLY.

18       WHERE WE HAD IT AND WHERE THE PARTIES HAD IT IN THE HOLMES

19   CASE IS WHAT MAKES THE MOST SENSE TO THE GOVERNMENT, WHICH IS

20   WITH OTHER DESCRIPTIONS SORT OF FURTHER BUILDING OUT WHAT IS

21   AND IS NOT PROPERLY CONSIDERED BY THE JURY GIVEN THE SPECIFIC

22   FACTS OF THIS CASE, AND THAT'S WHAT IS ON THE TABLE OF CONTENTS

23   NUMBER 27, NUMBER 28, THE VICTIM'S CONDUCT, NAMELY, THAT THE

24   DEFENDANT CAN'T BLAME THE VICTIM, SUCCESS OF THE WIRE FRAUD

25   SCHEME.

10:34AM    1          I THINK IT FALLS INTO THAT CATEGORY.

10:34AM    2          I'M NOT OPPOSED TO MOVING IT SOMEWHERE ELSE, BUT I AM

10:34AM    3     OPPOSED TO HAVING IT BE DEFINED FOR THE JURY BEFORE THEY'RE

10:34AM    4     EVEN TOLD WHAT ELEMENTS THEY HAVE TO FIND BEYOND A REASONABLE

10:34AM    5     DOUBT.

10:34AM    6                THE COURT:  THANK YOU.

10:34AM    7          MS. WALSH.

10:34AM    8                MS. WALSH:  YES, YOUR HONOR, THANK YOU.

10:34AM    9          WE COMPLETELY DISAGREE.  IT MAKES PERFECT SENSE TO ME TO

10:34AM   10     INSTRUCT THE JURY AFTER INSTRUCTIONS ABOUT TESTIMONY,

10:35AM   11     CREDIBILITY OF WITNESSES, ON OR ABOUT, ET CETERA, THAT THE

10:35AM   12     COURT THEN INSTRUCT ON ACTIVITIES NOT CHARGED, WHICH IS IN

10:35AM   13     ESSENCE MR. BALWANI IS NOT CHARGED WITH ACTIONS AND STATEMENTS

10:35AM   14     OUTSIDE OF THE TIME PERIOD OF THE INDICTMENT.

10:35AM   15          IT LOGICALLY FOLLOWS AFTER THAT THAT THE COURT WOULD ALSO

10:35AM   16     INSTRUCT THE JURY THAT HE'S NOT CHARGED WITH CIVIL VIOLATIONS

10:35AM   17     AND THE INSTRUCTION THAT RELATES TO HOW THEY CAN PROPER -- HOW

10:35AM   18     THE JURY COULD PROPERLY CONSIDER POTENTIAL CIVIL VIOLATIONS IN

10:35AM   19     DRAWING CONCLUSIONS ABOUT GUILT IN A CRIMINAL CASE.

10:35AM   20          THEN IT MAKES SENSE, AFTER WE'VE CARVED OUT WHAT HE'S NOT

10:35AM   21     CHARGED WITH AND WHAT YOU CAN'T CONSIDER OR WHAT YOU CAN ONLY

10:35AM   22     CONSIDER IN A LIMITED WAY, TO THEN GO THROUGH ALL OF THE

10:35AM   23     ELEMENTS FOR EACH OF THE CRIMES HE IS CHARGED WITH, AND THAT'S

10:35AM   24     A LENGTHY RECITATION OF COMPLICATED CONCEPTS AND DEFINITIONS

10:36AM   25     THAT I THINK SHOULD COME AFTER THE JURY IS CLEAR ABOUT WHAT HE

10:36AM  1      IS NOT CHARGED WITH.

10:36AM  2              THE COURT:  ALL RIGHT.  THANK YOU.

10:36AM  3          I NOTICE IN THE HOLMES CASE IT WAS INSTRUCTION NUMBER 28,

10:36AM  4      I BELIEVE, AND THAT WAS THE LAST INSTRUCTION BEFORE THE 7

10:36AM  5      SERIES, THAT IS, THE DUTY TO DELIBERATE INSTRUCTIONS.  IT WAS

10:36AM  6      THE FINAL INSTRUCTION THAT WAS GIVEN IN THAT CASE.

10:36AM  7          AND WHEN I LOOKED AT THIS EARLIER, MY VISCERAL REACTION

10:36AM  8      WAS THE PLACE FOR IT WOULD BE, AS MS. VOLKAR SUGGESTED, IT

10:36AM  9      SEEMED TO ME SHOULDN'T THIS FALL INTO THE CATEGORY WE'RE

10:36AM 10      TALKING ABOUT, AND WHEN THE JURY IS BEING INFORMED ABOUT ALL OF

10:36AM 11      THE ELEMENTS AND THE DEFINITIONS OF THE ELEMENTS, DOESN'T IT

10:36AM 12      MAKE SENSE TO TELL THEM WHAT THEY CAN'T DO AND WHAT THEY

10:37AM 13      SHOULDN'T DO?

10:37AM 14          ONE OF THE THOUGHTS I HAD WAS, WELL, IF YOU PUT IT EARLY,

10:37AM 15      IT GETS DILUTED BY THE OTHER INSTRUCTIONS, DOESN'T IT?

