STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Email:  Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>RAMESH BALWANI,<br><br>    Defendant. | Case No. 18-CR-00258 EJD<br><br>UNITED STATES' OPPOSITION TO DEFENDANT RAMESH "SUNNY" BALWANI'S MOTION TO CONTINUE SENTENCING [ECF NO. 1622]<br><br>**REDACTED VERSION FOR PUBLIC FILING**<br><br>Date:  November 7, 2022<br>Time:  10:00 a.m.<br>Court:  Hon. Edward J. Davila |

U.S.' OPP'N TO MOT. TO CONTINUE,
CASE NO. 18-258 EJD

# ARGUMENT

The government respectfully requests that the Court deny, or at a minimum defer, Defendant Ramesh "Sunny" Balwani's motion to continue the sentencing.

There is a significant public interest in having the defendant sentenced promptly and having him sentenced near the time of the sentencing of his co-defendant Elizabeth Holmes. This case has been pending for over four years, since June 2018, and it involves fraudulent conduct between 2010 and 2015 that first came to light in October 2015. More than ten months have passed since the jury returned its guilty verdicts against Holmes. More than seven have passed since the defendant's trial began, culminating in guilty verdicts on all counts on July 7, 2022. The sentencings here involve overlapping issues and charges. But for Holmes' abuse allegations, and the defendant's denial of them, they would likely be sentenced together. The Probation Office has circulated draft presentence investigation reports in both cases and received comments and objections from all parties. For these reasons, the sentencings should not be moved lightly.

Defendant's three arguments to continue the sentencing do not constitute good cause.

First, it is premature to conclude ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. On October 13, 2022, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1 ████████████████████████████████████████████████████████████
2 ████████████████████████████████████████████
3 ██████████████████████████████████████████████████████
4 ████████████████████████████████████████████████████████████
5 ████████████████████.

6       Second, the defendant's vague references to the need for further preparation are not supported.
7 As an initial matter, the supporting declaration for the motion conspicuously omits any factual
8 averments about an alleged need to prepare. *See generally* ECF No. 1622-2. More fundamentally, the
9 defendant's lead attorney has represented him since at least 2016, through at least three separate civil
10 lawsuits, the SEC investigation, the SEC enforcement action, the four-plus-month *Holmes* trial, and the
11 defendant's own four-month trial. There can be no doubt about his preparation, as well as that of his
12 team of lawyers from Orrick, Herrington, and Sutcliffe's New York, Los Angeles, San Francisco, and
13 Seattle offices. The legal issues involved in the sentencing, including those related to the loss
14 calculation, are no more complex than those raised in the *Holmes* sentencing, which is scheduled to
15 proceed on November 18, 2022. In sum, the defendant's half-hearted suggestion, unsupported by any
16 factual averments, about his counsel's preparation should not be afforded any weight and are no basis to
17 move the sentencing.

18       Finally, the defendant notes that one of his two brothers, that brother's spouse, and their two
19 children may have conflicts for the entirety of December 2022. To be clear, the defendant's extended
20 family appears to have no scheduling issues with the November 15, 2022 sentencing date, which is a
21 reason to keep the sentencing date, not to move it. Moreover, it is unclear why high school and college
22 tests for the defendant's niece and nephew necessitate their total absence in late November and all of
23 December, let alone the absence of his brother and sister-in-law. It is also unclear why the needs of this
24 criminal proceeding, including the victims of the defendant's conduct and all of its other participants,
25 should be subsidiary to the decisions of extended family members who are not able to be physically
26 present for one Court appearance throughout an entire month. Based in part on the draft presentence
27 investigation report, the defendant appears to have ample family support from his four other siblings and
28 others, and any absent family members are presumably available before and after the sentencing to

extend their support. In light of the many competing interests involved, a sentencing involving crimes of this significance should not be pushed back.

 For these reasons, the government respectfully recommends the Court deny the motion, or at a minimum defer it.

DATED: October 31, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*Robert S. Leach*
_____
ROBERT S. LEACH
JEFF SCHENK
JOHN C. BOSTIC
KELLY I. VOLKAR
Assistant United States Attorneys