JEFFREY B. COOPERSMITH (SBN 252819)
AMY WALSH (Admitted Pro Hac Vice)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

Email: jcoopersmith@orrick.com; awalsh@orrick.com; scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>　　　　　　Defendant. | Case No. CR-18-00258-EJD<br><br>**DEFENDANT RAMESH "SUNNY" BALWANI'S REPLY IN SUPPORT OF MOTION TO CONTINUE SENTENCING**<br><br>*REDACTED FOR PUBLIC FILING*<br><br>Date:  November 7, 2022<br>Time:  1:30 p.m.<br>CTRM.: 4, 5th Floor<br><br>Hon. Edward J. Davila |

I.  INTRODUCTION

Mr. Balwani has shown good cause to continue his sentencing hearing to January 23, 2023. The government gives short shrift to the effects of ███████ and the need to adequately prepare—███████████—for the most important day of Mr. Balwani's life. The government faces no prejudice from the requested continuance, which would lead to a sentencing date for Mr. Balwani closer in time to his jury's verdict than Ms. Holmes' sentencing will be to her own. The Court should thus grant Mr. Balwani's motion.

II.  ARGUMENT

*First*, the Court should give no weight to the government's cold indifference to Mr. Balwani's ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Courts considering sentences engage in the holistic analysis demanded by 18 U.S.C. § 3553(a), weighing the facts of a defendant's life and the circumstances surrounding the conduct found by the jury. In confronting that assessment, Mr. Balwani has the right to face the Court ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

*Second*, the government identifies no prejudice it would face from a continuance. To start, that the parties have lodged their objections to the draft PSR and that the Probation Office's analysis nears completion merely cements that neither the parties nor Probation will incur any disadvantage or difficulty from a modest sentencing delay. Reciting this case's procedural history

- 1 -

DEFENDANT BALWANI'S REPLY IN SUPPORT OF
MOTION TO CONTINUE SENTENCING
CASE NO. CR-18-00258-EJD

similarly falls flat: Mr. Balwani did not cause the COVID-19 pandemic or its resulting delays, much less did he raise the defense that required the defendants' trials to be severed. And the government's opposition at once conflates Mr. Balwani and Ms. Holmes and fails to distinguish their circumstances. *See, e.g.*, Opp'n at 1 ("More than ten months have passed since the jury returned its guilty verdicts against Holmes."). On that score, the government's appeals to the public interest ring especially hollow: Mr. Balwani's requested continuance, if granted, will lead to a sentencing hearing far closer in time to his jury's verdict than is the case for Ms. Holmes.[1] Mr. Balwani's case is neither less complex nor less important than Ms. Holmes', and the government will not be burdened by a schedule that allows defense counsel to address the important legal and equitable issues that should inform any sentence.

***Third***, the government's insensitive response to the scheduling conflicts facing Mr. Balwani's family lacks merit. The potential loss of liberty that sentencing entails is among the weightiest issues that courts address. The stakes are even higher for the defendant confronting such a proceeding. Mr. Balwani should have the real-time, in-person support from his family that justice demands. The physical presence of supportive family also highlights for the Court the truth about who Mr. Balwani is, which Congress has mandated the Court to consider when passing sentence. *See* 18 U.S.C. § 3553(a)(1) (requiring courts to consider "the history and circumstances of the defendant" when imposing a sentence).

## III. CONCLUSION

For these reasons and those discussed in his motion, Mr. Balwani asks the Court to grant the motion to continue.

---

[1] Under the Local Rules, a sentencing hearing for an out-of-custody defendant may be set *no earlier* than 95 days after the defendant is referred to the Probation Office. *See* Criminal Local Rule 31-1.

1 | DATED: October 31, 2022

Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP

By: */s/ Jeffrey B. Coopersmith*
     Jeffrey B. Coopersmith

Attorney for Defendant
RAMESH "SUNNY" BALWANI