UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | |
| v. | **FINAL JURY INSTRUCTIONS** |
| RAMESH "SUNNY" BALWANI, | |
| Defendant. | |

DATED:  June 24, 2022

EDWARD J. DAVILA
United States District Judge

**JURY INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, profession, celebrity, economic circumstances, or position in life or in the community.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

**JURY INSTRUCTION NO. 2**

2

**CHARGE AGAINST MR. BALWANI NOT EVIDENCE—PRESUMPTION OF**

3

**INNOCENCE—BURDEN OF PROOF**

4      The indictment is not evidence.  Mr. Balwani, the defendant, has pleaded not guilty to the

5   charges.  Mr. Balwani is presumed to be innocent unless and until the government proves him guilty

6   beyond a reasonable doubt.  In addition, Mr. Balwani does not have to testify or present any evidence.

7   Mr. Balwani does not have to prove innocence; the government has the burden of proving every element

8   of the charges beyond a reasonable doubt.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**JURY INSTRUCTION NO. 3**

**ABSENCE OF CO-DEFENDANT**

3   For reasons that do not concern you, the case against Mr. Balwani's co-defendant,

4   Ms. Elizabeth Holmes, is not before you.  Do not speculate why.  This fact should not influence your

5   verdict with reference to Mr. Balwani.

6   You have heard evidence that Ms. Holmes has been tried before.  Keep in mind, however, that

7   you must decide this case solely on the evidence presented to you in this trial.  You are not to consider

8   the fact of or any other aspect of a previous trial involving Ms. Holmes in deciding this case.  You must

9   base your verdict solely on the evidence received in this trial.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 4**

**MR. BALWANI'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that Mr. Balwani did not testify.

**JURY INSTRUCTION NO. 5**

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Balwani is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Mr. Balwani is guilty, it is your duty to find Mr. Balwani not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Mr. Balwani is guilty, it is your duty to find Mr. Balwani guilty.

**JURY INSTRUCTION NO. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties have agreed.

**JURY INSTRUCTION NO. 7**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1) Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1
2

**JURY INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4 testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence

5 is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

6    You are to consider both direct and circumstantial evidence.  Either can be used to prove any

7 fact.  The law makes no distinction between the weight to be given to either direct or circumstantial

8 evidence.  It is for you to decide how much weight to give to any evidence.

9    By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

10 find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden

11 hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact

12 has been proved by circumstantial evidence, you must consider all the evidence in the light of reason,

13 experience, and common sense.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You should use the same standard in judging the credibility of every witness, regardless of what his or her occupation or background may be.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 10**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from Richard Sonnier, who testified to his opinions and the reasons for his opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# JURY INSTRUCTION NO. 11

## DUAL ROLE TESTIMONY

You have heard testimony from Dr. Audra Zachman and Dr. Mark Burnes, who testified to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witness saw, heard, or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  You may take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 12**

**CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 13**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against Mr. Balwani in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 14**

**ON OR ABOUT—DEFINED**

The indictment charges that the offenses alleged in Counts One through Twelve were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

**JURY INSTRUCTION NO. 15**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether Mr. Balwani is guilty or not guilty of the charges in the indictment.  Mr. Balwani is not on trial for any conduct or offense not charged in the indictment.

1

2

## JURY INSTRUCTION NO. 16

## CONSPIRACY—ELEMENTS

3       Mr. Balwani is charged in Counts One and Two of the indictment with conspiring to commit

4  wire fraud in violation of Section 1349 of Title 18 of the United States Code.

5       Mr. Balwani is charged in Count One of the indictment with conspiring to commit wire fraud

6  against investors in Theranos during the period 2010 to 2015.

7       Mr. Balwani is charged in Count Two of the indictment with conspiring to commit wire fraud

8  against patients who paid for Theranos' blood testing services during the period 2013 to 2016.

