THOMAS S. COLTHURST (CABN 99493)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    450 Golden Gate Ave., Suite 1100
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: robert.leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' ADMINISTRATIVE MOTION TO CORRECT JUDGMENTS |
| v. | |
| ELIZABETH HOLMES & RAMESH "SUNNY" BALWANI, | |
| Defendants. | |

U.S.' ADMIN. MOT.,
CASE NO. 18-CR-258 EJD

## ADMINISTRATIVE MOTION

The government respectfully moves, for the reasons set forth in the following Memorandum of Points and Authorities, to correct certain clerical errors in the amended judgments in this matter (ECF Nos. 1764 & 1766). This motion is based on the following Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: June 7, 2023

Respectfully submitted,

THOMAS S. COLTHURST
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*Robert S. Leach*
_____
ROBERT S. LEACH
JOHN C. BOSTIC
KELLY I. VOLKAR
Assistant United States Attorneys

# MEMORANDUM OF POINTS AND AUTHORITIES

The government respectfully moves to correct certain clerical errors in the amended judgments in this case (ECF Nos. 1764 & 1766).

## FACTUAL BACKGROUND

On January 3, 2022, a jury found Defendant Elizabeth Holmes guilty of Counts One, Six, Seven, and Eight of the Third Superseding Indictment. ECF No. 1235.

On July 7, 2022, a jury found Defendant Ramesh Balwani guilty of all counts alleged in the Third Superseding Indictment. ECF No. 1507.

On November 18, 2022, the Court imposed sentence on Defendant Holmes. ECF No. 1660. The Court declined to impose a fine. 11/18/2022 Tr. at 133 ("The Court is not going to impose a fine in this matter. The Court has reviewed the financial statements filed in this case, and the Court will not impose a fine."). The Court requested the parties to meet and confer regarding a restitution hearing date. ECF No. 1660. The Court's oral pronouncement of sentence did not reference a payment schedule for any criminal monetary penalties. *See generally* 11/18/2022 Tr.; ECF No. 1660; *see also* ECF No. 1712 at 22 (Order on Sentencing).

On December 7, 2022, the Court imposed sentence on Defendant Balwani. ECF No. 1682. The Court imposed a $25,000 fine. *Id.* The Court deferred awarding restitution and requested the parties to meet and confer regarding a restitution hearing date. 12/7/2022 Tr. at 148. The Court's oral pronouncement of sentence did not reference a payment schedule for any criminal monetary penalties. *See generally* 12/7/2022 Tr.; ECF No. 1682; *see also* ECF No. 1730 at 28 (Order on Sentencing).

On January 11 and February 16, 2023, the Court issued judgments against Defendant Holmes and Defendant Balwani, respectively. ECF Nos. 1716 & 1731. The judgments provided that restitution was "[t]o [b]e [d]etermined." ECF No. 1716 at 6; ECF No. 1731 at 6.

On February 17 and March 17, 2023, the Court held hearings to address restitution and other matters. At the conclusion of the hearings, the Court took the issue of restitution under submission. ECF Nos. 1735 & 1749.

On May 16, 2023, the Court issued its Order on Restitution. ECF No. 1760. The Court ordered Defendants Holmes and Balwani to pay restitution of $452,047,268 and found that joint and several liability was appropriate. ECF No. 1760 at 1, 17-18. The Court's order does not reference a payment schedule for criminal monetary penalties.

On May 30, 2023, the Court issued amended judgments against Defendants Holmes and Balwani. ECF Nos. 1764 & 1766. The first page of the *Holmes* amended judgment includes a grid stating that Defendant Holmes was adjudicated guilty of Counts 1, 6, 7, and 7; the second 7 appears to be an erroneous reference to Count 8. The seventh and final page of the *Holmes* amended judgment leaves blank the box for "Joint and Several" liability and the following grid. In addition, none of the boxes under Schedule of Payments is checked, but there is bolded language following the unchecked Box F for special instructions. The *Balwani* amended judgment checks Box F under Schedule of Payments, but in certain instances the special instructions refer only to the fine imposed rather than all of the criminal monetary penalties imposed (fine, restitution, and special assessment).

