ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
VIVIAN F. WANG (CABN 277577)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7431
Fax: (415) 436-6570
Email: Vivian.Wang@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RAMESH BALWANI,<br>Defendant,<br>_____<br>FIDELITY INVESTMENTS,<br>Garnishee. | CASE NO. CR 18-00258-002 EJD<br><br>**APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>(STOCK ACCOUNTS) |

Plaintiff United States of America makes this application ("Application") pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205(b)(1), to the United States District Court to issue a Writ of Continuing Garnishment upon the judgment entered against the defendant-judgment debtor Ramesh Balwani ("Defendant"), for property now held by Fidelity Investments (the "Garnishee"). The United States submits this Application for Writ of Continuing Garnishment, Declaration of Allen Williams in Support of the Application, and Clerk's Notice and Instructions to

Defendant. These documents are being filed pursuant to 28 U.S.C. § 3004(c), which permits the United States to serve documents effecting a post-judgment remedy on a debtor "[a]t such time as counsel for the United States considers appropriate, but not later than the time a prejudgment or postjudgment remedy is put into effect under this chapter…." A proposed Order Granting Application for Writ of Continuing Garnishment and a proposed Writ of Continuing Garnishment have been lodged with this Application.

**RECITALS**

1. The Federal Debt Collection Procedures Act ("FDCPA") provides the exclusive civil procedures for the United States "to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). These procedures include seeking a writ of garnishment from the Court. 28 U.S.C. § 3205.

2. Defendant resides at FCI Terminal Island, 1299 Seaside Avenue, San Pedro, CA 90731 and receives mail at FCI Terminal Island, P.O. Box 3007, San Pedro, CA 90733. Defendant's social security number is xxx-xx-3825. Defendant is represented by Jeffrey B. Coopersmith, Esq., Corr Cronin LLP, 1015 Second Avenue, Floor 10, Seattle, WA 98104.

3. Defendant is indebted to the United States in the original amount of $452,073,468.00 (consisting of $1,200.00 in assessment, $25,000.00 in fine, and $452,047,268.00 in restitution), arising out of an Amended Judgment in a Criminal Case entered on May 30, 2023 ("Amended Judgment") in the United States District Court for the Northern District of California in the above-captioned matter (Dkt. No. 1766).

4. As of the date of this Application, the Defendant has been credited with a total of approximately $25.00 towards the judgment debt. Declaration of Allen Williams in Support of Application for Writ of Continuing Garnishment ("Williams Decl.") ¶ 5. As of September 26, 2023, there is a balance of approximately $452,073,443.00. *Id*. The United States seeks to recover a surcharge of ten percent (10%) of the amount of the balance, $45,207,344.30, pursuant to 28 U.S.C. § 3011(a). Thus, the total amount sought by this action is $497,280,787.30.

5. The United States has demanded payment of the judgment debt from Defendant not less than 30 days prior to the date of this Application, and Defendant has failed to satisfy the debt. Williams Decl. ¶¶ 6-7, Exhibit "A".

6. The judgment issued against Defendant in the above referenced case is immediately enforceable by the United States pursuant to the Mandatory Victims Restitution Act ("MVRA"). 18 U.S.C. § 3664(m)(1)(A)(i); 18 U.S.C. § 3613(f).

7. Under the MVRA, the United States may enforce the order of a fine and restitution "against all property or rights to property" of Defendant, subject to certain limited exceptions. 18 U.S.C. § 3613(a), (f); 18 U.S.C. § 3664(m)(1)(A)(i). Section 3613(c) specifically provides that the imposition of a fine or restitution obligation gives rise to a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code. 18 U.S.C. § 3613(c).

8. The United States Attorney General through the United States Attorney's Offices is entitled to enforce Defendant's judgment through federal or state civil procedures. *See* 18 U.S.C. § 3613(a). These procedures include seeking a writ of garnishment from the Court pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205. The FDCPA provides the exclusive civil procedures for the United States to "recover a judgment on a debt." 28 U.S.C. § 3001(a)(1).

9. In accordance with the above authority, the United States may enforce the criminal judgment against all of Defendant's property, unless the property is specifically exempted by the statute.[1] 18 U.S.C. § 3613(a).

10. The Financial Litigation Program ("FLP") of the United States Attorney's Office for the Northern District of California reviews Defendant's ability to pay. According to Defendant's Amended Presentence Investigation Report, Defendant maintains investment accounts at Fidelity Investments. Williams Decl. ¶ 8.

11. Furthermore, on or about June 5, 2023, FLP served a Notice of Lien on Garnishee, informing it of a lien in favor of the United States pursuant to 18 U.S.C. § 3613 and instructing it to withhold payment of any funds to the Defendant. *Id*. ¶ 9, Exhibit "B".

[1] The only categories of property that are exempt by law from enforcement of a criminal restitution order are (1) some, but not all of the properties exempt from levy for federal tax obligations, and (2) 75% of disposable weekly or monthly wages. *See* 18 U.S.C. § 3613(a)(1), incorporating 26 U.S.C. §§ 6334(a)(1) - (a)(8), (a)(10), and (a)(12).

12. Furthermore, on or about June 9, 2023, FLP received a response from Garnishee, confirming receipt of the Notice of Lien and placing restrictions on Defendant's investment accounts ending in 05, 07, and 12, with a combined value of approximately $188,530.00. *Id.* ¶ 10.

13. The United States therefore believes that the Garnishee owes or will owe money to the Defendant, and in any event has possession of property (including nonexempt disposable earnings) in which the Defendant has a substantial nonexempt interest.

The Garnishee's name and address is:

Fidelity Investments, National Financial Services
Attn: Legal Operations
100 Crosby Pkwy, KC1D
Covington, KY 41015-0031

WHEREFORE, the United States of America respectfully requests the Court to issue a Writ of Continuing Garnishment to the Garnishee in accordance with the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001 *et seq*.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: September 26, 2023

*<u>/s/ Vivian F. Wang</u>*
VIVIAN F. WANG
Assistant United States Attorney