10:37AM 16              MS. WALSH:  I GUESS I THINK IT SERVES THE PURPOSE OF

10:37AM 17      CABINING WHAT THE JURY CAN CONSIDER AND NOT CONSIDER WHEN

10:37AM 18      THEY'RE LISTENING TO THE INSTRUCTIONS ABOUT THE LAW ON THE

10:37AM 19      CRIMES THAT ARE CHARGED.

10:37AM 20          AND TO ME, THAT SEEMS TO BE HELPFUL THAT, OKAY, WE HEARD

10:37AM 21      THIS TESTIMONY ABOUT THE CMS REPORT AND SARAH BENNETT, AND WE

10:37AM 22      HEARD THE TESTIMONY ABOUT THE STATEMENTS IN 2006.  OKAY, THE

10:37AM 23      COURT HAS TOLD US THAT MR. BALWANI IS NOT CHARGED WITH THAT AND

10:37AM 24      WE SHOULDN'T RELY ON NEGLIGENCE OR POTENTIAL REGULATORY

10:37AM 25      VIOLATIONS IN ASSESSING OUR -- OR COMING TO OUR VERDICT.

10:37AM 1          AND THEN THE COURT WALKS THEM THROUGH, OKAY, HERE IS THE

10:37AM 2     LAW ON WHAT IS CHARGED.

10:37AM 3          TO ME THAT MAKES CONCEPTUAL SENSE.

10:38AM 4          BUT I UNDERSTAND THE COURT -- THIS IS HOW IT WAS DONE IN

10:38AM 5     THE HOLMES TRIAL.  I JUST THINK IT MAKES MORE LOGICAL SENSE TO

10:38AM 6     PUT THEM UP FRONT.

10:38AM 7              THE COURT:  OKAY.  SO WHAT IS HELPFUL FOR THE

10:38AM 8     JURY -- I SUPPOSE WHEN I LOOK AT IT, AND THE WAY WE DID IT IN

10:38AM 9     THE HOLMES CASE, THEY'RE GIVEN THE INSTRUCTIONS, HERE'S

10:38AM 10    EVERYTHING THAT THE GOVERNMENT HAS TO PROVE, HERE'S WHAT THEY

10:38AM 11    HAVE TO PROVE, LADIES AND GENTLEMEN, LISTEN TO THIS.

10:38AM 12         OH, AND BY THE WAY, AT THE CONCLUSION OF ALL THAT, BY THE

10:38AM 13    WAY, YOU CAN'T CONSIDER -- WHEN YOU CONSIDER ALL OF THESE

10:38AM 14    THINGS, YOU MAY NOT CONSIDER ANY REGULATIONS, ANY REGULATORY

10:38AM 15    VIOLATIONS THAT, IN YOUR THOUGHT PROCESS AS YOU GO THROUGH ALL

10:38AM 16    OF THE OTHER, THE WIRE FRAUD AND THE OTHER THINGS, YOU'RE NOT

10:38AM 17    TO CONSIDER THAT.

10:38AM 18         IT JUST SEEMS LIKE THAT'S MORE LOGICAL THAN TO TELL THEM,

10:38AM 19    YOU MAY NOT CONSIDER THE FOLLOWING AMONGST ALL OF THE

10:39AM 20    INSTRUCTIONS THAT I'M ABOUT TO GIVE YOU.

10:39AM 21         AND SO THEY KEEP THAT IN THEIR MIND.  LET ME REMEMBER.

10:39AM 22    LET ME GO BACK.

10:39AM 23         THERE'S JUST SOMETHING THAT WE'RE ASKING THEM TO REMEMBER

10:39AM 24    A NEGATIVE WHILE THEY LISTEN TO A POSITIVE, I SUPPOSE, IS A

10:39AM 25    VERY BASIC WAY I'D PUT IT.

10:39AM  1      IT JUST SEEMS TO ME THAT ONCE WE TELL -- ONCE THEY'RE

10:39AM  2  INFORMED, THIS IS THE BURDEN OF PROOF, AND THESE ARE THE

10:39AM  3  ELEMENTS OF THE OFFENSE, AND THE LAST THING THAT THEY'LL HEAR,

10:39AM  4  AT LEAST CONCLUDING THOSE ELEMENTS, ARE YOU MAY NOT CONSIDER

10:39AM  5  THESE REGULATORY ISSUES AS YOU THINK ABOUT ALL OF THESE OTHER

10:39AM  6  ELEMENTS THAT THE GOVERNMENT HAS TO PROVE.

10:39AM  7      THAT SEEMS TO HAVE SOME -- AND MAYBE I'M JUST, MAYBE I'M

10:39AM  8  JUST OLD AND THAT'S THE WAY MY MIND WORKS.  BUT IT SEEMS LIKE

10:39AM  9  THAT HAS A BETTER FLOW TO IT.

10:39AM 10          MS. WALSH:  I UNDERSTAND.  AND, OF COURSE, WE WANT

10:39AM 11  TO DO WHAT IS -- WHAT WILL MAKE THE INSTRUCTIONS MOST CLEAR FOR

10:40AM 12  THE JURY.  I THINK WE'RE ALL ON -- WE HAVE THE SAME GOAL.