9       I will define wire fraud later in these instructions.

10       In order for Mr. Balwani to be found guilty of either count, you must all unanimously agree with

11  respect to each Count that the government has proved each of the following elements beyond a

12  reasonable doubt:

13       First, that there was an agreement between two or more persons to commit wire fraud as charged

14  in the indictment; and

15       Second, that Mr. Balwani became a member of the alleged conspiracy knowing of at least one of

16  its objects and intending to help accomplish it.

17       A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit

18  one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not

19  matter whether the crime agreed upon was committed.

20       For a conspiracy to have existed, it is not necessary that the conspirators made a formal

21  agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they

22  simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

23  Nor is it enough, standing alone, that they had a business or romantic relationship.  You must find that

24  there was a plan to commit wire fraud as alleged in the indictment as an object of the conspiracy with all

25  of you agreeing as to the particular crime which the conspirators agreed to commit.

26       One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

27  intent to advance or further some object or purpose of the conspiracy, even though the person does not

28  have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an

existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**JURY INSTRUCTION NO. 17**

**DEFINITION OF "WILLFULLY"**

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids.

**JURY INSTRUCTION NO. 18**

**CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even if Mr. Balwani did not directly conspire with other conspirators in the overall scheme, Mr. Balwani has, in effect, agreed to participate in an alleged conspiracy if the government proves each of the following beyond a reasonable doubt:

(1) First, that Mr. Balwani directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) Second, that Mr. Balwani knew or had reason to know that other conspirators were involved with those with whom Mr. Balwani directly conspired; and

(3) Third, that Mr. Balwani had reason to believe that whatever benefits Mr. Balwani might get from the alleged conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

# JURY INSTRUCTION NO. 19

## CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR

Each member of a conspiracy is responsible for the reasonably foreseeable actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Mr. Balwani guilty of wire fraud against investors in Theranos as charged in Counts Three through Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

Second, the co-conspirator was a member of the conspiracy charged in Count One of the indictment;

Third, the co-conspirator committed the crime of wire fraud in furtherance of the conspiracy;

Fourth, Mr. Balwani was a member of the same conspiracy at the time the offense charged in Counts Three through Eight was committed by the co-conspirator; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen by Mr. Balwani to be a necessary or natural consequence of the unlawful agreement.

You may find Mr. Balwani guilty of wire fraud against patients who paid for Theranos' blood testing services as charged in Counts Nine through Twelve of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

Second, the co-conspirator was a member of the conspiracy charged in Count Two of the indictment;

Third, the co-conspirator committed the crime of wire fraud in furtherance of the conspiracy;

Fourth, Mr. Balwani was a member of the same conspiracy at the time the offense charged in Counts Nine through Twelve was committed by the co-conspirator; and

1    Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have

2  been foreseen by Mr. Balwani to be a necessary or natural consequence of the unlawful agreement.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 20

## WIRE FRAUD (18 U.S.C. § 1343)

Mr. Balwani is charged in Counts Three through Twelve of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.

Mr. Balwani is charged in Counts Three through Eight of the indictment with wire fraud against investors in Theranos.  In particular:

Mr. Balwani is charged in Count Three with wire fraud in connection with a wire transfer of $99,990 on or about December 30, 2013.

Mr. Balwani is charged in Count Four with wire fraud in connection with a wire transfer of $5,349,900 on or about December 31, 2013.

Mr. Balwani is charged in Count Five with wire fraud in connection with a wire transfer of $4,875,000 on or about December 31, 2013.

Mr. Balwani is charged in Count Six with wire fraud in connection with a wire transfer of $38,336,632 on or about February 6, 2014.

Mr. Balwani is charged in Count Seven with wire fraud in connection with a wire transfer of $99,999,984 on or about October 31, 2014.

Mr. Balwani is charged in Count Eight with wire fraud in connection with a wire transfer of $5,999,997 on or about October 31, 2014.

Mr. Balwani is charged in Counts Nine through Twelve of the indictment with wire fraud against patients who paid for Theranos' blood testing services.  In particular:

Mr. Balwani is charged in Count Nine with wire fraud in connection with a telephone call from Patient B.B. to Theranos regarding B.B.'s laboratory blood test results on or about October 12, 2015.