## ARGUMENT

At any time, with appropriate notice, the Court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Rule 36 does not permit substantive changes to the sentence but is limited to changes that "do no more than conform the sentence to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th. Cir. 1984); *see United States v. Marchese*, 341 F.2d 782, 788 (9th Cir. 1965) ("Rule 36 applies to clerical errors only."). Courts have applied Rule 36 to correct errors relating to joint and several liability and to clarify whether restitution was owed immediately or under a schedule. *See United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004) (holding Rule 36 applies to mistakes that are "minor and mechanical" and noting correction "did not fundamentally alter [defendant's] sentence, because it did not increase the restitution amount initially imposed at sentencing"); *United States v. Hall*, 2021 WL 5985356, at *1 (11th Cir. Dec. 17, 2021) (affirming correction of written judgment to reflect restitution was due and payable in full immediately).[1]

---

[1] Federal Rule of Criminal Procedure 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED R. CRIM. P.

U.S.' ADMIN. MOT.,
CASE NO. 18-CR-258 EJD                        2

Title 18, United States Code, Section 3572(d) specifies that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d). The MVRA likewise anticipates that from time to time the Court may adjust the payment schedule if there is a material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. 18 U.S.C. § 3664(k) ("A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.").

Here, the Court should correct the following clerical errors in the *Holmes* amended judgment:

- On page 1, the *Holmes* amended judgment contains a grid stating defendant is adjudicated guilty of four enumerated offenses. This is correct, but the number in the fourth row of the enumerated counts should be 8, not 7. *Compare* ECF No. 1764 at 1 *to* ECF No. 1235 at 2.

- On page 7, the box in the *Holmes* amended judgment for "Joint and Several" should be checked and the first row of the following grid should provide: "Ramesh Balwani, CR 18-0258-002 EJD" in the column "Case Number / Defendant and Co-Defendant Names (including defendant number)" and "452,047,268" in the column "Joint and Several Amount". The Court has clearly ordered Defendant Holmes and Balwani are jointly and severally liable for this amount. *See* ECF No. 1760 at 1, 17-18.

---

35(a). Although "sentencing" is defined as "the oral announcement of the sentence," *see id.* Rule 35(c), the Mandatory Victims Restitution Act ("MVRA") contemplates orders of restitution, which often come after the initial oral pronouncement of sentence, may be corrected under Rule 35. 18 U.S.C. § 3664(o). To the extent any of the proposed corrections are not deemed clerical errors, Rule 35(a) authorizes correcting the judgments.

- On page 7 in the *Holmes* amended judgment, none of the boxes under Schedule of Payments, including Box F, is checked – leaving unaddressed the question of when criminal penalties are due. Although the Court did not address the timing of payments in its oral pronouncement of sentencing or its order of restitution, the government submits the Court intended the following, which correlates to the *Balwani* amended judgment and the practice of the Probation Office: "A $400 Special Assessment and restitution of $452,047,268 is due. When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on supervised release, the criminal monetary penalties must be paid in monthly payments of not less than $250 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m). Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Attention: Financial Unit, Box 36060, San Francisco, CA 94102." (Text in red delineates proposed additions to the language following the unchecked Box F in the *Holmes* amended judgment.)

The Court should similarly correct the *Balwani* amended judgment to make clear that the special instructions in Box F apply to *all* criminal monetary penalties, not simply the fine or the special assessment. Specifically:

- On page 7, Box F, the text of the *Balwani* amended judgment should read: "It is further ordered that the defendant shall pay to the United States a special assessment of $1,200, a fine in the amount of $25,000, and restitution in the amount of $452,047,268. During imprisonment, payment of the criminal monetary penalties are due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on supervised release, the ~~fine~~ criminal monetary penalties must be paid in monthly payments of not less than $1,000 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Notwithstanding any payment schedule set by the court, the United

States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m).  ~~Fine~~Criminal monetary penalty payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.  (Again, text in red delineates proposed additions or changes to the language in the current *Balwani* judgment.)

None of these proposed corrections substantively changes the judgment or increases the restitution or prison terms and thus they are appropriate under Rule 36 or, alternatively, Rule 35.

## CONCLUSION

For these reasons, the Court should issue amended judgments consistent with the above.

DATED:  June 7, 2023

Respectfully submitted,

THOMAS S. COLTHURST
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*Robert S. Leach*

ROBERT S. LEACH
JOHN C. BOSTIC
KELLY I. VOLKAR
Assistant United States Attorneys