10:40AM 13      I GUESS I THOUGHT IT WAS CLEAR TO CARVE OUT WHAT IS NOT

10:40AM 14  CHARGED AND WHAT THEY SHOULDN'T CONSIDER FIRST.

10:40AM 15      BUT THE WAY THIS ALL STARTED, THE REORDERING EXERCISE, WAS

10:40AM 16  THE CIVIL VIOLATIONS INSTRUCTION WAS SO FAR AWAY FROM THE

10:40AM 17  INSTRUCTIONS ABOUT THE ELEMENTS THAT THE COURT SUGGESTED, WELL,

10:40AM 18  MAYBE WE SHOULD MOVE IT UP, AND SO WE WENT THROUGH THE EFFORT

10:40AM 19  OF MOVING IT UP.

10:40AM 20          THE COURT:  RIGHT.

10:40AM 21          MS. WALSH:  I THINK IF THE COURT IS INCLINED TO NOT

10:40AM 22  ACCEPT THE DEFENSE'S RECOMMENDATION THAT IT COME AFTER

10:40AM 23  ACTIVITIES NOT CHARGED, MORE TOWARD THE FRONT, THAT AT LEAST WE

10:40AM 24  SHOULD MOVE IT TO AFTER THE INSTRUCTION REGARDING THE ELEMENTS

10:40AM 25  OF WIRE FRAUD.

10:41AM 1      SO -- AND WHEREVER THE COURT THINKS THAT'S APPROPRIATE,

10:41AM 2   EITHER AFTER 21 OR AFTER 22, SOMEWHERE IN THERE, SO THAT IT IS

10:41AM 3   CLOSE IN PROXIMITY TO THE ELEMENTS.

10:42AM 4      (PAUSE IN PROCEEDINGS.)

10:42AM 5         THE COURT:   SORRY.  I'M PARSING THROUGH THEM AND

10:42AM 6   TRYING TO SEE IF, AT LEAST IN MY MIND, THERE'S A LOGICAL PLACE.

10:42AM 7         MS. WALSH:   SURE.

10:42AM 8         MS. VOLKAR:   YOUR HONOR, MAY I BE HEARD ON THAT?

10:42AM 9         THE COURT:   YES.

10:42AM 10         MS. VOLKAR:   SO THE DEFENSE MADE THE SUGGESTION THAT

10:42AM 11   MS. WALSH JUST MADE DURING OUR MEET AND CONFER, AND THE

10:42AM 12   GOVERNMENT'S RESPONSE THERE IS THAT WE DON'T ACTUALLY OPPOSE

10:42AM 13   MOVING THE INSTRUCTION UP FROM IT WHERE IT WAS GIVEN IN THE

10:42AM 14   HOLMES CASE.

10:42AM 15      BUT AS I STATED INITIALLY, WE DO OBJECT TO SEPARATING THE

10:42AM 16   DEFINITION OF ELEMENTS FROM WHAT WE CONSIDER KEY DEFINITIONS,

10:42AM 17   AND THAT'S THE MENS REA.

10:42AM 18      SO THE DIFFICULTY OR THE PROBLEM THAT THE GOVERNMENT HAS

10:42AM 19   WITH MS. WALSH'S SECONDARY SUGGESTION TO THE COURT IS WIRE

10:43AM 20   FRAUD IS IMMEDIATELY FOLLOWED BY WHAT WE WOULD SAY ARE

10:43AM 21   IMPORTANT INSTRUCTIONS ABOUT WHAT DOES INTENT TO DEFRAUD MEAN,

10:43AM 22   WHAT DOES KNOWINGLY MEAN?

10:43AM 23      I IMAGINED THEY WOULD SAY THE GOOD FAITH INSTRUCTION WAS

10:43AM 24   IMPORTANT TO THEM, AND IT WAS IMPORTANT TO THE HOLMES TEAM.

10:43AM 25         ALL OF THOSE ARE DEFINING WHAT THE ELEMENTS ARE IN WIRE

10:43AM 1    FRAUD.

10:43AM 2        AND OUR COUNTER-PROPOSAL WAS IF THE DEFENSE STILL WANTS TO

10:43AM 3    MOVE IT UP, WE KNOW THAT THOSE MENS REA INSTRUCTIONS ARE NOT

10:43AM 4    PARTICULARLY LENGTHY, THE INDUSTRY STANDARDS INSTRUCTION CAN BE

10:43AM 5    MOVED AFTER KNOWINGLY IS DEFINED, BUT BEFORE GETTING INTO

10:43AM 6    AIDING AND ABETTING OR VICARIOUS LIABILITY OR OTHER

10:43AM 7    INSTRUCTIONS LIKE THAT.

10:43AM 8        THAT WAS THE GOVERNMENT'S COUNTER SUGGESTION.

10:43AM 9            THE COURT:  HOW ABOUT THAT, MS. WALSH?

10:43AM 10           MS. WALSH:  YES, AS A COUNTER THAT WOULD BE

10:43AM 11   ACCEPTABLE.

10:43AM 12       I JUST WANT THE RECORD TO REFLECT THAT WE DID MAKE THE

10:44AM 13   REQUEST TO MOVE IT UP, AND WE PREFER THAT.  BUT AS AN

10:44AM 14   ALTERNATIVE, THAT SEEMS REASONABLE TO US.