Mr. Balwani is charged in Count Ten with wire fraud in connection with a wire transmission of Patient E.T.'s laboratory blood test results on or about May 11, 2015.

Mr. Balwani is charged in Count Eleven with wire fraud in connection with a wire transmission of Patient M.E.'s laboratory blood test results on or about May 16, 2015.

Mr. Balwani is charged in Count Twelve with wire fraud in connection with a wire transfer of $1,126,661 on or about August 3, 2015.

In order for Mr. Balwani to be found guilty of each count of wire fraud, you must all unanimously agree with respect to each count that the government has proved each of the following elements beyond a reasonable doubt:

First, Mr. Balwani knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  A scheme to defraud is a deceptive scheme to deprive a person of money or property.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material.  Statements are material if they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, Mr. Balwani acted with the intent to defraud, that is, the intent to deceive and cheat.  The intent to deceive and cheat is the intent to deprive someone of money or property by means of deception; and

Fourth, Mr. Balwani used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.  The wire itself need not be false or misleading.

In determining whether a scheme to defraud exists, you may consider not only Mr. Balwani's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to Mr. Balwani that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to Mr. Balwani that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

**JURY INSTRUCTION NO. 21**

**INTENT TO DEFRAUD—DEFINED**

An intent to defraud is an intent to deceive and cheat, that is, to deprive someone of money or property by means of deception.

**JURY INSTRUCTION NO. 22**

**GOOD FAITH**

You may consider whether Mr. Balwani had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not he acted with intent to defraud.

**JURY INSTRUCTION NO. 23**

**KNOWINGLY—DEFINED**

An act is done knowingly if Mr. Balwani was aware of the act and did not act through ignorance, mistake, or accident.  The government is not required to prove that Mr. Balwani knew that his acts were unlawful.  You may consider evidence of Mr. Balwani's words or acts, along with all the other evidence, in deciding whether Mr. Balwani acted knowingly.

To find that Mr. Balwani acted knowingly, you must find that he himself had knowledge of the fact at issue.

1

2

### JURY INSTRUCTION NO. 24

### AIDING AND ABETTING

3    Mr. Balwani may be found guilty of wire fraud as charged in Counts Three through Twelve of

4 the indictment, even if Mr. Balwani personally did not commit the act or acts constituting the crime but

5 aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else

6 commit a crime.  To prove Mr. Balwani guilty of wire fraud by aiding and abetting, the government

7 must prove each of the following beyond a reasonable doubt:

8    First, someone else committed the conduct charged in Counts Three through Twelve of the

9 indictment;

10    Second, Mr. Balwani aided, counseled, commanded, induced, or procured that person with

11 respect to at least one element of wire fraud as charged in Counts Three through Twelve of the

12 indictment;

13    Third, Mr. Balwani acted with the intent to facilitate wire fraud as charged in Counts Three

14 through Twelve of the indictment; and

15    Fourth, Mr. Balwani acted before the crime was completed.

16    It is not enough that Mr. Balwani merely associated with the person committing the crime, or

17 unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of

18 the crime.  The evidence must show beyond a reasonable doubt that Mr. Balwani acted with the

19 knowledge and intention of helping that person commit wire fraud as charged in Counts Three through

20 Twelve of the indictment.

21    A defendant acts with the intent to facilitate the crime when the defendant actively participates in

22 a criminal venture with advance knowledge of the crime and having acquired that knowledge when the

23 defendant still had a realistic opportunity to withdraw from the crime.

24    The government is not required to prove precisely which person actually committed the crime

25 and which person aided and abetted.

26

27

28

FINAL JURY INSTRUCTIONS
CASE NO. CR 18-258 EJD                    27

# JURY INSTRUCTION NO. 25

## SCHEME TO DEFRAUD—VICARIOUS LIABILITY (18 U.S.C. § 1343)

If you find that Mr. Balwani was a member of the scheme to defraud investors in Theranos charged in Counts Three through Eight and that Mr. Balwani had the intent to defraud investors in Theranos, Mr. Balwani may be responsible for other co-schemers' actions during the course of and in furtherance of the alleged scheme, even if Mr. Balwani did not know what they said or did.