10:44AM 15           THE COURT:  SO IT WOULD BE BETWEEN 24 AND 25 ON THE

10:44AM 16   CHART THAT I HAVE?

10:44AM 17           MS. WALSH:  CORRECT.

10:44AM 18           MS. VOLKAR:  CORRECT, YOUR HONOR.

10:44AM 19           THE COURT:  ALL RIGHT.  I'LL ACCEPT YOUR REQUEST ON

10:44AM 20   THAT, NOTING THAT I THINK IT FITS BETTER, AND IT HAS MORE

10:44AM 21   EFFECT IF THE DEFENSE WANTS, FOR EFFECT, TO PUT IT AT THE END

10:44AM 22   OF ALL OF THOSE ELEMENTS AS WE DID IN THE HOLMES CASE.

10:44AM 23       MY VIEW IS THAT HAVING THIS INSTRUCTION, AS IMPORTANT AS

10:44AM 24   IT IS FROM THE DEFENSE, HAVING IT APPEAR EARLIER TENDS TO

10:44AM 25   DILUTE ITS VALUE.  THAT'S JUST MY HIGH LEVEL OBSERVATION.

```
10:44AM   1        IT WAS PLACED AT THE END, THE LAST THING, THE LAST FORMAL

10:44AM   2   INSTRUCTION ON THE LAW REGARDING THE HOLMES CASE, THAT WAS THE

10:45AM   3   LAST ONE THEY HEARD BEFORE THE CONCLUDING INSTRUCTIONS AS TO

10:45AM   4   THEIR OBLIGATIONS AS THEY DECIDE THE CASE, AND I THOUGHT IT FIT

10:45AM   5   PERFECTLY THERE AS A SEPARATE STAND ALONE THAT ALL COUNSEL

10:45AM   6   COULD REFERENCE AND SAY THERE'S A SPECIAL INSTRUCTION ON THIS,

10:45AM   7   IT'S SEPARATE, IT'S AT THE END, AND IT JUST SEEMED THAT THAT'S

10:45AM   8   A BETTER PLACE FOR IT.

10:45AM   9        BUT I WILL ACCEPT YOUR REQUEST AND IT CAN BE PLACED

10:45AM  10   BETWEEN KNOWINGLY AND AIDING AND ABETTING.

10:45AM  11             MS. WALSH:  THANK YOU, YOUR HONOR.

10:45AM  12             MS. VOLKAR:  THANK YOU, YOUR HONOR.

10:45AM  13             THE COURT:  DOES THAT CONCLUDE OUR DISCUSSION ON THE

10:45AM  14   INSTRUCTIONS?

10:45AM  15             MS. VOLKAR:  I BELIEVE IT DOES.

10:45AM  16             MS. WALSH:  I JUST WANT TO MAKE SURE -- THERE WAS

10:45AM  17   SOME OTHER REORDERING THAT THE PARTIES AGREED ON THAT APPEARS

10:45AM  18   IN THIS DOCUMENT ON PAGES 1 THROUGH 2.  I JUST WANTED TO MAKE

10:45AM  19   SURE THE COURT WAS OKAY WITH THAT.

10:45AM  20             THE COURT:  SURE.  I LOOK AT THE LIST HERE THAT I

10:45AM  21   HAVE, IT'S 1 THROUGH 35?

10:45AM  22             MS. WALSH:  CORRECT.

10:45AM  23             THE COURT:  AND I DON'T HAVE ANY OBJECTION TO THIS,

10:46AM  24   OTHER THAN WHAT WE'VE SAID TODAY.  THOSE MODIFICATIONS, I'LL

10:46AM  25   ACCEPT THOSE.
```

10:46AM 1          MS. WALSH:  OKAY.

10:46AM 2          MS. VOLKAR:  THAT'S CORRECT, YOUR HONOR.  THE

10:46AM 3    GOVERNMENT DIDN'T OBJECT TO REARRANGING OF, I KNOW I

10:46AM 4    COLLOQUIALLY REFERRED TO THEM AS THE 3 SERIES REFERRING TO THE

10:46AM 5    MODEL INSTRUCTIONS.  BUT THE GOVERNMENT DID NOT OBJECT TO THE

10:46AM 6    DEFENSE'S PROPOSED REORDERING.

10:46AM 7       WE HAD NOT YET IMPLEMENTED THE CHANGES BECAUSE WE WANTED

10:46AM 8    TO ENSURE THAT IT WAS -- THAT IT ALSO MADE SENSE TO THE COURT

10:46AM 9    AND THE COURT APPROVED THE CHANGES.

10:46AM 10      BUT IN THE NEXT ITERATION OF THE DOCUMENT, WE WILL

10:46AM 11   ACTUALLY REARRANGE THE INSTRUCTIONS THEMSELVES TO MATCH THIS

10:46AM 12   PROPOSED TABLE OF CONTENTS.

10:46AM 13         THE COURT:  THAT'S GREAT.  THANK YOU.