For Mr. Balwani to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the government must prove each of the following elements beyond a reasonable doubt:

First, the co-schemer was a member of the scheme to defraud investors charged in Counts Three through Eight of the indictment;

Second, the co-schemer committed the offense in furtherance of the scheme to defraud Theranos investors;

Third, Mr. Balwani was a member of the same scheme to defraud, and possessed the intent to defraud Theranos investors; and

Fourth, the offense committed by the co-schemer fell within the scope of the scheme to defraud and was one that Mr. Balwani could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

If you find that Mr. Balwani was a member of the scheme to defraud patients who paid for Theranos' blood testing services charged in Counts Nine through Twelve and that Mr. Balwani had the intent to defraud Theranos paying patients, Mr. Balwani may be responsible for other co-schemers' actions during the course of and in furtherance of the alleged scheme, even if Mr. Balwani did not know what they said or did.

For Mr. Balwani to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the government must prove each of the following elements beyond a reasonable doubt:

First, the co-schemer was a member of the scheme to defraud patients who paid for Theranos' blood testing services charged in Counts Nine through Twelve of the indictment;

Second, the co-schemer committed the offense in furtherance of the scheme to defraud Theranos paying patients;

Third, Mr. Balwani was a member of the same scheme to defraud, and possessed the intent to defraud Theranos paying patients; and

Fourth, the offense committed by the co-schemer fell within the scope of the scheme to defraud and was one that Mr. Balwani could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

1

2

**JURY INSTRUCTION NO. 26**

**WIRE FRAUD—ALLEGED VICTIM'S CONDUCT**

3 An alleged victim's negligence is not a defense to wire fraud.  You have heard evidence

4 regarding investors' process for deciding whether to invest money in Theranos.  You are to consider this

5 evidence to the extent that it helps you determine whether Mr. Balwani made false or fraudulent

6 pretenses, representations, or promises as part of a scheme or plan to defraud (see prior Wire Fraud

7 instruction).  You may also consider this evidence to the extent that it helps you determine whether the

8 statements made as part of the alleged scheme were material; that is, whether they had a natural

9 tendency to influence, or were capable of influencing, a person to part with money or property (see prior

10 Wire Fraud instruction).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 27**

**SUCCESS OF A WIRE FRAUD SCHEME**

Success of a scheme to defraud is not necessary for purposes of determining whether wire fraud occurred.  For Counts Three through Twelve, it is not necessary that Mr. Balwani made a profit or that anyone actually suffered a loss.

1

**JURY INSTRUCTION NO. 28**

2

**ALLEGED VIOLATIONS OF REGULATIONS AND INDUSTRY STANDARDS**

3        You have heard evidence regarding alleged violations of regulations and industry standards.

4    You may consider such evidence, along with other evidence, limited to any purposes for which such

5    evidence was admitted, in assessing whether the government has proved each of the counts charged in

6    the indictment.  However, you may not find Mr. Balwani liable for any of the offenses alleged in the

7    indictment merely because he or Theranos may have violated federal or state regulations or because

8    Mr. Balwani or Theranos may have engaged in negligent practices or violated industry standards related

9    to laboratory testing or medical devices.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 29

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, profession, celebrity, economic circumstances, or position in life or in the community.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**JURY INSTRUCTION NO. 30**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet (through Google or otherwise) or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 31**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

2

**JURY INSTRUCTION NO. 32**

**JURY CONSIDERATION OF PUNISHMENT**

3

4

5

The punishment provided by law for the alleged offenses is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against Mr. Balwani beyond a reasonable doubt.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 33**

2

**VERDICT FORM**

3         A verdict form has been prepared for you.  After you have reached unanimous agreement on a

4 verdict, your foreperson should complete the verdict form according to your deliberations, sign, and date

5 it, and advise the clerk that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 34

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Mr. Balwani, until after you have reached a unanimous verdict or have been discharged.