10:46AM 14      CAN I ASK YOU THAT YOU PREPARE THEM, A FINAL SET, SHARE

10:46AM 15   THAT, MAKE SURE I GET -- AND THEN YOU'LL SEND IT TO ME.  BUT

10:46AM 16   WHEN YOU DO SO, IF I CAN GET AGREEMENT FROM BOTH SIDES THAT

10:46AM 17   THIS IS THE FINAL SET THAT YOU'VE REACHED AGREEMENT ON.  I'LL

10:46AM 18   ASK YOU ABOUT THAT AGAIN BEFORE I READ THEM NEXT WEEK SOMETIME.

10:47AM 19         MS. WALSH:  YES, YOUR HONOR.

10:47AM 20         THE COURT:  AND THAT WILL BE THE PACKET THAT THE

10:47AM 21   COURT WILL GIVE.

10:47AM 22         MS. VOLKAR:  YES, YOUR HONOR.  TO CLARIFY, DO YOU

10:47AM 23   WANT US TO THE FILE THE JOINT PROPOSED INSTRUCTIONS AND PROVIDE

10:47AM 24   A WORD COPY?

10:47AM 25         THE COURT:  YES.  IF YOU HAVE AGREEMENT ON THAT SUCH

6921

10:47AM 1    THAT YOU BELIEVE YOU CAN FILE AN AGREED UPON SET, THAT WOULD BE

10:47AM 2    FINE, AND THEN I'LL RECEIVE A COPY.

10:47AM 3              MS. WALSH:  VERY GOOD, YOUR HONOR.

10:47AM 4              MS. VOLKAR:  THANK YOU, YOUR HONOR.

10:47AM 5              THE COURT:  ONE LAST THING I WANT TO ASK YOU TO DO,

10:47AM 6    BOTH SIDES TO DO, IS BEFORE I INSTRUCT, BEGIN INSTRUCTIONS -- I

10:47AM 7    THINK I MENTIONED THIS IN OUR PRETRIAL CONFERENCE -- BUT I DO

10:47AM 8    WANT YOU TO REVIEW EACH OF YOUR EXHIBIT LISTS TO MAKE CERTAIN

10:47AM 9    THAT EVERY EXHIBIT THAT YOU SOUGHT TO BE INTRODUCED AND THAT

10:47AM 10   YOU MOVED TO BE INTRODUCED WAS INTRODUCED.

10:47AM 11       IF THERE'S SOMETHING LACKING, BEFORE THE JURY GET THE

10:47AM 12   CASE, I WOULD LIKE TO MAKE SURE THAT YOU GET CLARITY ON THAT.

10:48AM 13       THAT TYPICALLY MEANS A MEETING WITH MS. ROBINSON TO GO

10:48AM 14   OVER YOUR LIST TO CONFIRM THE FINAL EXHIBIT LIST SO THE JURY

10:48AM 15   WILL HAVE IT.

10:48AM 16             MS. WALSH:  YES, YOUR HONOR.

10:48AM 17             THE COURT:  AND I'LL INVITE YOUR TEAMS TO DO THAT.

10:48AM 18             MS. VOLKAR:  YES, YOUR HONOR.

10:48AM 19       MY UNDERSTANDING IS THAT OUR WONDERFUL SUPPORT STAFF HAS

10:48AM 20   STARTED THAT PROCESS, AND I -- BASED ON HEARSAY, I UNDERSTAND

10:48AM 21   THAT THERE MIGHT BE SOME MEETING ON MONDAY.  BUT I WILL QUICKLY

10:48AM 22   GET OUT OVER MY SKIS ON THAT, BUT WE WILL MAKE SURE IT'S DONE.

10:48AM 23             THE COURT:  THAT'S GREAT.  I JUST WANT TO CONFIRM

10:48AM 24   THAT THE JURY WILL HAVE EVERYTHING ON TUESDAY AND THAT, IF WE

10:48AM 25   NEED TO AUGMENT THE RECORD, WE WILL DO THAT BEFORE THEY GET THE

10:48AM 1    CASE.

10:48AM 2         OKAY?

10:48AM 3              MS. WALSH:  YES, YOUR HONOR.

10:48AM 4              MS. VOLKAR:  YES, YOUR HONOR.

10:48AM 5              MS. WALSH:  MR. COOPERSMITH HAS A MATTER HE WOULD

10:48AM 6    LIKE TO ADDRESS.

10:48AM 7              THE COURT:  SURE.  YES.

10:48AM 8              MR. COOPERSMITH:  THANK YOU, YOUR HONOR.  GOOD

10:48AM 9    MORNING.

10:48AM 10        I JUST WANTED TO MENTION ONE, I GUESS, LOOSE END, FOR LACK

10:48AM 11   OF A BETTER WORD, THAT WE WOULD NEED TO GET RESOLVED, NOT

10:49AM 12   NECESSARILY TODAY, BUT BEFORE WE START CLOSING ARGUMENT, AND

10:49AM 13   THAT IS THIS MOTION THAT WE MADE TO STRIKE A PORTION, A SMALL

10:49AM 14   PORTION, OF MS. BENNETT'S TESTIMONY.  AND I THINK I GAVE THE

10:49AM 15   COURT THE TRANSCRIPT CITES ON THAT ONE.

10:49AM 16        I WOULD JUST NOTE ONE THING, AND THIS APPEARS AT PAGE 5132

10:49AM 17   OF THE TRANSCRIPT, AND IT'S DURING MS. BENNETT'S REDIRECT

10:49AM 18   EXAMINATION WHERE THIS CAME UP.

10:49AM 19        AND THERE'S SOME AMBIGUITY, AND THE COURT MAYBE ALREADY

10:49AM 20   LOOKED AT THIS WHEN I GAVE THE TRANSCRIPT CITE, BUT ON LINES 11

10:49AM 21   THROUGH 13 OF PAGE 5132 -- ACTUALLY, STARTING FROM LINE 9 OF

10:49AM 22   THAT PAGE, THE COURT SAID, "I DON'T THINK IT'S 702, BUT ARE YOU

10:49AM 23   OFFERING THIS FOR THE TRUTH?"

10:49AM 24        AND MR. LEACH RESPONDED, "I'M NOT OFFERING IT FOR THE

10:49AM 25   TRUTH, YOUR HONOR.  I WAS ASKING HER ABOUT THE DOCUMENTS.  I

10:49AM  1    THINK IT'S A -- I'M OFFERING THE STATEMENT UNDER 801(D)(2), SO"

10:50AM  2    AND THEN IT GETS CUT OFF BECAUSE UNFORTUNATELY MY COLLEAGUE

10:50AM  3    SPOKE OVER HIM.

10:50AM  4        SO I DON'T KNOW, MAYBE MR. LEACH CAN FINISH HIS SENTENCE,

10:50AM  5    BUT I DON'T KNOW, IT'S AMBIGUOUS.

10:50AM  6        IT LOOKS LIKE HE STARTED OFF SAYING IT'S NOT OFFERED FOR

10:50AM  7    THE TRUTH, BUT WHAT ENDED UP HAPPENING IS THE DOCUMENT ITSELF

10:50AM  8    THAT WAS BEING DISCUSSED, THIS PATIENT IMPACT DOCUMENT, WAS NOT

10:50AM  9    ADMITTED.

10:50AM  10       BUT THERE WAS A QUESTION ASKED, AND THAT'S THE TESTIMONY

10:50AM  11   AT PAGE 5133, LINE 21, THROUGH 5134 AT LINE 4.

10:50AM  12       AND THAT'S WHEN THE QUESTION WAS ASKED AND THE WITNESS

10:50AM  13   RESPONDED, "THERANOS SAID," MEANING THERANOS TOLD CMS, "THAT

10:50AM  14   THE LABORATORY CONCLUDED THAT THERE WAS A POSSIBLE PATIENT

10:50AM  15   IMPACT FOR EVERY TEST REPORTED FROM THE LABORATORY'S TPS 3.5

10:50AM  16   INSTRUMENT."

10:50AM  17       SO OUR VIEW OF THAT IS THAT WAS -- AND I DON'T WANT TO

10:50AM  18   REARGUE, BECAUSE WE ALREADY MADE THIS ARGUMENT, BUT THIS IS

10:50AM  19   HEARSAY.  THE PURPOSE OF NOTICE TO THE AGENCY IS NOT A RELEVANT

10:51AM  20   PURPOSE.

10:51AM  21       BUT AT A MINIMUM, WE THINK THAT WAS NOT OFFERED FOR THE

10:51AM  22   TRUTH AND SHOULD NOT COME IN FOR THE TRUTH IF IT WAS, IN FACT,

10:51AM  23   NOTICE TO THE AGENCY, IF THAT WAS SOMETHING THAT THE COURT

10:51AM  24   WOULD THINK WAS EVEN RELEVANT.

10:51AM  25       SO THAT'S THE GIST OF IT.  AND, AGAIN, IT'S NOT SOMETHING

| | | |
|---|---|---|
| 10:51AM | 1 | THAT WE NEED TO RESOLVE RIGHT NOW, BUT BEFORE CLOSING ARGUMENT. |
| 10:51AM | 2 | THE COURT:  SURE.  OKAY.  THANK YOU. |
| 10:51AM | 3 | MS. VOLKAR. |
| 10:51AM | 4 | MS. VOLKAR:  YOUR HONOR, MR. LEACH HANDLED THAT |
| 10:51AM | 5 | BEFORE. |
| 10:51AM | 6 | ONE THING I'LL SAY AS HE MAKES HIS WAY TO THE PODIUM IS MY |
| 10:51AM | 7 | RECOLLECTION IS THAT THERE WAS A LENGTHY DISCUSSION BETWEEN THE |
| 10:51AM | 8 | COURT AND THE PARTIES IN THE MORNING BEFORE THE PORTION THAT |
| 10:51AM | 9 | MR. COOPERSMITH IS REFERRING TO, AND I BELIEVE THAT WHEN |
| 10:51AM | 10 | MR. LEACH WAS ADDRESSING IT, HE WAS UNDERSTANDING THAT THE |
| 10:51AM | 11 | COURT WAS ONLY GOING TO ADMIT IT FOR A LIMITED PURPOSE, EVEN |
| 10:51AM | 12 | THOUGH IT'S THE GOVERNMENT'S PERSPECTIVE IT COULD BE AN |
| 10:51AM | 13 | 801(D)(2) STATEMENT. |
| 10:51AM | 14 | BUT I'LL LET MR. LEACH TAKE IT FROM HERE. |
| 10:51AM | 15 | THE COURT:  THANK YOU, MR. LEACH. |
| 10:51AM | 16 | MR. LEACH:  I DON'T HAVE ANY FURTHER ARGUMENTS, YOUR |
| 10:51AM | 17 | HONOR.  WE'LL SUBMIT ON OUR PRIOR STATEMENTS. |
| 10:51AM | 18 | THE COURT:  ALL RIGHT.  THANK YOU. |
| 10:52AM | 19 | MR. COOPERSMITH:  BUT AT THE TIME THE QUESTION WAS |
| 10:52AM | 20 | ASKED AND IT CAME IN, THE COURT DID NOT GIVE ANY INSTRUCTION AS |
| 10:52AM | 21 | TO A LIMITED PURPOSE, SO THAT'S THE ESSENCE OF THE ISSUE. |
| 10:52AM | 22 | SO THANK YOU, YOUR HONOR. |
| 10:52AM | 23 | THE COURT:  OKAY.  GOT IT. |
| 10:52AM | 24 | (PAUSE IN PROCEEDINGS.) |
| 10:52AM | 25 | THE COURT:  THANK YOU. |

| | |
|---|---|
| 10:52AM | 1 |

                     MR. LEACH:  THANK YOU.

10:52AM  2                  THE COURT:  ANYTHING FURTHER TODAY?  MR. SCHENK.

10:52AM  3                  MR. SCHENK:  NO, YOUR HONOR.

10:52AM  4       FOR CLOSING ARGUMENT IN THE HOLMES TRIAL, THE GOVERNMENT

10:52AM  5  USED A LAPEL MICROPHONE.  WE, BEFORE CLOSING, RAISED THAT WITH

10:52AM  6  THE COURT JUST TO MAKE SURE THAT THAT WAS ACCEPTABLE TO THE

10:52AM  7  COURT.

10:52AM  8       I WOULD DO THE SAME RIGHT NOW.

10:52AM  9       MY RECOLLECTION IS THAT WE REQUIRED ASSISTANCE FROM COURT

10:52AM  10  STAFF TO DO SOMETHING UNDER THIS TABLE OR -- AND I DON'T KNOW

10:52AM  11  WHAT WAS DONE, BUT I KNOW WHATEVER WAS DONE, WAS NECESSARY.

10:52AM  12      SO IF WE COULD -- IF THE COURT WOULD APPROVE THAT USE

10:53AM  13  AGAIN, AND IF WE COULD RELY ON THE ASSISTANCE OF COURT STAFF TO

10:53AM  14  MAKE THAT CHANGE, WE WOULD APPRECIATE IT.

10:53AM  15      OF COURSE, WE WOULD MAKE THE MICROPHONE AVAILABLE TO THE

10:53AM  16  DEFENSE SHOULD THEY CHOOSE TO USE IT DURING THEIR CLOSING JUST

10:53AM  17  LIKE LAST TIME.

10:53AM  18         THE COURT:  THANK YOU FOR THAT HEADS UP.

10:53AM  19      I DON'T HAVE ANY OBJECTION TO THE LAPEL MIKE BEING USED,

10:53AM  20  AND WE'LL CONTACT OUR I.T. PERSON TO GO INTO THE BOX AND DO THE

10:53AM  21  MAGIC.

10:53AM  22         MR. SCHENK:  THANK YOU.

10:53AM  23         MR. COOPERSMITH:  THANK YOU, YOUR HONOR.

10:53AM  24      WE JOIN IN MR. SCHENK'S REQUEST, SO THANK YOU FOR THAT.

10:53AM  25         THE COURT:  SURE.  WOULD YOU LIKE A LAPEL MIKE?

10:53AM  1    WOULD YOU LIKE TO USE THIS MIKE AS WELL?

10:53AM  2              MR. COOPERSMITH:  YES, YOUR HONOR.  I THINK IT WOULD

10:53AM  3    BE VERY HELPFUL.

10:53AM  4              THE COURT:  SURE.

10:53AM  5              MR. COOPERSMITH:  THE OTHER SORT OF RELATED TOPIC

10:53AM  6    THAT WE WERE DISCUSSING WITH MS. ROBINSON EARLIER TODAY IS THAT

10:53AM  7    WHEN THE PODIUM WAS MOVED SO I COULD FACE THE JURY AND

10:53AM  8    MR. SCHENK COULD FACE THE JURY, IT'S HELPFUL TO BE ABLE TO

10:53AM  9    ACTUALLY SEE A SCREEN BECAUSE THERE'S A SERIES OF THINGS ON THE

10:53AM  10   SCREEN.

10:54AM  11       AND IT'S KIND OF AWKWARD TO USE THIS SCREEN RIGHT HERE IN

10:54AM  12   THE MIDDLE BECAUSE THEN YOU HAVE TO SORT OF TURN.

10:54AM  13       AND I WAS WONDERING IF THERE COULD BE A SCREEN PLACED

10:54AM  14   ON -- IF IT WAS PLACED JUST ON THE EDGE OF THE GOVERNMENT'S

10:54AM  15   TABLE, OR EVEN FLIPPING THAT ONE AROUND, I DON'T WANT TO

10:54AM  16   PRECLUDE THE GOVERNMENT FROM LOOKING AT THE PRESENTATION.  BUT

10:54AM  17   SOMEHOW SO THAT IF I'M STANDING, YOU KNOW, BASICALLY WHERE

10:54AM  18   MR. SCHENK IS STANDING, BUT TURNED TOWARD THE JURY, THERE WOULD

10:54AM  19   BE A WAY TO GLANCE OVER AT THE SCREEN SO I'M NOT BLIND AS TO

10:54AM  20   WHAT IS BEING SHOWN.

10:54AM  21              THE COURT:  SURE.  SURE.

10:54AM  22       SO THE LECTERN WILL BE FACING THE JURY.  WE'LL MOVE THE

10:54AM  23   LECTERN OUT.  AND THAT ONE -- I THINK WE'LL MOVE IT OUT.

10:54AM  24       I THINK, MR. SCHENK, IN THE HOLMES CASE YOU HAD A MONITOR

10:54AM  25   AT THE CORNER OF THE TABLE THAT YOU COULD REFERENCE TO YOUR

```
10:54AM    1        LEFT.  IS THAT SOMETHING THAT YOU CAN SHARE?

10:54AM    2               MR. SCHENK:  YES, YOUR HONOR.

10:54AM    3        I WOULD PREFER NOT TO USE A LECTERN DURING THE CLOSING,

10:55AM    4   BUT, YES, THE SCREEN THAT THE GOVERNMENT -- ONE OF THE TWO

10:55AM    5   SCREENS ON THE GOVERNMENT'S TABLE TURNS SO THAT IT'S AVAILABLE

10:55AM    6   FOR THE SPEAKING, OR FOR THE ATTORNEY ADDRESSING THE JURY CAN

10:55AM    7   LOOK AT.

10:55AM    8        I WILL TURN THAT FOR THE GOVERNMENT'S CLOSING, AND I WILL

10:55AM    9   JUST LEAVE IT TURNED FOR THE DEFENSE CLOSING.

10:55AM   10               MR. COOPERSMITH:  THAT WOULD WORK JUST FINE.  I

10:55AM   11   WOULD APPRECIATE THAT.  THANKS.

10:55AM   12               THE COURT:  GREAT.  THANK YOU.

10:55AM   13        BUT THE LECTERN WILL BE THERE FOR USE.  IF YOU WANT TO USE

10:55AM   14   IT, OR NOT, OR WHATEVER.

10:55AM   15        DO YOU THINK THAT -- DOES EITHER SIDE HAVE ANY OTHER

10:55AM   16   AUDIO/VISUAL NEEDS THAT WE SHOULD KNOW ABOUT SO WE CAN PREPARE

10:55AM   17   ANYTHING?

10:55AM   18               MR. COOPERSMITH:  NOT THAT I'M AWARE OF, YOUR HONOR.

10:55AM   19        I THINK THE DISPLAY WOULD BE, YOU KNOW, SIMILAR TO WHAT WE

10:55AM   20   HAVE SEEN DURING TRIAL WHERE OUR TECH PERSON WOULD BE DOING

10:55AM   21   THAT.

10:55AM   22               THE COURT:  SURE.  OKAY.  GREAT.

10:55AM   23               MR. SCHENK:  THANK YOU.

10:55AM   24               THE COURT:  THANK YOU.

10:55AM   25        SO WE'RE NEXT TOGETHER TUESDAY NEXT, I THINK.
```

10:55AM 1          BUT IF, IF YOU NEED TO COME OR YOU WANT TO COME AND SEE ME

10:55AM 2   ABOUT ANY INTERVENING ISSUE, JUST SING OUT TO MS. ROBINSON AND

10:56AM 3   I'M HAPPY TO BE HERE TO MEET.

10:56AM 4          MR. COOPERSMITH:  THANK YOU, YOUR HONOR.

10:56AM 5        THE ONLY OTHER THING IS THAT I UNDERSTAND THE COURT IS

10:56AM 6   BEING GRACIOUS IN SWEARING MY COLLEAGUE IN.

10:56AM 7          THE COURT:  YES.

10:56AM 8          MR. COOPERSMITH:  AND WHENEVER THE COURT COULD DO

10:56AM 9   THAT, THAT WOULD BE VERY HELPFUL.  WE WOULD APPRECIATE THAT.

10:56AM 10          THE COURT:  ALL RIGHT.  THANK YOU.

10:56AM 11          MR. SCHENK:  THANK YOU, YOUR HONOR.

10:56AM 12          MR. COOPERSMITH:  THANK YOU, YOUR HONOR.

10:56AM 13          THE COURT:  WE'RE IN RECESS.

10:56AM 14        (COURT ADJOURNED AT 10:56 A.M.)

15

16

17

18

19

20

21

22

23

24

25

1

2

3                          CERTIFICATE OF REPORTERS

4

5

6

7          WE, THE UNDERSIGNED OFFICIAL COURT REPORTERS OF THE

8     UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

9     CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO

10    HEREBY CERTIFY:

11          THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____
      IRENE RODRIGUEZ, CSR, CRR
      CERTIFICATE NUMBER 8076
17

18    _____
19    LEE-ANNE SHORTRIDGE, CSR, CRR
      CERTIFICATE NUMBER 9595
20

21    DATED:  JUNE 10, 2022

22

23

24

25